1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**AMENDED [PROPOSED] ORDER GRANTING PLAINTIFF VERIGY US, INC.'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER AUTHORIZING EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Judge:  Honorable Ronald M. Whyte<br>Ctrm:    6<br><br>Complaint Filed:    August 22, 2007<br>Trial Date:              None Set |

**REDACTED PUBLIC VERSION OF**

**CONFIDENTIAL DOCUMENT SUBMITTED UNDER SEAL**

This matter having come before the Court on the ex parte application of plaintiff Verigy US, Inc. for a Temporary Restraining Order, Order Authorizing Expedited Discovery, and Order to Show Cause Re Preliminary Injunction;

AND, the Court having read the Complaint, the declarations of Robert Pochowski, Ira Leventhal, Manuel Guerzoni, Ken Hanh Duc Lai, Andrew N. Lee, and Melinda M. Morton and the memorandum of points and authorities submitted in support of the ex parte application;

AND, the Court finding that, absent an order granted without notice, (1) plaintiff is likely to suffer irreparable harm including harm to its competitive position, loss of future sales, disclosure of confidential business information, and loss of goodwill in the marketplace, and (2) evidence may be lost or destroyed;

AND, good cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. Defendants ROMI OMAR MAYDER ("Mayder"), WESLEY MAYDER, SILICON TEST SYSTEMS, INC. and SILICON TEST SOLUTIONS, LLC (the "STS Entities") as well as their agents, servants, employees, attorneys, and any other persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order, by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

    (a) accessing, altering, downloading, copying, forwarding, disclosing, using, marketing, disseminating, selling, licensing, leasing, transferring, making any use of, attempting to disclose or use, or disposing, of Verigy's trade secrets and/or confidential or proprietary information, (which includes the confidential information of Verigy's predecessor, Agilent Technologies, Inc.) relating to operations, products or research, including but not limited to the information attached hereto as Exhibit A (the "Trade Secret Property");

    (b) accessing, altering, downloading, copying, forwarding, disclosing, using, marketing, disseminating, selling, licensing, leasing, transferring, making any use of, attempting to disclose or use, or disposing of any product developed with the use

          of, with reference to, derived from, or incorporating all or any part of Verigy's Trade Secret Property;

    (c)    deleting, destroying, or altering, in whole or in part, any information (electronic, documentary or otherwise) in any media (paper, hard drive, caches, CD-ROMS, diskettes, USB memory devices, or any other media, digital or otherwise), relating to any of the issues in this action;

    (d)    deleting, destroying, or altering, in whole or in part, any information or electronic mail to or from romi.mayder@yahoo.com ; romi.mayder@silicontests.com; bob.pochowski@silicontests.com; info@silicontests.com and wes@wedirect.com; in any media (paper, hard drives, caches, CD-ROMS, diskettes, flash drives, back-up drives, internet storage or any other media, digital or otherwise), relating to any of the issues of this action;

    (e)    soliciting Verigy's existing or potential customers, clients, or suppliers with whom the defendants came into contact or learned the identity of as a result of his employment with Verigy;

    (f)    soliciting Intel, Micron, Hynix, Spansion, Toshiba and Sandisk;

    (g)    making false or misleading statements to Verigy's existing or potential clients, customers or suppliers orally, in print, by electronic mail, or on the STS website about Verigy's operations, capabilities, products and product plans; and

    (i)    making false or misleading statements to Verigy's existing or potential clients, customers or suppliers orally, in print, by electronic mail, or on the STS website about operations, and the origins and capabilities of the STS products;

2.    Defendants, their agents, employees, contractors, partners, representative, assigns and all those acting in concert with Defendants, are required to preserve and immediately return to Verigy all materials (in electronic, written, or other form) in any media (paper, hard drives, cashes, CD-ROMS, diskettes, USB storage devices, or any other media, digital or otherwise), constituting, containing or derived from Verigy's Confidential Information (as defined in the ARCIPD, attached as Exhibit A to the Complaint), and all copies of such materials.

3.      Within 24 hours of service of this Order, Defendants must provide plaintiff's expert with access to all computers used by any defendant for the business of defendant Silicon Test Systems, Inc. and Silicon Test Solutions, LLC, for the purpose of copying the hard drives to preserve evidence.

4.      Verigy may depose Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc, and Silicon Test Solutions, LLP on five (5) days notice, which notice may be served forthwith.

5.      Verigy may forthwith propound Request for Production, Inspection, and Copying of Documents and Things and/or Interrogatories to defendants and defendants shall respond to such requests within three (3) days of service upon them.

6.      This Temporary Restraining Order is entered on _____, 2007, at ____ a.m., and shall expire on _____, 2007, at ___ a.m. unless prior to that date and time, the Order is vacated or extended by this Court for good cause shown, or unless plaintiff and defendants stipulate to such extension or vacation, such stipulation being subject to the Court's approval.

