1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712                    **\*ORDER E-FILED:  8.29.2007\***
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12  VERIGY US, INC, a Delaware Corporation      Case No.   C07-04330 RMW (HRL)

13                      Plaintiff,

14        vs.                                   **STIPULATED PROTECTIVE ORDER**
                                                **(MODIFIED BY THE COURT)**
15  ROMI OMAR MAYDER, an individual;
    WESLEY MAYDER, an individual; SILICON
16  TEST SYSTEMS, INC., a California Corporation;  Complaint Filed:
    and SILICON TEST SOLUTIONS, LLC, a             Trial Date:          None Set
17  California Limited Liability Corporation,
    inclusive,
18
                        Defendants.
19

20

21

22

23

24

25

26

27

28

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     **DEFINITIONS**

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1      2.6      Producing Party: a Party or non-party that produces Disclosure or

2  Discovery Material in this action.

3      2.7.     Designating Party: a Party or non-party that designates information or items

4  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

5  Confidential — Attorneys' Eyes Only."

6      2.8      Protected Material: any Disclosure or Discovery Material that is designated

7  as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8      2.9.     Outside Counsel: attorneys who are not employees of a Party but who are

9  retained to represent or advise a Party in this action.

10     2.10     House Counsel: attorneys who are employees of a Party.

11     2.11     Counsel (without qualifier): Outside Counsel and House Counsel (as well as

12  their support staffs).

13     2.12     Expert: a person with specialized knowledge or experience in a matter

14  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15  witness or as a consultant in this action and who is not a past or a current employee of a Party or

16  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

17  employee of a Party or a competitor of a Party's. This definition includes a professional jury or

18  trial consultant retained in connection with this litigation.

19     2.13     Professional Vendors: persons or entities that provide litigation support

20  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

21  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

22  subcontractors.

23  **3.      SCOPE**

24      The protections conferred by this Stipulation and Order cover not only Protected Material

25  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

26  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

27  parties or counsel to or in court or in other settings that might reveal Protected Material.

28

1    **4.    DURATION**

2        Even after the termination of this litigation, the confidentiality obligations imposed by this

3    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4    otherwise directs.  **For a period of six months after the final termination of this action, this**
     **court shall retain jurisdiction to enforce the terms of this protective order.**

5        **5.    DESIGNATING PROTECTED MATERIAL**

6        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

7    Party or non-party that designates information or items for protection under this Order must take

8    care to limit any such designation to specific material that qualifies under the appropriate

9    standards. A Designating Party must take care to designate for protection only those parts of

10   material, documents, items, or oral or written communications that qualify – so that other portions

11   of the material, documents, items, or communications for which protection is not warranted are

12   not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized

13   designations are prohibited. Designations that are shown to be clearly unjustified, or that have

14   been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

15   development process, or to impose unnecessary expenses and burdens on other parties), expose the

16   Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information

17   or items that it designated for protection do not qualify for protection at all, or do not qualify for

18   the level of protection initially asserted, that Party or non-party must promptly notify all other

19   parties that it is withdrawing the mistaken designation.

20       5.2    Manner and Timing of Designations. Except as otherwise provided in this

21   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

22   material that qualifies for protection under this Order must be clearly so designated before the

23   material is disclosed or produced. Designation in conformity with this Order requires:

24       (a)    for information in documentary form: (apart from transcripts of

25   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at the top

27   of each page that contains protected material. If only a portion or portions of the material on a

28   page qualifies for protection, the Producing Party also must clearly identify the protected

3

1    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

2    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

3    CONFIDENTIAL – ATTORNEY EYES ONLY").

4                 A Party or non-party that makes original documents or materials available

5    for inspection need not designate them for protection until after the inspecting Party has indicated

6    which material it would like copied and produced. During the inspection and before the

7    designation, all of the material made available for inspection shall be deemed "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

9    documents it wants copied and produced, the Producing Party must determine which documents,

10    or portions thereof, qualify for protection under this Order, then, before producing the specified

11    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

12    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

13    contains Protected Material. If only a portion or portions of the material on a page qualifies for

14    protection, the Producing Party also must clearly identify the protected portion(s) (e.g. by making

15    appropriate markings in the margins) and must specify, for each portion, the level of protection

16    being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17    EYES ONLY").

