Daniel S. Mount, Esq. (State Bar No. 77517)
Kathryn G. Spelman, Esq. (State Bar No. 154512)
Dan Fingerman, Esq. (State Bar No. 229683)
Kevin Pasquinelli, Esq. (State Bar No. 246985)
Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:   (408) 998-1473

Attorneys for Defendants Romi Omar Mayder, an individual, Wesley Mayder, an individual, Silicon Test Systems, Inc. a California Corporation, Silicon Test Solutions, LLC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER et. al.,<br><br>　　　　　Defendants.<br><br>ROMI OMAR MAYDER et. al.,<br><br>　　　　　Counterclaimant,<br>Vs.<br><br>VERIGY US, INC, a Delaware Corporation<br><br>　　　　　Counterdefendant, | Civil Case No.: 5:07-cv-04330 RMW (HRL)<br><br>**DEFENDANTS ANSWER TO PLAINTIFF'S INITIAL COMPLAINT AND COUNTER CLAIM.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: N/A<br>Time: N/A<br>Dept.: Hon. Judge Whyte |

Defendants, Romi Omar Mayder, an individual ("Romi Mayder"), Wesley Mayder, an individual ("Wesley Mayder"), Silicon Test Systems, Inc. a California Corporation ("STS"), Silicon Test Solutions, LLC ("STSLLC") file this original Answer to Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. Defendants deny each and every averment of paragraph 1.

## THE PARTIES

2. Defendants admit the averments of paragraph 2.

3. Defendants admit the averments of paragraph 3.

4. Defendants admit that Wesley Mayder is an individual residing at 19171 Oahu Lane, Saratoga, California, and that Romi Mayder and Wesley are brothers, but deny that Romi Mayder and Wesley are "engaged in business together."

5. Defendants admit the averments of paragraph 5.

6. Defendants deny each and every averment of paragraph 6.

7. Defendants deny each and every averment of paragraph 7.

## JURISDICTION AND VENUE

8. Defendants admit the averments of paragraph 8.

9. Defendants admit that venue is proper in this Court under 28 U.S.C §1391(b) because a substantial part of the events that gave rise to Verigy's claims took place within the District, but deny all other averments in paragraph 9.

10. Defendants admit that intradistrict assignment, pursuant to Local Rule 3-2(c), is proper in the San Jose Division because a substantial part of the events or omission which gave rise to Verigy's claims occurred in Santa Clara County, and that Defendants reside in Santa Clara County.

## FACTUAL ALLEGATIONS

11. Defendants admit that Verigy designs, develops, manufactures and sells advanced test systems and solution for the semiconductor industry, but Defendants are without knowledge or information sufficient to admit or deny the facts contained in the remainder of paragraph.11.

12. Defendants admit that Verigy offers the 9300 Series, and the Versatest V5000 series, platforms for sale, but Defendants are without knowledge or information sufficient to admit or deny the facts contained in the remainder of paragraph 12.

13. Defendants admit that Romi Mayder was employed by Verigy's predecessors-in-interest, from June 15, 1998 until Verigy was founded and spun off from Agilent on May 31, 2006. Defendants also admit that Romi Mayder began employment with Verigy on June 1, 2006, but deny that Romi Mayder was employed until September 22, 2006.

14. Defendants are without knowledge and information sufficient to admit or deny the facts contained in paragraph 14.

### Verigy's Alleged Confidential and Proprietary Information and Trade Secrets

15. Defendants admit that Romi Mayder was required to sign, and did sign, an Agreement Regarding Confidential Information and Proprietary Developments (the "ARCIPD"), and that Exhibit A to Plaintiffs Complaint appears to be a true and correct copy of the ARCIPD signed by Romi Mayder, but Defendants deny that the clauses listed in paragraph 15 are necessarily "pertinent to this action."

16. Defendants are without knowledge or information sufficient to admit or deny the facts contained in paragraph 16.

17. Defendants admit while employed by Verigy and Verigy's predecessors-in-interest, Romi Mayder was responsible for several research and development projects for the creation of new products to improve and advance Verigy's silicon chip testing systems, but Defendants are without knowledge or information sufficient to admit or deny that Romi Mayder worked on the "the Verigy Project." Defendants admit that Romi Mayder had access to Verigy's

Confidential Information and trade Secrets relating to his projects, but Defendants are without knowledge or information sufficient to admit or deny that Romi Mayder had access to Verigy's Confidential Information and Trade Secrets relating to other projects being developed by other employees. Defendants are without knowledge or information sufficient to admit or deny the remaining averments of paragraph 17.

