1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
|---|---|
| Plaintiff, | **DECLARATION OF MELINDA M. MORTON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge:  Honorable Howard R. Lloyd<br>Ctrm:   2<br><br>Complaint Filed:   August 22, 2007<br>Trial Date:           None Set |
| Defendants. | |

**PUBLIC VERSION OF HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

I, Melinda M. Morton, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am an associate with the law firm of Bergeson, LLP, counsel of record for Plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Verigy's Motion to Compel Defendants to produce a bit for bit copy – a mirror image - of Mr. Mayder's and STSI's computers' hard drives (the "Motion").

3. On August 24, 2007, Verigy served upon Mayder and Silicon Test Systems its First Set of Requests for Production and Special Interrogatories. True and correct copies of Verigy's First Set of Requests for Production are attached hereto as Exhibits A and B.

4. During a telephone conference on August 29, 2007 with counsel for Defendants, Kevin M. Pasquinelli and John Fowler, Michael Stebbins and me from our office, Mr. Pasquinelli agreed to produce a bit for bit copy – a mirror image - of Mr. Mayder's and STSI's computers' hard drives. During this call, Mr. Pasquinelli asked if Verigy would pay for defendants' forensics experts' time to make a copy of the currently existing forensic image or if Verigy would prefer to have its own forensics expert make the copy. I told him I would let him know the next day.

5. I sent Mr. Pasquinelli an email on August 30, 2007, in which I asked him to send me the estimated price for his forensics expert to make copies of defendants' hard drives. I told him that as long as the price was reasonable and his forensics expert planned to make encase physical images, we would be fine with his forensics expert making the copies. Attached hereto as Exhibit C is a true and correct copy of my e-mail dated August 30, 2007 to Mr. Pasquinelli.

6. On August 31, 2007, Mr. Pasquinelli contacted me by telephone and advised me that Mayder would not be providing the mirror images of the hard drives because he had "misread the Court's order [of August 24.]"

7. Mayder and Silicon Test Systems served their respective responses to Verigy's First Set of Requests for Production on August 31, 2007. True and correct copies of the responses to Verigy's First Set of Requests for Production are attached hereto as Exhibits D and E.

1  Defendants have reiterated their refusal to provide the mirror images of the hard drives.

2       8.     On September 26, 2007, after the deposition of defendant Romi Mayder, I met and
3  conferred with Mr. Pasquinelli and Mr. Mount regarding the outstanding discovery issues. Mr.
4  Fowler and Mr. Gagliardi were also present at this conference. During the meet and confer,
5  Defendants' counsel agreed to produce the mirror images of Defendants' hard drives provided that
6  any attorney-client documents were segregated and removed prior to production. The parties
7  agreed to hire a third-party neutral expert to remove any such documents. Defendants' counsel
8  was to provide a list of search terms the next day for the expert to use to segregate any privileged
9  documents, and we agreed that a list showing any documents with the search terms would be
10 circulated among counsel to discuss appropriate action. I agreed to propose one or more potential
11 neutral forensics experts, and the parties agreed that the hard drives would be turned over to the
12 neutral expert by October 2, 2007. At no time did either Mr. Mount or Mr. Pasquinelli indicate
13 that they needed to seek client approval for this agreement.

14      9.     Mr. Pasquinelli reneged on this agreement as well by an email dated September 27,
15 2007.

16      10.     In the event that privileged documents are inadvertently left on the mirror image,
17 Verigy's counsel will comply with their ethical obligations and inform Defendants' counsel
18 immediately upon discovery of any such documents. Verigy's counsel has previously informed
19 Defendants' counsel of inadvertently produced privileged documents in this case.

20      11.     Attached hereto as Exhibit F is a true and correct copy of an email dated January
21 17, 2007 produced in litigation, numbered SITES001423.

22      12.     Attached hereto as Exhibit G is a true and correct copy of an email dated
23 September 20, 2006 produced in litigation, numbered VER00727-VER00728.

24      13.     Attached hereto as Exhibit H is a true and correct copy of an email dated
25 September 24, 2006 produced in litigation, numbered VER00056.

26      14.     On Monday, October 1, 2007 at approximately 11:26 p.m., I received an email
27 from Kevin Pasquinelli informing Verigy that despite the concessions Verigy offered, Mayder was
28 unwilling to produce a mirror image of his hard drive due to "privilege and privacy concerns."

Attached hereto as Exhibit I is a true and correct copy of Pasquinelli's October 1, 2007 email.

15. Attached hereto as Exhibit J is a true and correct copy of the Court's August 24, 2007 Order Granting Plaintiff Verigy US, Inc.'s Application for Temporary Restraining Order and Order Authorizing Expedited Discovery; Order to Show Cause re: Preliminary Injunction (Unredacted Version).

16. Attached hereto as Exhibit K is a true and correct copy of an August 31, 2007 email from Kevin Pasquinelli to me purporting to produce two documents in their native format.

17. Attached hereto as Exhibit L is a true and correct copy of the document properties for the kiowa.doc attachment to Exhibit K, showing that the metadata had been altered.

18. In response to several of Verigy's discovery requests, Defendants produced only one email dated prior to September 22, 2006 (Mayder's last day at Verigy) related to Mayder's STSI work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 2nd day of October, 2007 at San Jose, California.

/s/
Melinda M. Morton