# EXHIBIT A

1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
|---|---|
13  | Plaintiff, | |
|    | | **PLAINTIFF'S FIRST SET OF REQUESTS** |
14  | vs. | **FOR PRODUCTION TO DEFENDANT** |
|    | | **SILICON TEST SYSTEMS, INC., SET ONE** |
15  | ROMI OMAR MAYDER, an individual; | |
|    | WESLEY MAYDER, an individual; SILICON | |
16  | TEST SYSTEMS, INC., a California Corporation; | Judge: Honorable Ronald M. Whyte |
|    | and SILICON TEST SOLUTIONS, LLC, a | Ctrm: 6 |
17  | California Limited Liability Corporation, | |
|    | inclusive, | Complaint Filed:    August 22, 2007 |
18  | | Trial Date:    None Set |
|    | Defendants. | |
19

20

21

22

23

24

25

26

27

28

1     **PROPOUNDING PARTY:**    **Plaintiff VERIGY US, INC.**

2     **RESPONDING PARTY:**    **Defendant SILICON TEST SYSTEMS, INC.**

3     **SET NUMBER:**    **ONE (1)**

4         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's

5 August 24, 2007 Order, Plaintiff Verigy US, Inc. ("VERIGY") hereby demands that on August 31,

6 2007, at the offices of VERIGY's attorneys of record, Bergeson, LLP, located at 303 Almaden

7 Blvd., Suite 500, San Jose, California 95110, defendant Silicon Test Systems, Inc. ("STS")

8 produce for inspection and photocopying the originals, or, if the originals are unavailable, copies

9 of the documents and materials described in this First Set of Requests for Production, which

10 documents and materials are in the possession, custody and control of STS or any of its present or

11 former officers, directors, employees, agents, or representatives, including, but not limited to, its

12 attorneys.

13                         **DEFINITIONS**

14     1.    "ANY" as used herein shall mean any and all.

15     2.    "COMMUNICATIONS" as used herein shall mean ANY DOCUMENT, oral

16 statement, meeting, or conference, formal or informal, at ANY time or place, and under ANY

17 circumstances whatsoever, whereby information of ANY nature was stated, written, recorded, or

18 in ANY manner transmitted or transferred.

19     3.    "DOCUMENT" or "DOCUMENTS" as used herein shall mean all handwritten,

20 printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials,

21 or other recorded or graphic matter of every type and description, however and by whomever

22 prepared, produced, reproduced, disseminated, assimilated, or made in any form that is or was in

23 YOUR actual or constructive possession, custody, or control, whether the original, draft, carbon,

24 photographic, or other copy, reproduction, or facsimile thereof, including, but not limited to, any

25 and all documents as that term is defined in Rule 34 of the Federal Rules of Civil Procedure,

26 records, files, writings, letters, minutes, correspondence, advertisements, publications, mailgrams,

27 telegrams, electronic mail, bulletins, instructions, resolutions, charts, literature, work assignments,

28 reports, brochures, memoranda, notations of telephone or personal conversations or conferences,

---

1

1  telephone messages, transcripts, price lists, contracts, agreements, checks, canceled checks,

2  interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards,

3  drafts, microfilm, microfiche, circulars, pamphlets, studies, notices, summaries, reports, books,

4  invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets,

5  computer data compilations, computer disks, computer printouts, worksheets, records, statistics,

6  speeches, and any other writings, tapes, sound records, or data compilations from which

7  information can be obtained or can be translated through detection devices into reasonably useable

8  form, and any other document, recording, tangible thing, or photograph.  The term

9  "DOCUMENT(S)" shall also mean each copy which is not identical to the original, or to any other

10  identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or

11  prepared in connection with such DOCUMENTS, whether used or not.

12      4.      "REFER OR RELATE TO" or "REFERRING OR RELATING TO" as used herein

13  shall mean ANY documents which comprise, explicitly or implicitly, refer to, were reviewed in

14  conjunction with, or were generated as a result of or in connection with, the subject of the request.

15      5.      "PERSON" or "PERSONS" as used herein shall mean and include natural persons,

16  governmental entities and agencies, proprietorships, partnerships, corporations, and all other forms

17  of organization or association.

