1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
| 12              Plaintiff, | **DECLARATION OF DONALD P. GAGLIARDI IN SUPPORT OF VERIGY'S MOTION TO COMPEL** |
| 13      vs. | |
| 14  ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge:  Honorable Howard R. Lloyd<br>Ctrm:    2<br><br>Complaint Filed:    August 22, 2007<br>Trial Date:             None Set |
| 15 | |
| 16 | |
| 17 | |
| 18              Defendants. | |

I, Donald P. Gagliardi, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner in the law firm of Bergeson, LLP, counsel of record for Plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. On or about September 18, 2007, I caused to be faxed a letter to Daniel S. Mount and Kevin M. Pasquinelli of Mount & Stoelker PC, counsel for defendants detailing Verigy's concerns related to defendants' responses to requests for production. A true and correct copy of my letter dated September 18, 2007 is attached hereto as Exhibit A.

3. On or about September 20, 2007, I received an email from Mr. Pasquinelli responding to my letter of September 18, 2007. A true and correct copy of Mr. Pasquinelli's email dated September 20, 2007 is attached hereto as Exhibit B.

4. On or about September 24, 2007, I caused to be faxed a second letter to Mssrs. Mount and Pasquinelli detailing additional concerns related to defendants' responses to requests for production. A true and correct copy of my letter dated September 24, 2007 is attached hereto as Exhibit C.

5. On or about September 25, 2007, I received a letter from Mr. Pasquinelli responding to my letters of September 18 and 24, 2007. A true and correct copy of Mr. Pasquinelli's letter dated September 25, 2007 is attached hereto as Exhibit D.

6. On or about September 27, 2007, I received an email from Mr. Pasquinelli memorializing the status of the meet-and-confer process. A true and correct copy of Mr. Pasquinelli's email dated September 27, 2007 is attached hereto as Exhibit E.

7. On or about September 28, 2007, I caused to be faxed a letter to Mssrs. Mount and Pasquinelli memorializing the status of the meet and confer process. A true and correct copy of my letter dated September 28, 2007 is attached hereto as Exhibit F.

8. On or about October 1, 2007, I along with my colleague, Marc G. van Niekerk, spoke with Mr. Pasquinelli by telephone in order to attempt to reach a solution to the apparent impasse as to Verigy's request for production No. 17. Mr. Pasquinelli proposed that bit-for-bit

1  copies of the hard drives be produced *minus any personal information related to Mayder and/or*
2  *any attorney client privileged communications.* I advised Mr. Pasquinelli that this might be
3  acceptable provided his firm was willing to provide us with written assurances that nothing
4  relevant or conceivably relevant to the litigation would be withheld apart from privileged
5  communications. Mr. Pasquinelli said he would get back to me with his client's response the
6  same day in light of the urgency in bring this motion. As of 5 p.m. PDT on October 1, 2007, he
7  had not done so.
8      I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct and that this declaration was executed this 1st day of October, 2007 at
10 San Jose, California.

                Donald P. Gagliardi