DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff and Counter-Defendant
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C07-04330 RMW (HRL)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br>  **[Fed.R.Civ.P. 12(f)]**<br><br>Date: November 9, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte<br><br>Complaint Filed: August 22, 2007<br>Trial Date: None Set |

# NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Friday, November 9, 2007, at 9 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Hon. Ronald M. Whyte, United States District Judge, in the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, plaintiff Verigy US, Inc. ("Verigy") shall and hereby does move the Court for an order striking affirmative defenses set forth in defendants' Answer to Plaintiff's Initial Complaint and Counterclaim ("Answer") filed by defendants and counter-claimants Silicon Test System, Inc. and Silicon Test Solutions, LLC, Romi Omar Mayder ("Mayder"), and Wesley Mayder (collectively, "defendants").

The motion is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that the affirmative defenses have not been pled such as to give Verigy fair notice of the defenses raised and their grounds.

This motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

## ISSUES PRESENTED

1.  Whether the Court should strike the eighteen affirmative defenses in the Answer pursuant to Federal of Civil Procedure 12(f).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff and counter-defendant Verigy US, Inc. ("Verigy") respectfully submits the following memorandum of points and authorities in support of its motion to strike affirmative defenses set forth in defendants' Answer.

**I.  INTRODUCTION AND BACKGROUND**

This case involves the misappropriation of Verigy's valuable trade secrets and confidential information by former Verigy employee Romi Mayder, the new companies he formed, Silicon Test Systems, Inc. and Silicon Test Solutions, LLC (collectively, the "STS Entities") and Mayder's brother, Wesley Mayder, an investor and partner in the STS Entities.

Romi Mayder was a long-term, trusted employee of Verigy and its predecessors-in-interest, Agilent Technologies, Inc. ("Agilent") and Hewlett Packard Company ("HP") who resigned from Verigy in September 2006. In early July 2007, Verigy learned that Mayder was marketing a product very similar to certain Verigy memory test products which Mayder had worked on while still employed with the company. Verigy began an investigation to determine whether Mayder was using Verigy trade secrets or other confidential information. This investigation revealed that in June 2006, while Mayder was still employed at Verigy, he registered a domain name "silicontests.com" and approached Robert Pochowski, a former Agilent vice president, for potential investment in a new venture he was starting called "Silicon Test Systems." In late July 2007, Pochowski provided Verigy with documents and e-mails from Mayder which were determined to contain Verigy trade secrets and other confidential information. Further investigation revealed that, while employed by Verigy, Mayder appears to have used its computer network for matters relating to the STS Entities, and had taken steps to develop products which incorporated Verigy trade secrets and would compete with Verigy.

On August 22, 2007, Verigy filed this action and, on an *ex parte* basis, immediately applied for a temporary restraining order, an order to show cause re: preliminary injunction, and an order authorizing limited expedited discovery. On August 24, 2007, the Court granted Verigy's application, which included a comprehensive listing of the Verigy trade secrets which defendants were prohibited from using or disclosing. (Docket No. 22). The preliminary injunction hearing has been scheduled for November 9, 2007.

On September 13, 2007, defendants filed their Answer, which included a counterclaim for declaratory relief. (Docket No. 34). Defendants' answer contains 18 affirmative defenses, each conclusory in nature and the first 17 of which are asserted on information and belief. Verigy hereby moves to strike all of these affirmative defenses as set forth below.

**II.    ARGUMENT**

    **A.    Legal Standards for a Motion to Strike Pursuant to FRCP 12(f).**

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any

pleading any insufficient defense . . ." Fed. R. Civ. Pro. 12(f).

A district court has discretion to strike from any pleading a defense which it regards as insufficient under Rule 12(f). *See, Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133MMC, 2005 WL 645592 *1-2 (N.D. Cal. 2005). The purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), citing *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983), *rev. on other grounds*, 510 U.S. 517 (1994).

