Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation,<br><br>Defendants. | Case No. 5:07-cv-04330 (RMW) (HRL)<br><br>**Defendants' Opposition to Motion to Compel Response and Responsive Information To Request For Production No. 17 From Romi Mayder and Silicon Test Systems Inc.**<br><br>Date:   October 19, 2007<br>Time:   10:00 a.m.<br>Ctrm.:   2<br>Judge:  Hon. Howard R. Lloyd |

Verigy's motion seeks a form of production that the courts have rejected. The courts reject simply turning over a bit-for-bit copy of one party's hard drive to another.[1] Although production of a bit-for-bit copy of a hard drive is frequently allowed, the requesting party is never permitted direct access to it.[2] The one District Court that did permit direct access was reversed by the 11th Circuit in a writ of mandamus for abusing its discretion.[3]

Courts that have permitted production of a bit-for-bit copy of a hard drive have imposed protocols that protect the producing party's privacy, privileges, and other interests. "The challenge here is to arrange for this effort to be undertaken without undue burdens on defendant, in terms of its business, its relationships with its attorneys, and the privacy of its founders."[4] "For example, a party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents responsive to the party's document requests."[5] The advisory committee note on Rule 34 explains:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.[6]

Courts take seriously their responsibility to protect the confidentiality, privacy, and privileges of producing parties. The protocols they impose generally involve appointing a neutral technical

---

[1] See e.g., *Playboy Enterprises Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999); *Hedenburg v. Aramark Am. Food Servs.*, 2007 U.S. Dist. LEXIS 3443 (W.D. Wash. 2007) (summarizing *Playboy*) *Simon Property Group L.P. v. MySimon Inc.*, 194 F.R.D. 639 (S.D. Ind. 2000) ("*Simon*"); *Ameriwood Industries Inc. v. Liberman*, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3585291 (E.D. Mo. Dec. 27, 2006) ("*Ameriwood*"); *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002); *Balboa Threadworks Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 U.S. Dist. LEXIS 29265, 2006 WL 763668 (D. Kan. 2006) ("*Balboa*")
[2] See Id.
[3] *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)
[4] *Simon*, 194 F.R.D. at 641
[5] *Ameriwood*, 2006 U.S. Dist. LEXIS 93380, 13 (discussing *McCurdy Group v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001) (holding that skepticism concerning whether a party has produced all responsive, non-privileged documents from certain hard drives is an insufficient reason standing alone to warrant production of the hard drives))
[6] Quoted in *Ameriwood*, 2006 U.S. Dist. LEXIS 93380, 7–8

---

Case No. 5:07-cv-04330 (RMW) (HRL)                                    Page 1
Defendants' Opposition to Motion to Compel

expert as a special master to hold the bit-for-bit copy and to conduct all searches. The requesting party submits proposed keywords for searching the drive to the producing party, and the producing party has an opportunity to object to those searches. The special master conducts approved searches and gives the results to the producing party. The producing party then reviews the documents, decides which are responsive to an existing request for production and which are objectionable, logs documents to be withheld based on privilege, applies Bates-numbering and confidentiality designations, and then turns over the remaining documents to the requesting party.

Verigy has acknowledged that the defendants have already created a bit-for-bit copy of the hard drive in question. It also acknowledges the defendants' objections that the drive contains a substantial amount of privileged and personal matter which has no relevance to this lawsuit. The above protocol would allay the defendants' concerns. Unfortunately, Verigy has refused to consider anything short of direct access to the hard drive, which so many courts have rejected.

Verigy's only proposal offers no protection at all. Verigy has suggested that the defendants may delete privileged and private material from the bit-for-bit copy before producing it. Verigy's chief purpose in requesting the drive, however, is to attempt to recover deleted files.[7] Thus, Verigy would immediately resurrect any privileged or private files that are deleted before production. Even the cases cited by Verigy refused to allow direct access for this sort of reason.[8]

The aspersions cast on the character of the defendants and their counsel does not change the analysis. The defendants deny the assertions made in Verigy's motion but will not refute them individually here, since they are irrelevant to the question before the court. Mere allegations that a party has withheld, destroyed, or altered documents do not justify granting direct access to a bit-for-bit copy of a hard drive.[9] Thus, even if the court takes at face value Verigy's contention that

---

[7] See Motion at pages 5–6
[8] *Simon*, 194 F.R.D. 639; *Ameriwood Industries Inc. v. Liberman*, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3585291; See also *Playboy*, 60 F. Supp. 2d 1050
[9] See e.g., *Playboy*, 60 F. Supp. 2d 1050 (a defendant admitted deleting pertinent emails); *McCurdy*, 9 Fed. Appx. at 831 (skepticism whether a party has produced all responsive, non-privileged documents from hard drives does not justify production of the hard drives); *Balboa*, 2006 U.S. Dist. LEXIS 29265, at 3 and 9 (questioning whether direct access was appropriate)

Case No. 5:07-cv-04330 (RMW) (HRL)    Page 2
Defendants' Opposition to Motion to Compel

documents have been withheld, deleted, or altered, it should still impose a protective protocol that shields the bit-for-bit copy from direct access by Verigy.

Verigy offers no reason why the protocol adopted by so many courts would not give it the information it seeks while protecting the defendants' privileges and privacy. The defendants are willing to produce a bit-for-bit copy of the hard drive under a protocol like the one outlined above. This kind of protocol has been adopted by many courts, varying somewhat in the details — such as how to select the special master, the number of searches to be permitted, and allocation of the fees and costs of the special master. The defendants recognize the expedited scheduling concerns in this case due to the imminent hearing on the Verigy's application for a preliminary injunction. The defendants are willing to meet and confer in good faith to resolve such scheduling concerns.

The fees and costs of the special master in this case should be paid by Verigy. The defendants have already responded to each substantive request for production with assistance from their technical expert, who has conducted searches in the same way that the special master would. Verigy acknowledges that the defendants have fully responded to all of its substantive requests for production when it explicitly limits this motion to the issue of direct access to the hard drive. Since the defendants have already produced all documents found that are responsive to the substantive requests for production, Verigy is the only party pushing — unnecessarily, in the defendants' eyes — for production of the bit-for-bit copy. It is therefore appropriate to require Verigy to bear the burden of having a special master.

Dated: October 9, 2007

Mount & Stoelker, P.C.
Daniel H. Fingerman

_____/s/_____
Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC