Daniel S. Mount, Esq. (State Bar No. 77517)
Kathryn G. Spelman, Esq. (State Bar No. 154512)
Dan Fingerman, Esq. (State Bar No. 229683)
Kevin Pasquinelli, Esq. (State Bar No. 246985)
Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:   (408) 998-1473

Attorneys for Defendants Romi Omar Mayder,
Wesley Mayder, Silicon Test Systems, Inc. and
Silicon Test Solutions, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual, WESLEY MAYDER, an individual, SILICON TEST SYSTEMS, INC. a California Corporation, SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Civil Case No.: C07-04330 RMW (HRL)<br><br>**DECLARATION OF THOMAS SCHNECK**<br><br>Date:   November 9, 2007<br>Time:   9:00 a.m.<br>Judge:  Hon. Ronald M. Whyte |

HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY

DOCUMENTS SUBMITTED UNDER SEAL

REDACTED VERSION FOR PUBLIC FILING

Civil Case No. : C07-04330 RMW (HRL)
Declaration of Thomas Schneck

**Attorney Eyes Only**          Declaration of Thomas Schneck          10/9/07
**CONFIDENTIAL**

1. My name is Thomas Schneck. I am a partner in the patent law firm of Schneck & Schneck, 80 South Market Street, 3rd Floor, San Jose, California 95113.

2. I have a B.A. degree in physics from the University of California at Berkeley awarded in 1961. Following graduation, I actively served as an officer in the Air Force from 1962 to 1966.

3. After leaving the Air Force, I worked as a patent engineer for the University of California Lawrence Radiation Laboratory. While working for the Lawrence Laboratory, I attended night law school at Santa Clara University and graduated with a Juris Doctor degree in 1971.

4. I worked as an associate attorney for the firm Rosenblum, Parish and Bacigalupi of San Francisco/Palo Alto (1971-1974) before establishing my own firm.

5. In my years of practice I have written and prosecuted hundreds of patent applications for individual inventors, small enterprises and publicly traded companies.

6. I am admitted to practice before the United States Patent and Trademark Office, the Court of Appeals for the Federal Circuit, and the state and federal courts of California.

7. On or about September 15, 2006, I met with Romi A. Mayder and Robert Pochowski, regarding a new business venture called STS Silicon Test Solutions ("STS"). Our firm undertook representation of STS.

8. At the meeting of September 15, Mr. Mayder represented himself to be the President of STS and Mr. Pochowski represented himself to be Vice President of STS. A copy of a business card given to me by Mr. Pochowski is attached as Exhibit A.

9. At my initial meeting with Mr. Pochowski, or slightly afterwards, I received a document entitled ▮▮▮▮▮▮▮▮▮▮ Mr. Pochowski, attached as Exhibit B. This document also indicates that Mr. Pochowski was submitting the document in his capacity as Vice President of STS.

10. On September 27, 2006 I had email correspondence with Mr. Pochowski regarding details of his inventorship, copy attached as Exhibit C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from Mr. Pochowski's business account, Attest Technologies, Inc. of Cupertino, California.

11. The patent disclosure document mentioned above in paragraph 9 was filed as a provisional patent application on September 28, 2006. A copy of the Patent Office filing receipt is attached as Exhibit D. (The disclosure of Exhibit B, mentioned in paragraph 9, filed as a provisional patent application having the USPTO receipt of Exhibit D will be referred to as "Ex. B/D" hereafter.)

12. In patent law, a provisional application allows document to be rapidly prepared and filed in the Patent Office because few formalities are required. A rapid procedure was requested by Mr. Mayder and Mr. Powchowski in our initial meeting and subsequent communication because confidential information being developed by STS would be shared with potential customers, suppliers, and possibly others. It is our general practice to file provisional applications when needed to provide a priority date for clients to prevent the possible loss or risk of US or foreign patent rights. A provisional patent application generally does not include a full and finalized set of claims. Since a number of the legal requirements for a patent (including determination of proper inventorship and enablement) are made from the perspective of the claims, a final review of such issues is not possible at the time of filing a provisional. The provisional patent application of Ex. B/D has no claims.

13. My understanding of the subject matter of the provisional patent application of Exhibit D was that it related to the proposed initial business of STS. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



14. The practice of our patent law firm is to conduct a novelty search before filing a nonprovisional utility patent application in the USPTO. However in the case of provisional patent applications, the patent application generally must be filed rapidly (e.g. to prevent a statutory bar, to have a filing date before the technology is disclosed to a customer or business partner, or other reasons.) In the case of the provisional patent application of Exhibit D, no pre-filing novelty search was conducted.

attached as Exhibit E ("the utility application").



17. Prior to the filing of both the provisional patent application and the utility application and unknown to me, the USPTO had published patent document number 2006/0170435, copy attached as Exhibit F. The publication date was approximately one month prior to the filing date of the provisional application or August 3, 2006. I have learned of other similar patent publications, namely published patent application 2007/0165469 filed Jan. 17, 2006; U.S. Patents 6,366,112 filed Oct. 9, 2001; 6,300,786 filed Oct. 18, 1999; 6,2346,250 filed May 11, 1998, all in Exhibit F. ("The patent references").

18. The subject matter of the published patent document number 2006/0170435 of Exhibit F relates to a probe card for a wafer tester having one or more programmable FPGA circuits (similar to ASICs) allowing testing of multiple devices with a single prober. Figure 8 of the patent publication shows four devices under test connected to an FPGA which has a serial communication link to a tester. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓s. Designs that are developed with FPGAs are frequently converted to ASICs, and conversely, designs for FPGAs frequently incorporate ASICs within the FPGAs, and so the two types of circuits are equivalent as disclosed. Remarkably, both the published patent document number 2006/0170435 of Exhibit F▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19. It is my opinion that the subject matter of the provisional application of Ex. B/D contains only public domain information and thus cannot constitute a trade secret because the test switching information found in the Ex. B/D document is also found in patent references of Exhibit F.

20. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

~~[redacted]~~

21. I have reviewed the Declaration of Robert Pochowski submitted with the Complaint in Verigy vs. Mayder in the Northern District of California. ~~[redacted]~~ Such processing is well known and has been commercially available for several years but not frequently used except in military applications and sometimes for commercial high speed applications.

22. On information and belief, the Pochowski information ███████████████ ███████████████████████████████████████ ███████████████████████████, were not communicated to our law firm and represent a different apparatus from that disclosed in the provisional patent application of Exhibit D. ███████████████████████████████████
The only technical information communicated to us was in the provisional patent application of Ex. B/D and is more general information and universal than the Pochowski information ███████████████████████████████████████ ███████████████████████████████████ DUT switches were known at the time as shown in the patent references of Exhibit F. ███████ ███████████████████████████████████████ ███████████████████████████████████.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; that I have read this Declaration and know the contents thereof; and, further, that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

_____
Thomas Schneck
Law Offices of Schneck & Schneck

_Oct 9, 2007_____
Date