Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: dmount@mount.com
           kspelman@mount.com
           dfingerman@mount.com
           kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

VERIGY U.S. INC., a Delaware corporation

        Plaintiff,

vs.

ROMI OMAR MAYDER, an individual;
WESLEY MAYDER, an individual;
SILICON TEST SYSTEMS INC., a
California corporation; SILICON TEST
SOLUTIONS LLC, a California limited
liability corporation,

        Defendants.

Case No. 5:07-cv-04330 (RMW) (HRL)

**Defendants' Opposition to Motion to Strike Affirmative Defenses**

Date:          November 9, 2007
Time:          9:00 a.m.
Courtroom:  6
Judge:         Hon. Ronald M. Whyte

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Introduction**

The defendants asserted 18 concise affirmative defenses in their answer to Verigy's complaint.  Consistent with Rule 8 of the Federal Rules of Civil Procedure, the defenses are stated "in short and plain terms" and are calculated to give Verigy fair notice of the asserted defenses.[1]  The federal pleading system requires "a short and plain statement" of such matter.[2]

Verigy's motion to strike is untimely.  The motion was not filed within the time permitted by Rule 12(f).  The motion should therefore be denied on procedural grounds.

Verigy's motion to strike the affirmative defenses appears designed to delay and to drive up the costs of this litigation.  It accuses the concise and standard-form affirmative defense of being insufficient.  Tellingly, Verigy's own lawyers use the same form of pleading in this District in other cases.

In the alternative, if the court does strike some or all of the affirmative defenses, the court should also grant the defendants leave to amend their answer.

**Argument**

**I. The affirmative defenses provide fair notice to Verigy**

Rule 8 sets forth the basic rules for pleading in federal court.  The fundamental requirement imposed by Rule 8 is that all claims of defenses alleged in a pleading shall be set forth in short and plain terms and shall be simple, concise and direct.  The Federal Rules provide for "notice" pleading.  The pleadings need not allege facts constituting the defense.  They need only give fair notice of the defense so that opposing parties can respond, undertake discovery and prepare for trial.[3]  No technical forms of pleading are required.

Claims and defenses arising under state law may be asserted in federal court and are subject to the federal notice pleading standard — not the California Superior Court's heightened fact-pleading standard.[4]

---

[1] Rule 8(b)
[2] *See* Rule 8(a)
[3] *Conley v. Gibson*, (1957) 355 U.S. 41, 47–48
[4] *Taylor v. U.S.*, 821 F.2d 1428, 1432–33 (9th Cir. 1987)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

An affirmative defense must give Verigy "fair notice" of the defense being asserted.[5]  In some cases, merely pleading the name of the affirmative defense may be suffice.  For example, the defense of the statute of limitations can be raised by its bare assertion — e.g., "Plaintiffs' claims are barred by the applicable statute of limitations."[6]  Identification of the particular statute of limitations relied upon is not required as a matter of pleading.[7]

> First, we conclude that the government adequately pleaded the limitation defense in its answer, which reads in part: "Plaintiffs' claims are barred by the applicable statute of limitations."  JA 38.  While this boilerplate language does not cite the specific statute applicable here, it nevertheless satisfies the requirement of Federal Rule of Civil Procedure 8(c) that affirmative defenses be pleaded.  The purpose of that rule is to put opposing parties on notice of affirmative defenses and to afford them the opportunity to respond to the defenses.  [Blonder-Tongue Labs. Inc. v. Univ. of Ill. Foundation, 402 U.S. 313, 350 (1971)].  Thus, while a limitations defense must "be asserted in a responsive pleading," it "need not be articulated with any rigorous degree of specificity,'" and is "'sufficiently raised for purposes of Rule 8 by its bare assertion.'"  *Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 125 (2d Cir. 1991) (quoting *Santos v. District Council of New York City*, 619 F.2d 963, 967 (2d Cir. 1980)) (emphasis in original), cert. denied, 112 S. Ct. 1482 (1992).[8]

Motions to strike are disfavored because they are so often used as delaying tactics, and because of the policy favoring resolution on the merits.[9]

Rule 12(f) motions are proper when a defense is improper as a matter of law.[10]  To prevail on a motion to strike an insufficient defense, plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law, and that the plaintiff would be prejudiced by inclusion of the defense.[11]  Before such a motion can be granted "the court must be

