Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
          kspelman@mount.com
          dfingerman@mount.com
          kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court

Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Declaration of On Lu in Support of Defendants' Opposition to Motion to Strike Affirmative Defenses** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Date:         November 9, 2007<br>Time:        9:00 a.m.<br>Courtroom:  6<br>Judge:       Hon. Ronald M. Whyte |
| Defendants. | |

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1    I, On Lu, declare as follows:

2        1.    I am an attorney with the law firm of Mount & Stoelker, P.C., counsel for Defendants

3    Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC.  I

4    have personal knowledge of the facts set forth in this declaration and, if called upon to testify in this

5    Court as to those facts, my testimony would be as stated herein.

6        2.    On October 5, 2007, I downloaded from LexisNexis® Courtlink®, three Answers that

7    were filed by Bergeson, LLP ("Bergeson").  These Answers include affirmative defenses and

8    appeared to be filed in response to complaints against defendants being represented by Bergeson,

9    LLP.

10       3.    Attached hereto as Exhibit A is a true and accurate copy of the "Answer and

11   Counterclaims," filed on behalf of Herbalife International, Inc. in the matter of Unither Pharma, Inc.

12   and The Board of Trustees of the Leland Stanford Junior University v. Herbalife International, Inc.,

13   Case No. C-03-5090 JW (N.D.Cal.).

14       4.    Attached hereto as Exhibit B is a true and accurate copy of the "Answer to First

15   Amended Complaint for Patent Infringement and Declaratory Judgment of Invalidity and

16   Noninfringement," filed on behalf of Oki America, Inc. *et al.*, in the matter of Advanced Micro

17   Devices, Inc. v. Oki America, Inc., Oki Electric Industry Co., Ltd., Oki Data Corporation, and Oki

18   Data Americas, Inc., Case No. C-04-03759-EMC (N.D.Cal.).

19       5.    Attached hereto as Exhibit C is a true and accurate copy of the "Tal Lavian's Answer

20   to Complaint of DBA Infopower, Inc. and Counterclaim for: (1) Breach of Contract; (2) Quantum

21   Meruit; (3) Unjust Enrichment; and (4) Promissory Estoppel," filed on behalf of Tal Lavian in the

22   matter of DBA Infopower, Inc. v. Tal Lavian, Case No. C-05-3320-MEJ (N.D.Cal.).

23       I declare under penalty of perjury under the laws of the United States that the foregoing is true

24   and correct and that this declaration was executed on the date below at San Jose, California.

25

26   Dated: October 19, 2007

27                                          On Lu

28

MOUNT & STOELKER, P.C.
RIVER PARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

# Exhibit A

Daniel J. Bergeson (Bar No. 105439)
Stephen D. Rockwell (Bar No. 196976)
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110
Telephone:  (408) 291-6200
Facsimile:  (408) 297-6000

Laura A. Coruzzi
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

James W. Dabney
Stephen S. Rabinowitz
FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000

Attorneys for Defendant
Herbalife International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITHER PHARMA, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>                              Plaintiffs,<br><br>       v.<br><br>HERBALIFE INTERNATIONAL, INC.<br><br>                              Defendant. | Case No. C03-5090 JW<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Herbalife International, Inc. ("Herbalife"), by its attorneys, for its answer to the Complaint:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Admits that the Court has subject matter jurisdiction to hear this action, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Admits that the Court has jurisdiction over the person of Herbalife for purposes of this action, and except as so admitted denies the allegations of paragraph 5.

6. Admits that venue is proper in this Court, and except as so admitted denies the allegations of paragraph 6.

7. Admits that a copy of U.S. Patent No. 6,646,006 is attached as Exhibit A to the Complaint, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies the allegations of paragraph 10.

## **FIRST CAUSE OF ACTION**

11. Paragraphs 1-10, above, are re-alleged and incorporated by reference as if set forth in full.

12. Denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13.

14. Denies the allegations of paragraph 14.

15.     Denies the allegations of paragraph 15.

## SECOND CAUSE OF ACTION

16.     Paragraphs 1-15, above, are re-alleged and incorporated by reference as if set forth in full.

17.     Admits that a copy of U.S. Patent Application No. 10/060,252 is attached as Exhibit B to the Complaint, and except as so admitted denies the allegations of paragraph 17.

18.     Denies the allegations of paragraph 18.

19.     Denies the allegations of paragraph 19.

20.     Denies the allegations of paragraph 20.

21.     Denies the allegations of paragraph 21.

## FIRST AFFIRMATIVE DEFENSE

22.     U.S. Patent No. 6,646,006 ("the '006 Patent") is invalid for non-compliance with requirements for the issuance of valid patents under the Patent Act of 1952, as amended, including the requirements of one or more of 35 U.S.C. §§ 102, 103, 112, 120, or 132.

