1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile:  (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

| | |
|---|---|
| 12  VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
| 13                     Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF VERIGY US, INC.'S MOTION TO COMPEL AND SETTING FORTH PROTOCOL RE EXAMINATION OF MIRROR IMAGES** |
| 14       vs. | |
| 15  ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON | |
| 16  TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a | Judge: Honorable Howard R. Lloyd<br>Ctrm:   2 |
| 17  California Limited Liability Corporation, inclusive, | Complaint Filed:    August 22, 2007<br>Trial Date:          None Set |
| 18                     Defendants. | |

1 This matter having come before the Court on the Motion of plaintiff Verigy US, Inc. for an Order compelling Defendants ROMI OMAR MAYDER ("Mayder"), and SILICON TEST SYSTEMS, INC. ("STSI") to produce bit for bit copies – *i.e.,* mirror images – of Mayder's and STSI's computer hard drives;

AND, the Court having read the Notice of Motion and Motion, the declaration of Melinda M. Morton, the memorandum of points and authorities submitted in support of the motion, the complete files and records in this action, and the arguments of Counsel;

AND, good cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. The parties will agree to a third party technical expert to receive and conduct the examination of the mirror images of the two hard drives. Verigy will retain the third party technical expert and pay his (or her) costs.

2. Defendants will turn over to the third party technical expert the mirror images of the two hard drives within 24 hours of receiving notice that the third party technical expert is retained.

3. The third party technical expert will work in collaboration with Verigy's forensic consultant, Ms. Kris Haworth of FTI (or such other forensic consultant as Verigy may designate), in performing the examination of the mirror images as requested by Haworth (or such other forensic consultant as Verigy may designate). In other words, the third party technical expert will execute such examination of the mirror images as requested by Verigy's forensic consultant.

4. Information resulting from the third party technical expert's examination of the hard drives as requested by Verigy's forensic consultant will be provided, with Bates-number designations (for identification purposes), in the first instance to defense counsel. Defense counsel will, within 48 hours of receiving such information from the third party technical expert, review such information and identify in a format sufficient to validate the assertion of privilege or privacy, such portions of the information which

        should be withheld from review by Verigy and/or its forensic consultant.  Such log shall be served by email to all counsel and the third party technical expert.

5.    In the event the volume of information produced to Defense counsel through the process described in paragraph 4 exceeds 2500 printed pages of material in any one instance, Defense counsel will have a total of 96 hours to review such information and identify in a format sufficient to validate the assertion of privilege or privacy, such portions of the information which should be withheld from review by Verigy and/or its forensic consultant.

6.    In the event there is a dispute concerning Defendants' assertion of privilege or privacy, there shall be an expedited dispute procedure involving an immediate conference call with Judge Lloyd (or such referee as Judge Lloyd may designate) on the same day that counsel requests such a call -- or as soon as possible thereafter based on Judge Lloyd's or the designated referee's schedule.

7.    Verigy shall keep a record of all requests submitted to the third party forensics expert. In the event the third party technical expert believes that any Verigy request or the cumulative effect of multiple requests would result in an unduly burdensome volume of information or appears abusive of process, the third party technical expert may inform counsel for both parties and Defendants' counsel may request an immediate conference call with Judge Lloyd (or such referee as Judge Lloyd may designate) on the same day that counsel requests such a call -- or as soon as possible thereafter based on Judge Lloyd's or the designated referee's schedule and Verigy shall provide Judge Lloyd or the designated referee with the record of requests.

8.    Information resulting from the third party' technical expert's examination of the hard drives as requested by Verigy's forensic consultant shall be turned over to Verigy and/or its forensic consultant by the third party technical expert, minus privileged or private matter, within 24 hours of receiving notice from Verigy counsel either that there is no dispute concerning the privilege/privacy log or notice that such dispute has

1  been resolved and the nature of the resolution.  Defense counsel shall be copied on
2  such communications.
3  9.  The foregoing process is limited to thirty (30) days from the day the mirror images are
4  received by the third party technical expert.  Verigy, through its forensics consultant,
5  shall have the right to an ongoing examination of the mirror images of the hard drives
6  through the foregoing protocol.  In particular, Verigy shall not be limited to a single,
7  one-time set of queries related to the examination of the mirror images of the hard
8  drives, but may make repeated queries during the 30 day process.  Verigy may ask the
9  Court for additional time to complete the examination for good cause shown.

**IT IS SO ORDERED.**

Dated: _____, 2007          By: _____
                                     Honorable Howard R. Lloyd
                                     UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL    CASE NO. C07 04330 RMW (HRL)