1 | DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
2 | JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
3 | MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
4 | BERGESON, LLP
303 Almaden Boulevard, Suite 500
5 | San Jose, CA 95110-2712
Telephone: (408) 291-6200
6 | Facsimile: (408) 297-6000

7 | Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | **VERIGY'S OPPOSITION TO DEFENDANTS' PROPOSED ORDER RE PROTOCOL FOR EXAMINATION OF DISK DRIVE** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Place: Courtroom: 2<br>Judge: Honorable Howard R. Lloyd |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: None Set |

1  Plaintiff Verigy US, Inc. ("Verigy") respectfully submits the following opposition to
2  Defendants' proposed order regarding Verigy US, Inc.'s Motion to Compel and Setting Forth
3  Protocol for Examination of Disk Drive ("Defendants' Protocol").

4  Defendants' Protocol, served after 10 p.m. on October 19, 2007, copies the majority of the
5  language in Verigy's proposed protocol ("Verigy's Protocol"), served before 6 p.m. on October
6  19, 2007. Verigy therefore does not object to the copied paragraphs. The crux of the dispute is
7  whether Defendants should be allowed to review and object to Verigy's requests before the third
8  party technical expert executes such requests. Verigy objects to Defendants' protocol because it
9  impermissibly seeks to control Verigy's FRCP ("Rule") 34 examination of the mirror images,
10 intrudes into Verigy's work product requests, and would cause more delay.[1]

11 Verigy made a Rule 34 request for inspection of mirror images of the hard drives. As any
12 access to a computer hard drive alters the information, an inspection must be made of copies rather
13 than the originals. Such inspection is clearly permitted under Rule 34 and the applicable caselaw.
14 Defendants had an opportunity to object to the request, and indeed, made such objections, mainly
15 on the grounds of privilege and privacy. Defendants' Counsel repeated these concerns at the
16 hearing on October 19, 2007. Verigy's Protocol addresses both concerns by allowing Defendants
17 the opportunity to review the information for privilege and privacy prior to production to Verigy.
18 Giving Defendants the ability to control Verigy's requests does not increase the privilege and
19 privacy protections—it merely complicates and delays the process.

20 Further, Verigy's requests to the third party expert are Verigy's work product. The Rules
21 allow Verigy to choose what questions it asks of a witness at a deposition, or what portions of a
22 document produced by Defendants it reviews. Similarly, the Rules allow Verigy to investigate the
23 mirror images of the hard drives provided that the examination does not intrude into the attorney
24 client privilege and is not overly burdensome. As discussed above, both protocols address the
25 privilege issue in identical ways, so Defendants cannot object on privilege grounds. Further,
26 Verigy's Protocol invests the third party expert with the ability to object if any one request or
27
28

1

cumulative requests are unduly burdensome. This safeguard adequately addresses Defendants' "fear" that Verigy would request "All files beginning with the letter A."

Defendants' Protocol does not adequately protect Verigy's concerns. Defendants have arbitrarily chosen words and phrases from Verigy's 2019 statement that meet with their approval, while inexplicably leaving the large majority of claimed trade secrets off of the "approved query" list. Defendants' list of "approved queries" is nothing more than an attempt to control Verigy's examination and mask relevant evidence. Verigy should be allowed to examine the mirror images without Defendants' control and without the delays inherent in Defendants' process.

Finally, Defendants' Protocol would not result in greater protection against unduly burdensome productions, but would certainly result in greater delays. Under Defendants' Protocol, it is possible that a week could elapse between Verigy's proposed request and execution of the request. (See Defendants' Protocol, p. 4, lines 20-28—delays of 4-5 business days possible.) Further, it could be almost another week before Verigy receives the information. The parties' October 19, 2007 stipulation regarding the briefing schedule for the preliminary injunction allows Verigy only three weeks to complete the investigation and file its reply and supplemental papers, so such delay could prevent in Verigy from completing its investigation prior to briefing. Further, the inherent delays would handicap Verigy's forensics expert, as a key part of a forensics investigation is reviewing the results of a request and then making follow-up requests based on the results.

For the forgoing reasons, Verigy respectfully requests that the Court adopt Verigy's Protocol.

Dated: October 19, 2007                BERGESON, LLP


By:        /s/
        Melinda M. Morton

Attorneys for Plaintiff
VERIGY US, INC.

---

[1] Defendants' statements regarding the caselaw are misleading, as discussed in Verigy's Reply to its Motion to Compel.