**United States District Court**
For the Northern District of California

1

2                             **\*E-FILED 10/24/2007\***

3

4

5

6

7                       NOT FOR CITATION

8           IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11   VERIGY US, INC.,                 No. C07-04330 RMW (HRL)

12        Plaintiff,           **ORDER ON PLAINTIFF'S MOTION TO COMPEL**

13    v.

14

15   ROMI OMAR MAYDER, WESLEY     **[Re: Docket No. 37]**
MAYDER, SILICON TEST SYSTEMS, INC.,
16   and SILICON TEST SOLUTIONS, LLC,

17        Defendants.

18   _____/

19       Plaintiff Verigy US, Inc. ("Verigy") sues for alleged trade secret misappropriation by

20   defendants Romi Mayder (plaintiff's former employee); his brother, Wesley Mayder; and the

21   new companies they formed, Silicon Test Systems, Inc. and Silicon Test Solutions, LLC.  The

22   District Court is scheduled to hear Verigy's motion for preliminary injunction on November 9,

23   2007.[1]  In the meantime, Verigy has been given leave to conduct some expedited discovery.

24   Additionally, defendants have been ordered to preserve all evidence, including all information

25   contained on their computer hard drives.

26       The parties presently are before this court on Verigy's expedited motion to compel

27   defendants Romi Mayder and Silicon Test Systems, Inc. to produce bit-for-bit copies (i.e.,

28

---

[1]     The parties have since stipulated to a brief continuance of the preliminary injunction hearing and some of the related briefing deadlines.

United States District Court

For the Northern District of California

1   mirror images) of all hard drives.[2]  Defendants oppose the motion.  There is no dispute that

2   discovery of bit-for-bit copies should be allowed, albeit defendants contend that it is

3   unnecessary.  However, the parties disagree about how inspection and production are to

4   proceed.

5        According to defendants, there are two hard drives in question.  In July 2007, they

6   reportedly made bit-for-bit copies of those hard drives (including recovered deleted files and

7   fragments) and produced documents responsive to plaintiff's requests.  Plaintiff is skeptical

8   about the production.  It says that, to date, defendant Romi Mayder has produced only one email

9   pertaining to his work at Silicon Test Systems, Inc. whereas Bob Pochowski, a third-party

10  witness, has produced a host of documents (emails, data sheets, and the like) from Mayder that

11  apparently were created during Mayder's employment at Verigy.  Verigy also contends that

12  other documents produced to date demonstrate Mayder's willingness to manipulate evidence.

13  Plaintiff also asserts that, when defendant Mayder left plaintiff's employ, a system or software

14  upgrade was performed which may have deleted files from defendants' hard drives.  Verigy

15  argues that it needs to conduct additional discovery of those hard drives, not only to determine

16  whether any relevant documents have been withheld from defendants' production, but also to

17  examine what may have happened on the hard drives and why.

18       Defendants contend that plaintiff is merely casting aspersions.  They do not dispute that

19  a system or software upgrade was performed which may have deleted files from their hard

20  drives.  However, they maintain that all deleted files have been recovered and preserved and

21  that they have produced all information responsive to plaintiff's requests.

22       This court heard the matter on October 19, 2007.  At the motion hearing, the court

23  indicated that it was inclined to permit, at plaintiff's expense, some finite period for plaintiff to

24  conduct discovery of bit-for-bit copies of defendants' hard drives; however, wholesale

27       [2]    Verigy served identical requests (Request No. 17) on defendants, seeking "[a]
    bit for bit copy (in machine readable form) of all hard drives of all computers, including, but
28  not limited to, desktop computers, laptop computers, USB memory devices, PDAs, and other
    memory storage devices that have been or are currently used by YOU."  (*See* Morton Decl.,
    Exs. A and B).

United States District Court
For the Northern District of California

1    production of the entire contents of the mirror images would not be allowed.[3]  The court took a

2    recess during which time the parties were directed to meet-and-confer on a discovery protocol

3    that would allow for the protection of privileged and private material.  They subsequently

4    advised that they were unable to reach agreement; and, this court directed each side to submit

5    its proposed protocol for consideration.  Each side was also given an opportunity to file a

6    supplemental letter brief.[4]  Upon consideration of the moving and responding papers, as well as

7    the arguments presented at the October 19, 2007 hearing, this court will adopt defendants'

8    proposed protocol with some modification.

