Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

*E-FILED 10/24/2007*

United States District Court

Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, <br><br> Defendants. | Case No. 5:07-cv-04330 (RMW) (HRL) <br><br> [~~Proposed~~] Order Regarding Verigy US, Inc.'s Motion to Compel and Setting Forth Protocol for Examination of Disk Drive <br><br> Judge:    Hon. Howard R. Lloyd <br> Courtroom:  2 <br><br> Complaint Filed:    August 22, 2007 <br> Trial Date: None Set <br><br> **(MODIFIED BY THE COURT)** |

**Pursuant to this court's Order on Plaintiff's Motion to Compel (being filed concurrently), the court enters the following protocol for discovery of defendants' hard drives.** ~~Before the court is Verigy's motion to compel production of bit-for-bit copies or "mirror images" of two computer hard drives used by the defendants. The defendants did not oppose production of the hard drives. Instead, they opposed the simplistic relief sought on the motion — an order that they simply turn over the mirror image.~~

~~Rule 34 of the Federal Rules of Civil Procedure was amended in 2006 to expressly allow discovery of electronically-stored information in addition to "documents" and "things." These amendments brought the Rule in line with modern discovery practice and did not substantively change the scope of discovery. The scope of discovery is still governed by Rule 26(b).~~

~~Having reviewed the relevant caselaw, the court agrees that a simple turn-over order is inappropriate.[1] Instead, the court will order production of the hard drives under a protocol similar to that adopted by other courts but tailored to the needs of this case.~~ This order is not intended to expand the scope of discovery beyond what is permitted by Rule 26(b).

~~The protocol for production and searching of the hard drives is set forth below.~~ The parties may amend this protocol by stipulation. ~~(all days referred to are business days whether explicitly stated so or not)~~

**IT IS HEREBY ORDERED THAT:**

There will be two tiers of discovery allowed. As to the relevant and properly discoverable material that had been maintained on the defendant's computer (that is now on the mirror images) that is properly the subject of normal discovery (and is non-privileged and within rule 26) there will be a review of the hard drive with only a post-query post-creation opportunity by defense counsel to challenge the production. This material that will be subject to this more liberal examination is set forth in paragraphs 3a and 3b. As to material ~~that had not previously been identified in specific rule~~

---

[1] See e.g., In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003); Playboy Enterprises Inc. v. Welles, 60 F. Supp. 2d 1050 (S.D. Cal. 1999); Rowe Entertainment Inc. v. William Morris Agency Inc., 205 F.R.D. 421 (S.D.N.Y. 2002); Hedenburg v. Aramark Am. Food Servs., 2007 U.S. Dist. LEXIS 3443 (W.D. Wash. 2007); Simon Property Group L.P. v. MySimon Inc., 194 F.R.D. 639 (S.D. Ind. 2000); Ameriwood Industries Inc. v. Liberman, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3585291 (E.D. Mo. Dec. 27, 2006); Balboa Threadworks Inc. v. Stucky, No. 05-1157-JTM-DWB, 2006 U.S. Dist. LEXIS 29265, 2006 WL 763668 (D. Kan. 2006); McCurdy Group v. Am. Biomedical Group Inc., 9 Fed. Appx. 822 (10th Cir. 2001)

~~26 discovery requests, and~~ not set forth in paragraph 3a and 3b below, there will be an opportunity for defense counsel to challenge the request for the production of the documents before they are queried from the computer mirror image. The details are provided below.

1. The parties will agree to a third party technical expert ("TPTE") to receive and conduct the examination of the mirror images of the two hard drives. Both Parties will contract with the third party technical expert and Verigy will pay his (or her) costs. The TPTE will be appointed as a special master, as an officer of the court.

2. Defendants will turn over to the third party technical expert the mirror images of the two hard drives within 24 hours of contract signature with the third party technical expert.

3. The third party technical expert will work in collaboration with Verigy's forensic consultant, Ms. Kris Haworth of FTI (or such other forensic consultant as Verigy may designate), in performing the examination of the mirror images as requested by Haworth (or such other forensic consultant as Verigy may designate). In other words, the third party technical expert will execute such examination of the mirror images as requested by Verigy's forensic consultant for only the queries shown in (3a and 3b) without prior challenge by Defendants

    a. Production of Computer Status Records

        i. Any record of any documents, or files deleted on or after 7-6-07 (for whatever reason).

        ii. Any record of how any documents or files were deleted after 7-6-07 (e.g. automatically by the operating system, browser, etc or by user commands)

        iii. Any record of any documents, or files copied or moved to another computer system.

        iv. A list of all documents, or files (or recoverable fragments of such) recorded on the disk drives that were created, copied, or modified before 9-22-06.

    v. Any records related to installation or upgrades of the MS Windows operating system or software applications on the system (for example, but not limited to MS office or MS Outlook)

    vi. Any Microsoft Operating System Log Files.

  b. Relevant Content Queries

    i. 2019 Disclosure Items: All documents, or files (or recoverable fragments of such) on the disk drives containing any of the following text disclosed in Verigy's Section 2019.210 disclosure:

      1. Related to Existing Patents:

        a. "US Pat. 6570397"

        b. "Timing calibration"

        c. "US Pat. 7147499"

        d. "Zero insertion force printed circuit assembly"

        e. "US Pat. 7106081"

        f. "Parallel calibration system"

      2. Related to Existing Patent Applications

        a. "Method and apparatus for a DDT contactor"

        b. "non-contact cleaning of electronics"

        c. "method for calibrating automated test equipment"

        d. "calibration system"

        e. "verification of electronic circuit testers"

        f. "Resource Matrix"

        g. "Allocating device testing resources"

      3. Other Know How

        a. MEMS switch

      b. MEMS Switch Matrix

      c. Dynamic Allocation of Test Channel

      d. AC Calibration

      e. Relay Tree

      f. AC Calibration

      g. Low Jitter

      h. Verigy Matrix

  ii. All documents, or files (or recoverable fragments of such) on the disk drives that were created, copied or modified before 9-22-06 (the last day of employment being 9-21-06).

  iii. All email communications (or recoverable fragments of such) and any documents attached to those emails, between STS, STSI, or Mr. Mayder and any third parties prior to 9-22-06. (the last day of employment being 9-21-06).

