**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

October 25, 2007

**Via E-filing**

The Honorable Howard R. Lloyd
Courtroom 2, 5th Floor
USDC, N. District of Calif., San Jose Div.
280 S. First Street
San Jose, CA 95113

      Re:    *Verigy US, Inc. v. Romi Omar Mayder, et al.*
              USDC, N. District of Calif., Case No. C07 04330 RMW (HRL)

Dear Judge Lloyd:

      Plaintiff Verigy U.S., Inc. ("Verigy") respectfully requests that the Court strike Exhibit C and all references to Exhibit C from Defendants' Opposition to Verigy's Protocol ("Opposition"), filed October 22, 2007 (Docket No. 78). Verigy further requests that the Court modify the October 24, 2007 Order regarding Plaintiff's Motion to Compel (Docket No. 81) to remove references to Exhibit C, which is a confidential settlement communication made pursuant to F.R.E. 408, that should never have been presented to the Court.

      I emailed Defendants' Counsel immediately upon receipt of the Opposition, reminded them that Exhibit C was a confidential settlement communication and asked them to withdraw the Exhibit. Verigy repeated its request several times, but the only response Verigy has received to date is an email that stated "Your other concern was FRE 408. Can you please articulate why you believe this applies?" from Kevin Pasquinelli at 6:15 p.m. on Monday, October 22, 2007. I responded the next morning and explained again why FRE 408 applied. Despite additional phone calls to Defendants' counsel, we have not received any response to our repeated requests to withdraw the Exhibit. (A true and correct copy of the email correspondence between counsel regarding this issue is attached hereto as Exhibit A.)

      The parties initiated pre-litigation settlement discussions on or about July 18, 2007. The parties held a phone conference on that day, and as the first order of business, the parties orally agreed that all communications regarding the dispute would be confidential settlement discussions protected by the applicable state and federal rules. Mr. Fowler and I could both testify to this effect. On July 24, 2007, I sent an email attaching a draft agreement concerning a computer search protocol to Defendants' counsel. The email stated that "The document should be treated as a confidential

| ANTHONY M. GLASSMAN | AFFILIATED COUNSEL: | MARK E. FOSTER |
| BEVERLY HILLS, CA 90210 | BERGESON & CAMPBELL | SAN JOSE, CA 95110 |
| | WASHINGTON, D.C. 20005 | |

BERGESON, LLP

Magistrate Judge Howard R. Lloyd
October 25, 2007
Page 2

settlement communication under both the state and federal rules." (A true and correct copy of this email, with the attachment and previous emails redacted to preserve the secrecy of the settlement discussions, is attached hereto as Exhibit B.) The August 6, 2007 email that Defendants attached as Exhibit C to the Opposition and discussed in their brief was sent as further discussion of the protocol attached to my July 24, 2007 email, and was one of the many confidential settlement communications exchanged between the parties prior to the lawsuit.

On Friday, October 19, 2007, during the Court-ordered in person meet and confer regarding the computer search protocol, Mr. Pasquinelli raised certain issues that had previously been discussed during the settlement discussions prior the lawsuit. At that time, I reminded Mr. Pasquinelli that it would be improper to raise these issues with the Court, as the communications were confidential settlement communications made pursuant to F.R.E 408. I was shocked to discover on October 25, 2007 that Defendants had included confidential settlement communications in a public court filing. As stated above, I immediately requested that they withdraw the exhibit and the discussion concerning it, but Defendants have not responded to repeated requests.

Although confidential settlement communications may be used as evidence in certain limited situations, F.R.E. 408 specifically prohibits use of such communications when used to "impeach through a prior inconsistent statement or contradiction." F.R.E. 408 (a). Here, Defendants offered Exhibit C in an attempt to (1) impeach Verigy's statements that it had no intention of running unreasonable queries[1] and also (2) to attempt to show that Verigy had previously agreed to share search terms with Defendants. As a result, Defendants' use of Exhibit C violates F.R.E. 408.

Verigy acted in good faith and immediately requested that Defendants withdraw Exhibit C and the related discussions from the Opposition. Defendants avoided the issue by not responding to Verigy's repeated requests. Defendants should not be allowed to profit from their knowing violation of the Federal Rules of Evidence.

Sincerely,

Melinda M. Morton
Counsel for Verigy

---

[1] Defendants characterize Exhibit C as showing that Verigy was seeking all files with the letter V. This is false. As was made clear at the time, Verigy was seeking files containing the *word* V, and not just the letter V in any iteration. The word V is commonly used as an abbreviation for Verigy and all of Verigy's products use the word V and then a model number (e.g., V 5400). It is forensically possible to search only for the word V rather than the letter, and that was Verigy's intent.

