DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff and Counter-Defendant
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07-04330 RMW (HRL)<br><br>**VERIGY'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: November 9, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte<br><br>Complaint Filed:  August 22, 2007<br>Trial Date:  None Set |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and counter-defendant Verigy US, Inc. ("Verigy") respectfully submits the following reply brief in support of its motion to strike affirmative defenses set forth in the Answer to Plaintiff's Initial Complaint and Counterclaim ("Answer") filed by defendants and counter-claimants Silicon Test System, Inc., Silicon Test Solutions, LLC (collectively, the "STS Entities"), Romi Omar Mayder ("Mayder"), and Wesley Mayder (collectively, "defendants").

## I. INTRODUCTION

Defendants' opposition barely addresses the merits of Verigy's motion. Defendants do not dispute that each of their affirmative defenses fails to include any of the facts or elements necessary to provide Verigy with "fair notice" of the defense as required by applicable law. In fact, the opposition is virtually devoid of any argument whatsoever as to the sufficiency of any particular defense. Instead, defendants make three arguments in opposition to Verigy's motion, none of which have any merit.

First, defendants argue that the Federal Rules provide for "notice pleading" and that their conclusory assertions are actually sufficient, notwithstanding the controlling authorities cited by Verigy to the contrary. Second, defendants argue that Verigy's motion is untimely, despite the language of Rule 12(f), Fed.R.Civ.P., which provides that a defense may be stricken "upon the court's own initiative at any time" and their own agreement to grant Verigy one additional day to respond. Third, defendants attach irrelevant pleadings involving different parties and different claims from unrelated cases to argue that Verigy's counsel (not Verigy itself) has "acknowledged the propriety" of the affirmative defenses in this case.

As more fully set forth below, Verigy's motion to strike defendants' affirmative defenses should be granted.

## II. ARGUMENT

### A. Defendants Tacitly Admit that Each of the Affirmative Defenses is Insufficient for Failing to Give Verigy Fair Notice of the Basis for the Defense.

As set forth in Verigy's moving papers, a motion to strike an affirmative defense is appropriate where the defense fails to provide "fair notice" of the defense and the grounds on which it rests or where the defense is insufficient as a matter of law. Fed.R.Civ.P. 12(f); *Security*

*People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133MMC, 2005 WL 645592 *1-3 (N.D. Cal. 2005). Here, the principal basis for Verigy's motion is that each of the defenses fails to provide the required "fair notice" due to a lack of facts or allegations regarding the elements or basis of the defense.[1]

Defendants' opposition does not even address Verigy's motion as to the sufficiency any of the affirmative defenses. Instead, defendants halfheartedly cite various authorities to support a general argument that the conclusory pleadings they have filed are sufficient to provide "fair notice" and that, in any event, Verigy is actually required to demonstrate the legal insufficiency of each of the defenses. Opp. Brief at 2:18-3:7.

With respect to the "fair notice" issue, defendants cite just two cases: *Qarbon.com, Inc. v. eHelp Corp.,* 315 F. Supp. 2d. 1046 (N.D. Cal. 2004) (Ware, J.) and *Daingerfield Island Protective Society v. Babbitt*, 40 F.3d 442, 444 (D.C. Cir. 1994), both of which support Verigy's position.

Defendants cite *Qarbon.com* for the general rule that affirmative defenses must give the plaintiff "fair notice" of the defense being asserted. In *Qarbon.com,* the plaintiff in a patent infringement case moved to strike defendants' conclusory waiver, estoppel and unclean hands defenses. In granting plaintiff's motion, Judge Ware found that mere reference to a doctrine is insufficient notice and that defendants' bare assertions did not set forth the essential elements of the defenses. 315 F. Supp. 2d at 1049. In reaching these conclusions, Judge Ware also noted that "eHelp does not specify what the defense is—whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel." *Id.* This is the same lack of clarity which exists with respect to each of defendants' affirmative defenses.

Nevertheless, defendants persist in claiming that naked assertions are enough, citing, for example, the *Daingerfield Island* case for the proposition that a statute of limitations defense can

---

[1] Verigy contends that the first and third affirmative defense not only fail to give Verigy fair notice, but also that they are legally insufficient.

properly be raised by its bare assertion. Opp. Brief at 2:2-15. Unfortunately, defendants' lengthy excerpt of the decision omits the key language in an obvious attempt to leave the impression that this is actually the general rule.

