**MOUNT & STOELKER, P.C.**                    ATTORNEYS

RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE: (408) 279-7000
FACSIMILE: (408) 998-1473

October 29, 2007

**Via E-Filing**

Magistrate Judge Lloyd
Courtroom 2, 5th Floor
U.S. District Court
Northern District of California
280 S. First Street
San Jose CA  95113

      Re:  *Verigy v. Mayder*, Case No. 5:07-cv-04330 (RMW) (HRL)
           Our File No. SITES001

Dear Magistrate Judge Lloyd:

      This responds to Verigy's *ex parte* communication to this court, dated October 25, 2007.

      That letter from Verigy's counsel improperly requests a court order.  The Federal Rules of Civil Procedure require that "An application to the court for an order shall be by motion," and that a written motion must include "a written notice of the hearing of the motion."  Fed. R. Civ. Proc. 7(b)(1).  There is no basis in the Rules to request a court order by letter.  There is also no basis for a substantive opposition to be presented by letter.  **The court should ignore Verigy's *ex parte* letter on this basis alone.**

      The defendants also note that Verigy does not seek to change the protocol for production of disk drives ordered by this court.  Verigy requests only that the court strike some preliminary matter that would not change the protocol.  Thus, even if the court entertains Verigy's request, there would be no effect on any substantive issue.  Verigy's *ex parte* letter is therefore not an objection to a Magistrate's order under Fed. R. Civ. Proc. 72 or a request for leave to file a motion for reconsideration under Civil L.R. 7-9.

      Verigy's contentions in the October 25, 2007 *ex parte* letter lack merit, and due process requires that the defendants be given an opportunity to respond.  The defendants therefore request that — if the court wants to consider the issues raised in Verigy's *ex parte* letter — that the court (1) deem Verigy's *ex parte* letter to be a written motion under Fed. R. Civ. Proc. 7, and (2) set a hearing date and a schedule for opposition and reply briefs.

                                  Sincerely,

                                    /s/
                                Dan Fingerman