DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**VERIGY'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE CONFIDENTIAL SETTLEMENT COMMUNICATIONS**<br><br>Hearing: None Set<br>Judge: Honorable Howard R. Lloyd<br><br>Complaint Filed: August 22, 2007<br>Trial Date: None Set |

1  Plaintiff Verigy US, Inc. ("Verigy") respectfully submits this reply brief in support of its motion for an order granting Verigy's Motion to Strike Confidential Settlement Communications From Defendants Opposition of October 22, 2007 ("Opposition") and the Court's October 27, 2007 Order. The motion should be granted because Defendants offered and the Court relied upon Verigy's communications proposing search terms and a protocol providing for search terms that were an integral part of pre-litigation settlement negotiations. This evidence was inadmissible under F.R.E. 408.

## I.   Exhibit C was an integral part of settlement negotiations.

As a condition to the pre-litigation settlement negotiations, Plaintiff's counsel insisted that Defendants agree that the negotiations would be confidential and that the provisions of California Evidence Code Section 1152, (the equivalent of F.R.E. 408) would apply to the communications about how to facilitate settlement of the dispute. Defendants' counsel expressly agreed that this condition applied before any negotiations began. Declaration of John W. Fowler ¶ 6 ("Fowler Dec."). During follow-up emails Ms. Morton reminded Defendants of this condition when she sent a draft of a proposed protocol on July 24, 2007. She then emailed on August 6, 2007 proposed search terms in order to implement that protocol. Letter to Magistrate Lloyd from Melinda M. Morton, dated October 25, 2007, page 2 and Exhibit A (Docket No. 83).

In their Opposition Defendants do not deny their agreement regarding settlement negotiations. Instead, they contort the record in an effort to push the proposed protocol and its search terms outside of the ambit of the pre-litigation settlement discussions. The search terms never would have been communicated but for Defendants acceptance of the condition that all discussions were subject to the state and federal rules excluding settlement negotiations from evidence. Fowler Dec. ¶ 6. Had Defendants' counsel indicated they disagreed with Ms. Morton's statement that rule 408 applied to the protocol, Ms. Morton would not have sent Exhibit C and the search terms. Fowler Decl. ¶ 8. The protocol and its search terms clearly were an integral part of the overall settlement negotiations. Verigy abandoned those settlement discussions when it learned from Bob Powchowski, a business associate of Romi Mayder, that Mr. Mayder, contrary

to his representation made before settlement discussions began, had in fact used Confidential Verigy documents. (Fowler Dec. ¶ 9).

## II. Exhibit C was not offered or considered on any issue of delay.

Defendants now contend that the search terms are admissible under an exception to Rule 408 that allows for explanations of certain types of delay at issue in the case. But they can not escape the fact that Defendants did not offer Exhibit C on any issue of delay. Instead they offered Exhibit C in their letter brief of October 22, 2007 to rebut or impeach the stated position of Verigy and its counsel, Ms. Morton, that overbroad requests would not be used. Likewise, the Court's Order does not discuss Exhibit C on any issue of delay but only cites it as evidence of willingness to use an overbroad search term, and as evidence that Verigy had offered a protocol and related search terms despite work product concerns. Neither the offer nor the inferences drawn by the Court related to the only delay question at issue: whether search terms would slow the process so that the search results would arrive too late for Verigy to use them in its Reply Brief on the motion for preliminary injunction.

Defendants rely on *Freidus v. First National Bank of Counsil Bluffs,* 928 F.2d 793 (8th Cir. 1991). That case does not support their contention that the delay exception applies here. There the Plaintiff contended that the Defendant bank had delayed giving its reasons for not approving an assignment of a loan. The Court properly allowed the bank to show it had not delayed but had in fact stated its reasons in settlement communications. Here there is no issue about any delay in the pre-litigation negotiations. The *Freidus* case does not involve an "explanation" for delay as Defendants contend. Rather it stands for the proposition that where one party claims delay, the other can introduce settlement communications showing that the delay did not in fact occur.

## III. Exhibit C was offered to impeach Verigy's representation that it would not use overbroad search terms.

At the hearing, Verigy counsel, Ms. Morton, represented that Verigy would not use overbroad search terms. Defendants' counsel disagreed and in its letter brief sought to refute Verigy's representation by pointing to what they claimed was an earlier overbroad request. Thus Exhibit C was offered to refute and impeach Verigy's position and the representation of its

2

counsel. In hindsight they now contend that the purpose was not impeachment, citing *Brocklesby v. United States*, 767 F.2d 1288 (8th Cir. 1985). *Brocklesby* does not support this position. In that case a settlement between two co-defendants was allowed so that the jury would not be mislead regarding the alignment of the parties and their witnesses. *Brocklesby* does not support the contention that F.R.E 408 is limited to impeachment of actual witnesses.

### IV. Exhibit C should be excluded under F.R.E 403.

If the Court were to conclude that an exception to F.R.E. 408 applies, Verigy requests the Court exclude Exhibit C under F.R.E. 403. In fairness, Verigy should be allowed to offer evidence of communications by the defendants that may explain the reasons for taking this particular stance at one stage of the negotiations. When viewed against the full background of the settlement discussions, the probative value of Exhibit C is slight. Ms. Morton's letter has explained that a search for documents with a stand alone "V" (and not the letter "v" in any form) is reasonable given that this symbol is often used to identify Verigy and its products. The history of the entire negotiation including the terms submitted by Defendants may also help explain Verigy's request for search term "V". But such an inquiry would lead to an undue waste of time far outweighing any probative value of Exhibit C.

Verigy is not now seeking to introduce farther explanatory evidence regarding Exhibit C. It is already following the protocol established in the Order. It only asks that the improperly offered evidence be stricken.

For the forgoing reasons, Plaintiff submits that the Court should strike references to the settlement communications in Defendants' opposition and its Order.

Dated: November 16, 2007                     BERGESON, LLP


                                             By:_____/s/_____
                                                  John W. Fowler

                                             Attorneys for Plaintiff
                                             VERIGY US, INC.