1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12  | | |
|---|---|
| VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | **OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Date: December 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: None Set |

Plaintiff Verigy US, Inc., ("Verigy") hereby objects to the following evidence submitted by Defendants in support of its opposition to Verigy's application for an order to show cause re preliminary injunction set for hearing on December 14, 2007 before this Court:

**A. Declaration of Romi Omar Mayder In Support Of Defendants' Response For Order To Show Cause Re Preliminary Injunction ("Mayder Declaration")**

### OBJECTION NO. 1:

Verigy objects to and moves to strike the entire last sentence of paragraph 21, starting on line 19 with:

"…. *also it appeared that* …."

**Grounds for Objection:**

Verigy objects to the statements because there is no showing that Mayder has personal knowledge of the alleged facts in the statements. Mayder does not even identify the source of the information that "appeared" to him. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Federal Rules of Evidence ("F.R.E.") Rule 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

Verigy further objects to the statement because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

Verigy will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**OBJECTION NO. 2:**

Verigy objects to and moves to strike the first and last sentences of paragraph 26, of the Mayder Declaration, on lines 18, 19 and 21 ½ which state:

*"I felt that there would be no competition with Verigy because these custom chips were complementary, or adjacent, to Verigy's Memory chip tester business. …. I assumed they would also be willing to do so with any new business Mr. Pochowski and I formed."*

**Grounds for Objection:**

Verigy objects to the statement because there is no showing that Mayder has personal knowledge of any facts on which to base his feelings and his assumption. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Federal Rules of Evidence ("F.R.E.") Rule 602; see, *United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Verigy further objects to the statement because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Verigy will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**OBJECTION NO. 3:**

Verigy objects to and moves to strike paragraph 30 of the Mayder Declaration, at p. 9, line 25 through p. 10, line 1, which states:

*"Although in Verigy's complaint it shows a version of the …. that is marked Agilent Confidential, that very same document when viewed in the default mode of Microsoft Word does*

1 | *not show that marking."*

2 | **Grounds for Objection:**

3 | Verigy objects to the statements because there is no showing that Mayder has personal knowledge of any facts on which to base the alleged facts in the statement. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Here Mayder does not say how, by whom or when the documents were viewed. Federal Rules of Evidence ("F.R.E.") Rule 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Verigy further objects to the statement because it constitutes opinion testimony, does satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

Verigy will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

## OBJECTION NO. 4:

Verigy objects to and moves to strike paragraph 30 of the Mayder Declaration, at p. 10, lines 1 through 3, which states:

*"A true and correct copy of this view taken from the file sent to …. is shown in Exhibit D."*

**Grounds for Objection:**

Verigy objects to the statements because there is no showing that Mayder has personal knowledge of any facts on which to base the alleged facts in the statement. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated

1  therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a
2  witness simply to state that he or she has personal knowledge of the facts stated. Rather, the
3  declaration itself must contain facts showing the declarant's connection with the matters stated
4  therein, establishing the source of his or her information. Federal Rules of Evidence ("F.R.E.")
5  Rule 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Here Mayder does
6  not say how, by whom or when the documents were viewed.

7  Verigy further objects to the statement because it is speculative and should be excluded
8  pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion
9  or waste of time).

10  Verigy further objects to the statement because it constitutes opinion testimony, does
11  satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237,
12  1251 (9th Cir. 2000).

13  Verigy will respectfully request the court at the hearing on the motion to sustain the above
14  objections and to strike the evidence referred to above.

### OBJECTION NO. 5:

16  Verigy objects to and moves to strike Exhibit D to the Mayder Declaration.

**Grounds for Objection:**

18  Verigy objects to and moves to strike the document because it has not been properly
19  authenticated. Documentary evidence must be authenticated, usually by declaration by someone
20  with personal knowledge of the document's genuineness and execution. *See Hal Roach Studios,*
21  *Inc. v. Richard Feiner & Co Inc.*, 896 F2d 1542, 1550-1551 (9th Cir. 1989). A writing is not
22  authenticated simply by attaching it to an affidavit. *Beyenne v. Coleman Security Services, Inc.*,
23  854 F2d 1179, 1182 (9th Cir. 1988). Here, there is no showing that Mayder has personal
24  knowledge of the genuineness of the document.

### OBJECTION NO. 6:

26  Verigy objects to and moves to strike paragraph 43, p. 13, line 25 through p. 44, line 3 of
27  the Mayder Declaration, which states in part:

28  *"There is no significant market…."*

**Grounds for Objection:**

Verigy objects to the statements because there is no showing that Mayder has personal knowledge of any facts on which to base their conclusions. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Federal Rules of Evidence ("F.R.E.") Rule 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Verigy will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

## OBJECTION NO. 7:

Verigy objects to and moves to strike paragraph 49 of the Mayder Declaration, at lines 13 through 16, which states in part:

*"I have subsequently reviewed many existing patents and now believe ...."*

**Grounds for Objection:**

Verigy objects to the statements because there is no showing that Mayder has personal knowledge of any facts on which to base his beliefs or conclusions in the statements. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule 56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Federal Rules of Evidence ("F.R.E.") Rule 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Verigy further objects to the statements because they constitute opinion testimony, do not

1  satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

Verigy further objects to the statement as to Mayder's belief is not relevant evidence as defined by FRCP Rule 401, and should be excluded pursuant to FRCP Rule 403.

Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Verigy further objects to the statement because it constitutes opinion testimony, does satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

Verigy will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above

### B. Declaration of Richard O. Foster In Support Of Defendants' Response For Order To Show Cause Re Preliminary Injunction ("Foster Declaration")

**OBJECTION NO. 8:**

Verigy objects to and moves to strike paragraph 4 of the Foster Declaration, which states:

*"During 1994 and 1995, Anritsu was asked by Teradyne to provide certain modules which enhanced the capabilities of their testers. An internal strategic evaluation of this business opportunity revealed that Teradyne's business (and therefore Anritcu's) could be significantly impacted if additional switched (a technology already in use) were added to the probe cards thus offloading the burden from the expensive ATE testers. This would reduce the cost per channel for testing semiconductor wafers and chips. In this manner, more devices under test ("DUTS") could be tested with the same number of tester channels. Anritsu did not consider these .... ideas trade secrets because these techniques were well known and, in fact, were requested in the equipment being supplied to Teradyne by Anritsu."*

**Grounds for Objection:**

Verigy objects to the statements because there is no showing that Mayder has personal knowledge of any facts on which to base the alleged facts in the statements regarding the initial

1  evaluation of Teladyne. Declarations in support of a motion must be made by a witness having
2  personal knowledge of the facts stated therein. Federal Rules of Civil Procedure ("FRCP") Rule
3  56(e). Moreover, it is insufficient for a witness simply to state that he or she has personal
4  knowledge of the facts stated. Rather, the declaration itself must contain facts showing the
5  declarant's connection with the matters stated therein, establishing the source of his or her
6  information. Federal Rules of Evidence ("F.R.E.") Rule 602; *see, United States v. Shumway*, 100
7  F.3d 1093, 1104 (9th Cir. 1999).

8  Verigy further objects to the statements because they constitute opinion testimony, do not
9  satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237,
10  1251 (9th Cir. 2000).

11  Verigy also objects to these statements because they are not relevant evidence as defined
12  by FRCP Rule 401, and should be excluded pursuant to FRCP Rule 403. Whether another
13  manufacturer considers its ideas to be trade secrets is not probative of the issue of Verigy's trade
14  secrets.

15  Verigy will respectfully request the court at the hearing on the motion to sustain the above
16  objections and to strike the evidence referred to above.

17  **C. Declaration of Frank Swiatowiec In Support Of Defendants' Response For Order To**
18  **Show Cause Re Preliminary Injunction ("Swiatowiec Declaration")**
19  **OBJECTION NO. 9:**

20  Verigy objects to and moves to strike the first sentence of paragraph 5 lines 11 – 14 ½, of
21  the Swiatowiec Declaration, which states:

22  *"While at NanoNexus we did not consider our use of these resource sharing technologies*
23  *trade secret because they were well known and used in the industry by probe card manufacturers*
24  *(such as Teradyne – a Verigy competitor)."*

25  **Grounds for Objection:**

26  Verigy objects to the statement because it is not relevant evidence as defined by FRCP
27  Rule 401, and should be excluded pursuant to FRCP Rule 403. Whether another company
28  considers certain facts about its resource sharing technologies to be its trade secrets is not

7

1 | probative of the issue of Verigy's trade secrets.

2 | Verigy will respectfully request the court at the hearing on the motion to sustain the above
3 | objections and to strike the evidence referred to above.

4 | **D.    Declaration of Thomas Schneck In Support Of Defendants' Response For Order**
5 | **To Show Cause Re Preliminary Injunction ("Schneck Declaration")**
6 | **OBJECTION NO. 10:**

7 | Verigy objects to and moves to strike the Schneck Declaration dated October 9, 2007 in its
8 | entirety.

9 | **Grounds for Objection:**

10 | During discovery, Defendants refused to produce communications with patent counsel
11 | Thomas Schneck or his law firm as well as the patent file wrappers on the ground of the attorney-
12 | client privilege and attorney work product. Mr. Schneck's declaration submitted in support of
13 | Defendants' opposition, however, then selectively disclosed information as to the history of the
14 | prosecution of a provisional patent and a utility patent, and offers legal opinions regarding them.
15 | After filing the Schneck declaration with it's selected documents and opinions, Defendants
16 | persisted in their refusal to produce the requested documents. On October 24, 2007 Mr.
17 | Pasquinelli, Defendants' counsel, served by email a revised privilege log listing hundreds of files
18 | sent or revised by Mr. Scheck or Mr. Sheer of his office. A copy of the October 24, 2007 email
19 | and received privilege log is attached as Exhibit 27 to the Declaration of Ms. Morton (Morton Dec
20 | ¶ 29 and Exhibit 27). The Schneck documents still being withheld from Plaintiff include
21 | numerous patent applications, a 3rd and 4th provisional, non-disclosure agreements with
22 | Honeywell, data sheet for Picasso, applications descriptions, and patent disclosures.

23 | Verigy objects to the declaration because any probative value contained in the Schneck
24 | Declaration is outweighed by the prejudice to Verigy of its admission, and therefore the Schneck
25 | Declaration should be excluded pursuant to FRCP Rule 403. Defendants used the attorney-client
26 | privilege to shield information from disclosure, then used a subset of that allegedly privileged
27 | information to oppose Verigy's application for preliminary injunction, all without according
28 | Verigy the opportunity to take discovery from Mr. Schneck. Defendants should not be permitted

1  to benefit from information they withheld from discovery, and the Schneck Declaration should be
2  excluded.
3      Verigy will respectfully request the court at the hearing on the motion to sustain the above
4  objections and to strike the evidence referred to above.

5  Dated: November 16, 2007               BERGESON, LLP

7                                         By:_____/s/_____
                                              John W. Fowler

                                           Attorneys for Plaintiff
                                           VERIGY US, INC.

---

9

OBJECTIONS TO EVIDENCE IN DEFENDANTS' OPPOSITION            Case No. C07-04330 RMW (HRL)