# Exhibit 1

Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
          kspelman@mount.com
          dfingerman@mount.com
          kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Defendants' Sur-Reply in Opposition to Verigy's *Ex Parte* Letter-Motion to Strike Exhibit C** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Hearing: None<br>Judge:   Hon. Howard R. Lloyd |
| Defendants. | |

**Introduction**

This Sur-Reply addresses new matter that Verigy raised for the first time in its reply in support of its *ex parte* Letter-Motion to Strike Exhibit C.

First, Verigy introduced for the first time an argument that Exhibit C should be stricken under Federal Rule of Evidence 403. Second, Verigy filed an evidentiary declaration from its counsel, John Fowler, that introduces novel facts. Third, a significant portion of Verigy's reply brief discusses the new matter in Mr. Fowler's declaration.

A Sur-Reply is necessary and appropriate in this case, since the defendants would otherwise have no opportunity to address the new matter introduced by Verigy.[1]

**Argument**

**I. Rule 403 does not prohibit the court's consideration of Exhibit C**

**A. Exhibit C is highly probative**

Verigy asks the court to strike Exhibit C under Rule 403 but provides no cognizable reason why. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

With no analysis of Rule 403 or its caselaw, Verigy asserts that "the probative value of Exhibit C is slight." In Verigy's discovery motion, the question before the court was whether the defendants were entitled to protect their privileges and privacy from abusive incursions — or whether they were delaying, as Verigy charged. Exhibit C proves that Verigy had previously given the defendants cause for concern. The court also apparently found Exhibit C to be highly probative, and its October 24 Order discussed Verigy's past "patently overbroad" conduct.[2]

**B. Even if consideration of Exhibit C was an error, the error was "harmless"**

Verigy does not seek to change the substantive outcome of its discovery motion. Neither the *ex parte* letter-motion nor the reply suggests that the court's conclusions were incorrect or that the

---

[1] *See e.g.*, *Gambra v. International Lease Finance Corp.*, 377 F. Supp. 2d 810, 828 note 18 (C.D. Cal. 2005) (recognizing that it is appropriate to strike new matter from a reply brief, where a prejudiced party demonstrates that it contains new matter)
[2] Order on Plaintiff's Motion to Compel; October 24, 2007; at 3:16 – 4:2

Case No. 5:07-cv-04330 (RMW) (HRL) Page 1
Defendants' Sur-Reply in Opposition to Verigy's Ex Parte Letter-Motion to Strike Exhibit C

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

protective protocol it ordered is flawed. By definition, an evidentiary error that does not affect the substantive outcome of the proceeding is "harmless."[3] Rule 403 does not exclude evidence admitted by "harmless" error.[4] Accordingly, there is no reason to strike the exhibit from the record.

## II. Verigy's new matter does not establish that Exhibit C was improper under Rule 408

### A. John Fowler's declaration does not establish that Verigy contemporaneously believed Exhibit C to be a settlement communication

The declaration of John Fowler shows that Verigy requested acknowledgement from the defendants counsel "that our conference tomorrow [on July 18, 2007] is for the purpose of resolving issues regarding Verigy's trade secrets and that Section 1152 of the California Evidence Code applies to anything said during that conference." Mr. Fowler points to nothing other than his own understanding that Cal. Evid. Code § 1152 was to apply to *all* pre-litigation communications in this case — an understanding that was not communicated to the defendants until it became convenient for this motion. Verigy can point to no record that Mr. Fowler communicated his understanding to the defendants before they filed Exhibit C.

Instead, the record shows that Verigy asserted settlement-communication status for some specific communications but not for others. The conference call that Mr. Fowler refers to is one example. Other examples are given in pages 5–7 of the defendants' opposition brief. Verigy differentiated between these communications and others, where it did not appear to claim that status.

If Verigy had contemporaneously believed that the parties had agreed that *all* communications were for settlement purposes, it would not have gone out of its way to designate particular documents for that status. Even within the emails submitted by Verigy for this motion, Verigy differentiated between settlement documents attached to those emails and the text of the email chains.[5]

### B. Exhibit C was used for an allowed purpose

The defendants used Exhibit C to negate Verigy's "contention of undue delay," which Rule 408 expressly allows. Although Verigy has shown that Exhibit C proves that its counsel's statements

---

[3] *U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1099–1100 (9th Cir. 2005)
[4] *Gonzalez-Flores*, 418 F.3d at 1099–1100
[5] *See* Fowler Declaration Exhibit A; Exhibit B to Verigy's *ex parte* Letter-Motion to Strike Exhibit C. *See also* Defendants' Opposition at pages 5–7 for a fuller discussion.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

to this court were incorrect, the defendants did not use the exhibit to impeach those statements. The defendants simply did not discuss Mindy Morton's statements at the October 19 hearing about Verigy's future intentions. Instead, the defendants used Exhibit C to show that they were protecting legitimate privacy and privilege interests that were threatened by Verigy's *past* "patently overbroad" discovery requests.

Mr. Fowler testifies that the parties' agreed to use the rule of Cal. Evid. Code § 1152 — not Rule 408 for pre-litigation communications. Even if that were true, section 1152 would permit the defendants' use of Exhibit C. Like Rule 408, section 1152 bars the use of settlement communications to prove or disprove liability or the amount of a claim. The defendants submitted Exhibit C in the context of a *discovery motion*, however, which has no direct bearing on liability or damages. Thus, there was no danger that Exhibit C could be used for that purpose.

Unlike Rule 408, section 1152 does *not* bar the use of settlement communications to impeach credibility. Thus, even if the parties had agreed to abide by section 1152, the defendants would have been entitled to impeach Verigy's counsel with Exhibit C. However, since the exhibit was not used for that purpose, the distinction between Rule 408 and section 1152 in this case is purely academic.

**C. Any agreement between the parties to obey the law is irrelevant**

Even if the parties had agreed to abide by Rule 408, that agreement would be irrelevant. Since they were already bound to obey the law, such an agreement would not change the parties' rights and obligations. If the a particular document is a settlement communication, then Rule 408 applies, whether the parties agreed in advance or not. Such an agreement could have meaning only if the parties agreed to *modify* Rule 408 for this case. Since Verigy does not suggest an agreement to modify Rule 408, any alleged agreement is irrelevant.

Dated: November 16, 2007        Mount & Stoelker, P.C.
                                Daniel H. Fingerman

                                /s/
                                Attorneys for Defendants Romi Mayder, Wesley Mayder,
                                Silicon Test Systems Inc., and Silicon Test Solutions LLC

Z:\CLIENTS\S CLIENTS\Sites001\Attorney_Notes\Working Pleadings\Sur-reply re Mtn Strike Exhbit C.doc

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000