Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation,<br><br>Defendants. | Case No. 5:07-cv-04330 (RMW) (HRL)<br><br>**Defendants' Objections to Plaintiff's Evidence in Support of Reply and Supplemental Brief Re Preliminary Injunction** |

**Submitted Under Seal**
**Redacted Version For Public Filing**

Redacted Version For Public Filing

Defendants Romi Mayder, Wesley Mayder, Silicon Test Systems Inc., and Silicon Test Solutions LLC ("Defendants") object to the following evidence submitted by Plaintiffs in support of its Reply and Supplemental Brief re Order to Show Cause re Preliminary Injunction set for hearing on December 14, 2007 before this Court:

### A. Declaration of Ira Leventhal in Support of Plaintiff's Reply and Supplemental Brief Re Order to Show Cause Re Preliminary Injunction

Plaintiff relies on testimony by Ira Leventhal to attempt to identify alleged trade secrets and to identify a confidentiality policy. Mr. Leventhal is unqualified to testify as to either of these issues.

### OBJECTION NO. 1:

Defendants object to and move to strike the contents of Paragraph 6, beginning at page 3, line 16 and continuing through page 4, line 23, and beginning with:

[REDACTED]

**Grounds for Objection:**

Mr. Leventhal is not qualified to opine as to the existence of trade secrets. Mr. Leventhal's declaration identifies 24 separate Verigy trade secrets, but he conceded in this deposition that he is not qualified to opine as to the existence of any trade secrets; underscoring Mr. Leventhal's lack of qualifications, he testified that he believes trade secrets can appear in published documents. Indeed, he testified that Verigy discloses "many" of its putative trade secrets *in its patents*!



Case No. 5:07-cv-04330 (RMW) (HRL)                                                         Page 1
Objections to Plaintiff's Evidence in Support of Reply and Supplemental Brief re Preliminary Injunction

**Redacted Version For Public Filing**

[REDACTED]

Defendants object to the statements contained in paragraph 6 because they constitute opinion testimony, do not satisfy the requirements of the Federal Rules of Evidence ("F.R.E.") Rule 701, and should be excluded.[2]

Defendants further object to the contents of paragraph 6 because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

### OBJECTION NO. 2:

Defendants object to and move to strike the contents of Paragraph 4, concerning Verigy's policies concerning protecting the confidentiality of its documents.

**Grounds for Objection:**

Under California law, a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[3] Ira Leventhal testified that Verigy has a written policy for handling confidential information.[4] Having a written policy for handling confidential information may be a reasonable measure to maintain confidentiality, depending on what it instructs employees to do. The purpose of such a policy is to ensure that employees know what information is confidential and how to handle that information.

Verigy easily could have provided the best available evidence that it has such a policy — a copy of the policy itself. Instead, it elected to withhold the document from this court and to rely on

---

[1] Leventhal Deposition 10/4/07 at 46:25 - 47:19 (relevant portions of Mr. Leventhal's deposition transcript are attached as Exhibit A to the Declaration of Kathryn G. Spelman, filed and served herewith).
[2] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).
[3] Cal. Civ. Code § 3426.1(d)(2)
[4] Leventhal Deposition 10/4/07 at 48:25–49:4 (Exhibit A to Spelman Declaration).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

1  Mr. Leventhal's testimonial description. Under the "best evidence rule," the court should strike Mr.
2  Leventhal's testimony about the document's contents and infer that Verigy has no such policy.

3        The best evidence principle requires a party to provide the best available evidence to support
4  its argument. This common-law principle traces back to 18th century English law. In 1745, Lord
5  Harwicke held that evidence was inadmissible unless it was "the best that the nature of the case will
6  allow."[5] A modern embodiment of this principle is in Federal Rule of Evidence 1002: "To prove the
7  content of a writing, recording, or photograph, the original writing, recording, or photograph is
8  required."

9        As Verigy's Senior Research and Development Manager, Mr. Leventhal oversees creation of
10  Verigy confidential information and intellectual property.[6] Although he attempts to testify, in his
11  *declaration*, ███████████████████████████████████████, Mr. Leventhal
12  admitted in his *deposition* that ██████████████████████████████████████████
13  ████████████.[7]
14  ████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████

18        Testimony about the contents of a document is inadmissible if the party offering the testimony
19  could have produced the document (or a copy) in court.[9] The alleged policy in question is solely
20  within Verigy's control. Verigy elected to cause the written policy to be absent from these
21  proceedings.[10] Mr. Leventhal's testimony about ████████████████████ adds nothing

