Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: dmount@mount.com
         kspelman@mount.com
         dfingerman@mount.com
         kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Defendants' Response to Verigy's Application for OSC Re: Contempt** |
| vs. | Judge:   Hon. Ronald M. Whyte |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | |
| Defendants. | |

<u>**Submitted Under Seal**</u>
<u>**Redacted Version For Public Filing**</u>

**Redacted Version For Public Filing**

1   Verigy's application for an order to show cause is an attempt to distract the court from the
2   weaknesses in its injunction application. The gravamen of Verigy's application is the alleged misuse
3   of "trade secrets" associated with its ▮▮▮▮▮ project. Verigy originally claimed that *all* the
4   concepts involved in the ▮▮▮▮▮ project were trade secrets. It disclaimed this expansive assertion
5   after its own expert admitted that substantially all the functional features in the ▮▮▮▮▮ project
6   were publicly known.

7   The basic idea behind ▮▮▮▮▮▮▮▮▮▮▮ has been publicly explained in
8   several places, including Micron's U.S. Patent No. 6,366,112 and Form Factor's U.S. Patent
9   Application Publication No. 2006/0170435. The ▮▮▮▮▮ project was ▮▮▮▮▮
10  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Verigy had acquired information ▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮.

14  Verigy's trade secrets are not the specific individual features of the
15  ▮▮▮▮▮, they are the combination of technical features embodied in the ▮▮▮▮▮ which was designed to
16  ▮▮▮▮▮. It is the combination of these elements that constitutes a trade secret.[1]

17

18  STS applies a different version of this idea to the needs of different customers (▮▮▮
19  ▮▮▮) who make NOR flash memory products. By combining ▮▮▮▮▮
20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, STS completely avoids
21  the combination that Verigy claims as its only remaining trade secret.

22  Verigy's case is based on the Defendants' conduct during the autumn of 2006. STS
23  abandoned that course of conduct in November 2006 — ten months before the TRO — when it
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
26  Verigy acknowledges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28

---

[1] Verigy's Reply brief in support of its application for an injunction at 18:1–4

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Redacted Version For Public Filing**

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2. Its contempt application (like its injunction application), however, sweeps these undisputed facts under the rug.

When the court is ready to rule on the preliminary injunction, it will be fully informed about the nature of Verigy's alleged trade secret and STS's Flash Enhancer product. The technical issues have been fully-briefed by both parties. To circumvent its weak injunction application, Verigy now seeks a second hearing where the same issues would be heard without the benefit of the completed briefing. This would double the court's effort. There is a natural economy to deferring consideration of the current application until after the court has ruled on the preliminary injunction.

The court should defer consideration of Verigy's most recent application (for sanctions for alleged misuse of a trade secret) until it has ruled on the existence of a trade secret and the propriety of issuance of a preliminary injunction. When the court takes up this issue, it should set a fair briefing schedule that allows the defendants' sufficient time to prepare an opposition.

The defendants' lead counsel will be traveling abroad during the last two weeks of December and will return to the office on January 3, 2008. To allow adequate time for a fair opportunity for the defendants to address Verigy's arguments in opposition papers, the defendants would require at least two weeks after that date. Thus, it is likely that a hearing should not occur before the last week of January or the first week of February.

Dated: December 7, 2007

Mount & Stoelker, P.C.
Daniel H. Fingerman

_____/s/_____
Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC