| | |
|---|---|
| 1  DANIEL J. BERGESON, Bar No. 105439 | **PUBLIC REDACTED VERSION** |
|    dbergeson@be-law.com | |
| 2  JOHN W. FOWLER, Bar No. 037463 | |
|    jfowler@be-law.com | |
| 3  MELINDA M. MORTON, Bar No. 209373 | |
|    mmorton@be-law.com | |
| 4  MICHAEL W. STEBBINS, Bar No. 138326 | |
|    mstebbins@be-law.com | |
| 5  BERGESON, LLP | |
|    303 Almaden Boulevard, Suite 500 | |
| 6  San Jose, CA 95110-2712 | |
|    Telephone: (408) 291-6200 | |
| 7  Facsimile: (408) 297-6000 | |

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | **OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF SUR-REPLY TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Date: December 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: None Set |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

**PUBLIC REDACTED VERSION**

1  Plaintiff Verigy US, Inc., ("Verigy") hereby objects to and moves to strike the following
2 evidence submitted by Defendants in support of their sur-reply in opposition to Verigy's
3 application for an order to show cause re: preliminary injunction, now set for hearing on
4 December 14, 2007.

5 **A. Supplemental Declaration of Romi Omar Mayder ("Mayder Declaration")**

6 **OBJECTION NO. 1:**

7 Verigy objects to and moves to strike Paragraph 3 of the Mayder Declaration which states:

8 [REDACTED]
9 [REDACTED]

10 **Grounds for Objection:**

11 Verigy objects to and moves to strike the paragraph because it is made in violation of Civil
12 L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as
13 possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any
14 statement made on information and belief must state the basis therefore. An affidavit or
15 declaration not in compliance with this rule may be stricken in whole or in part." Verigy further
16 objects to the statement because it constitutes opinion testimony, does not satisfy the requirements
17 of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

18 **OBJECTION NO. 2:**

19 Verigy objects to and moves to strike Paragraph 5 of the Mayder Declaration which states:

20 [REDACTED]
21 [REDACTED]
22 [REDACTED]
23 [REDACTED]

24 **Grounds for Objection:**

25 Verigy objects to and moves to strike the paragraph because it is made in violation of Civil
26 L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as
27 possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any
28 statement made on information and belief must state the basis therefore. An affidavit or

1  declaration not in compliance with this rule may be stricken in whole or in part." Verigy further
2  objects to the statement because it constitutes opinion testimony, does not satisfy the requirements
3  of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

### **OBJECTION NO. 3:**

5  Verigy objects to and moves to strike Paragraph 6 of the Mayder Declaration which states:

6  [redacted]
7  [redacted]
8  [redacted]
9  [redacted]

10 **Grounds for Objection:**

11 Verigy objects to and moves to strike the paragraph because it is made in violation of Civil
12 L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as
13 possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any
14 statement made on information and belief must state the basis therefore. An affidavit or
15 declaration not in compliance with this rule may be stricken in whole or in part." Verigy further
16 objects to the statement because it constitutes opinion testimony, does not satisfy the requirements
17 of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).

### **OBJECTION NO. 4:**

19 Verigy objects to and moves to strike the following portions of Paragraph 7 of the Mayder
20 Declaration, and Exhibit B mentioned therein, which state:

21 [redacted]
22 [redacted]
23 [redacted]
24 [redacted]

25 **Grounds for Objection:**

26 Verigy objects to the statements because there is no foundation for Mayder's statements
27 about Navigant's work, its findings, or the creation of or basis for Exhibit B. Declarations in
28 support of a motion must be made by a witness having personal knowledge of the facts stated

OBJECTIONS TO EVIDENCE IN DEFENDANTS' OPPOSITION                    Case No. C07-04330 RMW (HRL)

therein. F.R.C.P. 56(e); *see* Civil L.R. 7-5(b). It is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Verigy further objects to the statements because they constitute opinion testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000). Verigy further objects to the statements because they are speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Verigy also objects to and moves to strike the document attached as Exhibit B because it has not been properly authenticated. Documentary evidence must be authenticated, usually by declaration by someone with personal knowledge of the document's genuineness and execution. *See, Hal Roach Studios, Inc. v. Richard Feiner & Co Inc.,* 896 F2d 1542, 1550-1551 (9th Cir. 1989). A writing is not authenticated simply by attaching it to an affidavit. *Beyenne v. Coleman Security Services, Inc.*, 854 F2d 1179, 1182 (9th Cir. 1988). Here, there is no showing that Mayder has personal knowledge of the genuineness of the document or of the nature of its contents.

Mayder has not demonstrated his personal knowledge about Navigant's work and is therefore incompetent to testify about Exhibit B or characterize what it states or purportedly "confirms."

