Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
         kspelman@mount.com
         dfingerman@mount.com
         kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Declaration of Kevin M. Pasquinelli in Support of Defendants' Administrative Motion For Leave To File Documents Under Seal** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Judge:   Hon. Ronald M. Whyte |
| Defendants. | |

I, Kevin M. Pasquinelli, declare as follows:

1. I am an attorney with the law firm of Mount & Stoelker, P.C., counsel for the Defendants in this action, Romi Mayder, Wesley Mayder, Silicon Test Systems Inc., and Silicon Test Solutions LLC (collectively, "Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called upon to testify in this Court as to those facts, my testimony would be as stated herein.

2. I submit this declaration in support of the Defendants' Administrative Motion For Leave To File Documents Under Seal.

3. I have reviewed the documents entitled " Defendants' Brief in Response to Verigy's Evidentiary Objection " and Exhibits B and Exhibit C to the Declaration of Kevin M. Pasquinelli in Support of Defendants Brief in Response to Verigy's Evidentiary Objection. I have determined that these documents contain information that has been designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by one or more parties under the Stipulated Protective Order (although the Defendants reserve the right to challenge certain designations asserted by Verigy).

4. I have concluded that the parties' confidentiality interest therefore overcomes the right of public access to the record, as a substantial probability exists that the parties' overriding confidentiality interests will be prejudiced if the record is not sealed. The proposed sealing is narrowly tailored, and I am not aware of any less-restrictive means to achieve the parties' overriding interests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the date below at San Jose, California.

Dated: January 14, 2008          Kevin M. Pasquinelli

                                                 /s/