Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Defendants' Brief in Response to Verigy's Evidentiary Objection** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Date: January 15, 2007<br>Time: 2:00 p.m.<br>Judge: Hon. Ronald M. Whyte |
| Defendants. | |

**Table of Contents**

I. Brief Review of Relevant Facts ..................................................................................................1
II. Legal Arguments........................................................................................................................4
    Authority to Sign a Declaration is Not Relevant to Its Admissibility ...............................4
    Verigy Has No Standing to Assert Whether Mr. Weber has Authority............................5
    Mr. Weber Was Within His Scope of Employment ........................................................5
Conclusion and Prayer for Relief ....................................................................................................6

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  **I.    Brief Review of Relevant Facts**



Subsequent to the filing of their evidentiary objection Verigy subpoened and deposed Intel's FRCP 30(b)(6) designee[4] on January 9, 2008.[5] Intel produced David Leo McMann as their FRCP 30(b)(6) designee, the manager of Dick Weber at the time he signed the Declaration.[6]



---

[1] Objections to Defendants' Evidence in Support of Sur-Reply to Order to Show Cause Re Preliminary Injunction, Objection No. 16, page 11-12.
[2] Declaration of Michael W. Stebbins in Support of Plaintiff's Objections to Defendants' Evidence in Support of Sur-Reply to Order to Show Cause re: Preliminary Injunction, ¶6.
[3] Id.
[4] Declaration of Kevin M. Pasquinelli in Support of Reply to Verigy Evidentiary Objections, Exhibit A: Subpoena in a Civil Case.
[5] Declaration of Kevin M. Pasquinelli in Support of Reply to Verigy Evidentiary Objections ¶3.
[6] Declaration of Kevin M. Pasquinelli in Support of Reply to Verigy Evidentiary Objections, Exhibit B: Deposition Testimony of David Leo McMann, Intel's FRCP 30(b)(6) designee. (Hereinafter referred to as Deposition Testimony of Mr. David Leo McMann) pg 15, line 20.



- [redacted]

(TS) [within redaction on line 9]

---

[7] Deposition Testimony of Mr. David Leo McMann, pg 18 line 21 to pg 19 line 2..
[8] Deposition Testimony of Mr. David Leo McMann, pg 41, lines 21-25..
[9] Declaration of Kevin M. Pasquinelli in Support of Reply to Verigy Evidentiary Objections, Exhibit C: Highly Confidential – Attorney Eyes Only -- Deposition Testimony of David Leo McMann, Intel's FRCP 30(b)(6) designee. (Hereinafter referred to as AEO Deposition Testimony of Mr. David Leo McMann) pg 7 lines 16 – 25.
[10] Deposition Testimony of Mr. David Leo McMann, pg 56 lines 16-21.
[11] AEO Deposition Testimony of Mr. David Leo McMann, pg 7 lines 10-25.
[12] AEO Deposition Testimony of Mr. David Leo McMann) pg 7 lines 16 – 25.
[13] Deposition Testimony of Mr. David Leo McMann, pg 42, line 14 to pg 43 line 1.
[14] Deposition Testimony of Mr. David Leo McMann, pg 43 lines 11-15.
[15] AEO Deposition Testimony of Mr. David Leo McMann) pg 5 line 13 to pg 7 line 5, pg 8 lines 13 to 17.
[16] Deposition Testimony of Mr. David Leo DcMann, pg 55, line 15 to pg 56 line 3.
[17] Deposition Testimony of Mr. David Leo McMann, pg 19, lines 18-19.
[18] Deposition Testimony of Mr. David Leo McMann, pg 36, lines 14-19.
[19] Deposition Testimony of Mr. David Leo McMann, pg 27, lines 12-16.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

- █████████████████████████████████████
2. █████████████████████████████████████████
3. ████████████████████████████
4. █ ███████████████████████████████████████
5. ██████████████████████████
6. █ ███████████████████████████████████
7. █████████████████████████████████████
8. █████████████████████████████████
9. ████ █████████████████████████████████ █
10. █ ███████████████████████████████████
11. ███████████████████████████████
12. ████████████████████████ █ ██████████████
13. ████████████████████████████
14. ███████████████████████████████
15. ████

████████████████████
████████████████████
████████████████████
████████████████████

█████████████████████████
█████████████████████████
█████████████████████████

█████████████████████████
█████████████████████████

---

[20] Deposition Testimony of Mr. David Leo McMann, pg 27, line 24 to page 28 line 2.
[21] Deposition Testimony of Mr. David Leo McMann, pg 27 line 1-4.
[22] Deposition Testimony of Mr. David Leo McMann, pg 34.
[23] Deposition Testimony of Mr. David Leo Dcumann, pg 36, lines 14-19.
[24] Deposition Testimony of Mr. David Leo McMann, pg 35, lines 2-7..
[25] Deposition Testimony of Mr. David Leo McMann, pg 40, lines 12-19.
[26] Deposition Testimony of Mr. David Leo McMann, pg 51, line 1 through pg 52 line 3.

