Daniel S. Mount, Esq. (State Bar No. 77517)
Kathryn G. Spelman (State Bar No. 154512)
Dan Fingerman (State Bar No. 229683)
Kevin Pasquinelli (State Bar No. 246985)
Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473

Attorneys for Defendants Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2711
TELEPHONE (408) 279-7000

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual, WESLEY MAYDER, an individual, SILICON TEST SYSTEMS, INC. a California Corporation, SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | **Civil Case No.: C07-04330 RMW (HRL)**<br><br>**DECLARATION OF KEVIN M. PASQUINELLI IN SUPPORT OF DEFENDANTS BRIEF IN RESPONSE TO VERIGY'S EVIDENTIARY OBJECTION**<br><br>Hearing Date: January 15, 2008<br>Time: 2:00 pm.<br>Judge: Hon. Judge Whyte |

1

DECLARATION OF KEVIN M. PASQUINELLI IN SUPPORT OF DEFENDANTS BRIEF IN RESPONSE TO VERIGY'S EVIDENTIARY OBJECTION
**Civil Case No.:** C07-04330 RMW (HRL)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2711
TELEPHONE (408) 279-7000

I, Kevin M. Pasquinelli, declare as follows:

1. I am an attorney with the law firm of Mount & Stoelker, P.C., counsel for Defendants Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC. I have personal knowledge of the facts set forth in this declaration and, if called upon to testify in this Court as to those facts, my testimony would be as stated herein.

2. Attached as Exhibit A is a true and correct copy of the *Subpoena duces tecum* served by Verigy on Intel.

3. On January 9, 2008 at 9:00 A.M. the deposition of Intel's 30(b)(6) designee, David Leo McMann, occurred at Esquire Deposition Services, 520 Capital Mall, Suite 250, Sacramento, California 95184.

4. Attached as Exhibit B is a true and correct copy of the non-Highly Confidential deposition transcript of Intel's 30(b)(6) designee, David Leo McMann held on January 9, 2008.

5. Attached as Exhibit C is a true and correct copy of the -Highly Confidential – Attorneys Eyes Only -- deposition transcript of Intel's 30(b)(6) designee, David Leo McMann held on January 9, 2008.

I declare, under penalty of perjury under the laws of the United States, the foregoing is true and correct. Executed this _14th___ day of January, 2008 in San Jose, California.

Mount & Stoelker, P.C.
Kevin M. Pasquinelli

/s/
Attorney for Defendants Romi Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

DATE REC'D/ORIG 12-27-07
FILE # SMTES001
CAL'N'D
BY MM KMP
DATE 1/9 - depo production
DATE Sacramento
DATE
COPY TO CLIENT DSM, KWS DHF, KMP

**Issued by the**

UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

Verigy US, Inc., a Delaware Corporation

v.

Romi Omar Mayder, an individual; Wesley Mayder, an individual; Silicon Test Systems, Inc., a California Corporation; Silicon Test Solutions, LL

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] C07 04330 RMW (HRL)

TO: Intel Corporation
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. ~~See Attachment A~~

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 520 Capital Mall, Suite 250, Sacramento, California 95814 | January 9, 2008 9:00 A.M. |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 520 Capital Mall, Suite 250, Sacramento, California 95814 | January 9, 2008 at 9:00 A.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael W. Stebbins | December 21, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael W. Stebbins, Attorney-at-Law

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

**DEFINITIONS**

1. "DOCUMENT" is intended to be understood in its broadest sense and without limitation, refers to the original and any copies of every tangible form of recorded information, including, without limitation, all writings, drawings, graphs, charts, photographs, phone records, video or audiotapes, websites, webpages, and any other data compilations from which information can be obtained, either directly or with the aid of a machine or device, whether printed, recorded, reproduced by any process, or written or prepared by hand, including the following: correspondence, letters, e-mails, memoranda, telexes, reports, COMMUNICATIONS, agreements, contracts, diaries, calendars, minutes or records of conferences, reports or summaries of interviews, reports or other records of investigations, opinions or reports of consultants, surveys, reports or other records (including recordings) of oral conversations, computer printouts and computer databases, PowerPoint presentations, manuals, advertisements, circulars, trade letters, press releases, drafts and revisions of any documents, original or preliminary notes, workpapers, ledgers, bills, invoices, shipping documents, receipts, orders, books, records and files.

