DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>    Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**REPLY TO DEFENDANTS' BRIEF IN RESPONSE TO VERIGY'S EVIDENTIARY OBJECTIONS**<br><br>Date: January 15, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte<br><br>Complaint Filed:   August 22, 2007<br>Trial Date:              None Set |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

Plaintiff Verigy US, Inc. ("Verigy") hereby submits this reply in response to defendants' brief in response to Verigy's objections to and motion to strike certain evidence in connection with the preliminary injunction hearing.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Defendants have filed a brief in response to the evidentiary objections Verigy properly filed on December 13, 2007 in advance of the original December 14, 2007 preliminary injunction hearing. Defendants' brief is chiefly focused on Verigy's objection to and motion to strike the two "Declarations of Dick Weber *of Intel Corporation*" (emphasis added), to which defendants have attempted to attach great importance. Verigy objected to Weber's declarations because he was not a managerial employee, was never authorized to provide the declarations at all, was, we now learn, was *specifically told* not to get involved in the pending dispute and, quite clearly, was not and is not authorized to speak for Intel Corporation, despite defendants' transparent attempt to attach some gravity to his assertions.

Intel's outside counsel informed defendants as much via letter dated December 17, 2007 indicating that the declarations were unauthorized and inaccurate. (*See* Stebbins Supp. Decl., Ex. 5.) On December 21, 2007, pursuant to Fed. R. Civ. Pro. 30(b)(6), Verigy served Intel with a deposition subpoena on three topics: (1) Weber's lack of authority to submit these declarations; (2) the potential affect of a preliminary injunction on Intel; and (3) Intel's actual or planned use of defendants' Flash Enhancer ASIC. (*See* Pasquinelli Decl. Re: Ev. Obj., dated January 14, 2008 ["Pasquinelli Obj. Decl."], Exhibit A.)

Intel produced some documents in advance of the deposition, including e-mail in which Mayder states "The first Flash Enhancer chips have arrived" and which reveal he thereafter shared prototypes with Intel. (*See* Stebbins Supp. Decl., Ex. 6 [170DOC000004].)

On January 9, 2008, Intel's designee, David McMann, Weber's immediate supervisor, was deposed. Defendants have either mischaracterized or omitted altogether some of his relevant testimony. During this deposition, Mr. McMann confirmed that:

- Mayder never told Intel that Verigy alleged that he had stolen its trade secrets, he merely stated that "Verigy was upset with what he was doing and the technology he

was using." (Pasquinelli Obj. Decl., Ex. B [Transcript of Deposition of David L. McMann, dated January 9, 2008 ("McMann Depo.") at 22:1-9; 42:5-13.)

- Mayder never told Intel that he had worked on a resource sharing solution while employed at Verigy immediately prior to starting Silicon Test Systems, Inc. ("STS") (McMann Depo. at 54:14-23; 54:14-55:8.)
- After being told of the dispute, McMann immediately told every team member in a one-on-one conversation not to get involved in the dispute in any way. (*Id.* at 21:9-25.)
- McMann first learned of the Weber declarations when contacted by Intel's counsel [in mid-December] (*Id.* at 25:22.)
- Weber was never authorized to submit the declarations. (*Id.* at 25:23-26:6; 27:1-4.)
- If an injunction issued by this Court and Flash Enhancer is not shipped, there would be no present affect on Intel. (*Id.* at 33:24-34:5.)
- Intel has plans to spin off its NOR Flash Memory group (as a joint venture with ST Microelectronics called "Numonyx") (*Id.* at 34:6-9.)
- Weber is not going to be working for Numonyx. (*Id.* at 37:6-8.)
- Other companies are producing devices which could be considered competitive to the Flash Enhancer (*Id.* at 47:22-25) and ███████████████ ███████████████████████████ ████ (See Pasquinelli Ev. Decl., Ex. C [Confidential Portions of McMann Depo.] at 9:3-13.)
- Mayder did not inform Intel that there was a temporary restraining order in this action. (Pasquinelli Ev. Decl., Ex. B [McMann Depo. at 35:18].)
- After learning of the temporary restraining order, Intel stopped evaluating the Flash Enhancer product and its outside counsel took possession of them. (*Id.* at 37:15-38:22.)
- Intel has no plans to further evaluate the Flash Enhancer prototypes. (*Id.* at 35:22-36:3.)

1   Thus, the deposition established that (1) Weber was not authorized to speak on Intel's
2   behalf; (2) issuance of a preliminary injunction would have no immediate affect on Intel; and (3)
3   Intel has no plans to further evaluate the STS product.  Moreover, the deposition established that,
4   contrary to the Weber's assertions about the purported 12 to 18 month impact on Intel from having
5   to consider other solutions, Intel has already been in the process of evaluating other resource
6   sharing solutions.

7   **II.     ARGUMENT**

8   Defendants take great pains to prevent the Weber declarations from being disregarded
9   because one of their chief arguments in opposition to Verigy's motion for preliminary injunction is
10  that their resource sharing solution has nothing to do with Verigy's Chameleon project or the
11  extensive work Mayder did on his Chameleon knock-off prior to leaving Verigy in late September
12  2006.  Defendants assert that Flash Enhancer is a *completely new* ASIC designed specifically to
13  meet Intel's unique NOR Flash Memory product requirements which are set forth in the Weber
14  declarations.

15  As has been addressed elsewhere in Verigy's submissions to this Court, most, if not all of
16  the purportedly unique Intel requirements were in the relevant Chameleon and/or Picasso
17  datasheets in October 2006 *before* Mayder even met with Intel and that, in reality, his current
18  ASIC is merely a modification of that earlier design and that modification is consistent with the
19  kind of specific customer-focused evolution of any ASIC which occurs before the product is
20  finalized.

21  Nevertheless, the Weber declarations are objectionable because they have been submitted
22  in an ill-conceived attempt to foist them off as somehow authorized by or speaking for Intel.  This
23  appears to be an attempt to mislead the Court.  As Mr. McMann's testimony demonstrates,
24  however, Weber had no such authorization.  Moreover, his declarations were not submitted
25  properly pursuant to Civil L.R. 79-5, contain impermissible expert opinion testimony which does
26  not satisfy the requirements of Fed. R. Ev. 701, and also contain inflammatory and misleading
27  material which should be stricken pursuant to Fed. R. Ev. 403.  At best, Weber is a percipient
28  witness who may have interacted with defendants in connection with Intel's evaluation of their

product and holds certain irrelevant opinions, but who has no authority whatsoever. Accordingly, to the extent his declarations are considered at all, the Court should also consider the untoward circumstances under which they were solicited and submitted, and give them little or no weight whatsoever.

### III. CONCLUSION

For the reasons set forth above, Verigy requests that the Weber declarations be stricken.

Dated: January 15, 2008                    BERGESON, LLP


By:    /s/
       Michael W. Stebbins

Attorneys for Plaintiff
VERIGY US, INC.