**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

March 3, 2008

**Via E-filing**

The Honorable Ronald M. Whyte
Courtroom 6, 4th Floor
United States District Court
280 S. First Street
San Jose, CA 95113

      Re:    *Verigy US, Inc. v. Romi Omar Mayder, et al.*
             Case No. C07 04330 RMW (HRL)

Dear Judge Whyte:

      Plaintiff Verigy U.S., Inc. ("Verigy") respectfully requests clarification concerning the Court's February 29, 2008 Order Granting in Part Plaintiff's Motion for a Preliminary Injunction (Docket No. 171) ("Preliminary Injunction Order").

      It is Verigy's understanding that the non-public version of the Preliminary Injunction Order is to be treated as "Confidential" under the stipulated protective order, as the Court announced at the January 15, 2008 hearing on Verigy's motion for preliminary injunction. The Preliminary Injunction Order is not marked "Highly Confidential--Attorneys' Eyes' Only," but Defendants have demanded that Verigy treat certain portions of the order as such, including portions that were not previously marked by Defendants as "Highly Confidential" during discovery and briefing. (*E.g.*, Preliminary Injunction Order at 11, lines 20-23, describing functionalities of *Verigy's* product.) In light of the parties' inability to resolve this issue without Court intervention, Verigy respectfully requests that the non-public version of the Preliminary Injunction Order be treated as "Confidential," rather than "Highly Confidential," as was discussed at the January 15, 2008 Hearing.

      Verigy also requests clarification as to the last page of the order. Currently, lines 5-7 of page 28, identifying exactly what is enjoined, are redacted, but portions of these lines are treated as public elsewhere in the order and were treated as such by defendants as well. (*E.g.*, Preliminary Injunction Order at 16; Morton Decl .in Support of Ex Parte Application for TRO (Docket No. 98), Ex. F (attaching STS website naming STS products, publicly available on internet); Defendants' Brief in Response to OSC (Docket No. 49) at pp. 1 and 11, clearly identifying STS products in public version).) Further, Verigy cannot enforce the Preliminary Injunction Order against third parties unless these third parties know at least the public portion of what is to be enjoined. The only word in

---

AFFILIATED COUNSEL:

| ANTHONY M. GLASSMAN | BERGESON & CAMPBELL | MARK E. FOSTER |
| BEVERLY HILLS, CA 90210 | WASHINGTON, D.C. 20005 | SAN JOSE, CA 95110 |

**BERGESON, LLP**

Judge Ronald M. Whyte
March 3, 2008
Page 2

lines 5-7 of page 28 that was treated as confidential elsewhere in the Preliminary Injunction Order and Defendants' briefs is the non-public code name. Therefore, Verigy respectfully requests that only the non-public code name in lines 5-7 of page 28 be redacted and that the remainder of lines 5-7 be unredacted and included in the public version of the Preliminary Injunction Order.

Finally, Verigy requests clarification as to the briefing schedule for the contempt motion. Verigy respectfully requests that the Court amend the Preliminary Injunction Order to state that Verigy's reply on the contempt motion shall be due no later than March 28, 2008, one week after Defendants' opposition.

Sincerely,

Melinda M. Morton
Counsel for Verigy US, Inc.

cc: Counsel for Defendants (via e-filing)