**MOUNT & STOELKER, P.C.**                                   ATTORNEYS

RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE: (408) 279-7000
FACSIMILE: (408) 998-1473

March 6, 2008

**Via Electronic Case Filing**

Hon. Ronald M. Whyte
United States District Court
Courtroom 6, 4th Floor
280 S. First Street
San Jose, CA 95113

    Re:    *Verigy US, Inc. v. Romi Omar Mayder, et al.*

    Case No. C07 04330 RMW (HRL)

Dear Judge Whyte:

    I received this Court's *Order Requesting Defendants' Response to Verigy's March 3, 2008 Letter* allowing Defendants to respond to Verigy's letter by a letter brief, not to exceed three (3) pages. This is the responsive letter brief.

<u>Relevant Facts:</u>

    On the morning of February 29, 2008 both parties arrived at the courtroom for the scheduled Case Management Conference (CMC). At that time, the Court handed copies of the *Order Granting in Part Plaintiff's Motion for a Preliminary Injunction* ("the Order") Both parties reviewed the Order at that time and re-entered the courtroom after review. The Court asked if moving the CMC two weeks, to March 14, 2008 was appropriate. Both parties agreed. There was no discussion among the parties, or the Court, regarding the confidentiality status of the Order.

    On the afternoon of February 29, 2008 Mr. Mount (attorney for Defendants) telephoned Mr. Fowler (attorney for Plaintiffs) and offered to have mediation discussions between the parties. Mr. Mount informed me that Mr. Fowler noted that he was not certain whether the non-public version of the Order could be shared with Verigy. As per the Protective Order, if portions of the Order should be treated as "Highly Confidential – Attorney Eyes Only," ("HC") then under the protective order those portions cannot be shared with clients. In good faith, to help expedite settlement discussions and remove any ambiguities regarding HC content, I marked portions of the Order as HC and emailed it to Plaintiffs counsel that afternoon. Attachment A is a copy of the email. As you can note, it specifically requests that if opposing counsel has any questions or concerns they should contact me.

    On Monday March 3, 2008 I received the letter from Verigy to this Court. No other discussions, written or verbal, took place between the attorneys regarding this matter. There were no meet and confer sessions related to Verigy's concerns.

Response to Individual Verigy Requests:

Confidentiality Markings:

      Verigy's letter claims that the parties' were unable to resolve whether portions of the Order should be treated as HC and requests that the Court hold that the "non-public version of the Order be treated as Confidential," rather than allowing portions marked HC. Furthermore, Verigy claims that the Court already considers the Order as only Confidential.

      First, Defendants responded to a request from Verigy counsel regarding marking of the documents. This was done in good faith to expedite settlement negotiations. Plaintiffs never raised any issues or concerns with the markings, nor met and conferred with Defendants as required by the Protective Order.

      Second, I do not recall the Court specifically stating that the non-public form of the order was considered merely Confidential. Defendants marked portions of the Order HC, consistent with prior markings. Attachment B lists the portions marked HC and briefly discusses why HC status is required. Much of the marked content is HC because it concerns specifications of STS products, or Declarations that have previously been marked HC. If any markings are not consistent, or over protected, Defendants are willing to discuss reducing the confidentiality marking as per the Protective Order.

Confidential Regarding Item 1 of the Order:

      Verigy requests a reduction of confidentiality to portions of item 1 of the Order on page 28. Verigy specifically references one project name (hereinafter referred to as Project P), and one product name (hereinafter referred to as Product FE). Verigy requests that Project P be maintained as Confidential and that any confidentiality for Product FE be removed. Defendants do not oppose this request. Specifically, Defendants agree in the Order to treat the names Project P as Confidential and Product FE as publicly available. By reducing the confidentiality regarding the project/product names, we do not intend to reduce the confidentiality of information related to those names.

      Verigy also requests that the remaining text in item 1 of the Order, currently marked as Confidential, become publicly available. Defendants have no objection to this request, as clarity is essential for third parties to determine the effect of the Order on them. This would mean that item 1 of the Order would be all publicly available, except for references to the Project P codename.

Contempt Motion Briefing Schedule:

      Without any advance communication to Defendants, Verigy requests that the Court amend the Order to state that Verigy's reply on the contempt motion be due no later than March 28, 2008. The Order states that Defendants' response is due no later than March 21, 2008, and Verigy's reply due no later than March 21, 2008. Clearly, there is a typographical error in the order. Defendants have no objection with Verigy's reply motion being due no later than March 28, 2008.

Thank you for considering this matter.

Sincerely,

Kevin M. Pasquinelli
Mount & Stoelker
Attorneys for Defendants

_____/s/_____

Cc: Melinda Morton,
Jay Fowler
By email (email is acceptable service of process as previously agreed by the parties)

## Attachment A: Email to Melinda Morton and Jay Fowler

Page 1 of 1

**Kevin M. Pasquinelli**

| | |
|---|---|
| From: | Kevin M. Pasquinelli |
| Sent: | Friday, February 29, 2008 5:52 PM |
| To: | 'John Fowler'; Mindy Morton |
| Cc: | Daniel S. Mount; Michelle McManus; Kevin M. Pasquinelli |
| Subject: | Highly Confidential Redacted Order |

Jay and Mindy,

I have taken the order given to us by the judge in today's CMC and redacted what I felt was highly confidential. Attached is a redacted order that you can forward on to Verigy. Let me know if you have any questions or concerns.

Jay, Dan mentioned to me that the goal of creating this redacted version is so that you can forward it to Verigy immediately and obtain feedback on how they would like to proceed. Dan is expecting a call from you, and Verigy, by end of day Monday next week discuss mediation options.

Regards,

Kevin

*Kevin Pasquinelli, Esq.*
Mount & Stoelker P.C.
RiverPark Tower, Suite 1650
333 W San Carlos
San Jose, CA 95110
Tel: (408) 279-7000 x1126
Fax: (408) 998-1473
e-mail: kpasquinelli@mount.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify Mount & Stoelker, P.C. at (408) 279-7000 and permanently delete the original and any copy of any e-mail and any printout thereof.

3/6/2008

### Attachment B: List of Highly Confidential Markings

| Location: Page/Lines | Subject Matter deemed HC | Position |
|---|---|---|
| Pg 2, line 18 | Chip pricing for product. | Should remain HC |
| Pg 5, Lines 10 – 16 | References STS Patents and discussions with chip developer. References Mayder Declaration previously marked HC. | Should remain HC |
| Pg 11, lines 20-23 | References Verigy ASIC architecture | Acceptable to reduce from HC to Confidential, as the information primarily concerns Verigy projects. |
| Pg 12, lines 14-20 | References the Supplemental Declaration of Dr. Richard Blanchard regarding STS product architecture. Previously marked HC. | Should remain HC |
| Pg 12, lines 25-27 through Pg 13, line 2. | References the Declaration of Dr. Richard Blanchard regarding STS product architecture. Previously marked HC. | Should remain HC |
| Pg 13, lines 9-10 | References Mayder Declaration, which is HC and discusses key requirements for a fan-out solution. | Should remain HC |
| Pg 15, lines 16-19 | References Mayder Declaration, which is HC. | Should remain HC |
| Pg 17, lines 2-7. | References STS product evolution and discussions with Honeywell. | Should remain HC |
| Pg 19, line 17 through Pg 21, line 10 | Detailed STS product specifications and Intel Declaration. | Should remain HC |
| Pg 21, line 24 through Pg 23, line 9 | Detailed STS product specifications and references to Blanchard declaration. | Should remain HC |
| Pg 25, lines 3 – 9 | Discusses details of STS customers and business plans. | Should remain HC |