DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>                          Plaintiff,<br><br>         vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>                          Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO OSC RE: CONTEMPT**<br><br>Date: April 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte<br><br>Complaint Filed:    August 22, 2007<br>Trial Date:             None Set |

Plaintiff Verigy US, Inc., ("Verigy") hereby objects to and moves to strike the following portions of the Declaration of Romi Omar Mayder in Support of OSC RE: Contempt ("Mayder Declaration") submitted by Defendants in support of their opposition to order to show cause re: contempt, now set for hearing on April 11, 2008.

### OBJECTION NO. 1:

Verigy objects to and moves to strike Paragraph 7 of the Mayder Declaration which states: *"After reviewing the publicly available TRO, I asked Dr. Richard Blanchard to give me an objective opinion on whether Flash Enhancer contained any Verigy trade secrets. Dr. Blanchard signed the protective order, reviewed the TRO, Verigy's moving papers, and STS documents related to Flash Enhancer. After his review of the documents and a substantial discussion of my knowledge of the facts, Dr. Blanchard's objective opinion was that Flash Enhancer contained no trade secrets."*

**Grounds for Objection:**

Verigy objects to and moves to strike the paragraph because it is made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made on information and belief must state the basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." The statement about Dr. Blanchard's purported opinion is impermissible hearsay not falling within any exception. F.R.E. 801, 802, 803.

### OBJECTION NO. 2:

Verigy objects to and moves to strike Paragraph 8 of the Mayder Declaration which states: *"I hired Dr. Blanchard to testify as an expert witness in this case. I am informed and believe that Dr. Blanchard's declaration, submitted in prior motions to this court, affirms his initial opinion, that Flash Enhancer does not contain any Verigy trade secrets."*

**Grounds for Objection:**

Verigy objects to and moves to strike the paragraph because it is made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as

possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.  Any statement made on information and belief must state the basis therefore.  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Mayder's statement about what Dr. Blanchard's declaration "affirms" lacks foundation in that it fails to state the basis for his "belief."  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).   It also effectively constitutes impermissible opinion testimony.  F.R.E. 701; *see, Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).  These statements also are based on impermissible hearsay regarding Dr. Blanchard's purported opinions.  F.R.E. 801, 802, 803. Verigy further objects to the statements because they are speculative and should be excluded pursuant to F.R.E. 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Dated:  March 28, 2008                              BERGESON, LLP


                                                    By:      /s/
                                                          Michael W. Stebbins

                                                    Attorneys for Plaintiff
                                                    VERIGY US, INC.