Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder, Wesley Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation,<br><br>Defendants. | Case No. 5:07-cv-04330 (RMW) (HRL)<br><br>**Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy, Motion for Fees and Sanctions.**<br><br>Date:   May 20, 2008<br>Time:   10:00<br>Judge:  Hon. Howard R. Lloyd<br>Ctrm: 2 |

**Public Version - Redacted**

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                                    Page i
Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants
Second Set of Requests for Production of Documents on Plaintiff Verigy, Motion for Fees and Sanctions

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 13, at 10:00, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Howard R. Lloyd, United States Magistrate Judge, in the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, Defendants Romi Omar Mayder, Silicon Test Systems, Inc, Wesley Mayder, and Silicon Test Systems LLC (collectively "Defendants") shall and hereby do move the Court for an order compelling Verigy US, Inc. ("Plaintiff" or "Verigy") to amend responses and produce documents responsive to *Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy* ("the RFPs" or "Defendants RFPs").

This motion is made pursuant to Rule 34 and Rule 37 of the Federal Rules of Civil Procedure ("FRCP") and Rule 37-2 of the Civil Local Rules for the Northern District of California ("ND Cal Civ. Loc. R") on the grounds that Plaintiff's responses are non-responsive.

## STATEMENT OF ISSUE

(ND Cal. Civ. Loc. R 7-4)

1. Should Verigy be compelled to produce responsive documents to the RFPs, where Verigy construes the RFPs "hypertechnically", and refuses a responsive production even after fully understandin the reasonable interpretation of the RFPs?

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Verigy alleges that Defendants have misappropriated its trade secrets, yet Verigy refuses to produce documents defining the existence and scope of the alleged trade secrets. In December 2007 Defendants propounded on Verigy the RFPs. The RFPs request documents that support Verigy's contention of trade secrets, as disclosed in its CA CCP §2019.210 disclosure ("the Disclosure"). Rather than produce responsive documents, Verigy has chosen to interpret the RFPs in "an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the

discovery requests."[1] Rather than evade its responsibility, Verigy should either produce the responsive documents, or admit that no trade secret exist. In other words, Verigy should "put up or shut up."[2]

### History Before This Court

The last time the parties were before this court Verigy also made overly aggressive assertions. Verigy motioned this court for "complete bit for bit" copies of the Defendants computer disk drives.[3] This Court denied that request, and agreed with Defendants, holding that inquiries of the disk drives were proper only if done by a special master under a carefully prescribed protocol. This Court felt such was necessary to ensure that abusive queries would not take place, such as Verigy's request for "all documents with the letter V."[4] Verigy now takes equally aggressive and improper positions.

### Procedural Background

On August 22, 2007 Verigy filed a Complaint against Defendants alleging in part, Breach of Written Contract and Misappropriation of Trade Secrets. In support of its misappropriation claim Verigy filed the Disclosure. The Disclosure alleges the existence of over one hundred (100) trade secrets, many with dubious specificity. For example, Verigy claims trade secret status for:

> Inventions, designs, plans, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development relating to:
> ███████████████████████████████████
> ███████████████████████████████████
> ███████████████████████████████████

Simultaneously, Verigy requested the Court for an order to show cause why a preliminary injunction should not issue, based largely on documents related to projects codenamed ████

---

[1] USCS Fed Rules Civ Proc R 37; Notes of Advisory Committee on 1993 Amendments (Under revised paragraph (3), evasive or incomplete disclosures and responses to interrogatories and production requests are treated as failures to disclose or respond. Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a))
[2] *BDT Prods. v. Lexmark Int'l, Inc.*, 124 Fed. Appx. 329, 331 (6th Cir. 2005)
[3] The Declaration of Kevin Pasquinelli, ¶15.
[4] The Declaration of Kevin Pasquinelli, ¶16.
[5] The Declaration of Kevin Pasquinelli, Exhibit A: Verigy's CCP §2019.210 Disclosure 1(r).
[6] The Declaration of Kevin Pasquinelli, Exhibit A: Verigy's CCP §2019.210 Disclosure 1(a).
[7] The Declaration of Kevin Pasquinelli, Exhibit A: Verigy's CCP §2019.210 Disclosure 1(e).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

▇▇▇▇ The Court set a date for the preliminary injunction hearing, and ordered an expedited, but limited discovery schedule. The parties stipulated dates to produce responsive documents to RFP's, answer interrogatories, and for depositions of the parties, third parties, and expert witnesses. The discovery focused almost exclusively on trade secrets alleged in declarations by ▇▇▇▇ ▇▇▇▇ and any trade secrets associated with the ▇▇ and ▇▇▇▇ projects. Little, or no, discovery was done regarding the remaining trade secrets alleged in the Disclosure. The preliminary injunction hearing was held on January 15, 2008.

