# Kevin M. Pasquinelli

**From:** Kevin M. Pasquinelli
**Sent:** Wednesday, April 02, 2008 9:10 PM
**To:** Mindy Morton
**Cc:** John Fowler; Michael Stebbins; Gail C. Simmons; Daniel S. Mount; Michelle McManus; Kevin M. Pasquinelli
**Subject:** RE: Verigy/Mayder document production

Mindy,

Thank you for your email. I send this letter in a final attempt to remedy the situation before filing a motion to compel with the Honorable Howard Lloyd.

You have chosen to interpret the word "maintain" extremely narrowly, and out of context, allowing Verigy to avoid compliance with Defendant's request for production of documents relating to Verigy's trade secret claims. Taken in context, rather than in isolation, the intent of the requests for production are clear. More specifically, given that the case focuses almost entirely on the existence and scope of Verigy trade secrets, and there was an independent request to produce documents relating to each and every one of Verigy's alleged trade secrets in its 2019.210 statement I find it inconceivable that you could reach such a conclusion.

Irrespective of that interpretation, you acknowledge that I have conveyed to you the clear intent that Verigy produce evidence of its trade secrets. Given that understanding, your position is that you have complied by producing documents on Verigy policy, and will not produce any documents supporting the existence of each alleged trade secret.

Therefore, unless you agree by noon on April 4, 2008 to produce documents in compliance (as you now understand) with the RFPs by April 18th, 2008 I will file a motion to compel production with Judge Lloyd.

Thanks in advance for your timely attention,

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Wednesday, March 26, 2008 11:33 AM
**To:** Kevin M. Pasquinelli
**Cc:** John Fowler; Michael Stebbins; Gail C. Simmons
**Subject:** RE: Verigy/Mayder document production

Kevin,
Thanks for your email. I think that there is a misunderstanding regarding Verigy's responses to these document requests. We spent a long time with these requests, trying to understand what you meant by some very confusing language. For example, Request number 20 asks for "Any DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding inventions, designs, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development as identified in VERIGY'S CA CCP §2019.210 disclosure 1(f) relating to VERIGY's non-public forecasted business demand."

After considering the requests in light of those encountered in other trade secret cases, as well as the language of the California trade secret statute, Cal. Civ. Code. § 3426.1(d)(2) ["Is the subject of efforts

that are reasonable under the circumstances to *maintain* its secrecy." (emphasis added)], we responded, as explained in our objections to this Request (and all of the other similarly worded requests), that: "Verigy also objects to this Request on the grounds that the phrase "DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding," is vague, ambiguous and unintelligible.  Verigy construes this term to mean "DOCUMENTS demonstrating that, pursuant to Cal. Civ. Code §3426.1(d)(2), VERIGY has made 'efforts that are reasonable under the circumstances to maintain' the secrecy of the."  As a result, we have produced documents showing that Verigy has made reasonable efforts to *maintain* the secrecy of these trade secrets.

It appears from your recent correspondence that you persist in the belief that these document requests somehow asked for the documents *constituting* the trade secrets or *supporting the assertion* of trade secret status, however, based on the plain language of the requests as well as the language of the statute, that is not what these requests ask for.

Verigy has made a good faith attempt to comprehend a series of extremely ambiguous, confusing requests, and informed you in its responses how it construed these requests.  At no time since your receipt of these responses have you addressed our objections to the requests or our construction reflected in the responses.  Verigy's responses clearly indicated what documents would be produced—those that show that Verigy takes reasonable efforts to maintain secrecy, and Verigy has produced such documents.  There has been no delay on Verigy's part.

With respect to your question as to when responsive documents will be produced, Verigy has produced responsive documents.  Within the parameters outlined above, we are still searching to see if there are any additional responsive documents, and I expect that there will be a limited number of additional documents.  I will of course produce any such documents if and when I receive them.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Monday, March 24, 2008 12:12 PM
**To:** Mindy Morton
**Cc:** Gail C. Simmons; Lara Brostko; Kevin M. Pasquinelli

4/8/2008

**Subject:** RE: Verigy/Mayder document production

Mindy,

This "production" answers none of the RFP's. It is hard to see how (1) a blank sign in log, (2) a Micron NDA, and (3) a Spansion NDA respond to any of the trade secret claims asserted by Verigy in its 2019 statement that you said would be produced last week.

Verigy was officially requested to produce the documents in mid-December and, of course, was on notice that such would need to be produced as of the beginning of the litigation. I can only assume at this point that the delay is intentional.

Please inform me when all of the responsive documents will be produced.

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Friday, March 21, 2008 1:59 PM
**To:** Kevin M. Pasquinelli
**Cc:** Gail C. Simmons; Lara Brostko
**Subject:** Verigy/Mayder document production

Kevin,
Enclosed please find additional documents for production by Verigy.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

4/8/2008