1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12  VERIGY US, INC, a Delaware Corporation          Case No. C07 04330 RMW (HRL)

13                        Plaintiff,                **DECLARATION OF
                                                    MELINDA MORTON IN SUPPORT OF
14        vs.                                       VERIGY'S MOTION FOR PROTECTIVE
                                                    ORDER RE REQUESTS FOR
15  ROMI OMAR MAYDER, an individual;                ADMISSION PROPOUNDED BY
    WESLEY MAYDER, an individual; SILICON           DEFENDANTS**
16  TEST SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a              Date:     June 17, 2008
17  California Limited Liability Corporation,        Time:     9:00 a.m.
    inclusive,                                       Ctrm.:    2
18                                                   Judge:    Hon. Howard R. Lloyd
                          Defendants.
19                                                   Complaint Filed:      August 22, 2007
                                                     Trial Date:           None Set
20

21

22

23
        **PUBLIC VERSION OF hIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**
24
                    **DOCUMENT SUBMITTED UNDER SEAL**
25

26

27

28

1    I, Melinda M. Morton, declare as follows:

2    1.    I am an attorney licensed to practice law before all of the courts of the State of

3  California.  I am a partner in the law firm of Bergeson, LLP, counsel of record for plaintiff Verigy

4  US, Inc. ("Verigy") in the above-captioned action.  I have personal knowledge of the facts set

5  forth in this declaration, and, if called to do so, I could and would competently testify thereto.

6    2.    I submit this declaration in support of Verigy's motion for protective order

7  relieving Verigy of the obligation to respond to the second set of requests for admission

8  propounded by defendants.

9    3.    Attached hereto as Exhibit A is a true and correct copy of the Court's Minute

10 Order, dated March 14, 2008.  At the March 14, 2008 Case Management Conference, the Court

11 gave each side an opportunity to list what discovery it felt was needed between March 14, 2008

12 and the next scheduled case management conference on May 23, 2008.  The Court granted both

13 sides' requests as to the discovery requested.  Defendants did not ask the Court to allow service of

14 a third set of requests for production; nor did they ask permission to serve multiple sets of requests

15 for admission.  Defendants informed the Court that they felt Verigy's initial trade secret disclosure

16 was not "reasonably particular," and Verigy agreed to amend the trade secret disclosure in light of

17 discovery to date and to make it more specific.  The parties were to use the time until the next

18 CMC to serve this "limited discovery" and to meet and confer on an amended trade secret

19 disclosure.  No trial schedule or discovery cut-off has been set.

20   4.    On March 17, 2008, I informed Mr. Pasquinelli, counsel for Defendants, that

21 Verigy intended to serve an amended trade secret disclosure on April 14, 2008, and that Verigy

22 was willing to meet and confer at Defendants' convenience once the amended disclosure had been

23 served.

24   5.    On March 25, 2008, Defendants served a third request for production of

25 documents, despite the Court's Order that Defendants could serve only a "request for admissions

26 and interrogatories."  I requested that Defendants withdraw the third request, but Defendants'

27 counsel refused to do so.  Attached hereto as Exhibit B is a true and correct copy of Defendants'

28 third set of requests for production.

1

1         6.      Attached hereto as Exhibit C is a true and correct copy of defendants' first set of

2    requests for admission served upon my office on April 2, 2008.  Verigy responded to the 65

3    requests for admission on May 8, 2008.

4         7.      Attached hereto as Exhibit D is a true and correct copy of defendants' second set of

5    requests for admission served upon my office at 7:20 p.m. on Sunday, April 13, 2008, the day

6    before Verigy was to serve its Amended Trade Secret Disclosure (the "Second Set of Requests").

7    This 72-page document contains 278 separate requests.  Pursuant to stipulation, Verigy's response

8    to the Second Set of Requests is due June 10, 2008.

9         8.      Requests for admission nos. 100 – 343 all relate to Verigy's initial trade secret

10   disclosure, which defense counsel knew was to be amended the very next day, Monday, April 14.[1]

11   None of these requests relate to whether the trade secrets listed in Verigy's initial trade secret

12   disclosure constitute trade secrets.

13        9.      The Second Set of Requests was initially served unsigned, but Defendants

14   remedied this error the next day.  Attached hereto as Exhibit E is a true and correct copy of the

15   email and signature pages sent to me on April 14, 2008.

16        10.     On April 14, 2008, I informed Mr. Pasquinelli Defendants that due to travel plans

17   of a key Verigy employee, Verigy would need a few additional days to serve the amended trade

18   secret disclosure, and that it would be served by April 18, 2008.  Attached hereto as Exhibit F is a

19   true and correct copy of the Amended Trade Secret Disclosure, served on April 18, 2008.

