# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-FILED*

CIVIL MINUTES

DATE: March 14, 2008

Case No. C-07-04330-RMW        JUDGE: Ronald M. Whyte

VERIGY US, INC.                -V- ROMI OMAR MAYDER, et al.
Title

M. Morton                          D. Mount & K. Pasquinelli
Attorneys Present                  Attorneys Present

COURT CLERK: Jackie Garcia         COURT REPORTER: Not Reported

PROCEEDINGS

CASE MANAGEMENT CONFERENCE

ORDER AFTER HEARING

Hearing Held. The parties had a mediation session and was unsuccessful. The parties are to meet and confer as to the trade secret list. The parties are to do a limited amount of discovery. Plaintiff to do third party subpoena and document request; Defendant to do request for admissions and interrogatories. The Court set a Further Case Management Conference for 5/23/08 @ 10:30 am. The Court to look into the issue of listing damages as stated in the standing order.

# EXHIBIT B

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT C

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT D

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT E

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT F

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT G

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT H

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT I

**Mindy Morton**

---

| | |
|---|---|
| **From:** | Mindy Morton |
| **Sent:** | Friday, May 09, 2008 1:46 PM |
| **To:** | Kevin M. Pasquinelli |
| **Cc:** | Michael Stebbins; Gail C. Simmons |
| **Subject:** | RE: Follow up on Stipulation |

Kevin,

This is not what we discussed. First, there is no provision regarding the situation we discussed where defendants later produce documents relating to one of the trade secrets listed on the initial 2019 list. Second, you do not address the approximately 310 RFAs you propounded, most of which relate to the initial 2019 list. Third, this stipulation does not need to be signed by a Judge under any rules that I am familiar with. Fourth, we will not agree to pay your costs and fees for the motion to compel or for drafting the stipulation. The stipulation could easily have been two paragraphs, and instead, you added a lot of verbiage to which we cannot agree. Further, you knew that the 2019 disclosure was going to be amended before you filed the motion to compel, but you were unwilling to wait to see the amended disclosure and instead filed the motion prematurely. Fifth, the inclusion of the actual language from the initial disclosure and stating that all of that language is withdrawn is inaccurate, as a number of those secrets are included in the amended 2019 list.

Please let me know by the end of the day today whether you are actually willing to negotiate this in good faith. If not, we will proceed with our opposition to your motion to compel, including sanctions, and we will file a motion for a protective order for the second set of RFAs and we will seek sanctions for your lack of good faith under rule 26 in serving them. If we cannot resolve this issue, we would like to set up a time to meet and confer with you on Monday regarding the RFAs so we can file our motion for a protective order.

Here is the text of our proposed stipulation:

1. The parties hereby agree, based on the discovery produced to date, that the only trade secrets at issue in this action are those contained in the Amended 2019.210 disclosure, served on April 21, 2008 (the "Amended 2019.210 Disclosure"), subject to the provisions of Paragraph 2.

2. In the event that documents are produced in discovery after April 21, 2008 that relate to one of the trade secrets listed in Plaintiff's Initial 2019.210 disclosure but not in the Amended 2019.210 Disclosure, Plaintiffs reserve the right to serve a Second Amended 2019.210 Disclosure. Defendants may take discovery related to any trade secrets contained in the Second Amended Disclosure that were not contained in the Amended 2019.210 Disclosure.

3. Defendants hereby withdraw Requests for Production Nos. ___ from Defendants Second Set of Requests for Production. Defendants will also file a notice withdrawing their motion to compel concerning the Second Set of Requests within 2 business days of execution of this stipulation.

4. Defendants also hereby withdraw the Second Set of Requests for Admission in its entirety.

5. Plaintiff agrees that it will not seek sanctions for service of the motion to compel or for service of the Second Set of Requests for Admission.

6. All parties will pay their own costs and fees incurred with respect to these discovery issues.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500

San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward this Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

---

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Fri 5/9/2008 12:31 PM
**To:** Mindy Morton
**Cc:** Kevin M. Pasquinelli; Michelle McManus
**Subject:** RE: Follow up on Stipulation

Here you go. Needed review from Mr. Mayder.

