1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12 | VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL)
13 |                   Plaintiff,             | **VERIGY'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME ON IT'S MOTION FOR PROTECTIVE ORDER RELIEVING VERIGY OF DUTY TO RESPOND TO SECOND SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**
14 |       vs.                                |
15 | ROMI OMAR MAYDER, an individual;         |
   | WESLEY MAYDER, an individual; SILICON    |
16 | TEST SYSTEMS, INC., a California Corporation; |
   | and SILICON TEST SOLUTIONS, LLC, a       |
17 | California Limited Liability Corporation, |
   | inclusive,                               |
18 |                                          | Courtroom:  2
   |                   Defendants.            | Hon.  Howard R. Lloyd
19 |                                          |
   |                                          | Complaint Filed:   August 22, 2007
20 |                                          | Trial Date:        None Set

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Verigy U.S., Inc. ("Verigy") hereby moves pursuant to Local Rules 6-1 and 6-3 for an order shortening time for hearing of a protective order relieving Verigy of the duty to respond to defendants' second set of requests for admission, totaling 278 requests, served by defendants by email on Sunday night, April 13, 2008. Verigy seeks to have this motion heard on June 10, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard. Verigy proposes that Defendants' opposition to Verigy's motion for a protective order, if any, be filed and served on or before May 27, 2008, and that Verigy's reply memorandum be filed and served on or before June 3, 2008.

The present motion is based on this motion, the accompanying memorandum of points and authorities below, the accompanying declaration of Melinda M. Morton, and the accompanying proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under L.R. 6-1(b), "[a] request for a Court order enlarging or shortening time may be made by. . . motion pursuant to Civil L.R. 6-3." Rule 6-3(a), in turn, enumerates requirements that must be satisfied to shorten time for hearing of a motion. Those requirements are satisfied here, as set out below and in the accompanying declaration of Melinda M. Morton.

### 1. Verigy Requests Shortened Time for Hearing of Its Motion For a Protective Order.

Verigy's motion for a protective order relieving Verigy of the duty to respond to Defendants' second set of requests for admission (the "Second Set of Requests"), totaling 278 requests, served by defendants by email on Sunday night, April 13, 2008 has been noticed for hearing on June 17, 2008, at 10:00 a.m., the nearest available date for a hearing before this Court. Verigy's response to the Second Set of Requests is due on June 10, 2008, and Defendants' counsel has refused to grant an extension so that the matter may be resolved without shortening time. (Morton Decl., ¶ 3.) Further, Defendants currently have a motion to compel their second set of document requests set for June 10, 2008, at the same time sought in this motion to compel. (*Id.* at

¶ 4.) Defendants' motion to compel concerns many of the same issues, as both the Second Set of Requests and the second set of document requests relate to trade secrets contained in Verigy's initial trade secret disclosure, which was withdrawn and replaced by an amended trade secret disclosure on April 18, 2008. (*Id.*) If Verigy's motion to shorten time is not granted, Verigy will be significantly harmed in that it will have to respond to Defendants' Second Set of Requests, which violate the Court's March 14, 2008 Order and which relate to trade secrets no longer at issue in the case. The Court will also have to spend additional time on this matter if these two related motions are not heard together, given the interrelated nature of the issues in dispute.

**2. Verigy Complied With Local Rule 37-1, But All Defendants Have Not Stipulated to Shortening the Hearing Date**

On May 13, 2008, Ms. Morton, counsel for Verigy, met and conferred by telephone with Kevin Pasquinelli, counsel for defendants Romi Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC., regarding this issue. (*Id.* at ¶¶ 5,10.) Ms. Morton requested that defendants stipulate to the shortened time as described above, or that Defendants extend the deadline for the Second Set of Admissions. (*Id.* at ¶ 5.) Mr. Pasquinelli refused to stipulate. (*Id.*) Mr. Wesley Mayder has new counsel who has recently substituted for Mount & Stoelker, and Ms. Morton spoke with Mr. Tim Hale, Mr. Wesley Mayder's new counsel, by telephone on May 13, 2008 as well. (*Id.* at ¶ 6.) Mr. Hale agreed to stipulate to shortening time, but counsel for the remaining defendants refused to do so. (*Id.*)

The issue in dispute in Verigy's motion for a protective order is whether Verigy should be relieved of its duty to respond to Defendants' Second Set of Requests, totaling 278 separate requests, given that the Court had ordered that only "limited discovery" be conducted, that the Court ordered that Defendants could do a request for admissions and not multiple sets, and that 244 of the requests concerned Plaintiff's Initial 2019.210 disclosure that Defendants knew would be amended the very next day after service of the requests for admission. (*See* Verigy's Motion for a Protective Order, filed concurrently with this motion.) Verigy requested that Defendants withdraw the Second Set of Requests, but Defendants have refused to do so. (Morton Decl., ¶ 7.) Mr. Pasquinelli, Defendants' counsel, informed Verigy that the requests would only be withdrawn

2

if Verigy paid his attorneys' fees for bringing Defendants' motion to compel as well as for drafting a proposed stipulation regarding the motion to compel, and Verigy was unwilling to do so. (*Id.*) Verigy offered to make other stipulations, but Defendants were not willing to negotiate. (*Id.*)

### 3. Previous Time Modifications in This Case

There have been five previous unrelated time modifications in this case, which are described in paragraph eight of the Morton declaration.

### 4. The Request for Shortened Time Would Not Impact the Case Schedule

Verigy's request to shorten time for hearing its motion for a protective order would not affect the Court's procedural schedule for this case. (*Id.* at ¶ 9.) As discussed above, the requested shortened hearing date would be more efficient and convenient.

Accordingly, Verigy respectfully requests that the Court issue an order setting the hearing of Verigy's motion for a protective order for June 10, 2008.

Dated: May 13, 2008                         BERGESON, LLP

By: _____/s/_____
         Melinda M. Morton

Attorneys for Plaintiff
VERIGY US, INC.

VERIGY'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME ON IT'S MOTION FOR PROTECTIVE ORDER RELIEVING VERIGY OF DUTY TO RESPOND TO SECOND SET OF REQUESTS FOR ADMISSION    CASE NO. C07-04330 RMW (HRL)