Daniel S. Mount, Esq. (State Bar No. 77517)
Kathryn G. Spelman, Esq. (State Bar No. 154512)
Dan Fingerman, Esq. (State Bar No. 229683)
Kevin Pasquinelli, Esq. (State Bar No. 246985)
Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473

JACK RUSSO (State Bar No. 96068)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com

Attorneys for Defendants Romi Omar Mayder,
an individual, Silicon Test Systems, Inc. a
California Corporation, Silicon Test Solutions,
LLC.

Attorneys for Defendant Wesley Mayder, an
Individual.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>                    Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER et. al.,<br><br>                    Defendants. | **Civil Case No.:**  5:07-cv-04330 RMW (HRL)<br><br>**DEFENDANTS ANSWER WITH AMENDED ASSERTION OF DEFENSES WITH CROSS COMPLAINT AS PER COURT ORDER [CORRECTED]** |
| ROMI OMAR MAYDER et. al.,<br><br>                    Counterclaimant,<br><br>Vs.<br><br>VERIGY US, INC, a Delaware Corporation<br><br>                    Counterdefendant, | Date:   May 16, 2008<br>Time:   N/A<br>Dept.:  Hon. Judge Whyte |

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

Defendants, Romi Omar Mayder, an individual ("Romi Mayder"), Wesley Mayder, an individual ("Wesley Mayder"), Silicon Test Systems, Inc. a California Corporation ("STS"), Silicon Test Solutions, LLC ("STSLLC") file this *Defendants Answer with Amended Assertion of Defenses with Cross Complaint as per Court Order [CORRECTED]t* (which merely combines *Defendants Answer to Plaintiff's Initial Complaint and Counter Claim* with *Defendants Amended Assertion of Defenses to Plaintiff's Initial Complaint*) to conform with L.R. 10-1 as follows:

## NATURE OF THE ACTION

1. Defendants deny each and every averment of paragraph 1.

## THE PARTIES

2. Defendants admit the averments of paragraph 2.

3. Defendants admit the averments of paragraph 3.

4. Defendants admit that Wesley Mayder is an individual residing at 19171 Oahu Lane, Saratoga, California, and that Romi Mayder and Wesley are brothers, but deny that Romi Mayder and Wesley are "engaged in business together."

5. Defendants admit the averments of paragraph 5.

6. Defendants deny each and every averment of paragraph 6.

7. Defendants deny each and every averment of paragraph 7.

## JURISDICTION AND VENUE

8. Defendants admit the averments of paragraph 8.

9. Defendants admit that venue is proper in this Court under 28 U.S.C §1391(b) because a substantial part of the events that gave rise to Verigy's claims took place within the District, but deny all other averments in paragraph 9.

10. Defendants admit that intradistrict assignment, pursuant to Local Rule 3-2(c), is proper in the San Jose Division because a substantial part of the events or omission which gave rise to Verigy's claims occurred in Santa Clara County, and that Defendants reside in Santa Clara County.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

**FACTUAL ALLEGATIONS**

11. Defendants admit that Verigy designs, develops, manufactures and sells advanced test systems and solution for the semiconductor industry, but Defendants are without knowledge or information sufficient to admit or deny the facts contained in the remainder of paragraph.11.

12. Defendants admit that Verigy offers the 9300 Series, and the Versatest V5000 series, platforms for sale, but Defendants are without knowledge or information sufficient to admit or deny the facts contained in the remainder of paragraph 12.

13. Defendants admit that Romi Mayder was employed by Verigy's predecessors-in-interest, from June 15, 1998 until Verigy was founded and spun off from Agilent on May 31, 2006. Defendants also admit that Romi Mayder began employment with Verigy on June 1, 2006, but deny that Romi Mayder was employed until September 22, 2006.

14. Defendants are without knowledge and information sufficient to admit or deny the facts contained in paragraph 14.

**Verigy's Alleged Confidential and Proprietary Information and Trade Secrets**

15. Defendants admit that Romi Mayder was required to sign, and did sign, an Agreement Regarding Confidential Information and Proprietary Developments (the "ARCIPD"), and that Exhibit A to Plaintiffs Complaint appears to be a true and correct copy of the ARCIPD signed by Romi Mayder, but Defendants deny that the clauses listed in paragraph 15 are necessarily "pertinent to this action."

16. Defendants are without knowledge or information sufficient to admit or deny the facts contained in paragraph 16.

17. Defendants admit while employed by Verigy and Verigy's predecessors-in-interest, Romi Mayder was responsible for several research and development projects for the creation of new products to improve and advance Verigy's silicon chip testing systems, but Defendants are without knowledge or information sufficient to admit or deny that Romi Mayder worked on

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

the "the Verigy Project." Defendants admit that Romi Mayder had access to Verigy's

Confidential Information and trade Secrets relating to his projects, but Defendants are without

knowledge or information sufficient to admit or deny that Romi Mayder had access to

Verigy's Confidential Information and Trade Secrets relating to other projects being

developed by other employees. Defendants are without knowledge or information sufficient

to admit or deny the remaining averments of paragraph 17.

