DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**VERIGY'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT**<br><br>Judge:  Honorable Ronald M. Whyte<br>Ctrm:    6 |

**SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

Pursuant to Fed. R. Civ. Proc. 26(f) and Northern District of California Local Rule 16-9, plaintiff Verigy US, Inc. ("Verigy") hereby submits the following Supplemental Case Management Statement updating the Court as to any material changes since the last case management statement. Pursuant to Local Rule 16-9(a), Verigy's counsel made reasonable efforts to obtain Defendants' cooperation in filing a joint statement, but defendants did not even respond to Verigy's request. Verigy's efforts are set forth in the accompanying declaration of Melinda Morton.

**1.    THE PARTIES:**

Wesley Mayder is now represented by Russo & Hale LLP. The remaining defendants (Romi Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC) (the "STS Defendants") continue to be represented by Mount & Stoelker.

**2.    MOTIONS:**

Verigy obtained a preliminary injunction order on February 29, 2008. Verigy has a pending motion for contempt that was heard on April 11, 2008. Verigy also has a pending motion for a protective order and for sanctions against Defendants for serving 278 requests for admission given that the Court had ordered that only "limited discovery" be conducted, and that 244 of the requests concerned Plaintiff's Initial 2019.210 disclosure that Defendants knew would be amended the very next day after service of the requests for admission. In addition, Verigy anticipates filing a motion or motions for summary judgment or summary adjudication and discovery motions as necessary.

**3.    AMENDMENT OF PLEADINGS**

Verigy may amend its pleading to add additional parties and/or new claims. Verigy proposes June 6, 2008 as the deadline for adding new claims and parties. Verigy also notes that as Defendants failed to serve a complete pleading when amending their answer as required by the Federal Rules and the Local Civil Rules. A "corrected" answer and counterclaim was served today. This "corrected" pleading violates F.R.C.P. 15, as it was filed long after the deadline set in the Court's February 29, 2008 Order, and Defendants did not ask Verigy for written permission or

petition the Court for leave to amend.  Verigy anticipates that Defendants will want to remedy this situation.

## 4. **DISCOVERY**:

Verigy agrees to the limitations set forth in the Federal Rules of Civil Procedure. Specifically, Verigy proposes that there should be ten depositions per side pursuant to F.R.C.P. 30(a)(2)(a) and a limit of 25 interrogatories per party pursuant to F.R.C.P. 33(a).  Verigy proposes a limit of 66 requests for admission per side excluding requests relating to authenticity of documents.  Defendants have already served 343 Requests for Admission during a time when the Court ordered only "limited discovery," and Verigy believes that the STS Defendants will continue to propound abusive discovery unless a limit is placed.  Verigy proposes the following "clawback" agreement and requests that the Court include this agreement in the CMC Order:

> The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such documents.  In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request.  In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.  To the extent there may be inconsistency between this agreement, Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

Verigy's proposed discovery schedule is included in the Schedule below in Section 6.

5. **RELIEF:**

Verigy notes that Defendants still have not fully complied with paragraph 11 of the Northern District Standing Order re: Contents of Joint Case Management Statement, and requests that the Court order Defendants to file and serve a document describing the "bases on which [Defendants] contend[] damages should be calculated if liability is established" against Defendants for the eleven causes of action other than trade secrets for which Verigy seeks damages. (N.D. Cal. Standing Order re: Contents of Joint Case Management Statement.) The Court's March 14, 2008 Order indicated that the Court would "look into the issue of listing damages as stated in the standing order."

6. **SCHEDULING**

Plaintiff proposes the following revised Schedule:

| EVENT | PLAINTIFF'S REVISED SUGGESTED DATE | PLAINTIFF'S PREVIOUS SUGGESTED DATE (November 30, 2007 Joint CMC statement) | DEFENDANTS' PREVIOUS SUGGESTED DATE (November 30, 2007 Joint CMC statement) |
|---|---|---|---|
| Deadline for Initial Disclosures | November 30, 2007 | November 30, 2007 | November 30, 2007 |
| Last Day to Amend Pleadings by Adding New Claims or New Parties | June 6, 2008 | January 15, 2008 | 30 days after courts order regarding preliminary injunction |
| Close of Fact Discovery | September 26, 2008 | May 23, 2008 | May, 29 2009 |
| Last Day to serve Expert Disclosures pursuant to F.R.C.P. 26(a)(2) | October 17, 2008 | June 13, 2008 | June 30, 2009 |
| Close of Expert Discovery | November 21, 2008 | July 15, 2008 | July 31, 2009 |
| Last Day to File Dispositive Motions | January 9, 2009 | August 22, 2008 | September 11, 2009 |
| Last Day to File Pretrial Disclosures pursuant to F.R.C.P. 26(a)(3)(c) | March 20, 2009 | October 31, 2008 | November 13, 2009 |
| Pretrial Conference | April 2, 2009 | November 13, 2008 | November 27, 2009 |
| Trial | April 21, 2009 | December 1, 2008 | December 14, 2009 |

Verigy specifically objects to Defendants' request for 260 interrogatories and for 10 depositions per party. The limits imposed by the F.R.C.P should be applied here, and if Defendants need additional discovery, they should petition the Court for leave at that time. Verigy previously requested that a limit of 30 RFAs per party (excluding requests related to authenticity of documents) be entered in this case. A limit is especially important given Defendants' recent actions. Despite the Court's March 14, 2008 Order allowing only limited discovery, Defendants served 343 requests for admission in less than two weeks in April 2008. Defendants also served a third request for documents in violation of the March 14, 2008 Order. Given that Verigy has already responded to Defendants' first set of Requests for Admission, totaling 66 requests, Verigy amends its previous request and asks that a limit of 66 RFAS per party (excluding requests related to authenticity of documents) be entered in this case. Eighteen months is much too long for discovery and would result only in a delay of trial in this action. There are only a few parties involved in this action and most, if not all, documents and potential witnesses are located in the Bay Area.

Dated: May 16, 2008                          BERGESON, LLP

                                             By:      /s/
                                                 Melinda M. Morton
                                                 Attorneys for Plaintiff
                                                 VERIGY US, INC.