Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Defendants' Opposition to Verigy's Notice of Motion and Motion to Shorten Time on Its Motion for Protective Order** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Judge:   Hon. Howard R. Lloyd<br>Ctrm: 2 |
| Defendants. | |

# DEFENDANTS' OPPOSITION

## Introduction

Verigy alleges that Defendants have misappropriated its trade secrets, yet Verigy refuses to produce documents defining the existence and scope of the alleged trade secrets, or alternatively admit that it has no evidence that Defendants' have misappropriated those trade secrets. Verigy now moves the court to shorten time[1] for hearing its *Motion for Protective Order Relieving Verigy of Duty to Respond to Second Set of Requests for Admission Propounded by Defendants* ("the Motion for Protection").

There are now two active discovery disputes before this court, one over insufficient production of documents by Verigy (*Defendants Motion to Compel Amended Responses and Production of Responsive Documents* – hereinafter Motion to Compel), and a second over Verigy's refusal to respond to proper requests for admission. As these disputes percolated the Honorable Judge Whyte conducted a CMC with the parties, on March 14, 2008, focused on Verigy's overly broad and vague CCP §2019.210 trade secret disclosure. Subsequently the court filed a minute order. Verigy now moves this Court to shorten the time to hear its Motion for Protection by a week, arguing that the Motion to Compel and the Motion for Protection are somehow interrelated, and that shortening time will relieve harm. Both arguments fail.

## ARGUMENTS

### I. The Active Disputes before this Court are Not Interrelated.

Verigy appears to argue that it would be judicially efficient for this Court to hear Defendants' Motion to Compel Production and Verigy's Motion for Protective Order simultaneously because they

---

[1] Local Rule 6-3(a) reads in part "A motion to enlarge or shorten time . . .must be accompanied by a proposed order and by a declaration that:
(1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
(2) Describes the efforts the party has made to obtain a stipulation to the time change;
(3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and
(4) If the motion is to shorten time for the Court to hear a motion:
 (i) Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and
 (ii) Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.
(5) Discloses all previous time modifications in the case, whether by stipulation or Court order;
(6) Describes the effect the requested time modification would have on the schedule for the case.
Under L.R. 6-3(c) "unless otherwise ordered, a party who opposes a motion to enlarge or shorten time must file an opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for opposition, no later than the third court day after receiving the motion. The objecting party must deliver a copy of its opposition to all parties on the day the opposition is filed."

Case No. 5:07-cv-04330 (RMW) (HRL)   Page 1
Defendants' Opposition to Verigy's Notice of Motion and Motion to Shorten Time on Its Motion for Protective Order

both indirectly refer to Verigy's CCP §2019.210 trade secret disclosure. By this reasoning any two discovery disputes are *interrelated* because they reference the same pleadings or facts.

Here, the disputes are entirely different regarding facts and law. Defendants' have been forced to file the Motion to Compel production because Verigy has interpreted the requests "hypertechnically", and even after clarification of the language in the requests has refused to produce documents.

Separately, Verigy has filed the Motion for Protection. It asserts that many of the requests for admission are improper because, after being served with the RFA's, Verigy removed some of its previously alleged trade secrets. So the question before the Court is whether Verigy can be compelled to admit that it is not in possession of documents proving that Defendants misappropriated trade secrets, now withdrawn, but which can be added back at any time to a CCP §2019.210 trade secret disclosure?

Decisions on these two motions will be based on separate sets of facts and separate rules of discovery. The two questions before the court are not similar. One regards interpretation of RFP language and whether Verigy's response has bee in good faith, the other whether RFA's are proper in light of a modified CCP §2019.210 trade secret disclosure. The disputes are similar only in that they both concern alleged trade secrets of Verigy. Most, if not all, of the fourteen causes of action asserted by Verigy are based on some type of misappropriation of Verigy trade secrets. Since the Court will need to consider separate motions, law, and facts no judicial economy will result.

**A. History Concerning the Request for Production of Documents:**

On **12/18/2007** Defendants' propounded on Verigy *Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy* ("the RFP's").[2] After almost four months waiting for production of responsive documents, Defendants filed on April 10, 2008 *Defendants' Notice of Motion and Motion to Compel Amended Responses and Production of Responsive Documents to Defendants Second Set of Requests for Production of Documents on Plaintiff Verigy* ("the Motion to Compel").[3] This set a hearing for May 20, 2008 with this Court.

---

[2] Declaration of Kevin Pasquinelli, ¶4.
[3] Declaration of Kevin Pasquinelli, ¶4(f).

