1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile:  (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**DECLARATION OF MICHAEL W. STEBBINS IN SUPPORT OF VERIGY'S OPPOSITION TO MOTION TO COMPEL AMENDED RESPONSES AND PRODUCTION OF RESPONSIVE DOCUMENTS TO DISCOVERY**<br><br>Date: June 10, 2008<br>Time: 10:00 a.m.<br>Judge: Honorable Howard R. Lloyd<br>Ctrm.: 2<br><br>Complaint Filed: August 22, 2007<br>Trial Date: None Set |

MICHAEL W. STEBBINS' DECLARATION ISO VERIGY'S OPPOSITION TO MOTION TO COMPEL
AMENDED DISCOVERY RESPONSES
C07 04330 RMW (HRL)

I, Michael W. Stebbins, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a Partner with the law firm of Bergeson, LLP, counsel of record for Plaintiff, Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Verigy's opposition to Defendants' motion to compel the second set of requests for production (the "motion to compel").

3. Attached hereto as Exhibit A is a true and correct copy of email correspondence between counsel for Verigy and counsel for Defendants discussing the issues relating to this motion to compel.

4. Verigy construed the second set of requests for production (the "Requests") to call for documents relating to Verigy's reasonable efforts to maintain the secrecy of the enumerated trade secrets because of Defendants' pleadings, briefing on the Preliminary Injunction Motion, the plain meaning of the requests and the language in the relevant UTSA section discussing trade secrets. Verigy understood the Requests to pertain to whether the trade secrets met the standard of trade secrets at the time the objections were made, and still, in good faith, believes that this is the plain meaning of the Requests.

5. At the time the Requests were served, Verigy had already produced over 4500 pages of documents in response to Defendants' First Set of Requests, and many of these documents were responsive to the Requests as well. Verigy produced electronic documents in response to Requests Nos. 88-89 on February 1, 2008. Verigy produced approximately 210 pages of additional documents demonstrating that Verigy maintained trade secrets in the trade secrets listed in its Initial Trade Secret Disclosure on February 8, 2008 and March 21, 2008. The documents produced show that Verigy employed confidentiality measures at its corporate headquarters, had confidentiality agreements covering communications with its customers and potential customers, and had policies regarding computer security and information security.

6. The parties finally met and conferred by telephone on April 8, 2008. During this telephone call, Defendants' counsel, Kevin Pasquinelli, all but admitted that it made no sense to

1. maintain a motion to compel on document requests directed toward Verigy's Initial Trade Secret Disclosure once the amended disclosure was served, but he refused to delay filing the motion because he was not authorized to do so by his client. He indicated only that after the Amended Trade Secret Disclosure was served he would try and convince his client to authorize withdrawing the motion.

7. The Requests as rewritten by Defendants would be unduly burdensome because a search for documents responsive to the rewritten requests would involve hundreds, if not thousands, of hours of review and collection for production. Each of the Requests would require an extensive search of documents and email. This exercise would be costly and burdensome, given Verigy's size and number of engineering employees who were involved in the projects listed on the initial trade secret disclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 20th day of May, 2008 at San Jose, California.

/s/
Michael W. Stebbins