# EXHIBIT A

## Michael Stebbins

| | |
|---|---|
| **From:** | Michael Stebbins |
| **Sent:** | Tuesday, April 08, 2008 11:46 AM |
| **To:** | 'Kevin M. Pasquinelli' |
| **Cc:** | John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton |
| **Subject:** | RE: Verigy/Mayder document production |

I just called and left you a message about the inapplicability of the case you provided, as well as the timing (i.e., unreasonable burden) issue. The case doesn't involve a situation where the propounding party is trying to rewrite the requests during the meet and confer process.

I've got a lunch meeting but will try again later this afternoon.

Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Tuesday, April 08, 2008 10:52 AM
**To:** Michael Stebbins
**Cc:** John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton; Kevin M. Pasquinelli
**Subject:** RE: Verigy/Mayder document production

Michael,

The law that is on point is the Federal Rules Advisory Committee Notes to Rule 37 which states "Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)." Verigy's interpretation of the RFPS fit this description perfectly. See Omega Eng'g, Inc. v.Omega, S.A., 2001 U.S. Dist. LEXIS 2016, 9-10 (D. Comm. 2001) for an example application of this policy.

Awaiting you call.

5/19/2008

Kevin

---

**From:** Michael Stebbins [mailto:MStebbins@be-law.com]
**Sent:** Monday, April 07, 2008 4:18 PM
**To:** Kevin M. Pasquinelli
**Cc:** John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton
**Subject:** RE: Verigy/Mayder document production

Kevin:

I'm not sure I understand your assertion about the e-mails or having met and conferred. We've been communicating, but I believe the rules require we actually discuss this on the phone (or in person) and my e-mail asked for times this afternoon you were available so we could do that – as well as for the authority on which you would base your potential motion to compel.

I'm also not sure I understand your contention about the "immateriality" of legal authority -- since when is the legal basis for a motion "immaterial?" If you have located case law (it doesn't have to be "on point"; legal authority rarely is) which you believe demonstrates that our position is incorrect or unreasonable (which we have entreated you to provide now no less than *four* times), then we would be very willing to review and consider it. But the oblique nature of your responses effectively confirms that you either have no such authority or, for some reason, are simply unwilling to provide it. Either scenario would appear to undermine the efficacy of your motion.

In any event, since you've indicated you're in the office tomorrow morning, I'll call you then.


Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

---

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

---

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

---

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Monday, April 07, 2008 3:41 PM
**To:** Michael Stebbins
**Cc:** John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton; Kevin M. Pasquinelli
**Subject:** RE: Verigy/Mayder document production

5/19/2008

Michael,

Since you email below is in response to my calling you, and I was in the office when you sent this email, I will assume that we have met our meet and confer requirements in order to bring a motion before the court. Let me know if you feel otherwise.

1.  You agree that the meet and confer process is to clarify what was meant by a discovery request. I am not asking for the RFPS to be rewritten, merely interpreted in the context in which they were propounded. Of course, a party could serve a single request and attempt to modify it throughout the discovery process, as you assert below. That scenario does not even remotely resemble the factual situation before us. Also, you state that Defendants are asking that the RFPs be interpreted as "referring to" Verigy trade secrets. The existing RFPs state exactly that, requesting all documents "referring to" the individual Verigy trade secret.

2.  Hopes that a new "refined" 2019 statement will alleviate the need for the currently requested document production are speculative. Furthermore, it's hard to understand how RFPS propounded in December 2007 could be considered "rushing" into a motion to compel production. Verigy asserted its trade secrets in August 2007. At that time it was essentially on notice that documents related to each trade secret contention would need to be produced. The only question was timing.

3.  Whether there is case law on point or not, to some degree is immaterial. Logic and common sense dictate that every meet and confer process cannot end with a re-serving of discovery requests. If that were the situation then discovery would be an endless cycle of objections and re-serving of requests. On a meet and confer regarding other RFPS in this case, I requested that Verigy approve the new requests before re-serving. Verigy refused. Now Verigy has stated that there will be no response to those new requests and I have every reason to believe that there will be further objections. Therefore, I feel this situation will be similar if Defendants do not make a motion to compel.

I am out Monday afternoon. I am available to talk anytime Tuesday a.m.

Kevin

---

**From:** Michael Stebbins [mailto:MStebbins@be-law.com]
**Sent:** Friday, April 04, 2008 3:28 PM
**To:** Kevin M. Pasquinelli
**Cc:** John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton
**Subject:** RE: Verigy/Mayder document production

Kevin:

This is another follow up to my earlier e-mails requesting authority for your position and a response to your voicemail.

