Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dmount@mount.com
       kspelman@mount.com
       dfingerman@mount.com
       kpasquinelli@mount.com

Attorneys for Defendants Romi Mayder,
Silicon Test Systems Inc., and Silicon Test Solutions LLC

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| VERIGY U.S. INC., a Delaware corporation | Case No. 5:07-cv-04330 (RMW) (HRL) |
| Plaintiff, | **Declaration of Kevin M. Pasquinelli in Support of Defendants' Reply Brief Re: Motion to Compel Production of Responsive Documents** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS INC., a California corporation; SILICON TEST SOLUTIONS LLC, a California limited liability corporation, | Date:  June 10, 2008<br>Time:  10:00 a.m.<br>Judge: Hon. Howard R. Lloyd<br>Ctrm:  2<br>Trial Date: None Set |
| Defendants. | |

I, Kevin M. Pasquinelli, declare as follows:

1. I am an attorney licensed to practice law before the courts of the State of California. I am an associate with the law firm of Mount & Stoelker, P.C. I have personal knowledge of the facts set forth in this declaration, and if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of *Defendants' Reply Brief to Verigy's Opposition to Defendants Motion to Compel Amended Responses and Production of Responsive Documents.*

3. A CMC was held, as scheduled, on 5/23/2008 with the Honorable Judge Whyte with the parties in this case.

4. At the 5/23/2008 CMC a date for jury trial was set for December 8, 2008, or alternatively December 15, 2008 for a court trial.

5. Judge Whyte held at the 5/23/2008 CMC that both parties would be limited to 33 Additional Requests for Admission. As such, Verigy has withdrawn its Motion for Protection from answering the pending RFA's and Defendants are considering which RFA's to resubmit, if any.

6. In the 3/14/2008 CMC the Honorable Judge Whyte ordered Verigy to narrow the scope of its Initial 2019.210 Statement.

7. I never stated to opposing counsel that "it made no sense to maintain a motion to compel document requests directed toward Verigy's Initial Trade Secret Disclosure once the amended disclosure was served."

8. On 5/13/2008 Verigy petitioned this Court to shorten time to hear its Motion for protection from responding to RFA's to June 10th, 2008, so that it could be combined with the hearing of this dispute

9. On 5/16/2008 Defendants opposed Verigy's Motion to Shorten Time.

10. On 5/20/2008 this Court denied Verigy's Motion to Shorten Time. Attached as Exhibit A is a true and correct copy of the notification from the ECF system.

11. Attached as Exhibit B is a true and correct copy of an email I received from Ms. Melinda Morton reserving the right to reassert any trade secret claim if evidence was is found "related to one of the trade secrets listed in Plaintiffs' Initial 2019.210 disclosure."

12. Attached as Exhibit C is a true and correct copy of the Honorable Judge Whyte's minute order from the 3/14/2008 CMC with the parties.

13. Defendants answered and counter claimed on 9/13/2007.

14. Without changing its answer or counter claims, Defendants filed amended defenses on 3/25/2008.

15. Subsequently, Verigy notified Defendants that the amended defenses might be in technical violation of L.R. 10-1 which requires that any amended pleading be filed in its entirety. Rather than have motion practice on this point Verigy requested Defendants consolidate its pleadings to comply with the order. Attached as Exhibit D is a true and correct copy of the email I received from Ms. Melinda Morton requesting a corrected pleading to comply with L.R. 10-1.

16. Defendants filed a corrected pleading, with no substantive changes, on May 16, 2008.

17. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 27th day of May, 2008 in San Jose, California.

_____/s/_____

Kevin M. Pasquinelli

**Exhibits List**

Exhibit A: ECF Notice of Denial of Motion to Shorten Time

Exhibit B: Email from Ms. Melinda Morton reserving the right to reassert any trade secret claim if evidence was is found "related to one of the trade secrets listed in Plaintiffs' Initial 2019.210 disclosure."

Exhibit C: Honorable Judge Whyte's minute order from the 3/14/2008 CMC.

