DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, Bar No. 138979
dgagliardi@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Case No. C07 04330 RMW (HRL)<br><br>**DECLARATION OF MELINDA M. MORTON IN SUPPORT OF VERIGY'S REQUEST FOR ATTORNEYS FEES & COSTS**<br><br>Judge: Honorable Ronald M. Whyte<br>Crtrm. 6<br><br>Complaint Filed: August 22, 2007<br>Bench Trial Date: December 15, 2008 |

I, Melinda M. Morton, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner with the law firm of Bergeson, LLP, counsel of record for plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I am a 1997 graduate of Yale Law School, with approximately eleven years experience in the practice of law. Prior to joining Bergeson, LLP four years ago, I was an associate at the Palo Alto law firm of Squire Sanders & Dempsey practicing intellectual property and business litigation. I have handled a variety of cases in state and federal courts. My practice includes copyright, patent, trademark, trade secret, computer fraud litigation, securities, First Amendment and commercial disputes.

3. My ordinary and usual billing rate as of 2007 was $435 per hour, and the rate charged to Verigy on this matter as of January 2008, is $450 per hour. I expended in excess of 52.8 hours in conjunction with Verigy's contempt motion in this matter. Accordingly, Verigy US, Inc. has reasonably and necessarily incurred in excess of $ 23,604.00 for my fees related to the contempt motion.

4. Defendants' opposition brief introduced a number of legal arguments that required extensive legal research, and it was time-consuming to research these arguments. In particular, the arguments concerning whether the TRO was clear and specific, whether an extension of the preliminary injunction was an available remedy, and whether marking a document as "confidential" rather than "highly confidential" waives trade secret status (an argument for which Defendants supplied no case law) required significant research. The research regarding appropriate remedies for civil contempt in this context or similar contexts was particularly time consuming, due to the lack of helpful treatise materials and the rarity of contempt proceedings in trade secret cases. Further, Defendants' opposition relied extensively on a Second Circuit decision, *Fonar Corp. v. Deccaid Services, Inc.,* 983 F.2d 427 (2nd Cir. 1993). As *Fonar* does not accurately state the law in the Ninth Circuit, I was required to research what the Ninth Circuit law actually is regarding incorporation by reference and present that to the Court.

5. Attached hereto and incorporated herein by reference as Exhibit A is a chart of reasonable attorney's fees and costs expended in conjunction with its motion of contempt. I have personally reviewed the entries related to my work as well as the costs entries and believe them to be true and correct.

6. The costs incurred in conjunction with the contempt motion include courier fees to file and serve the confidential versions of the briefs and declarations to the Court and to Defendants' counsel, Westlaw research fees, and costs for the Intel deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 9th day of June, 2008 at San Jose, California.

                                          /s/
                                 Melinda M. Morton