1 | JACK RUSSO (State Bar No. 96068)
  | RUSSO & HALE LLP
2 | 401 Florence Street
  | Palo Alto, CA 94301
3 | Telephone: (650) 327-9800
  | Facsimile: (650) 327-3737
4 | Email: jrusso@computerlaw.com

5 | Attorneys for Defendant
  | WESLEY MAYDER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT WESLEY MAYDER** |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **[F.R.C.P. RULE 56]** |
| | **Date: July 18, 2008** |
| | **Time: 9:00 a.m.** |
| | **Ctrm: 6** |
| Defendants. | **Before the Hon. Ronald Whyte** |
| | Complaint Filed: August 22, 2007 |
| | Trial Date: December 8, 2008 (jury trial) |
| | (Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED CROSSCLAIMS. | |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ᴿᴹ

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**      Case No. 5:07-cv-04330-RMW (HRL)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ............................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

    INTRODUCTION.............................................................................................................1

    STATEMENT OF FACTS ................................................................................................2

    ARGUMENT .....................................................................................................................5

        I.   THE STANDARD FOR SUMMARY JUDGMENT IS WELL-SETTLED ........5

        II.  WESLEY MAYDER CANNOT BE LIABLE UNDER ANY OF THE CLAIMS AGAINST HIM AND SUMMARY JUDGMENT SHOULD BE GRANTED .......................................5

            A.   Wesley Mayder is Entitled to Summary Judgment As to Verigy's Trade Secret Misappropriation Claim .................6

            B.   Wesley Mayder is Entitled to Summary Judgment On All of Verigy's Claims Relating to Access to Computers or Computer Data ........................6

            C.   Verigy's Unfair Competition Claims Also Fail and Judgment Thereon on Behalf of Wesley Mayder is Warranted....................................7

            D.   Verigy Has No Claim for Any Lanham Act Violation by Wesley Mayder .................................................................7

            E.   Wesley Mayder Cannot Be Liable for Intentional Interference With Prospective Economic Advantage Because He Neither Knew of Any Such Relationships of Verigy Nor Took Any Actions to Interfere With Any Such Alleged Relationships. ..........................7

            F.   Verigy's Declaratory Relief Claim Fails As Well Against Wesley Mayder..............................................................8

        III. VERIGY CANNOT PREMISE LIABILITY AGAINST WELSEY MAYDER BASED ON VAGUE *ALTER EGO* ALLEGATIONS .....................8

    CONCLUSION................................................................................................................11

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**    i    Case No. 5:07-cv-04330-RMW (HRL)

# TABLE OF AUTHORITIES

**Cases**

*580 Folsom Assocs. v. Prometheus Dev. Co.,*
    223 Cal. App. 3d 1 (Cal. App. 1st Dist 1990) ................................................................. 11

*Accuimage Diagnostics Corp. v. Terarecon, Inc.,*
    260 F. Supp. 2d 941 (N.D. Cal 2003) .............................................................................. 6

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ......................................................................................................... 5

*Calvert v. Huckins,*
    875 F. Supp. 674 (E.D. Cal. 1995) .................................................................................. 9

*Dos Pueblos Ranch & Improv. Co. v. Ellis,*
    8 Cal. 2d 617 (Cal. 1937) .............................................................................................. 10

*Erkenbrecher v. Grant,*
    187 Cal. 7 (Cal. 1921) ................................................................................................... 10

*Fox v. Good Samaratin Hospital,*
    2007 U.S. Dist. LEXIS 77314 (N.D. Cal. Oct. 9, 2007) ................................................. 5

*Grisham v. Philip Morris USA, Inc.,*
    40 Cal. 4th 623 (Cal. 2007) ............................................................................................. 7

*Hollywood Cleaning & P.Co. v. Hollywood L. Service,*
    217 Cal. 124 (Cal. 1932) ............................................................................................... 10

*Memry Corp. v. Ky. Oil Tech.,*
    2007 U.S. Dist. LEXIS 73311 (N.D. Cal. Sept. 20, 2007) .............................................. 5

*Minifie v. Rowley,*
    187 Cal. 481 (Cal. 1921) ................................................................................................. 9

