1 | JACK RUSSO (State Bar No. 96068)
  | RUSSO & HALE LLP
2 | 401 Florence Street
  | Palo Alto, CA 94301
3 | Telephone: (650) 327-9800
  | Facsimile: (650) 327-3737
4 | Email: jrusso@computerlaw.com

5 | Attorneys for Defendant
  | WESLEY MAYDER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Date:** July 18, 2008<br>**Time:** 9:00 a.m.<br>**Ctrm:** 6<br>**Before the Hon. Ronald Whyte**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 28) |
| Defendants. | |
| AND RELATED CROSSCLAIMS. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Wesley Mayder ("Wesley") shall and hereby does move this Honorable Court on its first available hearing date following the twenty-one (21) day "safe harbor" notice period for an Order imposing Rule 11 monetary sanctions (this "Motion") against plaintiff Verigy US, Inc. ("Verigy") and/or its counsel in this matter.

This Motion is made on the grounds that Verigy improperly has named (and refused to dismiss) Wesley Mayder as an individual defendant in its action filed against Wesley's brother, Romi Mayder ("Romi") and two companies, Silicon Test Systems, Inc. ("STS, Inc.") and Silicon Test Solutions, LLC ("STS LLC") on no other basis than (a) the family relationship between Romi and

Wesley; (b) the fact that STS, Inc. and Wesley's company, WeDirect, Inc., occupy separate offices (on separate floors) with the same landlord in the same building; and (c) Wesley's status as a passive, minority shareholder in STS, Inc., and did so, moreover, where a reasonable inquiry would have revealed that there is (a) no relationship in employees, assets, clients, or, indeed, of any sort between the brothers' separate companies and (b) that Wesley is not a director, not an officer, and not an employee in STS but rather is solely a passive, minority shareholder, with an approximately 21% ownership interest in defendant STS, Inc.

This Motion is supported by the accompanying Memorandum of Law, the Declarations of Romi Omar Mayder ("R. Mayder Decl."), Wesley Mayder ("W. Mayder Decl."), Jon Davidson ("Davidson Decl.") and Jack Russo ("Russo Decl.") submitted herewith, and such other matters as are on file before the Court or that are considered by the Court at the hearing on this matter. Wesley Mayder served Verigy through its counsel and requested that Verigy dismiss him as a defendant in this action. Verigy failed and refused to do so during the safe harbor period required under Rule 11.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Verigy has violated Rule 11 by basing its claims against defendant Wesley Mayder on a purported connection between the two brothers' and their respective businesses, allegations that are completely false, and on a purported control relationship exercised by Wesley in the defendant STS business, another contention that is completely false; as to both contentions, Verigy has no proof or other evidence because there is none. Equally, Verigy cannot support its contention that Wesley acts as an alter ego for either Romi or for the STS business. For these reasons, Wesley Mayder should be dismissed from the action and Rule 11 sanctions should be imposed against Verigy and/or its counsel. This is all the more so because they were given two different Rule 11 notices and two different chances to dismiss this matter voluntarily, but they wrongfully refused to do so.

## STATEMENT OF FACTS

1.  Defendant Wesley Mayder is an individual who owns a business in San Jose, California named WeDirect, Inc. ("WeDirect"), an online marketing company involved in

optimizing Internet traffic for its clients. W. Mayder Decl. at ¶5. Wesley's brother, Romi, has no operating, business, ownership, or other role in WeDirect. W. Mayder Decl. at ¶ 7; R. Mayder Decl. at ¶20.

2. Contrary to plaintiff Verigy's claims, Wesley Mayder has no operating or business role in either of his brother Romi's companies, such that Verigy has falsely alleged that the "brothers…are engaged in business together." Russo Decl., Ex. A, Verigy Complaint, August 22, 2007, at ¶4.; W. Mayder Decl., ¶¶4-7; 12-13; R. Mayder Decl., ¶¶15, 19-29. Wesley Mayder has no background in or connection with the semiconductor industry, nor does his business, WeDirect, have any clients in that industry. W, Mayder Decl., ¶4-6.

3. In fact, any so-called "business connections" between Romi and Wesley are discrete and limited in scope—on the scale of an elder brother doing favors for his younger brother to assist him—and not at all arising to a relationship of control over any other Defendant in this case. W. Mayder Decl., ¶8, 14-17. Such a relationship in no way constitutes a relationship by which Wesley can be considered individually culpable for any alleged actions by Romi, STS LLC, or STS, Inc. Key facts in this regard are as follows:

(a) In or around October 2006, Wesley and Romi and Romi's then business partner, Robert Pochowski, briefly considered, but ultimately rejected, the idea that Wesley was to become a passive member in defendant STS LLC. W. Mayder Decl., ¶8, 10; R. Mayder Decl., ¶¶21-24. This arrangement was never consummated, no operating or other ownership agreement to this effect was ever signed, and Wesley is not a member of and has no ownership interest in defendant STS LLC, nor has he ever been a member or ever had an ownership interest therein. W. Mayder Decl., ¶¶9-11; R. Mayder Decl., ¶¶21-24.

