1  JACK RUSSO (State Bar No. 96068)
   RUSSO & HALE LLP
2  401 Florence Street
   Palo Alto, CA 94301
3  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
4  Email: jrusso@computerlaw.com

5  Attorneys for Defendant
   WESLEY MAYDER

6              IN THE UNITED STATES DISTRICT COURT

7           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                       SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | **DECLARATION OF JON DAVIDSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (F.R.C.P., RULE 56) AND MOTION FOR RULE 11 SANCTIONS (F.R.C.P., RULE 11)** |
| v. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Date: July 18, 2008**<br>**Time: 9:00 a.m.**<br>**Ctrm: 6**<br>**Before the Hon. Ronald Whyte** |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED CROSSCLAIMS. | |

I, Jon Davidson, declare under penalty of perjury as follows:

1. Unless otherwise stated, the matters set forth in this Declaration are true and correct of my personal knowledge, and I could and would competently testify concerning those matters, if I were called as a witness thereto.

## MY EDUCATION

2. I graduated from Del Mar High School located in San Jose, California in 1987.

## MY WORK EXPERIENCE

3. From 1989 to 1992, I worked at California Stools and Dinettes located in San Jose,

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

Davidson Decl. Supp. MSJ & Rule 11 Sanctions    1    Case No. 5:07-cv-04330-RMW (HRL)

California as a sales associate.  From 1992 to 1996, I worked at Del Computers in Dallas, Texas.

4.	From 1996 to 2001, I returned to work at California Stools and Dinettes located in San Carlos, California as a sales manager.  In 2002, I joined WeDirect as Director of Marketing and am still currently employed by WeDirect.  I am not a shareholder in STS nor has STS paid me.

## MY KNOWLEDGE OF ROMI'S WORK

5.	I have known both Romi and Wesley Mayder for a number of years.  In September 2006, I began having discussions with Romi Mayder ("Romi") regarding the work that he was doing at STS LLC.  Romi and I spoke about potential STS LLC customers, such as SanDisk, whom Romi told me he had met with several times.  Romi had explained to me that he was planning to develop a silicon chip that would double the test capacity of memory manufacturers.

6.	In October 2006, Romi and I spoke about discussions that he had with Micron Technologies.  I was quite interested in his discussions with Micron since Micron manufactures memory used in Apple's IPOD music (MP3) player.  I am a big fan of the Apple IPOD product.

7.	In mid-December 2006, Romi sent an email to Wesley asking about obtaining verification of dates applicable to his lab notebook.  Since I had spoken several times with Romi about his work at STS LLC, Wesley knew that I would be a good person for Romi to be referred to.  I reviewed Romi's notebook, and based on my recollection of our discussions, I tried to sign with dates corresponding to approximately when we discussed the information.  Wesley never directed me to do anything false or anything wrongful, nor would I would do so.

8.	Wesley did not ask me to sign Romi's notebook, Romi did.  Wesley had no control over me regarding this activity.  I signed Romi's notebook of my own free will; my understanding was and is that what I was doing and what I did was proper.

9.	Without first asking me any questions about the lab notebook or about my discussions with Romi, in 2007, Verigy filed a complaint including against Wesley.

10.	I have been available to answer any questions that Verigy or its lawyers wish to ask me but no attorney from Verigy and no one else from Verigy has asked me any questions about any of the foregoing topics.

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

**Decl. Wesly Mayder Supp. Mot. Summ. J. & OSC**     2     Case No. 5:07-cv-04330-RMW (HRL)

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on April 11, 2008, in San Jose, California.

                                                              _____/s/_____
                                                              Jon Davidson

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Jon Davidson.

Dated: June 10, 2008                 By:      _____/s/_____
                                                                        Jack Russo

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

**Decl. Wesly Mayder Supp. Mot. Summ. J. & OSC**    3    **Case No. 5:07-cv-04330-RMW (HRL)**