1 | JACK RUSSO (State Bar No. 96068)
    RUSSO & HALE LLP
2 | 401 Florence Street
    Palo Alto, CA 94301
3 | Telephone: (650) 327-9800
    Facsimile: (650) 327-3737
4 | Email: jrusso@computerlaw.com

5 | Attorneys for Defendant
    WESLEY MAYDER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF WESLEY MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **[F.R.C.P. RULE 56]** |
| Defendants. | **Date: July 18, 2008**<br>**Time: 9:00 a.m.**<br>**Ctrm: 6**<br>**Before the Hon. Ronald Whyte**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED CROSSCLAIMS. | |

USSO & HALE LLP
Palo Alto, California
www.computerlaw.com ᵐ

Supp. Decl. Wesley Mayder Supp. Mot. Summ . J.    Case No. 5:07-cv-04330-RMW (HRL)

I, Wesley Mayder, declare, under penalty of perjury, as follows:

1. The matters stated herein are true and correct of my personal knowledge, unless stated on information and belief, which matters I believe to be true. I could and would competently testify to the matters set forth herein if called as a witness.

2. I have executed a prior declaration as to some of the matters at issue in this action, and provide this as supplemental testimony in support of summary judgment on all claims against me.

3. I have no background in the semiconductor industry. I work in the Internet space, and particularly with online marketing aimed at optimizing Internet traffic for sales of automobiles. I have no training in semiconductor technology whatsoever.

4. At no time have I ever had possession of, seen, used, disclosed or in any way tried to do any of those things or otherwise to "misappropriate" any information belonging to the Plaintiff, Verigy, Inc. ("Verigy"). I wouldn't be able to recognize a Verigy trade secret if they were shown to me (and none have been shown to me even as part of the defense of this litigation), but in any event, I never in any way possessed, used, disclosed or otherwise misappropriated any information of Verigy, and I have had no prior knowledge of others doing so. I am a passive shareholder in Silicon Test Systems, Inc. ("STS"); I have never as part of my brother, Romi's companies, had any involvement with Verigy information, and I have no idea what in fact others may have done in this regard, if anything.

5. As I understand it, the only "charging" allegations against me in the entire complaint filed by Verigy is that I am Romi's brother, and that I allegedly am "engaged in business" with Romi. These allegations against me are made on information and belief only. It is indisputably true that I am Romi's brother, and just as indisputably untrue that I am not "engaged in business" with him. As I have earlier stated in my prior declaration, my only role in one of Romi's companies is that I am a passive, minority shareholder in STS. I am not an employee, not an officer, and not a director of STS and I have never been in any such role for STS. Attached as Exhibit 1 is a true and correct copy of the Statement of Information filed by Silicon Test Systems, Inc. This document is publicly available through an order form located on the California Secretary

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Supp. Decl. Wesley Mayder Supp. Mot. Summ. J.**     1     Case No. 5:07-cv-04330-RMW (HRL)

of State website at URL www.sos.ca.gov/business/be-ircform.pdf   Attached as Exhibit 2 is a true and correct copy of the Action by Written Consent of the Incorporator of Silicon Test Systems, Inc., dated December 29, 2006.  This document lists the number of members of STS's Board of Directors as one (1): my brother, Romi.  Attached as Exhibit 3 is a true and correct copy of the Unanimous Writteen Consent in Lieu of First Meeting of the Board of Directors of Silicon Test Systems, Inc., Jan. 2, 2007.  This document lists the elected officers of STS as:

|  |  |
|---|---|
| President: | Romi Mayder |
| Treasurer: | Romi Mayder |
| Secretary: | Romi Mayder |
| Chief Executive Officer: | Romi Mayder |

Ex. 3 at p. 1.

      6.  I have never had any access to any Verigy computers or Verigy computer networks, or the information contained on such computers or computer networks, and have certainly never used any such information.  I never collected any information from any such computers, or used any such information.  I have never touched a Verigy computer.  I have never even seen a Verigy computer.  Nor have I touched or seen any Verigy information (other than pleadings in this case).

      7.  I have never had any access to or copied any Verigy electronic communications, storage or electronic data and have never ever tried to intercept or access the same.  I have no knowledge of anyone trying to access such electronic communications.  I have never accessed any such information in order to defraud or extort anything from anyone, including Verigy.  I have never knowingly used any information of Verigy or any other person or entity that I understood to be the result of someone illegally obtaining such information.

      8.  I have had absolutely no involvement in creating the "STS Device" as referred to in Verigy's complaint and have had no involvement with the design, development, engineering, marketing,, licensing, sales or anything to do with that.  I have not participated in presentations to others regarding STS or regarding any STS device or any product or service whatsoever of STS or any other of my brother Romi's companies.

      9.  I have no knowledge whatsoever as to who Verigy's clients are, and no knowledge of any prospective economic advantage it had or claims with any client, including but not limited to Intel, Micron, Spansion and Sandisk.  I have never taken any actions to try to interfere with these

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Supp. Decl. Wesley Mayder Supp. Mot. Summ . J.**     2         Case No. 5:07-cv-04330-RMW (HRL)

or any other relationships Verigy may have with clients or prospective clients. I have never been involved in any advertising or marketing activities for my brother Romi or his companies in connection with any of these or any other entities, since I have no role in my brother's companies except as a minority shareholder.

10. I have no knowledge about any "Verigy Project" other than the fact that it is referred to in the Verigy complaint. I have had no access to, never seen, never been told about nor even understand the information that Verigy claims was contained or generated in relation to any Verigy Project. My brother does not even talk to me about any of these things because he knows that I do not have an engineering background, he knows that I am not technical and he knows that I would not understand it even if I wanted to understand it (and I don't have the time or desire to understand it). Put simply, my brother also speaks some foreign languages (such as Portuguese because his wife also speaks that language and they are training their one-year old daughter to do so ) and if Romi tried to talk to me in Portuguese, I would not understand a word, and the same is true with regard to any of the design, development, engineering and other technical matters that are the subject matter of the dispute that exists between Verigy and the other defendants.

11. I have never seen Romi's "Inventor Notebook" and I have never made any entries into it. I have never instructed or asked that anyone else do so. I did not require or request that Jon Davidson, a long-time friend and one of the employees of my company, do anything false or fraudulent nor would he do so. I have read his declaration and I believe he is telling the truth based on the fact that I know him to be a truthful and honest friend and employee of my company. I never asked him to do or be otherwise.

12. As a passive minority shareholder of STS, I simply do not understand how I can rightfully be a defendant in this case and accordingly, I request dismissal from this case. I declare under penalty of perjury that the foregoing statements are true and correct and that this Declaration was executed on June 10, 2008 in San Jose, California.

           _____/s/_____
           Wesley Mayder

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Supp. Decl. Wesley Mayder Supp. Mot. Summ . J.** 3  Case No. 5:07-cv-04330-RMW (HRL)

1  I attest under penalty of perjury that concurrence in the filing of this document has been
2  obtained from Wesley Mayder.

3  Dated: June 10, 2008          By:       /s/
                                           Jack Russo

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Supp. Decl. Wesley Mayder Supp. Mot. Summ . J.**     4     **Case No. 5:07-cv-04330-RMW (HRL)**