1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff and Counter-Defendant
   VERIGY US, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation, | Case No. C07-04330 RMW (HRL) |
| Plaintiff, | |
| vs. | **VERIGY US, INC.'S ANSWER TO AMENDED/CORRECTED COUNTERCLAIMS** |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Complaint Filed: August 22, 2007<br>Trial Date: None Set |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

Plaintiff and counter-defendant Verigy US, Inc. ("Verigy"), hereby answers the corrected and/or amended counterclaims brought against it by defendants and counter-claimants Silicon Test System, Inc. and Silicon Test Solutions, LLC, Romi Omar Mayder ("Mayder"), and Wesley Mayder (collectively, "defendants").

## GENERAL ALLEGATIONS

1. On information and belief, Verigy admits the allegations of Paragraph 1.

2. On information and belief, Verigy admits the allegations of Paragraph 2.

3. On information and belief, Verigy admits that Silicon Test Systems, Inc. is a California corporation with its principal place of business located at 3031 Tisch Way, Suite 309, San Jose California. Verigy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and, on that basis, denies the remaining allegations of Paragraph 3.

4. Verigy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, on that basis, denies each and every allegation therein.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Verigy admits that Verigy employees sign an Agreement Regarding Confidential Information and Proprietary Developments (the "ARCIPD"), but states that the ARCIPD speaks for itself, and denies each and every allegation in Paragraph 11 to the extent they inaccurately characterize the ARCIPD. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 11 of the Counterclaim.

12. Verigy admits that it has policies relating to confidential information, that Verigy signs non-disclosure agreements with vendors, suppliers and customers, and that the ARCIPD defines Verigy's Confidential Information and Proprietary Developments and states how and

1

under what circumstances Confidential Information may be used.  Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 12 of the Counterclaim.

13.  Verigy admits that the ARCIPD defines Verigy Confidential Information and states how and under what circumstances Confidential Information and Proprietary Developments may be used.  Verigy further admits that the ARCIPD states that "The product of all work performed by [an employee] during and within the scope of [the employee's] Verigy employment including, without limitation, any reports, documents drawings, computer programs, devices and models, including all copies thereof, will be the property of Verigy."  Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 13 of the Counterclaim.

14.  Verigy admits that confidentiality markings on Verigy documents are usually contained in the header or footer of such documents.  Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 14 of the Counterclaim.

15.  Denied, as the ARCIPD specifically cites to California Labor Code § 2870.

16.  Denied.

17.  Verigy is without knowledge or information sufficient to form a belief as to Romi Mayder's thoughts and actions set forth in Paragraph 17, and on that basis, denies the each and every allegation therein.

18.  Denied.

19.  Verigy states that the ARCIPD speaks for itself, and denies each and every allegation in Paragraph 19 to the extent they mischaracterize the ARCIPD.  Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 19 of the Counterclaim.

20.  Verigy admits that it is a spin-off from Agilent Technologies, Inc. ("Agilent") and successor-in-interest to certain of Agilent's intellectual property, that the spin-off occurred on or about May 31, 2006, and that Mayder worked as a Research and Development Engineer in the Memory Test Division for both Agilent and Verigy.  Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 20 of the Counterclaim.

21.     Verigy states that any non-disclosure agreements it has with third parties speak for themselves, and denies each and every allegation in Paragraph 21 to the extent they mischaracterize such non-disclosure agreements.

22.     Verigy admits that it has shared certain documents with third parties pursuant to non-disclosure agreements. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 22 of the Counterclaim.

23.     Verigy admits that a meeting regarding the Verigy Project was held on June 6, 2006, but specifically denies that the Verigy Project was formally or officially cancelled in June 2006. Verigy admits that the eventual decision to cancel the Verigy project was conveyed to Mayder at some point, but denies each and every remaining allegation contained in Paragraph 23 of the Counterclaim.

24.     Verigy admits that Mayder informed Verigy that he would be starting his own business, but asserts that Mayder stated he would be working in real estate. Verigy also admits that Mayder left Verigy in September, 2006, but denies each and every remaining allegation contained in Paragraph 24 of the Counterclaim.

**FIRST COUNTERCLAIM**

1.     The responses in paragraphs 1-24 are repeated as though fully set forth herein.

2.     Verigy admits that it filed a complaint alleging misappropriation of trade secrets against defendants and that Verigy has served a trade secret disclosure, which was subsequently amended. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 2.

3.     Admitted.

4.     Verigy admits that defendants seek a declaration as set forth in paragraph 4 of their First Counterclaim. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 4.

**SECOND COUNTERCLAIM**

5.     The responses in paragraph 1-24 of the General Allegations and 1-4 of the Counterclaims are repeated as though fully set forth herein.

6. Admitted.

7. Admitted.

8. Verigy admits that defendants seek a declaration as set forth in paragraph 8 of their Second Counterclaim. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 8.

### THIRD COUNTERCLAIM

9. The responses in paragraphs 1-24 of the General Allegations and 1-8 of the Counterclaims are repeated as though fully set forth herein.

10. Admitted.

11. Admitted.

12. Verigy admits that Mayder seeks a declaration as set forth in paragraph 12 of the Third Counterclaim. Except as expressly admitted herein, Verigy denies each and every remaining allegation contained in Paragraph 12.

### PRAYER

Verigy denies that defendants are entitled to any of the relief for which they pray as to any cause of action, and specifically denies that defendants are entitled to any declaratory relief as to causes of action not specifically pled as counterclaims (specifically, items 7-14, 16, and 17 of Defendants' prayer for relief).

Verigy instead prays for judgment of dismissal of defendants' counterclaims as well as for relief as set forth in Verigy's Complaint.

Dated: June 11, 2008       BERGESON, LLP

By: ___/s/___
      Melinda Morton

Attorneys for Plaintiff and Counter-defendant
VERIGY US, INC.