1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation | Case No.  C07 04330 RMW (HRL) |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE: DEFENDANTS' MOTION TO COMPEL** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge:  Honorable Howard R. Lloyd<br>Ctrm:    2<br><br>Complaint Filed:       August 22, 2007 |
| Defendants. | |

---

STIPULATION AND [PROPOSED] ORDER RE MOTION TO COMPEL
Case No. C07 04330 RMW (HRL)

**STIPULATION**

Plaintiff, Verigy US, Inc. ("Verigy"), by and through its counsel of record, Bergeson, LLP and Defendants Romi Mayder, an individual, Wesley Mayder, an individual, Silicon Test Systems, Inc. a California Corporation, and Silicon Test Solutions, LLC ("Defendants") by and through their new counsel of record, Russo & Hale LLP, do hereby stipulate and agree as follows:

WHEREAS, the parties wish to resolve the issues raised by Defendants' pending motion to compel currently set for hearing on June 17, 2008 and engage in additional informal discovery that corresponds to certain Verigy projects, the parties respectfully request court approval of the following stipulated Order:

1. Verigy will produce all non-privileged documents in the Verigy e-rooms for the projects listed in the Amended Trade Secret Disclosure on or before June 27, 2008. (By entering into this Stipulation, Defendants do not agree that any items listed in the Amended Trade Secret Disclosure constitute trade secrets.)

2. To the extent not already produced, Verigy will produce all invention disclosures listed in section 2 of the Amended Trade Secret Disclosure on or before June 19, 2008.

3. Verigy will agree to produce non-privileged emails sent to and/or from certain Verigy employees listed in Verigy's FRCP 26 Initial Disclosures and/or agreed to by the parties (the "Verigy Group"), including without limitation any such emails between any members of the Verigy Group and any third party, that are responsive to a list of search terms. The parties will work together to formulate a list of search terms, and any non-privileged emails to and/or from any members of the Verigy Group containing any of these terms will be produced approximately three weeks after agreement on terms. The search terms will, at a minimum, include (a) all project names listed in the Amended Trade Secret Disclosure and (b) terms sufficient to include all other alleged trade secrets in the Amended Trade Secret Disclosure. As part of this search, Verigy will also produce all non-privileged emails between the Verigy Group and Romi Mayder.

1  4.  The parties agree to work together in good faith with respect to this production.  As all documents to be produced are in electronic form, if there are technical difficulties with the production Verigy will promptly inform Defendants of the technical issues and the parties will negotiate any changes needed to the time parameters above.  If the documents outlined above are ready for production prior to the time parameters listed above, Verigy agrees to produce them in batches as they are ready.

5.  The parties agree that the documents will be produced in Adobe pdf format, unless otherwise agreed to between the parties; notwithstanding the foregoing, such production is without prejudice to Defendants' requesting production of such materials in other formats and is without prejudice to Verigy's objecting to any such further requests.  The parties further agree that for purposes of Verigy's production of documents pursuant to this Stipulation, Verigy need not produce documents from its backup tapes, but this is without prejudice to Defendants' requesting further production of documents from Verigy's backup tapes in the future and is without prejudice to Verigy's objecting to any such further requests.

//
//
//
//
//
//
//
//
//
//
//
//
//

6. Defendants' pending motion to compel is hereby withdrawn, and the parties agree to bear their own costs in connection with that motion, provided, however, that such withdrawal is without prejudice to Defendants' propounding further requests for production in the future and is without prejudice to Verigy's objecting to any such further requests.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 16, 2008　　　　　　　　BERGESON, LLP

By: _____/s/_____
Melinda M. Morton, Esq.
Attorneys for Plaintiff Verigy

Dated: June 16, 2008　　　　　　　　RUSSO & HALE LLP
By: ___/s/___
Jack Russo, Esq.
Attorneys for Defendants Romi Mayder, Wesley Mayder, Silicon Test Systems, Inc. and Silicon Test Solutions, LLC

## **ORDER**

In accordance with the foregoing stipulation of the parties, and with good cause appearing therefor, the Court enters the Stipulation as an Order of the Court.

IT IS SO ORDERED.

Dated: _____, 2008　　　By: _____
　　　　　　　　　　　　　　　　　　　Honorable Howard R. Lloyd
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE