June 19, 2008

**Via E-filing and Hand Delivery**

The Honorable Ronald M. Whyte
Courtroom 6, 4th Floor
United States District Court
280 S. First Street
San Jose, CA 95113

      **Re:** *Verigy US, Inc. v. Romi Omar Mayder, et al.*
            Case No. C07 04330 RMW (HRL)

Dear Judge Whyte:

      Defendants Romi Mayder, Wesley Mayder, Silicon Test Solutions, LLC, and Silicon Test Systems, Inc. and Plaintiff Verigy U.S., Inc. ("Verigy") hereby submit this joint letter at the Court's request. Defendants have asked that that the phrase "they founded" on page 1, line 22 of the May 22, 2008 Corrected Order re: Contempt be removed, and Verigy objects to this request. The parties' positions are set forth below.

## DEFENDANTS' POSITION

      There are at least four reasons, individually and collectively, why Defendant Wesley Mayder submits that the "they founded" dicta in this Court's Contempt Order should be stricken:

      First, Defendant Wesley Mayder submits that the "dicta" is not supported by any substantial evidence as Wesley is a minority, passive shareholder; he was never an officer, director, or employee of STS. See Declaration of Wesley Mayder (Docket # 230-9) in Support of his Rule 11 and Rule 56 Motions (now set for hearing on August 8, 2008).

      Second, the underlying issue was never even briefed by the parties as Wesley Mayder was never charged with contempt nor could he be. (That part of the Court's Order has now already been resolved by the parties' stipulation; it is this last "dicta" that now also needs to be stricken as simply not relevant to the Court's ruling.)

      Third, Defendant Wesley Mayder submits that Verigy has brought a long list of claims against defendant Wesley Mayder in a twenty-page complaint that is almost completely devoid of any factual allegations against him. The one and only charging allegation against Wesley Mayder in the complaint is that "Verigy is informed and believes, and on that basis alleges, that Romi Mayder and Wesley Mayder (collectively the "Mayders") are brothers and are engaged in business together." Pl.'s Compl., Aug. 22, 2007 at page 1, lines 22-23. Wesley's name never appears again; there is good reason for this because Wes Mayder is just an individual, passive, minority shareholder in STS, Inc. and he has no liability in this case. That is, based on his merely being the brother of Romi Mayder, against whom almost all of the allegations in the complaint are made, and

Judge Ronald M. Whyte
June 18, 2008
Page 2

a statement on "information and belief" that Wesley was "engaged in business with" his brother, Verigy has sued him for trade secret misappropriation and a host of related claims, including claims that he accessed Verigy computers and information when none of that is true.

Finally, as shown by the multiple declarations filed on the pending Rule 11 and Rule 56 motions, the allegations involving Wesley Mayder being "engaged in business" with his brother are completely false. He is not involved in his brother's business, has no background at all in the semiconductor industry, and is merely a passive investor in STS, Inc.. At no time has he controlled STS, at no time has he seen, used or had possession of any materials belonging to Verigy, and at no time has he had access to any trade secrets of Verigy. Though removing the "dicta" will not determine this issue, the reality is that Verigy had no right to sue Wesley Mayder; Verigy was given ample opportunity to withdraw its claims against him; and Verigy has refused to do. It is submitted that allowing the "dicta" to stand in the Court's Contempt Order is a vestige of the same problem that has now been resolved, namely, that Wesley Mayder was not charged with contempt, did not commit any violation of any Court Order, and should not appear in any respect as though he was in control of STS or any other defendant as he is not.

Accordingly, Defendant Wesley Mayder requests that the "they founded" dicta be stricken.[1]

**VERIGY'S POSITION**

Verigy respectfully submits that the "they founded" language is based on evidence already before the Court. Evidence that was not submitted prior to the issuance of the Contempt Order is not relevant to the issue here, and should not be considered. However, even if such evidence was relevant, there is ample evidence that Verigy will submit in opposition the Wesley Mayder's motions showing his active participation in both defendant companies. Indeed, Defendants themselves admit that he is more than just a passive investor in their summary judgment and Rule 11 filings.

