1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12 | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL)
13 |                    Plaintiff,          | **DECLARATION OF MELINDA M. MORTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**
14 |         vs.                            |
15 | ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge: Honorable Ronald M. Whyte
                                              Ctrm:    6
                    Defendants.

---

DECLARATION OF MELINDA M. MORTON                    CASE NO. C07 04330 RMW (HRL)

I, Melinda M. Morton, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am an associate with the law firm of Bergeson, LLP, counsel of record for Plaintiff Verigy US, Inc. ("Verigy" or "Plaintiff") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Verigy's Administrative Motion for Leave to File Document Under Seal.

3. I have reviewed the following materials ("the Materials"):

    a. Exhibit A to the Joint letter Brief submitted at the Court's request.

4. I have determined that these Materials (hereafter "the Materials") disclose information that has been designated as "Confidential" by the parties under the protective order, without objection to those designations (although Verigy reserves its rights to challenge such designations pursuant to the Stipulated Protective Order).

5. The confidentiality interest of the parties therefore overcomes the right of public access to the record, as a substantial probability exists that the parties' overriding confidentiality interest will be prejudiced if the record is not sealed. Further, the proposed sealing is narrowly tailored and no less restrictive means exist to achieve this overriding interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 19th day of June, 2008 at San Jose, California.

                                                            /s/
                                      Melinda M. Morton