1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905).
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
          thale@computerlaw.com
6         jkelley@computerlaw.com

7  Attorneys for Defendants and Counterclaimants
   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8  SILICON TEST SOLUTIONS, LLC and WESLEY
   MAYDER

9

10                 IN THE UNITED STATES DISTRICT COURT

11             IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                             SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF ROMI MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (F.R.C.P., RULE 56) AND MOTION FOR RULE 11 SANCTIONS (F.R.C.P., RULE 11)** |
| v. | |
| ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Date: August 8, 2008**<br>**Time: 9:00 a.m.**<br>**Ctrm: 6**<br>**Before the Hon. Ronald Whyte** |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED CROSSCLAIMS. | |

CONTAINS MATERIAL DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY BY SILICON TEST SYSTEMS, INC. OR WESLEY MAYDER

UNDER STIPULATED PROTECTIVE ORDER

DOCUMENT SUBMITTED UNDER SEAL

---

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Suppl. Decl. Romi Mayder Supp. Mot.
Rule 11 Sanctions/Mot. Summ. J.**

**Case No. 5:07-cv-04330-RMW (HRL)**

I, Romi Mayder, declare under penalty of perjury as follows:

1. I am a defendant in this case and have personal knowledge of all facts set forth herein; if called to testify in this Court as to those facts, my testimony would be as stated herein.

2. I submit this Supplemental Declaration to clarify my previous declaration dated May 13, 2008 in which I stated (and I continue to state) unequivocally that there was no board of directors of Silicon Test Solutions LLC ("STS LLC") and that my brother Wes Mayder never became a member of the Board of Directors of Silicon Test Systems, Inc. ("STS, Inc.").

3. I have read the Supplemental Declaration of Wesley Mayder submitted in support of his Motion for Summary Judgment and Motion for Rule 11 Sanctions. I affirm that all statements therein are true and correct, and that the documents attached as Exhibits 1, 2 and 3 thereto reflect the fact that STS, Inc. had (and has) only one director, namely, me.

4. Additionally, documents attached as Exhibits A - D hereto reflect the fact that I was and am the sole director of STS, Inc. Exhibit A is a true and correct copy of the Certificate of Amendment of Articles of Incorporation which certifies that I am the president and the secretary of STS, Inc. This document was filed with the California Secretary of State on April 9, 2008. Exhibit B is a series of Promissory Notes executed on behalf of STS, Inc. I am the sole signatory on each of these Promissory Notes. Exhibit C is a true and correct copy of a series of documents pertaining to the annual meeting of the Board of Directors of STS, Inc. Exhibit D is a true and correct copy of the adoption of the Bylaws of STS, Inc. by Unanimous Written Consent of the STS, Inc. Board of Directors (myself).

5. Further:

(a) I am, and always have been, the sole signatory on STS, Inc.'s bank account at Wells Fargo Bank;

(b) In STS, Inc.'s application for its tax ID number, I informed the State of California that I am the sole director of STS, Inc.; and

(c) In all governmental filings, STS, Inc. always stated what was (and is) factually true, namely, that I myself am the sole director of STS, Inc.

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Suppl. Decl. Romi Mayder Supp. Mot.
Rule 11 Sanctions/Mot. Summ. J.**     1     **Case No. 5:07-cv-04330-RMW (HRL)**

6. I wish to add that I attempted to get my brother, Wes Mayder, as well as another shareholder of STS, Inc., namely, Ben Francois, to join the Board of Directors of STS, Inc., but neither of them agreed to do so.

7. In fact, I wrote emails in July 2007 in which I informed both Wes Mayder and Ben Francois about the fact of the July 2007 Verigy legal demand letter which I had received from Verigy's lawyers just about one month (in July 2007) before the lawsuit was filed by them. A copy of the entire "chain" of these emails is attached as Exhibit "E" hereto.

8. What needs to be made clear is that even though I affirmatively state that both Wes Mayder and Ben Francois can be on (and as far as I was concerned, I wanted them to be on) the Board of Directors of STS, Inc., neither of them actually agreed to do so; and given the fact that there was a legal threat pending against me and against the corporation, neither of them ever agreed to join the Board of Directors of STS, Inc. and I have been the sole director of STS, Inc. since its incorporation.

9. Further, there is one other email which was from the October 2006 time frame (and which I have attached as Exhibit "F") and in which I mistakenly refer to Wes as a "board member" of STS LLC when in fact, there never was any board of STS LLC, there never were any directors of STS LLC, and in fact, there never were any signatures on or completion of the STS LLC Operating Agreement as it was cancelled legally when Bob Pochowski failed and refused (as did everyone else) to sign any type of Operating Agreement for STS LLC. A confirmation of the cancellation of STS LLC is attached as Exhibit "G."

10. Finally, I unequivocally re-affirm that neither Wes Mayder nor Ben Francois (nor anyone else) was ever on any board of directors or any other board for either STS Inc. or for STS LLC nor did either ever become an officer, employee or otherwise engaged in the management of either of these entities. Both are simply minority shareholders in STS Inc. and even collectively they do not have anything more than a minority position in STS Inc. Exhibit H is a true and correct copy of an email sent by me to Ben Francois and Wes Mayder in December 2007 which affirms that I kept both gentlemen updated as (minority) shareholders of STS, Inc., which they were, and are, in STS, Inc.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com℠

**Suppl. Decl. Romi Mayder Supp. Mot.
Rule 11 Sanctions/Mot. Summ. J.**    2    **Case No. 5:07-cv-04330-RMW (HRL)**

1  I declare, under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of July, 2008 in Palo Alto, California.

_____/s/_____
Romi Mayder

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Romi Mayder.

Dated: July 9, 2008          By:     _____/s/_____
                                      Jack Russo

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Suppl. Decl. Romi Mayder Supp. Mot. Rule 11 Sanctions/Mot. Summ. J.**     3     **Case No. 5:07-cv-04330-RMW (HRL)**