# EXHIBIT 2

**From:**          Jack Russo
**To:**            Morton, Mindy
**Date:**          6/3/2008 11:47 AM
**Subject:**       MAYDER: Proposed Meet & Confer....Scheduling.....

**CC:**            Goodnough, Lucy;  Hale, Tim;  KELLEY, JOHN;  Simmons, Gail C.;  Stebbins...

I am meeting with the client today and I should be able to suggest some time this week (perhaps Thursday afternoon) for the meet and confer on all outstanding matters.   (I apologize that I have been sick the last several days and have not been able to get as up to speed as I had hoped to be by this point.)

In the meantime, I have a quick question for you to answer:  Are the defendants allowed to see the FULL (unredacted) trade secret list with the full (unredacted) preliminary injunction order and the FULL (unredacted) TRO?  I have been told by them that they have not seen the full (unredacted) versions of any of these items and I have a hard time understanding why given that two defendants were charged with contempt.  Can I provide full copies to the defendants?

P.S.  With respect to Wes Mayder, this may or may not be necessary depending on whether he obtains an early dismissal but I really do not see how the defendants can understand the Orders they are subject to without seeing the entirety of these items.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/2/2008 2:55 PM >>>
Jack,
Can we get the proposed order on file today?  Also, when can we have our meet and confer?  We have a deadline on Thursday for our response to the counterclaims, and there are some parts that we plan to move to strike on that we'd like to discuss with you first in the hope that we can resolve the issue without another motion.  Is there a time tomorrow that works on your end?

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 4:52 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Joint Letter....Now ProposedStipulation....

Please re-send me the CMC Stipulation as I believe I can get some decision on this
even this afternoon and a filing can be made this afternoon as well.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 3:24 PM >>>
Jack,
The court set a deadline for Verigy to inform the Court what its decision was as to a jury or bench trial, so we need to file
something today.  I was under the impression that both you and Dan Mount had agreed to a bench trial at the CMC (and
the Court's minute order seems to support that).  Is there any way you can get a decision from them today?

I am happy to meet next week, but I honestly think it would be much more productive if we did it without M & S.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the
above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure
under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal
crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete
the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal
tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or
recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 3:14 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Thanks for sending these; I am seeing these for the first time.  It may make sense to plan

a meeting for next week to do a "meet and confer" about all matters that are outstanding at this point. Indeed, it may even make sense for one of the M&S lawyers to be present so that we all can get on the "same page" of where things are at in this case.  Does that make sense?

As to the jury waiver issue, I did not "weigh in" on that for Wes Mayder (or for Romi Mayder since I did not represent him) at the conference and I have now presented that question to them with my views on this.  They want to think about this over the weekend.

Obviously, it takes a  combined waiver of all parties (including Wes Mayder) to effect the waiver under Rule 38.  Of course, if you have decided that you are going to dismiss Wes Mayder from the case, that might simplify all of this but I have not heard anything to the effect that Plaintiff is going to do this pursuant to our past requests.  And, I believe it goes without saying that if you are dismissing Wes Mayder, he would also agree to waive his malicious prosecution claims and he would exit from any assertion of any of the counterclaims but I think all of that was pretty clearly set forth in our original correspondence to your offices about Wes not remaining.

Let me know if waiting until next week is going to be a problem for submitting the Case Management Conference Statement as I need to have more time to the final decision on this.  Thank you.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 11:11 AM >>>
Jack,
I'm attaching the confidential versions of the TRO and the PI order.  I think that these are the only confidential orders.  If there are other papers it would be helpful to have in the short term, just let me know.

The court has requested that Verigy inform it as to the bench/jury trial issue today, so if we could get the CMC order on file that would solve that issue.  If you could review and let me know if we have permission to sign on your behalf we can get it on file.  I need to leave mid-afternoon today, so if we can get this done before then it would be much appreciated.  (I'm resending the proposed order for your convenience.)

Why don't you send me the proposed filing on the contempt order and we can get that taken care of as well.

Early next week is fine to discuss scheduling--let me know what time works for you.  With respect to the motion to compel, I really do think we can resolve it without needing to argue it on the 10th--why don't we discuss it during our call next week?  I can send you the briefing if you would like, but it might be simpler just to discuss the general issue first.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct:  408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly

prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Thursday, May 29, 2008 6:49 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Mindy,

I am sure we can work around your vacation schedule; that said, I need to get the legal files for this case including (for example) the full versions of the TRO, the P.I., and any other rulings from Judge Whyte (all we have is the redacted versions).  Do you have those handy? If so, can you email them to me ASAP?

As to the outstanding discovery matters, I am not familiar with them and you would need to send me the briefing.  I frankly believed that these matters would be handed by the M&S firm before they filed their withdrawal request and perhaps they will agree to complete this work.  If not, then I will need to read
the papers and we can arrange a phone call for early next week.   IF you think it is imperative to talk tomorrow, then the best time for me would be after 430pm given other matters on my calendar.

Finally, as to the cover (joint) letter to Judge Whyte, I believe the letter I previously wrote (perhaps with a bit more editing) would work and it would attach the form of Stipulation that removes Wes Mayder from the latest Order.  Let me know if that can work as I do think we should get that out to Judge Whyte tomorrow if at all possible.  I will endeavor to look at the attached later tomorrow as well.    Please copy John Kelley (jkelley@computerlaw.com) and Lucy Goodnough (Lgoodnough@computerlaw.com) as well as Tim Hale (Thale@computerlaw.com) on all further emails about this case.   Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/29/2008 2:12 PM >>>
Jack,
Here is the proposed CMC order.  Verigy has agreed to a bench trial, so the trial date will be December 15.  Does that date work with your other scheduled trial?

With respect to the contempt order, I would suggest that the best way to proceed is to agree on and file the stipulation w/o the "they founded" language and then submit a joint letter to the court regarding the "they founded" language, as I can't see another way to word the proposed order.  If you have a suggestion on that, I'm certainly amenable.  There is evidence that Wes did participate in founding the companies--see Romi's December 11, 2006 email to Bob kicking Bob out of the company and referring to Wes' involvement, as well as the partnership agreements for the LLC.  Page 1, lines 20-21 of the preliminary injunction order also refers to "their company."

We would like to set up a time to discuss scheduling your summary judgment depo and the discovery we would like to take in advance of filing our opposition.  Now that you have subbed in completely, perhaps we could also discuss the pending motion to compel and whether we can resolve that prior to the hearing on June 10.  Is there a convenient time tomorrow to discuss these issues?

Also, just to let you know, I will be out of the country June 20-July 5, so if we can try to work out a schedule for briefing avoiding that period I would appreciate it.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email:  mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Wednesday, May 28, 2008 5:08 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Gail C. Simmons; Michael Stebbins; Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Mindy:

Thanks for the followup and for drafting the stipulation.  I may be a bit "behind the curve" here so I apologize for "questioning everything" but that really comes with the job when one enters the case at this point.  That said, based on your email that the Preliminary Injunction Order contains language which "similar" to the "they founded" language in the Order on the Motion for Contempt, I have reviewed the Preliminary Injunction, as it appears on the Court Docket.  Based on that review, respectfully, I do not reach the same conclusion.  Am I missing something?  What I see is that the Preliminary Injunction is this:

1.  that Wes Mayder was the "founder of STS."  In Section I (D), the Order discusses the company's background under the heading "Mayder [previously defined from Romi Omar Mayder] Founds STS."  The heading does not indicate that "Mayder and his brother, Wes, found STS" or anything even close to that.

2.  the body of the text too does not contain any express or even implied finding that this "they founded" was determined by the Court.  (I frankly do not see how there could be such a finding in any event cause I see no evidence of it and Wes Mayder's testimony (as well as Romi Mayder's testimony) are to the effect that Romi is the founder of STS.

3.  then the Court's preliminary injunction goes on to say this:  "Sometime after the [text omitted] and while he was still employed at Verigy, Mayder began preparing to start STS, a new business venture, by, among other things, registering a domain name for the new company."  Prelim. Inj. Order, Feb. 29, 2008 at 4:6-8 (see attached PDF of the redacted Prelim. Inj. Order).

4.  further, the text does not state that Wes Mayder was included in these preparations in any capacity whatsoever.  (Nor frankly could it because, again, as you know from reading Wes Mayder's declaration under oath, he knows nothing about semiconductors or about semiconductor testing.  He is in the web advertising business and one that itself specializes in advertising automobiles.)

5.  finally, the Order goes on to describe the involvement of Mr. Pochowski through July 2006, and once again, does not mention Wes Mayder.  Prelim. Inj. Order, Feb. 29, 2008 at 4:14-5:18.

In fact, Wes Mayder is explicitly mentioned only once in the entire Order, as "Mayder's [again, Romi Mayder's] third business partner." Prelim. Inj. Order, Feb. 29, 2008 at 5:18-19 [emphasis added].  You may think differently, but I find it extremely hard to connect a tertiary business partner with the founding, let alone the operation, of the STS business, and I do not think that a reasonable reading of the Preliminary Injunction Order supports the conclusion that a mention of Mr. Wes Mayder as Romi Mayder's third business partner necessarily or even implicitly is a judicial finding that Wes Mayder had a founder  role, especially where, as in this case, and as you know from the signed declarations submitted to you, Mr. Wesley Mayder was and is just a passive investor in his brother's business.

