1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
7  Facsimile: (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | **VERIGY'S ADMINISTRATIVE MOTION TO CLARIFY DEFENDANTS' MOTION FOR "MODIFICATION" OR, IN THE ALTERNATIVE, MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTION FOR "MODIFICATION"** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Courtroom: 6<br>Judge: Hon. Ronald M. Whyte |
| Defendants. | Complaint Filed:  August 22, 2007<br>Trial Date:  None Set |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Verigy U.S., Inc. ("Verigy") hereby moves pursuant to Local Rules 6-1, 6-3 and 7-11 for an order clarifying whether Verigy is to respond to Defendants' motion for "modification" or, in the alternative, an order enlarging time for hearing on the motion. Defendants filed a motion for summary adjudication and for "modification of preliminary injunction," Docket No. 261, on July 10, 2008. Verigy does not seek any relief or clarification with respect to the motion for summary adjudication portion of that filing, and will file its opposition brief on July 25, 2008 according to the Local Rules. However, that portion of the filing styled as a "Motion for Modification" is, in reality, an improper motion for reconsideration of the Court's preliminary injunction order and/or the Court's contempt order, without leave of court, in violation of Rule 7-9 of the Civil Local Rules of the Northern District of California and F.R.C.P. 59(e). Pursuant to Local Rule 7-9(d), "no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." As discussed below, although Defendants did not call the Motion for Modification a request for leave to file a motion for reconsideration, it appears to be such a motion, and Verigy therefore seeks clarification as to whether Verigy should file an opposition to the Motion for Modification or whether Verigy should wait for the Court to consider the motion pursuant to Local Rule 7-9.

In the alternative, Verigy respectfully requests that if the Court determines that the Motion for Modification is not a motion for reconsideration, that the Court grant Verigy's request to enlarge time to respond to the large volume of technical material (consisting of numerous patents which purportedly demonstrate that Verigy has no trade secrets in this case and that the preliminary injunction should be dissolved) that Defendants have included with the motion for modification. Verigy seeks to have this motion heard only two weeks after originally noticed, on August 29, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, with a briefing schedule according to the Local Rules.

The present motion is based on this motion, the accompanying memorandum of points and authorities below, the accompanying declaration of Michael W. Stebbins, and the accompanying

proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Verigy's Request for Clarification

As this Court has previously stated, "In the Northern District of California, no motion for reconsideration may be brought without leave of court." *Jordan v. Graziani*, No. C-03-2414 (RMW), 2008 WL 2326303, * 1 (June 3, 2008, N.D.Cal.). Defendants' Motion for Modification, although not specifically titled a motion for reconsideration, is clearly requesting that the Court reconsider the Contempt Order entered May 20, 2008, and its extension of the preliminary injunction and/or the preliminary injunction order itself, entered February 29, 2008. Pursuant to Local Rule 7-9, Defendants must ask for leave of Court before filing a motion for reconsideration, which they have failed and refused to do. Also, as discussed below, the Motion for Modification does not comply with the requirements set forth in Local Rule 7-9(b):

> The moving party must specifically show:
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Rule 7-9(b). Local Rule 7-9(c) further states that "any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." As discussed below, Defendants' motion does not comply with these requirements.[1]

Defendants' motion is clearly a request for reconsideration, as it requests that the Court

---

[1] Verigy's counsel requested that Defendants withdraw the Motion for Modification and renotice it pursuant to Local Rule 7-9, but defendants have refused to do so. (Decl. of M. Stebbins, Exs. A-C.) Verigy also requested that Defendants agree to stipulate to enlarge time, but Defendants again refused, instead suggesting that the motion should be heard on shortened time pursuant to F.R.C.P. 65(b)(4) (relating to temporary restraining orders issued without notice). (*Id.* at Ex. C).

1  rescind the extension of the preliminary injunction entered as part of the Contempt Order.  (*See,*
2  *e.g.,* Motion for Modification at 6-7, 17; Decl. of Romi Mayder in Supp. of Motion for
3  Modification, ¶¶ 13-24.)  Indeed, Mr. Romi Mayder spends several pages of his declaration
4  explaining how his former counsel failed him and why the Contempt Order should not have been
5  issued.

6  Given that Defendants' Motion for Modification is clearly a motion for reconsideration,
7  filed without leave of Court as required under Local Rule 7-9, Verigy seeks clarification from the
8  Court as to whether Verigy should respond to the Motion for Modification as noticed, on July 25,
9  2008, or whether, pursuant to Local Rule 7-9(d), Verigy should wait for the Court to either deny
10  the motion or issue a briefing schedule.  If the Court issues a briefing schedule or orders Verigy to
11  respond to the Motion as noticed, Verigy respectfully requests that the Court grant its request to
12  enlarge time to address the voluminous filing and over 20 technical exhibits attached to the new
13  Declaration of Dr. Richard Blanchard ("Blanchard Declaration").

