1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
7  Facsimile:   (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13 | VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
|---|---|
| Plaintiff, | **DECLARATION OF MICHAEL W. MORTON IN SUPPORT OF VERIGY'S ADMINISTRATIVE MOTION TO CLARIFY DEFENDANTS' MOTION FOR "MODIFICATION" OR, IN THE ALTERNATIVE, MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTION FOR "MODIFICATION"** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | |
| | Courtroom: 6 |
| | Hon. Ronald M. Whyte |
| Defendants. | Complaint Filed:   August 22, 2007<br>Trial Date:            None Set |

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner in the law firm of Bergeson, LLP, counsel of record for plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Verigy's administrative motion to clarify defendants' motion for "modification" of the preliminary injunction and, in the alternative, motion to enlarge time to respond to defendants' motion for "modification" (the "Motion for Modification").

3. The Motion for Modification was served on July 10, 2008, and it requests that the Court reconsider the Contempt Order entered on May 20, 2008 and/or the Preliminary Injunction Order entered on February 29, 2008. The Motion for Modification does not comply with Local Rule 7-9.

4. The Blanchard Declaration in Support of the Motion for Modification contains over twenty patent applications, patents and technical treatise excerpts purporting to support the Request for Modification, and it will take significant time to review these and obtain an expert declaration rebutting them. Given the purported gravity of these materials, and the drastic change in landscape that Defendants propose, Verigy should be given more time to evaluate and respond to those materials. Further, Defendants have two motions set for hearing on August 8, 2008( a Rule 11 Motion and a Motion for Summary Adjudication), and Verigy's Opposition to these motions is due Friday, July 18, 2008. There are also three depositions set for the week of July 28, 2008 that will require significant attorney time to prepare, especially since two of the depositions are of Verigy employees. Verigy would be substantially prejudiced if it had to oppose the Motion for Modification in only two weeks given the current schedule in the case and the gravity of Defendants' request.

5. Currently, Verigy's opposition papers are due on July 25, 2008, and Defendants' counsel has refused to grant an enlargement of time.

6. On July 11, 2008, counsel for Verigy sent an e-mail to Defendants' Counsel asking that they withdraw the Motion for Modification and file a motion that complies with Local Rule 7-

1

9 and F.R.C.P. 59(e). Ms. Morton requested that Defendants' counsel respond by noon on July 14, 2008, but Defendants did not do so. A true and correct copy of this email from Mindy Morton to Defendants' Counsel is attached hereto as Exhibit A.

7. On July 14, 2008, I sent an e-mail to Jack Russo, Defendants' counsel, regarding this issue. I asked for a two week extension to respond to the summary judgment motion and Motion for Modification. Attached hereto as Exhibit B is a true and correct copy of my July 14, 2008 email to Mr. Russo.

8. Mr. Russo responded by email on July 14, 2008, and refused to stipulate to an extension, instead requesting that Verigy agree to shorten time pursuant to F.R.C.P. 65(b)(4). As Rule 65(b)(4) does not apply to Defendants' Motion for Modification, and given the voluminous amount of technical documents offered in support of the motion, we did not agree to shorten time. Attached hereto as Exhibit C is a true and correct copy of Mr. Russo's July 14, 2008 email.

9. To the best of my knowledge, information and belief, the previous time modifications in this action are as follows : (a) three stipulated modifications to the briefing schedule for Verigy's motion for a preliminary injunction on September 6, 2007, September 11, 2007, and October 30, 2007; (b) the briefing schedule for Verigy's Motion to Compel was shortened by stipulation on October 3, 2007; (c) the briefing schedule for Defendants' Motion to Compel Production of Documents was extended by stipulation and the hearing was reset for June 10, 2008, but Verigy's motion to shorten time on a companion Motion for Protective Order was denied (eventually, both motions were resolved by stipulation and order issued by Magistrate Judge Lloyd, dated June 16, 2008; and (d) the briefing schedule for Defendants' Rule 11 Motion and Summary Judgment Motion was extended by stipulation due to the Court's modification of the hearing date.

10. Verigy's request to enlarge time for hearing on the Motion for Modification would not affect the Court's procedural schedule for this case.

//

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and that this declaration was executed this 15th day of July, 2008 at
3  San Jose, California.

4                                                               /s/
                                      Michael W. Stebbins