# EXHIBIT A

## Mindy Morton

| | |
|---|---|
| **From:** | Mindy Morton |
| **Sent:** | Friday, July 11, 2008 3:33 PM |
| **To:** | 'Jack Russo' |
| **Cc:** | Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale; Gail C. Simmons; Donald P Gagliardi; John Fowler |
| **Subject:** | Verigy v. STS et al. |

Defendants' most recent motion to "modify" the preliminary injunction, e-filed yesterday July 10, 2008 (Docket No. 261), is in reality an improper motion for reconsideration of the Court's preliminary injunction order and/or the Court's contempt order, without leave of court, in violation of Rule 7-9 of the Civil Local Rules of the Northern District of California and F.R.C.P. 59(e).

F.R.C.P. 59(e) applies to motions for modification/reconsideration of a preliminary injunction order (as well as a contempt order) and requires that such motions be filed within ten days of entry of the order. The only exception to this requirement is if the motion is based on new circumstances that have arisen after the entry of the order. See Credit Suisse First Boston Corporation v. Grunwald, 400 F.3d 1119,1123-24 (9th Cir. 2005). Your motion is nothing more than an attempt to relitigate the preliminary injunction order and/or the contempt order with facts and cases that could have been presented to the Court (and in most cases were presented to the Court) and the motion is therefore untimely under F.R.C.P. 59(e). Indeed, Mr. Romi Mayder's declaration discusses the problems with the contempt order and briefing at length, and the motion itself discusses circumstances and alleged problems surrounding the contempt motion.

Local Rule 7-9 states that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." You have not sought or obtained leave of Court for this motion, and therefore, it is procedurally improper. Further, please note that Local Rule 7-9 specifically prohibits repeating any arguments made in opposition to the initial order in a motion for leave for reconsideration. As stated above, many of the arguments in your July 10 motion repeat arguments previously presented to the Court.

Please advise by noon on Monday, July 14, 2008 that Defendants will be withdrawing the "modification" motion or we will bring an ex parte motion to have the improper portions of Defendants' latest "summary judgment" motion stricken. We also reserve the right to separately seek the imposition of sanctions against your firm. We have no objection to the "summary judgment" portion of your motion, and would not object to you withdrawing the entire motion and refiling just the summary judgment portion.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any

attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

# EXHIBIT B

| | |
|---|---|
| **From:** | Michael Stebbins |
| **Sent:** | Monday, July 14, 2008 5:18 PM |
| **To:** | Jack Russo |
| **Cc:** | Tim Hale; JOHN KELLEY; 'Lucy Goodnough'; Mindy Morton; John Fowler; Lara Brostko; Gail C. Simmons; Donald P Gagliardi |
| **Subject:** | Verigy v. STS -- request for extension |

Jack:

Due to the press of other business and pending vacation schedules, we'd like to request a two week extension of time to file our opposition papers on your new M/S/J and motion for modification of the PI.  Please let me know by tomorrow afternoon if that's something you're willing to agree to.

Thanks.

Michael W. Stebbins, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Telephone:  408 291-6200 Main
Telephone:  408 291-6207 Direct
Facsimile:  408 297-6000

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

# EXHIBIT C

## Mindy Morton

| | |
|---|---|
| **From:** | Jack Russo [JRusso@computerlaw.com] |
| **Sent:** | Monday, July 14, 2008 7:19 PM |
| **To:** | Mindy Morton |
| **Cc:** | Donald P Gagliardi; Gail C. Simmons; John Fowler; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale |
| **Subject:** | STS: Verigy v. STS et al. |

Dear Mindy,

We firmly believe Rule 65 (and applicable case law) trumps all of your arguments; you really do need to read (and/or re-read) Rule 65 as it makes clear that the Court has the power - - at ALL times and particularly in the context of the public interest and the lack of ACTUAL notice to the defendants - - to modify and even dissolve any and all of its prior orders. See, e.g., Rule 65(b)(4) ("Motion to Dissolve".
On two days notice to the party who obtained the order without notice - - or on shorter notice set by the court - - the adverse party may appear and move to dissolve or modify the order. The court MUST then hear and decide the motion as promptly as justice requires.") There are a number of federal cases that expand on this power (and responsbility) of the Federal Courts and Federal Judges sitting in equity (as is the case here on the existing Orders that have been entered) always have the right and duty to modify and amend their orders.
See, e.g., Lummus Co. v. Commonwealth Oil, 297 Fd. 80, 83 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962); Pennsylvania Rd. Co. v.
Transport Workers Union, 278 F. 2d 693, 694 (3d Cir. 1960); and, Arvida Corp. v. Sugarman, 259 F. 2d 428, 429 (2d Cir. 1958), among others.

Net net: you and your client should actually WANT to get this matter heard as soon as possible and should be even willing to accelerate the time for the hearing on this matter because if these orders are against public policy - - and if these orders (and the litigation positions taken by your client in getting them) are contradicting affirmative public statements that your client has made regarding Verigy's continued promotion of the the "efficient" use of its equipment, then these matters need to be resolved and as soon as possible for the benefit of all. Let me know if your clients wish to accelarate the hearings on these matters as I am sure that with a joint request, Judge Whyte would entertain these motions on earlier dates and dates that are supportive of the public interest as well as those of our respective clients. Please advise this week as I would prefer to get some calendar dates from Judge Whyte this month with respect to the acceleration of these motions. Thank you, in advance, for your prompt response.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 7/11/2008 3:32 PM >>>
Defendants' most recent motion to "modify" the preliminary injunction, e-filed yesterday July 10, 2008 (Docket No. 261), is in reality an improper motion for reconsideration of the Court's preliminary injunction order and/or the Court's contempt order, without leave of court, in violation of Rule 7-9 of the Civil Local Rules of the Northern District of California and F.R.C.P. 59(e).

1

F.R.C.P. 59(e) applies to motions for modification/reconsideration of a preliminary injunction order (as well as a contempt order) and requires that such motions be filed within ten days of entry of the order. The only exception to this requirement is if the motion is based on new circumstances that have arisen after the entry of the order. See Credit Suisse First Boston Corporation v. Grunwald, 400 F.3d 1119,1123-24 (9th Cir. 2005). Your motion is nothing more than an attempt to relitigate the preliminary injunction order and/or the contempt order with facts and cases that could have been presented to the Court (and in most cases were presented to the Court) and the motion is therefore untimely under F.R.C.P. 59(e). Indeed, Mr. Romi Mayder's declaration discusses the problems with the contempt order and briefing at length, and the motion itself discusses circumstances and alleged problems surrounding the contempt motion.

Local Rule 7-9 states that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." You have not sought or obtained leave of Court for this motion, and therefore, it is procedurally improper. Further, please note that Local Rule 7-9 specifically prohibits repeating any arguments made in opposition to the initial order in a motion for leave for reconsideration. As stated above, many of the arguments in your July 10 motion repeat arguments previously presented to the Court.

Please advise by noon on Monday, July 14, 2008 that Defendants will be withdrawing the "modification" motion or we will bring an ex parte motion to have the improper portions of Defendants' latest "summary judgment" motion stricken. We also reserve the right to separately seek the imposition of sanctions against your firm. We have no objection to the "summary judgment" portion of your motion, and would not object to you withdrawing the entire motion and refiling just the summary judgment portion.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.