# EXHIBIT D

**MOUNT & STOELKER, P.C.**　　　　　　　　　ATTORNEYS

RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE: (408) 279-7000
FACSIMILE: (408) 998-1473

October 31, 2007

Jay Fowler, Esq.
Mindy Morton, Esq.
Bergeson, LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

Re:　*Verigy v. Mayder, et al.*
　　　Demand for Dismissal of Wesley Mayder
　　　Our File No. SITES001

Dear Mr. Fowler and Ms. Morton,

　　　This letter is a follow up to our previous discussions regarding the dismissal of Wesley Mayder in the matter of *Verigy v. Mayder, et al.* We received your initial complaint about August 23, 2007. In it Verigy asserts that "each of the defendants, inclusive, is, and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee, alter ego, and/or conspirator of the remaining defendants." As no specific factual or legal assertions are made concerning Wesley Mayder (other than his place of residence), I assume that this clause is Verigy's basis for claiming Wesley Mayder liable.

　　　Soon after receipt of the complaint, we requested that Wesley Mayder be dismissed from the case since he was, and remains, merely an investor in Silicon Test Systems, Inc. ("STS"). At that time you declined to dismiss Wesley Mayder from the suit.

　　　Subsequently, in good faith, and under no legal duty to do so, we agreed to produce all communications between Wesley Mayder and Romi Mayder. This disclosure demonstrates that Wesley Mayder bears no liability in this suit. Wesley Mayder acted as any investor in a close corporation would who was committed to its success. Specifically, he introduced Romi Mayder to the management company for leasing office space and assisted in the creation of the STS website. As such, he cannot be held vicariously liable for any acts of STS or Romi Mayder under Verigy's asserted theories.

　　　Specifically, Wesley Mayder is not an agent or employee of STS. Wesley Mayder has never held himself out as an agent of STS, and even if he did he would not bear any liability.[1] Any contracts related to the office lease or web site hosting were negotiated and

---

[1] *Sanchez v. Lindsey Morden Claims Services*, (1999) 72 C.A.4th 249, 253.

Jay Fowler, Esq.
Mindy Morton, Esq.
October 31, 2007
Page 2

signed by Romi Mayder. Wesley Mayder is not a Director of STS, nor is he an officer or employee of STS. As such, vicarious liability based on these alleged theories fails.

Furthermore, Wesley Mayder is not a joint venturer or partner with STS or Romi Mayder. STS is a California corporation, not a partnership. Under California's Uniform Partnership Act[2] there must be a partnership agreement[3] for formation. There is no evidence of such an agreement. In a joint venture the parties agree to share profits and losses for a single transaction or series of transactions.[4] There is no evidence of such an agreement.[5] Therefore, vicarious liability on these alleged theories also fails.

Verigy's claims of alter ego and conspirator liability also fail. Under an alter ego theory STS must be the "mere instrumentality" of Wesley Mayder, personally. There is no evidence of such acts. Conspirators must share "a common plan or design in its perpetration"[6] of a tort. Here, there is no evidence of such an agreement between Wesley Mayder and any other party.

Therefore, the evidence is entirely insufficient to establish legal liability for Wesley Mayder on any of the theories claimed in the complaint (agent, partner, joint venturer, employee, alter ego, and/or conspirator). As such Wesley Mayder demands dismissal from this lawsuit forthwith.

Regards,

*[signature]*

Kevin M. Pasquinelli, Esq.
Mount & Stoelker
Attorneys for Defendant, Wesley Mayder

---

[2] *California Corporations Code* 16100 et. seq.
[3] *California Corporations Code* 16100(10).
[4] *Bank of California v. Connolly*, (1973) 36 C.A.3d 350, 364.
[5] *Folsom Associates v. Prometheus Dev. Co*, (1990) 223 C.A.3d 1, 18 (evidence before trial court established without conflict that there was no oral or written joint venture agreement between the parties).
[6] *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, (1994) 7 C.4th 503, 510.