JACK RUSSO (State Bar No. 96068)
TIM C. HALE (State Bar No. 114905)
JOHN KELLEY (State Bar No. 100714)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
       thale@computerlaw.com
       jkelley@computerlaw.com

Attorneys for defendants and counterclaimants
WESLEY MAYDER, ROMI MAYDER, SILICON
TEST SOLUTIONS LLC and SILICON TEST
SYSTEMS INC

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION** |
| v. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Ctrm: 6**<br>**Before the Hon. Ronald Whyte**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| Defendants. | |
| AND RELATED CROSSCLAIMS. | |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ˢᵐ

**Defs.' Response to Administrative Motion**   1   **Case No. 5:07-cv-04330-RMW (HRL)**

# INTRODUCTION

Plaintiff Verigy U.S., Inc. ("Verigy") has filed an Administrative Motion asking the Court to treat a recent filing by Defendants as an improper or untimely motion for reconsideration, or in the alternative, if the Court does not agree with Verigy's characterization, to grant it a two week extension that Defendants allegedly did not agree to. The Administrative Motion is not well taken as to the first point, and contains clear contradictions within the Motion itself that confirm that Defendants' present motion to modify the current preliminary injunction is not a motion for reconsideration, but rather a proper motion under Fed.R.Civ.Proc. Rule 60 for modification of the injunction.

Further, contrary to Verigy's assertion, Defendants did not "refuse" to stipulate to an extension; rather, counsel for Defendants requested certain mutuality from Verigy's counsel in connection with the granting of such extension, and Verigy's counsel never even responded to the offer on that point. *See* Declaration of Jack Russo ("Russo Decl."), submitted herewith, at ¶2.

# ARGUMENT

## I. DEFENDANTS' REQUEST THAT THE COURT MODIFY THE PRELIMIANRY INJUNCTION IS A PROPER RULE 60 MOTION.

Verigy's sole argument about Defendants' motion to modify the preliminary injunction is that it is an improper motion for reconsideration that had to have been brought within ten days of the prior ruling by the Court on Verigy's Order to Show Cause motion. In that regard, Verigy attempts to assert to the Court that everything in the motion to modify the preliminary injunction either was already argued to the Court, or could have been, in connection with the original preliminary injunction hearing and briefing.

Yet, perhaps the most telling admission (If not a flat contradiction) is that, according to Verigy's own papers, the materials submitted by Defendants are so voluminous, and of such a grave nature, that Verigy requires two weeks additional time to respond to and "evaluate" the materials, including needing to obtain expert testimony to rebut them, especially because of the "drastic change in landscape that Defendants propose." Administrative Motion at 4. Further, as Verigy must admit, *at least three of the technical and recently published references that have now*

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Decl. Jack Russo in Supp. Mot.
Summ. Adj. & Mod. Prelim. Inj.**        1        Case No. 5:07-cv-04330-RMW (HRL)

*been submitted to the Court are dated in 2008 after the contempt and preliminary injunction rulings, and as such, certainly could not have previously been relied upon in connection with the prior preliminary injunction*. If, as Verigy attempts to argue, Defendants are simply making all of the same arguments, why would Verigy need additional time and additional expert testimony to rebut Defendants' position?  The fact is that the motion requesting a change in the preliminary injunction ruling is supported by new facts, new published references (refuting the alleged trade secrets of Verigy), and even new law, in that this Court only very recently ruled that the teachings of *eBay v. MercExchange* apply not only to permanent injunctions, but to preliminary injunctions as well.  *Hologic, Inc. v. Senorx, Inc.*, 2008 U.S. Dist. LEXIS 36693, at *43 (N.D. Cal. Apr. 25, 2008).[1]

      Indeed, the *Hologic* case alone is sufficient grounds to ask the Court to take a look at the current preliminary injunction; when combined with the other evidence put before the Court on Defendants' combined motion for summary adjudication and for modification of the preliminary injunction, there clearly are new facts, new evidence and new law that could not have been brought or placed before the Court within ten days of its initial ruling.[2]

      Rather than being an untimely motion for reconsideration, Defendants' motion asks the Court to exercise its inherent power to modify any order, or injunction, it has entered based upon new information, facts or law that call into question the propriety and equitableness of the current preliminary injunction. See F.R.C.P., Rule 60; *Thompson v. United States HUD*, 404 F.3d 821, 825 (4th Cir. 2005).  Indeed, Rule 60(b)(5)[3] lists as one of the grounds upon which a Court may

---

[1] While this case issued before the Court's *ruling* on the contempt order that extended the preliminary injunction by five months was issued after the *Hologic* opinion was issued, all briefing and the hearing on the matter had concluded by April 11, 2008.  Thus, Defendants did not have an opportunity to present that case in its papers.

