1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
4  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
7  Facsimile: (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13 | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL)
14 | Plaintiff, |
15 | vs. | **PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**
16 | ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | 
17 | | Judge: Honorable Ronald M. Whyte
   | | Ctrm: 6
18 |  |
19 | Defendants. |
20

Pursuant to Civil Local Rules 7-11(a) and 79-5(b), Plaintiff Verigy U.S., Inc. ("Plaintiff" or "Verigy") requests that the following materials be filed under seal, as they contain confidential information that is protected by the Stipulated Protective Order entered by the Court on August 29, 2007. The documents submitted under seal include: Memorandum of Points and Authorities in Opposition to Wesley Mayder's Motion for Rule 11 Sanctions; Memorandum of Points and Authorities in Opposition to Wesley Mayder's Motion for Summary Judgment; Declaration of Robert Pochowski in Opposition to Wesley Mayder's Motion for Rule 11 Sanctions & Motion for Summary Judgment and Exhibit A-D; Exhibits A and B to the Declaration of Donald P. Gagliardi in Opposition to Wesley Mayder's Rule 11 Sanctions; and Exhibits A and B to the Declaration of Donald P. Gagliardi in Opposition to Wesley Mayder's Motion for Summary Judgment.

These materials (hereafter "the Materials") disclose information that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the parties under the Protective Order, without objection to those designations (although Verigy reserves its rights to challenge such designations pursuant to the Stipulated Protective Order). Although the information in the Materials has been designated as protected from disclosure under the Protective Order, Verigy must rely on this information in support of its Application. The parties' confidentiality interest therefore overcomes the right of public access to the record, as a substantial probability exists that the parties' overriding confidentiality interest will be prejudiced if the record is not sealed. Further, the proposed sealing is narrowly tailored and no less restrictive means exist to achieve this overriding interest

Pursuant to Local Civil Rule 79-5(b)-(c), Verigy therefore lodges the Materials with this Court, and respectfully requests leave to file the aforementioned documents under seal.

Respectfully submitted.

Dated: July 18, 2008                                BERGESON, LLP

                                                    By:       /s/
                                                        Melinda M. Morton
                                                        Attorneys for Plaintiff
                                                        VERIGY US, INC.

1

PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL                                CASE NO. C07 04330 RMW (HRL)