| | |
|---|---|
| 1  DANIEL J. BERGESON, Bar No. 105439 | **PUBLIC VERSION** |
|    dbergeson@be-law.com | |
| 2  MELINDA M. MORTON, Bar No. 209373 | |
|    mmorton@be-law.com | |
| 3  DONALD P. GAGLIARDI, Bar No. 138979 | |
|    dgagliardi@be-law.com | |
| 4  JOHN W. FOWLER, Bar No. 037463 | |
|    jfowler@be-law.com | |
| 5  MICHAEL W. STEBBINS, Bar No. 138326 | |
|    mstebbins@be-law.com | |
| 6  BERGESON, LLP | |
|    303 Almaden Boulevard, Suite 500 | |
| 7  San Jose, CA 95110-2712 | |
|    Telephone:  (408) 291-6200 | |
| 8  Facsimile:  (408) 297-6000 | |

Attorneys for Plaintiff and Counter-Defendant
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation | Case No.  C07 04330 RMW (HRL) |
| Plaintiff, | **DECLARATION OF ROBERT POCHOWSKI IN OPPOSITION TO WESLEY MAYDER'S MOTION FOR RULE 11 SANCTIONS AND MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Date:     August 8, 2008<br>Time:     9:00 am<br>Ctrm.:    6<br>Judge:    Hon. Ronald M. Whyte |
| Defendants. | |
| AND RELATED CROSS ACTIONS | Complaint Filed:  August 22, 2007 |

**DOCUMENT SUBMITTED UNDER SEAL**

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

---

DECLARATION OF ROBERT POCHOWSKI IN OPPOSITIONTO WESLEY MAYDER'S MOTIONS
C07 04330 RMW (HRL)

I, Robert Pochowski, declare as follows:

1. I am President of Attest Technologies. Prior to my current position, I worked at Agilent Technologies Inc. ("Agilent") from June 2004 to July 2005 as Vice President / General Manager of the California Semiconductor Test Division. After my departure, Agilent spun-off a successor-in-interest, Verigy US, Inc. ("Verigy"). As Vice President / General Manager of the California Semiconductor Test Division at Agilent, I contributed to a patent for a test system. Except for matters asserted on information and belief, which I am informed and believe to be true, I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently to the facts set forth herein.

2. Romi Mayder approached me on or about the first week of June, 2006 and asked me if I would be interested in investing in a company he was starting called Silicon Test Solutions("STS"). He told me that he had an idea for a new business venture that had something to do with a probe card. A probe card is used in conjunction with a test system to make contact with the individual chips so that they can be tested while still in wafer form.

3. I agreed to meet with Romi Mayder, and we set up a meeting in my office on or about June 8, 2006. At this meeting, Romi Mayder explained that he had an idea for a Silicon-on-Sapphire, or "SOS" chip for a probe card that would allow customers to connect one tester channel to multiple devices in a parallel fashion. This would improve the productivity of the current commercially available test systems because they could test more devices simultaneously. I did not believe at that time that Verigy was working on anything related to probe cards. I asked Romi Mayder at this first meeting whether Verigy was or had been working on anything in this space and he assured me that Verigy was not.

4. Mayder wanted me to invest in STS, and I agreed to explore the idea. At no time did he ask me to sign a non-disclosure agreement ("NDA"). We never formalized my involvement, and ultimately, I did not invest in STS. I did share with Romi Mayder a number of concrete ways to improve the product, including, but not limited to, using a toggle mode.

5. In early September 2006, Romi Mayder informed me that his brother, Wes Mayder, would be a partner in the company. This was not my original understanding when Romi asked me

1
DECLARATION OF ROBERT POCHOWSKI IN OPPOSITIONTO WESLEY MAYDER'S MOTIONS
C07 04330 RMW (HRL)

to invest in STS in June 2006, and I informed him of my original understanding that we would be equal partners.  Romi Mayder then informed me in mid September, 2006 that he already had received a large check from his brother and therefore he and his brother would not allow me to be an equal partner.

6. On or about September 29, 2006, Romi Mayder sent me a draft partnership agreement for STS.  A true and correct copy of what he sent me is attached hereto as Exhibit A.  Shortly thereafter, Romi Mayder gave me a hardcopy version of the agreement signed by both Romi Mayder and Wesley Mayder.  Attached hereto as Exhibit B is a true and correct copy of the partnership agreement signed by Wes and Romi Mayder.  I never signed the partnership agreement.

7. Romi Mayder and I discussed the partnership agreement numerous times throughout October and November.  I continued to ask that Wes Mayder be removed from the partnership, but Romi Mayder kept refusing.  Finally, on or about November 22, 2006, I agreed to Wes Mayder's inclusion and to reduce my percentage of ownership, but asked that the partnership agreement be changed to have two levels of membership, and that Wes Mayder would be in the second class of membership as a silent investor only, with no management participation allowed.  Romi Mayder initially agreed to my request.

8. I continued to discuss these issues with Romi Mayder, and we planned to meet together with his corporate attorney to finalize the agreement in early December 2006.  On December 11, 2006, I sent Romi Mayder an email to confirm my proposed final changes.  Without any warning, I received an email from Romi Mayder that same day, stating that he had reviewed my "[REDACTED]." He then informed me [REDACTED] which had one level of participating partnership with the three of us as partners.  Attached hereto as Exhibit C is a true and correct copy of the December 2006 email string between Romi Mayder and me.

9. I spoke with Romi Mayder the next day and asked him to explain, but he simply stated that he and Wesley Mayder had decided to go on without me. A few days later, I received a letter from Dan Hanley, the Mayders' attorney, dated December 13, 2006, informing me that I was no longer part of STS. Attached hereto as Exhibit D is a true and correct copy of Hanley's letter to me. The letter indicates that Wesley Mayder had been part of the company since it was officially formed on September 8, 2006, which was a great surprise to me. It also states that ███████████████████████████████████████████████████████████████████████████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this _[17]____ day of July, 2008 at Sunnyvale, California.

                                                        /s/
                                     Robert Pochowski