1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
4  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
7  Facsimile:  (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13 | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL)
14 |                     Plaintiff,         | **DECLARATION OF JOHN W. FOWLER IN OPPOSITION TO WESLEY MAYDER'S MOTION FOR RULE 11 SANCTIONS**
15 | vs.                                    |
16 | ROMI OMAR MAYDER, an individual;       |
17 | WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Date: July 18, 2008
   | | Time: 9:00 am
   | | Ctrm.: 6
18 | | Judge: Hon. Ronald M. Whyte
19 |                     Defendants.        |
20 | | Complaint Filed: August 22, 2007
   | | Trial Date:     December 15, 2008

21
22
23
24
25
26
27
28

DECLARATION OF JOHN W. FOWLER IN OPPOSITION
TO W. MAYDER'S MOTION FOR RULE 11 SANCTIONS                    C07 04330 RMW (HRL)

I, John W. Fowler, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California and admitted to practice in this court. I am a Partner with the law firm of Bergeson, LLP, counsel of record for Plaintiff, Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I signed the Complaint (Docket No. 1) in the above-captioned action. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (a) the Complaint against Wesley Mayder was not presented for any improper purpose, (b) the claims and legal contentions of the Complaint against him were warranted in my mind by existing law and I believed that the factual contentions had evidentiary support or were likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

3. My investigation into whether Wesley Mayder was liable for the acts alleged in the complaint included the following:

   a. My interviews of Romi Mayder's supervisors at Verigy regarding Romi's statements to them regarding his plan to go into a real estate business with his older brother, Wesley.

   b. My review of documents obtained from the California Secretary of State and the Internet regarding the two STS businesses as well as Wesley Mayder's businesses, which show the same street address for STS, Inc. and Wesley Mayder's businesses.

   c. Interview of Robert Pochowski and review of documents produced by him indicating Wesley Mayder's active participation in STS, LLC.

4. I concluded, based on my investigation, that there was a basis in fact for the allegations regarding Wesley Mayder's liability in the complaint. Accordingly, I recommended, and my client concurred with, the naming of Wesley Mayder as a defendant.

5. I also based my recommendation to name Wesley Mayder on my knowledge of existing law as well as my experience litigating questions of conspiracy, joint venture liability, partner liability, vicarious liability and *alter ego* liability for over four decades while representing parties alleging and defending against similar allegations. In addition, I reviewed legal publications regarding the factors to be considered for *alter ego* liability.

6. I also believed at the time I signed the Complaint that actual discovery against the defendants and our investigation would continue to uncover further evidence of Wesley Mayder's liability. Some of this evidence has already turned up in documents and testimony produced by the Mayder brothers themselves, and authenticated by them in deposition testimony.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this __11th__ day of July 2008 at San Jose, California.

_____
John W. Fowler

DECLARATION OF JOHN W. FOWLER IN OPPOSITION TO
WESLEY MAYDER'S MOTION FOR RULE 11 SANCTIONS
(HRL)

C07 04330 RMW