1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
4  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
7  Facsimile:   (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.
9

10               UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

| | |
|---|---|
| 13 VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| 14             Plaintiff, | **DECLARATION OF MELINDA M. MORTON IN SUPPORT OF VERIGY'S ADMINISTRATIVE MOTION TO CLARIFY DEFENDANTS' MOTION FOR "MODIFICATION" OR, IN THE ALTERNATIVE, MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTION FOR "MODIFICATION"** |
| 15    vs. | |
| 16 ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | |
| 19             Defendants. | Courtroom: 6<br>Hon. Ronald M. Whyte |
| 20 | Complaint Filed:  August 22, 2007<br>Trial Date:        None Set |

1.  I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner in the law firm of Bergeson, LLP, counsel of record for plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2.  I submit this declaration in support of Verigy's administrative motion to clarify defendants' motion for "modification" of the preliminary injunction and, in the alternative, motion to enlarge time to respond to defendants' motion for modification (the "Administrative Motion").

3.  Mr. Jack Russo submitted a declaration on July 18, 2008 in opposition to Verigy's Administrative Motion. His declaration suggests that Verigy's counsel was not forthcoming to the Court with respect to Defendants' response to Verigy's request for a stipulation to extend time. The declaration is inaccurate in this respect.

4.  Mr. Stebbins of my office sent an email to Defendants' counsel on Monday, July 14, 2008 asking for such a stipulation and asking that Defendants respond by "tomorrow afternoon." (*See* Ex. B to Stebbins Decl., Docket No. 264.)

5.  The only response we received from Defendants' counsel prior to filing the administrative motion was an email the next morning from Mr. Russo stating that these orders should be heard on *accelerated time.* (*See* Stebbins Decl, Ex. C.)

6.  I sent an email to Mr. Russo in response to his email on July 15, 2008 at 7:05 am, asking that he confirm by noon that day whether he was refusing to agree to extended time. I did not receive a response to my request from Mr. Russo by noon that day. I did receive several emails from Mr. Russo that afternoon on other subjects.

7.  The Administrative Motion was filed on July 15, 2008 at 6:54 p.m. A true and correct copy of the email from the CM/ECF system verifying the time of filing is attached hereto as Exhibit 1.

8.  Mr. Russo sent an email to me on July 15, 2008 at 7:38 p.m., almost an hour after the Administrative Motion had been efiled. The CM/ECF notice indicates that Mr. Russo was copied on the email notification. Mr. Russo's 7:38 p.m. email did suggest that Defendants would agree to a stipulation provided that Verigy agree to certain terms. However, these terms were not

1

MORTON DECL. ISO VERIGY'S ADMIN. MOT. AND MOT. TO ENLARGE TIME RE: DEFENDANTS' MOT. FOR "MODIFICATION"
C07-04330 RMW (HRL)

limited to Verigy "providing certain information and/or documents that Defendants need to prepare for upcoming depositions." The terms also included provisions that would allow Mr. Mayder to work with Intel, Spansion and Numonyx, among others, to test the Flash Enhancer product. As Verigy believed these terms to modify the current preliminary injunction, and as the Adminstrative Motion had already been filed, Verigy did not respond to Mr. Russo's belated suggested stipulation. Mr. Russo's declaration purported to describe his email, but did not include it. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Russo's July 15 email to me. Exhibit 2 also includes my July 15 email to Mr. Russo, referenced in paragraph 6, *supra*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 21st day of July, 2008 at San Jose, California.

/s/
Melinda M. Morton