# EXHIBIT 1

**Mindy Morton**

---

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Tuesday, July 15, 2008 6:55 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 5:07-cv-04330-RMW Verigy US, Inc. v. Mayder, et al Motion for Miscellaneous Relief

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available.***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Stebbins, Michael entered on 7/15/2008 6:54 PM and filed on 7/15/2008

**Case Name:** Verigy US, Inc. v. Mayder, et al
**Case Number:** 5:07-cv-4330
**Filer:** Verigy US, Inc.
**Document Number:** 264

**Docket Text:**
MOTION *Plaintiff's Administrative Motion to Clarify Defendants' Motion for "Modification" or, in the Alternative, Motion to Enlarge Time to Respond to Defendants' Motion for "Modification"* filed by Verigy US, Inc.. (Attachments: # (1) Declaration of Michael W. Stebbins ISO, # (2) Exhibit A-C to Stebbins Declaration, # (3) Proposed Order)(Stebbins, Michael) (Filed on 7/15/2008)


**5:07-cv-4330 Notice has been electronically mailed to:**

Daniel J. Bergeson    dbergeson@be-law.com, swalker@be-law.com

John W. Fowler    jfowler@be-law.com, swalker@be-law.com

Donald P. Gagliardi    dgagliardi@be-law.com, emtofelogo@be-law.com, gsimmons@be-law.com

7/21/2008

Tim C. Hale    thale@computerlaw.com

John A.D. Kelley    jkelley@computerlaw.com

Melinda Mae Morton    mmorton@be-law.com, gsimmons@be-law.com

Jack Russo    jrusso@computerlaw.com

Michael William Stebbins    mstebbins@be-law.com, vross@be-law.com

**5:07-cv-4330 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** H:\Client\Verigy\Administrative motion to clarify and extend time 7.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/15/2008] [FileNumber=4534025-0]
[b17247341c8abd62ca5724c72dfcf2a0d04285d624fb6598573f169d90c019acb5779
c368dcaf98556b73b1ed3f862d4fb9b984dfd5048a26840fb785ca897a5]]
**Document description:** Declaration of Michael W. Stebbins ISO
**Original filename:** H:\Client\Verigy\Verigy - MWS Decl. ISO Admin Motion for Clar. & Lengthen Time 7-15-08_FINAL_.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/15/2008] [FileNumber=4534025-1]
[479fa4b9d0003395f5279eeb73a3e2f1da38db38c97e1b7626a71563c6cd31af7255e
e234b0d1c3199e8c671aceaccb4ce4ad767d3a1e69313a287d3afd643c5]]
**Document description:** Exhibit A-C to Stebbins Declaration
**Original filename:** H:\Client\Verigy\Exh A-C 7-15-08.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/15/2008] [FileNumber=4534025-2]
[0464f322652986b5af37eb3af9f46e53955445ba430e120d80c86c35358739fd3ceab
0651144bb65203efa4b528c160ec95505c697b0853ea164fc16ddc4e105]]
**Document description:** Proposed Order
**Original filename:** H:\Client\Verigy\Verigy - [Proposed] Order 7-15-08.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/15/2008] [FileNumber=4534025-3]
[96ff18c5851438a348b642b5b8cea118e10eef0531a0f959d8e29cb6a33e5c3315567
85d1d65db9bd0dcf8ecac85d49acf866442ef57a72ff6bbeb9042525cb4]]

7/21/2008

# EXHIBIT 2

**Mindy Morton**

| | |
|---|---|
| From: | Jack Russo [JRusso@computerlaw.com] |
| Sent: | Tuesday, July 15, 2008 7:38 PM |
| To: | Mindy Morton |
| Cc: | Donald P Gagliardi; Gail C. Simmons; John Fowler; Michael Stebbins; JOHN KELLEY; Kat Kershner; Lucy Goodnough; Tim Hale |
| Subject: | [Junk released by Allow List] STS: Verigy v. STS et al. |

Addressing the last paragraph about a possible stipulation, I think it could be possible to reach a stipulation but it would have to have some terms in it that provide some "consideration" to our clients and in that respect, I have checked with them and they would consider doing a stipulation along these lines (all without prejudice to the ultimate litigation positions of the respective parties on theses subjects):

1. Document Production: To solve the various document production issues that have been raised, included in this "coooperation" stipulation would be this: "Verigy agrees to deliver to counsel for Defendants by 5:00 p.m. on Tuesday, July 22nd, in either (a) native file formats or (b) other format(s) acceptable to counsel for Defendants, the complete, non-privileged results of all searches of the computers of Mr. De La Puente and Mr. Andberg pursuant to the search terms that were sent to counsel for Verigy on or about July 1, 2008, as partial fulfillment of Verigy's obligations under the stipulated order dated June 16, 2008."

2. Interested Test Sites: To solve the problems associated with certain third parties, a stipulation would be reach providing in substance that Plaintiff does not dispute the ability of Defendants* to work with Spansion, Intel, Numonyx) and other non-Verigy users solely for the purpose of testing devices and not for the purposes of making actual sales or receiving any revenue from the sale of any products (pending the outcome of the Court's decision on the pending motions; and,

3. Consulting Service Rights: To solve the problem of Defendants rights to practice their profession (and the associated B&P Section 16600 issues), it would also be agreed that Defendants can do consulting services with any potential customer at any time so long as it is not for the purposes of making actual sales or receiving any revenue from sales of any products.

Let me know if there is any interest on building a mutual stipulation that provides what you and your client want in exchange for what we and our clients need at this point. (*Reference to "defendants" in the foregoing is really not meant to include Wes Mayder because as you know, we really do not believe he should be a defendant and he is not engaged in any of these activities in any event.)

