**E-FILED on** __7/23/08__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROMI OMAR MAYDER; WESLEY MAYDER; SILICON TEST SYSTEMS, INC.; and SILICON TEST SOLUTIONS, LLC, <br><br> Defendants. | No. C-07-04330 RMW <br><br> ORDER RE: VERIGY'S ADMINISTRATIVE MOTION <br><br> [Re Docket No. 264] |

    To date, defendants Romi Mayder ("R. Mayder"); Wesley Mayder ("W. Mayder"); and Silicon Test Systems, Inc. and Silicon Test Solutions, LLC ("the STS entities") have filed two motions that are docketed as summary judgment motions. The first, Docket No. 230, is a motion for summary judgment as to the claims against defendant W. Mayder. This motion, currently set for hearing on August 8, 2008, is accompanied by a motion by defendants for sanctions against plaintiffs for refusing to voluntarily dismiss claims against W. Mayder.

    The second motion, filed on July 7, 2008, seeks summary judgment on plaintiff's ninth cause of action for false designation of origin under the Lanham Act, but primarily asks the court to modify the preliminary injunction that was entered against defendants on February 29, 2008 and

ORDER RE: VERIGY'S ADMINISTRATIVE MOTION—No. C-07-04330 RMW
MAG

1  extended by the court's May 22, 2008 order finding defendants R. Mayder and the STS entities in
2  contempt of the temporary restraining order ("TRO") that was in effect until the issuance of the
3  preliminary injunction. *See* Docket Nos. 171, 212.

4  Plaintiff has filed a motion for administrative relief asking the court clarify whether the
5  portion defendants' second motion for summary judgment that asks for modification of the
6  preliminary injunction is a request for reconsideration of the court's February 29, 2008 and May 22,
7  2008 orders. Plaintiff asserts that this portion of the second motion is a motion for reconsideration
8  under Federal Rule of Civil Procedure 59. Under Civil L.R. 7-9, the non-moving party need not
9  respond to a request for leave to file a motion for reconsideration unless the court sets a briefing
10 schedule. Civil L.R. 7-9(d). Further, plaintiff asserts that a motion for reconsideration is untimely
11 as Rule 59 requires a party to move to alter or amend a judgment within 10 days. Plaintiff asks in
12 the alternative, that the briefing schedule on defendants' second motion be modified to provide two
13 weeks of additional time for plaintiff to respond to the motion, as it is accompanied by voluminous
14 supporting materials.

15 Defendants oppose the administrative motion, asserting that the request for modification of
16 the preliminary injunction set forth in the second motion is not a motion under Rule 59, rather it is a
17 motion for relief under Rule 60(b). Rule 60(b) sets forth the grounds for relief from an order. These
18 grounds include "newly discovered evidence that, with reasonable diligence, could not have been
19 discovered in time to move for a new trial under Rule 59(b)," that "applying [a judgment]
20 prospectively is no longer equitable" or "any other reason that justifies relief." Fed. R. Civ. P.
21 60(b)(2), (5) & (6). Unlike Rule 59, Rule 60(b) does not set a fixed time for moving for relief,
22 providing instead that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed.
23 R. Civ. P. 60(b).

24 The court agrees that the disputed portion of defendants' motion appears to be one made
25 under Rule 60(b) rather than one made under Rule 59 and thus is not subject to challenge on the
26 grounds of timeliness. Further, because they are seeking a motion under Rule 60(b), defendants do
27 not appear to be required by Civil L.R. 7-9(a) to file a motion requesting leave to file their motion.
28

*(Left margin: United States District Court, For the Northern District of California)*

The court thus concludes that defendants have properly noticed their motion and plaintiff is required to respond. The court is sensitive, however, (1) to plaintiff's request for an extension of time to respond to defendants' second motion, given the additional references upon which defendants rely and (2) to defendants' reluctance to delay their currently-scheduled December 8, 2008 trial date. Defendants indicate that they are willing to reschedule the hearing for their pending motions to August 29, 2008; plaintiff asserts that the extension it seeks will not affect the trial schedule in this case. Accordingly, the court will make the following modifications to the current briefing and hearing dates with respect to defendants' motions:

1. Defendants' first motion for summary judgment and the accompanying motion for sanctions, currently scheduled for August 8, 2008, shall be rescheduled to August 29, 2008 at 9:00 a.m. The briefing schedule for these motions will not change, as plaintiff has already submitted its oppositions. Defendants' replies to plaintiff's oppositions will be due on or before July 25, 2008.

2. Defendant's second motion for summary judgment will also be rescheduled to August 29, 2008 at 9:00 a.m. The briefing schedule for the second motion for summary judgment shall be as follows: plaintiff's opposition shall be due on or before August 8, 2008; defendants' opposition shall be due on or before August 15, 2008.

DATED: 7/23/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Melinda Morton | mmorton@be-law.com |
| Daniel J. Bergeson | dbergeson@be-law.com |
| John W. Fowler | jfowler@be-law.com |
| Donald P. Gagliardi | dgagliardi@be-law.com |
| Michael William Stebbins | mstebbins@be-law.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jack Russo | jrusso@computerlaw.com |
| Tim C. Hale | thale@computerlaw.com |
| John A.D. Kelley | jkelley@computerlaw.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/23/08

/s/ MAG
**Chambers of Judge Whyte**