DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

***E-FILED - 7/24/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | |
| vs. | [] ORDER RE: MAY 23, 2008 CASE MANAGEMENT CONFERENCE HEARING |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge: Honorable Ronald M. Whyte<br>Ctrm:   6 |
| Defendants. | |

The Court held a Case Management Conference on May 23, 2008, and now enters the following order pursuant to F.R.C.P. 16 and Civ. Local Rule 16-10:

### **DISCOVERY LIMITS**

(1)    Fact depositions will be limited to 12 depositions per side.

(2)    Each side may serve a total of 96 requests for admission.  Any requests for admission previously served in excess of this limit are hereby quashed.

(3)    Each side may serve 25 interrogatories in addition to those served prior to May 23, 2008.

(4)    The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.  Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such documents.  In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request.  In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).  Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.  To the extent there may be inconsistency between this agreement, Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

## SCHEDULING

| EVENT | DATE |
|---|---|
| Close of Fact Discovery | August 29, 2008 |
| Last Day to serve Expert Disclosures pursuant to F.R.C.P. 26(a)(2) | September 15, 2008 |
| Close of Expert Discovery | October 17, 2008 |
| Last Day for Dispositive Motions to be Heard | October 17, 2008 |
| Last Day to File Pretrial Disclosures pursuant to F.R.C.P. 26(a)(3)(c) | November 10, 2008 |
| Pretrial Conference | November 26, 2008 at 2:00 p.m. |
| Trial Date (jury) | December 8, 2008 at 1:30 p.m. |
| Trial Date (bench trial) | December 15, 2008 at 1:30 p.m. |

## TRIAL

(5)     Based on the appointment of new counsel for the Defendants Romi Mayder and Silicon Test Systems, Inc., and Silicon Test Solutions LLC, based on advice of their new counsel, defendants elect not to waive their jury demand and request the jury trial starting on December 8, 2008.  New counsel for said defendants continues to discuss this matter with defendants and they may determine on a future date that a jury waiver is appropriate.  New counsel is not requesting any change to the December 8, 2008 jury trial start date in this case.

(6)     Based upon representations made by Defendants' counsel at the May 23, 2008 CMC, and the Court's Minute Order following the hearing wherein the Court asked Verigy to inform Defendants whether it wished to maintain its request for a jury, Verigy believes that Defendants waived their right to a jury at that conference.  Given the uncertainty of Defendants on this issue, Verigy hereby reserves its right (a), to challenge whether there was a jury waiver by Defendants, and (b), to request a jury in this matter.

      (7)    All parties agree that regardless of any reserved rights, any determination regarding a jury waiver must be communicated to the Court and all parties on or before October 17, 2008.

Dated: June 19, 2008

BERGESON, LLP
By: /s/
Melinda M. Morton, Esq.
Attorneys for Plaintiff Verigy

Dated: June 19, 2008

RUSSO & HALE, LLP
By: /s/
Jack Russo, Esq.
Attorneys for Defendants Romi Mayder, Wesley Mayder, Silicon Test Systems, Inc. and Silicon Test Solutions, LLC

**IT IS SO ORDERED.**

Dated: __7/24_____, 2008

*Ronald M. Whyte*

Honorable Ronald M. Whyte
UNITED STATES DISTRICT JUDGE