1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
           thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendant
   WESLEY MAYDER
8
                    IN THE UNITED STATES DISTRICT COURT
9
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12 | VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL)

13 | Plaintiff, | **DEFENDANT WESLEY MAYDER'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

14 | v. |

15 | ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Date: September 5, 2008**
   | | **Time: 9:00 a.m.**
16 | | **Ctrm: 6**
   | | **Before the Hon. Ronald Whyte**
17 | |
   | | Complaint Filed: August 22, 2007
18 | | Trial Date: December 8, 2008
   | | (Defendants have elected to reserve their jury
19 | Defendants. | trial rights under F.R.C.P., Rule 39)

20 | AND RELATED CROSSCLAIMS.
21

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply re Mot. Summ. J. by Wesley Mayder**                    Case No. 5:07-cv-04330-RMW (HRL)

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ ii

Introduction ............................................................................................................................. 1

Argument ................................................................................................................................. 2

    I.    Verigy Was Required To but Failed To Raise *Material* Disputes of Fact, But Instead Has Relied Upon Extraneous Facts To Try To Support An Unpled Claim for Civil Conspiracy ............................. 2

        A.    Verigy's Entire Argument That Wesley Mayder is Liable Is Based Upon a Claim for Conspiracy That was Never Pled. ...................... 3

        B.    Any "Conspiracy" Argument is Non-Sense in a Family Sub-S Business ..... 5

        C.    As a Sub-S Corporation, Shareholders Have Limited Liability Even Though the Entity is a "Pass Through" And Shareholders Are Treated as "Partners" ............................................. 6

        D.    The Same is True for a California Limited Liability Company (LLC) And the Pochowski Reference to "Partners" is Entirely Misleading ............ 7

    II.    Even If Verigy Could Support Its Conspiracy Theory Against Wes Mayder, It Has Failed To Provide Evidence To Demonstrate That There is A Material Dispute As To the Claims Against Him. ............................ 8

Conclusion .............................................................................................................................. 10

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**     i     **Case No. 5:07-cv-04330-RMW (HRL)**

# TABLE OF AUTHORITIES

**Cases (Federal)**

*Accuimange Diagnostics Corp. v. Terarecon, Inc.*
    260 F. Supp. 2d 941 (N.D. Cal. 2003) .................................................................................. 4

*Amnesty America v. Town of West Hartford*
    288 F.3d 467 (2nd Cir. 2002) ................................................................................................ 9

*Celotex Corp. v. Catrett*
    477 U.S. 317, 106 S.Ct. 2548 (1986) ................................................................................ 3, 9

*Katherine G. ex rel. Cynthis G. v. Kentfield School Dist.*
    261 F. Supp. 2d 1159 (N.D. Cal. 2003) ................................................................................ 9

**Cases (State)**

*Erkenbrecher v. Grant*
    187 C. 7 (Cal. 1921) ............................................................................................................. 6

*Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Service*
    217 C. 124 (Cal. 1932) ......................................................................................................... 6

*PMC, Inc. v. Kadisha*
    78 Cal. App. 4th 1368 (2000) ............................................................................................... 5

**Statutes**

California Civil Code, section 14 ................................................................................................ 6

California Corporations Code, section 17001 ............................................................................. 8

California Corporations Code, section 17101 ............................................................................. 8

California Corporations Code, section 17150 ............................................................................. 8

**Other Authorities**

*Judicial Council of California, Civil Jury Instructions*, Series 3600 (2008) ............................. 4, 9

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**   ii   **Case No. 5:07-cv-04330-RMW (HRL)**

# INTRODUCTION

Can a minority shareholder (in a Sub-S corporation) become liable simply as a result of being a shareholder in his brother's company? Answer: of course not. Yet, plaintiff Verigy, Inc. ("Verigy"), having improperly sued Wesley Mayder in this action in the first place, has now confirmed its lack of evidence as to all claims against him by filing opposition papers that are replete with extraneous facts that are anything but material. Table 1 is a summary of these immaterial and misleading "facts" which Verigy puts forward.

