1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
           thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendant
   WESLEY MAYDER
8
                    IN THE UNITED STATES DISTRICT COURT
9
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                              SAN JOSE DIVISION
11

12 | VERIGY US, INC., a Delaware Corporation,   | Case No. 5:07-cv-04330-RMW (HRL)

13 |                          Plaintiff,        | **DEFENDANT'S EVIDENTIARY OBJECTIONS TO PORTIONS OF PAPERS FILED BY PLAINTIFF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND FOR RULE 11 SANCTIONS**

14 |        v.

15 | ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST
16 | SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a
17 | California Limited Liability Corporation, inclusive,   | **Before: Judge Ronald Whyte**
                                                            | **Ctrm: 6**
18 |                                                        | **Date: Sept. 5, 2008**
                                                            | **Time: 9:00 a.m.**
19 |                          Defendants.

20 |                                            | Complaint Filed: August 22, 2007
                                                | Trial Date: December 8, 2008 (jury trial)
21 |                                            | (Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38)

22

23 | AND RELATED CROSSCLAIMS.

---

**Def.'s Evid. Objs.**                    Case No. 5:07-cv-04330-RMW (HRL)

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

# INTRODUCTION

Plaintiff Verigy, Inc. ("Verigy") has attempted to oppose Defendant Wesley Mayder's motion for summary judgment and his motion for Rule 11 sanctions with papers that patently violate F.R.C.P. Rule 56, the Federal Rules of Evidence, this Court's Local Rules, and settled law that requires submitted evidence to be from a competent witness with personal knowledge and who demonstrates the basis of that personal knowledge in an affidavit or declaration filed with the Court. Instead of providing such evidence, Verigy relies upon wild speculation and conjecture of its counsel, unsupported by any witness.

Further, the declarations submitted by Verigy contain conclusory statements that are clearly incompetent and misleading in substantial parts, statements that are violative of Local Rule 7-5(b) and F.R.C.P. Rule 56(g). The Court should award Defendant Wesley Mayder his attorneys' fees in bringing these evidentiary objections/motion to strike.

Mr. Mayder objects to, or in the alternative, moves to strike, the following portions of Verigy's opposition papers on the grounds /set forth below:

| Document | Basis for Evidentiary Objections |
|---|---|
| **Declaration of John Fowler** ("Fowler Decl."), at ¶2, re statements made on information and belief | Violative of Local Rule 7-5(b), which provides that any affidavit or declaration which includes statements made on information and belief must provide the basis for such information and belief statement. Mr. Fowler simply offers a conclusory statement in that regard |
| Fowler Decl. at ¶3 re statement about the Mayder brothers going into business together | Irrelevant and immaterial; no showing that anything about them going into a real estate business together has anything to do with the issues in dispute in this case, and certainly does not support any claim of wrongdoing by Wes Mayder; lack of foundation |
| Fowler Decl. at ¶3 re statement about Wesley Mayder's business having same street address as STS | Irrelevant and immaterial; two entities having the same street address provides no basis for concluding wrongdoing by Wes Mayder; lack of foundation |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Evid. Objs.     1     Case No. 5:07-cv-04330-RMW (HRL)

| | |
|---|---|
| Fowler Decl. at ¶3 re statement about Fowler interviewing Pochowski and Wes Mayder's "active participation in STS, LLC." | Hearsay. Conclusory, lacking evidentiary detail re what "documents" were reviewed, what the so-called "active participation" was. "Active participation" does not amount to control, does not amount to establishing that Wes Mayder was ever a director or officer of STS LLC. Wes Mayder could be actively participating, though he was not, without having any knowledge of or hand in any wrongdoing. Lack of foundation. |
| Fowler Decl. at ¶5 re Fowler's alleged knowledge of the law | Irrelevant; Verigy has not pled a proper conspiracy or alter ego claim, and certainly not partnership liability; an LLC is a corporation, not a partnership |
| Fowler Decl. at ¶6 re ongoing discovery | Conclusory. Fowler claims that discovery has validated Verigy's suing Wes Mayder, but the exact opposite is true. Fowler fails to point to any single fact or document to substantiate his conclusory statements |
| **Declaration of Robert Pochowski** ("Pochowski Decl.") at ¶4, re "we never formalized any involvement." | Judicial estoppel; impeaching testimony to Verigy's position that Wes Mayder "formalized" his involvement with STS LLC while having its witness, Pochowski, testify that his involvement was never formalized |
| Pochowski Decl. at ¶5 re statement about Wes Mayder being a "partner" in STS | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability |
| Pochowski Decl. at ¶5 re statement about Pochowski being "equal partners" with Romi Mayder | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability |
| Pochowski Decl. at ¶6 re statement about Romi Mayder's having sent Pochowski a "draft partnership agreement for STS," a copy of which is attached as Exh. A to the declaration, and re his never having signed a "partnership agreement" | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exh. A shows on its face that it is a draft operating agreement for an LLC, not a partnership |
| Pochowski Decl. at ¶6 re statement about Romi Mayder and Wes Mayder having allegedly signed a "partnership agreement for STS," a copy of which is attached as Exh. B to the declaration | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exh. B shows on its face that it is a draft operating agreement for an LLC, not a partnership |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Def.'s Evid. Objs.　　　2　　　Case No. 5:07-cv-04330-RMW (HRL)

