JACK RUSSO (State Bar No. 96068)
TIM C. HALE (State Bar No. 114905)
JOHN KELLEY (State Bar No. 100714)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
thale@computerlaw.com
jkelley@computerlaw.com

Attorneys for defendants
ROMI MAYDER, SILICON TEST SYSTEMS, INC., SILICON TEST SOLUTIONS LLC, and WESLEY MAYDER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VERIGY US, INC., a Delaware Corporation,

Plaintiff,

v.

ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

Case No. 5:07-cv-04330-RMW (HRL)

**NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION ON PLAINTIFF'S THIRD THROUGH FIFTH CLAIMS FOR RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**

**Before: Judge Ronald Whyte**
**Ctrm: 6**
**Date: September 5, 2008**
**Time: 9:00 a.m.**

Complaint Filed: August 22, 2007
Trial Date: December 8, 2008 (jury trial)
(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38)

**TABLE OF CONTENTS**

Table of Authorities ..... ii

NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

INTRODUCTION ..... 1

STATEMENT OF FACTS ..... 2

ARGUMENT ..... 3

I. DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION ON PLAINTIFF'S COMPUTER FRAUD AND ABUSE ACT CLAIM ..... 3

A. The Standard for Summary Judgment Or Adjudication is Well-Settled ..... 3

B. Verigy Cannot Prove Unauthorized Access. ..... 4

II. DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION ON PLAINTIFF'S CLAIM OF VIOLATIONS OF THE FEDERAL ELECTRONIC COMMUNICATIONS PRIVACY ACT ..... 6

III. VERIGY'S CALIFORNIA PENAL CODE CLAIM ALSO FAILS ..... 7

CONCLUSION ..... 8

**TABLE OF AUTHORITIES**

**Cases (Federal)**

*Am. Computer Trust Leasing v. Jack Farrell Implement Co.*
763 F.Supp.1473 (D. Minn. 1991) .......... 4

*Brett Senior & Assocs., P.C. v. Fitzgerald*
26 BNA IER Cas. 674 (E.D. Pa. 2007) .......... 4

*Bursese v. Paypal, Inc.*
2007 U.S. Dist. LEXIS 12785 (N.D. Cal. Feb. 12, 2007) .......... 3

*Cenveno v. Celumsolutions Software GmbH & Co.*
28 BNA IER Cas. 1833 (E.D. Cal. 2007) .......... 6

*International Ass'n of Machinists and Aerospace Workers v. Werner-Matsuda*
390 F.Supp.3d 479 (D. Md. 2005) .......... 4, 6

*Int'l Airport Ctrs. L.L.C. v. Cirtin*
440 F.3d 418 (7th Cir. 2006) .......... 4

*Lockheed Martin Corp. v. Speed*
81 U.S.P.Q. 2d 1669 (M.D. Fla. 2006) .......... 4

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos.*
210 F.3d 1099 (9th Cir. 2000) .......... 3

*Sherman & Co. v. Salton Maxim Housewares, Inc.*
94 F.Supp.3d 817 (E.D. Mich. 2000) .......... 5, 6

*Sonista, Inc. v. David Hsieh*
2005 U.S. Dist LEXIS 31397 (N.D. Cal. Nov. 21, 2005) .......... 3

