1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
          thale@computerlaw.com
6         jkelley@computerlaw.com

7  Attorneys for defendants and counterclaimants
   WESLEY MAYDER, ROMI MAYDER,
8  SILICON TEST SOLUTIONS LLC, and
   SILICON TEST SYSTEMS INC

9                  IN THE UNITED STATES DISTRICT COURT

10              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12

13 | VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL)
   |                                          |
14 |                        Plaintiff,        | **DECLARATION OF ROMI MAYDER IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION ON VERIGY'S THIRD THROUGH FIFTH CLAIMS FOR RELIEF**
15 |             v.                           |
   |                                          | **Date: September 5, 2008**
16 | ROMI OMAR MAYDER, an individual;         | **Time: 9:00 a.m.**
   | WESLEY MAYDER, an individual; SILICON    | **Ctrm: 6**
17 | TEST SYSTEMS, INC., a California         | **Before the Hon. Ronald Whyte**
   | Corporation; and SILICON TEST            |
18 | SOLUTIONS, LLC, a California Limited     |
   | Liability Corporation, inclusive,        |
19 |                                          | Complaint Filed: August 22, 2007
   |                        Defendants.       | Trial Date: December 8, 2008 (jury trial)
20 |                                          | (Defendants have elected to reserve their jury
   |                                          | trial rights under F.R.C.P., Rule 38)
21

22 AND RELATED COUNTERCLAIMS.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ᴿᴹ

R. Mayder Decl. Supp. Mot. Summ . Adj. 3rd-5th Claims        Case No. 5:07-cv-04330-RMW (HRL)

1    I, Romi Mayder, declare under penalty of perjury as follows:

2    1.    The matters stated herein are true and correct of my personal knowledge, unless stated on information and belief, which matters I believe to be true. I could and would competently testify to the matters set forth herein if called as a witness.

2.    My father and uncle have worked in the ATE (automatic test equipment) industry since the 1970s. I started working with them in the ATE field when I was 16 years old—more than 20 years ago. Accordingly, I have worked in the ATE (automatic test equipment) industry for over 20 years. I have held positions such as semiconductor process engineer, manufacturing engineer, applications engineer, marketing engineer, project manager, design engineer, expert design engineer, and chief executive officer throughout my career in the ATE industry.

3.    I graduated from the University of California at Berkeley in 1992 with a Bachelor of Science degree in electrical engineering. My father, Gary Mayder, graduated from the University of California at Berkeley in 1965 with a master's of science degree in electrical engineering. My grandfather, L. Wesley Mayder, graduated from the University at Berkeley in 1939 with a Bachelor of Science degree in engineering. My mom's brother (my uncle), Isam Qubain, graduated from the University of California at Berkeley with a Bachelor of Science degree in electrical engineering. My Dad's brother (another uncle), Noel Mayder, graduated from the University of California at Berkeley in 1967 with a Bachelor of Science degree in engineering. My mom's brother, (yet another uncle) Edward Qubain, graduated from the University of California at Los Angeles with a Bachelor of Science degree in electrical engineering.

4.    In 1974, two of my uncles, Isam Qubain, and Edward Qubain founded Best IC Laboratories in Sunnyvale, California. In 1979, my father, Gary Mayder joined them as a principal owner and V.P. of Engineering. Best IC Laboratories had offices in Austin, Texas, Singapore, and Penang, Malaysia. The business of Best IC Laboratories focused on testing memory devices. Best IC Laboratories was sold to DTS (Digital Test Systems) in 2000. DTS' business was focused mainly on testing logic devices. The purchase of Best IC Laboratories allowed the combined companies to test both memory and logic devices.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

R. Mayder Decl. Supp. Mot. Summ . Adj. 3rd-5th Claims    1    Case No. 5:07-cv-04330-RMW (HRL)

5.     I worked at Best IC Laboratories while I was in high school and also during summers when I was in college. Accordingly, before ever starting work for Verigy US, Inc. ("Verigy") (and even before starting work for Agilent as well as for HP), I had over ten years of experience in the ATE field and I had been part of my conversations with my dad, with my uncles and even with my grandfather about the challenge of increasing the throughput of automated test equipment by increasing testing parallelism. I have been thinking about that problem since I was in my teens. I am now 37 years old.

6.     In the complaint filed against me and the other defendants by Verigy in this action, Verigy has included, as I understand them, three claims which appear to depend upon some form of improper access to Verigy (or Agilent, Verigy's predecessor) computers or computer information, namely the Third through Fifth Claims for Relief.

7.     I left Verigy's employment on September 21, 2006. Prior to that time I had been employed full time by Verigy, Agilent, and Agilent's predecessor, Hewlett Packard, since 1998. During my work at all three companies, I was granted access to, and in fact was required to access, the computer systems and computer information of the companies' in order to carry out my job responsibilities. I am not aware of any computer systems that I was unauthorized to access while employed at these companies, and even if there were such systems, at no time while working for these companies did I in fact access any such systems, or any information that I was not authorized to access in order to carry out my job responsibilities.

8.     Verigy's complaint against me in this matter confirms what I have stated above. In paragraph 17 of the complaint, Verigy admits that I had authorized access to a wide variety of information while working there. All of the information that Verigy has claimed I improperly took was information that it has alleged I had authorized access to while employed there. The complaint contains no allegation, and could not rightfully contain any such allegation, that I accessed any Verigy, Agilent or Hewlett Packard computers after September 21, 2006, because that simply never happened. Indeed, after September 21, 2006, there were many emails containing attachments that many Verigy employees sent to me from their computers to my home computer and to my work computers at STS LLC and STS Inc. in an authorized fashion as they asked me to

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

R. Mayder Decl. Supp. Mot. Summ . Adj. 3rd-5th Claims    2              Case No. 5:07-cv-04330-RMW (HRL)

1 provide them with additional post-employment help and I provided them (without any concern or
2 complaint by Verigy) additional help including drafting patent applications that were assigned to
3 Verigy (not for me) and which I helped Verigy get filed.  After my employment ended on
4 September 21, 2006, Verigy never asked me to sign an NDA (non-disclosure agreement) and I
5 never did sign an NDA with Verigy.  Many Verigy employees contacted me by phone at STS's
6 publicly listed phone number and also at my home phone to ask me many technical questions.  It is
7 my belief and understanding that I answered these questions to the satisfaction of Verigy.

8       9.     On information and belief, my understanding is that I have not taken any non-public
9 information that was or that could be Verigy's or Agilent's trade secret information; if Verigy
10 proves otherwise, it will only have proven that I did so solely based on access to such information
11 while employed by these companies and never based upon any access that was unauthorized.

12      I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct.  Executed on July 28, 2008 in San Jose, California.

14
                                                                    _____/s/ Romi Mayder_____
15 _____                                   Romi Mayder

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

R. Mayder Decl. Supp. Mot. Summ . Adj. 3rd-5th Claims    3    Case No. 5:07-cv-04330-RMW (HRL)