DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

**PUBLIC VERSION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VERIGY US, INC, a Delaware Corporation

Plaintiff,

vs.

ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,

Defendants.

AND RELATED CROSS ACTIONS

Case No. C07-04330 RMW (HRL)

**DECLARATION OF MICHAEL W. STEBBINS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY AJUDICATION AND FOR MODIFICATION OF PRELIMINARY INJUNCTION**

Date: September 5, 2008
Time: 9:00 am
Ctrm.: 6
Judge: Hon. Ronald M. Whyte

Complaint Filed: August 22, 2007
Trial Date: None Set

**PUBLIC VERSION OF HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

I, Michael W. Stebbins, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner with the law firm of Bergeson, LLP, counsel of record for Plaintiff Verigy US, Inc. ("Verigy") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Verigy's Opposition to Defendants' Motion for Summary Adjudication and Motion for Modification of Preliminary Injunction.

3. Attached hereto as **Exhibit A** is a true and correct copy of an e-mail, dated January 24, 2008, from Romi Mayder to Chris Straube, Honeywell's manufacturer's representative which lists the five non-functioning features of Defendants' ASIC. This document was produced by Mr. Straube and was Exhibit 186 to his deposition taken on July 31 and August 14, 2008.

4. Attached hereto as **Exhibit B** is a true and correct copy of an e-mail string, dated July 17, 2008, between Romi Mayder, Chris Straube and Honeywell representatives which attaches a new proposal for Phase II of the development and manufacture of Defendants' product. This document was produced by Defendants, has been marked as STSI 000292-STSI 000305 and was Exhibit 195 to the Straube Deposition, taken on July 31 and August 14, 2008. The page labeled STSI 000295 is a timeline for the Phase II development indicating that the parts will be available for shipping on December 12, 2008.

5. Attached hereto as **Exhibit C** is a true and correct copy of the January 15, 2008 Transcript of Preliminary Injunction Hearing.

6. Attached hereto as **Exhibit D** is a true and correct copy of the April 11, 2008 Transcript of Contempt Hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 15th day of August, 2008 at San Jose, California.

/s/
Michael W. Stebbins

# EXHIBIT A

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT B

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT C

# HIGHLY CONFIDENTIAL

## ATTORNEYS EYES ONLY

# FILED UNDER SEAL

# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VERIGY US, INC., A DELAWARE CORPORATION, PLAINTIFF, VS. ROMI OMAR MAYDER, AN INDIVIDUAL; WESLEY MAYDER, AN INDIVIDUAL; SILICON TEST SYSTEMS, INC., A CALIFORNIA CORPORATION; AND SILICON TEST SOLUTIONS, LLC, A CALIFORNIA LIMITED LIABILITY CORPORATION, INCLUSIVE, DEFENDANTS. | ) | C-07-04330 RMW<br>SAN JOSE, CALIFORNIA<br>APRIL 11, 2008<br>PAGES 1-28 |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF: BERGESON, LLP
BY: MINDY M. MORTON
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110

APPEARANCES CONTINUED ON NEXT PAGE

OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

APPEARANCES (CONTINUED)

FOR THE DEFENDANT: MOUNT & STOELKER, P.C.
BY: DANIEL S. MOUNT,
DAN H. FINGERMAN, AND
KEVIN M. PASQUINELLI
333 WEST SAN CARLOS STREET
SUITE 1650
SAN JOSE, CALIFORNIA 95110

THE COURT: WHAT CASE DO YOU FEEL SAYS THAT IT'S PUNITIVE TO EXTEND AN OLD ORDER?

MR. MOUNT: WELL, YOU CANNOT -- ACTUALLY, MR. FINGERMAN MIGHT HELP ME WITH THAT, YOUR HONOR. HE HAD BRIEFED THAT.

I BELIEVE IT WAS --

MR. FINGERMAN: IT WAS IN, IN HICKS VERSUS FEIOCK CITED IN OUR BRIEF.

THE COURT: WHAT'S THE SITE?

MR. FINGERMAN: I'M SORRY?

THE COURT: WHAT'S THE SITE?

