| | |
|---|---|
| 1 | DANIEL J. BERGESON, Bar No. 105439<br>dbergeson@be-law.com |
| 2 | MELINDA M. MORTON, Bar No. 209373<br>mmorton@be-law.com |
| 3 | MICHAEL W. STEBBINS, Bar No. 138326<br>mstebbins@be-law.com |
| 4 | BERGESON, LLP<br>303 Almaden Boulevard, Suite 500 |
| 5 | San Jose, CA 95110-2712<br>Telephone: (408) 291-6200 |
| 6 | Facsimile: (408) 297-6000 |

***E-FILED - 8/21/08***

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual;<br>WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C07 04330 RMW (HRL)<br><br>STIPULATION AND [PROPOSED] ORDER FOR LIMITED MODIFICATION OF ORDER RE: MAY 23, 2008 CASE MANAGEMENT CONFERENCE HEARING<br><br>Judge:           Hon. Ronald M. Whyte<br>Complaint Filed:   August 22, 2007 |

## STIPULATION

1.      Pursuant to agreement, Plaintiff Verigy US, Inc. ("Verigy"), and Defendants Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC (collectively "Defendants"), by and through their respective counsel of record, do hereby stipulate and agree, and hereby jointly request, that the Court (a) allow the parties to take the depositions of (i) Honeywell International Inc. ("Honeywell") pursuant to F.R.C.P. 30(b)(6), (ii) one or more

current employees of Honeywell, and/or (iii) another ex-Honeywell employee, Mr. Grenville Hughes, (collectively, the "Honeywell-Related Depositions") at a date or dates to be agreed upon between the parties and counsel for Honeywell and Mr. Hughes in September 2008 after the August 29, 2008 Close of Fact Discovery; and (b) permit the parties to supplement, by September 25, 2008, any Expert Disclosures pursuant to F.R.C.P. 26 (a)(2) made on or before September 15, 2008 based upon specific evidence obtained from the Honeywell-Related Depositions, because it is anticipated that the Honeywell-Related Depositions will occur after September 15, 2008.

2. The parties have each subpoenaed Honeywell for deposition and the production of documents under F.R.C.P. 30(b)(6). The parties and counsel for Honeywell, Anthony Marks, Esq. of Perkins Coie Brown & Bain, originally agreed to a deposition on August 20, 2008 in Minneapolis and to a method for gathering responsive documents. However, in the course of gathering these documents, Honeywell's counsel has advised that there are likely to be in excess of 300MB (roughly 10-20 bankers boxes) of potentially responsive documents, which will not be processed in time for use at the agreed upon deposition date.

3. Verigy has also subpoenaed a former Honeywell employee, Mr. Grenville Hughes, who is believed to have information relating to the issues in dispute and to reside in Wavzata, Minnesota, near Minneapolis. The parties' understanding is that Mr. Hughes, who is likely also to be represented by Mr. Marks at his deposition, is unavailable for a late August 2008 deposition due to pre-arranged travel plans out of the country.

4. Because of the document production issues, Mr. Hughes' schedule, as well as Honeywell counsel's own travel schedule out of the country for the last two weeks of August 2008, the parties would be unable to conduct the Honeywell-Related Depositions prior to the August 29, 2008 fact discovery cutoff.

5. The parties and Honeywell counsel have tentatively made arrangements to conduct the Honeywell-Related Depositions over September 16-18, 2008 in Minneapolis.

6. The parties also request leave of the Court to permit the parties to supplement, by September 25, 2008, any Expert Disclosures pursuant to F.R.C.P. 26 (a)(2) made on or before September 15, 2008 based upon specific evidence obtained from the Honeywell-Related

Depositions, because it is anticipated that the Honeywell-Related Depositions will occur after September 15, 2008.

7. There have been no other modifications of the Court's Order Re: May 23, 2008 Case Management Conference Hearing.

8. In light of the foregoing, the parties hereby request that the Court allow the limited modification of the pre-trial schedule as requested and reflected above.

IT SO STIPULATED.

Dated: August 15, 2008                    BERGESON, LLP

                                          By: _____/s/_____
                                          Michael W. Stebbins, Esq.
                                          Attorneys for Plaintiff
                                          VERIGY US, INC.

Dated: August 15, 2008                    RUSSO & HALE, LLP

                                          By: _____/s/_____
                                          John Kelley, Esq.
                                          Attorneys for Defendants
                                          ROMI OMAR MAYDER, WESLEY
                                          MAYDER, SILICON TEST SYSTEMS,
                                          INC., and SILICON TEST SOLUTIONS,
                                          LLC

## ORDER

In consideration of the foregoing stipulation and good cause appearing therefor, IT IS SO ORDERED.

DATED: 8/21/08

*Ronald M. Whyte*
U. S. DISTRICT COURT JUDGE