Pursuant to Civil Local Rule 65-1 (c), **DEFENDANTS ARE FURTHER HEREBY ORDERED TO APPEAR AND SHOW CAUSE** why a preliminary injunction should not be entered against them with respect to the matters contained in this Temporary Restraining Order, such Show Cause hearing to take place in this Court on _____, 2007, at ____ a.m., unless otherwise ordered by this Court. In connection with such Show Cause hearing, plaintiffs shall serve a copy of this Temporary Restraining Order and all supporting papers on defendants by 5:00 p.m. on _____, 2007. Defendants shall file, and serve by hand upon plaintiff's attorneys, any opposition to the issuance of a preliminary injunction with respect to the matters contained in the Temporary Restraining Order no later that 5:00 p.m. on _____, 2007. Plaintiffs shall file and serve by hand upon defendants' counsel, any reply and/or supplemental papers in support of their motion for preliminary injunction by 5:00 p.m. on _____, 2007.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, this Temporary Restraining Order shall be subject to, and is effective upon, the extension and delivery to the Clerk of this

3

1 Court by plaintiffs on or before _____, 2007, of security in the form of a surety bond or
2 undertaking or deposit according to law in the amount of $_____.
3     **IT IS SO ORDERED.**
4 Dated: _____, 2007                                      By: _____
                                                                             Honorable Ronald M. Whyte
5                                                                              United States District Judge

CONFIDENTIAL—EXHIBIT SUBMITTED UNDER SEAL

# EXHIBIT A

## CONFIDENTIAL

Until a protective order is entered, information contained in this Exhibit A shall be treated as though it was marked "CONFIDENTIAL" pursuant to section 7.2 of the Northern District Court's suggested Stipulated Protective Order. Upon entry of a protective order, the provisions of that order shall apply.

Verigy's Trade Secret Property, for the purpose of this Temporary Restraining Order only, includes:

1. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development relating to:

    (a) The projects code-named: ████████████████████████ ████████████████████ ██████;
    (b) The projects code-named by Mayder as ███████████;
    (c) Non-public customer device requirements, pricing strategies, business relationships with Verigy's[1] customers and potential customers;
    (d) Non-public information concerning ███████████████████ ████████████████████████████████████ ████████████████████████████████████;
    (e) Verigy's non-public product strategy;
    (f) Verigy's non-public forecasted business demand;
    (g) Verigy's non-public product architecture;
    (h) Verigy's non-public qualification processes and results;
    (i) Verigy's non-public contract manufacturer agreements and business relationships;
    (j) Verigy's non-public block diagrams, specifications and engineering drawings and diagrams; mechanical drawings; EECAD and MECAD files;
    (k) Verigy's non-public future manufacturing strategies;
    (l) Verigy's non-public RFQs and associated documents;
    (m) Verigy's non-public processes and forms for gathering customer information and requirements;
    (n) Verigy's non-public processes and forms for requesting information and/or quotations from manufacturers and/or component suppliers;
    (o) Verigy's manufacturing requirements and timing;
    (p) Verigy's plans for future improvements to its products;

---

[1] All references to "Verigy" in this list include Verigy's predecessors-in-interest, Agilent and HP.

(q)   Verigy's non-public communications with component suppliers and contract manufacturers;
(r)   Documents marked "Agilent Confidential" or "Verigy Confidential;"
(s)   Exhibits B and C to the Leventhal Declaration submitted in support of Verigy's Application for a TRO;
(t)   Exhibits A, B, C, and D to the Lai Declaration submitted in support of Verigy's Application for a TRO;
(u)   Exhibits A and B to the Lee Declaration submitted in support of Verigy's Application for a TRO; and
(v)   Exhibits A, B, C, D, E, and F to the Pochowski Declaration submitted in support of Verigy's Application for a TRO.

2. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development relating to:



3. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and

2

CONFIDENTIAL—EXHIBIT SUBMITTED UNDER SEAL

development not contained in the published applications or patents relating to the inventions described in the following patents:

(a) Timing calibration and timing calibration verification of electronic circuit testers (US Pat. 6570397 - Filed Aug 7, 2001)
(b) Zero insertion force printed circuit assembly connector system and method (US Pat. 7147499 - Filed Oct 19, 2005)
(c) Parallel calibration system for a test device (US Pat. 7106081 - Filed Jul 8, 2004)

3. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development not contained in the published applications relating to the inventions described in the following patent applications:

(a) Method and apparatus for a DUT contactor  (Application #20070090849)
(b) Method and apparatus for non-contact cleaning of electronics  (Application #20060236495)
(c) Mock wafer, system calibrated using mock wafer, and method for calibrating automated test equipment (Application #20060132162)
(d) Parallel calibration system for a test device  (Application #20060006896)
(e) Timing calibration and timing calibration verification of electronic circuit testers  (Application #20030030453)
(f) Resource Matrix, System, And Method for Operating Same (Application # 20070096757)

4. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development relating to inventions described in the following disclosures made by Mayder while at Verigy:



3

AMENDED [PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TRO AND EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION                    CASE NO. C07 04330 RMW (HRL)

CONFIDENTIAL—EXHIBIT SUBMITTED UNDER SEAL



5. Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development relating to the ███████████████████████████ and any provisional patent applications, patent applications or patents claiming priority to ███████████████████████████.

4