18               (b)      for testimony given in deposition or in other pretrial or trial

19    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

20    record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

21    and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

22    ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

23    testimony that is entitled to protection, and when it appears that substantial portions of the

24    testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

25    testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

26    have up to 20 days to identify the specific portions of the testimony as to which protection is

27    sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

28    CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

1  appropriately designated for protection within the 20 days shall be covered by the provisions of

2  this Stipulated Protective Order. Transcript pages containing Protected Material must be separately

3  bound by the court reporter, who must affix to the top of each such page the legend

4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

5  instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

6           (c)     for information produced in some form other than documentary, and

7  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

8  the container or containers in which the information or item is stored the legend

9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

10  portions of the information or item warrant protection, the Producing Party, to the extent

11  practicable, shall identify the protected portions, specifying whether they qualify as "Confidential"

12  or as "Highly Confidential – Attorneys' Eyes Only."

13          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

14  to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

15  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

16  under this Order for such material. If material is appropriately designated as "Confidential" or

17  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

18  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

19  that the material is treated in accordance with the provisions of this Order.

20  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21          6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's

22  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

23  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

24  waive its right to challenge a confidentiality designation by electing not to mount a challenge

25  promptly after the original designation is disclosed.

26          6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating

27  Party's confidentiality designation must do so in good faith and must begin the process by

28  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

1   with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

2   for its belief that the confidentiality designation was not proper and must give the Designating

3   Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

4   change in designation is offered, to explain the basis for the chosen designation. A challenging

5   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

6   and confer process first.

7           6.3     Judicial Intervention. A Party that elects to press a challenge to a

8   confidentiality designation after considering the justification offered by the Designating Party may

9   file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

10  applicable) that identifies the challenged material and sets forth in detail the basis for the

11  challenge. Each such motion must be accompanied by a competent declaration that affirms that the

12  movant has complied with the meet and confer requirements imposed in the preceding paragraph

13  and that sets forth with specificity the justification for the confidentiality designation that was

14  given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any

15  such challenge proceeding shall be on the Designating Party. Until the court rules on the

16  challenge, all parties shall continue to afford the material in question the level of protection to

17  which it is entitled under the Producing Party's designation.

18          7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

19          7.1     Basic Principles. A Receiving Party may use Protected Material that is

20  disclosed or produced by another Party or by a non-party in connection with this case only for

21  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

22  disclosed only to the categories of persons and under the conditions described in this Order. When

23  the litigation has been terminated, a Receiving Party must comply with the provisions of section

24  11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a

25  Receiving Party at a location and in a secure manner that ensures that access is limited to the

26  persons authorized under this Order.

27

28

1    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

2 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3 disclose any information or item designated CONFIDENTIAL only to:

4    (a)    the Receiving Party's Outside Counsel of record in this action, as

5 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

6 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

7 attached hereto as Exhibit A;

8    (b)    the officers, directors, and employees (including House Counsel) of

9 the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

10 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

11    (c)    experts (as defined in this Order) of the Receiving Party to whom

12 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

13 Bound by Protective Order" (Exhibit A);

14    (d)    the Court and its personnel;

15    (e)    court reporters, their staffs, and professional vendors to whom

16 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17 Bound by Protective Order" (Exhibit A);

18    (f)    during their depositions, witnesses in the action to whom disclosure

19 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

20 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

21 Protected Material must be separately bound by the court reporter and may not be disclosed to

22 anyone except as permitted under this Stipulated Protective Order.

23    (g)    the author of the document or the original source of the information.

24    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25 ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

26 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

27 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

28

1        (a)    the Receiving Party's Outside Counsel of record in this action, as

2 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

3 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

4 attached hereto as Exhibit A;

5        (b)    Experts (as defined in this Order) (1) to whom disclosure is

6 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

7 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

8 below, have been followed;

9        (c)    the Court and its personnel;

10        (d)    court reporters, their staffs, and professional vendors to whom

11 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

12 Bound by Protective Order" (Exhibit A); and

13        (e)    the author of the document or the original source of the information.

14        7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

16        (a)    Unless otherwise ordered by the court or agreed in writing by the

17 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

18 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

19 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

20 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

21 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

22 primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

23 current employer(s), (5) identifies each person or entity from whom the Expert has received

24 compensation for work in his or her areas of expertise or to whom the expert has provided

25 professional services at any time during the preceding five years, and (6) identifies (by name and

26 number of the case, filing date, and location of court) any litigation in connection with which the

27 Expert has provided any professional services during the preceding five years.

28

1            (b)     For the first 30 days after filing of the complaint, a Party that makes

2    a request and provides the information specified in the preceding paragraph may disclose the

3    subject Protected Material to the identified Expert unless, within three court days of delivering the

4    request, the Party receives a written objection from the Designating Party. Thirty one (31) days

5    after filing of the complaint a Party that makes a request and provides the information specified in

6    the preceding paragraph may disclose the subject Protected Material to the identified Expert

7    unless, within seven (7) court days of delivering the request, the Party receives a written objection

8    from the Designating Party. Any such objections must set forth in detail the grounds on which it is

9    based.