18. Defendants deny each and every averment of paragraph 18.

19. Defendants are without knowledge or information sufficient to admit or deny the averments made in paragraph 19.

**Mayder's Alleged Theft of Trade Secrets and Establishment of Silicon Test Solutions**

20. Defendants admit each and every averment of paragraph 20.

21. Defendants admit that Romi Mayder sent an email on June 12, 2006 from his account at romi.mayder@yahoo.com, but deny all remaining averments in paragraph 21.

22. Defendants are without knowledge or information sufficient to admit to or deny the averments of paragraph 22.

23. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 23.

24. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 24.

25. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 25.

26. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 26.

27. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 27.

28. Defendants admit that Silicon Test Solutions, LLC filed Articles of Organization on September 8, 2006 with the California Secretary of State.

29. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 29.

30. Defendants admit that Verigy conducted an exit interview on September 20, 2006, but deny the remaining averments of paragraph 30.

31. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 31.

32. Defendants admit that some person or entity filed a provisional patent application with the United States Patent and Trademark Office ("USPTO"), but deny all remaining averments in paragraph 32.

33. Defendants deny each and every averment of paragraph 33.

## FIRST CAUSE OF ACTION
(Alleged Breach of Written Contract Against Romi Mayder)

34. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

35. Romi Mayder admits that upon joining Verigy, was required to sign, and did sign, the ARCIPD, but denies all remaining averments in paragraph 35.

36. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 36.

37. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 37.

38. Romi Mayder denies each and every averment of paragraph 38.

39. Romi Mayder denies each and every averment of paragraph 39.

40. Romi Mayder denies each and every averment of paragraph 40.

## SECOND CAUSE OF ACTION
(Alleged Misappropriation of Trade Secrets Against All Defendants)
(California Civil Code §3426 et seq.)

41. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

42. Defendants deny each and every averment of paragraph 42.

43. Defendants deny each and every averment of paragraph 43.

44. Defendants deny each and every averment of paragraph 44.

45. Defendants deny each and every averment of paragraph 45.

46. Defendants deny each and every averment of paragraph 46.

47. Defendants deny each and every averment of paragraph 47.

48. Defendants deny each and every averment of paragraph 48.

49. Defendants deny each and every averment of paragraph 49.

### THIRD CAUSE OF ACTION
(Alleged Violation of the Computer Fraud and Abuse Act)
(18 U.S.C. §1030)
(Against All Defendants)

50. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

51. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 51.

52. Defendants deny each and every averment of paragraph 52.

53. Defendants deny each and every averment of paragraph 53.

54. Defendants deny each and every averment of paragraph 54.

### FOURTH CLAIM FOR RELIEF
Alleged Violation Electronic Communications Privacy Act, Title II
(18 U.S.C. §2701 *et seq.*)
(Against All Defendants)

55. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

56. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 56.

57. Defendants deny each and every averment of paragraph 57.

58. Defendants deny each and every averment of paragraph 58.

59. Defendants deny each and every averment of paragraph 59.

60. Defendants deny each and every averment of paragraph 60.

61. Defendants deny each and every averment of paragraph 61.

### FIFTH CLAIM FOR RELIEF
Alleged Violation OF Unauthorized Access to Computers, Computer Systems And Computer Data
(California Penal Code §502)
(Against All Defendants)

62. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

63. Defendants deny each and every averment of paragraph 63.

64. Defendants deny each and every averment of paragraph 64.

65. Defendants deny each and every averment of paragraph 65.

66. Defendants deny each and every averment of paragraph 66.

67. Defendants deny each and every averment of paragraph 67.

68. Defendants deny each and every averment of paragraph 68.

### SIXTH CAUSE OF ACTION
(Alleged Unfair Competition Under Bus. & Prof. Code §17200 *et seq.*)
(Against All Defendants)

69. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

70. Defendants deny each and every averment of paragraph 70.

71. Defendants deny each and every averment of paragraph 71.

72. Defendants deny each and every averment of paragraph 72.

73. Defendants deny each and every averment of paragraph 73.

## SEVENTH CAUSE OF ACTION
(Alleged Unfair Common Law Unfair Competition)
(Against All Defendants)

74. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

75. Defendants deny each and every averment of paragraph 75.

76. Defendants deny each and every averment of paragraph 76.

77. Defendants deny each and every averment of paragraph 77.

78. Defendants deny each and every averment of paragraph 78.

79. Defendants deny each and every averment of paragraph 79.

## EIGHT CAUSE OF ACTION
(Alleged Breach of Duty of Loyalty Against Mayder)
(Against Romi Mayder)

80. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

81. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 81.