18      6.      "YOU," "YOUR," or "STS" as used herein shall refer to defendant Silicon Test

19  Systems, Inc., and the past and present employees, attorneys, agents, officers, directors, and

20  shareholders of STS, and ANY predecessor or successor in interest of STS.

21      7.      "VERIGY" as used herein shall refer to plaintiff Verigy US, Inc., and the past and

22  present employees, attorneys, agents, officers, directors, and shareholders of VERIGY, and ANY

23  predecessor or successor in interest of VERIGY, including but not limited to Agilent

24  Technologies, Inc. and the Hewlett Packard Company.

25      8.      The singular shall be deemed to include the plural and vice-versa so as to bring

26  within the scope of this request all DOCUMENTS which might otherwise be construed to be

27  outside its scope.

28      9.      The term "IDENTIFY" or "IDENTIFIED" as used herein shall mean to establish

1 the identity of, and/or to ascertain the origin, nature, or definitive characteristics of.

2      10.    The singular and masculine gender shall mean also the plural and feminine or

3 neuter, as may be appropriate; the conjunctive includes the disjunctive, and the disjunctive

4 includes the conjunctive; and "each," "any" or "all" includes each and every.

5                                    **INSTRUCTIONS**

6      1.    When producing the DOCUMENTS, designate which DOCUMENTS are being

7 produced in response to each of the following requests, and if a request contains sub-categories,

8 designate which DOCUMENTS are being produced in response to each sub-category.

9      2.    If YOU withhold under claim of privilege DOCUMENTS which are responsive to

10 this DOCUMENT request, please provide the following information as to each withheld

11 DOCUMENT:

12           (a)    The subject of the DOCUMENT;

13           (b)    The title, heading, or caption of the DOCUMENT, if any;

14           (c)    The identifying number(s), letter(s), or combination thereof, if any, and the

15 significance or meaning of such number(s), letter(s) or combination thereof;

16           (d)    The date appearing on the DOCUMENT, or if no date appears thereon, the

17 date or approximate date on which the DOCUMENT was prepared;

18           (e)    The general nature or description of the DOCUMENT (*i.e.*, whether it is a

19 letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

20           (f)    The identity of the PERSON who signed the DOCUMENT, and, if it was

21 not signed, the identity of each PERSON who prepared it;

22           (g)    The identity of each PERSON to whom the DOCUMENT was addressed or

23 sent, and the identity of each PERSON to whom a copy thereof was sent; and

24           (h)    The identity of each PERSON who has custody of either the original or a

25 copy of each such DOCUMENT.

26      3.    YOU are requested to produce all responsive DOCUMENTS in YOUR actual or

27 constructive possession or under YOUR control or in the actual or constructive possession or

28

PLAINTIFF'S REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC., SET ONE
CASE NO. C07 04330 RMW (HRL)

1   control of YOUR attorneys, employees, or agents, which were created during, or which refer or

2   relate, to the relevant time period of this request.

3       4.      A DOCUMENT shall be deemed to be in YOUR "control" if YOU have the right

4   to secure the DOCUMENT or a copy thereof from another PERSON having possession or custody

5   thereof.

6       5.      If a DOCUMENT is responsive to a request for production and is in YOUR

7   control, but is not in YOUR possession or custody, YOU are requested to identify the PERSON

8   with possession or custody.

9       6.      If ANY such DOCUMENT was at ANY time in YOUR possession, custody, or

10  control, but is no longer in such possession, custody, or control, state whether such DOCUMENT

11  is missing, lost, destroyed, discarded, or has been transferred, voluntarily or involuntarily, to ANY

12  other PERSON or otherwise disposed of; describe the circumstances surrounding, and

13  authorization given, if ANY, for such disposition; and identify the PERSON or PERSONS

14  responsible for such disposition and the PERSON or PERSONS to whom such DOCUMENT was

15  transferred, if ANY.

16      7.      All DOCUMENTS shall be produced in the order and in the manner that they were

17  or are kept in the ordinary course of business and shall be reproduced in their original file folders,

18  binders, or other covers or containers, unless that is not possible. ANY DOCUMENTS which

19  must be removed from their original folders, binders, or covers or containers in order to be

20  produced shall be identified in a manner so as to clearly specify where such DOCUMENTS

21  originated.