Rule 8(c) of the Federal Rules of Civil Procedure requires that an affirmative defense be "set forth affirmatively" in the party's responsive pleading. Fed. R. Civ. Pro. 8(c); *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Affirmative defenses are governed by the same pleading standards as complaints. *Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). A claimant must provide "fair notice" of the claim and grounds on which it rests. *See Qarbon.com*, 315 F. Supp. 2d at 1048. A defendant must also give "fair notice" of a defense. *Wyshak,* 607 F.2d at 827.

Although an extensive recitation of facts supporting the defense is not required, the elements of that defense must be set forth with some particularity. *Sun Microsystems, Inc. v. Datram Corp.*, No. CIV96-20708SW, 1997 WL 50272 *1, *4 (N.D.Cal. 1997) (holding that affirmative defenses must set forth elements of the defense); *see e.g., Allen v. A.H. Robins Co., Inc.,* 752 F.2d 1365, 1371 n. 3 (9th Cir. 1985) (equitable estoppel defense sufficiently pleaded where "litigant pleads all of the elements of equitable estoppel in a defensive pleading"). Importantly, Rule 12(f) motions are appropriate where affirmative defenses contained "nothing but bare bones conclusory allegations" and "failed totally to allege the necessary elements of the alleged claims". *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294-95 (7th Cir.1989).

A motion to strike is also appropriated when, based on the facts alleged, the affirmative defense is insufficient as a matter of law. *Security People*, 2005 WL 645592 at *3; *see also,*

*Heller,* 883 at 1294 (affirmative defenses stricken where legally insufficient on the face of the pleadings).

    **B.    The Court Should Strike Defendants' Affirmative Defenses for Failing to Sufficiently Plead the Required Elements of the Defense and Provide "Fair Notice" to Verigy.**

Defendants have pled 18 affirmative defenses, most of which fail to provide Verigy with fair notice of the grounds upon which they are based. These affirmative defenses are all stated in just one conclusory sentence and fail to include any facts establishing the elements or grounds for the defense. In some instances, they are not valid as a matter of law based on the facts alleged. And 17 of the 18 affirmative defenses are stated on information and belief without specifying the information relied upon or the basis for the belief.

    **1.    Defendants' Trade Secret Defenses Are Insufficient and Should be Stricken.**

The first three affirmative defenses relate specifically to Verigy's trade secrets allegations. The first affirmative defense asserts that "[u]pon information and belief, Verigy's CCP §2019.210 disclosure does not contain trade secrets under the UTSA." This is not an affirmative defense at all. California Code of Civil Procedure §2019.210 requires a plaintiff alleging misappropriation to "identify the trade secret with reasonable particularity" and that disclosure is a prerequisite to conducting discovery on the misappropriation claim. Cal. Code Civ. Pro. §2019.210. Judge Whyte's Order granting Verigy's TRO application has determined, at least implicitly, that trade secrets are involved in this action, that the disclosure was sufficient, and that discovery should proceed. Even if the sufficiency of Verigy's trade secret disclosure were at issue, the method for challenging that sufficiency is not an affirmative defense, but rather a discovery motion. *See e.g., Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 829 (2005) (writ of mandate arose from discovery dispute over sufficiency of plaintiff's disclosure; held that only "reasonable particularity" was required). Moreover, to the extent this defense seeks to challenge whether Verigy has any protectable trade secrets, it is tantamount to a denial of an element of Verigy's trade secret claim, not an affirmative defense. *See e.g., Saks v. Franklin Covey Co.*, 316 F. 3d 337, 350 (2d Cir. 2003) (affirmative defenses raise issues on which defendants generally

4

have burden of proof and which, if true, would defeat plaintiff's claim, even taking the allegations in the complaint as true).

The second affirmative defense asserts that "[u]pon information and belief Defendants have independently developed any alleged trade secrets as disclosed by Verigy, as defined under the UTSA." Independent development can form the defense to a trade secret claim. *See e.g., UNIRAM Technology, Inc. v. Taiwan Semiconductor Mfg. Co.,* No. C-04-1268VRW, 2007 WL 2572223 (N.D. Cal. 2007) *1. To succeed, however, the defense must include proof that the asserted property was not used or copied. *See Teich v. General Mills, Inc.,* 170 Cal. App. 2d 791, 803 (1959). Here, defendants have not asserted that there was no copying, or identified what trade secrets were independently developed. Nor is it clear what "as disclosed by Verigy, as defined under the UTSA" is supposed to mean. This conclusory confusing assertion does not give Verigy fair notice of the basis for the affirmative defense.