---

[5] *See e.g.*, *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)

[6] *Daingerfield Island Protective Soc. V. Babitt*, 40 F.3d 442, 444 (D.C. Cir. 1994)

[7] *Daingerfield*, 40 F.3d at 444–45

[8] *Daingerfield*, 40 F.3d at 444–45

[9] *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); *RDF Media Ltd. V. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D.Cal. 2005)

[10] *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)

[11] *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004)

1    convinced that there are no questions of fact, and that any questions of law are clear and not in

2    dispute, and that under no set of circumstances could the defense succeed."[12]

3        As with motions to dismiss for failure to state a claim, when ruling on a motion to strike, the

4    court must view the pleading under attack in the light most favorable to the pleader.[13]

5        If this court finds that that any of the affirmative defenses should be stricken on the grounds

6    that they have not been sufficiently pled, Defendants respectfully request leave to file an amended

7    answer and affirmative defenses.

8    **II. Verigy's motion is untimely**

9        Rule 12(f) requires that a motion to strike affirmative defenses be filed "within 20 days after

10   the service of the" answer which contains the affirmative defenses:

> Upon motion made by a party before responding to a pleading or, if no
> responsive pleading is permitted by these rules, upon motion made by a
> party within 20 days after the service of the pleading upon the party …
> the court may order stricken from any pleading any insufficient defense
> or any redundant, immaterial, impertinent, or scandalous matter.[14]

        The defendants asserted counterclaims simultaneously with their answer, in the same

document.[15]  Verigy was required to file a responsive pleading to those counterclaims within 20

days.[16]

        The defendants electronically filed their answer on September 13, 2007 (Docket No. 34).  The

answer was served upon Verigy's counsel on that date.[17]  The 20th day after September 13 was

Wednesday, October 3, 2007.  Verigy did timely file an answer to the defendants' counterclaims on

that date.  Verigy failed to file its motion to strike until Thursday October 4, however.

        Since Verigy failed to file its motion to strike within the time permitted by Rule 12(f), the

court should decline to consider it.  This untimely motion should be denied in its entirety.

---

[12] *Systems Corp. v. American Telephone & Telegraph Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973); *SEC v. Stands*, 902 F. Supp. 1149, 1165 (C.D.Cal. 1995)

[13] *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D.Cal. 2000)

[14] Rule 12(f)

[15] *See* Rule 13

[16] Rule 12(a)(2)

[17] *See* Civil L.R. 5-5(b) and N.D.Cal. General Order 45 at § IV.A.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

### III. Verigy's counsel has acknowledged the appropriateness of the asserted defenses

Verigy's counsel of record, Bergeson LLP, has acknowledged in other actions in this District that the form of pleading used by the defendants is appropriate.  Bergeson has asserted affirmative defenses in at least three other cases in this District that are substantially identical in form to the defenses that Verigy now accuses of being insufficient.[18]

In *DBA Infopower Inc. v. Tal Lavian*, Bergeson filed an answer with affirmative defenses on behalf of Tal Lavian.[19]  That answer asserted the following affirmative defenses that are substantially identical in form to the defenses that Verigy attacks:

> (1) Each and every cause of action of the Complaint fails to allege facts sufficient to state a cause of action against Lavian.
>
> (2) Lavian is informed and believes, and upon such information and belief alleges, that if DBA has sustained, or will sustain, any of the injuries, losses or damages described in its Complaint, which Lavian denies, then such injuries, losses or damages were caused solely or in part by the failure of DBA to take reasonable steps available to it to mitigate such damage, and to the extent that any such injuries, losses or damages proven by DBA were caused by DBA's own failure to take reasonable steps available to it to mitigate such damages, they shall not be recoverable against Lavian.
>
> (3) Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's acquiescence.
>
> (4) Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's knowing and voluntary waiver of any obligations or liabilities of Lavian.
>
> (5) Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by DBA's failure to perform or satisfy some or all of the conditions precedent to any further obligations of Lavian under the alleged contracts or agreements, if any they were.
>
> (6) Lavian is informed and believes, and upon such information and belief alleges, that Lavian's actions are excused.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[18] Lu Declaration at ¶¶ 2–5 and Exhibits A–C
[19] Lu Declaration Exhibit C

1    (7) Lavian is informed and believes, and upon such information and
2    belief alleges, that the Complaint, and each cause of action contained
     therein, is barred by the doctrine of estoppel.