## SECOND AFFIRMATIVE DEFENSE

23.     During the prosecution of the '006 Patent, the plaintiffs, through patent counsel, had actual knowledge of a printed publication in the United States entitled "Life Extension" by Durk Pearson and Sandy Shaw (hereinafter, the "Pearson Reference").

24.     During the prosecution of the '006 Patent, the plaintiffs, through patent counsel, had actual knowledge that Chapter 7, pages 465 and 468 of the Pearson Reference, and Appendix G, pages 611-12 of the Pearson Reference, described a composition comprising L-arginine and calcium whose pre-existence was highly material to the patentability of what plaintiffs now characterize as subject matter recited in one or more claims of the application that matured into the '006 Patent.

25.     Despite plaintiffs' knowledge, through patent counsel, of the Pearson Reference and its published description of a powder, suitable for oral administration, comprising L-arginine and calcium, and despite plaintiffs' contention, in this case, that one or more claims of the '006 Patent assertedly cover a composition comprising L-arginine and calcium, plaintiffs deliberately

withheld from the United States Patent and Trademark Office ("USPTO"), during the

prosecution of the '006 Patent, those portions of the Pearson Reference that described such a

composition.

26.     Plaintiffs submitted Chapter 5 of the Pearson Reference to the USPTO, whose

contents were of little or no relevance to the patentability of subject matter claimed in the '006

Patent, but not the highly material pages 465 and 468 from Chapter 7 or pages 611-612 from

Appendix G of the Pearson Reference.  In July 2003, plaintiffs submitted a supplemental

Information Disclosure Statement to the USPTO and even then, plaintiffs withheld the most

pertinent portions of the Pearson Reference despite those portions having been specifically called

to plaintiffs' patent counsel's attention by no later than June 2003, when plaintiffs were served

with motion papers for summary judgment in Unither Pharma, Inc. v. Daily Wellness Co.,

No. 02-5284, currently pending in this United States District Court for the Northern District of

California.

27.     Upon information and belief, one or both plaintiffs acted with deceptive intent in

withholding from the USPTO those portions of the Pearson Reference that were highly material

to the patentability of what plaintiffs now characterize as subject matter recited in one or more

claims of the '006 Patent, while submitting less relevant portions of the Pearson Reference to the

USPTO.

28.     Upon information and belief, plaintiffs withheld highly material portions of the

Pearson Reference for the purpose, and with the effect, of deceiving the USPTO into allowing

claims that, if given the construction plaintiffs now propose, likely would have been rejected if

pertinent portions of the Pearson Reference had been cited to the USPTO.

29.     Plaintiffs' claims in this action are barred by 35 U.S.C. §§ 253 and 288.

## THIRD AFFIRMATIVE DEFENSE

30.     The '006 Patent was procured by means of inequitable conduct, and is

unenforceable, as set forth in paragraphs 23-28 above.

## FOURTH AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

32.    Plaintiffs' claims are barred by estoppel, including one or more "file wrapper" estoppels arising from admissions and representations made in order to induce the grant of a patent on subject matter described in the '006 Patent.

**COUNTERCLAIMS**

Herbalife International, Inc. ("Herbalife"), by its attorneys, as and for its counterclaims in this action alleges:

33.    Herbalife is a Nevada corporation with its principal place of business at 1800 Century Park East, Los Angeles, California.

34.    Upon information and belief, counterclaim defendant Unither Pharma, Inc. ("Unither") is a Delaware corporation with its principal place of business in Silver Spring, Maryland.

35.    Upon information and belief, counterclaim defendant The Board of Trustees of the Leland Stanford Junior University ("Stanford") is a body having corporate powers in Stanford, California.

36.    These counterclaims arise under the Patent Act of 1952, 35 U.S.C. §§ 1 et seq., the Declaratory Judgments Act, 28 U.S.C. §§ 2201-02, and the California Business & Professions Code, Cal. Bus. & Prof. Code §§ 17200-203.

36.    The Court has subject matter jurisdiction to hear these counterclaim under 28 U.S.C. §§1331, 1338(a), and 1367.

**FIRST COUNTERCLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement and Invalidity)

37.    On or about November 17, 2003, counterclaim defendants accused Herbalife of infringing the '006 Patent.

38.    Herbalife denies that it has infringed the '006 Patent.

39.    An actual controversy exists between Herbalife and counterclaim defendants with regard to whether Herbalife has infringed the '006 Patent.