9         For the most part, the parties' proposed discovery protocols are virtually identical.

10   Indeed, it appears that defendants have adopted many of plaintiff's proposed provisions

11   verbatim.  The main point of contention is whether defendants should be permitted an

12   opportunity to review and object to any searches that plaintiff may wish to have the third party

13   expert conduct.  Defendants propose a two-tier protocol which (a) permits discovery in areas

14   that defendants deem presumptively relevant; and (b) allows plaintiff to request that the expert

15   conduct other searches, subject to an opportunity by defendant to review and object to the

16   proposed search requests.  Defendants express concern that plaintiff will propound unduly

17   burdensome or otherwise abusive searches beyond the scope of permissible discovery under

18   Fed.R.Civ.P. 26.  At the motion hearing, it was suggested, somewhat facetiously, that Verigy

19   might attempt to request a search for all documents with the letter "A."  Indeed, documents

20   submitted on supplemental briefing indicate that Verigy apparently has previously requested a

21

22

23         [3]    *See, e.g., In re Ford Motor Company*, 345 F.3d 1315 (11th Cir. 2003);
     *Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524, 2006 WL 3825291 (E.D. Mo., Dec.
24   27, 2006); *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157, 2006 WL 763668 (D. Kan,
     Mar. 24, 2006); *Rowe Entertainment, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D.
25   421 (S.D.N.Y. 2002); *Simon Property Group LP v. mySimon, Inc.*, 194 F.R.D. 639 (S.D. Ind.
     2000); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050 (S.D. Cal. 1999).
26

27         [4]    Although the parties were directed to file their respective supplemental briefs
     by noon on October 22, 2007, defendant's papers were not filed or received by this court's
28   chambers until the end of the day.  Based on defense counsel's representation that the delay
     was due to technical difficulties experienced by their office, this court has accepted and
     considered the belated filing.

**United States District Court**
For the Northern District of California

1    search for all documents containing the letter "V" (*see* Pasquinelli Decl., Ex. C) – a request

2    which strikes this court as being patently overbroad.

3          Verigy has not convincingly demonstrated that advance disclosure of its proposed

4    searches would infringe any work product.  Indeed, the record before the court indicates that

5    plaintiff's counsel has previously provided a list of search terms and parameters to defense

6    counsel.  (*See* Pasquinelli Decl., Ex. C).

7          Verigy nonetheless protests that defendants have arbitrarily chosen words and phrases

8    that meet with their approval, but omitted the majority of claimed trade secrets from the

9    proposed search criteria.  On the record presented, this court is unable to gauge the claimed

10   arbitrariness of defendants' proposed search terms.  In any event, defendants are not precluding

11   plaintiff from conducting searches beyond the terms and parameters that defendants agree are

12   presumptively relevant.  Defendants simply want an opportunity to review plaintiff's proposed

13   searches before the searches are executed – a request which comports with the normal conduct

14   of discovery and which this court finds to be entirely reasonable.

15         As for Verigy's concerns about timing, this court will modify defendants' proposed

16   protocol to minimize any delays which might result from disputes over proposed search terms.

17   Although it should go without saying, the parties are admonished to proceed in good faith and

18   to refrain from conduct designed to unnecessarily encumber or retard discovery or to impose

19   unnecessary expense or burden on the opposing parties or the court.

20         Based on the foregoing, defendants' proposed protocol will be entered, with some

21   modification, as an order of the court.

22         IT IS SO ORDERED.

23   Dated:    October 24, 2007

24                                                   _____

25                                                   HOWARD R. LLOYD
                                                     UNITED STATES MAGISTRATE JUDGE

26

27

28

**5:07-cv-4330 Notice electronically mailed to:**

Daniel J. Bergeson dbergeson@be-law.com, swalker@be-law.com

Daniel Harlan Fingerman dfingerman@mount.com, mmcmanus@mount.com

John W. Fowler jfowler@be-law.com, swalker@be-law.com

Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

Daniel S. Mount dmount@mount.com, mmcmanus@mount.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**United States District Court**

For the Northern District of California