**For these** ~~These~~ inquires within sections 3a and 3b, ~~there will be~~ **defendants shall have** the post query, but pre production opportunity to challenge as set forth in paragraphs 4 through 9 below.

For inquiries outside the scope of those described in 3a and 3b, Plaintiffs will propound upon the third party technical expert and concurrently upon Defendant's counsel a list of inquiries. ~~The defendants will have two business days to object~~ **No later than the next business day, defendants shall serve their objections (if any)** to the proposed inquiries. If a timely objection is made, the parties will meet and confer in good faith ~~within one~~ **no later than the next** business day after service of the objection to attempt to reach an agreement. If no agreement is reached, ~~the parties will jointly request a telephone conference with Judge Lloyd to make a determination.~~ **the dispute will be resolved in accordance with the procedure set out in paragraph 6 (below).** Once an agreement is reached regarding the appropriateness of the inquiry the process continues with steps four through nine below.

Case No. 5:07-cv-04330 (RMW) (HRL) Page 4
~~[Proposed] Order Denying Motion to Strike Affirmative Defenses~~

4. [Pre-Production Privilege Review and Log Creation] Information resulting from the third party technical expert's examination of the hard drives as requested by Verigy's forensic consultant will be provided, with Bates number designations (for identification purposes), in the first instance to defense counsel. Defense counsel will, within 48 hours of receiving such information from the third party technical expert, review such information and identify in a format sufficient to validate the assertion of privilege, privacy or beyond the scope of rule 26 discovery, such portions of the information which should be withheld from review by Verigy and/or its forensic consultant. Such log shall be served by email to all counsel and the third party technical expert.

5. [Additional Review Time for Large Volumes] In the event the volume of information produced to Defense counsel through the process described in paragraph 4 exceeds 2500 printed pages of material in any one instance, Defense counsel will have a total of 96 hours to review such information and identify in a format sufficient to validate the assertion of privilege or privacy or beyond the scope of rule 26 discovery, such portions of the information which should be withheld from review by Verigy and/or its forensic consultant.

6. [Privilege Dispute Resolution] In the event ~~there is~~ **the parties are unable to resolve** a dispute concerning Defendants' assertion of privilege or privacy or beyond the scope of rule 26 discovery, ~~there shall be an expedited dispute procedure involving an immediate conference call with Judge Lloyd (or such referee as Judge Lloyd may designate) on the same day that counsel requests such a call — or as soon as possible thereafter based on Judge Lloyd's or the designated referee's schedule.~~ **a party may bring the matter to this court's attention. This court will, at its option and based on its availability, either set the matter for an expedited hearing or refer the dispute to a special master (with both sides to split the costs).**

7. [Abusive Process Resolution] Verigy shall keep a record of all requests submitted to the third party forensics expert. In the event the third party technical expert believes that any Verigy request or the cumulative effect of multiple requests would result in an unduly burdensome volume of information or appears abusive of process, the third party technical expert ~~may~~ **shall** inform counsel for both parties and Defendants' counsel may ~~request an immediate conference call with Judge Lloyd (or such referee as Judge Lloyd may designate) on the same day that counsel~~ **bring the matter to this court's attention. If the parties are unable to resolve any dispute, the dispute will be resolved in accordance with**

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                    Page 5
~~[Proposed] Order Denying Motion to Strike Affirmative Defenses~~

**the procedure set out in paragraph 6 (above).**
~~requests such a call -- or as soon as possible thereafter based on Judge Lloyd's or the designated referee's schedule and Verigy shall provide Judge Lloyd or the designated referee with the record of requests.~~

8. [Report and Document Production] Information resulting from the third party' technical expert's examination of the hard drives shall be turned over to Verigy and/or its forensic consultant by the third party technical expert, minus privileged or private matter or matter beyond the scope of rule 26 discovery, within 24 hours of receiving notice from Verigy counsel either that there is no dispute concerning the privilege/privacy or beyond the scope of rule 26 discovery log or notice that such dispute has been resolved and the nature of the resolution. Defense counsel shall be copied on such communications.

9. [Limited Time for Discovery] The foregoing process is limited to thirty (30) days from the day the mirror images are received by the third party technical expert. Verigy, through its forensics consultant, shall have the right to an ongoing examination of the mirror images of the hard drives through the foregoing protocol. In particular, Verigy shall not be limited to a single, one-time set of queries related to the examination of the mirror images of the hard drives, but may make repeated queries during the 30 day process. Verigy may ask the Court for additional time to complete the examination for good cause shown.

IT IS SO ORDERED.

Dated: __October 24, 2007__    _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                   Page 6
~~[Proposed] Order Denying Motion to Strike Affirmative Defenses~~