# EXHIBIT A

**Mindy Morton**

| | |
|---|---|
| From: | Mindy Morton |
| Sent: | Tuesday, October 23, 2007 8:50 AM |
| To: | 'Kevin M. Pasquinelli'; John Fowler; Daniel H. Fingerman |
| Cc: | Daniel S. Mount; Michelle McManus |
| Subject: | RE: Defendants' letter brief |
| Importance: | High |

Kevin,

FRE 408 applies because the parties explicitly agreed during the very first conference call that all communications would be considered settlement communications pursuant to applicable state and federal laws. That was a condition of Verigy engaging in the discussions. Further, the proposed search term protocol and agreement that Verigy drafted (and which the communication you included in your brief was discussing) was sent by email on July 24 and the email explicitly stated that "The document should be treated as a confidential settlement communication under both the state and federal rules." As a result, pursuant to FRE 408, these confidential communications should not be presented to the Court or discussed in briefs. You discuss this confidential settlement communication in an attempt to show that Verigy made a prior inconsistent statement to what was said at the hearing on October 19, 2007. However, pursuant to FRE 408, "Evidence [of settlement communications]...is not admissible on behalf of any party, when offered to...impeach through a prior inconsistent statement or contradiction." We expect that you will immediately withdraw the exhibit and your references to it. We discussed this same issue on October 19, 2007 during our meet and confer regarding the computer protocol, and I reminded you at that time that Verigy considered those communications to be confidential settlement communications that should not be discussed with or given to the court.

Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2007 Bergeson, LLP [All Rights Reserved].

1

-----Original Message-----
From: Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
Sent: Monday, October 22, 2007 6:15 PM
To: John Fowler; Mindy Morton; Daniel H. Fingerman
Cc: Daniel S. Mount; Michelle McManus; Kevin M. Pasquinelli
Subject: RE: Defendants' letter brief

Jay,

We have submitted a public redacted version of the exhibit to ensure confidentiality of the codenames. The exhibit was marked highly confidential and we have sent updated versions to the judges chambers.

Your other concern was FRE 408. Can you please articulate why you believe this applies?

Kevin

-----Original Message-----
From: John Fowler [mailto:jfowler@be-law.com]
Sent: Monday, October 22, 2007 3:45 PM
To: Mindy Morton; Daniel H. Fingerman
Cc: Daniel S. Mount; Kevin M. Pasquinelli; Michelle McManus
Subject: RE: Defendants' letter brief

Dan Mount and Dan Fingerman:
    What have you done to withdraw Exhibit C and the argument in your letter brief that refers to it?  Call Mindy on her cell phone 650
387 3044 or me at 650 740 5549 with your response.
                    Jay Fowler


-----Original Message-----
From: Mindy Morton
Sent: Monday, October 22, 2007 1:07 PM
To: 'Daniel H. Fingerman'; John Fowler
Cc: Daniel S. Mount; Kevin M. Pasquinelli; Michelle McManus
Subject: RE: Defendants' letter brief
Importance: High

Dan,
I am enclosing a copy of Verigy's brief.  However, I note that you have included as Exhibit C to your brief a confidential settlement communication that should not be submitted to the Court.  The parties during the course of pre-lawsuit negotiations agreed that all communications would be confidential settlement communications.  Verigy respectfully requests that you remove this exhibit from your filing as it is improper pursuant to FRE 408.  ("Evidence...is not admissible on behalf of any party, when offered to...impeach through a prior inconsistent statement or contradiction.")   It goes without saying that
under no circumstances should this exhibit be publicly filed.

Mindy M. Morton, Esq.
Bergeson, LLP

2

303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

---

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

---

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2007 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Daniel H. Fingerman [mailto:dfingerman@MOUNT.com]
Sent: Monday, October 22, 2007 12:50 PM
To: Mindy Morton; John Fowler
Cc: Daniel S. Mount; Kevin M. Pasquinelli; Michelle McManus
Subject: Defendants' letter brief


Mindy and John,

We have been unable to reach the ECF web site today to file the defendants' letter brief. We have been unable to reach any web site that is a subdomain of uscourts.gov - including any portion of the N.D.Cal. web site.

To avoid any prejudice to Verigy, I am attaching a copy of the defendants' letter brief to this email. Also, we sent a chambers copy of the defendants' letter brief to Magistrate Judge Lloyd with the attached cover letter, explaining that the ECF web site is down.

We would appreciate the reciprocal courtesy of receiving from you a copy of Verigy's filing via electronic mail.

I did receive an email from the ECF system at 11:58am, indicating that you were able to file Verigy's letter brief. I tried to e-file the

3

defendant's letter brief immediately after receiving that email; but, again, I got no response from the ECF web server. We have also been unable to obtain a copy of Verigy's filing via the ECF or PACER systems. We appreciate your anticipated courtesy in this matter.

Dan Fingerman, Esq.
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 W San Carlos Street
San Jose CA  95110-2740
Tel: (408) 279-7000
Fax: (408) 998-1473
Eml: dfingerman@mount.com
Web: www.mount.com

This email and its attachments are intended solely for the intended recipient hereof and may contain legally privileged or other confidential information. If you have received this email or its attachments in error, please destroy the original and any copies thereof and immediately notify Mount & Stoelker, P.C. at (408) 279-7000.

4

# EXHIBIT B

**Mindy Morton**

| | |
|---|---|
| **From:** | Mindy Morton |
| **Sent:** | Tuesday, July 24, 2007 5:21 PM |
| **To:** | 'Kevin M. Pasquinelli'; John Fowler; Daniel S. Mount |
| **Cc:** | Shauna Walker; Michelle McManus; Gail C. Simmons |
| **Subject:** | RE: Verigy v. Mayder |
| **Attachments:** | verigy-mayder agreement.doc |

Enclosed please find the draft agreement. We look forward to discussing this with you tomorrow. The document should be treated as a confidential settlement communication under both the state and federal rules.

Regards,
Mindy Morton

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2007 Bergeson, LLP [All Rights Reserved].