The case involved a non-profit's attempt to set aside a land exchange agreement made between the federal government and a private developer. 40 F.3d at 443-444. The U.S. Department of the Interior and then Interior Secretary Bruce Babbitt were sued pursuant to various federal statutes and the Tucker Act of 1887 (codified in 28 U.S.C. §1491 et seq.), in which the government waived its sovereign immunity. The government eventually prevailed at the District Court level via a summary judgment that plaintiff's challenge was barred by the six-year statute of limitations set forth in the Tucker Act. 40 F.3d at 444. Plaintiff appealed the decision, arguing that the government failed to plead the limitations defense with particularity. *Id.* The Circuit Court ultimately stated that a limitations defense is "sufficiently raised for purposes of Rule 8 by its bare assertion" (*Id.* at 445), but also stated (in the portion of the citation defendants omit) that "[t]his is particularly true here where, as we observed in our summary disposition order, 'it is clear that the six-year status of limitations contained in 28 U.S.C. §2401 governs [Daingerfield's claims].'" *Id.*

Thus, the *Daingerfield* court was able to say with certainty which limitations period applied despite the defendants bare assertion because, not only did they have the benefit of a thorough record from both the district court and the appellate level, based on the type of claims asserted, it was obvious that the six-year Tucker Act limitations provision applied. *See also, Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (limitations defense sufficient where motion accompanying proposed amendment to answer included citation to applicable statute of limitations). Thus, where the record or circumstances of an action inform the parties and the court that a specific statute of limitations applies, the bare assertion might very well be sufficient to provide "fair notice." However, where, as here, there are multiple claims against defendants with numerous potentially applicable statutes, Verigy cannot possibly be said to have "fair notice" of the basis for defendants' statute of limitations defense when defendants do not even bother to identify the claim or claims to which the statute of limitations applies.

Defendants also appear to argue that Verigy must establish the legal insufficiency of each of their affirmative defenses and cite to a number of cases to support that general proposition.[2] However, that is only the case with respect to the affirmative defenses which Verigy is challenging as insufficient as a matter of law.  As to those two affirmative defenses, the first and the third, Verigy has demonstrated that insufficiency.  The first affirmative defense asserts that "[u]pon information and belief, Verigy's CCP §2019.210 disclosure does not contain trade secrets under the UTSA."  That is legally insufficient because it is not a legally cognizable affirmative defense.  The sufficiency of Verigy's trade secret disclosure is a discovery issue.  The third affirmative defense asserts that "[o]n information and belief, Verigy has suffered no detriment because it has withdrawn from the field of activity."  That is legally insufficient because it too is not a legally cognizable defense.  To the extent defendants are asserting that Verigy's trade secrets are no longer protectable because they have been abandoned, the defense is insufficient as a matter of law because "abandonment" generally refers to the failure to take steps to keep the information secret. *See e.g., Vacco Industries v. Van Den Burg,* 5 Cal. App. 4th 34, 50 (1992).  Verigy's complaint contains numerous allegations that it took appropriate steps to keep its trade secrets confidential and, therefore, this affirmative defense, which admits the truth of all matters alleged, cannot be sustained.

**B.    Verigy's Motion is Timely, Appropriate and Should Be Granted.**

Defendants next argue that Verigy's motion to strike should be denied outright because it was purportedly filed one day late.  This argument fails for two reasons.

First, with respect to timing, Rule 12(f) provides, "Upon motion made by a party before responding to a pleading or . . . upon the court's own initiative at any time. . . ."  Fed.R.Civ. P. 12(f).  Thus, although Rule 12(f) sets a time limit for a party to bring a motion, it also specifically

---

[2] Defendants cite *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045 (5th Cir. 1982), *EEOC v. Bay Ridge Toyota, Inc*., 327 F. Supp. 2d 167 (E.D.N.Y. 2004), *Systems Corp. v. Am. Tel. & Tel. Co.,* 60 F.R.D. 692 (S.D.N.Y. 1973), *SEC v. Stands*, 902 F. Supp. 1149 (C.D.Cal. 2000) and *Lazar v. Trans Union LLC*, 195 F.R.D. 665 (C.D.Cal. 2000).  All of these cases relate to challenges to the legal sufficiency of a defense, not whether "fair notice" has been provided.