---

[5] *Omychund v Barker*, 1 Atk 21, 49; 26 ER 15, 33 (1745)
[6] *See* Ira Leventhal's first Declaration at ¶ 2 and 6–7
[7] *See* Leventhal Deposition 10/4/07 at 47–54 (Exhibit A to Spelman Declaration)
[8] Leventhal Depo 10/4/07, 54:1-9 (Exhibit A to Spelman Declaration)
[9] *U.S. v. Bennett*, 363 F.3d 947, 953–54 (9th Cir. 2004); *Dugan v. R.J. Corman R.R. Co.*, 344 F.3d 662, 669 (7th Cir. 2003); *White Industries, Inc. v. Cessna Aircraft Co.*, 611 F. Supp. 1049, 1077–78 (W.D. Mo. 1985); *R.R. Management Co. LLC v CFS La. Midstream Co.*, 428 F.3d 214 (5th Cir. 2005)
[10] *U.S. v. Bennett*, 363 F.3d at 953–54; *see* Leventhal Deposition 10/4/07 at 47–54 (Exhibit A to Spelman Declaration).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

to the policy itself — especially considering his admission that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌[11] For example, he ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌[12]

Defendants further object to the contents of paragraph 4 because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded.[13]

Defendants further object to the contents of paragraph 4 because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

## OBJECTION NO. 3:

Defendants object to and move to strike the contents of Paragraph 2, beginning at page 1, line 14 and continuing through page 2, line 7, and beginning with:

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

**Grounds for Objection:**

Defendants object to the statement because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded.[14]

Defendants further object to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

---

[11] *U.S. v. Mayans*, 17 F.3d 1174, 1184–85 (9th Cir. 1994)
[12] Leventhal Deposition 10/4/07 at 49:2–4 (Exhibit A to Spelman Declaration).
[13] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).
[14] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein.[15] It is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain facts showing the declarant's connection with the matter stated therein, establishing the source of his or her information.[16]

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

### OBJECTION NO. 4:

Defendants object to and move to strike the statement contained in Paragraph 3, page 2, lines 20 through 23, which states:

[REDACTED]

**Grounds for Objection:**

Defendants object to the statement because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded.[17]

Defendants further object to the statement because it is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**B.     Declaration of Wei Wei in Support of Plaintiff's Reply and Supplemental Brief Re Order to Show Cause re Preliminary Injunction**

---

[15] Federal Rules of Civil Procedure ("FRCP") Rule 56(e).
[16] F.R.E. 602; see, *United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).
[17] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

1  Plaintiff cites Wei Wei's declaration in support of its argument that " ███████

2  ███████████████████████████████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████████."[18] Mr. Wei's

4  declaration is replete with statements, conclusions and opinions regarding the marketing efforts and

5  intentions of both Verigy and STS. However, as stated in his declaration, Mr. Wei states that ███

6  ███████████████████████████████████████████████████████████████████████████████

7  ███████████████████████████████████████. Mr. Wei is an engineer.[19] ███████████

8  ███████████████████████████████████████████████████████████████████████████████

9  ███████████████████████████████████████████████████████████████████████████

10 

11  In his deposition, Mr. Wei confirmed that ███████████████████████████████████

12  ███████████████████████████████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████████████████████████████

14  ███████████████████████████████████.[23] However, his declaration steps

15  beyond the scope of his expertise to opine about ███████████████████████████████

16  ███████████████████████████████████████████████████████████████████████████████

17  ███████████████████████████████ Mr. Wei renders opinions and makes assumptions about

18 

19  motivations of the designers during the definition phase of both Verigy's efforts[25] and STS.[26] Mr.

20  Wei stepped far beyond his expertise and rendered speculative and improper opinion testimony. As

21  stated at the deposition,

---

[18] Plaintiff's Reply and Suppl Brief, p.4.
[19] Wei's Decl. paragraph 1
[20] Wei Decl. paragraph 5
[21] Wei Deposition 8:7-9 (relevant portions of Mr. Wei's deposition transcript are attached as Exhibit B to the Declaration of Kathryn G. Spelman, filed and served herewith).
[22] Wei Deposition 18:23-23:25 (Exhibit B to Spelman Declaration).
[23] Wei Deposition 23:16-24 (Exhibit B to Spelman Declaration).
[24] Wei Deposition 71:20-74:2 (Exhibit B to Spelman Declaration).
[25] Wei Deposition 119:5-10; 129:21-130:1 (Exhibit B to Spelman Declaration).
[26] Wei Deposition 135:22-137:8 (Exhibit B to Spelman Declaration).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

[REDACTED]

Defendants object to the following specific portions of Mr. Wei's declaration:

### OBJECTION NO. 1:

Defendants object to and move to strike the statement contained in Paragraphs 27 through 33, beginning at page 12, line 2 and continuing through page 13, line 13. All paragraphs fall under the section entitled:

[REDACTED]

**Grounds for Objection:**

The statements contained in paragraphs 27 through 33 are largely recitations or characterizations of evidence for which Mr. Wei lacks any personal knowledge. For example, Mr. Wei states, "[REDACTED]"[28] Mr. Wei then proceeds to characterize alleged statements by Defendants to reach his conclusion that [REDACTED].