## OBJECTION NO. 5:

Verigy objects to and moves to strike the following portion of Paragraph 7 of the Mayder Declaration which states:

[redacted]

**Grounds for Objection:**

Verigy objects to the statement because it constitutes opinion testimony, does not satisfy

1  the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251

2  (9th Cir. 2000).  Verigy further objects to the statements because they are speculative and should

3  be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice,

4  confusion or waste of time).  Verigy further objects to the statements because they are contradicted

5  by the terms of the ARCIPD itself, which does not require Mayder to "destroy any confidential

6  information," but rather "[u]pon termination of [his] employment with Verigy. . . to *return* all

7  Verigy property to Verigy." (Emphasis added) (*See* Mayder Declaration, Exhibit C, Section 8.)

**OBJECTION NO. 6:**

9  Verigy objects to and moves to strike portions of Paragraph 9 of the Mayder Declaration

10 which state: ██████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ███████████████ █ ████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████████

17 ████████

18 **Grounds for Objection:**

19  Verigy objects to and moves to strike the statements because they are made in violation of

20 Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

21 much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

22 Any statement made on information and belief must state the basis therefore.  An affidavit or

23 declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

24 objects to the statements because they constitute opinion testimony, does not satisfy the

25 requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

26 Cir. 2000).  Verigy further objects to the statements because they are speculative and should be

27 excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice,

28 confusion or waste of time).

1   Mayder includes impermissible argument in the declaration and contradicts the plain

2   language of Exhibit G which is an e-mail between **other** parties and which indicates that it is

3   ████████████████████████████████████████████████████████████

4   ██████████████████████████████

### OBJECTION NO. 7:

6   Verigy objects to and moves to strike the following portion of Paragraph 11 (p. 4, lines 11-

7   13) of the Mayder Declaration which states:

8   ████████████████████████████████████████████████████████████

9   ██████████████████████████████

**Grounds for Objection:**

Verigy objects to the statement because there is no showing that Mayder has personal knowledge for the state of mind of Touchdown's Board of Directors. Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein. FRCP 56(e), *see* Civil L.R. 7-5(b). The declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Verigy further objects to the statement because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000). Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

### OBJECTION NO. 8:

Verigy objects to and moves to strike the following portion of Paragraph 11 (p. 4, lines 16-19) of the Mayder Declaration which states:

25   ████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28   ██████████████████████████████

1  **Grounds for Objection:**

2  Verigy objects to the statement in the last quoted sentence because, contrary to Mayder's
3  assertion, the e-mail communications were subject to a non-disclosure agreement between
4  Honeywell and Agilent (Verigy's predecessor-in-interest) which had an effective date of April 22,
5  2006. (*See* Declaration of Michael W. Stebbins in Support of Evidentiary Objections, etc.
6  ["Stebbins Decl."] at Ex. 2 [Agilent Technologies Confidential Disclosure Agreement, April 22,
7  2006, labeled VER02470-VER02471].)

8  **OBJECTION NO. 9:**

9  Verigy objects to and moves to strike the following portions of Paragraph 24 of the
10  Mayder Declaration which state:

11  

12  

13  

14  **Grounds for Objection:**

15  Verigy objects to and moves to strike the statements because they are made in violation of
16  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as
17  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.
18  Any statement made on information and belief must state the basis therefore. An affidavit or
19  declaration not in compliance with this rule may be stricken in whole or in part." Verigy further
20  objects to the statements because they are speculative and should be excluded pursuant to F.R.E.
21  403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).
22  Verigy further objects to the first sentence quoted as impermissible hearsay not falling within any
23  exception. F.R.E. 802, 803.

24  There is no admissible evidence that Mr. Pochowski "assured" Mayder that he would sign
25  the operating agreement. Mayder further mischaracterizes Exhibit L to argue that Mr. Pochowski
26  "planned to sign" the document; however, the e-mail from Mr. Pochowski states only: "Do you
27  have an electronic copy of the document that I can email to the attorney." (*See* Mayder
28  Declaration, Exhibit L, p. 2, top of the page.)

6

OBJECTIONS TO EVIDENCE IN DEFENDANTS' OPPOSITION          Case No. C07-04330 RMW (HRL)

**OBJECTION NO. 10:**

Verigy objects to and moves to strike Paragraph 30 of the Mayder Declaration which states: ███████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████

**Grounds for Objection:**

Verigy objects to and moves to strike the statements because they are made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made on information and belief must state the basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Mayder's statements are impermissible argument.

Verigy further objects to the statements because they contradict Mayder's deposition testimony regarding the lab notebook. *See, Cleveland v. Policy Management Systems Corp.* (1999) 526 U.S. 795, 806 (party cannot create an issue of fact by submitting declaration contradicting his own deposition testimony); *Block v. City of Los Angeles* (9th Cir. 2001) 253 F.3d 410, 419, fn. 2. When asked about what is in the lab notebook, Mayder stated that it ██████████
████████████████████████████. (*See* Stebbins Decl., Ex. 1 [Mayder Depo. Transcript] at 35:15-36:24.) He also testified that ████████████████████████████████████████████. (*Id.* at 120:19-24). He also testified that his first contact with ████████████████████████████
████████████████████████ (*Id.* at 115:25-117:19.) When asked about the circumstances surrounding ████████████████, Mayder initially said that he had ████████████████