Case No. 5:07-cv-04330 (RMW) (HRL)  Page 3
Defendants' Brief in Response to Verigy's Evidentiary Objection

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

## II. Legal Arguments

**Authority to Sign a Declaration is Not Relevant to Its Admissibility**

Verigy does not state any legal statute or case decision in support of its argument that lack of actual authority from one's legal department to sign a declaration makes it inadmissible. None exists because even if Mr. Weber was not explicitly granted such authority he had personal knowledge of the facts stated therein, which is the only relevant legal standard for admissibility.

When a motion is based on facts not appearing of record," the court has discretion to resolve factual disputes on affidavits.[27] Declarations under penalty of perjury can be used in place of affidavits with like force and effect.[28] Although the same rules of admissibility apply when evidence is offered pursuant to FRCP 43(e), admissibility is not required for TROs and preliminary injunctions. If admissibility is required it means that the declarations must (1) be made by witnesses having personal knowledge of the facts stated therein; and (2) state facts that would be admissible evidence.[29] Dick Weber had personal knowledge of all of the product specifications and requirements stated in the Weber declaration.

Even if the Weber Declaration were not admissible at trial it can be admitted in considering preliminary injunctions and temporary restraining orders ("TRO") pursuant to FRCP 65. Due to the urgent nature of the proceedings and the limited time involved courts may consider evidence not conforming to the federal rules of evidence.[30]

Verigy has made no assertions that the Weber Declaration is factually inaccurate or that Mr. Weber does not have personal knowledge of the facts stated. Therefore, the Weber Declaration should be admitted into evidence.

---

[27] FRCP 43(e).
[28] 28 USc §1746, Knight v. United States (D ZA 1993) 845 F. Supp. 1372, 1374-1374, aff'd (9th Cir. 1996).
[29] Beyene v. Coleman Security Services, Inc. (9th Cir. 1988) 854 F2d 1179, 1181.
[30] Flynt Distrib. Co., Inc., v. Harvey (9th Cir. 1984) 734 F2d 1389, 1394.

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                            Page 4
Defendants' Brief in Response to Verigy's Evidentiary Objection

**Verigy Has No Standing to Assert Whether Mr. Weber has Authority**

In general, if employees are within the scope of their employment the employer may be held liable for the employees' actions.[31] This doctrine of respondeat superior is typically asserted when a third party wishes to bind the employer to liability for the acts of the employee.

**Mr. Weber Was Within His Scope of Employment**

If the Court determines that Verigy has standing Mr. Weber must have had signature authority for the Declaration to be admissible, Verigy's argument still fails because Mr. Weber was within his scope of employment. The fact that Intel's legal department, through its 30(b)(6) designee, Mr. McMann,

Under CA Civil Code §2338 "a principal is responsible to third persons for the negligence of his agent in the transaction of the business." "Authorization of [a] master to perform act[s] which . . . need not be expressly conferred in order to fasten liability on [the] master, but responsibility attaches to [the] master if [an] act is committed by virtue of authority which may fairly be implied from [the] nature of employment and duties incident thereto.[32] "In determining that [an] employee was acting in [the] course of his employment at [the] time of alleged tort, ***it is not necessary to find that he had authority to do a particular act which resulted[the] in injury complained of.***" (emphasis added)[33]

---

[31] CA Civil Code §2338.
[32] Jameson v. Gavett (1937, Cal App) 22 Cal App 2d 646.
[33] DeMirjian v. Ideal Heating Corp. (1954 Cal App) 129 Cal App 2d 758, 278 P2d 114.

1  was also authorized to sign such a declaration. Similarly, it is also proper for the Court to find that it
2  was within Mr. Weber's authority to sign the Declaration.

3  **Conclusion and Prayer for Relief**

4  Whether Mr. Weber had the explicit authority to sign the Declaration is irrelevant to its
5  admissibility. Furthermore, Verigy lacks standing to make any evidentiary objections. Lastly, the
6  opinion of Intel's legal department, and even Intel's 30(b)(6) designee, is not dispositive of whether
7  Mr. Weber had the authority to sign the declaration. Defendants respectfully submit and request that
8  the Court admit Dick Weber's Supplemental Declaration into evidence in its entirety.

10  Dated: January 14, 2008  　　　　　Mount & Stoelker, P.C.
　　　　　　　　　　　　　　　　　　Kevin M. Pasquinelli

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Attorneys for Defendants Romi Mayder, Wesley Mayder,
　　　　　　　　　　　　　　　　　　Silicon Test Systems Inc., and Silicon Test Solutions LLC

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

Case No. 5:07-cv-04330 (RMW) (HRL)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6
Defendants' Brief in Response to Verigy's Evidentiary Objection