2. "COMMUNICATION" means any oral or written utterance, notation, or statement of any nature whatsoever, specifically including, but not limited to letters, e - mails, personal or telephonic conversations, discussion, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects such communication, whether internal or to or from third parties or affiliates.

3. "PERSON," as well as pronouns referring thereto, includes not only natural persons, but also corporations, companies, limited liability companies, firms, partnerships, associations, joint ventures, and any other entity or units thereof.

4. "RELATING TO" means comprising, constituting, reflecting, relating to, referring to, stating, describing, recording, evidencing, noting, embodying, containing, mentioning, studying, analyzing, discussing, and evaluating.

5. "THIS LAWSUIT" means the legal action entitled "Verigy Us, Inc.,

2

PLAINTIFF VERIGY US, INC.'S NOTICE OF DEPOSITION OF TAKING RULE 30(b)(6) DEPOSITION OF INTEL
CASE NO. C07 04330 RMW (HRL)

vs.Romi Omar Mayder, et al., United States District Court, Northern District of California, San Jose Division, Action No. C07-04330 RMW (HRL).

6. "PLAINTIFF" and "VERIGY" means and refers to the Plaintiff herein, Verigy US, Inc., its subsidiaries, corporate parent, directors, officers, employees, agents, representatives, and attorneys, and each PERSON acting on their behalf or under their control. VERIGY also means and refers to VERIGY's predecessor in interest Agilent Corporation.

7. "DEFENDANTS" means and refers to each defendant named herein, including Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Systems, LLC, and, where applicable, their officers, directors, managers, employees, agents or attorneys.

## DOCUMENT REQUESTS

1. All COMMUNICATIONS between Dick Weber and Silicon Test Systems, Inc. and/or Romi Omar Mayder from September 2006 to the present.

## DEPOSITION TOPICS

1. Dick Weber's lack of authority to submit declarations in THIS LAWSUIT on behalf of Intel Corporation.

2. The affect on Intel Corporation of the Court's issuance of a preliminary injunction in THIS LAWSUIT.

3. Intel Corporation's actual or planned use or purchase of product(s) from DEFENDANTS as of December 2007.

PROOF OF SERVICE

I, Virginia Ross, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On December 21, 2007, I served the within:

**PLAINTIFF VERIGY US, INC.'S NOTICE OF DEPOSITION OF TAKING RULE 30(b)(6) DEPOSITION OF INTEL**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

X BY ELECTRONIC MAIL: I caused said documents to be sent via electronic mail to the interested party at the following email listed below. FRCP Title II, §5(b)(2)(D).

| | |
|---|---|
| Daniel S. Mount, Esq.<br>Kevin M. Pasquinelli, Esq.<br>MOUNT & STOELKER PC<br>River Park Tower, Suite 1650<br>333 W. San Carlos<br>San Jose, CA 95110<br>Ph: 408.279.7000 ext. 1126<br>Fax: 408.998.1473<br>Email: dmount@mount.com<br>Email: kpasquinelli@mount.com | Anthony L. Marks, Esq.<br>Perkins Coie Brown & Bain<br>2901 N. Central Ave., Suite 2000<br>Phoenix, AZ 85012<br>Email: amarks@perkinscoie.com |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 21, 2007, at San Jose, California.

Virginia Ross

1

PLAINTIFF VERIGY US, INC.'S NOTICE OF DEPOSITION OF TAKING RULE 30(b)(6) DEPOSITION OF INTEL
CASE NO. C07 04330 RMW (HRL)

# EXHIBIT B

# EXHIBIT FILED UNDER SEAL

# EXHIBIT C

# EXHIBIT FILED UNDER SEAL