In that hearing, the briefs filed in support, and an initial injunction hearing on 12/14/2007, there was significant debate concerning the existence, scope, and applicability of the alleged trade secrets. The Court held, and Verigy admitted, that "Verigy's trade secrets are not the specific individual features of the ▇▇▇▇ they are the combination of technical features embodied in the ▇▇▇▇ ▇▇▇▇[8] Despite Verigy assertions otherwise, Judge Whyte held that only a very thin compilation trade secret existed.

Within this context, in an attempt to understand the scope and existence of any remaining trade secrets Defendants propounded the RFPs on 12/19/2007.

### **Refusal to Produce Responsive Documents**

RFP's Nos. 16 through 75, inclusive, are currently in dispute. The Disclosure alleges over one hundred (100) different trade secrets. Each of the RFPs combines an identical preamble with the individual trade secret claimed by Verigy. The preamble reads:

> Any DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding inventions, designs, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development [9]

This preamble is taken almost verbatim from the Disclosure. Added to each preamble is a description of each trade secret copied verbatim from the Disclosure. For example, request No. 33

---

[8] The Declaration of Kevin Pasquinelli, Exhibit B: Order Granting in Part Plaintiff's Motion for A Preliminary Injunction
[9] The Declaration of Kevin Pasquinelli, Exhibit C: *Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy*

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

combines the preamble with Verigy's claim of trade secret status for ███████████████████████████████████████████████████████

> Any DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding inventions, designs, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development as identified in VERIGY'S CA CPP §2019.210 disclosure 1(r) relating to Documents marked ████████████████████████████

RFP's Nos. 16 through 32, and Nos. 34 through 75, are similarly combined. For brevity each of the fifty-nine (59) requests are not reproduced here, but can be reviewed in Exhibit C to *The Declaration of Kevin M. Pasquinelli* ("the Pasquinelli Declaration").

- On 1/24/2008 Plaintiffs objected to the RFP'S, stating:

> Verigy incorporates the General Objections set forth above. Verigy also objects to this Request to the extent it calls for privileged material protected by attorney-client privilege, the common interest privilege and/or the work product doctrine. Verigy also objects to this Request on the grounds that the phrase "DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding," is vague, ambiguous and unintelligible. ***Verigy construes this term to mean "DOCUMENTS demonstrating that, pursuant to Cal. Civ. Code §3426.1(d)(2), VERIGY has made "efforts that are reasonable under the circumstances to maintain" the secrecy of the."*** Verigy also objects to this Request on the grounds that the term "CA CCP §2019.210 disclosure" is vague, ambiguous, and undefined in the Requests. Verigy construes this term to mean Verigy's 2019.210 disclosure, served August 24, 2007. **Verigy also objects to this Request as overbroad, burdensome, and oppressive.** Verigy further objects to this request on the grounds of undue burden and cost to the extent responsive documents are contained on Verigy's backup tapes, which are not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B). Verigy further objects to this Request to the extent that the Requests purports to require it to produce documents that contain trade secrets or other confidential, business, financial, proprietary, or sensitive commercial information of third parties that are subject to a nondisclosure agreement.

---

[10] The Declaration of Kevin Pasquinelli, Exhibit C: *Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy,* Request for Production No. 33.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

> Subject to and without waiving the foregoing objections, Verigy will not produce any documents that contain trade secrets or other confidential, business, financial, proprietary, or sensitive commercial information of third parties that are subject to a nondisclosure agreement unless and until permission is obtained from any such third parties or pursuant to court order. ***Verigy will produce at a mutually agreed time and place all other non-privileged documents in its possession or control that are responsive to this Request*** as construed by Verigy, to the extent such documents exist and have not been previously produced.[11]

(emphasis added) Verigy artificially restricted the term "maintain", yet agreed to produce responsive documents.