20   Defendants have yet to approach Verigy with any alleged deficiencies in it, despite the Court's

21   direction for the parties to attempt to resolve any issues prior to the May 23, 2008 CMC.

22        11.     Attached hereto as Exhibit G is a true and correct copy of the Initial Trade Secret

23   Disclosure, served August 24, 2007.

---

[1] Given the Court's standing order regarding attaching letters between counsel to discovery motions, Verigy has attached only the crucial letters and describes the others in this declaration.

DECLARATION OF MELINDA M. MORTON IN SUPPORT OF VERIGY'S MOTION FOR PROTECTIVE ORDER RE REQUESTS FOR
ADMISSION PROPOUNDED BY DEFENDANTS    C07-04330 RMW (HRL)

1

2          12.        On Monday, April 28, 2008, the parties met and conferred regarding the Second

3   Set of Requests for Admission and Defendants' Motion to Compel.  The parties agreed to

4   postpone the hearing on the motion to compel and to postpone the deadline for Plaintiff's response

5   to the Second Set of Requests for Admission due to the amended trade secret disclosure.  The

6   parties attempted to negotiate a stipulation regarding the amended trade secret disclosure and these

7   discovery disputes.

8          13.        Unfortunately, the parties were unable to reach agreement, as Defendants

9   demanded that Plaintiff pay their attorneys fees incurred in drafting the motion to compel as well

10  as their fees for drafting the proposed stipulation.  Attached hereto as Exhibit H is a true and

11  correct copy of Defendants' proposed stipulation, emailed to me on May 9, 2008.  The stipulation

12  also required that Plaintiff stipulate that Defendants did not misappropriate any of the withdrawn

13  trade secrets.

14         14.        Verigy drafted a different stipulation.  Attached hereto as Exhibit I is a true and

15  correct copy of my May 9, 2008 email to Mr. Pasquinelli with the proposed stipulation.

16         15.        Defendants refused to accept Verigy's stipulation, as "it asserts no admissions or

17  grants any rights that Defendants do not already posses[s]."  Defendants maintained that payment

18  of attorneys fees for the motion to compel and the stipulation were "critical."  Attached hereto as

19  Exhibit J is a true and correct copy of Mr. Pasquinelli's May 12, 2008 email response to my

20  proposed stipulation.

21         16.        On May 13, 2008, the parties met and conferred by telephone conference pursuant

22  to Rule 37-1 of the Northern District of California Civil Local Rules.  Mr. Pasquinelli, on behalf

23  of Defendants, refused to withdraw the Second Set of Requests.  I offered to amend the stipulation

24  to state that the withdrawn trade secrets were out of the case (without any provision that Verigy be

25  allowed to later amend if discovery showed that Defendants had not been forthcoming), but Mr.

26  Pasquinelli was unwilling to enter into any stipulation unless it included a stipulation that

27  Defendants did not misappropriate any of the trade secrets in the Initial Trade Secret Disclosure.

28  Attached hereto as Exhibit K is a true and correct copy of my email to Mr. Pasquinelli including

3

DECLARATION OF MELINDA M. MORTON IN SUPPORT OF VERIGY'S MOTION FOR PROTECTIVE ORDER RE REQUESTS FOR
ADMISSION PROPOUNDED BY DEFENDANTS        C07-04330 RMW (HRL)

1    the amended stipulation.  Counsel for the parties discussed the issues but were unable to reach any

2    accord.

3              17.       As 244 of the requests seek an admission that Verigy possesses "no documents"

4    relating to misappropriation of the trade secrets listed in the Initial Trade Secret Disclosure, each

5    of these 244 requests would require an extensive search of documents and email, requiring many

6    hours spent investigating each of request for admission.  This exercise would be costly and

7    burdensome, given Verigy's size and number of engineering employees who may have had

8    communications with Mr. Romi Mayder.

9              18.       Attached hereto as Exhibit L is a true and correct copy of Defendants Answer to

10    Plaintiff's Initial Complaint and Counter Claim, filed Sept. 9, 2007.

11              19.       Attached hereto as Exhibit M is a true and correct copy of Defendants Amended

12    Assertion of Defenses to Plaintiff's Initial Complaint, filed March 25, 2008.

13              20.       Attached hereto as Exhibit N is a true and correct copy of the confidential version

14    of the Court's February 29, 2008 order granting a preliminary injunction.

15              I declare under penalty of perjury under the laws of the United States of America that the

16    foregoing is true and correct and that this declaration was executed this 13th  day of May, 2008 at

17    San Jose, California.

18                                                              /s/
                                                        Melinda M. Morton

19

20

21

22

23

24

25

26

27

28

                                                         4