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Thursday, May 08, 2008 10:36 AM
**To:** Kevin M. Pasquinelli
**Subject:** Follow up on Stipulation

Kevin,
Just wanted to check back in with you regarding the stipulation. I believe you said that you were going to get it to me by Wednesday, and I haven't yet seen a draft.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

5/13/2008

# EXHIBIT J

**Mindy Morton**

**From:** Kevin M. Pasquinelli [kpasquinelli@MOUNT.com]
**Sent:** Monday, May 12, 2008 1:33 PM
**To:** Mindy Morton
**Cc:** Michael Stebbins; Gail C. Simmons; Kevin M. Pasquinelli; Michelle McManus
**Subject:** RE: Follow up on Stipulation

Mindy,

Allow me to address the material points;

1. RFA's: Yes, I did overlook reducing the number of RFA's in the current proposed stipulation. I am still willing to discuss reducing the number of RFA's if we agree to the other terms.
2. RFP's: I believe my proposed stipulation was very specific about reduction and withdrawal of certain RFP's. In exchange for such a reduction the stipulation requires that Verigy admit that Defendants have not misappropriated trade secrets that were removed from the initial 2019. I compared Verigy's initial and amended 2019 disclosures and only included trade secrets that were removed. To the extent that it is represents otherwise I am willing to discuss.
3. The fees and costs are critical, as my client should not have to incur motion practice costs related to the motion to compel or this stipulation.
4. As to the language of the stipulation, you specifically requested that I write the first draft. It was Verigy that requested a delay to its response to the motion to compel and in good faith I granted that. It is a deal breaker to this negotiation that Verigy stipulate that Defendants have not misappropriated trade secrets that have been removed from the initial 2019 statement. If Verigy wishes to propose the specific trade secrets that should or should not be included in this list my client will entertain such a proposal.

Unfortunately, we appear to be quite far apart. My client is unwilling to agree to your proposed stipulation below, as it asserts no admissions or grants any rights that Defendants do not already posses, and it imposes that Defendants withdraw RFPs and RFAs that have been (and remain) asserted in good faith.

As to a meet and confer session with you regarding Verigy motioning the court for a protective order I can meet tomorrow, Tuesday between 10 – 4. I have some other commitments that will make it impossible to meet this afternoon. Let me know what time works best for you.

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Friday, May 09, 2008 1:46 PM
**To:** Kevin M. Pasquinelli
**Cc:** Michael Stebbins; Gail C. Simmons
**Subject:** RE: Follow up on Stipulation

Kevin,
This is not what we discussed. First, there is no provision regarding the situation we discussed where defendants later produce documents relating to one of the trade secrets listed on the initial 2019 list. Second, you do not address the approximately 310 RFAs you propounded, most of which relate to the initial 2019 list. Third, this stipulation does not need to be signed by a Judge under any rules that I am familiar with. Fourth, we will not agree to pay your costs and fees for the motion to compel or for drafting the stipulation. The stipulation could easily have been two paragraphs, and instead, you added a lot of verbiage to which we cannot agree. Further, you knew that the 2019 disclosure was going to be amended before you filed the motion to compel, but you were unwilling to wait to see the amended disclosure and instead filed the motion prematurely. Fifth, the inclusion of the actual language from the initial disclosure and stating that all of that language is withdrawn is inaccurate, as a number of those secrets are included in the amended 2019 list.

Please let me know by the end of the day today whether you are actually willing to negotiate this in good faith. If not, we will proceed with our opposition to ir motion to compel, including sanctic and we will file a motion for a protective order for the second set of RFAs and we will seek sanctions for your lack of good faith under rule 26 in serving them. If we cannot resolve this issue, we would like to set up a time to meet and confer with you on Monday regarding the RFAs so we can file our motion for a protective order.

Here is the text of our proposed stipulation:

1. The parties hereby agree, based on the discovery produced to date, that the only trade secrets at issue in this action are those contained in the Amended 2019.210 disclosure, served on April 21, 2008 (the "Amended 2019.210 Disclosure"), subject to the provisions of Paragraph 2.

2. In the event that documents are produced in discovery after April 21, 2008 that relate to one of the trade secrets listed in Plaintiff's Initial 2019.210 disclosure but not in the Amended 2019.210 Disclosure, Plaintiffs reserve the right to serve a Second Amended 2019.210 Disclosure. Defendants may take discovery related to any trade secrets contained in the Second Amended Disclosure that were not contained in the Amended 2019.210 Disclosure.

3. Defendants hereby withdraw Requests for Production Nos.___ from Defendants Second Set of Requests for Production. Defendants will also file a notice withdrawing their motion to compel concerning the Second Set of Requests within 2 business days of execution of this stipulation.

4. Defendants also hereby withdraw the Second Set of Requests for Admission in its entirety.

5. Plaintiff agrees that it will not seek sanctions for service of the motion to compel or for service of the Second Set of Requests for Admission.

6. All parties will pay their own costs and fees incurred with respect to these discovery issues.


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward this Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Fri 5/9/2008 12:31 PM
**To:** Mindy Morton
**Cc:** Kevin M. Pasquinelli; Michelle McManus
**Subject:** RE: Follow up on Stipulation

Here you go. Needed review from Mr. Mayder.

Kevin

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Thursday, May 08, 2008 10:36 AM
**To:** Kevin M. Pasquinelli
**Subject:** Follow up on Stipulation

Kevin,
Just wanted to check back in with you regarding the stipulation. I believe you said that you were going to get it to me by Wednesday, and I haven't yet seen a draft.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].