18. Defendants deny each and every averment of paragraph 18.

19. Defendants are without knowledge or information sufficient to admit or deny the averments

made in paragraph 19.

**Mayder's Alleged Theft of Trade Secrets and Establishment of Silicon Test Solutions**

20. Defendants admit each and every averment of paragraph 20.

21. Defendants admit that Romi Mayder sent an email on June 12, 2006 from his account at

romi.mayder@yahoo.com, but deny all remaining averments in paragraph 21.

22. Defendants are without knowledge or information sufficient to admit to or deny the averments

of paragraph 22.

23. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 23.

24. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 24.

25. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 25.

26. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 26.

27. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 27.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

28. Defendants admit that Silicon Test Solutions, LLC filed Articles of Organization on September 8, 2006 with the California Secretary of State.

29. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 29.

30. Defendants admit that Verigy conducted an exit interview on September 20, 2006, but deny the remaining averments of paragraph 30.

31. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 31.

32. Defendants admit that some person or entity filed a provisional patent application with the United States Patent and Trademark Office ("USPTO"), but deny all remaining averments in paragraph 32.

33. Defendants deny each and every averment of paragraph 33.

### FIRST CAUSE OF ACTION
(Alleged Breach of Written Contract Against Romi Mayder)

34. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

35. Romi Mayder admits that upon joining Verigy, was required to sign, and did sign, the ARCIPD, but denies all remaining averments in paragraph 35.

36. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 36.

37. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 37.

38. Romi Mayder denies each and every averment of paragraph 38.

39. Romi Mayder denies each and every averment of paragraph 39.

40. Romi Mayder denies each and every averment of paragraph 40.

### SECOND CAUSE OF ACTION
(Alleged Misappropriation of Trade Secrets Against All Defendants)

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TH EPHONE (408) 279-7000

(California Civil Code §3426 et seq.)

41. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

42. Defendants deny each and every averment of paragraph 42.

43. Defendants deny each and every averment of paragraph 43.

44. Defendants deny each and every averment of paragraph 44.

45. Defendants deny each and every averment of paragraph 45.

46. Defendants deny each and every averment of paragraph 46.

47. Defendants deny each and every averment of paragraph 47.

48. Defendants deny each and every averment of paragraph 48.

49. Defendants deny each and every averment of paragraph 49.

### THIRD CAUSE OF ACTION
(Alleged Violation of the Computer Fraud and Abuse Act)
(18 U.S.C. §1030)
(Against All Defendants)

50. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

51. Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 51.

52. Defendants deny each and every averment of paragraph 52.

53. Defendants deny each and every averment of paragraph 53.

54. Defendants deny each and every averment of paragraph 54.

### FOURTH CLAIM FOR RELIEF
Alleged Violation Electronic Communications Privacy Act, Title II
(18 U.S.C. §2701 *et seq.*)
(Against All Defendants)

55. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose, California 95110-2726
Telephone (408) 279-7000

56. Defendants are without knowledge or information sufficient to admit or deny the averments

of paragraph 56.

57. Defendants deny each and every averment of paragraph 57.

58. Defendants deny each and every averment of paragraph 58.

59. Defendants deny each and every averment of paragraph 59.

60. Defendants deny each and every averment of paragraph 60.

61. Defendants deny each and every averment of paragraph 61.

## FIFTH CLAIM FOR RELIEF

Alleged Violation OF Unauthorized Access to Computers, Computer Systems And Computer
Data
(California Penal Code §502)
(Against All Defendants)

62. Defendants incorporate herein by reference all above paragraphs, as though fully set forth

herein.

63. Defendants deny each and every averment of paragraph 63.

64. Defendants deny each and every averment of paragraph 64.

65. Defendants deny each and every averment of paragraph 65.

66. Defendants deny each and every averment of paragraph 66.

67. Defendants deny each and every averment of paragraph 67.

68. Defendants deny each and every averment of paragraph 68.

## SIXTH CAUSE OF ACTION

(Alleged Unfair Competition Under Bus. & Prof. Code §17200 *et seq.*)
(Against All Defendants)

69. Defendants incorporate herein by reference all above paragraphs, as though fully set forth

herein.

70. Defendants deny each and every averment of paragraph 70.

71. Defendants deny each and every averment of paragraph 71.

72. Defendants deny each and every averment of paragraph 72.

73. Defendants deny each and every averment of paragraph 73.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

**SEVENTH CAUSE OF ACTION**
(Alleged Unfair Common Law Unfair Competition)
(Against All Defendants)

74. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

75. Defendants deny each and every averment of paragraph 75.

76. Defendants deny each and every averment of paragraph 76.

77. Defendants deny each and every averment of paragraph 77.

78. Defendants deny each and every averment of paragraph 78.

79. Defendants deny each and every averment of paragraph 79.

**EIGHT CAUSE OF ACTION**
(Alleged Breach of Duty of Loyalty Against Mayder)
(Against Romi Mayder)

80. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

81. Romi Mayder is without knowledge or information sufficient to admit or deny the averments of paragraph 81.

82. Romi Mayder denies each and every averment of paragraph 82.

83. Romi Mayder denies each and every averment of paragraph 83.

84. Romi Mayder denies each and every averment of paragraph 84.

**NINTH CLAIM FOR RELIEF**
(Alleged Violation of Lanham Act)
(15 U.S.C. § 1125(a))
(Against All Defendants)

85. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

86. Defendants admit that the website www.silicontests.com made the statement that "We have invented a new paradigm for substantially increasing parallelism of ATE test cells," but deny all remaining averments of paragraph 86.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

87. Defendants admit that Defendants administer the website www.silcontests.com , but deny all remaining averments of paragraph 87.