On about 4/25/2008 Verigy offered to negotiate a stipulation admitting that Defendants had not misappropriated trade secrets which had been removed from its initial 2019.210 disclosure.[4] In good faith, Defendants stipulated to a one week extension to the briefing schedule. This Court reviewed its calendar and instead granted a three week extension, making the responsive brief due May 20, 2008.[5] As part of the good faith negotiations that ensued, Defendants granted Verigy a three week extension to answer the pending second set of RFA's, making them due coincidentally on June 10, 2008, the same date as the hearing on the Motion to Compel.[6]

**B. History Concerning Request for Admissions:**

On 4/13/2008 Defendants' propounded on Verigy *Defendants Requests for Admission, Set Two Propounded on Plaintiff Verigy*.[7] The requests break out approximately as follows:

- Thirty-one (31) of the RFA's request admission that Verigy USA has shared no intellectual property, including trade secrets, with its separate "sister" companies, as organized under its parent company Verigy, Ltd. Verigy Ltd., has numerous sister companies so a few requests related to each is necessary to ensure completeness.[8]
- RFA's 100 through 335 request admission that for each of **Verigy's individually alleged trade secrets** in its CCP § 2019.210 trade secret disclosure that it possesses no documents proving that Defendants misappropriated that trade secret.[9]

Verigy had until May 14, 2008 to respond.[10] Verigy requested, and Defendants granted, a three week extension to respond, moving the deadline to June 10, 2008.[11]

Defendants also granted Verigy three additional days to respond to its *Requests for Admissions, Set One Propounded on Verigy*.[12] Given the numerous extensions granted by Defendants, and delays by Verigy, it should not be allowed to now prejudice Defendants by shortening time.

## II. Verigy Has Demonstrated No Harm Associated With the Current Motion Schedule

Verigy argues that it will violate Judge Whyte's CMC minute order if it is required to answer the RFA's on June 10, 2008. This assertion is not supported by the language, or intent, of the Court's

---

[4] Declaration of Kevin Pasquinelli, ¶4(g).
[5] Declaration of Kevin Pasquinelli, Exhibit B.
[6] Declaration of Kevin Pasquinelli, ¶6(e).
[7] Declaration of Kevin Pasquinelli, ¶6.
[8] Declaration of Kevin Pasquinelli, ¶6(b).
[9] Declaration of Kevin Pasquinelli, ¶6(c).
[10] Federal Rule of Civil Procedure (FRCP) 36
[11] Declaration of Kevin Pasquinelli, ¶6(e).
[12] Declaration of Kevin Pasquinelli, ¶5.

Case No. 5:07-cv-04330 (RMW) (HRL)                                                                  Page 3
Defendants' Opposition to Verigy's Notice of Motion and Motion to Shorten Time on Its Motion for Protective Order

minute order. The order specifically states;" Defendant to do request for admissions."[13] It is difficult to imagine a clearer statement. Is Verigy arguing that one single request for admission should have been served on it?

Verigy conveniently neglects to mention that the above CMC minute order specifically sets the next CMC for 5/23/2008, thus allowing Judge Whyte to eliminate any ambiguity regarding his intent, before this Court hears arguments in this matter.[14] Furthermore, shortening time to hear the Motion for Protection does not alleviate Verigy's duty to respond to the RFA's by June 10, 2008 unless this Court rules from the bench on June 10, 2008.

### III. Compliance with L.R. 37-1(a) Does Not Make Verigy's Position Tenable

Verigy specifically requested extensions of time that were granted by Defendants. If Verigy had concerns that the RFA dispute could only be resolved with court intervention, it could have requested relief from this court weeks ago rather than request delays. By shortening time, the only party prejudiced will be Defendants, since they will need to expedite drafting of their responsive pleadings. The two disputes now before the court are independent and simple. Combining the hearings will only intertwine two unrelated disputes and add complexity to an otherwise simple set of issues.

### CONCLUSION & RELIEF SOUGHT

For the foregoing reasons, Defendants respectfully request that the Court deny Verigy's motion to shorten time to hear the Motion for Protective Order and issue an order requiring Verigy to pay Defendants' costs and fees associated with bringing this motion.

Dated: May 16, 2008

Mount & Stoelker, P.C.
Kevin M. Pasquinelli

/s/

Attorneys for Defendants Romi Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

---

[13] Declaration of Kevin Pasquinelli, Exhibit A
[14] Id.