While there's no question the purpose of the meet and confer process is to clarify what was sought by the discovery, we don't believe that the process is one that allows a party to completely rewrite its discovery and expect the responding party to produce everything that's sought by the new requests. If that were the case, then parties could serve one request for "all documents relating to the claims" at the beginning of the case and then, through the meet and confer process over the course of the action, periodically create a completely new list of requests and simply ask the responding party to produce documents responsive to those new requests on a rolling basis.

Also, your message didn't really acknowledge my discussion of the impending refinement of the trade secret disclosure. Do you really think the Court will favorably entertain a motion to compel the production of voluminous documents concerning technical items which are, by then, no longer asserted as trade secrets in the case? Wouldn't it be more efficient, prudent and constructive to simply wait to determine what the new trade secret disclosure will look like and then propound new, clear document requests relating to those trade secrets before rushing off to Court to file a motion that, at least in part, relates to things that are no longer relevant?

We reiterate our request, now for the third time, that you provide some authority for the position that we are now required to produce documents *constituting, evidencing, reflecting or referring to* Verigy's asserted trade secrets,

5/19/2008

notwithstanding the fact that's simply not what the requests ask for.  Once again, if you can provide such authority, we will happily consider it.

Also, can you give me a couple of times, preferably early Monday afternoon that we might talk on the phone?

Thanks.


Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


**From:** Michael Stebbins
**Sent:** Friday, April 04, 2008 10:17 AM
**To:** 'Kevin M. Pasquinelli'
**Cc:** John Fowler; Gail C. Simmons; 'Daniel S. Mount'; Mindy Morton
**Subject:** RE: Verigy/Mayder document production

Kevin—

I just left you a voicemail following up on my e-mail from yesterday (attached below) to ask whether you'd be sending us any authority for your position on the outstanding discovery issue.

Thanks.


Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure

under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

---

**From:** Michael Stebbins
**Sent:** Thursday, April 03, 2008 1:45 PM
**To:** 'Kevin M. Pasquinelli'
**Cc:** John Fowler; Gail C. Simmons; Daniel S. Mount; Mindy Morton
**Subject:** RE: Verigy/Mayder document production

Kevin:

This responds to your most recent e-mail on the subject of Verigy's responses to defendants' second set of document requests.

We have not interpreted the word "maintain" narrowly or "out of context" at all, but rather *in* the appropriate context in light of the use of the word that *you* chose. "maintain" appears quite plainly with well-understood meaning in Cal. Civ. Code. § 3426.1(d)(2) which defines a trade secret. At this point, however, your position is that you really wanted documents *constituting, evidencing, reflecting or referring to* Verigy's asserted trade secrets, notwithstanding the fact the requests ask for documents "relating to your contention that Verigy *maintains* trade secrets." In other words, you would assert, even though the requests don't ask for it, we know what you really want so we should give it to you. Unfortunately, we do not believe that the law requires Verigy to guess at your intent when writing document requests or that it allows you to drastically rewrite your requests with impunity.

Please be very clear that Verigy is not attempting to *avoid* its discovery obligations. Rather, it *has* no obligations to respond further to requests which are later supposed to mean something other than what they say. Verigy was presented with an ambiguous document request and construed the request carefully and in conjunction with the applicable trade secret statute. If you believe otherwise, please provide us with some applicable authority to support your position at your very earliest convenience. We would welcome the opportunity to consider it before giving you our final response. Given that you apparently intend to file a motion tomorrow, we would hope that the authority for that motion is already at your fingertips.

As you will recall, the Court asked the parties to meet and confer about Verigy's trade secret disclosure. We will be sending you a draft on April 14, after which we will meet and confer about any further refinements – which will undoubtedly clarify the scope of that disclosure and result in a modification of its present form. In light of that expected refinement, it may very well be that many of the requests in dispute will be rendered irrelevant altogether, as a particular item will no longer be an asserted trade secret. Thus, if you were to serve new, well-crafted, better focused requests at the appropriate time, after the next CMC in May, you would receive responses in June, which may be only a few weeks after any ill-advised motion to compel is heard and likely about the same time that the court would order Verigy to produce documents should you win such a motion. If, as you imply, you are planning on filing a motion tomorrow, then you are quite likely making a motion relating to many requests for voluminous documents about complex technology that, in a month, may no longer be relevant. We suspect your clients would be far better served by, at the appropriate time, merely propounding new requests which clearly ask for what you *actually* want, rather than engaging in expensive, time-consuming motion practice of dubious merit.

We look forward to receiving the requested authority.

Michael W. Stebbins, Esq.
Bergeson, LLP

5/19/2008

303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone: 408 291-6200 Main
Telephone: 408 291-6207 Direct
Facsimile: 408 297-6000

---

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

---

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

---

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Wednesday, April 02, 2008 9:10 PM
**To:** Mindy Morton
**Cc:** John Fowler; Michael Stebbins; Gail C. Simmons; Daniel S. Mount; Michelle McManus; Kevin M. Pasquinelli
**Subject:** RE: Verigy/Mayder document production

Mindy,

Thank you for your email. I send this letter in a final attempt to remedy the situation before filing a motion to compel with the Honorable Howard Lloyd.