Exhibit D: Email from Ms. Melinda Morton requesting a corrected pleading to comply with L.R. 10-1

| | |
|---|---|
| From: | ECF-CAND@cand.uscourts.gov |
| To: | efiling@cand.uscourts.gov; |
| Subject: | Activity in Case 5:07-cv-04330-RMW Verigy US, Inc. v. Mayder, et al Order on Motion to Shorten Time |
| Date: | Tuesday, May 20, 2008 3:18:56 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink…' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 5/20/2008 3:18 PM and filed on 5/20/2008

**Case Name:**  Verigy US, Inc. v. Mayder, et al
**Case Number:**  5:07-cv-4330
**Filer:**
**Document Number:** 208

**Docket Text:**
**ORDER by Magistrate Judge Howard R. Lloyd denying [202] Plaintiff's Motion for an Order Shortening Time. Plaintiff's motion for protective order [201] set for hearing on 6/17/2008. Briefing to proceed in accordance with the court's Civil Local Rules. Defendant's request for attorney's fees incurred in connection with plaintiff's motion for shortened time is denied. (hrllc2, COURT STAFF) (Filed on 5/20/2008)**

**5:07-cv-4330 Notice has been electronically mailed to:**

Daniel J. Bergeson     dbergeson@be-law.com, swalker@be-law.com

Daniel Harlan Fingerman     dfingerman@mount.com, mmcmanus@mount.com

John W. Fowler     jfowler@be-law.com, swalker@be-law.com

Melinda Mae Morton     mmorton@be-law.com, gsimmons@be-law.com

Daniel S. Mount     dmount@mount.com, mmcmanus@mount.com

Kevin Martin Pasquinelli     kpasquinelli@mount.com

Jack Russo     jrusso@computerlaw.com, mrisch@computerlaw.com

Kathryn G. Spelman     kspelman@mount.com, mmcmanus@mount.com

Michael William Stebbins     mstebbins@be-law.com, vross@be-law.com

**5:07-cv-4330 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**
Main Document

**Original filename:**
G:\HRLLC2\Orders\2008\07-04330.7.pdf

**Electronic document Stamp:**

[STAMP CANDStamp_ID=977336130 [Date=5/20/2008] [FileNumber=4401836-0]
[958432824fb286de204fd6eaba60235b2f157e1cdbb71d3480712674a03bad919fe64
0c24f91c988be16ff8c9bbaccc1d8e5b0da471df877cf63164ce0f924c2]]

| | |
|---|---|
| **From:** | Mindy Morton |
| **To:** | Kevin M. Pasquinelli; |
| **cc:** | Michael Stebbins; |
| | Gail C. Simmons; |
| **Subject:** | RE: Follow up on Stipulation |
| **Date:** | Friday, May 09, 2008 1:44:56 PM |

Kevin,

This is not what we discussed.  First, there is no provision regarding the situation we discussed where defendants later produce documents relating to one of the trade secrets listed on the initial 2019 list.  Second, you do not address the approximately 310 RFAs you propounded, most of which relate to the initial 2019 list.  Third, this stipulation does not need to be signed by a Judge under any rules that I am familiar with.  Fourth, we will not agree to pay your costs and fees for the motion to compel or for drafting the stipulation.  The stipulation could easily have been two paragraphs, and instead, you added a lot of verbiage to which we cannot agree.  Further, you knew that the 2019 disclosure was going to be amended before you filed the motion to compel, but you were unwilling to wait to see the amended disclosure and instead filed the motion prematurely.  Fifth, the inclusion of the actual language from the initial disclosure and stating that all of that language is withdrawn is inaccurate, as a number of those secrets are included in the amended 2019 list.

Please let me know by the end of the day today whether you are actually willing to negotiate this in good faith.  If not, we will proceed with our opposition to your motion to compel, including sanctions, and we will file a motion for a protective order for the second set of RFAs and we will seek sanctions for your lack of good faith under rule 26 in serving them.  If we cannot resolve this issue, we would like to set up a time to meet and confer with you on Monday regarding the RFAs so we can file our motion for a protective order.

Here is the text of our proposed stipulation:

1.  The parties hereby agree, based on the discovery produced to date, that the only trade secrets at issue in this action are those contained in the Amended 2019.210 disclosure, served on April 21, 2008 (the "Amended 2019.210 Disclosure"), subject to the provisions of Paragraph 2.

2.  In the event that documents are produced in discovery after April 21, 2008 that relate to one of the trade secrets listed in Plaintiff's Initial 2019.210 disclosure but not in the Amended 2019.210 Disclosure, Plaintiffs reserve the

right to serve a Second Amended 2019.210 Disclosure.  Defendants may take discovery related to any trade secrets contained in the Second Amended Disclosure that were not contained in the Amended 2019.210 Disclosure.