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*
    210 F. 3d 1099 (9th Cir. 2000) ....................................................................................... 5

*Sonora Diamond Corp. v. Superior Court,*
    83 Cal. App. 4th 523 (Cal. App. 5th Dist. 2000) ............................................................ 9

**Statutes and Rules**

Fed. R. Civ. Proc., Rule 11 ..................................................................................................... 4-5, 10

Fed. R. Civ. Proc., Rule 56 ............................................................................................................ 5

Cal. Civ. Code, Section 3426.1 ..................................................................................................... 6

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**    ii    Case No. 5:07-cv-04330-RMW (HRL)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Wesley Mayder ("<u>Wesley</u>") shall and hereby does move this Honorable Court for summary judgment as to all claims against him in this action on the date and at the time referenced above. This Motion is made on the grounds that plaintiff Verigy US, Inc. ("<u>Verigy</u>") improperly has named (and refused to dismiss) Wesley Mayder as an individual defendant in its action filed against Wesley's brother, Romi Mayder ("<u>Romi</u>") and two companies, Silicon Test Systems, Inc. ("<u>STS, Inc.</u>") and Silicon Test Solutions, LLC ("<u>STS LLC</u>") on no other basis than (a) the family relationship between Romi and Wesley; (b) the fact that STS, Inc. and Wesley's company, WeDirect, Inc., occupy separate offices (on separate floors) with the same landlord in the same building; and (c) Wesley's status as a passive, minority shareholder in STS, Inc. Plaintiff did so, moreover, where a reasonable inquiry would have revealed that there is (a) no relationship in employees, assets, clients, customers, potential customers, or, indeed, of any sort between the brothers' separate companies and (b) that Wesley is not a director, not an officer, and not an employee in STS but rather is solely a passive, minority shareholder, with an approximately 21% ownership interest in defendant STS, Inc.[1]

This Motion is supported by the accompanying Memorandum of Law, the Declarations of Romi Omar Mayder ("<u>R. Mayder Decl</u>."), two declarations by Wesley Mayder ("<u>W. Mayder Decl.</u>" and "<u>Suppl. W. Mayder Decl.</u>"), Jon Davidson ("<u>Davidson Decl.</u>") and Jack Russo ("<u>Russo Decl.</u>") submitted herewith, and such other matters as are on file before the Court or that are considered by the Court at the hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

Verigy has brought a panoply of claims against defendant Wesley Mayder in a twenty-page complaint that is almost completely devoid of any factual allegations against him. **The one and only charging allegation against Wesley Mayder in the complaint is that "Verigy is informed and believes, and on that basis alleges, that Romi Omar Mayder and Wesley Mayder**

---

[1] Wesley Mayder is also concurrently filing a Rule 11 motion for sanctions against Verigy and its attorneys for their refusal to dismiss him from an action as to which he should not have been subject.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   1   Case No. 5:07-cv-04330-RMW (HRL)

1  **(collectively the "Mayders") are brothers and are engaged in business together."**  Pl.'s
2  Compl., Aug. 22, 2007 at page 1, lines 22-23.  **Wesley's name never appears again; there is**
3  **good reason for this because Wes Mayder is just an individual, passive, minority shareholder**
4  **in STS, Inc. and he has no liability in this case.**  That is, based on his merely being the brother of
5  Romi Mayder, against whom almost all of the allegations in the complaint are made, and a
6  statement on information and belief that Wesley was "engaged in business with" his brother,
7  Verigy has sued him for trade secret misappropriation and a host of related claims, including
8  claims that he accessed Verigy computers and information—when none of that is true.
9        The allegations involving Wesley Mayder being "engaged in business" with his brother are
10  completely false.  He is not involved in his brother's business, has no background at all in the
11  semiconductor industry, and is merely a passive investor in STS, Inc..  At no time has he seen,
12  used or had possession of any materials belonging to Verigy, and certainly no trade secret
13  materials.  Verigy had no right to sue Wesley and Verigy was given ample opportunity to withdraw
14  its claims in the face of indisputable facts about his lack of involvement in this dispute, but Verigy
15  has refused to do.  Summary judgment as to all claims against Wesley is appropriate and should be
16  granted, dismissing Wesley Mayder from this case.