(b) Wesley is Romi's elder brother, and in or around January 2007, when invited by Romi to invest in Romi's company, defendant STS, Inc., Wesley invested $250,000 in return for 20,000 shares of common stock, which currently amounts to an approximately 21% minority ownership in the company, with no board position, officership, no employee standing, and no operating role whatsoever. W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26.

4. Additionally, Wesley performed several small favors for his younger brother, none of which amount to exercising any control over the STS business, or over Romi himself, as follows:

(a) In or around December 2006, Wesley allowed an employee of WeDirect, Jon Davidson, a mutual friend of the brothers, time away from his job at WeDirect to meet with Romi to confirm the dates of certain conversations Jon and Romi had had concerning Romi's work at STS, Inc. and STS LLC. W. Mayder Decl., ¶15; Davidson Decl., generally.

(b) In or around January 2007, Wesley gifted Romi with less than $500 worth of design work for the website of STS, Inc., work which was performed by an employee of WeDirect named John Prinz, but with a considerable amount of input and authorship by Romi himself. W. Mayder Decl., ¶16; R. Mayder Decl., ¶27.

(c) In or around March 2007, when Wesley learned from his brother that STS, Inc. was in the market for office space, Wesley introduced his brother to the office manager of the building where WeDirect had its offices in San Jose. STS, Inc. wound up taking the available suite on a different floor of the same building, which is separate from and not shared in any capacity whatsoever with WeDirect or with Wesley. W. Mayder Decl., ¶17; R. Mayder Decl., ¶¶28-29.

5. Based on the foregoing facts, any allegations that Wesley and Romi are engaged in business together are baseless; and any legal arguments that implicate Wesley for any alleged wrongdoing, including but not limited allegations that Wesley is any sort of alter ego or agent for Romi or either of Romi's businesses, are meritless. Russo Decl., Ex. A,Verigy Complaint, August 22, 2007, at ¶¶4, 7.

6. In addition to requests sent by defendant Romi Mayder's counsel, in a good faith effort to mitigate damages in connection Verigy's wrongful lawsuit against Wesley, counsel for Wesley Mayder sent a letter outlining the foregoing and the complete lack of merit in Verigy's allegations against Wesley, enclosed the declarations of Wesley, Romi, and Mr. Davidson, and formally requested that Verigy dismiss the lawsuit as to Wesley. W. Mayder Decl., ¶18-20, and Exs. D and E thereto; Russo Decl., Ex. B and attachments thereto. Counsel for Wesley noted that

he would seek Rule 11 sanctions, including attorneys' fees and costs, if Verigy persisted in its meritless suit. *Id.* On or about May 8, 2008, 21 days after the first Rule 11 notice was given, counsel for Verigy left a voice message for Wesley's counsel at Russo & Hale LLP, refusing to dismiss its lawsuit on Wesley's request and asserting that no Rule 11 sanctions could be awarded because a separate and more formal Notice of Motion was not included with the written submission. Russo Decl., Ex. C.

7. On May 13, 2008, Wesley again served plaintiff Verigy, through its counsel, with a copy of this Motion as required under Rule 11, and intends to file the Motion in the event that plaintiff fails and refuses to dismiss its improper lawsuit within a further 21 day period. Said defendant also intends to join with this motion a motion under Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing Wesley Mayder from this action for the same reasons and based on the same evidence submitted herewith.

## ARGUMENT

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, every paper that is signed by an attorney represents to the Court that it is not being filed for an improper purpose, and that the contentions therein are warranted by existing law or a good faith extension of existing law. Under this standard, there can be no question but that plaintiff Verigy's filing of a complaint against Welsey Mayder as an individual is completely devoid of merit.

Having been repeatedly provided with the foregoing facts as to Wesley's so-called involvement in his brother's businesses, but having refused to dismiss its claims as to Wesley, plaintiff Verigy has no good faith basis, and knows it has no good faith basis, for its allegations that the brothers are "engaged in business together," or that Wesley Mayder has acted in any way as his brother's "alter ego" as an individual or as the alter ego of Romi's businesses, STS LLC and STS, Inc.

Based on plaintiff's knowledge of the meritless nature of its claims as to Wesley, and its insistence on pursuing those claims nonetheless, sanctions are merited under Rule 11 of the Federal Rules of Civil Procedure.