The concept that Wesley Mayder co-founded the defendant companies is not new—the Court's February 29, 2008 Order re: Preliminary Injunction states that the action was filed against Romi Mayder, "his brother Wesley Mayder, and their company Silicon Test Systems, Inc." (Preliminary Injunction Order at 1, line 21.) The Preliminary

---

[1] Defendants object to Exhibit A attached by Plaintiff as inadmissible (and inaccurate) hearsay. Because Defendant Wes Mayder never signed any form of LLC Operating Agreement with STS LLC and because he never made an investment in and never became an actual member of STS LLC, he also objects to the Exhibit 'A' as misdescriptive of the facts; the true facts are that the completion of STS LLC did not occur and STS, Inc. was the entity formed on December 26, 2006 and in which Defendant Wes Mayder made his investment and in which he became a minority shareholder. See Declaration of Wesley Mayder, *supra*, Docket # 230-9.

Judge Ronald M. Whyte
June 18, 2008
Page 3

Injunction Order further states that Romi "Mayder's third business partner was Mayder's brother, defendant Wesley Mayder." (*Id.* at 5, line 18-19.) The Court based these statements on evidence submitted by *Defendants:* Romi Mayder's Supplemental Declaration, in which he discusses Wesley Mayder's involvement in September-December 2006. (*Id.* at 5, line 21; Supplemental Decl. of Romi Mayder, filed under seal Nov. 30, 2007, ¶¶ 23, 26.) Also before the Court was Wesley Mayder's involvement in obtaining a "witness" to backdate entries in Romi Mayder's inventor notebook relating to STS, LLC and STS, Inc. (*See* Morton Decl. in Support of Plaintiff's Reply, Docket No. 98, Ex. 1 at 135-137, Ex. 9.) Verigy submits that the "they founded" language in the Contempt Order was therefore properly based on evidence, for the most part evidence submitted by Defendants, before the Court at that time. Further, given that there is similar language in the Preliminary Injunction Order and that, as Defendants admit, the language is merely "dicta," there is simply no reason to remove this language.

Further, although Verigy has not yet filed its opposition, Verigy will submit ample evidence showing that Wesley Mayder was anything but a passive investor. Indeed, there is no dispute that Wesley Mayder was involved in STS, LLC from September-December 2006 (*see* Supplemental Decl. of Romi Mayder, ¶¶ 23, 26), that Wesley Mayder directed his employee to create and modify STS, Inc.'s website (Decl. of Wesley Mayder, Docket No. 230-9, ¶ 16), that Wesley Mayder obtained a "witness" to backdate Romi Mayder's inventor notebook (*Id.* at ¶15; *See* Morton Decl. in Support of Plaintiff's Reply, Ex. 1 at 135-137, Ex. 9), or that Wesley Mayder negotiated for office space in his building for STS, Inc. (Decl. of Wesley Mayder, ¶ 17). Indeed, STS, LLC's own attorney admitted in 2006 that Wesley Mayder was one of the founding members and co-owner of STS, LLC. (*See* December 13, 2006 letter from Daniel Hanley to Robert Pochowski, attached hereto as Exhibit A.[2]) This additional evidence leaves no doubt that at the very least, Mr. Wesley Mayder was a founder of the defendant companies.

Verigy therefore respectfully requests that the Contempt Order remain unchanged and that Defendants' request to remove the "they founded" language be denied.

Sincerely,

/s/
Jack Russo
Counsel for Defendants

/s/
Melinda M. Morton
Counsel for Verigy US, Inc.

---

[2] Given the letter brief format, Verigy does not attach Exhibit A to a declaration, but would be happy to submit a declaration from Mr. Pochowski authenticating the letter should the Court require it. Verigy also notes that Exhibit A is not hearsay pursuant to F.R.E. 801(d)(2).