If you have any analysis of fact or law that suggests differently, I am open to a discussion, but if we are unable to agree, I suggest that we submit the stipulation you wrote with an additional sentence that states in substance that though the foregoing is the parties' stipulation, it is also submitted by counsel for Defendant Wesley Mayder (but disagreed by Plaintiff) that the reference to "they founded" in the first page of the Decision should be to "Romi Mayder founded" but this last requested
change by Defendant Wesley Mayder is not agreed to by the Plaintiff.  That puts the issue before the Court and reserves the position for both parties.  Let me know if this works for you and if not what alternative approach for alerting the court to what is agreed and what is not agreed on this.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/28/2008 11:01 AM >>>
Jack,
I do not yet have an answer on jury vs. bench--I stated at the hearing that I should have a decision by the end of this week and I will certainly let you know as soon as that decision is made.  With respect to changing all of the "Mayders," the court defined the term "Mayder" on page one of the order to mean Romi Mayder, so I don't think any further changes are needed there.  We are not willing to agree to sign a stipulation that contains references to removing the "they founded" language.  There is already similar language in the Preliminary Injunction Order.  I've attached a proposed stipulation--please let me know if you are willing to sign on to it.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, May 27, 2008 8:02 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Gail C. Simmons; Michael Stebbins; Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

I heard him say "make it a simple joint letter" and that is what I did.  I would think that would suffice
and if the problem is the "they founded" dicta then I guess I need to know where in the record or evidence that
exists but I see that as a minor point and one that can be dropped as a footnote to the joint letter.

If you are refusing to do a letter, the proposed stipulation will, as I see it, simply have (but on pleading paper)
the substance of what is set forth below, namely:

WHEREAS, Plaintiff only sought contempt against STS, Inc. and Romi Mayder (the "Charged Defendants"),

WHEREAS, as requested by the Court, this stipulation sets forth our agreement respectfully on behalf of our respective
clients;

WHEREAS, that agreement is that there are several typographical changes needed to be made to the Court's written
decision entered May 20, 2008  finding contempt (the "Decision") so as to limit it to just as against the Charged Defendants

According, the undersigned on behalf of their respective clients hereby agree that the following changes should be made
to the Decision:

1. each reference in the Decision to "Mayder" should be clarified to "Romi Mayder" throughout; and,

2. each reference in the Decision to "Defendants" should be clarified to "Charged Defendants" throughout; and,

3. the reference in the caption on the first page of the Decision to "Defendants" should be to "Defendants STS, Inc. and
Romi Mayder."

Though the foregoing is the parties' stipulation, it is also submitted by counsel for Defendant Wesley Mayder (but disagreed
by Plaintiff) that the reference to "they founded" in the first page of the Decision should be to "Romi Mayder founded" but
this last requested
change by Defendant Wesley Mayder is not agreed to by the Plaintiff.

IN WITNESS WHEREOF.....[signature block for attorneys]

IT IS SO ORDERED .... [signature block for Court]

Mindy, please let me know if the above works or not.  I want to assure there is agreement on the substance of the above.
Is there?
If you want to see the "form" of it in some fashion different than the above, please let me know what that should be.  I
think the above
accomplishes that purpose.

Finally, was there a decision on the jury v. Court trial?  I ask because I have some other matters that may need attention in
the first
week of December and if the decision is to go with the Court trial starting a week later, I would like to know that sooner
rather than later
and I understood that that decision was to be communicated by the close of business today.  Please advise.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)

jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/27/2008 11:07 AM >>>
Jack,
The judge asked us to do a stipulation and proposed order on this, so if you could prepare one, we will be happy to review it.  We are not willing to stipulate to the "they founded" change.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 23, 2008 11:33 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter

Mindy,

As discussed at the Case Management Conference before Judge Whyte this morning, here is what I suggest would be our joint letter to be sent to Judge Whyte:

Dear Judge Whyte:

Because Plaintiff only sought contempt against STS, Inc. and Romi Mayder (the "Charged Defendants"),
as you requested, we are writing jointly to alert you that we have agreed respectfully on behalf of our respective clients that there are several typographical changes needed to be made to your written decision entered May 20, 2008 finding contempt (the "Decision") should be limited to just as against the Charged Defendants and thus the following changes should be made:

1. each reference in the Decision to "Mayder" should be clarified to "Romi Mayder" throughout;

2. each reference in the Decision to "Defendants" should be clarified to "Charged Defendants" throughout;

3. the reference in the caption to "Defendants" should be to "Defendants STS, Inc. and Romi Mayder".

In addition, the reference to "they founded" in the first page of the decision should be to "Romi Mayder founded" but this last change is without prejudice to Plaintiff's reserved right to seek to obtain evidence to support any contrary contention. Counsel for Defendant Wes Mayder has represented to Plaintiff (including in a sworn declaration submitted by Mr. Wes

Mayder) that he was not a founder but rather is a passive minority shareholder in STS, Inc.

We appreciate the time that the Court provided today to all counsel in this case and we thank the Court for allowing us to resolve this matter in this expeditious fashion and in setting the December 2008 trial date in this case and resolving other matters at the Case Management Conference today.  Thank you.

Very truly yours,


Counsel for Plaintiff


Counsel for Defendant Wesley Mayder


Counsel for Defendants STS, Inc. and Romi Mayder

>>> "Mindy Morton" <mmorton@be-law.com> 4/28/2008 12:34 PM >>>
Gentlemen,

The court has not approved the substitution yet, so I think that Kevin would still have to sign on behalf of Wesley?



Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].




_____

From: Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
Sent: Monday, April 28, 2008 12:17 PM
To: Jack Russo
Cc: Kevin M. Pasquinelli; Michelle McManus; Mindy Morton
Subject: FW: Proposed stipulation


Jack,


Mindy Morton and myself have agreed to delay filing of briefs regarding
the existing motion to compel production of documents. We hope to find
common ground in the next week. Initially, the motion was brought on
behalf of all defendants. Are you willing to stipulate to such on behalf
of Wesley? I think it would be beneficial to all parties.


Attached is my signed version, without Wesley, and a word version with
Wesley that you can edit and sign. Please send the signed version to
Mindy Morton.


Thanks,


Kevin


_____

From: Kevin M. Pasquinelli
Sent: Monday, April 28, 2008 12:06 PM
To: Mindy Morton
Cc: John Fowler; Michael Stebbins; Kevin M. Pasquinelli; Michelle
McManus
Subject: RE: Proposed stipulation


I no longer have authority for Wesley Mayder. As you know, Mr. Russo has
taken over representation for Wesley. Here is a signed version of the
stip from me (with Wesley removed). Feel free to file.


Kevin


_____

From: Mindy Morton [mailto:mmorton@be-law.com]
Sent: Monday, April 28, 2008 11:39 AM
To: Kevin M. Pasquinelli
Cc: Michael Stebbins; John Fowler; Gail C. Simmons
Subject: Proposed stipulation

Kevin,

Here is the stip.  Please let me know if I have your permission to sign on your behalf and file it.


Thanks,

Mindy


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].



This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.


This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.


This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

**From:**        "Mindy Morton" <mmorton@be-law.com>
**To:**          "Jack Russo" <JRusso@computerlaw.com>
**Date:**        6/3/2008 12:05 PM
**Subject:**     RE: MAYDER: Proposed Meet & Confer....Scheduling.....

**CC:**          "Gail C. Simmons" <GSimmons@be-law.com>, "Michael Stebbins" <MStebbins@b...

Jack,
Hope you are feeling better.
I have a meeting in SF Thursday until about 1:30, so it would have to be after 2:30.  Would you be willing to give us a brief extension on our response to the counterclaims, currently due Thursday, so we can meet and hopefully resolve that issue?  Otherwise, we would need to file our motion to strike on Thursday.

With respect to the trade secret list and the orders, I will need to review them.  Our client has not been allowed to see the unredacted orders either, and the confidentiality markings on the preliminary injunction order were negotiated with Kevin Pasquinelli.  My recollection is that we further marked the preliminary injunction order redactions as either confidential (which your clients can see) or highly confidential, and I believe that most of the order is either confidential, or highly confidential but marked so by defendants.  I will have to go back and review the correspondence.

With respect to the proposed schedule for your summary judgment motion, we should discuss that on Thursday.  As I mentioned last week, I am out of the country June 20-July 5, and your proposed schedule would have briefing due on the 27th. I will unfortunately not have any email access while I'm gone, so I'd like to see if we can work out a different schedule.  There are a few documents we would like to get before Wes Mayder's depo and we'd like to work out a schedule with you on that so you can get your motion heard and we can get the necessary docs and depositions done with enough time to write our opposition.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]

Sent: Tuesday, June 03, 2008 11:48 AM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Meet & Confer....Scheduling.....

I am meeting with the client today and I should be able to suggest some time this week (perhaps Thursday afternoon) for the meet and confer on all outstanding matters.   (I apologize that I have been sick the last several days and have not been able to get as up to speed as I had hoped to be by this point.)

In the meantime, I have a quick question for you to answer:  Are the defendants allowed to see the FULL (unredacted) trade secret list with the full (unredacted) preliminary injunction order and the FULL (unredacted) TRO?  I have been told by them that they have not seen the full (unredacted) versions of any of these items and I have a hard time understanding why given that two defendants were charged with contempt.  Can I provide full copies to the defendants?