14  If the Court is inclined to treat Defendants' Motion for Modification as a motion for leave
15  to reconsider the Contempt Order and/or the Preliminary Injunction Order, Verigy respectfully
16  requests leave to file a brief in opposition to the motion for leave.  Verigy's opposition would
17  explain that Defendants' Motion for Modification does not comply with Local Rule 7-9, in that it
18  makes arguments that were either previously made in the preliminary injunction or contempt
19  briefing and arguments or that could have been made in the briefing and arguments.  Verigy would
20  also request sanctions pursuant to Local Rule 7-9(c).

21  For example, the new Blanchard Declaration includes 23 exhibits purporting to show
22  "new" evidence, but only 3 of these exhibits date after the Contempt Order.  The Motion for
23  Modification also recycles the following arguments previously made by Defendants:

- The TRO was unclear
- Verigy did not pursue the project Mayder stole and has not created a product based on that technology
- Verigy has not shown any irreparable harm
- The balance of harms weighs in favor of Defendants because Verigy is big and Defendants are small
- Verigy's trade secrets are undeserving of protection
- Defendants did not misappropriate anything
- The injunction is greater than Verigy would receive at trial

3
VERIGY'S ADMINSTRATIVE MOTION AND MOTION TO ENLARGE TIME RE: DEFENDANTS' MOTION
FOR "MODIFICATION"                                                                                     CASE NO. C07-04330 RMW (HRL)

- Money damages are adequate to compensate Verigy
- The injunction harms the public
- Expert opinion that the duration of any injunction should be short

Defendants do make the new argument that they were ill-served in several respects by their former counsel which resulted in issuance of the preliminary injunction and/or Contempt Order, but this does not constitute the type of new facts or change of law contemplated by Local Rule 7-9(b).

Defendants' chief legal authority for the Motion for Modification is *eBay v. MercExchange, L.L.C,* 547 U.S. 388 (2006), a 2006 case discussing the issuance of permanent injunctions in the patent infringement context that predates both the Contempt Order and the Preliminary Injunction Order by almost two years. Given these clear violations of Local Rule 7-9, Verigy respectfully requests that the Court deny leave to file Defendants' Motion for Modification.

### B. Verigy's Request for an Enlargement of Time to Respond

Under L.R. 6-1(b), "[a] request for a Court order enlarging or shortening time may be made by. . . motion pursuant to Civil L.R. 6-3." Rule 6-3(a), in turn, enumerates requirements that must be satisfied to lengthen time for hearing of a motion. Those requirements are satisfied here, as set forth below and in the accompanying declaration of Michael W. Stebbins.

#### 1. Verigy Would Be Prejudiced Without an Enlargement of Time.

If the Court determines, at least preliminarily, that the Motion for Modification is not a motion for reconsideration, Verigy requests that the Court grant Verigy's request to enlarge time to respond to the Motion for Modification due to the large volume of technical materials included with the motion. Defendants argue that these materials, which include numerous patents, show that Verigy has no trade secrets in this case, that the preliminary injunction should be dissolved, and that Defendants should instead be allowed to set up an escrow to serve as the potential source of an eventual judgment against them. Given the purported gravity of these materials, and the drastic change in landscape that Defendants propose, Verigy should be given more time to evaluate and respond to those materials. (Stebbins Decl. at ¶ 4.) In addition, Defendants have two motions set for hearing on August 8, 2008, and Verigy's Opposition to these motions is due Friday, July 18, 2008. There are also three depositions set for the week of July 28, 2008 that will require

significant attorney time to prepare, especially since two of the depositions are of Verigy employees. Verigy would therefore be substantially prejudiced if it had to oppose the Motion for Modification in only two weeks given the current schedule in the case. (Stebbins Decl. at ¶ 4.)

Verigy seeks a new hearing date for just two weeks after when the Motion for Modification was originally noticed, on August 29, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, with a briefing schedule according to the Local Rules.

### 2. Verigy Has Tried to Obtain a Stipulation to the Time Change.

Verigy Complied With Local Rule 37-1 by notifying Defendants of the problems with the motion and then by requesting an enlargement of time to respond. (Stebbins Decl. at ¶¶ 6-7, Exs. A and B). Defendants' e-mail response, which suggests that Verigy stipulate to an *acceleration* of the hearing date pursuant to an irrelevant statute, is an unequivocal rejection of the requested stipulation. (Stebbins Decl. at ¶8, Ex. C.)

### 3. The Issue in Dispute

The issue in dispute and both parties' positions are summarized in the Request for Clarification, *supra*.

### 4. Previous Time Modifications in This Case

There have been six previous unrelated time modifications in this case, which are described in paragraph 9 of the Stebbins Declaration. (Stebbins Decl. at ¶ 9.)

### 5. The Request for Shortened Time Would Not Impact the Case Schedule

Verigy's request to shorten time for hearing its motion for a protective order would not affect the Court's procedural schedule for this case. (Stebbins Decl. at ¶ 10.)

Accordingly, Verigy respectfully requests that the Court issue an order setting the hearing of Defendants' Motion for Modification on August 29, 2008.

Dated: July 15, 2008                    BERGESON, LLP

                                        By:            /s/
                                             Michael W. Stebbins

                                        Attorneys for Plaintiff
                                        VERIGY US, INC.