[2] And Verigy admits, as it must, that an exception to Rule 59(e)'s requirement that a motion for reconsideration having to be brought within ten days is where there has been a change in circumstances since the entry of the order.  As such, even were Defendants' motion to modify the preliminary injunction actually a motion for reconsideration, it would still be timely.

[3] Moreover, nothing in Rule 60 suggests that motions asking a Court to modify a prior injunction on equitable grounds is governed by Rule 59.  Similarly, nothing in Local Rule 7-9, relied upon by Verigy, states that that Rule applies to motions made on equitable grounds under Rule 60.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Response to Administrative Motion    2    Case No. 5:07-cv-04330-RMW (HRL)

modify a prior order that "applying [the order] prospectively is no longer equitable." That is the exact gist of Defendants' motion—that given (a) the changed circumstances, (b) the amount of public information now publicly disclosed regarding the alleged trade secrets, (c) the circumstances under which the injunction was extended, the new law regarding the application of *eBay v. MercExchange* in the preliminary injunction context, and (d) the length of time that Defendants have already been enjoined, it is no longer equitable to keep the injunction in place. Thus, the Court is completely within its rights, and is duty bound, to hear Defendants' motion and Verigy's attempt to paint the motion as an improper request for reconsideration is not well taken.

## II. DEFENDANTS DID NOT REFUSE A REASONABLE EXTENSION.

Verigy's Administrative Motion is largely a request for extension of time to file opposition papers. As a first matter, the Motion makes no sense in this regard, because Defendants moved for summary adjudication as to the technical documents they submitted, and Verigy states in its Administrative Motion that it intends to respond to that part of Defendants' motion under the current briefing schedule. Thus, Verigy has to analyze the material that it claims requires an extension in any event in connection with summary adjudication.

Were the Court inclined nonetheless to grant such an extension to Verigy, Defendants want it to be clear that they did not simply refuse an extension as Verigy has alleged in its Administrative Motion. Rather, Defendants' counsel asked for some mutuality and reasonableness in connection with granting said extension, and Verigy's counsel simply never responded to the offer. Russo Decl. at ¶2. Were the Court to grant such extension, however, Defendants would respectfully suggest that all of the current hearings (August 8 and August 15) be consolidated on a single date, presumably the August 29th hearing date Plaintiffs suggest is available at this time. Candidly, Defendants would have preferred earlier hearing dates on all of these motions and Defendants are concerned that by putting back the hearing dates in this case, there is further prejudice both to Defendants and to the public interest in this case.

## CONCLUSION

For the reasons stated above, Verigy's Administrative Motion should be denied in its entirety; if the Court is inclined to grant an extension, the Court should require Verigy to show

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' Response to Administrative Motion**     3     **Case No. 5:07-cv-04330-RMW (HRL)**

cause why the extension is needed (given Verigy's position that the issues raised by new counsel for Defendants are duplicative of previous motions); and if any new date is set, that date should be set for the earliest available date for the hearing on this matter and certainly no later than August 29, 2008. In no case should the December 8, 2008 starting date for the jury trial[4] set in this matter be impacted by any of the requested extensions sought by Plaintiff on this motion (or on any other motions which will be submitted in advance of the jury trial scheduled for this action) and any extension granted by the Court should make clear that no rescheduling of the December 8, 2008 trial date will occur nor will Plaintiff (or Defendants) seek any such re-scheduling.

Respectfully submitted,

Dated: July 18, 2008                    By:      /s/ Jack Russo

Jack Russo, SBN 98068
Tim C. Hale, SBN 114905
John Kelley, SBN 100714

RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
         thale@computerlaw.com
         jkelley@computerlaw.com

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS ROMI MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC

---

[4] Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants have reserved their right to a jury trial and have not waived that right; former counsel for one of the defendants previously indicated that he would recommend such a waiver to his clients but that former counsel is no longer in the case and his recommendation was not accepted by his (now former) clients and they have reserved their jury trial rights and they have not waived them as any waiver would have required a signed stipulation (and none exists here) or a stipulation on the record (and that did not occur either). See F.R.C.P., Rule 39. All of this has been communicated to the Plaintiff and Plaintiff understands that this is Defendants' position.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Response to Administrative Motion        4        Case No. 5:07-cv-04330-RMW (HRL)