I look forward to your prompt response. I really do NOT see any prejudice to your client and indeed, I see some substantial benefits flowing from all this
               Seriously.　　　　　　　　　　　　　　**REDACTED**

Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

1

>>> "Mindy Morton" <mmorton@be-law.com> 07/15/08 7:05 AM >>>
Jack,
Rule 65(b)(4) specifically applies to TROs issued without notice to the other side, and not contempt rulings that extend a preliminary injunction or even preliminary injunctions. While it is true that the Court may choose to modify its order, in the N.D. Cal, there is a local rule requiring you to obtain leave of court to request such a modification and setting forth rules for what may be included in your request and what cannot be included. The cases you cite in your email apply to TROs issued without notice, and not to whether Local Rule 7-9 applies here.

I take it from your email that you are not willing to stipulate to additional time as Mike requested yesterday or to withdraw your motion and file it as a motion to for leave to file a motion for reconsideration. If I am incorrect in my assumption, please let me know by noon today.

Regards,

Mindy

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

___

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward this Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

___

From: Jack Russo [mailto:JRusso@computerlaw.com]
Sent: Mon 7/14/2008 7:18 PM
To: Mindy Morton
Cc: Donald P Gagliardi; Gail C. Simmons; John Fowler; Michael Stebbins; JOHN KELLEY; Lucy Goodnough; Tim Hale
Subject: STS: Verigy v. STS et al.


Dear Mindy,

We firmly believe Rule 65 (and applicable case law) trumps all of your arguments; you really do need to read (and/or re-read) Rule 65 as it makes clear that the Court has the power - - at ALL times and particularly in the

2

context of the public interest and the lack of ACTUAL notice to the defendants - - to modify and even dissolve any and all of its prior orders. See, e.g., Rule 65(b)(4) ("Motion to Dissolve".
On two days notice to the party who obtained the order without notice - - or on shorter notice set by the court - - the adverse party may appear and move to dissolve or modify the order. The court MUST then hear and decide the motion as promptly as justice requires.") There are a number of federal cases that expand on this power (and responsbility) of the Federal Courts and Federal Judges sitting in equity (as is the case here on the existing Orders that have been entered) always have the right and duty to modify and amend their orders.
See, e.g., Lummus Co. v. Commonwealth Oil, 297 Fd. 80, 83 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962); Pennsylvania Rd. Co. v.
Transport Workers Union, 278 F. 2d 693, 694 (3d Cir. 1960); and, Arvida Corp. v. Sugarman, 259 F. 2d 428, 429 (2d Cir. 1958), among others.

Net net: you and your client should actually WANT to get this matter heard as soon as possible and should be even willing to accelerate the time for the hearing on this matter because if these orders are against public policy - - and if these orders (and the litigation positions taken by your client in getting them) are contradicting affirmative public statements that your client has made regarding Verigy's continued promotion of the the "efficient" use of its equipment, then these matters need to be resolved and as soon as possible for the benefit of all. Let me know if your clients wish to accelarate the hearings on these matters as I am sure that with a joint request, Judge Whyte would entertain these motions on earlier dates and dates that are supportive of the public interest as well as those of our respective clients. Please advise this week as I would prefer to get some calendar dates from Judge Whyte this month with respect to the acceleration of these motions. Thank you, in advance, for your prompt response.


Best Regards,
Jack Russo
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301 USA
www.computerlaw.com
650-327-9800 (office)
650-327-3737 (fax)
jrusso@computerlaw.com

>>> "Mindy Morton" <mmorton@be-law.com> 7/11/2008 3:32 PM >>>
Defendants' most recent motion to "modify" the preliminary injunction, e-filed yesterday July 10, 2008 (Docket No. 261), is in reality an improper motion for reconsideration of the Court's preliminary injunction order and/or the Court's contempt order, without leave of court, in violation of Rule 7-9 of the Civil Local Rules of the Northern District of California and F.R.C.P. 59(e).

F.R.C.P. 59(e) applies to motions for modification/reconsideration of a preliminary injunction order (as well as a contempt order) and requires that such motions be filed within ten days of entry of the order. The only exception to this requirement is if the motion is based on new circumstances that have arisen after the entry of the order. See Credit Suisse First Boston Corporation v. Grunwald, 400 F.3d 1119,1123-24 (9th Cir. 2005). Your motion is nothing more than an attempt to relitigate the preliminary injunction order and/or the contempt order with facts and cases that could have been presented to the Court (and in most cases were presented to the Court) and the motion is therefore untimely under F.R.C.P. 59(e). Indeed, Mr. Romi Mayder's declaration discusses the problems with the contempt order and briefing at length, and the motion itself discusses circumstances and alleged problems surrounding the contempt motion.

Local Rule 7-9 states that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." You have not sought or obtained leave of Court for this motion, and therefore, it is

procedurally improper. Further, please note that Local Rule 7-9 specifically prohibits repeating any arguments made in opposition to the initial order in a motion for leave for reconsideration. As stated above, many of the arguments in your July 10 motion repeat arguments previously presented to the Court.

Please advise by noon on Monday, July 14, 2008 that Defendants will be withdrawing the "modification" motion or we will bring an ex parte motion to have the improper portions of Defendants' latest "summary judgment" motion stricken. We also reserve the right to separately seek the imposition of sanctions against your firm. We have no objection to the "summary judgment" portion of your motion, and would not object to you withdrawing the entire motion and refiling just the summary judgment portion.

Mindy M. Morton, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-6203
Fax: 408 297-6000
Email: mmorton@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

This email is confidential and may be privileged.
It may be read and used only by the intended recipient.
If you have received it in error, please contact the sender immediately.

4