**Table 1**

| Purported Fact | True Fact & Supporting Evidence | Commentary |
|---|---|---|
| Wesley Mayder is an active (not passive) shareholder in Silicon Test Systems, Inc. ("STS, Inc.") | Wesley Mayder is a minority shareholder in a sub-s corporation. W. Mayder Decl. (Corrected), Docket No. 265, ¶¶12-13; Suppl. W. Mayder Decl., Docket Nos. 230-21-230-24, ¶¶5-10, Exs. 1-3. | Shareholders are not liable merely for being shareholders as a matter of law |
| Wesley Mayder is a director of STS, Inc. | Wesley Mayder was never a director, and never accepted such a position. W. Mayder Decl. (Corrected), Docket No. 265, ¶13; Suppl. W. Mayder Decl., Docket Nos. 230-21-230-24, ¶¶5-10, Exs. 1-3. | Even directors are not liable without a showing of actual tortious conduct |
| Wesley Mayder worked to raise funds for STS, Inc. | Wesley Mayder invested funds and provided approximately 5 hours of help. W. Mayder Decl. (Corrected), Docket No. 265, ¶¶12-13; Declaration of Jack Russo, submitted herewith, Ex. A (Deposition Tr. of Wesley Mayder, July 9, 2008) at pp. 216-217. | Help to his brother is not actionable |
| Wesley Mayder "conspired" to help Romi Mayder "falsify" the lab notebook | Wesley Mayder never saw, touched or signed the lab notebook. W. Mayder Decl. (Corrected), Docket No. 265, ¶15; Suppl. W. Mayder Decl., Docket Nos. 230-21-230-24, ¶11. | A red herring |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**   1   **Case No. 5:07-cv-04330-RMW (HRL)**

| Purported Fact | True Fact & Supporting Evidence | Commentary |
|---|---|---|
| Wesley Mayder hosted the website for STS, Inc. | Wesley Mayder provided his brother Romi with a gift of less than $500 of design services. W. Mayder Decl. (Corrected), Docket No. 265, ¶16 | Another red herring: this website was never used |
| Wesley's name appears on STS, Inc. Sales Tax Records | Sub-S corporations must register as such. Suppl. Decl. R Mayder, Docket No. 259, ¶¶4-5, Exs. A-D. | Another red herring |
| Romi and Wesley traded "cryptic" emails | Romi routinely wrote terse emails to his brother Wesley | Another red herring |
| Other emails in which Romi refers to Wesley as a "director" | None written by Wesley, no admissions by Wesley, Gagliardi Decl., Ex. A | False implied admission |

Moreover, Verigy relies upon a so-called conspiracy to claim liability by Wesley Mayder, *but Verigy never has even properly pled civil conspiracy in this action!* Finally, when faced with having to show a dispute of *material* facts as to each claim for relief, Verigy "punts" by relying upon conclusory statements (with inadmissible evidence) that in no way address the particular claims for relief levied against Mr. Mayder, and which demonstrate that Verigy simply cannot raise a material dispute. Summary judgment as to Wesley Mayder should be granted and sanctions awarded to Defendants and against Verigy and its counsel.

**ARGUMENT**

I.  **VERIGY WAS REQUIRED TO BUT FAILED TO RAISE *MATERIAL* DISPUTES OF FACT, BUT INSTEAD HAS RELIED UPON EXTRANEOUS FACTS TO TRY TO SUPPORT AN UNPLED CLAIM FOR CIVIL CONSPIRACY.**

Verigy's papers in opposition to Wesley Mayder's motion for summary judgment affirm that Verigy frivolously sued Wesley Mayder, without having done a proper investigation, and is continuing to sue him despite knowing that he is not liable in this action. Verigy's entire basis for trying to hold Wesley Mayder liable is that he was a civil conspirator of his brother, Romi, and as such, is liable for any and all acts of his brother. Verigy's Memorandum of Points and Authorities

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.     2     Case No. 5:07-cv-04330-RMW (HRL)

in Opposition to Wesley Mayder's Motion for Summary Judgment ("Opp.") at 3.