| | | |
|---|---|---|
| 1, 2, 3, 4 | Pochowski Decl. at ¶7 re statement about Romi Mayder and Pochowski having allegedly discussed the "partnership agreement" many times | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exhs. A and B show on their faces that they are draft operating agreements for an LLC, not a partnership |
| 5, 6, 7, 8 | Pochowski Decl. at ¶7 re statement about his allegedly asking that Wes Mayder be removed from "the partnership" | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exhs. A and B show on their faces that they are draft operating agreements for an LLC, not a partnership |
| 9, 10, 11, 12 | Pochowski Decl. at ¶7 re statements about partnership agreement being changed to have two levels of "membership" | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exhs. A and B show on their faces that they are draft operating agreements for an LLC, not a partnership |
| 13, 14, 15, 16 | Pochowski Decl. at ¶8 re statement about the "one level of participating partnership" | Irrelevant and immaterial; lack of foundation. An LLC is not a partnership and there is no evidence whatsoever that a partnership was ever formed, nor any claim by Verigy based on partnership liability; Exhs. A and B show on their faces that they are draft operating agreements for an LLC, not a partnership |
| 17–22 | **Verigy's Memorandum of Points and Authorities in Opposition to Wesley Mayder's Motion for Summary Judgment** ("Opp. to WM SJ") at p. 1, lns. 8-10 re Wes Mayder's involvement with STS | Irrelevant and immaterial to the extent Wes Mayder "invested" in the STS entities, as such investment does not create liability, and re his being a "member" of STS LLC, as mere membership creates no tort liability as has been alleged by Verigy, and re his being a co-conspirator, in that Verigy has failed to plead or adduce any of the evidence needed to demonstrate conspiracy; incompetent evidence regarding Wes Mayder being a "boardmember" of STS, Inc. |
| 23, 24, 25 | Opp. to WM SJ at p. 1, lns. 15-16 re Romi Mayder allegedly marketing a product "very similar to Verigy's products" | Lack of foundation; attorney speculation and argument; the Court has already found that Verigy is *not* marketing a product of the nature of FlashEnhancer; lack of competent testimony to establish the same |
| 26, 27 | Opp. to WM SJ at p. 1, lns. 20-21 re Verigy's investigation having "revealed that Romi Mayder had misappropriated and was using Verigy's trade secrets" | Lack of foundation; attorney speculation and argument; conclusory with no competent evidence to support it |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Def.'s Evid. Objs.    3    Case No. 5:07-cv-04330-RMW (HRL)