**Cases (State)**

*Chrisman v. City of Los Angeles*
155 Cal. App. 4th 29 (Cal. 2007) .......... 7

*Mahru v. Superior Court*
191 Cal. App. 3d 545 (Cal. 1987) .......... 7

*People v. Gentry*

234 Cal. App.2d 131 (Cal. 1991) ........ 7

**Statutes**

18 U.S.C. §1030 et seq. ........ 1, 3, 5, 8

18 U.S.C. §2701 et seq. ........ 1, 6, 7, 8

California Penal Code §502 ........ 1, 7, 8

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF VERIGY US, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT DEFENDANTS HEREIN SHALL AND HEREBY DO move the Court for (a) summary adjudication as to Verigy US, Inc.'s ("Verigy") Third Claim for Relief, under the Computer Fraud and Abuse Act, (b) summary adjudication as to Verigy's Fourth Claim for Relief, under the Electronic Communications Privacy Act and (c) summary adjudication as to the Fifth Claim for Relief, under the California Penal Code. This Motion is made on the grounds that none of these claims for relief is actionable against Defendants in that none of them gained access to the computers or computer files of Verigy without authorization, or in a manner that exceeded any authorized access.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Romi Mayder, the accompanying Declaration of Tim C. Hale, such other matters that are on file with the Court, and such matters as will be presented at the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Verigy's Complaint in this action is the proverbial "throw everything against the wall and see what sticks" pleading typically brought by large, well-heeled plaintiffs attempting to intimidate and outspend their adversaries. In so acting, Verigy has brought several claims that require acts related to unauthorized access to computer systems or computer files, namely its Third through Fifth Claims for Relief. But Verigy cannot possibly prove these claims, because at no time did any of the Defendants access computer systems or files which they were not authorized to access, or exceed any authority in accessing any Verigy computers or computer files. The law is clear that even if an employee accesses his employer's computers or computer files for improper purposes, including for alleged trade secret misappropriation, so long as the employee was authorized to engage in such access, no violation of the Computer Fraud and Abuse Act, the Stored Communications Act or California Penal Code §502 is made out. That is exactly the situation here; any computers or computer files to which any of the Defendants had access were

accessed by Romi Mayder at a time and under circumstances pursuant to which he was completely authorized to access such computers or files. Thus, these federal (and state) claims fail as a matter of law and Defendants are entitled to summary adjudication on Verigy's Third, Fourth, and Fifth Claims for Relief.

## STATEMENT OF FACTS

Defendant Romi Mayder's experience as an engineer in the semiconductor industry dates back to his adolescence, when he was first employed in his father and uncle's business. With over 20 years' experience in the industry, during which time he earned a degree in Electrical Engineering from U.C. Berkeley, Mr. Mayder had the opportunity to work at length in the automated test equipment field, and to appreciate and understand the challenge of increasing the throughput of automated test equipment by increasing testing parallelism. The sole product of Mr. Mayder's current business, defendant Silicon Test Systems, Inc. ("STS"), offers one solution to this throughput challenge. Declaration of Romi Mayder ("R. Mayder Decl."), submitted herewith, at ¶¶2-4.

In its Complaint, Verigy has asserted that Defendants gained unauthorized access to Verigy computers or computer systems and "protected information" therein. Declaration of Tim C. Hale ("Hale Decl."), submitted herewith, at ¶2, Exh. A thereto (hereinafter, the "Complaint") at ¶¶52-53, 57-58. Yet that same Complaint reveals that all of the so called improper access by Defendants, or particularly Romi Mayder, occurred while Mr. Mayder was employed by Verigy, or its predecessor, Agilent, Inc., not after he left employment with either. Further, as the Complaint also admits, Mr. Mayder's access to the computers and information that he is now accused of misappropriating was connected to the work he was authorized to conduct, and which he was charged by his employer to conduct, such that no unauthorized access whatsoever occurred. *Id.* ¶¶13-30. The statutes upon which Verigy based these claims were never meant to apply to an employee who had authorized access, even if such employee intended to misappropriate trade secrets or engage in other wrongful acts; such statutes are directed to outside computer hackers intent on damaging computer systems through viruses or worms. As a matter of law Verigy cannot make a showing of violation of either of the federal computer access statutes, as

well as the California Penal Code statute and summary adjudication on all three claims is warranted.