MR. FINGERMAN: IT WAS 485 U.S. 624, A SUPREME COURT CASE IN 1988 WHERE THE COURT HELD THAT A, A REMEDY HAVING ANY FIXED TERM WAS PUNITIVE RATHER THAN COMPENSATORY.

AND IT WAS ALSO NOT COERCIVE BECAUSE THE FIXED TERM OF THE -- THE FIXED TERM OF THE, OF ANY NEW INJUNCTION WOULD MEAN THAT THE DEFENDANTS WOULD NOT HAVE AN OPPORTUNITY TO AVOID IT.

AND THERE HASN'T BEEN ANY SHOWING IN THE PAPERS OF ANY HARM AND THERE HASN'T BEEN ANY SHOWING THAT ANY SPECIFIC DURATION OF AN INJUNCTION WOULD COMPENSATE ANY SPECIFIED HARM HERE.

THE COURT: OKAY.

MR. MOUNT: AND THE CASES THAT ARE RELIED

OUT, THAT IT WOULD BE PUNITIVE TO DELAY THE PERIOD OF -- FOR THE PERIOD OF TIME THAT THEY GOT THE JUMP ON THE RELEASE OF THEIR PRODUCT.

MR. MOUNT: WELL, BUT THE CHANGE OF IT, TO BASE THAT ON A CONTEMPT IS THE PROBLEM, YOUR HONOR.

EVEN IN THE MACOMB CASE WHERE SOMEONE WANTED TO CHANGE THE SCOPE OF AN INJUNCTION, IN MACOMB, WHICH, AGAIN, IS 336 U.S. 187, THE COURT CONSIDERED THE NEW REQUEST AS AN APPLICATION TO AMEND THE PLEADING.

THAT WAS A WAGE AND HOUR CASE AND THEY WERE ALLOWED TO EXTEND THE DURATION, BUT THEY HAD TO EFFECTIVELY TREAT IT AS THE FILING OF A NEW ACTION AND A NEW RELIEF.

BUT LET ME GO BACK TO WHAT I THINK IS MAYBE YOUR FUNDAMENTAL CONCERN, AND THAT IS THE HEAD START.

YOUR HONOR, YOU MAY RECALL THAT YOU, YOU LOOKED IN GREAT DETAIL AT WHAT AMOUNT OF BENEFIT WAS OBTAINED BECAUSE OF THE AVAILABILITY OF INFORMATION.

AND BY, BY ENJOINING ACTIVITY FOR FIVE MONTHS -- WHICH WAS WELL BEYOND THE TWO WEEKS THAT WE FELT THEIR EXPERT HAD ACKNOWLEDGED WAS THE OUTER

10:07:00 END, THEY ASKED FOR EIGHT MONTHS BECAUSE THEY THOUGHT THAT IT WAS IN AN EIGHT MONTH PROCESS.

BUT YOU CAREFULLY WENT THROUGH THAT AND CAME TO A CONCLUSION THAT A FIVE MONTH HEAD START WAS FAIR. YOU RECALL WE WORKED IN-HOUSE FOR A NUMBER OF MONTHS. WE HAD ACCESS TO INFORMATION. AND YOUR DETERMINATION THAT A FIVE MONTH HEAD START SHOULD BE STOPPED IS WHAT YOU DID.

IT WAS A BALANCED -- IT WAS A BALANCING THAT RELATED EXACTLY TO THE ISSUES CONCERNING WHAT'S THE SCOPE OF THE PROTECTION, WHAT'S THE SCOPE OF THE TRADE SECRET.

AND THAT SHOULDN'T BE UPSET NOW AND SAY, WELL, I'M ANNOYED OR I BELIEVE THAT YOU'VE DONE SOMETHING WRONG IN THIS CONTEMPT PROCEEDING AND, THEREFORE, I'M GOING TO CHANGE MY ANALYSIS ABOUT THE HEAD START ISSUE.

AT THE TIME YOU RULED ON THAT HEAD START, YOUR HONOR, WE HAD ARGUED TO YOU THAT INTEL WAS PRESENT AND HAD WANTED THIS PRODUCT. YOU WERE FULLY AWARE, EVERYONE WAS FULLY AWARE THAT INTEL WAS IN THE PICTURE.