10            (c)     A Party that receives a timely written objection must meet and

11    confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

12    matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

13    Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

14    Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

15    describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

16    to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

17    suggest any additional means that might be used to reduce that risk. In addition, any such motion

18    must be accompanied by a competent declaration in which the movant describes the parties'

19    efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

20    discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

21    the disclosure. In any such proceeding the Party opposing disclosure to the Expert shall bear the

22    burden of proving that the risk of harm that the disclosure would entail (under the safeguards

23    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

24        **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

25

26        If a Receiving Party is served with a subpoena or an order issued in other litigation that

27    would compel disclosure of any information or items designated in this action as

28    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

1  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

2  and in no event more than three court days after receiving the subpoena or order. Such notification

3  must include a copy of the subpoena or court order. The Receiving Party also must immediately

4  inform in writing the Party who caused the subpoena or order to issue in the other litigation that

5  some or all the material covered by the subpoena or order is the subject of this Protective Order. In

6  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to

7  the Party in the other action that caused the subpoena or order to issue. The purpose of imposing

8  these duties is to alert the interested parties to the existence of this Protective Order and to afford

9  the Designating Party in this case an opportunity to try to protect its confidentiality interests in the

10  court from which the subpoena or order issued. The Designating Party shall bear the burdens and

11  the expenses of seeking protection in that court of its confidential material – and nothing in these

12  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

13  disobey a lawful directive from another court.

14  **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16  Material to any person or in any circumstance not authorized under this Stipulated Protective

17  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

19  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

20  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

21  Be Bound" that is attached hereto as Exhibit A.

22  **10.    FILING PROTECTED MATERIAL**

23  Without written permission from the Designating Party or a court order secured after

24  appropriate notice to all interested persons, a Party may not file in the public record in this action

25  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

26  with Civil Local Rule 79-5.

27  **11.    FINAL DISPOSITION**

28

1    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

2  after the final termination of this action, each Receiving Party must return all Protected Material to

3  the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

4  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

5  Protected Material. With permission in writing from the Designating Party, the Receiving Party

6  may destroy some or all of the Protected Material instead of returning it. Whether the Protected

7  Material is returned or destroyed, the Receiving Party must submit a written certification to the

8  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

9  deadline that identifies (by category, where appropriate) all the Protected Material that was

10  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

11  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

12  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

13  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

14  even if such materials contain Protected Material. Any such archival copies that contain or

15  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

16  (DURATION), above.

17    **12.   MISCELLANEOUS**

18    12.1    Right to Further Relief. Nothing in this Order abridges the right of any

19  person to seek its modification by the Court in the future.

20    12.2    Right to Assert Other Objections. By stipulating to the entry of this

21  Protective Order no Party waives any right it otherwise would have to object to disclosing or

22  producing any information or item on any ground not addressed in this Stipulated Protective

23  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

24  the material covered by this Protective Order.

25    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

26    Dated: August 24, 2007            BERGESON, LLP

27

28                          By: _____

John W. Fowler
Attorneys for Plaintiff
VERIGY US, INC.

Dated: August 24, 2007

Mount & Stoelker P.C.

By: _____

Daniel S. Mount, Esq

Kevin M. Pasquinelli Esq.
Attorneys for Defendants
ROMI OMAR MAYDER, SILICON TEST
SYSTEMS, INC., and WESLEY MAYDER

*VIA FACSIMILE*

(AS MODIFIED BY THE COURT),

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 29, 2007 _____

[name of judge]   Howard R. Lloyd

United States District/Magistrate Judge

---

12

STIPULATED PROTECTIVE ORDER

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3     I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for

6  the Northern District of California on ~~[date]~~ in the case of _____ ~~[insert formal name of the~~

   August 29, 2007                          *Verigy US, Inc. v. Mayder, et al.,*

7  C07-04330 RMW (HRL)
   ~~case and the number and initials assigned to it by the court]~~. I agree to comply with and to be

8  bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

9  failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

10  solemnly promise that I will not disclose in any manner any information or item that is subject to

11  this Stipulated Protective Order to any person or entity except in strict compliance with the

12  provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16      I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number]

18  as my California agent for service of process in connection with this action or any proceedings

19  related to enforcement of this Stipulated Protective Order.

20      Date: _____

21      City and State where sworn and signed: _____

22      Printed name: _____ [printed name]

23      Signature: _____ [signature]

24

25

26

27

28