82. Romi Mayder denies each and every averment of paragraph 82.

83. Romi Mayder denies each and every averment of paragraph 83.

84. Romi Mayder denies each and every averment of paragraph 84.

## NINTH CLAIM FOR RELIEF
(Alleged Violation of Lanham Act)
(15 U.S.C. § 1125(a))
(Against All Defendants)

85. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

86. Defendants admit that the website www.silicontests.com made the statement that "We have invented a new paradigm for substantially increasing parallelism of ATE test cells," but deny all remaining averments of paragraph 86.

87. Defendants admit that Defendants administer the website www.silcontests.com, but deny all remaining averments of paragraph 87.

88. Defendants deny each and every averment of paragraph 88.

89. Defendants deny each and every averment of paragraph 89.

90. Defendants deny each and every averment of paragraph 90.

91. Defendants deny each and every averment of paragraph 91.

92. Defendants deny each and every averment of paragraph 92.

93. Defendants deny each and every averment of paragraph 93.

94. Defendants deny each and every averment of paragraph 94.

95. Defendants deny each and every averment of paragraph 95.

96. Defendants deny each and every averment of paragraph 96.

97. Defendants deny each and every averment of paragraph 97.

### TENTH CLAIM FOR RELIEF
(Alleged Violation California Business & Professions Code §17500)
(15 U.S.C. § 1125(a))
(Against All Defendants)

98. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

99. Defendants deny each and every averment of paragraph 99.

100. Defendants deny each and every averment of paragraph 100.

101. Defendants deny each and every averment of paragraph 101.

102. Defendants deny each and every averment of paragraph 102.

103. Defendants deny each and every averment of paragraph 103.

104. Defendants deny each and every averment of paragraph 104.

105. Defendants deny each and every averment of paragraph 105.

### ELEVENTH CLAIM FOR RELIEF
(Alleged Intentional Interference with Prospective Economic Advantage)
(Against All Defendants)

106. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

107. Defendants deny each and every averment of paragraph 107.

108. Defendants deny each and every averment of paragraph 108.

109. Defendants deny each and every averment of paragraph 109.

110. Defendants deny each and every averment of paragraph 110.

111. Defendants deny each and every averment of paragraph 111.

## TWELFTH CLAIM FOR RELIEF
(Declaratory Relief)
(Against All Defendants)

112. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

113. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 113.

114. Defendants deny each and every averment of paragraph 114.

115. Defendants deny each and every averment of paragraph 115.

116. Defendants deny each and every averment of paragraph 116.

117. Defendants admit that an actual and justifiable controversy exists between Verigy and Defendants concerning their respective rights and duties regarding he Disputed Material.

118. Defendants deny each and every averment of paragraph 118.

119. Defendants admit that they dispute the contentions alleged in the Complaint that Plaintiffs own the right, title, and interest in the Disputed Material.

120. Defendants deny each and every averment of paragraph 120.

121. Defendants admit that a determination by this Court of the respective rights and duties of Verigy and Defendants is necessary and proper at this time.

## THIRTEENTH CLAIM FOR RELIEF
(Alleged Imposition of a Constructive Trust)
(Against All Defendants)

122. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

123. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 124.

124. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 124.

125. Defendants deny each and every averment of paragraph 125.

126. Defendants deny each and every averment of paragraph 126.

## FOURTEENTH CAUSE OF ACTION
(Alleged Unjust Enrichment Against All Defendants)

127. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

128. Defendants deny each and every averment of paragraph 128.

129. Defendants deny each and every averment of paragraph 129.

## AFFIRMATIVE AND OTHER DEFENSES

Without altering the burden of proof, Defendants assert the following defenses. Defendants assert such defenses based upon an investigation that is not complete and without the benefit of discovery necessary for the determination of their claims and defenses in this action. Defendants' investigation of defenses is continuing, and Defendants reserve all affirmative defenses and any other defenses at law or in equity that may now exist or in the future be available based upon discovery or further investigation.  Defendants further reserve the right to amend this Answer should facts be discovered demonstrating the existence of new or additional defenses or should a change in the law support the inclusion of new or additional defenses.

1.     Upon information and belief Verigy's CCP §2019.210 disclosure does not contain trade secrets as defined under the UTSA.