22      8.      If a DOCUMENT cannot be produced in full, YOU are required to produce it to the

23  extent possible, and specify what is being withheld and the reason it is being withheld.

24      9.      The obligation to produce the DOCUMENTS requested herein is of a continuing

25  nature; if, at any time after compliance, YOU should acquire possession, custody, or control of

26  any additional DOCUMENTS coming within the scope of any of the individual categories of the

27  REQUEST, YOU are requested to furnish such DOCUMENTS to the attorneys for VERIGY.

28

1
2
3                              **REQUESTS FOR PRODUCTION**

4        1.      All DOCUMENTS on any computer that has been, or is currently, in use by YOU

5    that contain the word "Agilent," including but not limited to the document properties of the

6    DOCUMENT.

7        2.      All DOCUMENTS on any computer that has been, or is currently, in use by YOU

8    that contain the word "Verigy," including but not limited to the document properties of the

9    DOCUMENT.

10       3.      All DOCUMENTS on any computer that has been, or is currently, in use by YOU

11   that contain the words "Hewlett Packard," including but not limited to the document properties of

12   the DOCUMENT.

13       4.      All DOCUMENTS on any computer that has been, or is currently, in use by YOU

14   that contain the word "HP," including but not limited to the document properties of the

15   DOCUMENT.

16       5.      All DOCUMENTS created, copied or modified by YOU prior to September 22,

17   2006 REFERRING OR RELATING TO memory testing.

18       6.      All COMMUNICATIONS between YOU and any third parties prior to September

19   22, 2006 related to memory testing.

20       7.      All COMMUNICATIONS between YOU and Robert Pochowski.

21       8.      All COMMUNICATIONS between YOU and WESLEY MAYDER REFERRING

22   OR RELATING TO Silicon Test Solutions, LLC and/or Silicon Test Systems, Inc.

23       9.      All COMMUNICATIONS between YOU and Honeywell International.

24       10.     All COMMUNICATIONS between YOU and Verigy's existing or potential

25   customers, clients or suppliers with whom YOU came into contact, or whose identities were

26   learned, solely as a result of employment with VERIGY.

27       11.     All COMMUNICATIONS between YOU and Spansion.

28       12.     All COMMUNICATIONS between YOU and Intel.

1      13.   All COMMUNICATIONS between YOU and Micron.

2      14.   All COMMUNICATIONS between YOU and Sandisk.

3      15.   Datasheets for all products listed on the website www.silicontests.com .

4      16.   All DOCUMENTS REFERRING OR RELATING TO the Picaso ASIC (aka

5  "Picasso ASIC").

6      17.   A bit for bit copy (in machine readable form) of all hard drives of all computers,

7  including, but not limited to, desktop computers, laptop computers, USB memory devices, PDAs,

8  and other memory storage devices that have been or are currently used by YOU.

9      18.   All DOCUMENTS REFERRING OR RELATING TO the conception, reduction to

10  practice and development of the Picaso (aka Picasso) ASIC.

11      19.   All DOCUMENTS REFERRING OR RELATING TO U.S. Provisional Patent

12  Application Serial No. 60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed

13  September 28, 2006.

14      20.   All DOCUMENTS REFERRING OR RELATING TO the conception, reduction to

15  practice and development of the invention described in U.S. Provisional Patent Application Serial

16  No. 60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed September 28,

17  2006.

18      21.   All DOCUMENTS REFERRING OR RELATING TO patent applications or

19  provisional patent applications claiming priority to U.S. Provisional Patent Application Serial No.

20  60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed September 28, 2006. All

21  COMMUNICATIONS between YOU and DANIEL.

22      22.   All provisional patent applications filed with the United States Patent and

23  Trademark Office ("USPTO") after May 1, 2006 listing YOU as an inventor.

24      23.   All COMMUNICATIONS between YOU and the USPTO REFERRING OR

25  RELATING TO provisional patent applications filed with the USPTO after May 1, 2006 listing

26  YOU as an inventor.

27      24.   All DOCUMENTS YOU downloaded from ANY VERIGY computer

28  REFERRING OR RELATING to VERIGY'S operations and products.

1    //

2

3        25.    All DOCUMENTS REFERRING OR RELATING to ANY of YOUR technology,

4    future technology, potential technology, or technology under development by YOU.