The third affirmative defense asserts that "[o]n information and belief, Verigy has suffered no detriment because it has withdrawn from the field of activity." Verigy is unaware of any such defense to a trade secret action and is uncertain as to what this phrase is intended to mean. As such, it cannot be said to have been given fair notice of the basis for the affirmative defense. Moreover, to the extent defendants are asserting that Verigy's trade secrets are no longer protectable because they have been abandoned, the defense is insufficient as a matter of law because "abandonment" generally refers to the failure to take steps to keep the information secret. *See e.g., Vacco Industries v. Van Den Burg,* 5 Cal. App. 4th 34, 50 (1992). Verigy's complaint is replete with allegations that it took appropriate steps to keep its trade secrets confidential and, therefore, this affirmative defense, which admits the truth of all matters alleged, cannot be sustained. Accordingly, each of the first three affirmative defenses should be stricken.

**2.     The Lack of Standing Affirmative Defense is Insufficient.**

The fourth affirmative defense asserts that "[u]pon information and belief, Plaintiff lacks standing to assert the causes of action that the Complaint purports to assert." A plaintiff lacks standing to sue if it is not the real party in interest. *See e.g., Friendly Village Community Assn., Inc. v. Silva & Hill Construction Co.,* 31 Cal. App. 3d 220, 224 (1973). However, a plaintiff lacks

5

1  the capacity to sue where there is a legal disability, such as where the corporation has been
2  suspended for non-payment of taxes. *See e.g., Traub Co. v. Coffee Break Service, Inc.,* 66 Cal. 2d
3  368, 370 (1967).  There is a difference between the standing to sue, which is the right to relief in
4  court, and capacity to sue, which is the right to come into court.  *Friendly Village,* 31 Cal. App. 3d
5  at 224.  The lack of capacity to sue must be raised at the time of the original answer or it is waived
6  and must be pled with specificity.  *See, Color Vue, Inc. v. Abrams*, 44 Cal. App. 4th 1599, 1604
7  (1996); *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 878 (9th Cir. 2000) (specific
8  averments as to lack of capacity must).  Accordingly, given the lack of specific facts in this
9  affirmative defense, it is unclear whether defendants are really claiming that Verigy lacks standing
10 or lacks the capacity to sue.  Clearly, Verigy has not been given fair notice of this defense and it is
11 should be stricken.

            **3.     The Statute of Limitations Affirmative Defense is Insufficient.**

13 The fifth affirmative defense asserts a statute of limitations defense but fails to specify
14 anywhere which limitations period(s) apply and to which of Verigy's claims and why.  *See*
15 *Wyshak*, 607 F.2d at 827 (statute of limitations affirmative defense sufficient where motion
16 accompanying proposed amendment to answer included citation to applicable statute of
17 limitations).   Here, there is nothing accompanying the naked allegations of the defense to
18 illuminate the specific grounds on which it rests.

            **4.     The Remaining Affirmative Defenses Are Insufficient Because they Fail to Set Forth the Elements of the Defense and Fail to Allege Any Supporting Facts.**

21 The sixth through eighteenth affirmative defenses all fail to include facts or the required
22 elements of the particular affirmative defense and should be stricken.
23 The sixth affirmative defense asserting waiver fails to identify the known right that Verigy
24 waived and fails to allege that Verigy did so with "knowledge of its existence and the intent to
25 relinquish it."  *See, A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1006 (9th Cir. 2001).
26 The seventh affirmative defense asserting laches fails to state facts establishing that Verigy
27 was prejudicially dilatory in asserting its claims for relief.  *See, A.C. Aukerman Co. v. R.L.*
28 *Chaides Construction Co*., 960 F.2d 1020, 1028-29 (Fed. Cir. 1992) (laches defense requires

allegations of "neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances causes prejudice to the adverse party and operates as an equitable bar").