3    (8) Lavian is informed and believes, and upon such information and
4    belief alleges, that DBA has been guilty of inequitable conduct with
     respect to the matters alleged in the Complaint, and such inequitable
5    conduct shall absolutely bar DBA's recovery under the equitable
     doctrine of unclean hands.

6    (9) Lavian was justified in doing any and/or all of the acts alleged in
7    the Complaint.

8    (10) Lavian is informed and believes, and upon such information and
9    belief alleges, that the Complaint, and each alleged cause of action
     therein, is absolutely barred by failure of consideration.

10   (11) Lavian is informed and believes, and upon such information and
11   belief alleges, that the Complaint, and each alleged cause of action
     therein, is absolutely barred by a lack of consideration.

12   (12) Each and every cause of action of the Complaint should be
13   dismissed for lack of subject matter jurisdiction.

14   (13) Each and every cause of action of the Complaint is barred by 35
     U.S.C. Section 261.[20]

15        In *Advanced Micro Devices Inc. v. Oki America Inc.*,[21] Bergeson filed an answer with
16
17   affirmative defenses on behalf of Oki America.  That answer was signed by Melinda M. Morton, the
18   same individual attorney who electronically Verigy's motion to strike.  That answer asserted the
19   following affirmative defenses that are substantially identical in form to the defenses that Verigy
20   attacks:

21        (1) Personal jurisdiction is lacking as to Oki Electric and Oki Data.

22        (2) Venue is improper as to Oki Electric and Oki Data.

23        (3) Oki did not infringe any asserted claim of any of the patents that
24        AMD has asserted it or otherwise violate [sic] AMD's rights under such
          patents.

25        (4) Each of the patents that AMD has asserted against Oki is invalid for
26        failure to satisfy the conditions of patentability under the patent laws of
          the United States, including 35 U.S.C. §§ 101–103 and 112.

27
28   [20] Lu Declaration Exhibit C at 4–6
     [21] Lu Declaration Exhibit B

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

(5) The statute of limitations has run on any claim regarding acts committed more than six years prior to the date on which the claims were filed.

(6) AMD's claims for relief are barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patents.[22]

In *Unither Pharma Inc. v. Herbalife International Inc.*, Bergeson filed an answer with affirmative defenses on behalf of Herbalife.[23]  That answer asserted the following affirmative defenses that are substantially identical in form to the defenses that Verigy attacks:

(1) U.S. Patent No. 6,646,006 ("the '006 Patent") is invalid for non-compliance with requirements for the issuance of valid patents under the Patent Act of 1952, as amended, including the requirements of one or more of 35 U.S.C. §§ 102, 103, 112, 120, or 132.

(4) Plaintiff's claims are barred, in whole or in part, by plaintiff's unclean hands.[24]

## IV. If the court strikes any defense, it should grant leave to amend

If the court grants any portion of Verigy's motion and strikes one or more defenses, it should grant the defendants leave to amend their answer.  "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party."[25]  This litigation is still young, having commenced less than two months ago.  Thus, Verigy will suffer no prejudice if the defendants are granted liberal leave to amend their answer.

## Conclusion

The defendants concisely stated their affirmative defenses in a way that gives Verigy fair notice of the defenses being asserted.  This complies with the federal pleading requirements in the Federal Rules of Civil Procedure.  Verigy's own counsel has acknowledged in other cases that the form of pleading used here is appropriate.

---

[22] Lu Declaration Exhibit B at 4
[23] Lu Declaration Exhibit A
[24] Lu Declaration Exhibit A at 2–3
[25] *Qarbon.com*, 315 F. Supp. 2d at 1049 (citing *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979))

1    Verigy's untimely motion fails to justify striking the defenses.  The motion should be denied

2    on its merits as well as for its untimeliness.  If the court does strike one or more defenses, however,

3    the defendants request leave to amend their answer.

4

5    Dated: October 19, 2007          Mount & Stoelker, P.C.
                                      Daniel H. Fingerman
6
                                      _____/s/_____
7                                     Attorneys for Defendants Romi Mayder, Wesley Mayder,
                                      Silicon Test Systems Inc., and Silicon Test Solutions LLC
8

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000