40.     Herbalife is entitled to judgment declaring that it has not infringed any valid or enforceable claim of the '006 Patent, and that the '006 Patent and all asserted claims thereof are invalid and unenforceable.

## SECOND COUNTERCLAIM FOR RELIEF

(Violation of Cal. Bus. & Prof. Code § 17200)

41.     Paragraphs 22-40, above, are re-alleged and incorporated by reference as if set forth in full.

42.     Plaintiffs procured by '006 Patent by means of knowing and willful fraud as described in paragraphs 22-28, above.

43.     Upon information and belief, the USPTO relied on, and was misled by, plaintiffs' deceptive submission of irrelevant portions of the Pearson Reference, in view of plaintiff's legal duty to disclose all material prior art of which they were aware.

44.     Upon information and belief, the '006 Patent would not have issued in its present form but for plaintiffs' deliberate withholding of prior art describing each and every element of what plaintiffs now assert is subject matter recited in one or more claims of the '006 Patent.

45.     Upon information and belief, plaintiffs have used the '006 Patent (a) to raise their rivals' costs; (b) to attempt to exclude lawful competition in the sale of dietary supplements in the State of California, and (c) to extract monies from California consumers under color of false and invalid claims made in the '006 Patent.

46.     Defendants are liable to plaintiffs and to California consumers, jointly and severally, for violation of Cal. Bus. & Prof. Code § 17200.

WHEREFORE, Herbalife prays that the Court:

(i)     dismiss the Complaint with prejudice;

(ii)    declare, adjudge, and decree that Herbalife has not infringed any valid or enforceable claim of the '006 Patent;

(iii)   declare, adjudge, and decree that the '006 Patent was procured by inequitable conduct and is unenforceable; and

1      (iv)    declare, adjudge, and decree that the asserted claims of the '006 Patent are invalid

2 under one or more of 35 U.S.C. §§ 102, 103, 112, 120, and 132;

3      (v)    declare, adjudge, and decree that plaintiffs' claims in this action are barred by

4 35 U.S.C. §§ 253 and 288;

5      (vi)    declare, adjudge, and decree that plaintiffs' claims in this action are barred by

6 plaintiffs' unclean hands;

7      (vii)    issue preliminary and permanent injunctions against plaintiffs' assertion of the

8 '006 Patent;

9      (viii)    order plaintiffs to offer refunds and disgorge monies extracted from California

10 consumers by means of unfair, unlawful, or fraudulent business acts in violation of Cal. Bus. &

11 Prof. Code § 17200;

12      (ix)    award Herbalife its costs, disbursements, and attorneys' fees incurred in this

13 action; and

14      (x)    award Herbalife such other and further relief as the Court may deem just and

15 proper.

16

17 Dated:  January 12, 2003                 BERGESON, LLP
                                      Daniel J. Bergeson

18
                                 JONES DAY

19                                      Laura A. Coruzzi

20                               FRIED, FRANK, HARRIS, SHRIVER &
                               JACOBSON LLP

21                                        James W. Dabney
                                      Stephen S. Rabinowitz

22

23                               By:_____/s/_____

24                                     Daniel J. Bergeson

25                               Attorneys for Defendant and Counterclaim
                               Plaintiff, Herbalife International, Inc.

26

27

28

# Exhibit B

DANIEL J. BERGESON, State Bar No. 105439
MELINDA M. MORTON, State Bar No. 209373
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

MARK C. HANSEN
J.C. ROZENDAAL
KELLOGG, HUBER, HANSEN, TODD & EVANS, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:   (202) 326-7999

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OKI AMERICA, INC., OKI ELECTRIC INDUSTRY CO., LTD., OKI DATA CORPORATION, and OKI DATA AMERICAS, INC. <br><br> Defendants. | Civil Action No. C 04-03759-EMC <br><br> **ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT** |

1    Defendants Oki America, Inc. ("Oki America"), Oki Electric Industry Co., Ltd. ("Oki

2  Electric"), Oki Data Corporation ("Oki Data"), and Oki Data Americas, Inc. ("Oki Data

3  Americas") (said defendants hereinafter collectively referred to as "Oki") reply to Plaintiff

4  Advanced Micro Devices, Inc.'s ("AMD") First Amended Complaint for Patent Infringement and

5  Declaratory Judgment of Invalidity and Noninfringement herein as follows:

6    1.    Admitted.

7    2.    Admitted.

8    3.    Admitted.

9    4.    Admitted.

10    5.    Admitted.

11    6.    Admitted.

12    7.    Denied, except that it is admitted that the Court has subject matter jurisdiction of

13  the action and personal jurisdiction over Oki America and Oki Data Americas.