provides that a defense may be stricken "upon the court's own initiative at any time." *See, United States v. Wang,* 205 WL 1513081 (N.D. Cal. 2005), *citing Estee Lauder v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 271 (S.D.N.Y. 1999) (stating "Plaintiffs' delay, however, presents no bar to considering the motion on its merits. Rule 12(f) clearly permits a Court on its own initiative, at any time, to strike. . . In effect, the Court's discretion renders the twenty (20) day rule essentially unimportant."); s*ee also, G&H Technology v. United States,* 8 Cl. Ct. 572 (Cl. Ct. 1985) (holding that the Court could consider the substance of an untimely motion at any time); *Uniroyal, Inc. v. Heller,* 65 F.R.D. 83, 86 (S.D.N.Y. 1974) (considered relief requested in untimely Rule 12(f) motion). Accordingly, this Court may consider the substance of a motion to strike, timely or untimely, at any time.

Second, the motion was filed on October 4, 2007, just one day after the applicable time to plead. On October 3, 2007, Verigy's counsel emailed defendants' counsel and requested a one day extension to respond. (Fowler Declaration in Support of Motion to Strike Affirmative Defenses ("Fowler Decl.") at ¶2, Ex. A.) As Verigy had previously offered the same courtesy to defendants for their response to Verigy's Complaint, Verigy's counsel expected that defendants would grant this request. (*Id.*) However, defendants did not respond to Verigy counsel's email. *(Id.)* Then on October 4, 2007, at the deposition of Mr. Ira Leventhal, one of Verigy's witnesses, Verigy counsel asked defendants' counsel why they had not responded to the email requesting the one day extension. (*Id.* at ¶3.) Defendants' counsel, Mr. Kevin Pasquinelli, informed Verigy's counsel that they had been extremely busy the previous day but that "of course they would grant the request for a one day extension." *(Id.)* Mr. Pasquinelli also stated that although he had not responded the previous day, he had assumed that we would know that Defendants would grant such a request. *(Id.)*

Given the circumstances as well as the above-cited authorities, Verigy respectfully requests that the Court reject defendants' *post hoc* assertion of untimeliness and consider the merits of its motion to strike.

/ / /

### C. The Pleadings Filed in Various Unrelated Matters Are Irrelevant to Whether Defendants Have Given Verigy Fair Notice of the Basis for Their Affirmative Defenses in This Case.

Having no good factual or legal arguments to defeat Verigy's motion, defendants have instead turned to pleadings from other cases involving different parties, different claims and wholly different circumstances. Suffice to say that all of the materials from the other cases attached to defendants' opposition are irrelevant to this motion. Moreover, the pleading practices of Verigy's present counsel over two years ago in cases not involving Verigy should have no bearing on Verigy's right to "fair notice" of the basis for defendants' affirmative defenses in this action.

### D. Verigy's Motion Should Be Granted Without Leave to Amend As To The First and Third Affirmative Defenses Because They Are Legally Insufficient.

With the possible exception of their statute of limitations defense, defendants' opposition does not bother to address the deficiencies with any of their affirmative defenses. Because defendants make no real argument that their affirmative defenses provide Verigy with "fair notice" of the basis for the defense, Verigy's motion should be granted as to each. Furthermore, as mentioned above, the first and third affirmative defenses not only fail to give Verigy "fair notice" of the basis for the defense, they are legally insufficient. Defendants have not provided any authority or argument to show otherwise. The purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), citing *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983), *rev. on other grounds*, 510 U.S. 517 (1994). Accordingly, those two defenses should be eliminated from this action and stricken without giving defendants leave to amend.

## III. CONCLUSION

For the reasons set forth above, each of the eighteen affirmative defenses is insufficient as pled for failure to state facts establishing the elements or grounds for the defense. In addition, the first and third affirmative defenses in the Answer are insufficient as a matter of law and should be

stricken without leave to amend.  Verigy respectfully requests that the Court grant its motion to strike defendants' affirmative defenses.

Dated:  October 26, 2007                    BERGESON, LLP

By:        /s/
                John W. Fowler
Attorneys for Plaintiff and Counter-Defendant
VERIGY US, INC.