Mr. Wei has not established any foundation for this conclusion, opinion, or characterization. Mr. Wei's conclusions are speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

---

[27] Wei Deposition 152:25-153:25 (Exhibit B to Spelman Declaration).
[28] Wei Decl. paragraph 27.

**Redacted Version For Public Filing**

Defendants further object to the statements because they constitute improper opinion testimony, and do not satisfy the requirements of F.R.E. 701. The statements, therefore, should be excluded.[29]

There is no showing that Mr. Wei has personal knowledge of the alleged facts contained in his statements. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein.[30] The declaration itself must contain facts showing the declarant's connection with the matter stated therein, establishing the source of his or her information.[31]

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**OBJECTION NO. 2:**

Defendants object to and move to strike the statements contained in Paragraphs 41 through 45, at page 15, lines 10 through 27. The above referenced paragraphs fall under the section untitled: ▌

**Grounds for Objection:**

The statements contained in paragraphs 41 through 44 are recitations or characterizations of evidence for which Mr. Wei lacks any personal knowledge. Paragraph 45 contains the conclusion that ▌. Mr. Wei has not established any foundation for this conclusion, opinion, or characterization. Mr. Wei stepped far beyond his expertise and rendered speculative and improper opinion testimony. The conclusions are speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

---

[29] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).
[30] FRCP Rule 56(e).
[31] F.R.E. 602; *see*, *United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

**Redacted Version For Public Filing**

Defendants further object to the statements because they constitute improper opinion testimony, and do not satisfy the requirements of F.R.E. 701. The statements, therefore, should be excluded.[32]

There is no showing that Mr. Wei has personal knowledge of the alleged facts contained in his statements. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein.[33] The declaration itself must contain facts showing the declarant's connection with the matter stated therein, establishing the source of his or her information.[34]

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**OBJECTION NO. 3:**

Defendants object to and move to strike the statements contained in Paragraph 46, at page 16, lines 1 through 7. The above referenced paragraph falls under the section untitled:

[REDACTED]

**Grounds for Objection:**

The statements contained in paragraphs 46 is an improper and unfounded conclusion outside the scope of Mr. Wei's personal knowledge or expertise. The conclusion is speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)

---

[32] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).
[33] FRCP 56(e).
[34] F.R.E.602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

**Redacted Version For Public Filing**

Defendants further object to the statements because they constitute improper opinion testimony, and do not satisfy the requirements of F.R.E. 701. The statements, therefore, should be excluded.[35]

There is no showing that Mr. Wei has personal knowledge of the alleged facts contained in his statements. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein.[36] The declaration itself must contain facts showing the declarant's connection with the matter stated therein, establishing the source of his or her information.[37]

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

**OBJECTION NO. 4:**

Defendants object to and move to strike the statements contained in Paragraphs 82 through 101, beginning at page 25, line 16 and continuing through page 32, line 4. All paragraphs fall under the section entitled:

██████████████████████████████████████████████████████████

**Grounds for Objection:**

The statements contained in paragraphs 82 through 101 are largely recitations or characterizations of various patents, leading to Mr. Wei's stated conclusion that "████████████████████████████████████████████████" Whether or not there is a publicly available solution that is the same as the ███████ is the wrong test. It is not alleged that STS is providing the same solution as the ███████. The statements contained in paragraphs 82 through

---

[35] *Price v. Kumar*, 200 F.3d 1237, 1251 (9th Cir. 2000).
[36] FRCP 56(e).
[37] F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

**Redacted Version For Public Filing**

1    101 are not relevant evidence as defined by F.R.E. 401 and should be excluded pursuant to F.R.E.
2    403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time.)
3    There is no showing that Mr. Wei has personal knowledge of the alleged facts contained in his
4    statements. Declarations in support of a motion must be made by a witness having personal
5    knowledge of the facts stated therein.[38] The declaration itself must contain facts showing the
6    declarant's connection with the matter stated therein, establishing the source of his or her
7    information.[39]
8    
9    Defendants will respectfully request the court at the hearing on the motion to sustain the
10   above objections and to strike the evidence referred to above.

**OBJECTION NO. 5:**

Defendants object to and move to strike the statements contained Paragraph 3, entitled "Executive Summary" which purports to be a summary of Mr. Wei's conclusions. Specifically, the following



---

[38] FRCP Rule 56(e).
[39] F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                Page 11
Objections to Plaintiff's Evidence in Support of Reply and Supplemental Brief re Preliminary Injunction

Redacted Version For Public Filing

**Grounds for Objection:**

The statements contained in paragraph 3, as referenced above are a summary of the conclusions reached later in Mr. Wei's Declaration. If the court sustains any of the above objections 1 through 5, then the corresponding statements contained in paragraph 3 of the Declaration should likewise be stricken on the same grounds.

Defendants will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

Dated: November 30, 2007

Mount & Stoelker, P.C.
Kathryn G. Spelman

/s/
Attorneys for Defendants Romi Mayder, Wesley Mayder, Silicon Test Systems Inc., and Silicon Test Solutions LLC