1  [REDACTED] (*Id.* at 126:22-
2  131:2; 133:14-134:23.)  He stated he believed [REDACTED]
3  [REDACTED]
4  [REDACTED] (*Id.* at 134:11-23.)  Mayder finally admitted that he could not
5  say exactly when he [REDACTED] (*Id.* at 131:3-18.)  But he admitted he
6  contacted [REDACTED]
7  [REDACTED] (*Id.* at 147:18-148:16.)
8      Mayder attempted to justify his fraud by stating in deposition that [REDACTED]
9  [REDACTED]
10 [REDACTED] (*Id.* at 136:9-
11 137:7.)  He tried to justify this further by stating if [REDACTED]
12 [REDACTED] (*Id.* at
13 137:8-13.)  Mayder's most recent declaration states that the [REDACTED]
14 [REDACTED] (Mayder Decl. at ¶¶26-27).  Accordingly, the statements in
15 that declaration are inconsistent with his prior deposition testimony that indicated creation of the
16 notebook began much earlier in time and should be stricken.

### **OBJECTION NO. 11:**

18     Verigy objects to and moves to strike portions of Paragraph 33 of the Mayder Declaration
19 which state: [REDACTED]
20 [REDACTED]
21 [REDACTED]
22 [REDACTED]
23 [REDACTED]
24 [REDACTED]

**Grounds for Objection:**

26     Verigy objects to and moves to strike the statements because they are made in violation of
27 Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as
28 much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.



1  Any statement made on information and belief must state the basis therefore.  An affidavit or
2  declaration not in compliance with this rule may be stricken in whole or in part." Verigy further
3  objects to the statements because they are speculative and should be excluded pursuant to F.R.E
4  403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).
5  　　　Mayder's statements are impermissible argument and mischaracterize the fact (as set forth
6  in Morton Supp. Decl., Ex. 14) that he wrote a letter to the ▇▇▇▇▇ that he had not
7  actually stopped working at Verigy, but that he was merely "on leave."

### B. Declaration of Kevin M. Pasquinelli In Support Of Defendants' Sur-Reply For Order To Show Cause Re Preliminary Injunction ("Pasquinelli Declaration")

**OBJECTION NO. 12:**

Verigy objects to and moves to strike Paragraph 3 of the Pasquinelli Declaration (pp. 3:1-6:9 (Text omitted, but attached as Stebbins Decl., Exhibit 3):

**Grounds for Objection:**

Verigy objects to and moves to strike the paragraph because it is made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.  Any statement made on information and belief must state the basis therefore.  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Verigy further objects to the paragraph because it constitutes opinion testimony, does not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000). Verigy further objects to the paragraph as lacking the proper foundation.  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Verigy further objects to the statement because it is speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

The paragraph consists of impermissible argument in violation of the above rules, as well as the agreed upon 17 page limit for Defendants' brief.  (*See also*, Stebbins Decl., Ex. 4 ▇▇▇▇

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ )

### C. Declaration of Ben Francois In Support Of Defendants' Sur-Reply For Order To Show Cause Re Preliminary Injunction ("Francois Declaration")

**OBJECTION NO. 13:**

Verigy objects to and moves to strike Paragraph 3 of the Francois Declaration which states in relevant part: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Grounds for the Objection**

Verigy objects to and moves to strike the statements because they are made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made on information and belief must state the basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Verigy further objects to the statements allegedly made by Mayder as impermissible hearsay not falling within any exception. F.R.E. 802, 803.

**OBJECTION NO. 14:**

Verigy objects to and moves to strike Paragraph 4 of the Francois Declaration which states in relevant part: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Grounds for the Objection**

Verigy objects to and moves to strike the statements because they are made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made on information and belief must state the basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Verigy further objects to the statements allegedly made by Mayder as impermissible hearsay not falling within any exception. F.R.E. 802, 803.

1  / / /

2  **OBJECTION NO. 15:**

3  Verigy objects to and moves to strike Paragraph 6 of the Francois Declaration which states

4  in relevant part:

8  (Emphasis in original.)

9  **Grounds for the Objection**

10  Verigy objects to and moves to strike the statements because they are made in violation of

11  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

12  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

13  Any statement made on information and belief must state the basis therefore.  An affidavit or

14  declaration not in compliance with this rule may be stricken in whole or in part."

15  Francois is not stating fact, but rather trying to argue that the clear language of the e-mail

16  does not mean what it says.

18  **D.     Declaration of Dick Weber In Support Of Defendants' Sur-Reply For Order To**

19  **Show Cause Re Preliminary Injunction ("Weber Declaration")**

20  **OBJECTION NO. 16:**

21  Verigy objects to and moves to strike the Weber Declaration in its entirety.

22  **Grounds for Objection:**

23  Verigy object to and moves to strike the Weber Declaration in its entirety because

1  ██████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████
3  ██████████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████
5
6  ███████████████████████████████  Verigy further objects to the statements because
7  they are speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant
8  evidence based on grounds of prejudice, confusion or waste of time).
9
10 Dated:  December 13, 2007              BERGESON, LLP
11
12                                        By:_____/s/_____
13                                                  Michael W. Stebbins
14                                        Attorneys for Plaintiff
                                          VERIGY US, INC.