- On 2/8/08 Verigy produced only 200 pages of documents. The documents included, in part, Verigy blank sign in sheets, employee policy documents, privacy policies, and a Standard Verigy Confidential Disclosure Agreement ("CDA").[12]

Meet and Confer

- On 3/12/2008 Defendants emailed Verigy stating "There has been no production of documents related to the 2019 statement's claims of trade secrets, as was agreed to. Please tell me when Verigy will be producing those documents."[13]

- On 3/13/2008 Plaintiff responded that "any additional documents will be produced next week"[14], implying that it understood the intent of the RFPs and that responsive documents would be sent,

- On about 3/21/2008 Verigy produced only 9 pages of documents,[15] two non-disclosure agreements and a blank sign in log.

- On 3/24/2008 Defendants emailed Plaintiff again, specifically stating that the "production" answered none of the RFP's and noted that "it is hard to see how (1) a blank sign in log, (2) a Micron NDA, and (3) a Spansion NDA respond to any of the trade secret claims asserted by Verigy in its 2019 statement that you said would be produced last week."[16]

- On 3/26/2008 Verigy acknowledged that the purpose of propounding the RFPs was to obtain information regarding the alleged Verigy trade secrets. In an email Verigy states "It appears from your recent correspondence that you ***persist*** in the belief that these document requests somehow asked for the documents *constituting* the trade secrets or *supporting the assertion* of trade secret status."[17] (emphasis added) This email implies that Verigy had always understood the intent of the requests, even without Defendants clarification!

---

[11] The Declaration of Kevin Pasquinelli, Exhibit K: *Verigy's Response to Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy.*
[12] Declaration of Kevin Pasquinelli, paragraph 6:
[13] Declaration of Kevin Pasquinelli, Exhibit D: 3/12/2008 email from Kevin Pasquinelli.
[14] Declaration of Kevin Pasquinelli, Exhibit E: 3/13/2008 email from Melinda Morton.
[15] Declaration of Kevin Pasquinelli, Paragraph 9.
[16] Declaration of Kevin Pasquinelli, Exhibit F: 3/24/2008 email from Kevin Pasquinelli
[17] Declaration of Kevin Pasquinelli, Exhibit G 3/26/2008 email from Mindy Morton

- On 4/2/2008 Defendants sent Verigy a final correspondence in an attempt to convince it to produce responsive documents to the RFPs.[18] This correspondence requested compliance, or Defendants would file this motion with the court.
- On 4/3/2008 Verigy reasserted its interpretation.[19]
- On Friday 4/4/2008, Monday 4/7/2008, and Tuesday 4/8/2008 Verigy counsel and Defendants counsel again exchanged emails and spoke live. The previously mentioned objections and counter arguments were made without the parties reaching resolution.[20]

## Argument

### I. Verigy Bears the Burden of Demonstrating that Supplemental Production is Inappropriate

The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant.[21] To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant.[22] Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.[23,24]

Parties are authorized to file motions to compel adequate responses to discovery probes, if good faith efforts to secure sufficient responses by conferring with the party to whom the discovery probes were directed are unavailing.[25] A motion to compel may be filed not only when a party fails entirely to provide any response, or responds only by objecting and without providing the requested information, but also when a response is provided, but it is at least partially evasive or incomplete.[26]

> "Under revised paragraph (3), evasive or incomplete disclosures and responses to interrogatories and production requests are treated as failures to disclose or respond. Interrogatories and ***requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner***

---

[18] Declaration of Kevin Pasquinelli, Exhibit I 4/2/2008 email from Kevin Pasquinelli
[19] Declaration of Kevin Pasquinelli, Exhibit I: email correspondence between the parties 4/4/2008 through 4/8/2008.
[20] Id.
[21] *Graham v. Casey's General Stores,* 206 F.R.D. 251, 253-4 (S.D.Ind. 2000).
[22] *Id.,* citing *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D. Ill. 1990.) *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal. 1999)
[23] *See Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient).
[24] *Farber and Partners, Inc. v. Garber,* 234 F.R.D. 186 (C.D. Cal. 2006), further states that boilerplate relevancy objections that do not set forth any argument or explanation why the requested documents are irrelevant are also improper.
[25] Fed. R. Civ. P. 37(a)(3)(B).
[26] 7-37 Moore's Federal Practice - Civil § 37.02

> to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)."[27] (emphasis added)