88. Defendants deny each and every averment of paragraph 88.

89. Defendants deny each and every averment of paragraph 89.

90. Defendants deny each and every averment of paragraph 90.

91. Defendants deny each and every averment of paragraph 91.

92. Defendants deny each and every averment of paragraph 92.

93. Defendants deny each and every averment of paragraph 93.

94. Defendants deny each and every averment of paragraph 94.

95. Defendants deny each and every averment of paragraph 95.

96. Defendants deny each and every averment of paragraph 96.

97. Defendants deny each and every averment of paragraph 97.

### TENTH CLAIM FOR RELIEF
(Alleged Violation California Business & Professions Code §17500)
(15 U.S.C. § 1125(a))
(Against All Defendants)

98. Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

99. Defendants deny each and every averment of paragraph 99.

100. Defendants deny each and every averment of paragraph 100.

101. Defendants deny each and every averment of paragraph 101.

102. Defendants deny each and every averment of paragraph 102.

103. Defendants deny each and every averment of paragraph 103.

104. Defendants deny each and every averment of paragraph 104.

105. Defendants deny each and every averment of paragraph 105.

### ELEVENTH CLAIM FOR RELIEF
(Alleged Intentional Interference with Prospective Economic Advantage)
(Against All Defendants)

Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose, California 95110-2726
Telephone (408) 279-7000

106.  Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

107.  Defendants deny each and every averment of paragraph 107.

108.  Defendants deny each and every averment of paragraph 108.

109.  Defendants deny each and every averment of paragraph 109.

110.  Defendants deny each and every averment of paragraph 110.

111.  Defendants deny each and every averment of paragraph 111.

<u>**TWELFTH CLAIM FOR RELIEF**</u>
(Declaratory Relief)
<u>(Against All Defendants)</u>

112.  Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

113.  Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 113.

114.  Defendants deny each and every averment of paragraph 114.

115.  Defendants deny each and every averment of paragraph 115.

116.  Defendants deny each and every averment of paragraph 116.

117.  Defendants admit that an actual and justifiable controversy exists between Verigy and Defendants concerning their respective rights and duties regarding he Disputed Material.

118.  Defendants deny each and every averment of paragraph 118.

119.  Defendants admit that they dispute the contentions alleged in the Complaint that Plaintiffs own the right, title, and interest in the Disputed Material.

120.  Defendants deny each and every averment of paragraph 120.

121.  Defendants admit that a determination by this Court of the respective rights and duties of Verigy and Defendants is necessary and proper at this time.

<u>**THIRTEENTH CLAIM FOR RELIEF**</u>
(Alleged Imposition of a Constructive Trust)
<u>(Against All Defendants)</u>

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

122.  Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

123.  Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 124.

124.  Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 124.

125.  Defendants deny each and every averment of paragraph 125.

126.  Defendants deny each and every averment of paragraph 126.

## FOURTEENTH CAUSE OF ACTION
(Alleged Unjust Enrichment Against All Defendants)

127.  Defendants incorporate herein by reference all above paragraphs, as though fully set forth herein.

128.  Defendants deny each and every averment of paragraph 128.

129.  Defendants deny each and every averment of paragraph 129.

## COUNTERCLAIMS

## GENERAL ALLEGATIONS

Counterclaimants Defendants allege as set forth below:

1.      Counterclaimant Romi Mayder is an individual residing at 1331 Sierra Avenue, San Jose, California.

2.      Counterclaimant Wesley Mayder is an individual residing at 191171 Oahu Lane, Saratoga, California.

3.      Counterclaimant Silicon Test Systems, Inc. is a corporation duly operating and existing under the laws of California with its principal place of business located at 3031 Tisch Way, Suite 309, San Jose, California.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

4.    Counterclaimant Silicon Test Solutions, LLC is a limited liability corporation formed under the laws of California.

5.    Counterclaimants are informed and believe that Verigy is a corporation organized an existing under the laws of the State of Delaware with its principal place of business at 10100 N. Tantau Avenue, Cupertino, Ca, 95014.

6.    Plaintiff alleges that Defendants misappropriated alleged Verigy Confidential and Proprietary Information and Trade Secrets, and violated other Federal and California statutes

7.    The Court has subject matter jurisdiction over these claims as supplemental pursuant to 28 U.S.C. §1367(a).

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

9.    Intradistrict assignment, pursuant to Local Rule 3-2(c), is proper in the San Jose division, as at least a substantial part of the events or omissions which give rise to the claims occurred in Santa Clara Count.