You have chosen to interpret the word "maintain" extremely narrowly, and out of context, allowing Verigy to avoid compliance with Defendant's request for production of documents relating to Verigy's trade secret claims. Taken in context, rather than in isolation, the intent of the requests for production are clear. More specifically, given that the case focuses almost entirely on the existence and scope of Verigy trade secrets, and there was an independent request to produce documents relating to each and every one of Verigy's alleged trade secrets in its 2019.210 statement I find it inconceivable that you could reach such a conclusion.

Irrespective of that interpretation, you acknowledge that I have conveyed to you the clear intent that Verigy produce evidence of its trade secrets. Given that understanding, your position is that you have complied by producing documents on Verigy policy, and will not produce any documents supporting the existence of each alleged trade secret.

Therefore, unless you agree by noon on April 4, 2008 to produce documents in compliance (as you now understand) with the RFPs by April 18th, 2008 I will file a motion to compel production with Judge Lloyd.

Thanks in advance for your timely attention,

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Wednesday, March 26, 2008 11:33 AM

5/19/2008

**To:** Kevin M. Pasquinelli
**Cc:** John Fowler; Michael Stebbins; Gail C. Simmons
**Subject:** RE: Verigy/Mayder document production

Kevin,

Thanks for your email. I think that there is a misunderstanding regarding Verigy's responses to these document requests. We spent a long time with these requests, trying to understand what you meant by some very confusing language. For example, Request number 20 asks for "Any DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding inventions, designs, know-how, research, techniques, proprietary or confidential information, tools, processes, software, hardware, economics and/or research and development as identified in VERIGY'S CA CCP §2019.210 disclosure 1(f) relating to VERIGY's non-public forecasted business demand."

After considering the requests in light of those encountered in other trade secret cases, as well as the language of the California trade secret statute, Cal. Civ. Code. § 3426.1(d)(2) ["Is the subject of efforts that are reasonable under the circumstances to *maintain* its secrecy." (emphasis added)], we responded, as explained in our objections to this Request (and all of the other similarly worded requests), that: "Verigy also objects to this Request on the grounds that the phrase "DOCUMENTS RELATING TO YOUR contention that VERIGY maintains trade secrets regarding," is vague, ambiguous and unintelligible. Verigy construes this term to mean "DOCUMENTS demonstrating that, pursuant to Cal. Civ. Code §3426.1(d)(2), VERIGY has made 'efforts that are reasonable under the circumstances to maintain' the secrecy of the." As a result, we have produced documents showing that Verigy has made reasonable efforts to *maintain* the secrecy of these trade secrets.

It appears from your recent correspondence that you persist in the belief that these document requests somehow asked for the documents *constituting* the trade secrets or *supporting the assertion* of trade secret status, however, based on the plain language of the requests as well as the language of the statute, that is not what these requests ask for.

Verigy has made a good faith attempt to comprehend a series of extremely ambiguous, confusing requests, and informed you in its responses how it construed these requests. At no time since your receipt of these responses have you addressed our objections to the requests or our construction reflected in the responses. Verigy's responses clearly indicated what documents would be produced—those that show that Verigy takes reasonable efforts to maintain secrecy, and Verigy has produced such documents. There has been no delay on Verigy's part.

With respect to your question as to when responsive documents will be produced, Verigy has produced responsive documents. Within the parameters outlined above, we are still searching to see if there are any additional responsive documents, and I expect that there will be a limited number of additional documents. I will of course produce any such documents if and when I receive them.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the

5/19/2008

above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

---

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Monday, March 24, 2008 12:12 PM
**To:** Mindy Morton
**Cc:** Gail C. Simmons; Lara Brostko; Kevin M. Pasquinelli
**Subject:** RE: Verigy/Mayder document production

Mindy,

This "production" answers none of the RFP's. It is hard to see how (1) a blank sign in log, (2) a Micron NDA, and (3) a Spansion NDA respond to any of the trade secret claims asserted by Verigy in its 2019 statement that you said would be produced last week.

Verigy was officially requested to produce the documents in mid-December and, of course, was on notice that such would need to be produced as of the beginning of the litigation. I can only assume at this point that the delay is intentional.

Please inform me when all of the responsive documents will be produced.

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Friday, March 21, 2008 1:59 PM
**To:** Kevin M. Pasquinelli
**Cc:** Gail C. Simmons; Lara Brostko
**Subject:** Verigy/Mayder document production

Kevin,
Enclosed please find additional documents for production by Verigy.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly

5/19/2008

prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].