3.  Defendants hereby withdraw Requests for Production Nos.\_\_\_ from Defendants Second Set of Requests for Production.  Defendants will also file a notice withdrawing their motion to compel concerning the Second Set of Requests within 2 business days of execution of this stipulation.

4.   Defendants also hereby withdraw the Second Set of Requests for Admission in its entirety.

5.  Plaintiff agrees that it will not seek sanctions for service of the motion to compel or for service of the Second Set of Requests for Admission.

6.  All parties will pay their own costs and fees incurred with respect to these discovery issues.


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward this Email. Any dissemination, distribution or copying of this communication is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

---

**From:** Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
**Sent:** Fri 5/9/2008 12:31 PM
**To:** Mindy Morton

**Cc:** Kevin M. Pasquinelli; Michelle McManus
**Subject:** RE: Follow up on Stipulation

Here you go. Needed review from Mr. Mayder.

Kevin

---

**From:** Mindy Morton [mailto:mmorton@be-law.com]
**Sent:** Thursday, May 08, 2008 10:36 AM
**To:** Kevin M. Pasquinelli
**Subject:** Follow up on Stipulation

Kevin,
Just wanted to check back in with you regarding the stipulation. I believe you said that you were going to get it to me by Wednesday, and I haven't yet seen a draft.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i)

avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-FILED*

CIVIL MINUTES

DATE: March 14, 2008

Case No. C-07-04330-RMW          JUDGE: Ronald M. Whyte

Title: VERIGY US, INC. -V- ROMI OMAR MAYDER, et al.

M. Morton                                    D. Mount & K. Pasquinelli
Attorneys Present                            Attorneys Present

COURT CLERK: Jackie Garcia          COURT REPORTER: Not Reported

PROCEEDINGS

CASE MANAGEMENT CONFERENCE

ORDER AFTER HEARING

Hearing Held. The parties had a mediation session and was unsuccessful. The parties are to meet and confer as to the trade secret list. The parties are to do a limited amount of discovery. Plaintiff to do third party subpoena and document request; Defendant to do request for admissions and interrogatories. The Court set a Further Case Management Conference for 5/23/08 @ 10:30 am. The Court to look into the issue of listing damages as stated in the standing order.

DATE REC'D/ORIG 3-19-08
FILE # S1TES001
CAL'N'D BY MM  APRV'D BY KMF
DATE 5/23 cmc
DATE
DATE
COPY TO CLIENT DSM, KGS, DYF, BMP

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

*E-FILED*

## CIVIL MINUTES

DATE: March 14, 2008

Case No. C-07-04330-RMW     JUDGE: Ronald M. Whyte

**VERIGY US, INC.**     -V- **ROMI OMAR MAYDER, et al.**
Title

M. Morton                                       D. Mount & K. Pasquinelli
**Attorneys Present**                           **Attorneys Present**

COURT CLERK: Jackie Garcia            COURT REPORTER: Not Reported

## PROCEEDINGS

## CASE MANAGEMENT CONFERENCE

**ORDER AFTER HEARING**

Hearing Held. The parties had a mediation session and was unsuccessful. The parties are to meet and confer as to the trade secret list. The parties are to do a limited amount of discovery. Plaintiff to do third party subpoena and document request; Defendant to do request for admissions and interrogatories. The Court set a Further Case Management Conference for 5/23/08 @ 10:30 am. The Court to look into the issue of listing damages as stated in the standing order.

| | |
|---|---|
| **From:** | Mindy Morton |
| **To:** | Kevin M. Pasquinelli; Daniel S. Mount; |
| **cc:** | Michael Stebbins; John Fowler; |
| **Subject:** | Amended Answer |
| **Date:** | Thursday, April 17, 2008 1:05:15 PM |

Gentlemen,

We have reviewed your amended answer. According to Local Rule 10-1, "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." We do not believe that it was your intent to waive your denials of the allegations in the complaint or your counterclaim, but that is, in effect, what your amended pleading has done (and it does not appear that you have even incorporated the previous answer and counterclaim by reference). In the spirit of professional courtesy, we thought it would be better to inform you of the deficiencies in your pleading rather than file a motion. Please let us know what you intend to do with respect to your pleading.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we

inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].