17  **STATEMENT OF FACTS**

18      1.    Defendant Wesley Mayder is an individual who owns a business in San Jose,
19  California named WeDirect, Inc. ("WeDirect"), an online marketing company involved in
20  optimizing Internet traffic for its clients.  W. Mayder Decl. at ¶5.  Wesley's brother, Romi, has no
21  operating, business, ownership, or other role in WeDirect.  W. Mayder Decl. at ¶ 7; R. Mayder
22  Decl. at ¶20.
23      2.    Contrary to plaintiff Verigy's claims, Wesley Mayder has no operating or business
24  role in either of his brother Romi's companies, such that Verigy has artfully but falsely alleged that
25  the "brothers…are engaged in business together."  Russo Decl., Ex. A, Verigy Complaint, August
26  22, 2007, at ¶4.; W. Mayder Decl., ¶¶4-7; 12-13; R. Mayder Decl., ¶¶15, 19-29.  Wesley Mayder
27  has no background in or connection with the semiconductor industry, nor does his business,
28  WeDirect, have any clients or customers in that industry.  W, Mayder Decl., ¶4-6.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   2        Case No. 5:07-cv-04330-RMW (HRL)

3. In fact, any so-called "business connections" between Romi and Wesley are discrete and limited in scope—on the scale of an elder brother doing favors for his younger brother to assist him—and not at all arising to a relationship of control over any other defendant in this case. W. Mayder Decl., ¶8, 14-17. Such a relationship in no way constitutes a relationship by which Wesley can be considered individually culpable for any alleged actions by Romi, STS LLC, or STS, Inc. Key facts in this regard are as follows:

    (a) In or around October 2006, Wesley and Romi and Romi's then business associate, Robert Pochowski, briefly considered, but ultimately rejected, the idea that Wesley was to become a passive member in defendant STS LLC. W. Mayder Decl., ¶8, 10; R. Mayder Decl., ¶¶21-24. This arrangement was never consummated, no operating or other ownership agreement to this effect was ever signed, and Wesley is not a member of and has no ownership interest in defendant STS LLC, nor has he ever been a member or ever had an ownership interest therein. W. Mayder Decl., ¶¶9-11; R. Mayder Decl., ¶¶21-24.

    (b) Wesley is Romi's elder brother, and in or around January 2007, when invited by Romi to invest in Romi's company, defendant STS, Inc., Wesley invested $250,000 in return for 20,000 shares of common stock, which currently amounts to an approximately 21% minority ownership in the company, with no board position, no officership, no employee standing, and no operating role whatsoever. W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26.

4. Additionally, Wesley performed several small favors for his younger brother, none of which amount to exercising any control over the STS business, or over Romi himself, as follows:

    (a) In or around December 2006, Wesley allowed an employee of WeDirect, Jon Davidson, a mutual friend of the brothers, time away from his job at WeDirect to meet with Romi to confirm the dates of certain conversations Jon and Romi had had concerning Romi's work as documented in Romi's lab notebook. W. Mayder Decl., ¶15; Davidson Decl., generally. Wesley Mayder has never read, touched, or seen that lab notebook. *Id.*

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   3   **Case No. 5:07-cv-04330-RMW (HRL)**

    (b)    In or around January 2007, Wesley gifted Romi with less than $500 worth of design work for the website of STS, Inc., work which was performed by an employee of WeDirect named John Prinz, but with a considerable amount of input and authorship by Romi himself.  W. Mayder Decl., ¶16; R. Mayder Decl., ¶27.

    (c)    In or around March 2007, when Wesley learned from his brother that STS, Inc. was in the market for office space, Wesley introduced his brother to the office manager of the building where WeDirect had its offices in San Jose.  STS, Inc. wound up taking the available suite on a different floor of the same building, which is separate from and not shared in any capacity whatsoever with WeDirect or with Wesley.  W. Mayder Decl., ¶17; R. Mayder Decl., ¶¶28-29.

5.    Based on the foregoing actual facts, any "hoped for" allegations that Wesley and Romi are engaged in business together are baseless; and any legal arguments that implicate Wesley for any alleged wrongdoing, including but not limited to allegations of trade secret misappropriation against Wesley Mayder, are meritless.