//

I. **SETTLED LAW IS UNMISTAKABLE THAT A PASSIVE SHAREHOLDER IS NOT LIABLE FOR ANY ACTS AND/ OR OMISSIONS OF ANY CORPORATE DEFENDANT <u>ABSENT PROOF OF CONTROL OVER THAT DEFENDANT.</u>**

Under the alter ego doctrine, which, in addition to the false factual allegation that the brothers "are in business together," are the only allegations made by plaintiff Verigy to support liability on the part of Wesley, on the one hand, for Verigy's alleged claims against his brother Romi and Romi's companies, on the other hand, it is stated that the corporate entity may be disregarded only when there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" and that "the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." *Minifie* v. *Rowley*, 187 Cal. 481, 487 (Cal. 1921).

Plaintiff's general and unsupported set of allegations about "agency" or "alter ego" or "conspiracy" meet neither of these two conditions under California law, and are not sufficient to overcome obligations imposed under Rule 11 to look at the facts and to look at the law and to apply the law to the facts and the facts to the law. Russo Decl., Ex. A, Verigy Complaint, August 22, 2007 at ¶¶4, 7. Given the complete lack of any factual basis to support the allegations in the Complaint, and plaintiff's insistence on pursuing them nonetheless, sanctions are warranted under Rule 11 and dismissal is warranted under either or both Rule 11 and Rule 56 of the Federal Rules.

California courts have consistently held that "alter ego" liability is considered an "extreme remedy, sparingly used." *Calvert v. Huckins* 875 F. Supp. 674, 678 (E.D.Cal. 1995). Additionally, they have enumerated various factors which contribute to a finding that the doctrine applies:

> " 'Among the factors to be considered in applying the [alter ego] doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other.' (Cites)  Other factors which have been described in the case law include inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers. (Cites.) No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied. (Cite.) *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538-539 (Cal. App. 5th Dist. 2000).

As discussed above, none of the above factors is applicable to the facts of this case. Wesley's

status as merely a passive, minority shareholder in one of his brother's entities, STS, Inc., is not offset by any active or operational or other controlling role in any aspect of the STS business, nor do the brother's businesses even share the same offices, employees, clients, or even industry.[1] W. Mayder Decl., ¶¶6; 8-11; 12-13; R. Mayder Decl., ¶¶19-24; 25-26; 28-29.

Additionally, Wesley's status as minority shareholder in STS, Inc. is not a portal to alter ego liability. Even for a *majority* shareholder, allegations of alter ego liability are held to a high standard. *Dos Pueblos Ranch & Improv. Co. v. Ellis*, 8 Cal. 2d 617, 621 (Cal. 1937) [allegations that individual owned majority of stock in a corporation and that he controls, dominates and manages said corporation and all of its shares are "woefully inadequate" and "not a sufficient allegation that the two entities are one and the same person."] Under the facts of this case, the law is clear in this state that Wesley's admitted status as a minority shareholder in STS, Inc. does not make STS, Inc. his alter ego. *Hollywood Cleaning & P. Co.* v. *Hollywood L. Service* ,217 Cal. 124, 129 (Cal. 1932) [Mere ownership of all the stock and control and management of a corporation by one or two individuals is not of itself sufficient to cause the courts to disregard the corporate entity, citing *Erkenbrecher* v. *Grant*, 187 Cal. 7, 11 (Cal. 1921): "Divested of the essentials which we have enumerated, the mere circumstance that all of the capital stock of a corporation is owned or controlled by one or more persons, does not, and should not, destroy its separate existence; were it otherwise, few private corporations could preserve their distinct identity, which would mean the complete destruction of the primary object of their organization".]

It is clear that Wesley is just such a passive shareholder, owning an approximately 21% interest in his brother Romi's company, STS, Inc.[2] W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26. At no time has Wesley held a board position, officership, advisory or other operating role, or been employed by STS, Inc. as a result of or in exchange for his investment in the

---

[1] Neither does Romi have any role whatsoever in Wesley's company, WeDirect, Inc. W. Mayder Decl., ¶7; R. Mayder Decl., ¶20. The two businesses are entirely separate and independent.

[2] It is equally indisputable that Wesley has *no* ownership or other role in STS LLC, and plaintiff has been informed that its allegations to that effect are false. Russo Decl., Ex. A, Verigy Complaint, August 22, 2007 at ¶6; Ex. B and attachments thereto. Wesley is equally not liable for any of *its* alleged actions or activities. Plaintiff's insistence on pursuing this false claim also warrants Rule 11 sanctions.

company. W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26. There is simply no factual basis that the brothers are in business together, nor is there any valid legal argument that can apply these facts and generate an assumption of personal liability by Wesley for any alleged wrongdoing by STS, Inc. or STS LLC under the alter ego doctrine.[3]

## II. PLAINTIFF HAS ALSO VIOLATED RULE 11 BY MAKING UNFOUNDED AND FALSE ALLEGATIONS REGARDING DEFENDANT'S ROLE WITH THE OTHER DEFENDANTS.