P.S.  With respect to Wes Mayder, this may or may not be necessary depending on whether he obtains an early dismissal but I really do not see how the defendants can understand the Orders they are subject to without seeing the entirety of these items.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/2/2008 2:55 PM >>>
Jack,
Can we get the proposed order on file today?  Also, when can we have our meet and confer?  We have a deadline on Thursday for our response to the counterclaims, and there are some parts that we plan to move to strike on that we'd like to discuss with you first in the hope that we can resolve the issue without another motion.  Is there a time tomorrow that works on your end?

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original

message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 4:52 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Joint Letter....Now ProposedStipulation....

Please re-send me the CMC Stipulation as I believe I can get some decision on this even this afternoon and a filing can be made this afternoon as well.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 3:24 PM >>>
Jack,
The court set a deadline for Verigy to inform the Court what its decision was as to a jury or bench trial, so we need to file something today.  I was under the impression that both you and Dan Mount had agreed to a bench trial at the CMC (and the Court's minute order seems to support that).  Is there any way you can get a decision from them today?

I am happy to meet next week, but I honestly think it would be much more productive if we did it without M & S.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or

copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 3:14 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Thanks for sending these; I am seeing these for the first time.  It may make sense to plan a meeting for next week to do a "meet and confer" about all matters that are outstanding at this point. Indeed, it may even make sense for one of the M&S lawyers to be present so that we all can get on the "same page" of where things are at in this case.  Does that make sense?

As to the jury waiver issue, I did not "weigh in" on that for Wes Mayder (or for Romi Mayder since I did not represent him) at the conference and I have now presented that question to them with my views on this. They want to think about this over the weekend.

Obviously, it takes a  combined waiver of all parties (including Wes Mayder) to effect the waiver under Rule 38.  Of course, if you have decided that you are going to dismiss Wes Mayder from the case, that might simplify all of this but I have not heard anything to the effect that Plaintiff is going to do this pursuant to our past requests.  And, I believe it goes without saying that if you are dismissing Wes Mayder, he would also agree to waive his malicious prosecution claims and he would exit from any assertion of any of the counterclaims but I think all of that was pretty clearly set forth in our original correspondence to your offices about Wes not remaining.

Let me know if waiting until next week is going to be a problem for submitting the Case Management Conference Statement as I need to have more time to the final decision on this.  Thank you.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 11:11 AM >>>
Jack,
I'm attaching the confidential versions of the TRO and the PI order.  I think that these are the only confidential orders.  If there are other papers it would be helpful to have in the short term, just let me know.

The court has requested that Verigy inform it as to the bench/jury trial issue today, so if we could get the CMC order on file that would solve that issue.  If you could review and let me know if we have permission to sign on your behalf we can get it on file.  I need to leave mid-afternoon today, so if we can get this done before then it would be much appreciated.  (I'm resending the proposed order for your convenience.)

Why don't you send me the proposed filing on the contempt order and we can get that taken care of as well.

Early next week is fine to discuss scheduling--let me know what time works for you.  With respect to the motion to compel, I really do think we can resolve it without needing to argue it on the 10th--why don't we discuss it during our call next week?  I can send you the briefing if you would like, but it might be simpler just to discuss the general issue first.


Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Thursday, May 29, 2008 6:49 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Mindy,

I am sure we can work around your vacation schedule; that said, I need to get the legal files for this case including (for example) the full versions of the TRO, the P.I., and any other rulings from Judge Whyte (all we have is the redacted versions).  Do you have those handy? If so, can you email them to me ASAP?

As to the outstanding discovery matters, I am not familiar with them and you would need to send me the briefing. I frankly believed that these matters would be handed by the M&S firm before they filed their withdrawal request and perhaps they will agree to complete this work. If not, then I will need to read the papers and we can arrange a phone call for early next week. If you think it is imperative to talk tomorrow, then the best time for me would be after 430pm given other matters on my calendar.

Finally, as to the cover (joint) letter to Judge Whyte, I believe the letter I previously wrote (perhaps with a bit more editing) would work and it would attach the form of Stipulation that removes Wes Mayder from the latest Order. Let me know if that can work as I do think we should get that out to Judge Whyte tomorrow if at all possible. I will endeavor to look at the attached later tomorrow as well. Please copy John Kelley (jkelley@computerlaw.com) and Lucy Goodnough (Lgoodnough@computerlaw.com) as well as Tim Hale (Thale@computerlaw.com) on all further emails about this case. Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/29/2008 2:12 PM >>>
Jack,
Here is the proposed CMC order. Verigy has agreed to a bench trial, so the trial date will be December 15. Does that date work with your other scheduled trial?

With respect to the contempt order, I would suggest that the best way to proceed is to agree on and file the stipulation w/o the "they founded" language and then submit a joint letter to the court regarding the "they founded" language, as I can't see another way to word the proposed order. If you have a suggestion on that, I'm certainly amenable. There is evidence that Wes did participate in founding the companies--see Romi's December 11, 2006 email to Bob kicking Bob out of the company and referring to Wes' involvement, as well as the partnership agreements for the LLC. Page 1, lines 20-21 of the preliminary injunction order also refers to "their company."

We would like to set up a time to discuss scheduling your summary judgment depo and the discovery we would like to take in advance of filing our opposition. Now that you have subbed in completely, perhaps we could also discuss the pending motion to compel and whether we can resolve that prior to the hearing on June 10. Is there a convenient time tomorrow to discuss these issues?

Also, just to let you know, I will be out of the country June 20-July 5, so if we can try to work out a schedule for briefing avoiding that period I would appreciate it.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000

Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Wednesday, May 28, 2008 5:08 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Gail C. Simmons; Michael Stebbins; Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Mindy:

Thanks for the followup and for drafting the stipulation.  I may be a bit "behind the curve" here so I apologize for "questioning everything" but that really comes with the job when one enters the case at this point.  That said, based on your email that the Preliminary Injunction Order contains language which "similar" to the "they founded" language in the Order on the Motion for Contempt, I have reviewed the Preliminary Injunction, as it appears on the Court Docket.  Based on that review, respectfully, I do not reach the same conclusion.  Am I missing something?  What I see is that the Preliminary Injunction is this:

1.  that Wes Mayder was the "founder of STS."  In Section I (D), the Order discusses the company's background under the heading "Mayder [previously defined from Romi Omar Mayder] Founds STS."  The heading does not indicate that "Mayder and his brother, Wes, found STS" or anything even close to that.

2.  the body of the text too does not contain any express or even implied finding that this "they founded" was determined by the Court.  (I frankly do not see how there could be such a finding in any event cause I see no evidence of it and Wes Mayder's testimony (as well as Romi Mayder's testimony) are to the effect that Romi is the founder of STS.

3. then the Court's preliminary injunction goes on to say this:  "Sometime after the [text omitted] and while he was still employed at Verigy, Mayder began preparing to start STS, a new business venture, by, among other things, registering a domain name for the new company."  Prelim. Inj. Order, Feb. 29, 2008 at 4:6-8 (see attached PDF of the redacted Prelim. Inj. Order).

4.  further, the text does not state that Wes Mayder was included in these preparations in any capacity whatsoever.  (Nor frankly could it because, again, as you know from reading Wes Mayder's declaration under oath, he knows nothing about semiconductors or about semiconductor testing.  He is in the web advertising business and one that itself specializes in advertising automobiles.)

5.  finally, the Order goes on to describe the involvement of Mr. Pochowski through July 2006, and once again, does not mention Wes Mayder.  Prelim. Inj. Order, Feb. 29, 2008 at 4:14-5:18.

In fact, Wes Mayder is explicitly mentioned only once in the entire Order, as "Mayder's [again, Romi Mayder's] third business partner." Prelim. Inj. Order, Feb. 29, 2008 at 5:18-19 [emphasis added]. You may think differently, but I find it extremely hard to connect a tertiary business partner with the founding, let alone the operation, of the STS business, and I do not think that a reasonable reading of the Preliminary Injunction Order supports the conclusion that a mention of Mr. Wes Mayder as Romi Mayder's third business partner necessarily or even implicitly is a judicial finding that Wes Mayder had a founder role, especially where, as in this case, and as you know from the signed declarations submitted to you, Mr. Wesley Mayder was and is just a passive investor in his brother's business.

If you have any analysis of fact or law that suggests differently, I am open to a discussion, but if we are unable to agree, I suggest that we submit the stipulation you wrote with an additional sentence that states in substance that though the foregoing is the parties' stipulation, it is also submitted by counsel for Defendant Wesley Mayder (but disagreed by Plaintiff) that the reference to "they founded" in the first page of the Decision should be to "Romi Mayder founded" but this last requested change by Defendant Wesley Mayder is not agreed to by the Plaintiff.  That puts the issue before the Court and reserves the position for both parties.  Let me know if this works for you and if not what alternative approach for alerting the court to what is agreed and what is not agreed on this.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/28/2008 11:01 AM >>>
Jack,
I do not yet have an answer on jury vs. bench--I stated at the hearing that I should have a decision by the end of this week and I will certainly let you know as soon as that decision is made.  With respect to changing all of the "Mayders," the court defined the term "Mayder" on page one of the order to mean Romi Mayder, so I don't think any further changes are needed there.  We are not willing to agree to sign a stipulation that contains references to removing the "they founded" language.  There is already similar language in the Preliminary Injunction Order.  I've attached a proposed stipulation--please let me know if you are willing to sign on to it.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original

message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, May 27, 2008 8:02 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Gail C. Simmons; Michael Stebbins; Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

I heard him say "make it a simple joint letter" and that is what I did.  I would think that would suffice
and if the problem is the "they founded" dicta then I guess I need to know where in the record or evidence that
exists but I see that as a minor point and one that can be dropped as a footnote to the joint letter.