Moreover, Verigy's opposition reveals that it has no, as in not even a sliver of, evidence against Wesley Mayder and certainly none as to his knowingly or intentionally conspiring against Verigy, but relies instead on his having allegedly been *negligent* in not discovering any alleged wrongdoing by his brother. Opp. at 7. But Verigy's attempt to hold Wesley Mayder liable for conspiracy fails miserably given that Verigy has failed to even properly plead facts supporting a conspiracy claim, and Wesley Mayder had no duty to investigate the actions of his brother because he was neither an officer nor director of either STS LLC or STS, Inc.—contrary to Verigy's efforts to muddy the waters in that regard. The declaration of Pochowski is replete with immaterial—anf false—statements about a so-called "partnership," lacks foundation, and is otherwise improper and must be striken in material part; but, even taking that declaration as truthful (which is highly doubtful given the other (deposition) testimony of Pochowski, none of it shows that Wes Mayder did anything wrong or had any knowledge whatsoever of any wrongdoing. No written notice of claims was ever delivered pre-lawsuit by Verigy to Wes Mayder; they simply sued him and even had they made Wes Mayder the proper subject of inquiry (which they did not) all of the evidence would (and does) confirm what is true here, namely, that Wes Mayder is not liable as a matter of law and this lawsuit should never have been filed against him.

**A.  Verigy's Entire Argument That Wesley Mayder is Liable Is Based Upon a Claim for Conspiracy That Was Never Properly Pled.**

Perhaps the most telling portion of Verigy's opposition is at pages 12 and 13 where Verigy, completely lacking facts of actual wrongdoing by Wesley Mayder, spends less than a page in raising the conclusory assertion that Mr. Mayder cannot be granted judgment on any of the claims against him, but without having addressed in any manner the elements of each claim and shown a material dispute as to such elements, which was its burden as the party opposing summary judgment. "Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986) Verigy has proceeded in this manner because it simply has no

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**     3     **Case No. 5:07-cv-04330-RMW (HRL)**

material facts to support its claims, but has attempted to now rely instead upon a claim of civil conspiracy, a claim it has *never pled in this action*.[1]

A claim for civil conspiracy requires that the pleader set forth allegations regarding all of the following elements:

1) someone was responsible for damage to plaintiff;

2) that someone and one or more other persons formed an agreement to commit a wrongful act, either orally, in writing or by course of conduct;

3) the other persons were aware that the first conspirator planned or carried out a wrongful act;

4) the others agreed with the first conspirator and agreed the wrongful act should be committed;

5) Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to impose vicarious liability on a so called co-conspirator.

CACI Section 3600.[2]

Verigy has not come close to pleading, or certainly proving, or raising a material dispute as to these elements. Where is the evidence that Wes and Romi Mayder made an agreement to commit a wrongful act? Where is the evidence that Wes Mayder intended or wanted his brother to engage in a wrongful act? Verigy has no such evidence, and instead relies upon the so-called "mere knowledge" imparted to Wes Mayder by dint of his having received copies of Verigy's counsels' threatening letters. As CACI Section 3600 confirms, such mere knowledge is insufficient to raise a claim of civil conspiracy. Rather, Verigy continues to try to rely upon immaterial facts, such as Wes Mayder's having initially made an investment in STS LLC, but which investment was returned because the company never got off the ground. Opp. at 6.[3] Verigy

---

[1] Indeed, in his opening brief Mr. Mayder alerted the Court to the fact that Verigy would attempt to manufacture an alter ego or conspiracy claim having never in fact pled such claims. See Docket No. 230 at 9.

[2] While CACI Section 3600 confirms that civil conspiracy is not a separate cause of action, that does not relieve Verigy from pleading and proving the factual elements required thereof. A pleading that fails to include sufficient detail of alleged wrongdoing to support a conspiracy charge cannot be the basis for legal liability, and here, Verigy's Complaint is bereft of any such detail. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 950 (N.D. Cal. 2003).

[3] Similarly, Verigy points to Wes Mayder's having attempted to help with fundraising for STS, Inc. Opp. at 8. Nowhere does Verigy recite to any facts or case law, however, that supports its

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**     4     **Case No. 5:07-cv-04330-RMW (HRL)**

hopes that passive investment, not active conspiracy, is enough to tag Wes Mayder, but it is not.