| | |
|---|---|
| Opp. to WM SJ at p. 2, lns. 6-7 re Wes Mayder's alleged "operational role" in STS LLC and STS, Inc. | Irrelevant and immaterial; "operational role," even were it true, which it was not, does not create a basis for tort or vicarious liability |
| Opp. to WM SJ at p. 2, lns. re Wes Mayder's having become a member of STS LLC | Irrelevant and immaterial; mere membership in an LLC, which in fact was never consummated, does not create a basis for tort or vicarious liability |
| Opp. to WM SJ at pp. 3-13 re civil conspiracy | Lack of foundation; irrelevant and immaterial. Verigy has failed to plead any facts in its Complaint that would be required for it to be able to proceed on a civil conspiracy basis as set forth in CACI 3600 |
| Opp. to WM SJ at p. 3, lns. 21-23 re Wes Mayder being a co-conspirator and liable for the acts of his brother Romi | Lack of foundation; irrelevant and immaterial. Verigy has failed to plead any facts in its Complaint that would be required for it to be able to proceed on a civil conspiracy basis, as set forth in CACI 3600 |
| Opp. to WM SJ at p. 4, ln. 23-p. 5, ln. 7 re LLC required to have an operating agreement, reference to oral operating agreement being sufficient | Irrelevant and immaterial; lack of foundation. Verigy has made an admission against interest that to be valid the LLC had to have a completed operating agreement; the LLC operating agreement that Verigy is relying upon required the signature of *three members, including Mr. Pochowski who admits he never signed it*. There is no evidence of any "oral" operating agreement between Romi and Wes Mayder, and by Verigy's own assertion, no valid LLC was ever formed |
| Opp. to WM SJ at p. 5, lns. 8-17 re the signatures of the Mayder brothers on the draft operating agreement constituting evidence of a conspiracy to operate a company using Verigy's technology | Lack of foundation; incompetent evidence; irrelevant and immaterial. Mere signatures on an operating agreement constitute no evidence of a conspiracy, and there is no evidence of knowledge by Wes Mayder to use any Verigy technology. Being willing to join an LLC does not evidence anything about a conspiracy or any tortious conduct |
| Opp. to WM SJ at p. 5, ln. 18-p. 6, ln. 3 re letter from attorney for Romi Mayder constituting evidence of conspiracy | Lack of foundation; incompetent evidence; irrelevant and immaterial; letter informing Pochowski that he was not to be included is not evidence of any wrongdoing whatsoever |
| Opp. to WM SJ at p. 7, lns. 3-5 re Wes Mayder's being a director of STS, Inc. | Lack of foundation; no competent evidence that Wes Mayder was a director of STS, Inc. and all competent evidence refutes this assertion |

| | |
|---|---|
| Opp. to WM SJ at p. 7, lns. 14-28 re Wes Mayder's being informed of threats by Verigy and being a director of STS, Inc. and allegedly failing to investigate | Lack of foundation; no competent evidence that Wes Mayder was a director of STS, Inc. and all competent evidence refutes this assertion; irrelevant and immaterial; as a non-director or officer, Wes Mayder had no obligation to investigate, and despite that lack of obligation, he did investigate to the best of his ability |
| Opp. to WM SJ at p. 8, lns. 11-22 re Wes Mayder allegedly helping to solicit investments in STS, Inc. | Irrelevant and immaterial; helping to raise money proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| Opp. to WM SJ at p. 8, ln. 25-p. 9, ln. 12 re Wes Mayder using his driver's license to obtain a seller's permit for STS, Inc. | Irrelevant and immaterial; helping to obtain a seller's permit proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| Opp. to WM SJ at p. 9, ln. 14-p. 10, ln. 12 re Wes Mayder dealing with STS, Inc.'s website | Irrelevant and immaterial; helping his brother with the STS, Inc. website proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| Opp. to WM SJ at p. 10, ln. 14-p. 12, ln. 9 re Romi Mayder's inventor's notebook and Wes Mayder's alleged involvement with such notebook | Irrelevant and immaterial; Wes Mayder's allowing one of his employees, Jon Davidson, to assist Romi Mayder proves nothing regarding any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| **Memorandum of Points and Authorities in Opposition to Wesley Mayder's Motion for Rule 11 Sanctions** ("Opp. Rule 11") at p. 1, lns. 9-14 re Wes Mayder's involvement with STS | Irrelevant to the extent Wes Mayder "invested" in the STS entities, as such investment does not create liability, and re his being a "member" of STS LLC, as mere membership creates no tort liability as has been alleged by Verigy, and re his being a co-conspirator, in that Verigy has failed to plead or adduce any of the evidence needed to demonstrate conspiracy; incompetent evidence regarding Wes Mayder being a "boardmember" of STS, Inc. |
| Opp. Rule 11 at p. 1, lns. 19-21 re Romi Mayder allegedly marketing a product "very similar to Verigy's products" | Lack of foundation; attorney speculation and argument; the Court has already found that Verigy is *not* marketing a product of the nature of FlashEnhancer; lack of competent testimony to establish the same |
| Opp. to Rule 11 at p. 1, lns. 24-25 re Verigy's investigation having "revealed that Romi Mayder had misappropriated and was using Verigy's trade secrets" | Lack of foundation; attorney speculation and argument; conclusory with no competent evidence to support it |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def.'s Evid. Objs.**   5   **Case No. 5:07-cv-04330-RMW (HRL)**