**ARGUMENT**

**I. DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION ON PLAINTIFF'S COMPUTER FRAUD AND ABUSE ACT CLAIM.**

Verigy's Third Claim for Relief is for an alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 *et seq*. Complaint at ¶¶50-54. Yet the facts are uncontroverted, and Verigy's own Complaint admits as much, that any information that Defendants are alleged to have taken or misused was information that Defendant Romi Mayder was authorized to have access to while he was an employee of Agilent or Verigy. That is, there is no evidence of any Defendant having ever accessed a Verigy or Agilent computer, or computer files, at a time that such person was either not authorized to access the same, or in a manner that exceeded any authorized access. Summary adjudication on this Claim for Relief should be granted.

**A. The Standard for Summary Judgment or Adjudication is Well-Settled.**

The standard for when summary judgment or summary adjudication may be granted is well-settled. As the Ninth Circuit has stated:

> In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the non-moving party's claim or defense or show that the non-moving party does not have enough evidence to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact.

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Facts are material if they may affect the outcome of the case. *Sonista, Inc. v. David Hsieh*, 2005 U.S. Dist. LEXIS 31397, at *3 (N.D. Cal. Nov. 21, 2005). Further, when the motion is well supported, the non-moving party must present specific facts that demonstrate that contradiction is possible. *Bursese v. Paypal, Inc.*, 2007 U.S. Dist. LEXIS 12785, at *9 (N.D. Cal. Feb. 12, 2007). That is, the responding party must set forth specific facts by affidavit or other admissible evidence demonstrating that there is an issue for trial. *Id.* Here, under the facts as admitted by Verigy in its own Complaint, and as set forth in the accompanying Declaration of Romi Mayder, establish

beyond a peradventure that no claim for violation of the Computer Fraud and Abuse Act can be made out by Verigy.

**B. Verigy Cannot Prove Unauthorized Access.**

The Computer Fraud and Abuse Act ("CFAA") at a minimum requires that the defendant has accessed a computer either without authorization or in excess of any authorization. *International Ass'n. of Machinists and Aerospace Workers v. Werner-Matsuda*, 390 F.Supp.2d 479, 495 (D. Md. 2005). The general purpose of the CFAA[1] was to create a cause of action against computer hackers. *Id.* The legislative history demonstrates that its enactment was meant to provide legal redress for serious computer abuse, such as when the defendant transmitted computer viruses or worms meant to damage a computer system and the information contained therein. *Id.* at 496; *see also, e.g.*, *Int'l Airport Ctrs. L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006). Where a party has consented to access to its computer system by another, there can be no claim of unauthorized access. *Am. Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F.Supp. 1473, 1475 (D. Minn. 1991). The CFAA does not provide a claim for relief for the unauthorized disclosure or use of information, but only unauthorized access. *Id.* at 498-99. Indeed, the CFAA is not meant to be an alternative legal remedy for what is otherwise a claim for alleged trade secret misappropriation. *Lockheed Martin Corp. v. Speed*, 81 U.S.P.Q.2d 1669 (M.D. Fla. 2006). Where a party is alleged to have gained access to and made copies of information while still employed and authorized to access computer systems, no CFAA claim will lie. *Brett Senior & Assocs., P.C. v. Fitzgerald*, 26 BNA IER Cas. 674 (E.D.Pa. 2007).

Here, there is no, and can be no, evidence of unauthorized access to Verigy's computers or information stored thereon by the Defendants. The only Defendant to work for Verigy, Romi Mayder, was fully authorized to access information on the Agilent and Verigy computer systems while he worked for such entities. R. Mayder Decl. at ¶¶7-9. Indeed, Verigy's own Complaint

1 The court in *Werner-Matsuda* also held that a claim under 18 U.S.C. Section 2701, Verigy's Fourth Claim for Relief, and referenced therein as a "SECA" claim, also was enacted to provide legal relief against computer hackers or electronic trespassers, not against persons who had authorized access, even if their intent in gaining such access was wrongful. *Werner-Matsuda*, 390 F.Supp.2d at 495.

contains admissions against interest in this regard, namely:

1) Romi Mayder was employed by Verigy and its predecessors from June 15, 1998 through September 22, 2006. Complaint at ¶13;

2) Romi Mayder worked on a project called the "Verigy Project" in the Complaint, involving research and development using technology to increase the parallelism of Verigy's semiconductor testers. Complaint at ¶14;

3) "*While Mayder was employed by Verigy and Verigy's predecessors-in-interest,* he was responsible for several research and development projects for the creation of new products to improve Verigy's silicon chip testing systems, including the Verigy Project. During each of these projects *Mayder had access to Verigy's Confidential Information and Trade* Secrets relating to his projects as well as other projects being developed by other employees." Complaint at ¶17 (emphasis added).