AND THAT ANALYSIS DOESN'T CHANGE BECAUSE OF THE CURRENT ARGUMENT.

THE COURT: SO IS IT YOUR ARGUMENT THAT

10:11:16 AND WE HAVE CRUSHED A COMPETITOR, WHICH WAS AN EXAGGERATION AS WELL, YOUR HONOR.

BUT THAT'S A DIFFERENT QUESTION, HAPPILY BRIEFED AND ARGUED LATER.

BUT IT SHOULDN'T INFLUENCE THE COURT NOW IN TERMS OF TRYING TO ASSESS, WAS -- WERE THE DEFENDANTS ON NOTICE OF SPECIFIC CLEAR BEHAVIOR THAT WAS CLEARLY PROHIBITED, AND DID THEY VIOLATE THAT WITH FULL KNOWLEDGE?

AND THAT'S WHERE I THINK THE COURT DESERVES A SECOND LOOK AT, AGAIN, THE NATURE OF WHAT'S SECRET, THAT YOU HAVE TO READ THE TRO IN THE CONTEXT OF WHAT DOES THE PLAINTIFF CLAIMS ARE SECRET, WHICH WAS MODIFIED.

AND RECALL THE VERY LENGTHY AND EXPANSIVE LIST OF EXHIBITS.

BUT IN DIALOGUE AND IN THEIR FILINGS, THEY ULTIMATELY ACKNOWLEDGED IT'S ONLY A COMPILATION, WHICH EVEN THE COURT ACKNOWLEDGED AT THE TIME OF THE INJUNCTION THAT IT'S ONLY A COMPILATION.

AND, AGAIN, IF THE PLAINTIFFS DON'T SET FORTH THE COMPENSATORY DAMAGE THAT THEY, THAT THEY WOULD LIKE, IT'S NOT FOR THE COURT TO HAVE TO REMEDY THAT FOR THEM.

10:12:16 THEY COULD HAVE COME IN AND SAID, HEY,
10:12:19 BECAUSE OF THESE COMMUNICATIONS WHICH VIOLATED, OR
10:12:21 BECAUSE THERE WAS USE OF THIS COMPILATION, WE
10:12:23 SUFFERED A LOSS OF SALES OR WE SUFFERED A SPECIFIC
10:12:27 DAMAGE, AND THEN THAT WOULD BE THE THING TO DO.
10:12:29 BUT NOT TO, TO -- NOT TO RAISE THAT BY
10:12:33 REPLY OR OTHERWISE.
10:12:34 AND NOT TO ALSO SUGGEST -- THE OTHER
10:12:36 THING LOGICALLY, YOUR HONOR, IT DOESN'T LOGICALLY
10:12:39 FLOW THAT THE USE OF INFORMATION TO WHICH
10:12:41 MR. MAYDER HAD ACCESS FOR A NUMBER OF MONTHS WHILE
10:12:44 HE WORKED THERE, THAT YOU CAREFULLY BALANCED IN
10:12:46 TERMS OF THE SCOPE AND THE ABILITY TO DESIGN AROUND
10:12:48 AND SO ON, YOU DON'T JUST CHANGE THAT AS A MEANS OF
10:12:52 PUNISHING US OR MAKING US COMPENSATE IN A DIFFERENT
10:12:55 FASHION.
10:12:56 THAT -- THE ANALYSIS YOU DID IN YOUR
10:12:58 PRELIMINARY INJUNCTION, YOUR HONOR, WAS CAREFUL AND
10:13:00 THOUGHTFUL AND VERY GENEROUS TO VERIGY.
10:13:04 BUT IT SHOULDN'T BE -- IT SHOULDN'T BE
10:13:06 UPSET NOW SIMPLY BECAUSE THEY HAVE SUGGESTED THAT,
10:13:09 THAT SOME COMPONENTS OF THAT COMPILATION FOUND
10:13:15 THEIR WAY INTO, INTO USEFUL ACTIVITIES OF THE
10:13:17 DEFENDANTS.
10:13:18 THE COURT: OKAY. THANK YOU.