2. Upon information and belief Defendants have independently developed any alleged trade secrets as disclosed by Verigy, as defined under the UTSA.

3. Upon information and belief Verigy has suffered no detriment because it has withdrawn from the field of activity.

4. Upon information and belief, Plaintiff lacks standing to assert the causes of action that the Complaint purports to assert.

5. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the applicable statutes of limitations.

6. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of waiver.

7. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of laches.

8. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of estoppel.

9. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of unclean hands.

10. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of unjust enrichment.

11. Upon information and belief, the Complaint is frivolous, vexatious, and unreasonable, thereby entitling Defendants to recover attorney's fees and costs.

12. Upon information and belief, to the extent that no enforceable written contract exists between Defendants and the Plaintiff, the Complaint, and each and every claim contained therein, is barred by the Statute of Frauds.

13. Upon information and belief, Plaintiff has failed to mitigate damages, if any, and accordingly, are not entitled to the relief sought in the Complaint.

14. Upon information and belief, the Complaint, and each cause of action thereof, is barred because of illegality, fraud, bad faith, and/or misrepresentation.

15. Upon information and belief, Plaintiff has not met their duty of good faith and fair dealing.

16. Upon information and belief, the Complaint, and each cause of action thereof, is barred due to prior breach of contract by Plaintiff.

17. Upon information and belief, the Complaint, and each cause of action thereof, is barred by doctrine of "failure to do equity" to the acts, conduct, and representations by and on behalf of Defendants.

18. Defendants are entitled to setoffs if Plaintiff is awarded relief, but Defendants deny that Plaintiff is entitled to relief.

## COUNTERCLAIMS

## GENERAL ALLEGATIONS

Counterclaimants Defendants allege as set forth below:

1. Counterclaimant Romi Mayder is an individual residing at 1331 Sierra Avenue, San Jose, California.

2. Counterclaimant Wesley Mayder is an individual residing at 191171 Oahu Lane, Saratoga, California.

3. Counterclaimant Silicon Test Systems, Inc. is a corporation duly operating and existing under the laws of California with its principal place of business located at 3031 Tisch Way, Suite 309, San Jose, California.

4. Counterclaimant Silicon Test Solutions, LLC is a limited liability corporation formed under the laws of California.

5. Counterclaimants are informed and believe that Verigy is a corporation organized an existing under the laws of the State of Delaware with its principal place of business at 10100 N. Tantau Avenue, Cupertino, Ca, 95014.

6. Plaintiff alleges that Defendants misappropriated alleged Verigy Confidential and Proprietary Information and Trade Secrets, and violated other Federal and California statutes

7. The Court has subject matter jurisdiction over these claims as supplemental pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

9. Intradistrict assignment, pursuant to Local Rule 3-2(c), is proper in the San Jose division, as at least a substantial part of the events or omissions which give rise to the claims occurred in Santa Clara Count.

## FIRST COUNTERCLAIM
For Declaratory Relief that Verigy does not have Rights, Title, and Interest in the Alleged Trade Secrets

10. Counterclaimant Defendants reallege and incorporates by reference, all previous allegations of this Answer and Counterclaim.

11. Verigy has charged Counterclaimant Defendants with Misappropriation of alleged Verigy Trade Secrets as defined by the California Uniform Trade Secrets Act ("UTSA"), California Civil Code Section 3426 *et seq*. In support of this claim Plaintiff has filed a trade secret disclosure per California Code of Civil Procedure §2019.210. Counterclaimant Defendants deny that this disclosure constitutes trade secrets under the UTSA.

12. As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Counterclaimant Defendants with respect to Verigy's alleged trade secrets.

13. Accordingly, Counterclaimants Defendants seek a declaration that any and all of the trade secrets identified in Plaintiff's CCP §2019.210 disclosure do not constitute trade secrets under the UTSA.

## SECOND COUNTERCLAIM
For Declaratory Relief as to Misappropriation of Trade Secret

14. Counterclaimant Defendants realleges and incorporates by reference, all previous allegations of this Answer and Counterclaim.

15. Verigy has charged Counterclaimant Defendants with Misappropriation of Verigy Trade Secrets. Defendants and Counterclaimants deny that they have misappropriated any Verigy trade secrets.

16. As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Counterclaimant Defendants with respect to Verigy's alleged trade secrets.