5

6    Dated: August 24, 2007                    BERGESON, LLP

7

8                                    By: _____
                                         Melinda M. Morton
9                                        Attorneys for Plaintiff
                                         VERIGY US, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC., SET ONE
CASE NO. C07 04330 RMW (HRL)

# EXHIBIT B

1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12 | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL)

13 |              Plaintiff,

14 |      vs.                              | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ROMI MAYDER, SET ONE**

15 | ROMI OMAR MAYDER, an individual;
   | WESLEY MAYDER, an individual; SILICON
16 | TEST SYSTEMS, INC., a California Corporation; | Judge: Honorable Ronald M. Whyte
   | and SILICON TEST SOLUTIONS, LLC, a         | Ctrm: 6
17 | California Limited Liability Corporation,
   | inclusive,                              | Complaint Filed: August 22, 2007
18 |                                          | Trial Date:       None Set
   |              Defendants.

19

20

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:**    **Plaintiff VERIGY US, INC.**

2  **RESPONDING PARTY:**    **Defendant ROMI MAYDER**

3  **SET NUMBER:**    **ONE (1)**

4      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's

5  August 24, 2007 Order, Plaintiff Verigy US, Inc. ("VERIGY") hereby demands that on August 31,

6  2007, at the offices of VERIGY's attorneys of record, Bergeson, LLP, located at 303 Almaden

7  Blvd., Suite 500, San Jose, California 95110, defendant Romi Mayder ("MAYDER") produce for

8  inspection and photocopying the originals, or, if the originals are unavailable, copies of the

9  documents and materials described in this First Set of Requests for Production, which documents

10  and materials are in the possession, custody and control of MAYDER or any of its present or

11  former officers, directors, employees, agents, or representatives, including, but not limited to, its

12  attorneys.

13  **DEFINITIONS**

14      1.    "ANY" as used herein shall mean any and all.

15      2.    "COMMUNICATIONS" as used herein shall mean ANY DOCUMENT, oral

16  statement, meeting, or conference, formal or informal, at ANY time or place, and under ANY

17  circumstances whatsoever, whereby information of ANY nature was stated, written, recorded, or

18  in ANY manner transmitted or transferred.

19      3.    "DOCUMENT" or "DOCUMENTS" as used herein shall mean all handwritten,

20  printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials,

21  or other recorded or graphic matter of every type and description, however and by whomever

22  prepared, produced, reproduced, disseminated, assimilated, or made in any form that is or was in

23  YOUR actual or constructive possession, custody, or control, whether the original, draft, carbon,

24  photographic, or other copy, reproduction, or facsimile thereof, including, but not limited to, any

25  and all documents as that term is defined in Rule 34 of the Federal Rules of Civil Procedure,

26  records, files, writings, letters, minutes, correspondence, advertisements, publications, mailgrams,

27  telegrams, electronic mail, bulletins, instructions, resolutions, charts, literature, work assignments,

28  reports, brochures, memoranda, notations of telephone or personal conversations or conferences,

1

1  telephone messages, transcripts, price lists, contracts, agreements, checks, canceled checks,

2  interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards,

3  drafts, microfilm, microfiche, circulars, pamphlets, studies, notices, summaries, reports, books,

4  invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets,

5  computer data compilations, computer disks, computer printouts, worksheets, records, statistics,

6  speeches, and any other writings, tapes, sound records, or data compilations from which

7  information can be obtained or can be translated through detection devices into reasonably useable

8  form, and any other document, recording, tangible thing, or photograph. The term

9  "DOCUMENT(S)" shall also mean each copy which is not identical to the original, or to any other

10  identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or

11  prepared in connection with such DOCUMENTS, whether used or not.

12      4.      "REFER OR RELATE TO" or "REFERRING OR RELATING TO" as used herein

13  shall mean ANY documents which comprise, explicitly or implicitly, refer to, were reviewed in

14  conjunction with, or were generated as a result of or in connection with, the subject of the request.

15      5.      "PERSON" or "PERSONS" as used herein shall mean and include natural persons,

16  governmental entities and agencies, proprietorships, partnerships, corporations, and all other forms

17  of organization or association.