The eighth affirmative defense asserting estoppel defense fails to state any of the "three important elements" of such claim. *See, A.C. Aukerman Co.,* 960 F.2d at 1041 ("[1] the actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence; [2] the other relies upon the communication; [3] and the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.").

The ninth affirmative defense asserting unclean hands defense fails to allege an essential "unconscionable act" by Verigy with an "immediate and necessary relation" to the equity sought by Verigy in its complaint. *See, Hoffman-LaRoche v. Promega Corp.*, 319 F. Supp.2d 1011, 1028 (N.D. Cal. 2004).

The tenth affirmative defense of unjust enrichment fails to allege the elements of that theory. *See, Lectrodryer, Inc. v. Seoulbank,* 77 Cal. App. 4th 723, 726 (2000) (elements include receipt of benefit and unjust retention of benefit at another's expense).

The eleventh affirmative defense asserting that the complaint is "frivolous, vexatious, and unreasonable, thereby entitling Defendants to recover attorneys' fees and costs" is unrecognizable. Defendants have failed to set forth any specific facts supporting the assertions, nor any authority for the defense itself.

The twelfth affirmative defense asserts that "[u]pon information and belief, to the extent that no enforceable written contract exists between Defendants and the Plaintiff, the Complaint, and each and every claim contained therein, is barred by the Statute of Frauds." The statute of frauds appears in California Civil Code §1624 and sets forth several types of contracts which are invalid unless in writing. Defendants do not specify which type of contract exists between Verigy and "Defendants", or which defendant contracted with Verigy orally such that it is invalid.

The thirteenth affirmative defense asserts that Verigy "failed to mitigate damages, if any, and accordingly, are [sic] not entitled to the relief sought in the Complaint." This defense fails to

include any facts supporting the doctrine. *See Qarbon.com*, 315 F. Supp. 2d at 1049 ("reference to a doctrine, like reference to a statute, is insufficient notice.")

The fourteenth affirmative defense asserts that Verigy's claims are barred due to "illegality, fraud, bad faith, and/or misrepresentation." A party asserting a defense based on fraud is required to set forth all the elements of fraud. *See Bank of America v. Vannini*, 140 Cal. App. 2d 120, 131 (1956). Defendants have failed to include any of the elements of fraud or misrepresentation and have not asserted the basis for the assertion of illegality or bad faith.

Similarly, the fifteenth affirmative defense asserts that Verigy has not met "their [sic] duty of good faith and fair dealing." This is a mirror image to the "bad faith" assertion contained in the fourteenth affirmative defense. Defendants have not included any grounds for the asserted "bad faith" and, therefore, have not sufficiently pled the defense.

The sixteenth affirmative defense asserting Verigy's breach of contract fails to identify the contract or the alleged breach supposedly absolving defendants from liability on each claim for relief asserted by Verigy.

The seventeenth affirmative defense asserting that Verigy's claims are barred by the "doctrine of 'failure to do equity' to the acts, conduct, and representations by and on behalf of Defendants" is incomprehensible. And once again, mere "reference to a doctrine, like reference to a statute, is insufficient notice." *See Qarbon.com*, 315 F. Supp. 2d at 1049.

Finally, the eighteenth affirmative defense (the only one not pled on information and belief) seeks a setoff, yet does not specify any factual or legal basis for the setoff, nor the counterclaims which form the basis for the setoff. Indeed, the counterclaims cannot, as a matter of law, form the basis for any setoff because they merely seek declaratory relief, not damages.

//

### III. CONCLUSION

For the reasons set forth above, each of the 18 affirmative defenses is insufficient as pled for failure to state facts establishing the elements or grounds for the defense. Accordingly, Verigy respectfully requests that the Court grant its motion to strike defendants' affirmative defenses.

Dated: October 4, 2007                                BERGESON, LLP

By: _____/s/_____
       John W. Fowler
Attorneys for Plaintiff and Counter-Defendant
VERIGY US, INC.