14    8.    Denied, except that it is admitted that Oki America resides in this district, that Oki

15  Data Americas does business in this district, and that Oki Electric and Oki Data are nonresident

16  aliens.

17    9.    Denied as to Oki Electric and Oki Data.

18    10.    Oki incorporates by reference its answers to paragraphs 1-9.

19    11.    Oki is without knowledge or information sufficient to form a belief as to the truth

20  of the allegations of this paragraph and therefore denies them, except that Oki admits that the

21  name of the inventor, title, and issuance date shown on the first page of the patent correspond to

22  those that AMD stated.

23    12.    Denied, except that Oki admits that one or more of the defendants have imported

24  into the United States, or offered for sale or sold in the United States, the following devices:

25  M51V18165D-60J, MD56V62800-10, M51V18165D-50J, and M5117400A-60SJ.

26    13.    Denied.

27    14.    Denied.

28    15.    Oki incorporates by reference its answers to paragraphs 1-9.

- 1 -

16.     Oki is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them, except that Oki admits that the name of the inventor, title, and issuance date shown on the first page of the patent correspond to those that AMD stated.

17.     Denied, except that Oki admits that that one or more of the defendants have imported into the United States, or offered for sale or sold in the United States, the following devices: M5117400A-60SJ.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Oki incorporates by reference its answers to paragraphs 1-9.

22.     Oki is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them, except that Oki admits that the name of the inventor, title, and issuance date shown on the first page of the patent correspond to those that AMD stated.

23.     Denied, except that Oki admits that that one or more of the defendants have imported into the United States, or offered for sale or sold in the United States, the following devices: M51V18165D-60J and MD56V62800-10.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Oki incorporates by reference its answers to paragraphs 1-9.

28.     Oki is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them, except that Oki admits that the name of the inventor, title, and issuance date shown on the first page of the patent correspond to those that AMD stated.

29.     Denied, except that Oki admits that that one or more of the defendants have imported into the United States, or offered for sale or sold in the United States ML671000 devices.

1        30.     Denied.

2        31.     Denied.

3        32.     Denied.

4        33.     Oki incorporates by reference its answers to paragraphs 1-9.

5        34.     Oki is without knowledge or information sufficient to form a belief as to the truth

6 of the allegations of this paragraph and therefore denies them, except that Oki admits that the

7 name of the inventor, title, and issuance date shown on the first page of the patent correspond to

8 those that AMD stated.

9        35.     Denied, except that Oki admits that that one or more of the defendants have

10 imported into the United States, or offered for sale or sold in the United States, the following

11 devices:   ML671000,  ML674000,  ML674001,  ML67Q4002,  ML67Q4003,  ML675001,

12 ML67Q5002, ML675200, and ML67Q5200.

13        36.     Denied.

14        37.     Denied.

15        38.     Denied.

16        39.     Oki incorporates by reference its answers to paragraphs 1-9.

17        40.     Admitted.

18        41.     Admitted.

19        42.     Denied.

20        43.     Denied.

21        44.     Denied.

22        45.     Oki incorporates by reference its answers to paragraphs 1-9.

23        46.     Admitted.

24        47.     Admitted.

25        48.     Denied.

26        49.     Denied.

27                      **AFFIRMATIVE DEFENSES**

28        Oki asserts the following affirmative defenses against the foregoing claims:

1    50.    Personal jurisdiction is lacking as to Oki Electric and Oki Data.

2    51.    Venue is improper as to Oki Electric and Oki Data.

3    52.    Oki did not infringe any asserted claim of any of the patents that AMD has asserted

4    against it or otherwise violate AMD's rights under such patents.

5    53.    Each of the patents that AMD has asserted against Oki is invalid for failure to

6    satisfy the conditions of patentability under the patent laws of the United States, including 35

7    U.S.C. §§ 101-103 and 112.

8

9    54.    The statute of limitations has run on any claim regarding acts committed more than

10   six years prior to the date on which the claims were filed.

11   55.    AMD's claims for relief are barred in whole or in part by laches, waiver, estoppel,

12   and acquiescence due to its inaction in timely asserting the patents.

13

14   56.    AMD is estopped from construing or interpreting the claims to cover any acts or

15   products of the defendants by reason of the proceedings in the United States Patent and Trade-

16   mark Office ("PTO") during prosecution of the applications upon which the patents issued and

17   the admissions and representations made therein to the PTO on behalf of the applicants.