"Sharp practice and hypertechnical interpretations of discovery requests, followed by occasional confessions of oversight and error, all of which conveniently work to the benefit of "[28] Verigy should not be tolerated.[29] The Federal Rules Advisory Committee has expressly disapproved of "employing such gamesmanship in discovery requests: Interrogatories . . . should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions."[30]

In *Pepsico, Inc. v. Cent. Inv. Corp.*, 2002 U.S. Dist. Lexis 25765 (D. Ohio 2002), at issue were PepsiCo's plans to reduce the number of independent bottlers (Project Broncos). Defendants in *Pepsico* requested documents related to plans to reduce the number of independent bottlers. *Pepsico* objected to this request, characterizing Project Bronco as only a plan to establish large anchor bottlers, and not to reduce independent bottlers. The court held such a "hypertechnical distinction, since it is readily apparent that large anchor bottlers means fewer independent bottlers."[31] The court continued, "PepsiCo, at minimum, *should have responded to the spirit of the document request*, even if it did not agree with CIC's [defendants] characterization of its motives."[32] Here, Verigy should have responded to the spirit of the document request.

## II. Verigy's Objection of "Overbroad, Burdensome and Oppressive" are Insufficient

Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all. *See Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections

---

[27] USCS Fed Rules Civ Proc R 37 (Federal Rules Advisory Committee Notes)
[28] *Nault's Auto. Sales, Inc. v. American Honda Motor Co., Acura Auto. Div.*, 148 F.R.D. 25, 42 (D.N.H. 1993)
[29] Id.
[30] *Omega Eng'g, Inc. v. Omega, S.A.*, 2001 U.S. Dist. LEXIS 2016, 9-10 (D. Conn. 2001).
[31] *Pepsico, Inc. v. Cent. Inv. Corp.*, 2002 U.S. Dist. LEXIS 25765 (D. Ohio 2002).
[32] Id.

are insufficient).*Farber and Partners, Inc. v. Garber,* 234 F.R.D. 186 (C.D. Cal. 2006), further states that boilerplate relevancy objections that do not set forth any argument or explanation why the requested documents are irrelevant are also improper.

Here, Verigy has asserted that each of these requests are "overbroad, burdensome, and oppressive." Refusal to produce responsive documents on these grounds is improper. Furthermore, Verigy cannot consider the requests overbroad, burdensome, or oppressive when they are based on its own trade secret disclosure statement. If Verigy believes its Disclosure overbroad then it should remove the trade secrets which it cannot support. Verigy has made its bed, and must now lie down in it.

### III. Verigy's Interpretation is Hypertechnical and Unreasonable

#### A. The Requests are Clear and Unambiguous

Taken as a whole, the RFPs are clear and unambiguous. Defendants propounded RFPs on Verigy, one for each enumerated trade secret alleged in the Disclosure. Each request specifically references the Disclosure to ensure that no ambiguity exists. There is little doubt that such a series of requests is meant to request production of documents "RELATED TO" each alleged trade secret. No party would request production of Trade Secret policy documents with fifty-nine individual requests. Such would imply that Verigy has a unique trade secret policy for each trade secret. How absurd.

#### B. Verigy Artificially Restricts Its Interpretation to Avoid Compliance

Considered individually the RFPs are also clear. Verigy takes issue with the phrase "Any DOCUMENTS RELATING TO YOUR contention that Verigy maintains trade secrets."

Verigy isolates the word "maintain" and construes it to mean "efforts that are reasonable under the circumstances to maintain the secrecy of the."[33] Such an interpretation completely ignores the plain language that Defendants are requesting "DOCUMENTS RELATING TO . . . Verigy trade secrets." This is extremely beneficial to Verigy, of course, because it essentially reduces all fifty-nine (59) RFPs to a single RFP requesting only documents related to the policy of keeping trade secrets.

---

[33] CA Civ. Code §3426.1(d)(2).

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                              Page 8
Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants
Second Set of Requests for Production of Documents on Plaintiff Verigy, Motion for Fees and Sanctions

Such a position though is hypertechnical, artificially restrictive, and done in order to avoid producing responsive documents to Verigy's overly broad 2019 Disclosure.