10.    Verigy and its predecessors have employed corrupt and dishonest practices intended to deceive prospective employees to come to work for Verigy and to its existing employees to induce them to remain in the employment of Verigy.

11.    Verigy negotiates employment contracts that secure a commitment from its employees to not use "Verigy Confidential Information" and also to not use inventions if the either fits within the scope of Verigy's business.

12.    Verigy tells employees directly and indirectly (indirectly by means of various policies and procedure manuals and by means of non-disclosure agreements with vendors and suppliers) that Verigy will clearly identify Verigy confidential information so that employees will know the parameters of their duties to Verigy under their employment contracts.

13.    Verigy also tells its employees that it will clearly identify the scope of its business so that Verigy employees can know the parameters of their duties to Verigy with respect to whether inventions or personal research and development would compete with Verigy.  In fact, however, Verigy secretly maintains an undisclosed intention to change the designation from non-confidential information to "Verigy Confidential Information" without notice to the employees. This practice gives Verigy a competitive advantage, by creating an unwarranted fear of litigation

in employees as they consider leaving or consider setting up a legitimate and independent business that otherwise would be created without any misuse of actual Verigy confidential information.

14.    One example of the practice that Verigy employs is to change confidentiality designations, or to mislead employees concerning what is truly "Verigy Confidential Information", by use of secret footers. Certain document templates include a footer that includes the phrase "Verigy Confidential Information" on certain forms of the document only if printed in a certain fashion, but that template does not appear on any markings on any working copies that are routinely used by its employees.

15.    Moreover, Verigy has misrepresented to its employees the duties imposed under Labor Code Section 2870. Labor Code Section 2870 has certain temporal limitations expressly set forth in its terms as it relates to the ability of employees to spend time and effort developing their own independent non-competitive products, however the Verigy employment contract suggests that it paraphrases Section 2870 and that it is in conformity with Section 2870 when actually it is not, as it excludes this temporal limitation.

16.    Actual and prospective employees are entitled to presume that trade secrets within the scope of Verigy's business will be honestly, accurately and consistently explained to them so that they can understand their duties to the company. In fact, Verigy has harbored, and continues to harbor, an intention to change the scope of the information and to falsely designate information as trade secret when in fact it is not, and to set forth and inform their employees about the scope of Verigy business and thereafter to change their designated scope of business so that employees who spend personal time on developing independent non-competitive products will be at a commercial disadvantage should they ever become competitors.

17.    If in fact Defendant/Cross-Complainant Romi Mayder had known at the time of his employment, at the time he signed the employment contract, and as he remained an employee at Verigy that Verigy had the secret intention to change the scope of its business, to represent it as different from that which they had explained to the employee, and also that Verigy intended to change document designations, so that Verigy could label the documents "Verigy Confidential" when in fact they were not so identified while he was employed, he would have either not taken the employment or he would have left employment earlier.

Timeline of Events

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

18.    About the last week of-May 2006 Mr. Mayder was informed by the Verigy Project manager to stop working on the project because the Project did not have a profitable business model and would soon be officially cancelled.

19.    On May 06, 2006 Mr. Mayder signed an Agreement Regarding Confidential and Proprietary Developments ("the Contract") with Verigy in anticipation of the Memory Test Division "spinning off" from Agilent. The contract states in part:

> "this Agreement dos not apply to an invention for which no
> equipment, supplies, facility, or trade secret information of
> the employer was used and which was developed entirely
> on the employee's own time, unless (a) the invention relates
> (i) to the business of the employer, or (ii) to the employer's
> actual or demonstrably anticipated research or development,
> or (b) the invention results from any work performed by the
> employee for the employer"

This clause differs substantially from California Labor code, Section 2870, and materially misrepresents it. Furthermore, this misrepresentation violates CA Labor Code §2872.

20.    On June 1, 2006 the Memory Test Division of Agilent "spun off", forming its own company named Verigy. At that time Mr. Mayder continued in his same engineering position.

21.    The Non-Disclosure Agreement ("NDA") used by Verigy for sharing information with third parties requires that confidential documents be clearly marked as such. If not marked Confidential, in order to maintain Confidentiality of the documents an email stating that the documents should be held in confidence must be communicated shortly after transmission.

22.    Verigy repeatedly and systemically designated documents properly as non-confidential by sharing them with third parties. Verigy used template documents that hid any confidentiality designations, thereby misleading employees to believe that the documents were not Verigy Confidential. Thereafter, after employees have reasonably relied on this representation, Verigy has asserted that documents, which Verigy has effectively designated as non-confidential, are (as against employees) to be treated as Verigy Confidential.

23.    In June 2006 Verigy called a management meeting where it was formally decided to endorse the earlier announcement of the Verigy Project Manager, to cancel the Verigy Project. This decision was communicated to Mr. Mayder.

24.     In September 2006 Mr. Mayder properly terminated employment with Verigy and at that time informed Verigy that he would be starting his own business.