6.    In addition to requests sent by defendant Romi Mayder's counsel, in a good-faith effort to mitigate damages in connection Verigy's wrongful lawsuit against Wesley, counsel for Wesley Mayder sent a letter outlining the foregoing and the complete lack of merit in Verigy's allegations against Wesley, enclosed the declarations of Wesley, Romi, and Mr. Davidson, and formally requested that Verigy dismiss the lawsuit as to Wesley.  W. Mayder Decl., ¶¶18-20, and Exs. D and E thereto; Russo Decl., Ex. B and attachments thereto.  Counsel for Wesley noted that he would seek Rule 11 sanctions, including attorneys' fees and costs, if Verigy persisted in its meritless suit.  *Id.*  On or about May 8, 2008, 21 days after the first Rule 11 notice was given, counsel for Verigy left a voice message for Wesley's counsel at Russo & Hale LLP, refusing to dismiss its lawsuit on Wesley's request and asserting that no Rule 11 sanctions could be awarded because a separate and more formal Notice of Motion was not included with the written submission.  Russo Decl., Ex. C.

7.    On May 13, 2008, Wesley again served plaintiff Verigy, through its counsel, with yet another copy of its formal Motion as required under Rule 11, and because there has been no

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   4   Case No. 5:07-cv-04330-RMW (HRL)

dismissal, Wesley intends to file the Motion given plaintiff's failure and refusal to dismiss the action as to Wesley pursuant to Rule 11. No real reason has been given for the refusal to dismiss him.

8. Wesley Mayder has no involvement other than a passive investment in his brother Romi's company, and has never had possession of, seen or used any Verigy information, computers, computer networks or data, including but not limited to any trade secret information. Suppl. W. Mayder Decl. at ¶¶6-11.

## ARGUMENT

### I. THE STANDARD FOR SUMMARY JUDGMENT IS WELL-SETTLED.

The standard for granting or denying a summary judgment motion under Fed.R.Civ.P. Rule 56 is well known. As stated by this Court previously:

> Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. " Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* A party moving for summary judgment who does not have the ultimate burden of persuasion at trial has the initial burden of producing evidence negating an essential element of the non-moving party's claims or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000).

*Fox v. Good Samaritan Hospital*, 2007 U.S. Dist. LEXIS 77314, at *12-*13 (N.D. Cal. Oct. 9, 2007). Summary judgment is appropriate in cases involving trade secret misappropriation claims just like with other claims. *Memry Corp. v. Ky. Oil Tech.*, 2007 U.S. Dist. LEXIS 73311, at *19-*20 (N.D. Cal. Sept. 20, 2007). Under the facts and law applicable to this case, Defendant Wesley Mayder is entitled to summary judgment on all of the claims against him.

### II. WESLEY MAYDER CANNOT BE LIABLE UNDER ANY OF THE CLAIMS AGAINST HIM AND SUMMARY JUDGMENT SHOULD BE GRANTED.

The undisputed facts mandate that summary judgment be entered for Wesley Mayder as to all claims against him. Because there simply is no basis for holding him liable.

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   5   Case No. 5:07-cv-04330-RMW (HRL)

### A. Wesley Mayder is Entitled to Summary Judgment As to Verigy's Trade Secret Misappropriation Claim.

A claim for trade secret misappropriation under California law requires a showing not only of actual trade secrecy, but also of misappropriation by the defendant. Cal. Civ. Code Section 3426.1; *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941 (N.D. Cal. 2003). Misappropriation can be made out in a number of ways under the trade secret statute. Civ. Code Section 3426.1. Nonetheless, under no theory can Wesley Mayder be found liable for trade secret misappropriation, because at no time has he had access to use, seen, copied, or in any way used or misused any information belonging to Verigy, including but not limited to any trade secret information. Suppl. W. Mayder Decl. at ¶¶6-11. Without any evidence of misappropriation, Verigy's trade secret claim fails as to Wesley Mayder, and summary judgment on that claim is required.

### B. Wesley Mayder is Entitled to Summary Judgment on All of Verigy's Claims Relating to Access to Computers or Computer Data.