It may have been conceivable that plaintiff's mistake in alleging that the Mayder brothers are "in business together" was an honest one; after all, the brothers' companies are independent, are in different fields, and each occupy separate suites with different leases with a third-party landlord. W. Mayder Decl., ¶17; R. Mayder Decl., ¶¶28-29. In fact, plaintiff has made its allegations, and continues to maintain these allegations, while in full possession of the true facts of Wesley's involvement in his brother's businesses, namely, that Wesley is only a passive, minority shareholder in STS, Inc. W. Mayder Decl., ¶20, Exs. D and E thereto; Russo Decl., Ex. B and attachments thereto.

First, any reasonable investigation by plaintiff's counsel before bringing these claims would have revealed the truth of the situation: that the brothers each have separate and independent companies and neither is the parent or subsidiary of the other. W. Mayder Decl., ¶¶17-18; R. Mayder Decl., ¶¶28-29. However, plaintiff's counsel failed to conduct this inquiry, and further violated Rule 11 by refusing to conduct this inquiry after the mistake was pointed out by defense counsel. Plaintiff's counsel had the opportunity to depose Wesley and learn these true facts, but refused to do so. W. Mayder Decl., ¶19.

---

[3] Indeed, plaintiff cannot even mistake Wesley's role in STS, Inc. as a membership in a joint venture, since Wesley's passive, minority ownership in STS, Inc. does not qualify as such, failing the essential element of "a right to joint control" of STS, Inc. by Wesley. *580 Folsom Assocs. v. Prometheus Dev. Co.*, 223 Cal. App. 3d 1, 16 (Cal. App. 1st Dist. 1990) [" 'A joint venture . . . is an undertaking by two or more persons jointly to carry out a single business enterprise for profit.' The elements necessary for its creation are: (1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control. (3) 'Such a venture or undertaking may be formed by parol agreement, or it may be assumed as a reasonable deduction from the acts and declarations of the parties.' " ( Citation.) 'The existence of a joint venture depends upon the intention of the parties.' (Citation.)"]. Wesley has no such right to joint control, nor was there any intention or understanding between the brothers that he have such a right of joint control. W. Mayder Decl., ¶¶12-13; R. Mayder Decl., ¶¶25-26.

Additionally, even after plaintiff was in possession of the full and true facts by multiple letters from defense counsel and multiple declarations in support thereof, plaintiff's insistence on pursuing the fiction of its claims against Wesley is a further violation of Rule 11 and reveals that Wesley has been targeted as a collateral victim in this matter, and not because there is any merit in any alleged claims against him.   W. Mayder Decl., ¶¶18-21, Exs. D and E thereto; Russo Decl., Ex. B and attachments thereto.  Plaintiff's and plaintiff's counsel's failure and refusal to conduct this reasonable inquiry and to acknowledge the lack of merit to plaintiff's claims against Wesley warrant Rule 11 sanctions.

In light of the foregoing, Verigy's insistence on proceeding on any of its causes of action as to Wesley Mayder for trade secret misappropriation, violation of the Electronic Communications Privacy Act, unauthorized access to computers, computer systems, and computer data, unfair competition, common law unfair competition, violation of the Lanham Act, false advertising, intentional interference with prospective economic advantage, imposition of a constructive trust, and unjust enrichment, is unmeritorious and is intended merely to "harass, cause unnecessary delay, or needlessly increase the cost of litigation" [Fed. R. Civ. Proc., rule 11(b)(1)], and therefore should be sanctioned.  Appropriate sanctions in this matter would constitute (a) a reimbursement of defendant Wesley Mayder's attorneys' fees and costs in pursuing this Rule 11 motion and (b) a dismissal of plaintiff Verigy's Complaint as to Wesley Mayder, with prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff Verigy and/or its counsel should be sanctioned under Federal Rules of Civil Procedure, Rule 11 for having filed a frivolous pleading that is contrary to the law and which contains false factual allegations.  Accordingly, the Complaint should be dismissed as to Welsey Mayder, with prejudice, and Wesley Mayder should be awarded his attorneys' fees and costs.

Respectfully submitted,

Date: May 13, 2008                    RUSSO & HALE LLP
                                      By:   _____/s/_____
                                      Jack Russo
                                      Attorneys for defendant
                                      WESLEY MAYDER