If you are refusing to do a letter, the proposed stipulation will, as I see it, simply have (but on pleading paper)
the substance of what is set forth below, namely:

WHEREAS, Plaintiff only sought contempt against STS, Inc. and Romi Mayder (the "Charged Defendants"),

WHEREAS, as requested by the Court, this stipulation sets forth our agreement respectfully on behalf of our respective
clients;

WHEREAS, that agreement is that there are several typographical changes needed to be made to the Court's written
decision entered May 20, 2008  finding contempt (the "Decision") so as to limit it to just as against the Charged Defendants

According, the undersigned on behalf of their respective clients hereby agree that the following changes should be made
to the Decision:

1. each reference in the Decision to "Mayder" should be clarified to "Romi Mayder" throughout; and,

2. each reference in the Decision to "Defendants" should be clarified to "Charged Defendants" throughout; and,

3. the reference in the caption on the first page of the Decision to "Defendants" should be to "Defendants STS, Inc. and Romi Mayder."

Though the foregoing is the parties' stipulation, it is also submitted by counsel for Defendant Wesley Mayder (but disagreed
by Plaintiff) that the reference to "they founded" in the first page of the Decision should be to "Romi Mayder founded" but this last requested
change by Defendant Wesley Mayder is not agreed to by the Plaintiff.

IN WITNESS WHEREOF.....[signature block for attorneys]

IT IS SO ORDERED .... [signature block for Court]

Mindy, please let me know if the above works or not.  I want to assure there is agreement on the substance of the above.  Is there?
If you want to see the "form" of it in some fashion different than the above, please let me know what that should be.  I think the above
accomplishes that purpose.

Finally, was there a decision on the jury v. Court trial?  I ask because I have some other matters that may need attention in the first
week of December and if the decision is to go with the Court trial starting a week later, I would like to know that sooner rather than later
and I understood that that decision was to be communicated by the close of business today.  Please advise.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 5/27/2008 11:07 AM >>>
Jack,
The judge asked us to do a stipulation and proposed order on this, so if you could prepare one, we will be happy to review it.  We are not willing to stipulate to the "they founded" change.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the

Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 23, 2008 11:33 PM
To: Mindy Morton; Kevin M. Pasquinelli
Cc: Lucy Goodnough
Subject: MAYDER: Proposed Joint Letter

Mindy,

As discussed at the Case Management Conference before Judge Whyte this morning, here is what I suggest would be our joint letter to be sent to Judge Whyte:

Dear Judge Whyte:

Because Plaintiff only sought contempt against STS, Inc. and Romi Mayder (the "Charged Defendants"), as you requested, we are writing jointly to alert you that we have agreed respectfully on behalf of our respective clients that there are several typographical changes needed to be made to your written decision entered May 20, 2008 finding contempt (the "Decision") should be limited to just as against the Charged Defendants and thus the following changes should be made:

1. each reference in the Decision to "Mayder" should be clarified to "Romi Mayder" throughout;

2. each reference in the Decision to "Defendants" should be clarified to "Charged Defendants" throughout;

3. the reference in the caption to "Defendants" should be to "Defendants STS, Inc. and Romi Mayder".

In addition, the reference to "they founded" in the first page of the decision should be to "Romi Mayder founded" but this last change is without prejudice to Plaintiff's reserved right to seek to obtain evidence to support any contrary contention.  Counsel for Defendant Wes Mayder has represented to Plaintiff (including in a sworn declaration submitted by Mr. Wes Mayder) that he was not a founder but rather is a passive minority shareholder in STS, Inc.

We appreciate the time that the Court provided today to all counsel in this case and we thank the Court for allowing us to resolve this matter in this expeditious fashion and in setting the December 2008 trial date in this case and resolving other matters at the Case Management Conference today.  Thank you.

Very truly yours,


Counsel for Plaintiff


Counsel for Defendant Wesley Mayder


Counsel for Defendants STS, Inc. and Romi Mayder

>>> "Mindy Morton" <mmorton@be-law.com> 4/28/2008 12:34 PM >>>
Gentlemen,

The court has not approved the substitution yet, so I think that Kevin would still have to sign on behalf of Wesley?


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].



_____

From: Kevin M. Pasquinelli [mailto:kpasquinelli@MOUNT.com]
Sent: Monday, April 28, 2008 12:17 PM
To: Jack Russo
Cc: Kevin M. Pasquinelli; Michelle McManus; Mindy Morton
Subject: FW: Proposed stipulation


Jack,


Mindy Morton and myself have agreed to delay filing of briefs regarding

the existing motion to compel production of documents. We hope to find
common ground in the next week. Initially, the motion was brought on
behalf of all defendants. Are you willing to stipulate to such on behalf
of Wesley? I think it would be beneficial to all parties.


Attached is my signed version, without Wesley, and a word version with
Wesley that you can edit and sign. Please send the signed version to
Mindy Morton.


Thanks,


Kevin


_____

From: Kevin M. Pasquinelli
Sent: Monday, April 28, 2008 12:06 PM
To: Mindy Morton
Cc: John Fowler; Michael Stebbins; Kevin M. Pasquinelli; Michelle
McManus
Subject: RE: Proposed stipulation


I no longer have authority for Wesley Mayder. As you know, Mr. Russo has
taken over representation for Wesley. Here is a signed version of the
stip from me (with Wesley removed). Feel free to file.


Kevin


_____

From: Mindy Morton [mailto:mmorton@be-law.com]
Sent: Monday, April 28, 2008 11:39 AM
To: Kevin M. Pasquinelli
Cc: Michael Stebbins; John Fowler; Gail C. Simmons
Subject: Proposed stipulation


Kevin,

Here is the stip.  Please let me know if I have your permission to sign
on your behalf and file it.

Thanks,

Mindy


Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

_____
The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please
notify the person listed above immediately, and delete the original
message (including any attachments).

_____

_____
IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].




This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.

If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.


This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.


This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

**From:**      Jack Russo
**To:**        Mindy Morton
**Date:**      6/3/2008 2:19 PM
**Subject:**   RE: MAYDER: Proposed Meet & Confer....Scheduling.....

**CC:**        Gail C. Simmons;  Michael Stebbins;  JOHN KELLEY;  Lucy Goodnough;  Tim ...
Thanks....yes, we can provide the extension and we can plan to meet and confer on Thursday.   At this
point, I really need to know if I can provide the FULL (unredacted) Orders (and Trade Secrets Lists) to the
defendants so that I can make sure that they completely understand the scope of their obligations.  I don't
see a problem having your client get full (unredacted) copies of these Orders and Trade Secrets Lists as
well so there can be mutuality on at least this much.  Can we agree on that much?  As new counsel, I
simply want to make sure that there are no misunderstandings about what the Court has ordered in this
case.  Please let me know as soon as possible on this.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 12:04 PM >>>
Jack,
Hope you are feeling better.
I have a meeting in SF Thursday until about 1:30, so it would have to be after 2:30.  Would you be willing
to give us a brief extension on our response to the counterclaims, currently due Thursday, so we can
meet and hopefully resolve that issue?  Otherwise, we would need to file our motion to strike on
Thursday.

With respect to the trade secret list and the orders, I will need to review them.  Our client has not been
allowed to see the unredacted orders either, and the confidentiality markings on the preliminary injunction
order were negotiated with Kevin Pasquinelli.  My recollection is that we further marked the preliminary
injunction order redactions as either confidential (which your clients can see) or highly confidential, and I
believe that most of the order is either confidential, or highly confidential but marked so by defendants.  I
will have to go back and review the correspondence.

With respect to the proposed schedule for your summary judgment motion, we should discuss that on
Thursday.  As I mentioned last week, I am out of the country June 20-July 5, and your proposed schedule
would have briefing due on the 27th. I will unfortunately not have any email access while I'm gone, so I'd
like to see if we can work out a different schedule.  There are a few documents we would like to get
before Wes Mayder's depo and we'd like to work out a schedule with you on that so you can get your



>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 4:36 PM >>>
Jack,
 I received your letter.  I would note that counsel for defendants was served with the confidential versions of the orders and the trade secret lists, and that the charging portions of both orders were either public or only confidential.  Defendants' counsel should have advised them clearly what was proscribed and what was not.  In addition, Defendants have an expert witness, Richard Blanchard, with whom they consulted on the TRO and who can see all documents in the case.

With respect to the TRO, to my knowledge, the TRO was never marked above confidential, and so Mount & Stoelker was free to show the entire TRO to all defendants in the case.  You can certainly show them the entire TRO (but please remind them that it is confidential and can't be shared with anyone else).

With respect to the preliminary injunction order and the trade secret list, I will need to review them further.  We will need to discuss how to deal with these documents, because defendants' previous counsel argued to the Court that a downgrade to confidential status of anything constituted a waiver by Verigy of trade secret status (see Contempt opposition).  I would suggest we discuss how to deal with these documents when we meet and confer on Thursday.

Please let me know if I can file the CMC order, as I would like to get that taken care of.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or

**From:**      Jack Russo
**To:**        Mindy Morton
**Date:**      6/3/2008 5:13 PM
**Subject:**   RE: MAYDER: Proposed Meet & Confer....Scheduling.....