Indeed, Verigy has conceded that it has no evidence of intentional wrongdoing by Wes Mayder, or even knowledge by him of his brother Romi having committed any wrongful acts. Instead, Verigy has now resorted to a position that Wes Mayder was *negligent* in not discovering the alleged wrongdoing based upon the case of *PMC, Inc. v. Kadisha*, 78 Cal.App.4th 1368 (2000). Opp. at 7. But that case, too, fails to support Verigy's position. Rather, the court in *Kadisha* held that a *corporate officer or director* could be held liable in tort only if he: a) purchased or invested in the corporation, the principal assets of which were the result of unlawful conduct; b) the officer or director *took control of the corporation and appointed personnel to run the corporation* c) the officer or director did so with knowledge, or with reason to know, that unlawful conduct had occurred. *Id.* at 1372. Verigy has not even attempted to establish such facts.

**B.   Any "Conspiracy" Argument is Non-Sense in a Family Sub-S Business.**

Here, there is no evidence put forth by Verigy that Wes Mayder in any respect took control of the corporate entities, either STS LLC or STS, Inc., and the vast majority of evidence in fact informs the opposite. While he intended to originally invest in STS LLC, the company was never in fact consummated, his investment was returned and he took no action to make that company a going concern. *See* Declaration of Donald P. Gagliardi in Opposition to Wes Mayder's Motion for Summary Judgment ("Gagliardi Decl."), at Ex. A, pp. 31:14-35:3. Verigy has no evidence in opposition to dispute this testimony.

Second, the evidence supports the conclusion that Wes Mayder was never an officer or director of either STS LLC or STS, Inc., but rather was simply an investor. He was asked repeatedly in deposition about emails sent by his brother Romi that appeared to mention him as a board member of STS, Inc., and he repeatedly informed Verigy that those were simply mistakes by Romi in mixing up a shareholder relationship with a board member relationship. *See* Declaration of Jack Russo ("Russo Decl."), submitted herewith, at Ex. A, at pp. 126:11-131:6.

---

once-again conclusory allegation that "[f]undraising for a start-up company is not the domain of a merely passive investor." *Id*. What case law has held that helping with fundraising creates tort liability for a person who otherwise knows of no wrongdoing and participates in no wrongdoing? Verigy cites to no such case, because there is none.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**          5          **Case No. 5:07-cv-04330-RMW (HRL)**

Third, the other evidence before the Court supports the conclusion that Wes Mayder was never an officer or director of STS LLC or STS, Inc., and a few random, mistaken references by Romi Mayder does not change that. Rather, as Romi Mayder himself has sworn to under oath in papers filed with the Court on this motion, the papers filed with the California Secretary of State and other corporate documents belie any contention that Wes Mayder was an officer or director of either entity. *See* Supplemental. Declaration of Romi Mayder in Support of Motion for Summary Judgment and Motion for Rule 11 Sanctions ("Suppl. Romi Mayder Decl."), at ¶4, Exs. A-D thereto, Docket No. 259.[4] The California tax authorities needing the names of the Sub-S shareholders who obtain the tax benefit of the "pass through" to tax deductions is hardly probative. Suppl. R. Mayder Decl. at ¶¶4-5.

### C. As a Sub-S Corporation, Shareholders Have Limited Liability: Even Though The Entity is a "Pass Through" and Shareholders Are Treated as "Partners."

The undisputed facts are that Wes Mayder is a minority shareholder with limited liability in a Sub-S corporation; the other undisputed fact is that as Romi's brother, Wes has provided a grand total over two years of less than five hours of help to his brother. Russo Decl., Ex. A, at pp. 216-217.

Nonetheless, Verigy attempts to manufacture a finding of control or agreement to conspire by Wes Mayder in pointing to an assortment of random issues or acts that in no way suggest control. For example, Verigy points to Wes Mayder's having taken down an STS website at his brother's request after his brother received threatening letters from Verigy's counsel. But if a shareholder providing minimal help to a corporation's CEO, sole officer and sole director creates liability then the whole concept of limited liability for shareholders is turned upside down and the entire basis for investing in early stage companies in California will be frustrated in a manner opposite from the law and policy that is well-settled in the California Corporations Code. See Cal. Civil Code, section 14; *Erkenbrecher v. Grant*, 187 C. 7, 9 (Cal. 1921); *Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Service*, 217 C. 124, 129 (Cal. 1932).