| | | |
|---|---|---|
| 1, 2, 3, 4, 5 | Opp. to Rule 11 at p. 2, lns. 11-5 re Wes Mayder's allegedly being a member of STS LLC and a director of STS, Inc. | Lack of foundation; irrelevant and immaterial; being a member of an LLC does not create tort liability even if it were true, which it is not, since, as Verigy has admitted, no operating agreement was ever finalized; no competent evidence of Wes Mayder's ever being a director of STS, Inc. and the competent evidence directly refutes this assertion |
| 6, 7, 8 | Opp. Rule 11 at pp. 4-13 re Wes Mayder's being in a civil conspiracy with Romi Mayder | Lack of foundation, irrelevant. Verigy has failed to plead any facts in its Complaint that would be required for it to be able to proceed on a civil conspiracy basis, as set forth in CACI 3600 |
| 9, 10, 11, 12 | Opp. Rule 11 at p. 5, lns. 2-p. 6, ln. 17 re Wes Mayder's signing the draft operating agreement for STS LLC | Lack of foundation; incompetent evidence; irrelevant and immaterial. Mere signatures on an operating agreement constitute no evidence of a conspiracy, and there is no evidence of knowledge by Wes Mayder to use any Verigy technology. Being willing to join an LLC does not evidence anything about a conspiracy or any tortious conduct |
| 13, 14, 15 | Opp. Rule 11 at p. 6, ln. 18- p. 7, ln. 9 re letter from attorney for Romi Mayder constituting evidence of civil conspiracy | Lack of foundation; incompetent evidence; irrelevant and immaterial; letter informing Pochowski that he was not to be included is not evidence of any wrongdoing whatsoever |
| 16, 17, 18, 19 | Opp. Rule 11 at p. 7, ln. 14-p. 9, ln. 6 re Wes Mayder's allegedly being a director of STS, Inc., being informed of threats by Verigy and being a director of STS, Inc. and allegedly failing to investigate | Lack of foundation; no competent evidence that Wes Mayder was a director of STS, Inc. and all competent evidence refutes this assertion; irrelevant and immaterial; as a non-director or officer, Wes Mayder had no obligation to investigate, and despite that lack of obligation, he did investigate to the best of his ability |
| 20, 21, 22 | Opp. Rule 11 at p. 9, lns. 14-26 re Wes Mayder allegedly helping to solicit investments in STS, Inc. | Irrelevant and immaterial; helping to raise money proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| 23, 24, 25 | Opp. Rule 11 at p. 9, ln. 27-p. 10, ln. 16 re Wes Mayder using his driver's license to obtain a seller's permit for STS, Inc. | Irrelevant and immaterial; helping to obtain a seller's permit proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
| 26, 27, 28 | Opp. Rule 11 at p. 10, ln. 17-p. 11, ln. 17 re Wes Mayder dealing with STS, Inc.'s website | Irrelevant and immaterial; helping his brother with the STS, Inc. website proves nothing regarding the elements of any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Def.'s Evid. Objs.**     6     **Case No. 5:07-cv-04330-RMW (HRL)**

| Opp. Rule 11 at p. 11, ln. 18-p. 13, ln. 16 re Romi Mayder's inventor's notebook and Wes Mayder's alleged involvement with such notebook | Irrelevant and immaterial; Wes Mayder's allowing one of his employees, Jon Davidson, to assist Romi Mayder proves nothing regarding any of Verigy's claims in this action, or of civil conspiracy, a claim not properly pled by Verigy in this action |
|---|---|
| Opp. Rule 11 at p. 13, lns. 11-14 re evidence of Wes Mayder's having been an "integral part" in a conspiracy with Romi Mayder to tamper with evidence | Lack of competent evidence; judicial estoppel in connection with Verigy's own opposition to motion for summary judgment by Wes Mayder in which Verigy takes the position Mr. Mayder was *negligent*, not that he intentionally was involved in tortiously damaging Verigy |
| Opp. Rule 11 at p. 14, lns. 8-24 re Fowler's alleged "reasonable investigation" | *See* objections to conclusory statements by Fowler above |

## **CONCLUSION**

For the reasons stated above, the Court should not consider the vast majority of Verigy's opposition papers to both the summary judgment and Rule 11 motion by defendant Wesley Mayder. Verigy has opposed Mr. Mayder's motions on grounds it has not even properly pled, and its so-called evidence of conspiracy is completely insufficient to demonstrate a conspiracy even had it properly pled such a claim or doctrine.

Respectfully submitted,

Dated: July 25, 2005        By:    /s/ Tim C. Hale

Jack Russo, SBN 98068
Tim C. Hale, SBN 114905
John Kelley, SBN 100714

RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
        thale@computerlaw.com
        jkelley@computerlaw.com


ATTORNEYS FOR DEFENDANT
WESLEY MAYDER

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Def.'s Evid. Objs.        7        Case No. 5:07-cv-04330-RMW (HRL)