While Verigy pleads various disclosures made by Mr. Mayder that it claims to be wrongful (Complaint at ¶¶22-27), none of them are said to have been made as a result of Mr. Mayder's accessing any computer system that he was not authorized to access. Indeed, all such disclosures are alleged to have occurred while he was still employed by Verigy, and none are based upon his having accessed any Verigy computer improperly. Further, Mr. Mayder's unrefuted testimony is that at no time did he access a Verigy-related computer that he was not authorized to access, and at no time after leaving Verigy's employ, when arguably he could be said not to have authority to access the Verigy computers, did he do so. R. Mayder Decl. at ¶¶7-8.[2] Verigy has improperly attempted to turn a trade secret misappropriation claim into one for violation of the CFAA.

Verigy's CFAA claim fails for an additional reason: Verigy has not alleged that it has suffered "loss" in the sense required by the CFAA. "Loss" is defined in 18 U.S.C. §1030(e)(11) as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and *restoring the data, program, system or information to its condition prior to the offense*, and any revenue lost, cost incurred, or other consequential damages incurred *because of interruption of service…."* (Emphasis added). That is, as noted above, the CFAA was enacted to address the damage to or destruction of computer systems and electronic information; where there is in fact no damage to the computer system or information, and no interruption of

[2] Indeed, even where a defendant accesses a computer system after his employment has ended, if he originally had authorized access and the plaintiff failed to take steps after the termination of employment to bar further access, no violation of the CFAA or SECA is made out. *Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F.Supp.2d 817, 821 (E.D. Mich. 2000).

access to such information, there can be no "loss" for CFAA purposes. *Cenveno v. Celumsolutions Software GmbH & Co.*, 28 BNA IER Cas. 1833 (E.D. Cal. 2007).

Verigy has not pled, and cannot plead, that there was any interruption of its computer systems, loss of access to data, or money spent to restore any lost data or computer system. Rather, it has attempted to plead loss in the nature of Defendants' having allegedly "collect[ed] and disseminat[ed] confidential and proprietary information…." Complaint at ¶53. This is not the kind of loss that will support a CFAA claim, and for this additional reason Defendants are entitled to summary adjudication on Verigy's Third Claim for Relief.

**II. DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION ON PLAINTIFF'S CLAIM OF ALLEGED VIOLATIONS OF THE FEDERAL ELECTRONIC COMMUNICATIONS PRIVACY ACT.**

Verigy's Fourth Claim for Relief, styled as being brought under the "Electronic Communications Privacy Act," alleges violation of 18 U.S.C. § 2701 *et. seq.*, or what is known at times as the Stored Wire and Electronic Communications and Transactional Records Access Act, or "SECA." *Werner-Matsuda*, 390 F.Supp.2d at 494. As noted above, SECA, like CFAA, was designed to prevent, or create consequences for, the unauthorized trespass on computer systems by outsiders, namely computer hackers. *Id.* at 495. Under 18 U.S.C. § 2701, whoever intentionally accesses without authorization a facility through which an electronic communication service is provided, or one who intentionally exceeds his authority to access such a facility and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in storage can be punished under SECA.