17. Accordingly, Counterclaimant Defendants seek declarations that:

   a. Verigy has not taken reasonable efforts under the circumstances to preserve the confidentiality of its Trade Secrets.

   b. Verigy does not derive economic value from its alleged Trade Secrets for not being generally known.

   c. Counterclaimant Defendants have not acquired alleged Verigy trade secret information by improper means or misappropriation under the California Uniform Trade Secrets Act ("UTSA").

   d. Counterclaimant Defendants are not presently using Verigy's alleged trade secret information in connection with their own business activities.

   e. Counterclaimant Defendants have not misappropriated or threatened to misappropriate, have not used or threatened to use, nor disclosed nor threatened to disclose Verigy's alleged trade secret information.

   f. Counterclaimant Defendants have not caused irreparable harm to Verigy.

   g. Counterclaimants Defendants have not wrongfully acquired gains based on Verigy's alleged trade secrets, and do not hold any gains in constructive trust.

   h. Any loss of revenues from sales of its products and services suffered by Verigy is not due to Counterclaimant Defendants misappropriation of alleged Verigy Trade Secrets.

   i. Verigy is not entitled to exemplary or punitive damages.

### THIRD COUNTERCLAIM
For Declaratory Relief as to Breach of Written Contract Against Romi Mayder

18. Romi Mayder realleges and incorporates by reference, all previous allegations of this Answer and Counterclaim.

19. Verigy has charged Romi Mayder with material breach of the ARCIPD with Verigy. Romi Mayder denies that he has breach the ARCIPD.

20. As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Romi Mayder with respect to breach of ARCIPD.

21. Accordingly, Romi Mayder seeks a declaration that he has not breached his contract with Verigy by using and disclosing Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments; removing Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments from Verigy's premises without permission; failing to return Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments upon termination of employment; competing with Verigy during employment; or failing to assign his right, title and interst to any inventions conceived by him during his employment at Verigy.

WHEREFORE, Counterclaimant Defendants pray that:

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Defendants pray for a judgment ordering that:

1. Any and all of the trade secrets identified in its CCP §2019.210 disclosure do not constitute trade secrets under the UTSA.

2. Romi Mayder has not materially breached the ARCIPD.

3. Romi Mayder has not breached his duty of loyalty to Verigy.

4. Counterclaimant Defendants have not misappropriated trade secrets from Verigy.

5. Counterclaimant Defendants have properly obtained their information and knowledge used in STS projects, and that Defendants own all right, title, and interest to property used those projects.

6. Counterclaimant Defendants' products do not contain any trade secrets of Verigy, any of the Disputed Property, or any property derived from the trade secrets of Verigy or the Dispute Property.

7. Counterclaimant Defendants have not violated 18 USC §1030, Computer Fraud and Abuse Act.

8. Counterclaimant Defendants have not violated 18 U.S.C. §2701, Electronic Communications Privacy Act, Title II.

9. Counterclaimant Defendants have not accessed computers systems or data, under CA Penal Code §502.

10. Counterclaimant Defendants have not violated B&P Code §17200 *et seq*

11. Counterclaimant Defendants have not committed common law unfair competition.

12. Counterclaimant Defendants have not violated 15 USC §1125(a).

13. Counterclaimant Defendants have not falsely advertised themselves as the origin of the "Verigy Project," under CA Business and Professions Code §17500.

14. Counterclaimant Defendants have not intentionally interfered with the Prospective Economic Advantage of Verigy.

15. Counterclaimant Defendants not be enjoined from continuing the business of STS, or using the disputed property in their products.

16. There is no property upon which to form a constructive trust.

17. Counterclaimant Defendants have not been unjustly enriched.

18. Verigy has suffered no irreparable harm on any cause of action.

19. Verigy is due no damages under any cause of action.

20. Verigy is due no attorney fees, costs of suit, or any interest.

21. For such further, or different relief, in law or equity, as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated: September 14, 2007                MOUNT & STOELKER, P.C.

By:___/s/_____
Daniel S. Mount, Esq

1
2   Kathryn G. Spelman, Esq
    Daniel H. Fingerman, Esq.
3   Kevin M. Pasquinelli, Esq
    Attorneys for Defendants.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Ron Dela Cheviatore, Investor

Ben Francois, Investor

Fred Smith, Investor

Dated: September 14, 2007          MOUNT & STOELKER, P.C.

By:___/s/_____
Daniel S. Mount, Esq
Kathryn G. Spelman, Esq
Daniel H. Fingerman, Esq.
Kevin M. Pasquinelli, Esq
Attorneys for Defendants.