18      6.      "YOU," "YOUR," or "MAYDER" as used herein shall refer to defendant Romi

19  Mayder, and the past and present attorneys, agents,.

20      7.      "VERIGY" as used herein shall refer to plaintiff Verigy US, Inc., and the past and

21  present employees, attorneys, agents, officers, directors, and shareholders of VERIGY, and ANY

22  predecessor or successor in interest of VERIGY, including but not limited to Agilent

23  Technologies, Inc. and the Hewlett Packard Company.

24      8.      The singular shall be deemed to include the plural and vice-versa so as to bring

25  within the scope of this request all DOCUMENTS which might otherwise be construed to be

26  outside its scope.

27      9.      The term "IDENTIFY" or "IDENTIFIED" as used herein shall mean to establish

28  the identity of, and/or to ascertain the origin, nature, or definitive characteristics of.

1    10.    The singular and masculine gender shall mean also the plural and feminine or
2  neuter, as may be appropriate; the conjunctive includes the disjunctive, and the disjunctive
3  includes the conjunctive; and "each," "any" or "all" includes each and every.

### INSTRUCTIONS

5    1.    When producing the DOCUMENTS, designate which DOCUMENTS are being
6  produced in response to each of the following requests, and if a request contains sub-categories,
7  designate which DOCUMENTS are being produced in response to each sub-category.

8    2.    If YOU withhold under claim of privilege DOCUMENTS which are responsive to
9  this DOCUMENT request, please provide the following information as to each withheld
10 DOCUMENT:

11    (a)    The subject of the DOCUMENT;

12    (b)    The title, heading, or caption of the DOCUMENT, if any;

13    (c)    The identifying number(s), letter(s), or combination thereof, if any, and the
14 significance or meaning of such number(s), letter(s) or combination thereof;

15    (d)    The date appearing on the DOCUMENT, or if no date appears thereon, the
16 date or approximate date on which the DOCUMENT was prepared;

17    (e)    The general nature or description of the DOCUMENT (*i.e.*, whether it is a
18 letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

19    (f)    The identity of the PERSON who signed the DOCUMENT, and, if it was
20 not signed, the identity of each PERSON who prepared it;

21    (g)    The identity of each PERSON to whom the DOCUMENT was addressed or
22 sent, and the identity of each PERSON to whom a copy thereof was sent; and

23    (h)    The identity of each PERSON who has custody of either the original or a
24 copy of each such DOCUMENT.

25    3.    YOU are requested to produce all responsive DOCUMENTS in YOUR actual or
26 constructive possession or under YOUR control or in the actual or constructive possession or
27 control of YOUR attorneys, employees, or agents, which were created during, or which refer or
28 relate, to the relevant time period of this request.

1    4.    A DOCUMENT shall be deemed to be in YOUR "control" if YOU have the right

2  to secure the DOCUMENT or a copy thereof from another PERSON having possession or custody

3  thereof.

4    5.    If a DOCUMENT is responsive to a request for production and is in YOUR

5  control, but is not in YOUR possession or custody, YOU are requested to identify the PERSON

6  with possession or custody.

7    6.    If ANY such DOCUMENT was at ANY time in YOUR possession, custody, or

8  control, but is no longer in such possession, custody, or control, state whether such DOCUMENT

9  is missing, lost, destroyed, discarded, or has been transferred, voluntarily or involuntarily, to ANY

10  other PERSON or otherwise disposed of; describe the circumstances surrounding, and

11  authorization given, if ANY, for such disposition; and identify the PERSON or PERSONS

12  responsible for such disposition and the PERSON or PERSONS to whom such DOCUMENT was

13  transferred, if ANY.

14    7.    All DOCUMENTS shall be produced in the order and in the manner that they were

15  or are kept in the ordinary course of business and shall be reproduced in their original file folders,

16  binders, or other covers or containers, unless that is not possible. ANY DOCUMENTS which

17  must be removed from their original folders, binders, or covers or containers in order to be

18  produced shall be identified in a manner so as to clearly specify where such DOCUMENTS

19  originated.

20    8.    If a DOCUMENT cannot be produced in full, YOU are required to produce it to the

21  extent possible, and specify what is being withheld and the reason it is being withheld.