18   57.    AMD has failed consistently and continuously to mark substantially all of the

19   patented products made by it or under its authority with the applicable patent numbers, as

20   provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

21

22   58.    In regard to any products imported into the United States and allegedly made by

23   processes patented in AMD's patents in suit, said products were materially changed by

24   subsequent processing before such importation or became a trivial and nonessential component of

25   another product before such importation.

26

27

28

- 4 -

1  To the extent, if any, that any of defendants' products fall within the scope of any claims of

2  AMD's patents, the defendants' products operate in a different way from any invention of AMD

3  and they do not utilize any advantage or principle of such invention.

4

5  Dated: October 22, 2004

                                      DANIEL J. BERGESON

6                                        MELINDA M. MORTON

                                      BERGESON, LLP

7

8                                        By:_____

9                                          Melinda M. Morton

                                      Attorneys for Defendants

10                                        OKI AMERICA, INC. *et al.*

11                                      KELLOGG, HUBER, HANSEN, TODD & EVANS,

                                      PLLC

12                                        Sumner Square

                                      1615 M Street, NW, Suite 400

13                                        Washington, DC 20036

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

# Exhibit C

1   DANIEL J. BERGESON, State Bar No. 105439
    INA STANGENES, State Bar No. 156559
2   MELINDA M. MORTON, State Bar No. 209373
    BERGESON, LLP
3   303 Almaden Boulevard, Suite 500
    San Jose, CA 95110-2712
4   Telephone: (408) 291-6200
    Facsimile: (408) 297-6000
5   dbergeson@be-law.com
    istangenes@be-law.com
6   mmorton@be-law.com

7

8   Attorneys for Defendant
    TAL LAVIAN

9

10

11              UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| 14 | DBA INFOPOWER, INC., | Case No. C-05-3320-MEJ |
|----|---|---|
| 15 | Plaintiff, | **TAL LAVIAN'S ANSWER TO** |
| 16 | vs. | **COMPLAINT OF DBA INFOPOWER, INC. AND COUNTERCLAIM FOR:** |
| 17 | | **1. BREACH OF CONTRACT** **2. QUANTUM MERUIT** **3. UNJUST ENRICHMENT** |
| 18 | TAL LAVIAN, | **4. PROMISSORY ESTOPPEL** |
| 19 | Defendant. | Complaint Filed:   August 15, 2005 |
| 20 | | Trial Date Set:   None Set |
| 21 | TAL LAVIAN, | |
| 22 | Counter-Claimant, | |
| 23 | vs. | |
| 24 | | |
| 25 | DBA INFOPOWER, INC., | |
| 26 | Counter-Defendant. | |
| 27 | | |

28

1       Defendant Tal Lavian ("Lavian") hereby answers Plaintiff DBA InfoPower, Inc.'s

2  ("DBA") Complaint (the "Complaint") herein as follows:

3                               **THE PARTIES**

4       1.     Lavian lacks sufficient knowledge and information to either admit or deny the

5  allegations contained in Paragraph 1 of the Complaint, except that on information and belief,

6  Lavian admits that DBA is a California corporation with its principal place of business in Santa

7  Clara, California.

8       2.     Lavian admits the allegations in Paragraph 2 of the Complaint.

9                      **JURISDICTION AND VENUE**

10      3.     Lavian admits that the Complaint purports to state a cause of action under 28

11  U.S.C. §§ 2201 and 2202 and that Lavian resides in the district.  Except as expressly admitted

12  herein, Lavian denies each and every remaining allegation contained in Paragraph 3 of the

13  Complaint.

14                    **GENERAL ALLEGATIONS**

15      4.     Lavian denies each and every allegation contained in Paragraph 4 of the Complaint.

16      5.     Lavian denies each and every allegation contained in Paragraph 5 of the Complaint.

17      6.     Lavian denies each and every allegation contained in Paragraph 6 of the Complaint.

18      7.     Lavian is without knowledge or information sufficient to form a belief as to the

19  truth of the allegations of Paragraph 7 and, on that basis, denies each and every allegation therein.

20      8.     Lavian is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations of Paragraph 8 and, on that basis, denies each and every allegation therein.

22      9.     Lavian is without knowledge or information sufficient to form a belief as to the

23  truth of the allegations of Paragraph 9 and, on that basis, denies each and every allegation therein.

24     10.    Lavian admits the allegations in Paragraph 10 of the Complaint.

25     11.    Lavian admits that Ron Warshawsky ("Warshawsky") is a founder of DBA, a

26  member of its Board of Directors, and its Chief Technology Officer and that Warshawsky's

27  responsibilities include the development of DBA's intellectual property.  Except as expressly

28

**ANSWER TO COMPLAINT AND COUNTERCLAIM**
**C-05-3320-MEJ**

1    admitted herein, Lavian denies each and every allegation contained in Paragraph 11 of the

2    Complaint.

3        12.     Lavian admits that a patent attorney would ultimately be responsible for finalizing

4    and filing patent applications (but not the provisional patent application) with the United States

5    Patent and Trademark Office.  Except as expressly admitted herein, Lavian denies each and every

6    allegation in paragraph 12 of the Complaint.