Such an interpretation also completely ignores the first portion of the phrase "Any DOCUMENTS RELATING TO YOUR contention". In its Disclosure, Verigy *contends* that trade secrets exist and are maintained. Taken in this context, Defendants are not requesting trade secret policy, but rather *documents related to Verigy's **contention** that trade secrets exist and are sustained*, just as Verigy has previously acknowledged. Therefore, Verigy's artificially restrictive interpretation is improper.

## IV. Verigy Cannot Ignore Subsequent Clarification

### A. Verigy Must Produce Responsive Documents Once Clarified

The goal of the meet and confer process is to "resolve legitimate disputes and disagreements regarding the scope of discovery proceedings. Counsel are obligated to engage in this process in good faith and cannot reject reasonable proposals without suffering the consequences."[34] If a clarification eliminates the grounds for the objection, as here, the process compels the responding party to withdraw the objection.[35] If it did not, then the meet and confer process would have little benefit. Where the parties have "met and conferred", and agreed on the intent and meaning of the RFPs there is no reason to re-serve discovery requests. Re-serving the requests would only delay and increase the costs of discovery. When a party continues to object, and adhere to its own interpretation of the discovery request, despite proper clarification by the opposing party, courts have ordered compliance.[36]

Although the RFPs are clear and unambiguous, before bringing this motion, the Parties discussed Verigy's interpretation. Verigy agrees that Defendants believe "that these document requests . . . asked for the documents *constituting* the trade secrets or *supporting the assertion* of trade secret status".[37] Despite this understanding, in response to Defendants request for production of additional documents Verigy responded; "With respect to your question as to when responsive

---

[34] *Manzetti v. Superior Court*, 21 Cal. App. 4th 373, 380 (Cal. Ct. App. 1993).
[35] Id.
[36] *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 66030, 11-12 (D. Cal. 2007).
[37] The Declaration of Kevin Pasquinelli, Exhibit I: Email from Mindy Morton to Kevin M. Pasquinelli, Wednesday 4/2/08.

documents will be produced, Verigy has produced responsive documents."[38] Verigy has produced no additional documents, and asserts that it is under no duty to do so.

Since Verigy expressly admits that it understood the intent of the requests, even before objecting, and re-serving the same RFPs now would only delay discovery and waste resources, Defendants request that the Court compel Verigy to comply with the existing RFPs.

## V. If the Court Denies Defendants Request Only More Objections will Result

If the Court holds that Verigy's objections are not hypertechnical or artificially restrictive, then Defendants will be forced to re-serve an almost identical set of RFPs on Verigy. Verigy will not agree to waive their objections, even if given review of the new RFPs. As such it is likely that the parties will be back in this Court again on the same topic after further discovery delays and unnecessary costs.

## VI. Relief Sought

### A. Production of Documents within 14 Days of the Court's Order

Verigy has "hypertechnically" interpreted the RFPs for its own benefit, to avoid producing responsive documents to its overly broad 2019 Disclosure. It should not be rewarded for its evasive behavior. Therefore, Defendants request that the Court issue an order compelling Verigy to produce responsive documents, for requests Nos. 16 through 75, that substantiate and define the trade secrets, the document to be produced within fourteen (14) days of issuance of the Court's order.

### B. Recovery of Costs and Fees to Bring Motion

Under FRCP 37(4)(A) the Court may "require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Verigy's objections and failure to comply with the plain and obvious meaning of the RFPs was improper, its continued refusal to produce responsive documents is completely unjustified. As such, Defendants request attorneys' fees and costs incurred in bringing this motion.

---

[38] The Declaration of Kevin Pasquinelli, Exhibit I and paragraph 17.

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                        Page 10
Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants
Second Set of Requests for Production of Documents on Plaintiff Verigy, Motion for Fees and Sanctions

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

## **Conclusion**

For the foregoing reasons, Defendants respectfully requests that the Court issue an order compelling Plaintiff to produce documents in compliance with *Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy* numbers 16 through 75 within 14 court days of that order. Defendants also request that the Court order Plaintiff to pay Defendants' costs and fees associated with bringing this motion.

Dated: April 9, 2008          Mount & Stoelker, P.C.
                              Kevin M. Pasquinelli

                              _____/s/_____
                              Attorneys for Defendants Romi Mayder, Wesley Mayder,
                              Silicon Test Systems Inc., and Silicon Test Solutions LLC

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                                          Page 11
Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants
Second Set of Requests for Production of Documents on Plaintiff Verigy, Motion for Fees and Sanctions