### FIRST COUNTERCLAIM
For Declaratory Relief that Verigy does not have Rights, Title, and Interest in the Alleged Trade Secrets

1.     Counterclaimant Defendants reallege and incorporates by reference, all previous allegations of this Answer and Counterclaim.

2.     Verigy has charged Counterclaimant Defendants with Misappropriation of alleged Verigy Trade Secrets as defined by the California Uniform Trade Secrets Act ("UTSA"), California Civil Code Section 3426 *et seq.* In support of this claim Plaintiff has filed a trade secret disclosure per California Code of Civil Procedure §2019.210. Counterclaimant Defendants deny that this disclosure constitutes trade secrets under the UTSA.

3.     As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Counterclaimant Defendants with respect to Verigy's alleged trade secrets.

4.     Accordingly, Counterclaimants Defendants seek a declaration that any and all of the trade secrets identified in Plaintiff's CCP §2019.210 disclosure do not constitute trade secrets under the UTSA.


### SECOND COUNTERCLAIM
For Declaratory Relief as to Misappropriation of Trade Secret

5.     Counterclaimant Defendants realleges and incorporates by reference, all previous allegations of this Answer and Counterclaim.

6.     Verigy has charged Counterclaimant Defendants with Misappropriation of Verigy Trade Secrets. Defendants and Counterclaimants deny that they have misappropriated any Verigy trade secrets.

7.     As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Counterclaimant Defendants with respect to Verigy's alleged trade secrets.

8.     Accordingly, Counterclaimant Defendants seek declarations that:

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

a.  Verigy has not taken reasonable efforts under the circumstances to preserve the confidentiality of its Trade Secrets.

b.  Verigy does not derive economic value from its alleged Trade Secrets for not being generally known.

c.  Counterclaimant Defendants have not acquired alleged Verigy trade secret information by improper means or misappropriation under the California Uniform Trade Secrets Act ("UTSA").

d.  Counterclaimant Defendants are not presently using Verigy's alleged trade secret information in connection with their own business activities.

e.  Counterclaimant Defendants have not misappropriated or threatened to misappropriate, have not used or threatened to use, nor disclosed nor threatened to disclose Verigy's alleged trade secret information.

f.  Counterclaimant Defendants have not caused irreparable harm to Verigy.

g.  Counterclaimants Defendants have not wrongfully acquired gains based on Verigy's alleged trade secrets, and do not hold any gains in constructive trust.

h.  Any loss of revenues from sales of its products and services suffered by Verigy is not due to Counterclaimant Defendants misappropriation of alleged Verigy Trade Secrets.

i.  Verigy is not entitled to exemplary or punitive damages.

### **THIRD COUNTERCLAIM**
#### For Declaratory Relief as to Breach of Written Contract Against Romi Mayder

9.  Romi Mayder  realleges and incorporates by reference, all previous allegations of this Answer and Counterclaim.

10.  Verigy has charged Romi Mayder with material breach of the ARCIPD with Verigy. Romi Mayder denies that he has breach the ARCIPD.

11.  As a result of Verigy's allegations, an actual controversy has arisen and now exists between Verigy and Romi Mayder with respect to breach of ARCIPD.

12.   Accordingly, Romi Mayder seeks a declaration that he has not breached his contract with Verigy by using and disclosing Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments; removing Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments from Verigy's premises without permission; failing to return Verigy's Trade Secrets, Confidential Information and/or Proprietary Developments upon termination of employment; competing with Verigy during employment; or failing to assign his right, title and interst to any inventions conceived by him during his employment at Verigy.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Defendants pray for a judgment ordering that:

1.   Any and all of the trade secrets identified in its CCP §2019.210 disclosure do not constitute trade secrets under the UTSA.

2.   Romi Mayder has not materially breached the ARCIPD.

3.   Romi Mayder has not breached his duty of loyalty to Verigy.

4.   Counterclaimant Defendants have not misappropriated trade secrets from Verigy.

5.   Counterclaimant Defendants have properly obtained their information and knowledge used in STS projects, and that Defendants own all right, title, and interest to property used those projects.

6.   Counterclaimant Defendants' products do not contain any trade secrets of Verigy, any of the Disputed Property, or any property derived from the trade secrets of Verigy or the Dispute Property.

7.   Counterclaimant Defendants have not violated 18 USC §1030, Computer Fraud and Abuse Act.

8.   Counterclaimant Defendants have not violated 18 U.S.C. §2701, Electronic Communications Privacy Act, Title II.

9.   Counterclaimant Defendants have not accessed computers systems or data, under CA Penal Code §502.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TH PHONE (408) 279-7000

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

10. Counterclaimant Defendants have not violated B&P Code §17200 *et seq*

11. Counterclaimant Defendants have not committed common law unfair competition.

12. Counterclaimant Defendants have not violated 15 USC §1125(a).

13. Counterclaimant Defendants have not falsely advertised themselves as the origin of the "Verigy Project," under CA Business and Professions Code §17500.