The Third, Fourth and Fifth Claims for Relief against Wesley Mayder are all premised upon his allegedly having had access to, or having intercepted, electronic information residing on Verigy computers or computer networks. For example, the Third Claim for Relief depends upon a showing that Wesley Mayder "knowingly and with intent to defraud accessed Verigy's protected computers without authorization, and/or exceeded [his] authorized access…." Complaint at ¶52. But Mr. Mayder never worked for Verigy, never had any such access, and never exceeded any authority, because he had no authority to access Verigy computers in the first place, and did not. Suppl. W. Mayder Decl. at ¶¶6-11. Thus, such a claim cannot stand.

Similarly, the Fourth Claim for Relief depends upon a showing that Wesley Mayder "intentionally accessed, intercepted, disclosed and endeavored to disclose without authorization" Verigy's confidential electronic information. But Mr. Mayder never accessed or intercepted any electronic information of Verigy's, and such a claim also cannot stand.

The Fifth Claim for Relief is premised on the so-called facts supporting the prior claims for relief, and adds no new charging allegations. Given that the prior claims cannot stand because

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**     6     Case No. 5:07-cv-04330-RMW (HRL)

given Mr. Mayder's complete lack of access to or use of any Verigy information, including electronic information, this claim must be dismissed on summary judgment as well.

### C. Verigy's Unfair Competition Claims Also Fail and Judgment Thereon on Behalf of Wesley Mayder is Warranted.

The Sixth and Seventh Claims for Relief by Verigy are for statutory and common law unfair competition. Claims for unfair competition under California law depend upon facts supporting some form of separate wrongdoing. *Grisham v. Philip Morris USA, Inc.*, 40 Cal.4th 623, 632 (2007). Without such facts, unfair competition claims cannot be supported. Here, Verigy has added no new facts to its unfair competition claims, and such claims depend upon the allegations regarding access to and misuse of Verigy information, electronic or otherwise. In that Wesley Mayder never had any such access, never used any Verigy information, and never misused or misappropriated any such information, he cannot be liable for unfair competition, and he is entitled to summary judgment thereon.

### D. Verigy Has No Claim for Any Lanham Act Violation by Wesley Mayder.

Verigy's Ninth and Tenth Claims for Relief, both federal and state false advertising claims, posit that Wesley Mayder engaged in various marketing or advertising activities in which he held himself out along with others as the source of information that allegedly belonged to Verigy. Complaint at ¶¶86-89, 99-100. For such claims to be viable against Wesley Mayder, he would have had to have actually participated in the marketing or advertising conduct alleged against him. He did not. Suppl. W. Mayder Decl. at ¶9. Verigy can point to no case that says a passive, minority shareholder that is not involved in a business, and does not control such business, can be held liable for a Lanham Act or for any California state law false advertising violation, and summary judgment for Wesley Mayder on these claims is also mandated.

### E. Wesley Mayder Cannot be Liable for Intentional Interference With Prospective Economic Advantage Because He Neither Knew of any Such Relationships of Verigy Nor Took Any Actions to Interfere With Any Such Alleged Relationships.

The Eleventh Claim for Relief is for intentional interference with prospective economic advantage under California law. Such claim is expressly premised on Wesley Mayder's alleged

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**     7     Case No. 5:07-cv-04330-RMW (HRL)

knowledge of a relationship between Verigy and Intel, Micron, Spansion and/or Sandisk. Pl. Compl. at ¶108. But Wesley Mayder participated in no way with his brother or anyone else in making "pitches" or other marketing or sales activities with such prospective customers of Verigy. He had and has no knowledge as to who Verigy's customers or prospective customers are, and in no way interfered with those relationships. Suppl. W. Mayer Decl. at ¶9. As such, he should never have been sued on this basis, and summary judgment on the Eleventh Claim for Relief against him must be granted.

### F. Verigy's Declaratory Relief Claim Fails As Well Against Wesley Mayder.

The last claim for relief pled against Wesley Mayder is for declaratory relief, claiming that defendants as a whole acquired knowledge about the "Verigy Project" through Romi Mayder's activities while employed at Verigy. The claim is premised upon certain Verigy information having been stolen and then included in products, specifically the "STS Device," for the benefit of defendants.