**CC:**        Gail C. Simmons;  Michael Stebbins;  JOHN KELLEY;  Lucy Goodnough;  Tim ...
Mindy,

I guess I still need to know this: Can I show ALL of the FULL (unredacted) copies of all the Orders to the defendants; can I do that?   I don't think service of redacted versions of Court Orders on the former lawyers for defendants suffices.  I believe each of the defendants was (and still is) entitled to be served (and to be able to read and confer with their attorneys) about what the meaning of these full (unredacted) Court Orders mean.  I don't think an expert witness alone can suffice.   But, if you do not give me an unconditional "yes" to the question (now repeated for the third or fourth time in emails), then I will move for ex parte for an Order from Judge Whyte that he permit me to do so.  I just learned that none of the defendants have seen the entirety of the FULL (unredacted) Court Orders and I also learned that they have never seen the FULL (unredacted) versions of the various trade secret lists.  I believe they are entitled to both and that they should have had both months ago.  Please let me know your answer.  This will impact, of course, what is said in the CMC Statement in terms of further matters needing the Court's immediate attention.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 4:36 PM >>>
Jack,
 I received your letter.  I would note that counsel for defendants was served with the confidential versions of the orders and the trade secret lists, and that the charging portions of both orders were either public or only confidential. Defendants' counsel should have advised them clearly what was proscribed and what was not.  In addition, Defendants have an expert witness, Richard Blanchard, with whom they consulted on the TRO and who can see all documents in the case.

With respect to the TRO, to my knowledge, the TRO was never marked above confidential, and so Mount & Stoelker was free to show the entire TRO to all defendants in the case.  You can certainly show them the entire TRO (but please remind them that it is confidential and can't be shared with anyone else).

With respect to the preliminary injunction order and the trade secret list, I will need to review them further. We will need to discuss how to deal with these documents, because defendants' previous counsel argued to the Court that a downgrade to confidential status of anything constituted a waiver by Verigy of trade secret status (see Contempt opposition).  I would suggest we discuss how to deal with these documents when we meet and confer on Thursday.

Please let me know if I can file the CMC order, as I would like to get that taken care of.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.

Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, June 03, 2008 2:20 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Meet & Confer....Scheduling.....

Thanks....yes, we can provide the extension and we can plan to meet and confer on Thursday.   At this point, I really need to know if I can provide the FULL (unredacted) Orders (and Trade Secrets Lists) to the defendants so that I can make sure that they completely understand the scope of their obligations.  I don't see a problem having your client get full (unredacted) copies of these Orders and Trade Secrets Lists as well so there can be mutuality on at least this much.  Can we agree on that much?  As new counsel, I simply want to make sure that there are no misunderstandings about what the Court has ordered in this case.  Please let me know as soon as possible on this.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 12:04 PM >>>
Jack,
Hope you are feeling better.
I have a meeting in SF Thursday until about 1:30, so it would have to be after 2:30.  Would you be willing to give us a brief extension on our response to the counterclaims, currently due Thursday, so we can meet and hopefully resolve that issue?  Otherwise, we would need to file our motion to strike on

Thursday.

With respect to the trade secret list and the orders, I will need to review them.  Our client has not been allowed to see the unredacted orders either, and the confidentiality markings on the preliminary injunction order were negotiated with Kevin Pasquinelli.  My recollection is that we further marked the preliminary injunction order redactions as either confidential (which your clients can see) or highly confidential, and I believe that most of the order is either confidential, or highly confidential but marked so by defendants.  I will have to go back and review the correspondence.

With respect to the proposed schedule for your summary judgment motion, we should discuss that on Thursday.  As I mentioned last week, I am out of the country June 20-July 5, and your proposed schedule would have briefing due on the 27th. I will unfortunately not have any email access while I'm gone, so I'd like to see if we can work out a different schedule.  There are a few documents we would like to get before Wes Mayder's depo and we'd like to work out a schedule with you on that so you can get your motion heard and we can get the necessary docs and depositions done with enough time to write our opposition.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, June 03, 2008 11:48 AM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Meet & Confer....Scheduling.....

I am meeting with the client today and I should be able to suggest some time this week (perhaps Thursday afternoon) for the meet and confer on all outstanding matters.   (I apologize that I have been sick the last several days and have not been able to get as up to speed as I had hoped to be by this point.)

In the meantime, I have a quick question for you to answer:  Are the defendants allowed to see the FULL

(unredacted) trade secret list with the full (unredacted) preliminary injunction order and the FULL (unredacted) TRO? I have been told by them that they have not seen the full (unredacted) versions of any of these items and I have a hard time understanding why given that two defendants were charged with contempt. Can I provide full copies to the defendants?

P.S. With respect to Wes Mayder, this may or may not be necessary depending on whether he obtains an early dismissal but I really do not see how the defendants can understand the Orders they are subject to without seeing the entirety of these items.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/2/2008 2:55 PM >>>
Jack,
Can we get the proposed order on file today? Also, when can we have our meet and confer? We have a deadline on Thursday for our response to the counterclaims, and there are some parts that we plan to move to strike on that we'd like to discuss with you first in the hope that we can resolve the issue without another motion. Is there a time tomorrow that works on your end?

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----

From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 4:52 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Joint Letter....Now ProposedStipulation....

Please re-send me the CMC Stipulation as I believe I can get some decision on this
even this afternoon and a filing can be made this afternoon as well.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 3:24 PM >>>
Jack,
The court set a deadline for Verigy to inform the Court what its decision was as to a jury or bench trial, so
we need to file something today.  I was under the impression that both you and Dan Mount had agreed to
a bench trial at the CMC (and the Court's minute order seems to support that).  Is there any way you can
get a decision from them today?

I am happy to meet next week, but I honestly think it would be much more productive if we did it without M
& S.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the
sole use of the above individual or entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.
Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been
transmitted to you in error, please notify the person listed above immediately, and delete the original
message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you
that any U.S. federal tax advice in this communication (including attachments) is not intended or written
by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or
matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

**From:**     Jack Russo
**To:**       Mindy Morton
**Date:**     6/3/2008 6:30 PM
**Subject:**  RE: MAYDER: Proposed Meet & Confer....Scheduling.....

**CC:**       Gail C. Simmons;  Michael Stebbins;  JOHN KELLEY;  Lucy Goodnough;  Tim ...
Mindy,

Based on our call this afternoon, we have provided the FULL (unredacted) TRO to Romi Mayder this
afternoon in our offices.  He just finished reading it.  He notes that there are areas claimed to be "Trade
Secret Property" of Verigy in multiple declarations referenced in Paragraphs 1(s), 1(t), 1(u), and 1(v)
(namely the declarations and exhibits of Levanthal, Lai, Lee, and Pochowski).  Can these declarations
(and their
exhibits) be disclosed (at minimum in my offices and under my supervision and with no copies made) to
Mr. Romi Mayder. He is still here and I would like him to read the entirety of the TRO including these
documents and their exhibits.  Can he do so?

If not, there is the same problem that I mentioned earlier which is that Mr. Mayder (and indeed, none of
the other defendants) has ever been given the ability to fully understand the entire TRO.   I have refrained
from providing the entire Preliminary Injunction pending your request to consider that matter and make a
decision.  But, it is the same problem.

All of this is without prejudice to my statement to you that I believe applicable federal law required that
each of the defendants first be PERSONALLY served with the entire (unredacted) TRO (as well as the
entire (unredacted) Preliminary Injunction) before any form of contempt proceedings were initiated.  I also
believe the law is well-settled that the contempt motion itself (with full copies of the applicable orders) has
to be personally served.  I just learned today that no defendant was ever personally served with any of
these items and for that reason, I believe the entire contempt finding must be vacated but I will provide
you with our legal authority on this and meet and confer with you about it on Thursday before making any
motion to Judge Whyte regarding this matter.   (Even if there was a malpractice by the defendants' former
attorneys, that should never have enabled the finding of a contempt without each defendant receiving
personal notice of the entirety of each of the court orders and clear notice of the conduct that was being
charged.)


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 4:36 PM >>>
Jack,
 I received your letter.  I would note that counsel for defendants was served with the confidential versions
of the orders and the trade secret lists, and that the charging portions of both orders were either public or
only confidential.  Defendants' counsel should have advised them clearly what was proscribed and what
was not.  In addition, Defendants have an expert witness, Richard Blanchard, with whom they consulted
on the TRO and who can see all documents in the case.

With respect to the TRO, to my knowledge, the TRO was never marked above confidential, and so Mount
& Stoelker was free to show the entire TRO to all defendants in the case.  You can certainly show them

the entire TRO (but please remind them that it is confidential and can't be shared with anyone else).

With respect to the preliminary injunction order and the trade secret list, I will need to review them further. We will need to discuss how to deal with these documents, because defendants' previous counsel argued to the Court that a downgrade to confidential status of anything constituted a waiver by Verigy of trade secret status (see Contempt opposition).  I would suggest we discuss how to deal with these documents when we meet and confer on Thursday.

Please let me know if I can file the CMC order, as I would like to get that taken care of.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, June 03, 2008 2:20 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Meet & Confer....Scheduling.....