---

[4] Additionally, Romi Mayder confirmed that while he had attempted to get his brother to sign up as an STS board member, he declined to do so. Suppl. Romi Mayder Decl. at ¶6-10. Wesley Mayder respectfully requests that the Court take judicial notice on this motion for summary judgment of the papers it is concurrently filing on his motion for Rule 11 sanctions.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**     6     **Case No. 5:07-cv-04330-RMW (HRL)**

There has to be a showing of control, and agreement to conspire, and Verigy has provided neither. As neither an officer or director of the entities charged with wrongdoing, Verigy cannot hold him liable for civil conspiracy. Nor has Verigy demonstrated any control or even a material dispute involving control of either STS entity by Wes Mayder. See Declaration of Daniel E. Hanley, submitted herewith, at ¶¶4-8.

Moreover, even were Verigy's misreading of the *PMC* case correct, there is no showing of negligence by Wes Mayder in connection with the corporations or Verigy's alleged trade secrets. As Wes Mayder testified, after he was provided copies of Verigy's attorneys' threatening letters to his brother, he *repeatedly* inquired of his brother, Romi, whether there was any proper basis for Verigy to have claimed Romi was misusing Verigy confidential information. Gagliardi Decl. at Ex. A, at pp. 170:5-174:11.[5] Wes Mayder did not "stick his head in the sand" as Verigy would have it; he made appropriate inquiry within the bounds of his understanding; further, given his mere investment role in the company, he had no duty to inquire further in any event.

### D. The Same is True for a California Limited Liability Company (LLC) and The Pochowski Reference Otherwise to "Partners" is Entirely Misleading.

Verigy attempts to cloud the issues by putting forth Robert Pochowski's unsupported and conclusory declaration submitting that Wesley Mayder was to be a "partner" to his brother Romi and attempts to recharacterize Silicon Test Solutions, LLC, the limited liability company (which Romi intended to form with Mr. Pochowski) as a partnership, and thereby attribute liability to Wesley Mayder. Not so.

Attorney Daniel Hanley filed the Articles of Formation for STS, LLC on September 8, 2006, when the plan was for Mr. Pochowski and Romi Mayder to be members and co-managers of the LLC. Declaration of Daneil E. Hanley, submitted herewith, at ¶¶3-4. Subsequently, Wesley Mayder made an investment in the LLC, with which Mr. Pochowski did not agree. Because of this

---

[5] Verigy appears to take the position that a mere demand letter from an attorney provides adequate evidence of wrongdoing that required that Wes Mayder, a non officer or director, do something more than inquire repeatedly of wrongdoing. Wes Mayder has testified under oath to the Court on this motion that he lacks understanding of the semiconductor business; he testified in deposition as well that he could not really understand much of what was in the Verigy threatening letters. Gagliardi Decl. at Exh. A, at p. 133:21-134:18.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**    7    **Case No. 5:07-cv-04330-RMW (HRL)**

disagreement, the Operating Agreement, which Mr. Hanley also drafted, was never fully executed, and the limited liability company was abandoned. *Id.* at ¶¶5-7.

Even were the LLC in place, however, Wesley Mayder would not be liable for any alleged wrongdoing by virtue of his merely being a member in the LLC. A limited liability company is a hybrid entity combining aspects of a partnership and a corporation. Cal. Corporations Code, section 17001. LLCs consist of members owning membership interests, yet it is well-settled that the entity, which is formed under the Corporations Code, has a legal existence separate from its members and provides members with limited liability to the same extent enjoyed by corporate shareholders. Cal. Corp. Code, sections 17101, 17150. A member of a limited liability company is not personally liable for debts, obligations, or liabilities of the limited liability company solely by reason of being a member of the limited liability company. *Id.* at 17101(a). Once again, Verigy is simply fishing for any viable theory with which to salvage its suit against Wesley Mayder and comes up short.