As with a CFAA claim, a claim under SECA "prohibits only unauthorized access and not the misappropriation or disclosure of information, [and] *there is no violation of section 2701 for a person with authorized access to the database no matter how malicious or larcenous his intended use of that access.* Section 2701 outlaws illegal entry, not larceny." *Id.* at 496, *citing Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F.Supp.2d 817, 821 (E.D. Mich. 2000)(emphasis added by *Werner-Matsuda* court). Where a person is authorized to access confidential information, no violation for such access can be made out under SECA no matter what use is thereafter made of such information. *Werner-Matsuda*, 390 F.Supp.2d at 497.

Here, there can be no violation of SECA, because Romi Mayder was authorized to access the information that he is accused of misappropriating. R. Mayder Decl. at ¶¶7-9.[3] As stated above, Verigy has admitted that Mr. Mayder's access to its alleged proprietary information was while Mr. Mayder was employed by Verigy or its predecessors. No allegation is contained in the Verigy Complaint that Mr. Mayder was not authorized to access such information while employed by Verigy or its related companies, and it is unrefuted that he was so authorized. R. Mayder Decl. at ¶¶7-8. Verigy has no evidence that Romi Mayder or any other Defendant accessed its computers while unauthorized to do so, and summary adjudication on the Fourth Claim for Relief is warranted.

## III. VERIGY'S CALIFORNIA PENAL CODE CLAIM ALSO FAILS.

Verigy's Fifth Claim for Relief is for alleged violation of California Penal Code § 502. Section 502 was enacted by the California Legislature "to expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Subsection (c) of Penal Code § 502 sets forth the prohibited actions; subsection (h) provides in relevant part, however, that one cannot be liable for any of the subsection (c) violations where the alleged wrongful acts "are committed by a person within the scope of his or her lawful employment. For purposes of this section, a person acts within the scope of his or her employment when he or she performs acts which are reasonably necessary to the performance of his or her work assignment."

As with a claim under CFAA and SECA, the purpose of Section 502 is to thwart hackers and outsiders from breaking into computer systems and causing damage thereto. *People v. Gentry*, 234 Cal.App.2d 131, 141 (1991). As interpreted, it cannot be a violation of Penal Code § 502 for an employee to use his employer's computer in the course of the employer's business, even if he does so in a manner that is damaging and is intended to harm the employer. *Mahru v. Superior Court*, 191 Cal.App.3d 545, 549 (1987). Simply because an employer may later disapprove of the manner in which its computers were used by the employee does not create a claim under Section 502. *Chrisman v. City of Los Angeles*, 155 Cal.App.4th 29, 36 (2007).

---

[3] Nor is there any issue of any other Defendant ever having had access to Verigy or Agilent computer systems.

Again, as with Verigy's CFAA and SECA claims, Verigy makes no allegation, and cannot make such an allegation, and certainly has no evidence, that any Defendant accessed its computers outside the scope of employment or otherwise in violation of the California Penal Code (even assuming that some civil private right of action can be possibly framed under it, it certainly cannot be framed against an existing employee who has the right in the first place to access information). As such, summary adjudication on Verigy's Fifth Claim for Relief is also mandated.

## CONCLUSION

Romi Mayder was fully authorized to access Verigy's computers and related information system while working for Verigy and its predecessor, Agilent, as well as Agilent's predecessor, Hewlett-Packard. Even if Mr. Mayder had years and years of malicious intent in doing so (which is not proven and cannot be proven on this record given the number of patent applications that he filed for Verigy!), his access to Verigy or predecessor-company computers was authorized and within the scope of his employment. He was not only authorized, but required, to access the information that he is now charged with having misappropriated in order to carry out his employment duties, facts admitted by Verigy. Complaint at ¶¶13-30. As such this motion for summary adjudication should be granted and the related claims for relief should be dismissed with prejudice.

Respectfully submitted,

Dated: July 28, 2008 By: /s/ Jack Russo

Jack Russo
Tim C. Hale
John Kelley

RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
thale@computerlaw.com
jkelley@computerlaw.com

ATTORNEYS FOR DEFENDANTS & COUNTERCLAIMANTS ROMI MAYDER, WESLEY MAYDER, STS, LLC AND STS, INC.