22    9.    The obligation to produce the DOCUMENTS requested herein is of a continuing

23  nature; if, at any time after compliance, YOU should acquire possession, custody, or control of

24  any additional DOCUMENTS coming within the scope of any of the individual categories of the

25  REQUEST, YOU are requested to furnish such DOCUMENTS to the attorneys for VERIGY.

26

27

28

## REQUESTS FOR PRODUCTION

1.    All DOCUMENTS on any computer that has been, or is currently, in use by YOU that contain the word "Agilent," including but not limited to the document properties of the DOCUMENT.

2.    All DOCUMENTS on any computer that has been, or is currently, in use by YOU that contain the word "Verigy," including but not limited to the document properties of the DOCUMENT.

3.    All DOCUMENTS on any computer that has been, or is currently, in use by YOU that contain the words "Hewlett Packard," including but not limited to the document properties of the DOCUMENT.

4.    All DOCUMENTS on any computer that has been, or is currently, in use by YOU that contain the word "HP," including but not limited to the document properties of the DOCUMENT.

5.    All DOCUMENTS created, copied or modified by YOU prior to September 22, 2006 REFERRING OR RELATING TO memory testing.

6.    All COMMUNICATIONS between YOU and any third parties prior to September 22, 2006 related to memory testing.

7.    All COMMUNICATIONS between YOU and Robert Pochowski.

8.    All COMMUNICATIONS between YOU and WESLEY MAYDER REFERRING OR RELATING TO Silicon Test Solutions, LLC and/or Silicon Test Systems, Inc.

9.    All COMMUNICATIONS between YOU and Honeywell International.

10.    All COMMUNICATIONS between YOU and Verigy's existing or potential customers, clients or suppliers with whom YOU came into contact, or whose identities were learned, solely as a result of employment with VERIGY.

11.    All COMMUNICATIONS between YOU and Spansion.

12.    All COMMUNICATIONS between YOU and Intel.

13.    All COMMUNICATIONS between YOU and Micron.

14.    All COMMUNICATIONS between YOU and Sandisk.

5

1    15.    Datasheets for all products listed on the website www.silicontests.com .

2    16.    All DOCUMENTS REFERRING OR RELATING TO the Picaso ASIC (aka

3    "Picasso ASIC").

4    17.    A bit for bit copy (in machine readable form) of all hard drives of all computers,

5    including, but not limited to, desktop computers, laptop computers, USB memory devices, PDAs,

6    and other memory storage devices that have been or are currently used by YOU.

7    18.    All DOCUMENTS REFERRING OR RELATING TO the conception, reduction to

8    practice and development of the Picaso (aka Picasso) ASIC.

9    19.    All DOCUMENTS REFERRING OR RELATING TO U.S. Provisional Patent

10    Application Serial No. 60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed

11    September 28, 2006.

12    20.    All DOCUMENTS REFERRING OR RELATING TO the conception, reduction to

13    practice and development of the invention described in U.S. Provisional Patent Application Serial

14    No. 60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed September 28,

15    2006.

16    21.    All DOCUMENTS REFERRING OR RELATING TO patent applications or

17    provisional patent applications claiming priority to U.S. Provisional Patent Application Serial No.

18    60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed September 28, 2006.All

19    COMMUNICATIONS between YOU and DANIEL.

20    22.    All provisional patent applications filed with the United States Patent and

21    Trademark Office ("USPTO") after May 1, 2006 listing YOU as an inventor.

22    23.    All COMMUNICATIONS between YOU and the USPTO REFERRING OR

23    RELATING TO provisional patent applications filed with the USPTO after May 1, 2006 listing

24    YOU as an inventor.

25    24.    All DOCUMENTS YOU downloaded from ANY VERIGY computer

26    REFERRING OR RELATING to VERIGY'S operations and products.

27    //

28

1       25.     All DOCUMENTS REFERRING OR RELATING to ANY of YOUR technology,

2 future technology, potential technology, or technology under development by YOU.

3

4 Dated: August 24, 2007                      BERGESON, LLP

5

6                                 By: _____

                                     Melinda M. Morton

7                                      Attorneys for Plaintiff

                                     VERIGY US, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

**Mindy Morton**

| | |
|---|---|
| **From:** | Mindy Morton |
| **Sent:** | Thursday, August 30, 2007 3:16 PM |
| **To:** | 'Kevin M. Pasquinelli'; Daniel S. Mount |
| **Cc:** | John Fowler |
| **Subject:** | Disclosure of Kris Haworth |
| **Attachments:** | haworth kris Bio short.doc |

As per 7.4(a) of the protective order I disclose use of the following expert. We agreed that you would let us know by Tuesday morning if you have any objections. If you could send me the estimated price for copies of the hard drives, we should be fine with your forensics expert making the copies as long as he or she makes encase physical images and as long as the estimated price is reasonable. If that isn't possible, please let me know as soon as possible and we will send someone from Kris' office to make the copies.