7        13.     Lavian denies each and every allegation in paragraph 13 of the Complaint.

8        14.     Lavian admits that he traveled to Israel in June, 2005, that Warshawsky and Lavian

9    were listed as co-inventors on the provisional patent application (the "provisional patent

10    application") filed with the United States Patent and Trademark Office (the "U.S.P.T.O."), and

11    that Lavian did not inform DBA that he had filed the provisional patent application.  Except as

12    expressly admitted herein, Lavian denies each and every remaining allegation contained in

13    paragraph 14 of the Complaint.

14        15.     Lavian is without knowledge or information sufficient to form a belief as to the

15    truth of the allegations of Paragraph 15 and, on that basis, denies each and every allegation

16    therein, except that Lavian admits that he has not agreed to remove himself as a co-inventor and

17    has not assigned his rights in the provisional patent application to DBA.

18                                 **COUNT 1**
<br>              **(Declaratory Judgment of DBA Ownership)**

19

20        16.     Lavian incorporates by reference his answers to paragraphs 1 through 15.

21        17.     Lavian admits the allegations in Paragraph 17 of the Complaint.

22        18.     Lavian denies each and every allegation in paragraph 18 of the Complaint.

23        19.     Lavian denies each and every allegation in Paragraph 19 of the Complaint.

24        20.     Lavian admits the allegations in Paragraph 20 of the Complaint.

25        21.     Lavian admits the allegations in Paragraph 21 of the Complaint.

26        22.     Lavian is without knowledge or information sufficient to form a belief as to the

27    truth of the allegations of Paragraph 22 and, on that basis, denies each and every allegation

28    therein.

- 2 -

Case 4:05-cv-04330-CW   Document 6-2   Filed 09/27/2005   Page 22 of 30

## COUNT II
### (Breach of Contract)

23.    Lavian incorporates by reference his answers to paragraphs 1 through 22.

24.    Lavian denies each and every allegation in Paragraph 24 of the Complaint.

25.    Lavian denies each and every allegation in Paragraph 25 of the Complaint.

## COUNT III
### (Conversion)

26.    Lavian incorporates by reference his answers to paragraphs 1 through 25.

27.    Lavian denies each and every allegation in Paragraph 27 of the Complaint.

28.    Lavian denies each and every allegation in Paragraph 28 of the Complaint.

## COUNT IV
### (Fraud)

29.    Lavian incorporates by reference his answers to paragraphs 1 through 28.

30.    Lavian admits that he agreed to maintain the confidentiality of DBA's intellectual property except to the extent disclosure was required by the U.S.P.T.O. Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in Paragraph 30 of the Complaint.

31.    Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, on that basis, denies each and every allegation contained therein.

32.    Lavian admits that he is listed as a co-inventor on the provisional patent application and that he filed the provisional patent application with the U.S.P.T.O. Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in Paragraph 32 of the Complaint.

33.    Lavian denies each and every allegation in Paragraph 33 of the Complaint.

34.    Lavian denies each and every allegation in Paragraph 34 of the Complaint.

- 3 -

1

## **PRAYER FOR RELIEF**

2   Lavian denies that plaintiff is entitled to any of the relief for which it prays as to any cause

3   of action.

4   Lavian instead requests that the Court award him attorneys' fees and costs, and such other

5   further relief as this Court deems proper.

6   ## **AFFIRMATIVE DEFENSES**

7   Lavian also asserts the following affirmative defenses without assuming the burden of

8   proof for such where the burden is not, by law, upon him.

9

10   ## **FIRST AFFIRMATIVE DEFENSE**
     (Failure to State a Cause of Action)

11

12   Each and every cause of action of the Complaint fails to allege facts sufficient to state a

13   cause of action against Lavian.

14   ## **SECOND AFFIRMATIVE DEFENSE**
     (Failure to Mitigate Damages)

15

16   Lavian is informed and believes, and upon such information and belief alleges, that if DBA

17   has sustained, or will sustain, any of the injuries, losses or damages described in its Complaint,

18   which Lavian denies, then such injuries, losses or damages were caused solely or in part by the

19   failure of DBA to take reasonable steps available to it to mitigate such damage, and to the extent

20   that any such injuries, losses or damages proven by DBA were caused by DBA's own failure to

21   take reasonable steps available to it to mitigate such damages, they shall not be recoverable against

22   Lavian.

23   ## **THIRD AFFIRMATIVE DEFENSE**
     (Acquiescence)

24

25   Lavian is informed and believes, and upon such information and belief alleges, that the

26   Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's

27   acquiescence.