14. Counterclaimant Defendants have not intentionally interfered with the Prospective Economic Advantage of Verigy.

15. Counterclaimant Defendants not be enjoined from continuing the business of STS, or using the disputed property in their products.

16. There is no property upon which to form a constructive trust.

17. Counterclaimant Defendants have not been unjustly enriched.

18. Verigy has suffered no irreparable harm on any cause of action.

19. Verigy is due no damages under any cause of action.

20. Verigy is due no attorney fees, costs of suit, or any interest.

21. For such further, or different relief, in law or equity, as the Court may deem just and proper.


## AFFIRMATIVE AND OTHER DEFENSES

Without altering the burden of proof, Defendants assert the following defenses. Defendants assert such defenses based upon an investigation that is not complete and without the benefit of discovery necessary for the determination of their claims and defenses in this action. Defendants' investigation of defenses is continuing, and Defendants reserve all affirmative defenses and any other defenses at law or in equity that may now exist or in the future be available based upon discovery or further investigation. Defendants further reserve the right to amend these Defenses should facts be discovered demonstrating the existence of new or additional defenses, or should a change in the law support the inclusion of new or additional defenses.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

1.    Defendants re-allege and incorporate by reference all general allegations above. The Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of estoppel because Defendants were informed by Verigy that it was halting the Verigy project, declined to enter the market associated with the Verigy project, and relinquished any rights to the intellectual property; Verigy intended Defendants to act on these representations, and Confidentiality markings (or lack thereof) by prioritizing Mr. Mayders time, Defendants acted in reliance upon this representation by stopping work on the Verigy project and considering other employment. Defendants are injured by beginning a company in the market for which Verigy now claims it has not exited.

2.    Defendants re-allege and incorporate by reference all general allegations above. The Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of Laches. Plaintiff had full knowledge that Mr. Mayder was terminating employment with Verigy in order to start up his own business, that he had formed STS, and at that time delayed asserting claims until after substantial investment by STS.

3.    Defendants re-allege and incorporate by reference all general allegations above. Upon information and belief, the Complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of unclean hands because Verigy fraudulently, intentionally or negligently misrepresented its intention to not enter the market associated with the Verigy Project, whether the designation of certain documents were Verigy Confidential or not, and whether it would be developing solutions for this business, to Defendants.

4.    Defendants re-allege and incorporate by reference all general allegations above. The Complaint, and each and every claim contained therein, is barred in whole or in part because Verigy has Unfairly Competed under California Business and Professions Code §17200 *et seq.* based upon the previous assertions, the preceding paragraphs, and other asserted defenses made herein, including but not limited to unclear hands, laches, fraud violation of CA Labor Code §2870 and §2872, waiver, prior breach of contract, and lack of enforceability of the contract.

5.    Defendants re-allege and incorporate by reference all general allegations above. The Complaint, each and every claim contained therein, is barred in whole or in part due to Fraud. Between September 2005 and September 2006 Plaintiff intentionally and negligently misrepresented material facts to Defendants as outlined previously and including, but not limited

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

to; (1) its intent to not enter the market associated with the Verigy project, (2) that documents did not contain secret or confidential information, (3) that Verigy had a policy of faithfully  marking, handling, and maintaining of secret and confidential information. When Plaintiff made these representations, it knew them to be false and made these representations with the intention to deceive and defraud Defendants and to induce Defendants to act in reliance on these representations by working with the company, with knowledge that Verigy would not ever assert claims contrary to its policy, and so that employees would be free to govern their future business decisions in a manner consistent with Verigy's stated policy. Defendants, at the time these representations were made by Plaintiff, and at the time Defendants took the actions alleged by Plaintiff, were ignorant of the falsity of Plaintiff's representations and believed them to be true. In reliance on these representations, Defendants were induced to work on their own time developing inventions outside the scope of Verigy's business, and starting their own company, STS. Had Mr. Mayder known the actual facts, he would not have taken such action. Mr. Mayder's reliance on Verigy's representations was justified because Verigy commonly exited or did not enter businesses that it felt did not compete with them, and Verigy had never revealed its secret intention to assert its secret documents that it had not previously treated as secret.

6.    Defendants re-allege and incorporate by reference all general allegations above. Verigy's Claim 1, for Breach of Written Contract, and any claim depending on this contract, fails because the Contract is void and unenforceable as a matter of public policy. The Contract violates California Labor Code §2870 and §2872, which states in part "to the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."

7.    Defendants re-allege and incorporate by reference all general allegations above. Verigy's Claim 1, for Breach of Written Contract, and any claims depending on this contract, fails because Verigy waived its right under the contract to protect any inventions by Mr. Mayder related to the market associated with the Verigy Project due to the facts stated above and by communicating cancellation of the Verigy Project to Mr. Mayder with knowledge of this right's existence and the intent to relinquish it as evidenced by testimony of Ira Leventhal, Verigy's letters to suppliers, and internal communications.