Wesley Mayder, however, has no role in STS's business other than as a passive investor. He has never had access to any of the information he is claimed to have had. He has never had a role in developing the "STS Device" or any product for his brother's company, and would not have the background or expertise to do so even were he so inclined. W. Mayder Decl. at ¶¶4-6; Suppl. W. Mayder Decl. at ¶¶7-10. Whether Verigy owns information that STS is claiming as its own simply is of no moment, legally, as to Wesley Mayder, other than through his role as a passive investor. But, as a minority shareholder, a claim based upon ownership of STS property simply does not implicate individual liability for Wesley Mayder, and summary judgment as to him on this claim also should be granted.

### III. VERIGY CANNOT PREMISE LIABILITY AGAINST WESLEY MAYDER BASED ON VAGUE *ALTER EGO* ALLEGATIONS.

As noted above, the only arguably factual allegations against Wesley Mayder is that he was Romi Mayder's brother and, on information and belief, they were "engaged in business" together. In a boilerplate agency allegation, at paragraph 7 of the Complaint, Verigy also asserts that each

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.** 8      Case No. 5:07-cv-04330-RMW (HRL)

1  defendant was the "agent [and]….alter ego, and/or conspirator of the remaining defendants."[2]
2  While this is not a proper claim for relief under either the *alter ego* doctrine, or for conspiracy,
3  Wesley Mayder has no liability in any event as set forth above, and liability cannot be premised
4  upon some vague alter ego allegation.  Under the *alter ego* doctrine, the corporate entity may be
5  disregarded only when there is "such unity of interest and ownership that the separate personalities
6  of the corporation and the individual no longer exist" and that "the facts are such that an adherence
7  to the fiction of the separate existence of the corporation would, under the particular
8  circumstances, sanction a fraud or promote injustice."  *Minifie* v. *Rowley*, 187 Cal. 481, 487 (Cal.
9  1921).

10  Verigy's general and unsupported set of allegations about "agency" or "alter ego" or
11  "conspiracy" meet neither of these two conditions under California law.  California courts have
12  consistently held that "alter ego" liability is considered an "extreme remedy, sparingly used."
13  *Calvert v. Huckins* 875 F. Supp. 674, 678 (E.D.Cal. 1995).  Additionally, they have enumerated
14  various factors which contribute to a finding that the doctrine applies:

> 'Among the factors to be considered in applying the [alter ego] doctrine
> are commingling of funds and other assets of the two entities, the holding out by
> one entity that it is liable for the debts of the other, identical equitable ownership
> in the two entities, use of the same offices and employees, and use of one as a
> mere shell or conduit for the affairs of the other.' (Cites)  Other factors which
> have been described in the case law include inadequate capitalization, disregard of
> corporate formalities, lack of segregation of corporate records, and identical
> directors and officers. (Cites.) No one characteristic governs, but the courts must
> look at all the circumstances to determine whether the doctrine should be applied.
> (Cite.) *Sonora Diamond Corp. v. Superior Court* , 83 Cal. App. 4th 523, 538-539
> (Cal. App. 5th Dist. 2000).

None of the above factors is applicable to the facts of this case.  Wesley's status as merely a
passive, minority shareholder in one of his brother's entities, STS, Inc., is not offset by any active
or operational or other controlling role in any aspect of the STS business, nor do the brother's
businesses even share the same offices, employees, clients, or even industry.[3]  W. Mayder Decl.,
¶¶6; 8-11; 12-13; R. Mayder Decl., ¶¶19-24; 25-26; 28-29.

---

[2] In all events, Verigy has not properly pled (and cannot now plead) any alter ego or conspiracy as claims for relief, and Defendant Wesley Mayder is addressing Verigy's vague assertions only out of anticipation that Verigy will have to try to stretch the truth to avoid summary judgment being granted.

[3] Neither does Romi have any role whatsoever in Wesley's company, WeDirect, Inc.  W. Mayder

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   9   Case No. 5:07-cv-04330-RMW (HRL)

1   Additionally, Wesley's status as minority shareholder in STS, Inc. is not a basis for alter
2   ego liability.  Even for a *majority* shareholder, allegations of alter ego liability are held to a high
3   standard.  *Dos Pueblos Ranch & Improv. Co. v. Ellis*, 8 Cal. 2d 617, 621 (Cal. 1937) [allegations
4   that individual owned majority of stock in a corporation and that he controls, dominates and
5   manages said corporation and all of its shares are "woefully inadequate" and "not a sufficient
6   allegation that the two entities are one and the same person."]