Thanks....yes, we can provide the extension and we can plan to meet and confer on Thursday.   At this point, I really need to know if I can provide the FULL (unredacted) Orders (and Trade Secrets Lists) to the defendants so that I can make sure that they completely understand the scope of their obligations.  I don't see a problem having your client get full (unredacted) copies of these Orders and Trade Secrets Lists as well so there can be mutuality on at least this much.  Can we agree on that much?  As new counsel, I simply want to make sure that there are no misunderstandings about what the Court has ordered in this case.  Please let me know as soon as possible on this.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street

Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 06/03/08 12:04 PM >>>
Jack,
Hope you are feeling better.
I have a meeting in SF Thursday until about 1:30, so it would have to be after 2:30.  Would you be willing
to give us a brief extension on our response to the counterclaims, currently due Thursday, so we can
meet and hopefully resolve that issue?  Otherwise, we would need to file our motion to strike on
Thursday.

With respect to the trade secret list and the orders, I will need to review them.  Our client has not been
allowed to see the unredacted orders either, and the confidentiality markings on the preliminary injunction
order were negotiated with Kevin Pasquinelli.  My recollection is that we further marked the preliminary
injunction order redactions as either confidential (which your clients can see) or highly confidential, and I
believe that most of the order is either confidential, or highly confidential but marked so by defendants.  I
will have to go back and review the correspondence.

With respect to the proposed schedule for your summary judgment motion, we should discuss that on
Thursday.  As I mentioned last week, I am out of the country June 20-July 5, and your proposed schedule
would have briefing due on the 27th. I will unfortunately not have any email access while I'm gone, so I'd
like to see if we can work out a different schedule.  There are a few documents we would like to get
before Wes Mayder's depo and we'd like to work out a schedule with you on that so you can get your
motion heard and we can get the necessary docs and depositions done with enough time to write our
opposition.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the
sole use of the above individual or entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.
Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been
transmitted to you in error, please notify the person listed above immediately, and delete the original
message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you
that any U.S. federal tax advice in this communication (including attachments) is not intended or written
by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or
matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Tuesday, June 03, 2008 11:48 AM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Meet & Confer....Scheduling.....

I am meeting with the client today and I should be able to suggest some time this week (perhaps Thursday afternoon) for the meet and confer on all outstanding matters.   (I apologize that I have been sick the last several days and have not been able to get as up to speed as I had hoped to be by this point.)

In the meantime, I have a quick question for you to answer:  Are the defendants allowed to see the FULL (unredacted) trade secret list with the full (unredacted) preliminary injunction order and the FULL (unredacted) TRO?  I have been told by them that they have not seen the full (unredacted) versions of any of these items and I have a hard time understanding why given that two defendants were charged with contempt.  Can I provide full copies to the defendants?

P.S.  With respect to Wes Mayder, this may or may not be necessary depending on whether he obtains an early dismissal but I really do not see how the defendants can understand the Orders they are subject to without seeing the entirety of these items.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/2/2008 2:55 PM >>>
Jack,
Can we get the proposed order on file today?  Also, when can we have our meet and confer?  We have a deadline on Thursday for our response to the counterclaims, and there are some parts that we plan to move to strike on that we'd like to discuss with you first in the hope that we can resolve the issue without another motion.  Is there a time tomorrow that works on your end?

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or

copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 4:52 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: MAYDER: Proposed Joint Letter....Now ProposedStipulation....

Please re-send me the CMC Stipulation as I believe I can get some decision on this even this afternoon and a filing can be made this afternoon as well.  Thanks!


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 05/30/08 3:24 PM >>>
Jack,
The court set a deadline for Verigy to inform the Court what its decision was as to a jury or bench trial, so we need to file something today.  I was under the impression that both you and Dan Mount had agreed to a bench trial at the CMC (and the Court's minute order seems to support that).  Is there any way you can get a decision from them today?

I am happy to meet next week, but I honestly think it would be much more productive if we did it without M & S.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that

may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].



-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, May 30, 2008 3:14 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: MAYDER: Proposed Joint Letter....Now Proposed Stipulation....

Thanks for sending these; I am seeing these for the first time.  It may make sense to plan a meeting for next week to do a "meet and confer" about all matters that are outstanding at this point. Indeed, it may even make sense for one of the M&S lawyers to be present so that we all can get on the "same page" of where things are at in this case.  Does that make sense?

As to the jury waiver issue, I did not "weigh in" on that for Wes Mayder (or for Romi Mayder since I did not represent him) at the conference and I have now presented that question to them with my views on this. They want to think about this over the weekend.

Obviously, it takes a  combined waiver of all parties (including Wes Mayder) to effect the waiver under Rule 38.  Of course, if you have decided that you are going to dismiss Wes Mayder from the case, that might simplify all of this but I have not heard anything to the effect that Plaintiff is going to do this pursuant to our past requests.  And, I believe it goes without saying that if you are dismissing Wes Mayder, he would also agree to waive his malicious prosecution claims and he would exit from any assertion of any of the counterclaims but I think all of that was pretty clearly set forth in our original correspondence to your offices about Wes not remaining.

Let me know if waiting until next week is going to be a problem for submitting the Case Management Conference Statement as I need to have more time to the final decision on this.  Thank you.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street

```
ERROR: syntaxerror
OFFENDING COMMAND: --nostringval--

STACK:
```

 

>>> "Mindy Morton" <mmorton@be-law.com> 6/12/2008 2:56 PM >>>
Jack,
Sorry, I think my previous letter was unclear.  The letter brief from the parties was on the one point of contention mentioned in our joint letter/stipulation with respect to whether STS was founded by both Mayders-not on the attorneys' fee issue.

With respect to the fees, I am certainly happy to hear any proposal-I should be in the office all day tomorrow.

I have not yet had a chance to review the declaration exhibits, but will do so by Friday at the latest.

With respect to the TRO, again, it was marked by the Court as "confidential" under the protective order, which means that all defendants were entitled to see it from day one.  If Mount & Stoelker chose not to allow Romi to view it, you should take that issue up with them.  The law is very clear on these issues, and it was cited in my previous email on this subject.

Re: your motion for SJ/summary judgment-the Court moved the hearing to 8/8.  In light of that move, I would suggest we stipulate to a normal briefing schedule set back from the hearing date.  (Our opposition due 7/18, your reply due 7/25).

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct:  408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Thursday, June 12, 2008 2:47 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: STS: Contempt Order

Thanks, Mindy; I am still not 100% but hope to be by next week.  That
said, John is working
on objections and if you want to get a preview of them by phone and see
if your client will agree
to reduce the bill, I am sure the judge would appreciate that. If not,
it seems like a letter should
demonstrate some sort of "meet and confer" process that results in

telling the judge (in three pages or less)
what the "core remaining issues" are to decide.

What is still on my mind is whether Romi Mayder can get to see all the
exhibits to all the declarations that were referenced in the original
TRO (so that the full TRO and all of its attachments to all of its
declarations including all exhibits thereto) can be at least shown to
him in our offices and under our supervision (with no copies made). I
asked this awhile ago and including during our in-person meet and confer
and you were to get back to me on that and I have still not seen an
answer.  Did I miss an email or phone call on this?

That said, I do think Romi Mayder and STS have a right to have Judge
Whyte hear where the failure happened in terms of the lack of notice and
the inability (given the Protective Order) to fully understand
the potential reach of the TRO.  I know you believe that they should
just rely on their expert on these matters and my belief is the law
(under Rule 65 and the cases) requires that they get to see (and
actually be personally served with) the entirety of the Court's Order
(or that they at least get to see the entirety of it to understand all
of it).   I do think there is a "miscarriage" here and one that Judge
Whyte needs to consider before issuing any attorney fee award.
Obviously, I am new to this case and I may not have the advantage of
every bit of procedural history that happened but from a general
proposition I really do not understand how a redacted TRO can result in
a contempt citation.

Perhaps, you should send me (and John) copies of all of the notice
letters which you stated were served on opposing counsel.  I have found
those in the voluminous files from opposing counsel.  It may be that I
will never find them.  Thus, it is best for you to send them to me as
that may impact our decisions both on the meet and confer on the fee
issues as well as on the Rule 65 notice and contempt issues.  Please
advise.  Please copy all the above folks from my firm as I am in and out
of doctor's appointments this week.  Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/12/2008 10:16 AM >>>
Jack,
Hope you are feeling better.
I just received a call from Judge Whyte's office asking that the
parties submit a letter brief of no more than three pages with respect
to the remaining issue on the contempt order.  She didn't say whether it
should be a joint letter brief or separate-- we are fine with either.
She suggested a deadline of a week, but was flexible if the parties need
longer.  Please let me know your preferences.

Also, we do need to get the stipulation/order shortening time for Wes
Mayder's motion on file, so if you could send over a stip with the dates
we agreed on that would be appreciated.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please
notify the person listed above immediately, and delete the original
message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Monday, June 09, 2008 3:51 PM
To: Mindy Morton; Michael Stebbins
Cc: Gail C. Simmons; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

Yes, that's fine; you can file it. Please send the form of proposed
Stipulation as well as form (if it is going to be separate and a
sub-set) of proposed Agreed Order that you would see constituting the
resolution on the document production side.  Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/9/2008 3:15 PM >>>
Jack,
Let me know if this stip is OK and if I have your permission to sign
on
your behalf.

Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.

Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message
may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error,
please
notify the person listed above immediately, and delete the original
message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in
this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Monday, June 09, 2008 2:47 PM
To: Mindy Morton; Michael Stebbins
Cc: Gail C. Simmons; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

It might be.....Mindy, why don't you write up a short stipulation or
joint letter to Judge Lloyd
asking that we put the hearing back by a week, that new counsel is
working with you on a stipulated
form of order and that we are going to have at least one more in
person
meeting (if needed) to see
if we can work out an Agreed Order.  I am fine with that approach.  I
do want a cooperative approach
in this case and I do believe that means we have to change the status
quo that has existed previously.

p.s. I thought for sure you were including the "Boreal" e-room and all
emails to and from Romi Mayder
from any source and on any topic to the extent that they exist
wherever
they exist; is that not so?