**II. EVEN IF VERIGY COULD SUPPORT ITS CONSPIRACY THEORY AGAINST WES MAYDER, IT HAS FAILED TO PROVIDE EVIDENCE TO DEMONSTRATE THAT THERE IS A GENUINE MATERIAL DISPUTE AS TO THE CLAIMS AGAINST HIM.**

To avoid summary judgment being granted in favor of Wes Mayder on civil conspiracy grounds, Verigy was required at a minimum to show a dispute of material fact regarding the claims against his brother, Romi Mayder, his alleged co-conspirator. Verigy has admitted by its opposition papers that it has no direct evidence of any intentional tort by Wes Mayder, and so are proceeding on the basis that he is liable for the alleged acts of his brother Romi. But that means that Verigy was required in its opposition to at a minimum demonstrate that there was material dispute of fact as to:

1) whether any trade secret misappropriation occurred; Verigy has provided no evidence of that in its opposition;

2) whether anyone had improper access to its computer or computer systems to support its Third, Fourth and Fifth claims for relief; again, Verigy put on no evidence to demonstrate that anyone had such access;

3) the unfair competition claims, claims Six and Seven, require a showing of other wrongdoing by Wes Mayder or a co-conspirator,

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.   8   Case No. 5:07-cv-04330-RMW (HRL)

but no such showing is put on by Verigy;

4) the Ninth and Tenth claims, for federal and state false advertising, require evidence that Wes Mayder or a co-conspirator actively marketed and advertised and in doing so made false statements to Verigy's detriment; no evidence has been brought forward on summary judgment to support these claims;

5) the Eleventh claim for relief, for alleged intentional interference with prospective economic advantage, requires a showing of knowledge of such economic advantage and intentional interference in the relationship; Verigy has provided no evidence that Wes Mayder was so aware, or that any other person was so aware, or interfered.

As the party on each of these claims for relief at trial it was Verigy's burden of proof in responding to a motion for summary judgment/adjudication to demonstrate a material dispute of fact as to each claim. *Celotex*, 477 U.S. at 322. Rather than do so, however, Verigy attempted to rely solely on an assertion of civil conspiracy but without having adduced competent evidence of any underlying wrongdoing by another conspirator. That was Verigy's burden on this motion, but it completely failed to provide evidence, and therefore create any material dispute, as to any underlying wrongdoing by Romi Mayder or any other person that could be charged to Wes Mayder as a co-conspirator.[6] As set forth in CACI Section 3600, Verigy had to provide *evidence* to support such underlying wrongdoing, but completely failed to do so in its opposition papers. Even were Verigy's conspiracy theory to have any viability, Verigy failed to create a material dispute of fact, and summary judgment as to all claims against Wes Mayder is appropriate.

//
//
//
//

---

[6] Verigy states, "Here, as shown below, Wes Mayder was an active co-conspirator in *his brother's activities*, regardless of his formal position in the STS Entities. And, as his brother's co-conspirator, Wes Mayder *is equally liable for Romi Mayder's misconduct*." Opp. at 3. The only problem is that Verigy neglected to adduce *any evidence* in its opposition of any Romi Mayder misconduct, and certainly has made no request for judicial notice that would legitimize the Court's looking beyond the papers filed on this motion. It is not enough that some helpful facts may exist somewhere in the Court's record; it is the obligation of the opposing party to cite to specific evidence showing triable facts. *Amnesty America v. Town of West Hartford*, 288 F.3d 467, 470 (2nd Cir. 2002); *Katherine G. ex rel. Cynthis G. v. Kentfield School Dist.*, 261 F.Supp.2d 1159, 1167 (N.D. Cal. 2003).

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.**   9   **Case No. 5:07-cv-04330-RMW (HRL)**

# CONCLUSION

For the reasons stated herein, summary judgment on behalf of defendant Wes Mayder as to all claims against him should be granted.

Respectfully submitted,

Dated: July 25, 2008

By:  /s/ Jack Russo

Jack Russo, SBN 98068
Tim C. Hale, SBN 114905
John Kelley, SBN 100714

RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
        thale@computerlaw.com
        jkelley@computerlaw.com

ATTORNEYS FOR DEFENDANT
WESLEY MAYDER

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Mem. P. & A. Supp. W. Mayder Mot. Summ. J.    10    Case No. 5:07-cv-04330-RMW (HRL)