  (1)  We plan to disclose to the expert the Highly Confidential information referred to in any electronic document production or mirror images.
  (2)  Full name of Expert, city and state
          a.  Ms. Kris Haworth, works in San Francisco, California
  (3)  Attached is her resume for your review.
  (4)  Current employer: FTI Consulting, 100 Front Street, San Francisco, CA
  (5)  Prior employers:
             Deloitte & Touche 1999-2004
             Navigant Consulting 2004-2006
             LECG 2006-2007
             FTI Consulting 2007 to present

  (6)  Prior litigation involvement: Ms. Haworth has served as a testifying witness in the following cases:

             Core Wealth Management v. Heller, Case No. 01157647, filed Feb. 24, 2005 in Santa Barbara Superior Court
             Align v. Orthoclear, CGC 05-438361, filed Feb. 2, 2005 in San Francisco Superior Court
             Comerica Bank v. Commercial Capital, CGC 05-443546, filed July 29, 2006 in San Francisco Superior Court
             Advante International Corporation v. Mintel Learning Technology, Inc., Case No. 05-cv-01022, filed March 10, 2005 in the N.D. Cal.
             World Courier v. Baron, Case No. 06-cv-03072, filed May 8, 2006 in the N.D. Cal.
             Alliant Food Services v. Prime Meat, court and filing information unknown.


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter

9/18/2007

# EXHIBIT D

# EXHIBIT

# HIGHLY
# CONFIDENTIAL

# ATTORNEYS EYES
# ONLY

# EXHIBIT E

# EXHIBIT

# HIGHLY CONFIDENTIAL

# ATTORNEYS EYES ONLY

# EXHIBIT F

# EXHIBIT

## HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# EXHIBIT G

# EXHIBIT

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT H

# EXHIBIT

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT I

**Mindy Morton**

| | |
|---|---|
| **From:** | Kevin M. Pasquinelli [kpasquinelli@MOUNT.com] |
| **Sent:** | Monday, October 01, 2007 11:23 PM |
| **To:** | Donald P Gagliardi; Mindy Morton; John Fowler |
| **Cc:** | Daniel S. Mount; Daniel H. Fingerman; Michelle McManus; Kevin M. Pasquinelli |
| **Subject:** | Meet and Confer regading bit for bit copy of Mr. Mayder's disk drive |

**Attachments:** Kevin M. Pasquinelli.vcf

Don,

Thank you for your call today regarding our impasse on discovery of the bit for bit copy of Mr. Mayder's disk drive. Mr. Mayder continues to feel that such a request is invasive and overly broad. Unfortunately, we both seem to feel that search terms alone cannot solve our issue due to privacy and privilege concerns.

You have mainly expressed a desire to obtain meta data. We have produced most documents with meta data explicitly attached to the production, such as the emails which state their creation, modification, time of receipt, etc. For the files where such is not included I would like to take this opportunity to reiterate my prior offer to check for metadata given a list of files. (e.g. if Verigy produces a list of files for which it would like meta data, we will take reasonable measures to obtain meta data information for those files)

Let me know if this can meet your needs, or if you have some alternate proposal.

Kevin

*Kevin Pasquinelli, Esq.*

Mount & Stoelker P.C.
RiverPark Tower, Suite 1650
333 W San Carlos
San Jose, CA 95110
Tel: (408) 279-7000 x1126
Fax: (408) 998-1473
e-mail: kpasquinelli@mount.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify Mount & Stoelker, P.C. at (408) 279-7000 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT J

# EXHIBIT

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT K

# EXHIBIT

# HIGHLY CONFIDENTIAL

# ATTORNEYS EYES ONLY

# EXHIBIT L

# EXHIBIT

# HIGHLY CONFIDENTIAL

# ATTORNEYS EYES ONLY