28

1

2

**FOURTH AFFIRMATIVE DEFENSE**
(Waiver)

3   Lavian is informed and believes, and upon such information and belief alleges, that the

4   Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's

5   knowing and voluntary waiver of any obligations or liabilities of Lavian.

6

7

**FIFTH AFFIRMATIVE DEFENSE**
(Failure of Performance)

8   Lavian is informed and believes, and upon such information and belief alleges, that the

9   Complaint, and each alleged cause of action therein, is absolutely barred by DBA's failure to

10  perform or satisfy some or all of the conditions precedent to any further obligations of Lavian

11  under the alleged contracts or agreements, if any there were.

12

13

**SIXTH AFFIRMATIVE DEFENSE**
(Excuse)

14  Lavian is informed and believes, and upon such information and belief alleges, that

15  Lavian' actions are excused.

16

17

**SEVENTH AFFIRMATIVE DEFENSE**
(Estoppel)

18  Lavian is informed and believes, and upon such information and belief alleges, that the

19  Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

20

21

**EIGHTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

22  Lavian is informed and believes, and upon such information and belief alleges, that DBA

23  has been guilty of inequitable conduct with respect to the matters alleged in the Complaint, and

24  such inequitable conduct shall absolutely bar DBA's recovery herein under the equitable doctrine

25  of unclean hands.

26

27

**NINTH AFFIRMATIVE DEFENSE**
(Justification)

28  Lavian was justified in doing any and/or all of the acts alleged in the Complaint.

- 5 -

1    **TENTH AFFIRMATIVE DEFENSE**
(Failure of Consideration)
2        Lavian is informed and believes, and upon such information and belief alleges, that the

3    Complaint, and each alleged cause of action therein, is absolutely barred by failure of

4    consideration.

5

6    **ELEVENTH AFFIRMATIVE DEFENSE**
(Lack of Consideration)

7        Lavian is informed and believes, and upon such information and belief alleges, that the

8    Complaint, and each alleged cause of action therein, is absolutely barred by a lack of

9    consideration.

10

11    **TWELFTH AFFIRMATIVE DEFENSE**
(Lack of Subject Matter Jurisdiction)

12        Each and every cause of action of the Complaint should be dismissed for lack of subject

13    matter jurisdiction.

14

15    **THIRTEENTH AFFIRMATIVE DEFENSE**
(Invalidity)

16        Each and every cause of action of the Complaint is barred by 35 U.S.C. Section 261.

17    **COUNTER-CLAIM**

18        Counter-claimant Tal Lavian ("Lavian"), for his counter-claim against DBA InfoPower,

19    Inc. ("DBA"), alleges as follows:

20        1.      Lavian is, and at all relevant times has been, an individual residing in Sunnyvale,

21    California.

22        2.      Lavian is informed and believes, and thereon alleges that DBA is, and at all times

23    relevant times has been, a corporation duly organized and existing under the laws of the State of

24    California, with its principal place of business in Santa Clara, California.

25        3.      In or about June, 2004, Ron Warshawsky ("Warshawsky"), who at the time was a

26    founder and Chief Executive Officer of DBA, asked Lavian to become a co-founder of DBA.

27    Warshawsky represented verbally to Lavian that in exchange for becoming a co-founder and

28    assisting him with the development of the Company's intellectual property and patent portfolio,

- 6 -

1  Lavian would receive ten percent of the stock of the corporation. Lavian verbally agreed. In or

2  about June, 2004, Warshawsky and Lavian began developing a number of potentially patentable

3  inventions for DBA. Lavian was a co-inventor on some of these inventions, and a sole inventor on

4  others. One of Lavian's responsibilities was to write and file provisional patent applications for

5  the inventions being developed by him and Warshawsky with the United States Patent and

6  Trademark Office (the U.S.P.T.O."). Lavian was also assigned the responsibility of drafting the

7  initial drafts of the patent applications from the provisional patent applications and then working

8  with patent counsel to finalize them and file them with the U.S.P.T.O.

9      4.    In or about January, 2005, DBA hired Ron Sigura ("Sigura") as the Company's

10  CEO. Sigura, through the Company's counsel, attempted to put in place a written Consulting

11  Agreement with Lavian in or about May, 2005. The Consulting Agreement provided that the

12  compensation for Lavian's services would be paid in accordance with the terms of a Stock

13  Purchase Agreement. Negotiations over the Stock Purchase Agreement stalled in June of 2005,

14  and the Consulting Agreement and Stock Purchase Agreement were never finalized.