8.    Defendants re-allege and incorporate by reference all general allegations above. Verigy's Claim 1, for Breach of Written Contract, and any claims depending on this contract, fails because the contract is void, or unenforceable, due to ambiguity of terms defining "Confidential Information", and the shifting decisions whether Verigy was in the market associated with the Verigy Project, such that Mr. Mayder did not have notice of what information was protected.

9.    Defendants re-allege and incorporate by reference all general allegations above. Verigy's Claim 1, and any claims depending on this contract, for Breach of Written Contract, is barred due to prior breach of contract by Plaintiff by not enforcing proper policies to maintain documents Confidential.

10.    Defendants re-allege and incorporate by reference all general allegations above.Verigy's second claim for relief, for "Misappropriation of Trade Secrets", and any other claims necessitating trade secret status are barred because Defendants have independently developed Flash Enhancer technology from publicly available information and independent customer feedback, and as such, have not misappropriated any trade secrets (as defined under the UTSA) disclosed in Verigy's CCP §2019.210 statement, or asserted elsewhere.

11.    Defendants re-allege and incorporate by reference all general allegations above. Verigy has suffered no detriment, and therefore cannot prevail on a Trade Secret claim, because it has withdrawn from the field of activity in which the trade secret is situate, and is no longer in the business of manufacturing products or providing solutions for the market associated with the Verigy Project.. Mere possession of a Plaintiff's trade secret by a defendant is insufficient.

12.    Defendants re-allege and incorporate by reference all general allegations above.Verigy's second claim for relief, for "Misappropriation of Trade Secrets", and any other claims necessitating trade secret status are barred because Plaintiff did not properly give notice to Defendants of the scope of its alleged trade secrets and what information was confidential versus non-confidential.

13.    Plaintiffs third claim for relief, 18 U.S.C. §1030, "Computer Fraud and Abuse Act", fails because the amount of loss, if any, does not exceed $5,000 within a one year period.

14.    Plaintiffs third claim for relief, 18 U.S.C. §1030, "Computer Fraud and Abuse Act", fails because there is no liability in receiving electronic information without actually accessing that information.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

15.     Plaintiffs third claim fore relief, 18 U.S.C. §1030, "Computer Fraud and Abuse Act", fails because Plaintiffs have authorized Defendants access to all of the subject information.

16.     Plaintiffs fourth claim for relief, 18 U.S.C. §2511, "Wire and Electronic Communications Interception and Interception of Oral Communications" and 18 U.S.C. §2701, "Unlawful access to stored communications" fail because Verigy has no private right of civil action under the ECPA because Defendants did not engage in any acts with a knowing or intentional state of mind required by 18 U.S.C. §2707.

17.     Plaintiffs fourth claim for relief, 18 U.S.C. §2511, "Wire and Electronic Communications Interception and Interception of Oral Communications" fails because Verigy is not a "provider of a wire or electronic communication service."

18.     Plaintiffs fourth claim for relief, 18 U.S.C. §2511, "Wire and Electronic Communications Interception and Interception of Oral Communications" fails because it is not unlawful "for an . . . employee . . . of  a provider of wire or electronic communication service, whose facilities are used in the transmission of a wire or electronic communication, to intercept, disclose, or use that communication in the normal course of business." If Verigy qualifies as a "wire and electronic communications provider", and at the time of the alleged violation Mr. Mayder was employed by Verigy, he and any of his agents are exempt from liability.

19.     Plaintiffs fourth claim for relief, 18 U.S.C. §2511, "Wire and Electronic Communications Interception and Interception of Oral Communications" fails because "it shall not be unlawful . . . .for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." At all times, Mr. Mayder acted within the scope of his employment and under the consent of his employer, Verigy.

20.     Plaintiffs fourth claim for relief, 18 U.S.C. §2511, "Wire and Electronic Communications Interception and Interception of Oral Communications" fails because "it shall not be unlawful . . . for any person . . . to intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public". Verigy has made much of its alleged Information available in publications and Verigy's website. Verigy fails to use proper security for its extranets, intranets, and access to internal storage and databases.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

21.     Plaintiff's fourth claim for relief, 18 U.S.C. §2701, "Unlawful access to stored communications" fails because it "does not apply with respect to conduct authorized . . . by the person or entity providing a wire or electronic communications service." Verigy has alleged it is a provider of wire or electronic communications services. If accurate, Defendants acted at all times within the conduct authorized by Verigy and therefore bear no liability.

22.     Plaintiff's fourth claim for relief, 18 U.S.C. §2701, "Unlawful access to stored communications" fails because it "does not apply with respect to conduct authorized . . . by a user of that service with respect to a communication of or intended for that user." Verigy alleges it is a provider of wire or electronics communications services. If accurate, Defendants acts were authorized by Verigy and related to communications intended for Defendants.

23.     Plaintiff's fifth claim for relief, California Penal Code §502, "Unauthorized Access to Computers, Computer systems And Computer Data" is barred under Cal. Penal Code §502(h)(1) because Defendants acts were within the scope of their lawful employment.