7   Under the facts of this case, the law is clear that Wesley Mayder's status as a minority
8   shareholder in STS, Inc. does not make STS, Inc. his alter ego.  *Hollywood Cleaning & P. Co.* v.
9   *Hollywood L. Service*, 217 Cal. 124, 129 (Cal. 1932) [mere ownership of all the stock and control
10  and management of a corporation by one or two individuals is not of itself sufficient to cause the
11  courts to disregard the corporate entity, *citing Erkenbrecher* v. *Grant*, 187 Cal. 7, 11 (Cal. 1921):
12  "Divested of the essentials which we have enumerated, the mere circumstance that all of the capital
13  stock of a corporation is owned or controlled by one or more persons, does not, and should not,
14  destroy its separate existence; were it otherwise, few private corporations could preserve their
15  distinct identity, which would mean the complete destruction of the primary object of their
16  organization".]

17  It is clear that Wesley Mayder is just such a passive shareholder, owning an approximately
18  21% interest in his brother Romi's company, STS, Inc. [4]  W. Mayder Decl., ¶¶12-13; R. Mayder
19  Decl., ¶¶25-26.  At no time has Wesley Mayder held a board position, officership, employee or
20  other operating role, or been retained by STS, Inc. as a result of or in exchange for his investment
21  in the company.  W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26.  There is simply no factual
22  basis that the brothers are in business together, nor is there any valid legal argument that can apply

---

25  Decl., ¶7; R. Mayder Decl., ¶20.  The two businesses are entirely separate and independent.

26  [4] It is equally indisputable that Wesley has *no* ownership or other role in STS LLC, and plaintiff
    has been informed that its allegations to that effect are false.  Russo Decl., Ex. A, Verigy
27  Complaint, August 22, 2007 at ¶6; Ex. B and attachments thereto.  Wesley is equally not liable
    for any of *its* alleged actions or activities.  Plaintiff's insistence on pursuing this false claim
28  also warrants Rule 11 sanctions.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**   10          Case No. 5:07-cv-04330-RMW (HRL)

these facts and generate an assumption of personal liability by Wesley Mayder for any alleged wrongdoing by STS, Inc. or STS LLC under the alter ego doctrine.[5]

## CONCLUSION

For the reasons stated above, Defendant Wesley Mayder is entitled to summary judgment and dismissal of each and every claim for relief purported to be pled against him by Verigy. He is not a director, not an officer, and not an employee of STS and he has no role in STS (other than as a passive, minority shareholder) and as such, he simply cannot be held liable for any of the claims that Verigy seeks to establish in this case.

Respectfully submitted,

Dated: June 10, 2008                      RUSSO & HALE LLP

By:     ____/s/_____

Jack Russo

Attorneys for Defendant
WESLEY MAYDER

---

[5] Indeed, plaintiff cannot even mistake Wesley's role in STS, Inc. as a membership in a joint venture, since Wesley's passive, minority ownership in STS, Inc. does not qualify as such, failing the essential element of "a right to joint control" of STS, Inc. by Wesley. *580 Folsom Assocs. v. Prometheus Dev. Co.*, 223 Cal. App. 3d 1, 16 (Cal. App. 1st Dist. 1990) [" 'A joint venture . . . is an undertaking by two or more persons jointly to carry out a single business enterprise for profit.' The elements necessary for its creation are: (1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control. (3) 'Such a venture or undertaking may be formed by parol agreement, or it may be assumed as a reasonable deduction from the acts and declarations of the parties.' " ( Citation.) 'The existence of a joint venture depends upon the intention of the parties.' (Citation.)"]. Wesley has no such right to joint control, nor was there any intention or understanding between the brothers that he have such a right of joint control. W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def. W. Mayder's Mot. Summ. J./Mem. P.&A. Supp.**     11     Case No. 5:07-cv-04330-RMW (HRL)