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)

650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/9/2008 2:13 PM >>>
Jack,
I would suggest that for purposes of the motion to compel, that we
agree to provide, in addition to those documents already provided, the
following:

1) All non-privileged documents in the following Verigy e-rooms:
Kirkwood, Northstar, and Heavenly (which include Alpine, APIM and
Wolverine).  These constitute approximately 4.7 KB of info.  I expect
to
get them to you by June 23, and will produce earlier if possible--it
depends on how long it takes the vendor to scan and bates label them.
2)  To the extent not already provided, the disclosures listed in
section 2 of the Amended Trade Secret Disclosure by June 13.
3)  We have pulled all emails from anyone likely to have responsive
emails.  We will agree to produce any emails from this group that are
non-privileged responsive to search terms we agree upon, but certainly
including at least Romi's name and the project names.  Once we agree
on
the search terms, we will produce them as soon as the searches can be
executed and the docs bates-labeled.  I anticipate that this process
would take approximately 3 weeks, but it could be longer if there are
viruses in any of the email boxes we have.

Given the nature of technical issues that can come up, the order
should
include a provision regarding good faith compliance/meet and confer if
there are problems that arise causing delay.

These documents should include all docs responsive to the request for
documents had it asked for what M&S claims it was intended to seek.
Please let me know if this would be agreeable to you.

We are also happy to work with you on production of other docs, but
not
as part of a stipulated order, as those other docs were not requested
as
part of the RPOD in question.

Please let me know if this is a workable solution.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message
may

be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error,
please
notify the person listed above immediately, and delete the original
message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in
this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Michael Stebbins
Sent: Friday, June 06, 2008 4:13 PM
To: 'Jack Russo'; Mindy Morton
Cc: JOHN KELLEY; Lucy Goodnough; Tim Hale; Gail C. Simmons
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

Jack:

Thanks for the listing of documents and your e-mail.  As discussed
yesterday, we are not opposed to the notion of agreeing to exchange
documents in this fashion; however, we have a few issues with some of
what you propose.

First, we will not agree to be "compelled" to produce anything.  In
our
view, the pending motion to compel is wholly illegitimate.  As a way
of
resolving the pending motion; however, we would stipulate and agree to
produce certain documents having some relationship to that motion
(i.e.,
those relating to the asserted trade secrets in the operative trade
secret designation) and that stipulation could be signed by the Court
as
a way of resolving the motion.  This would encompass item No. 2 of
your
list of documents.  None of the others would appear to be related to
requests that are at issue in the pending motion.

Second, and separate and apart from the order resolving the pending
motion which we agree makes sense, we would also be amenable to
exchanging certain documents, such as those listed in your e-mail, as
well as those on a list we want produced by Defendants (which we have
yet to finalize).  However, we would need to take just a little time
to
agree on the parameters of the production and, for obvious reasons
(volume, relevance, privacy, etc.), the mechanisms involved (e.g.,
producing certain e-mail pursuant to search terms).  We will get back
to
you early next week regarding our list and with specific issues about
a
couple other items in your list.

Third, as to your request for an explanation for applicability of the
common interest doctrine (which we all imprecisely addressed yesterday

as the "joint defense privilege"), we are certain you are familiar with
the doctrine and its application.  Pursuant to the doctrine, the
attorney-client privilege extends to communications which are intended
to be confidential when they're made to attorneys or agents of the third
party on matters of joint concern when disclosure of the communication
to that attorney or agent is reasonably necessary to further the
interest of the litigant.  Here, Pochowski and Verigy have a common
interest in matters concerning Romi and Pochowski is obviously necessary
to Verigy's prosecution of this lawsuit.  Thus, privileged
communications involving them or their attorneys would be protected
pursuant to the doctrine.  There is a fair amount of authority on the
concept and you can probably peruse those authorities (starting,
perhaps, with Cal. Ev. Code §§954 and 912(d)) more efficiently for
yourself than we can point them out to you.  Moreover, since you're
obviously interested in attempting to find a way to defeat the extension
of the privilege, it would seem more appropriate for you to present any
authority you can develop to support that argument.

Thank you again for the frank discussion yesterday, as well as today's
follow-up on various issues.

We await your response to the above.

Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

---

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please
notify the person listed above immediately, and delete the original
message (including any attachments).

---

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, June 06, 2008 12:51 PM

To: Mindy Morton; Michael Stebbins
Cc: JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: STS: Resolution on Documents....WITHOUT PREJUDICE....

Mindy/Michael,

As I suggested at the meet and confer, and without prejudice to
anyone's  existing positions on the
pending motion to compel documents, my sense is that if we can reach
an
agreed order (submitted
by consent to the Court) and that compels (with specific targeted
dates) the following documents, that
would work best as a way to move this case down the path that it needs
to move given the December 2008
trial date (the capitalized terms have some obvious definitions which
we can footnote appropriately in the formal order but I want to keep
this as simple and not get bogged down in lots of definitions for the
purpose of our further discussion on this):

1. All DOCUMENTS* signed by Romi Mayder with Plaintiff or any of its
predecessors.

2. All DOCUMENTS relating to each TRADE SECRET claimed to have been
misappropriated by Defendants.

3. All emails from or to Romi Mayder during the period from May 6,
2006
to the present.

4. All emails from or to Robert Powchowski during the period from May
6, 2006 to the present.

5. All DOCUMENTS supporting any element of any claim asserted by
Plaintiff.

6. All DOCUMENTS that form the basis for any damages claimed by
Plaintiff.

7. All DOCUMENTS supporting any defense by Plaintiff to any
counterclaim asserted by Defendants.

8. All DOCUMENTS supporting any type of HEADSTART Plaintiff claims
Defendants obtained in this case.

9. All DOCUMENTS comprising the personnel file of Romi Mayder at
Plaintiff or any of its predecessors.

10. All DOCUMENTS identified in the Initial Disclosures of Plaintiff.

* DOCUMENTS has the same meaning as under California Evidence Code
Section 250 (but we can flesh that out in the formal stipulation and
order).

Finally, if you think documents can be withheld with respect to
Powchowski based on some type of "joint privilege", I need to see your
law on that and need to understand why you think that law applies
here.

Let me know your thoughts on the above and if a resolution is
possible.

I do believe we need to cut to the chase and cooperate on discovery if

there is going to be an approach that Judge Whyte as well as Judge
Lloyd
will appreciate.  Please advise.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.



>>> "Mindy Morton" <mmorton@be-law.com> 6/12/2008 4:37 PM >>>
Jack,
Have you or John had a chance to consider our proposed stipulation re: the motion to compel?  As hearing was postponed
to Tuesday, it would be great to get that settled if possible this week.

With respect to the exhibits to the declarations of Leventhal, Lai and Lee submitted in support of Verigy's application for the
TRO, I agree that Romi Mayder may view exhibits A-C to the Leventhal Declaration, Exhibits A and B to the Lee Declaration,
and Exhibits A-D to the Lai Declaration them in your office, under your supervision, provided that:
1) Romi cannot make any copies or notes;
2) The documents remain marked attorneys' eyes only;
3) You agree not to argue to the court that allowing Romi to view these documents somehow constitutes a waiver of the
trade secret status of the documents.

Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct:  408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____
The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the
above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure
under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal
crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete
the original message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal
tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or
recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Thursday, June 12, 2008 2:47 PM
To: Mindy Morton
Cc: Gail C. Simmons; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: STS: Contempt Order

Thanks, Mindy; I am still not 100% but hope to be by next week.  That
said, John is working
on objections and if you want to get a preview of them by phone and see
if your client will agree
to reduce the bill, I am sure the judge would appreciate that. If not,
it seems like a letter should
demonstrate some sort of "meet and confer" process that results in
telling the judge (in three pages or less)
what the "core remaining issues" are to decide.

What is still on my mind is whether Romi Mayder can get to see all the exhibits to all the declarations that were referenced in the original TRO (so that the full TRO and all of its attachments to all of its declarations including all exhibits thereto) can be at least shown to him in our offices and under our supervision (with no copies made). I asked this awhile ago and including during our in-person meet and confer and you were to get back to me on that and I have still not seen an answer.  Did I miss an email or phone call on this?

That said, I do think Romi Mayder and STS have a right to have Judge Whyte hear where the failure happened in terms of the lack of notice and the inability (given the Protective Order) to fully understand the potential reach of the TRO.  I know you believe that they should just rely on their expert on these matters and my belief is the law (under Rule 65 and the cases) requires that they get to see (and actually be personally served with) the entirety of the Court's Order (or that they at least get to see the entirety of it to understand all of it).   I do think there is a "miscarriage" here and one that Judge Whyte needs to consider before issuing any attorney fee award.  Obviously, I am new to this case and I may not have the advantage of every bit of procedural history that happened but from a general proposition I really do not understand how a redacted TRO can result in a contempt citation.