15      5.    Lavian completed the provisional patent application on or about June 18, 2005 and

16  sent it to both Sigura and Warshawsky for review, indicating the application was ready to be filed.

17      6.    Lavian filed the application with the U.S.P.T.O. on or about June 24, 2005, having

18  received no objection from either Sigura or Warshawsky.

19      7.    On or about July 17, 2005, DBA informed Lavian it would no longer need his

20  services and he was to cease performing work for DBA effective immediately.

21      8.    Between June 2004 and November 2004, Lavian worked about five hours a week.

22  Between December and June 2005, Lavian worked numerous nights and week-ends, averaging

23  approximately ten to fifteen hours per week. Lavian's work included building and developing

24  DBA's intellectual property and patents and drafting provisional patent applications for the

25  intellectual property. At no time did DBA pay Lavian any compensation for the services he

26  provided to the Company, despite demand therefor.

27

28

## COUNT I
(Breach of Contract)

9.     Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-8, inclusive.

10.     In or about June 2004, DBA and Lavian entered into a verbal agreement whereby DBA agreed that Lavian would receive ten percent of the stock of the Company in exchange for Lavian becoming a co-founder and assisting with the development of the Company's intellectual property and patent portfolio.

11.     Lavian performed all of his obligations pursuant to the agreement except those obligations the performance of which have been waived, prevented, or excused.

12.     DBA has refused to pay Lavian any consideration for the services he provided to the Company, despite demand therefor, thereby breaching the parties' agreement.

13.     As a direct and proximate result of DBA's material breach of the agreement, Lavian has suffered damages equal to ten percent of the common stock of DBA.

## COUNT II
(Quantum Meruit)

14.     Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-13, inclusive.

15.     As more fully alleged herein above, beginning in or about June 2004 through June 2005, DBA became indebted to Lavian for services performed by Lavian for DBA, for which DBA agreed that Lavian would receive ten percent of the stock of the Company.

16.     DBA has transferred neither the whole nor any part of its stock to Lavian as compensation for his services, and there is now due and owing from DBA to Lavian in a sum which is presently unknown and which will be subject to proof at trial.  Lavian's damages include, but are not limited to, ten percent of DBA's stock.

## COUNT III
(Unjust Enrichment)

17.    Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-16, inclusive.

18.    DBA was unjustly enriched, at Lavian's expense, by its receipt of Lavian's services discussed above for no consideration.

19.    Lavian is entitled to recover any gains, profits, or advantages that DBA obtained as a result of its receipt of Lavian's services for no consideration.

20.    As a direct and proximate result of DBA's conduct, Lavian has been damaged in a sum which is presently unknown and which will be subject to proof at trial. Lavian's damages include, but are not limited to, ten percent of DBA's stock.

## COUNT IV
(Promissory Estoppel)

21.    Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-19, inclusive.

22.    As more fully alleged herein above, Warshawsky, on behalf of DBA, made a clear and unambiguous promise that Lavian would receive ten percent of DBA's stock.

23.    DBA has refused to honor this promise.

24.    Lavian reasonably relied on this promise, to his detriment.

25.    Lavian has made numerous requests that DBA fulfill the promise to grant Lavian ten percent of DBA's stock.

26.    Accordingly, injustice can only be avoided by enforcement of this promise.

27.    As a direct and proximate result of DBA's conduct, Lavian has been damaged in a sum which is presently unknown and which will be subject to proof at trial. Lavian's damages include, but are not limited to, ten percent of DBA's stock.

## PRAYER FOR RELIEF

WHEREFORE, Lavian prays for relief as follows:

1.    For compensatory damages according to proof;

2. For enforcement of the promise made by DBA to Lavian of ten percent of DBA's stock;

3. For prejudgment interest at the legal rate provided by law; and

4. For such other relief as the Court deems just and proper.

Dated: September 27, 2005                    BERGESON, LLP

By: _____/S/_____

Ina Stangenes
Attorneys for
Defendant and Counter-claimant
TAL LAVIAN

ANSWER TO COMPLAINT AND COUNTERCLAIM
C-05-3320-MEJ

1    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2        Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

3 the named parties, there is no such interest to report.

4 Dated: September 27, 2005           BERGESON, LLP

5

6                  By: _____/S/_____

7                       Ina Stangenes
                      Attorneys for

8                       Defendant and Counter-claimant
                      TAL LAVIAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT AND COUNTERCLAIM**
**C-05-3320-MEJ**