24.     Plaintiff's fifth claim for relief, California Penal Code §502, "Unauthorized Access to Computers, Computer systems And Computer Data" is barred under Cal. Penal Code §502(h)(2) because Defendants activities, if outside the scope of lawful employment, did not cause an injury, as defined in paragraph (8) of subdivision (b), to Verigy or another. In addition, if computing services were used outside the scope of employment, the value of supplies or computer services, as defined in paragraph (4) or subdivision (b), does not exceed an accumulated total of one hundred dollars ($100) and is therefore barred.

25.     Plaintiff's fifth claim for relief, California Penal Code §502, "Unauthorized Access to Computers, Computer systems And Computer Data" is barred because it is not "a public offense for an employee, with his employer's approval, to operate the employer's computer in the course of the employer's business in a way that inconveniences, annoys, or inflicts expense upon another, even if done with a malicious intent to vex, annoy, and inflict additional expense upon another."

26.     Plaintiff's sixth claim for relief, "Unfair Competition Under Business and Professions Code §17200 *et seq.*", requires liability under other common or statutory law. None is asserted, but if asserted under another of Plaintiff's claims is barred based on the affirmative defenses set forth within.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

27.     Plaintiff's seventh claim for relief, "Common Law Unfair Competition", is barred because Defendants have not "passed off" their goods as those of Verigy's

28.     Plaintiff's seventh claim for relief, "Common Law Unfair Competition", is barred because it is preempted by Federal Trademark and Copyright laws.

29.     Plaintiff's seventh claim for relief, "Common Law Unfair Competition", is barred because Plaintiff cannot demonstrate a causal connection between Defendants acts and Plaintiff's losses. It is insufficient for Plaintiff to show merely that Defendant's conduct created a risk of harm.

30.     Plaintiff's seventh claim for relief, "Common Law Unfair Competition", is barred because Plaintiff's plead causes of action are insufficient to support an independent unfair competition action. Specifically, Plaintiff must specify an underlying independent cause of action upon which to base its unfair competition claim.

31.     Plaintiff's eighth claim for relief, "Breach of Duty of Loyalty" is barred because employees are allowed to seek other employment and to make preparations to compete before resigning.

32.     Defendants re-allege and incorporate by reference all general allegations above. Plaintiffs eighth claim for relief, "Breach of Duty of Loyalty" is barred because Verigy is not owed a duty of loyalty due to its acts outlined above including but not limited to its fraudulent misrepresentations to Mr. Mayder.

33.     Plaintiff's ninth claim for relief, "Violation of the Lanham Act", fails because any advertising errors by Defendants were unintentional and *de minimis* in effect and there was no public deception by Defendants.

34.     Plaintiff's ninth claim for relief, "Violation of the Lanham Act", fails on First Amendment, Free Speech grounds, and because Defendants are entitled to publish true statements.

35.     Plaintiff's ninth claim for relief, Violation of the Lanham Act", is barred because any representations made by Defendants are mere non-actionable puffery.

36.     Plaintiff's tenth claim for relief, "False Advertising", under California Business and Professions Code §17500 is barred for lack of standing. Only persons who have been injured in fact and have lost money or property as a result of the alleged false advertising have standing to bring actions for relief under §17500.

37.    Plaintiff's tenth claim for relief, "False Advertising", under California Business and Professions Code §17500 is barred because any representations made by Defendants are mere non-actionable puffery.

38.    Plaintiff's tenth claim for relief, "False Advertising", under California Business and Professions Code §17500 is barred due to preemption from Federal Trademark and False Advertising Laws.

39.    Plaintiff's eleventh claim for relief, intentional interference with prospective economic advantage fails because Defendants have fairly competed in the market place.

40.    Plaintiff's thirteenth claim for relief, "Imposition of a Constructive Trust", is barred due to independent development of the intellectual property in question. Defendants developed intellectual property independent of Verigy intellectual property upon independent input from customers.

41.    Defendants re-allege and incorporate by reference all general allegations above. Plaintiff's thirteenth claim for relief, "Imposition of a Constructive Trust", is barred due to violation of the defenses stated herein.

42.    Plaintiff's fourteenth claim for relief, "unjust enrichment", is barred because it is not a cause of action, but rather a remedy. The proper claim is for restitution under the common counts to avoid unjust enrichment.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated: May 16, 2008                                MOUNT & STOELKER, P.C.


By:____/s/_____
Daniel S. Mount, Esq
Kathryn G. Spelman, Esq
Daniel H. Fingerman, Esq.
Kevin M. Pasquinelli, Esq
Attorneys for Defendants STS, STSLLC and
Romi Mayder

Dated May 16, 2008                                 RUSSO & HALE LLP

By:____/s/_____
Jack Russo, Es
Attorneys for Wesley Mayder

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Ron Dela Cheviatore, Investor

Ben Francois, Investor

Fred Smith, Investor

Dated: September 14, 2007                    MOUNT & STOELKER, P.C.

By:____/s/_____
Daniel S. Mount, Esq
Kathryn G. Spelman, Esq
Daniel H. Fingerman, Esq.
Kevin M. Pasquinelli, Esq
Attorneys for Defendants.

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000