Perhaps, you should send me (and John) copies of all of the notice letters which you stated were served on opposing counsel.  I have found those in the voluminous files from opposing counsel.  It may be that I will never find them.  Thus, it is best for you to send them to me as that may impact our decisions both on the meet and confer on the fee issues as well as on the Rule 65 notice and contempt issues.  Please advise.  Please copy all the above folks from my firm as I am in and out of doctor's appointments this week.  Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/12/2008 10:16 AM >>>
Jack,
Hope you are feeling better.
I just received a call from Judge Whyte's office asking that the parties submit a letter brief of no more than three pages with respect to the remaining issue on the contempt order.  She didn't say whether it should be a joint letter brief or separate-- we are fine with either.  She suggested a deadline of a week, but was flexible if the parties need longer.  Please let me know your preferences.

Also, we do need to get the stipulation/order shortening time for Wes Mayder's motion on file, so if you could send over a stip with the dates we agreed on that would be appreciated.

Thanks,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP

303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

---

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error, please
notify the person listed above immediately, and delete the original
message (including any attachments).

---

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Monday, June 09, 2008 3:51 PM
To: Mindy Morton; Michael Stebbins
Cc: Gail C. Simmons; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

Yes, that's fine; you can file it. Please send the form of proposed
Stipulation as well as form (if it is going to be separate and a
sub-set) of proposed Agreed Order that you would see constituting the
resolution on the document production side.  Thanks!

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com


>>> "Mindy Morton" <mmorton@be-law.com> 6/9/2008 3:15 PM >>>
Jack,
Let me know if this stip is OK and if I have your permission to sign
on
your behalf.

Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712

Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

_____

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message
may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error,
please
notify the person listed above immediately, and delete the original
message (including any attachments).

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in
this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Monday, June 09, 2008 2:47 PM
To: Mindy Morton; Michael Stebbins
Cc: Gail C. Simmons; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

It might be.....Mindy, why don't you write up a short stipulation or
joint letter to Judge Lloyd
asking that we put the hearing back by a week, that new counsel is
working with you on a stipulated
form of order and that we are going to have at least one more in
person
meeting (if needed) to see
if we can work out an Agreed Order.  I am fine with that approach.   I
do want a cooperative approach
in this case and I do believe that means we have to change the status
quo that has existed previously.

p.s. I thought for sure you were including the "Boreal" e-room and all
emails to and from Romi Mayder
from any source and on any topic to the extent that they exist
wherever
they exist; is that not so?

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 6/9/2008 2:13 PM >>>
Jack,
I would suggest that for purposes of the motion to compel, that we
agree to provide, in addition to those documents already provided, the
following:

1) All non-privileged documents in the following Verigy e-rooms:
Kirkwood, Northstar, and Heavenly (which include Alpine, APIM and
Wolverine).  These constitute approximately 4.7 KB of info.  I expect
to
get them to you by June 23, and will produce earlier if possible--it
depends on how long it takes the vendor to scan and bates label them.
2)  To the extent not already provided, the disclosures listed in
section 2 of the Amended Trade Secret Disclosure by June 13.
3)  We have pulled all emails from anyone likely to have responsive
emails.  We will agree to produce any emails from this group that are
non-privileged responsive to search terms we agree upon, but certainly
including at least Romi's name and the project names.  Once we agree
on
the search terms, we will produce them as soon as the searches can be
executed and the docs bates-labeled.  I anticipate that this process
would take approximately 3 weeks, but it could be longer if there are
viruses in any of the email boxes we have.

Given the nature of technical issues that can come up, the order
should
include a provision regarding good faith compliance/meet and confer if
there are problems that arise causing delay.

These documents should include all docs responsive to the request for
documents had it asked for what M&S claims it was intended to seek.
Please let me know if this would be agreeable to you.

We are also happy to work with you on production of other docs, but
not
as part of a stipulated order, as those other docs were not requested
as
part of the RPOD in question.

Please let me know if this is a workable solution.

Regards,
Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com
_____

The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message
may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly

prohibited.  If this e-mail has been transmitted to you in error, please
notify the person listed above immediately, and delete the original
message (including any attachments).
_____

IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Michael Stebbins
Sent: Friday, June 06, 2008 4:13 PM
To: 'Jack Russo'; Mindy Morton
Cc: JOHN KELLEY; Lucy Goodnough; Tim Hale; Gail C. Simmons
Subject: RE: Resolution on Documents....WITHOUT PREJUDICE....

Jack:

Thanks for the listing of documents and your e-mail.  As discussed
yesterday, we are not opposed to the notion of agreeing to exchange
documents in this fashion; however, we have a few issues with some of
what you propose.

First, we will not agree to be "compelled" to produce anything.  In our
view, the pending motion to compel is wholly illegitimate.  As a way of
resolving the pending motion; however, we would stipulate and agree to
produce certain documents having some relationship to that motion (i.e.,
those relating to the asserted trade secrets in the operative trade
secret designation) and that stipulation could be signed by the Court as
a way of resolving the motion.  This would encompass item No. 2 of your
list of documents.  None of the others would appear to be related to
requests that are at issue in the pending motion.

Second, and separate and apart from the order resolving the pending
motion which we agree makes sense, we would also be amenable to
exchanging certain documents, such as those listed in your e-mail, as
well as those on a list we want produced by Defendants (which we have
yet to finalize).  However, we would need to take just a little time to
agree on the parameters of the production and, for obvious reasons
(volume, relevance, privacy, etc.), the mechanisms involved (e.g.,
producing certain e-mail pursuant to search terms).  We will get back to
you early next week regarding our list and with specific issues about a
couple other items in your list.

Third, as to your request for an explanation for applicability of the
common interest doctrine (which we all imprecisely addressed yesterday
as the "joint defense privilege"), we are certain you are familiar with

the doctrine and its application.  Pursuant to the doctrine, the
attorney-client privilege extends to communications which are intended
to be confidential when they're made to attorneys or agents of the
third
party on matters of joint concern when disclosure of the communication
to that attorney or agent is reasonably necessary to further the
interest of the litigant.  Here, Pochowski and Verigy have a common
interest in matters concerning Romi and Pochowski is obviously
necessary
to Verigy's prosecution of this lawsuit.  Thus, privileged
communications involving them or their attorneys would be protected
pursuant to the doctrine.  There is a fair amount of authority on the
concept and you can probably peruse those authorities (starting,
perhaps, with Cal. Ev. Code §§954 and 912(d)) more efficiently for
yourself than we can point them out to you.  Moreover, since you're
obviously interested in attempting to find a way to defeat the
extension
of the privilege, it would seem more appropriate for you to present
any
authority you can develop to support that argument.

Thank you again for the frank discussion yesterday, as well as today's
follow-up on various issues.

We await your response to the above.

Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

_____
The information transmitted in this e-mail (including any attachments)
is a private communication for the sole use of the above individual or
entity and may contain privileged and/or confidential information that
may be exempt from disclosure under law.  If you are not an intended
recipient, do not forward this email.  Interception of this message
may
be a federal crime.  Any unauthorized dissemination, distribution, or
copy of this communication (including any attachments) is strictly
prohibited.  If this e-mail has been transmitted to you in error,
please
notify the person listed above immediately, and delete the original
message (including any attachments).
_____
IRS Circular 230 Disclosure: To ensure compliance with requirements
posed by the IRS, we inform you that any U.S. federal tax advice in
this
communication (including attachments) is not intended or written by
Bergeson, LLP to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter
addressed herein.  2008 Bergeson, LLP [All Rights Reserved].


-----Original Message-----
From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Friday, June 06, 2008 12:51 PM
To: Mindy Morton; Michael Stebbins
Cc: JOHN KELLEY; Lucy Goodnough; Tim Hale

Subject: STS: Resolution on Documents....WITHOUT PREJUDICE....

Mindy/Michael,

As I suggested at the meet and confer, and without prejudice to anyone's existing positions on the pending motion to compel documents, my sense is that if we can reach an agreed order (submitted by consent to the Court) and that compels (with specific targeted dates) the following documents, that would work best as a way to move this case down the path that it needs to move given the December 2008 trial date (the capitalized terms have some obvious definitions which we can footnote appropriately in the formal order but I want to keep this as simple and not get bogged down in lots of definitions for the purpose of our further discussion on this):

1. All DOCUMENTS* signed by Romi Mayder with Plaintiff or any of its predecessors.

2. All DOCUMENTS relating to each TRADE SECRET claimed to have been misappropriated by Defendants.

3. All emails from or to Romi Mayder during the period from May 6, 2006 to the present.

4. All emails from or to Robert Powchowski during the period from May 6, 2006 to the present.

5. ALL DOCUMENTS supporting any element of any claim asserted by Plaintiff.

6. All DOCUMENTS that form the basis for any damages claimed by Plaintiff.

7. All DOCUMENTS supporting any defense by Plaintiff to any counterclaim asserted by Defendants.

8. All DOCUMENTS supporting any type of HEADSTART Plaintiff claims Defendants obtained in this case.

9. All DOCUMENTS comprising the personnel file of Romi Mayder at Plaintiff or any of its predecessors.

10. All DOCUMENTS identified in the Initial Disclosures of Plaintiff.

* DOCUMENTS has the same meaning as under California Evidence Code Section 250 (but we can flesh that out in the formal stipulation and order).

Finally, if you think documents can be withheld with respect to Powchowski based on some type of "joint privilege", I need to see your law on that and need to understand why you think that law applies here.

Let me know your thoughts on the above and if a resolution is possible.

I do believe we need to cut to the chase and cooperate on discovery if there is going to be an approach that Judge Whyte as well as Judge Lloyd

will appreciate.  Please advise.

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender
immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.