1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   MELINDA M. MORTON, Bar No. 209373
    mmorton@be-law.com
3   DONALD P. GAGLIARDI, Bar No. 138979
    dgagliardi@be-law.com
4   MICHAEL W. STEBBINS, Bar No. 138326
    mstebbins@be-law.com
5   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
6   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
7   Facsimile:  (408) 297-6000

8   Attorneys for Plaintiff
    VERIGY US, INC.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  VERIGY US, INC, a Delaware Corporation,      Case No. C07 04330 RMW (HRL)

14                        Plaintiff,             **VERIGY'S NOTICE OF MOTION AND
                                                 MOTION FOR PROTECTIVE ORDER
15          vs.                                  RELIEVING VERIGY OF DUTY TO
                                                 RESPOND FURTHER TO SECOND
16  ROMI OMAR MAYDER, an individual;             AMENDED NOTICE OF RULE 30(b)(6)
    WESLEY MAYDER, an individual; SILICON        DEPOSITION PROPOUNDED BY
17  TEST SYSTEMS, INC., a California Corporation; DEFENDANTS; SUPPORTING
    and SILICON TEST SOLUTIONS, LLC, a           MEMORANDUM OF POINTS AND
18  California Limited Liability Corporation,     AUTHORITIES [Fed.R.Civ.P. 26(c)(1) and
    inclusive,                                   37]**
19
                          Defendants.            Date:    September 30, 2008
20                                               Time:    10 a.m.
                                                 Ctrm.:   2, 5th Floor
21                                               Judge:   Hon. Howard R. Lloyd
22
                                                 Complaint Filed:   August 22, 2007
23                                               Trial Date:        None Set
24
25  AND RELATED CROSS-ACTIONS
26
27
28

# NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Tuesday, September 30, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Howard R. Lloyd, United States Magistrate Judge, Courtroom 2, 5th Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, plaintiff Verigy U.S., Inc. ("Verigy"), shall and hereby does move the Court for a protective order relieving Verigy of the duty to respond further to Defendants' Second Amended Notice of Rule 30(b)(6) Deposition of Verigy US, Inc. ("Second Amended Depo Notice") except insofar as Verigy has already agreed to produce a corporate witness on certain topics in the Second Amended Notice, subject to objections.

The motion is made pursuant to Rules 26(c)(1) and 37 of the Federal Rules of Civil Procedure on the grounds that good cause exists for issuance of an order forbidding the aforementioned deposition questioning on certain topics to protect Verigy from annoyance, oppression, harassment, undue burden and expense.

The motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the declaration of Michael W. Stebbins, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

## STATEMENT OF ISSUES

(N.D. Cal. Civil L.R. 7-4)

1.    Should a protective order issue relieving Verigy of the duty to respond further to Defendants' Second Amended Notice of Rule 30(b)(6) Deposition of Verigy, US, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendants have propounded a corporate deposition notice to Verigy with nominally 39 separate topics.  (*See,* Declaration of Michael W. Stebbins ("Stebbins Decl."), ¶ 4 and Ex. C (copy of Second Amended Depo Notice").)  However, this notice includes not only these 39 topics, but literally dozens of subparts and some 78 complicated defined terms, resulting in a notice that

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.        C07-04330 RMW (HRL)

1    involves *more than a thousand different potential topics*.  Compounding Verigy's burden,

2    Defendants propounded the Second Amended Depo Notice on August 15, 2008 while setting the

3    deposition to commence on August 22, providing *only one week's notice*.  In addition to the

4    burden imposed by volume and short notice, many of Defendants proposed topic areas are

5    inappropriate for a Rule 30(b)(6) deposition, and violate the attorney work product doctrine.  The

6    "contention" style of many of the topic areas make them better suited for written discovery, and

7    unreasonable for corporate deposition testimony.  In sum, the scope, breadth, nature and timing of

8    these topics is enormous and it is unreasonable and inappropriate for Verigy to prepare and then

9    provide witnesses in this fashion.

10        The Second Amended Depo Notice is clearly calculated for harassment purposes and the

11   meet and confer process has not been successful in creating a more reasonable corporate

12   deposition notice.  Notwithstanding these issues, Verigy has, however, agreed to provide four (4)

13   separate witnesses to testify for a full seven (7) hour day each as to the bulk of the topics, as

14   limited by Verigy's objections.  This is, and should be deemed to be sufficient, and it would be

15   improper for Defendants to obtain through Verigy's deposition what it failed to obtain through

16   more appropriate means.  Accordingly, as discussed more fully below, entry of a protective order

17   precluding any further production of corporate witnesses or testimony is warranted.

18   **II.    PROCEDURAL BACKGROUND**

19        On August 4, 2008, Defendants propounded a Notice of Rule 30(b)(6) Deposition of

20   Verigy US, Inc.  (Stebbins Decl., ¶ 2 and Ex. A).  The document is some 50 pages in length and

21   includes 155 enumerated deposition topics.  Because of lengthy, complicated and confusing

22   subparts, both explicit and implicit, as well as nearly 80 defined terms, this notice actually

23   comprises thousands of topics.

24        On August 7, 2008, after a telephone call in which Verigy's discomfiture with the original

25   30(b)(6) notice was expressed due to its length, overbreadth and complexity, Defendants

26   propounded an Amended Notice of Rule 30(b)(6) Deposition of Verigy US, Inc.  (Stebbins Decl.,

27   ¶ 3 and Ex. B).  The document is 32 pages in length and includes 41 enumerated deposition topics,

28   but, still, because of subparts, both explicit and implicit, as well as the same complicated

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.    C07-04330 RMW (HRL)

1  definitions, comprises thousands of topics.

2       On August 15, 2008, Defendants propounded their Second Amended Depo Notice, which

3  is the currently operative document.  (Stebbins Decl., ¶ 4 and Ex. C).  The Second Amended Depo

4  Notice is 29 pages in length and includes 39 enumerated topics (38, since Deposition Topic No. 30

5  is blank) but, still, because of subparts, both explicit and implicit, as well as the same complicated

6  definitions, *still* comprises thousands of topics.

7       Counsel met and conferred regarding the Second Amended Depo Notice as well as the

8  previous incarnations.  (Stebbins Decl., ¶ 5 and Ex. D) (copies of meet-and-confer

9  correspondence).  Verigy has also served objections to the Second Amended Depo Notice.  (*Id.* ¶ 6

10  and Ex. E.)  Nevertheless, Verigy has agreed to designate four (4) separate corporate witnesses,

11  for up to seven hours each, on most of the topics indicated.  (*Id.*, ¶ 7 and Ex. F.)  However,

12  Defendants have still asked Verigy to withdraw its objections and provide more witnesses and

13  allow for more questioning.  Because the meet and confer process has been unsuccessful, Verigy

14  has been compelled to bring this motion for a protective order to prevent any further questioning.

15  **III.    DISCOVERY IN DISPUTE**

16       The discovery in dispute is Defendants' Second Amended Depo Notice.  (*See,* Stebbins

17  Decl., ¶ 4 and Ex. C.)

18       Deposition Topic No. 1 demands that Verigy produce a corporate witness to testify *not on*

19  *one single topic*, but instead to answer 36 explicit subparts (covering 4 pages of text with

20  numerous defined terms) and to do so *not once, but repeatedly*, "for each of the ALLEGED

21  TRADE SECRETS."  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at pp. 20-23).)  Thus, the actual number

22  of deposition topics in Deposition Topic No. 1 alone could be said to be 36X (where "X" equals

23  the number of alleged trade secrets, some 35 altogether),[1] or *twelve-hundred-sixty (1260) total*.

24       Many of the other deposition topics, for example, Deposition Topics 2, 3, 4, 5, 7, 12, and

25  16, are likewise not on one single topic but instead a multiple of "X" because they are phrased so

26  _____

27  [1]    *See* Plaintiff's Amended C.C.P. § 2019.210 Disclosure (Exhibit I to Stebbins Declaration).

28

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.      C07-04330 RMW (HRL)

1    as to require information "for each of the ALLEGED TRADE SECRETS."  (*See,* Stebbins Decl., ¶

2    4 and Ex. C, at pp. 23-26.)[2]

3         Deposition Topic No. 4 contains a multiple of 2X, or 70 separate topics, because, "for each

4    of the ALLEGED TRADE SECRETS" it requires (1) identification of the person involved in

5    conceiving the trade secret and (2) the period of time during which each such person was involved

6    in such conception. (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p. 23.)[3]

7         Deposition Topic No. 5 contains a multiple of 9X, or 315 separate topics.  (*See,* Stebbins

8    Decl., ¶ 4 and Ex. C, at p. 23.)

9         Deposition Topic No. 6 has two major explicit subparts, 6(A) and 6 (B), each taking up

10   literally half a page of text.  Each also has seven explicit lettered subparts, (a) through (g).  (*See,*

11   Stebbins Decl., ¶ 4 and Ex. C, at p.24.)  Thus, Deposition Topic No. 6 is in actuality 14 different

12   deposition topics.  Likewise Deposition Topics 23 and 29 have two major express subparts, 23(A)

13   and 23(B).  (*Id.,* at p.27).

14        Deposition Topic No. 7 contains a multiple of 11X, or 385 separate topics.  (*See,* Stebbins

15   Decl., ¶ 4 and Ex. C, at p. 24.)

16        Deposition Topic No. 8 has 10 lettered subparts, and thus is actually 10 different

17   deposition topics.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p.25.)

18        Deposition Topic No. 11 has 15 lettered subparts, multiplied by "X" for "any ALLEGED

19   TRADE SECRETS."  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at pp. 25-26.)  Thus, Deposition Topic

20   No. 11 is actually 525 different deposition topics.

_____

22   [2]     Deposition Topics No. 2 and 3 share this problem and, additionally, are *hopelessly
incoherent and inherently unanswerable by a human witness acting as a corporate designee.*
23   Deposition Topic No. 2:  "All of the specific ways, if any, in which each of the ALLEGED
TRADE SECRETS are *not* fully described in pages 1-7 and that portion of page 8 including only
24   numbers paragraphs [0032]-[0045] of page of deposition exhibit 120 in this LAWSUIT."  (*See,*
Stebbins Decl., ¶ 4 and Ex. C, at p. 23) (emphasis added).  Deposition Topic No. 3:  "All of the
25   specific ways, if any, in which each of the ALLEGED TRADE SECRETS allegedly described in
Parts 2(a)-(f) of the VERIGY TRADE SECRET LIST is not fully described in the patent
26   disclosures listed in Parts 2(a)-(f) of the VERIGY GRADE SECRET LIST.   Such topics are far
more susceptible of contention interrogatories.

27   [3]     This, of course, reads more like an interrogatory than a deposition topic, and more
28   appropriately should have been propounded as an interrogatory.

4

1    Deposition Topic No. 13 contains three different topics, related to disclosures to Verigy by

2    (1) Micron, (2) Toshiba and (3) Honeywell.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p. 26.)

3    Deposition Topic No. 14 seeks a witness to testify regarding the factual bases of 59

4    different paragraphs in the Complaint, and is thus 59 different deposition topics.  (*See,* Stebbins

5    Decl., ¶ 4 and Ex. C, at p. 26.)

6    Deposition Topic No. 19 seeks a witness to testify regarding the factual bases of 10

7    different interrogatory responses made by Verigy, and is thus 10 different deposition topics.  (*See,*

8    Stebbins Decl., ¶ 4 and Ex. C, at p. 27.)  Likewise, Deposition Topic No. 20 seeks a witness to

9    testify regarding the factual bases of 28 different responses to requests for admission by Verigy,

10   and is thus 28 different deposition topics.  (*Id.*)  Both of these topics are inappropriate,

11   burdensome and premature, since the interrogatory and admissions responses at issue in these

12   topics are not due until the last day of discovery which is the last day Verigy has agreed to provide

13   a 30(b)(6) witness.  Thus, Defendants want Verigy to prepare and provide a witness about written

14   discovery responses before those responses have even been finalized or served.

15   Deposition Topics 15, 22 and 34 are essentially duplicative of each other, seeking

16   information about Verigy's alleged damages, but stated in different words.  (*See,* Stebbins Decl., ¶

17   4 and Ex. C, at pp. 26-27.)

18   Deposition Topic No. 24 actually contains six different topics, and Deposition Topic No.

19   26 another three different topics.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p. 27.)

20   Deposition Topic No. 27 contains five express lettered subparts containing separate

21   deposition topics.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p. 28.)

22   Deposition Topics No. 33 and 37 contains two lettered subparts with separate deposition

23   topics.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at pp. 28-29.)

24   Deposition Topic No. 35, as phrased, in actuality contains potentially ninety-eight hundred

25   (*9800*) *topics*:  "[Five items] of any version of [seven items] for any [eight items] relating to any

26   VERIGY TRADE SECRET [*i.e.,* 35 separate items]."  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at pp.

27   28-29.)

28   Finally, the last deposition topic, Deposition Topic No. 39, is a mishmash of merely 5

5

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.    C07-04330 RMW (HRL)

different topics.  (*See,* Stebbins Decl., ¶ 4 and Ex. C at p.29).  Thus, the total number of topic areas requested by Defendants of Verigy, could be said to be twelve-thousand five hundred and eighty-four (**12,584**).

## IV.    ARGUMENT

Rule 26(c)(1) of the Federal Rules of Civil Procedure pertinently provides:
A party or any other person from whom discovery is sought may move for a protective order in the court where the action is pending….The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure of discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

* * * *

Fed.R.Civ.P. 26(c)(1).

"[U]nder Rule 26(c), the court may prevent a party from wasting its opponent's time and thereby causing undue burden and expense."  *Tri-State Hospital Supply Corp. v. U.S.*, 226 F.R.D. 118, 126 (D.D.C. 2005).  The federal discovery rules "preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden.  Consequently, the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim."  *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C3952, 2000 WL 116082 at *9 (N.D. Ill. Jan. 24, 2000) (internal citations omitted).

"[P]roper use of the Rule 30(b)(6) mechanism is a two-way street.  The discovering party must take reasonable steps to spell out and *confine* the definition of topics to be covered so that the preparation burdens imposed on the responding entity remain reasonable."  Kent Sinclair & Roger P. Fendrich, Discovery Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms, 50 *Ala. L. Rev*. 651, 663 (1999) (emphasis added).

## A.    THE TOPICS ARE OVERBROAD AND UNDULY BURDENSOME

In this case, Verigy has good cause to seek a protective order pursuant to Rule 26(c)(1) with respect to the Second Amended Depo Notice.  As mentioned above, the notice nominally contains 39 topics (38 since Topic No. 30 has been deleted) for Verigy's corporate designees. This alone would be quite burdensome, but in reality the Second Amended Depo Notice contains numerous subparts, both explicit and implicit, as well as nearly 80 definitions, many of which are quite complicated, which cause the actual number of topics to number in the *several thousands* (12,584, if every sub-part is accounted for and multiplied).

Further, Defendants' Second Amended Depo Notice demands that witnesses on each of these hundreds of topics be identified, prepared and produced *within a week!*  The Second Amended Depo Notice is dated August 15, 2008 yet demands the corporate deposition commence a week later on August 22.  (*See,* Stebbins Decl., ¶ 4 and Ex. C, at p.2.)  Commencement of the deposition has, however, been continued to August 26, 2008 giving Verigy a nominal reprieve to prepare. Although short notice was necessitated to some degree because of the impending discovery deadline of August 29, 2008, Defendants have only themselves to blame for these circumstances in waiting until August 2008 to first seek a Rule 30(b)(6) deposition of Verigy. Moreover, as a practical matter, preparing designated witnesses to testify not only as to what they know or recall but also the corporation's collective knowledge and formal position on the hundreds of topics demanded is, as should be self-evident, essentially impossible and absurd. [4]

There can be little argument that the Second Amended Depo Notice is unduly burdensome and warrants imposition of a protective order pursuant to Fed.R.Civ.P. 26(c)(1).  *Put simply, there are far too many topics which are far too complicated s on far too short of notice.*[5]  Verigy has agreed to produce four witnesses, for seven hours each, related to 33 of the 38 nominal topics

---

[4]    Indeed, the length, breadth and complexity of Defendants' original 30(b)(6) notice is almost absurd, the likes of which Verigy's counsel has never seen before.  The Second Amended Depo Notice is little better.  Defendants' 30(b)(6) notices are in stark contrast to Verigy's which contains some 29 easily understandable, narrowly tailored topics.  (*See* Stebbins Decl. at Ex. J.)

[5]    Further, Verigy has already answered numerous interrogatories on the same subject matter. (*See,* Stebbins Decl., ¶ 8, Ex. G, H.)

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.    C07-04330 RMW (HRL)

1   demanded.[6]  (*See,* Stebbins Decl., ¶ 6 and Ex. E.)  Verigy's designation of those individuals is

2   subject to its objections and this motion for protective order.  Verigy should not be required to do

3   anything more.

4       **B.    BY ITS 30(b)(6) NOTICE, DEFENDANTS SEEK TO CIRCUMVENT THE
            COURT'S ORDER LIMITING INTERROGATORIES AND TO INVADE**

5       **VERIGY'S PRIVILEGES**

6           Defendants' notice of Verigy's deposition pursuant to Fed.R.Civ.P. 30(b)(6) is, in addition

7   to being a none too subtle attempt to harass, annoy and burden Verigy, a thinly veiled and

8   impermissible attempt to shift discovery obligations from Defendants to Verigy.  This violates

9   discovery procedure and discovery privileges.  Defendants are not permitted to use the corporate

10  deposition provision of the Federal Rules of Civil Procedure to require Verigy to "marshall all of

11  its factual proof" and provide it to them.  To do so uses the wrong discovery tool and invades the

12  attorney-client and work product protections.  *In re Independent Service Organizations Antitrust*

13  *Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996).  The proper discovery tool for such inquiries in

14  complex intellectual property litigation is not the bright light of deposition, but contention

15  interrogatories.  *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 286 (N.D.

16  Cal. 1991); reversed on other grounds in *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.* 765

17  F.Supp. 611 (N.D.Cal.,1991)."  Moreover, because they failed to serve proper contention

18  interrogatories, Defendants' back door attempt to circumvent this Court's May 24, 2008 discovery

19  order limiting interrogatories to 25 (from that date) should not be permitted through Fed.R.Civ.P.

20  30(b)(6).[7]

21          In *McCormick,* a complex patent litigation case, plaintiff attempted to use Fed.R.Civ.P.

22  30(b)(6) to designate a witness to testify for the defendant corporation regarding all bases for

23  contentions made – including affirmative defenses.  As in this case, the designating party was

---

25  [6]     Verigy also will produce a witness to testify, with reasonable particularity, about its trade
        secrets which are the subject of this lawsuit, thereby giving Defendants all they could reasonably

26  be entitled to with respect to Topic No. 1 of the Second Amended Depo Notice.  (Stebbins Decl. ¶
        7.)

27  [7]     Defendants have served in excess of 25 interrogatories, including sub-parts, since that date.

28  (Stebbins Decl., ¶ 8, Ex. G, H.)

1    concerned that defendants were attempting to create a record for trial purposes and to limit

2    evidence introduced at trial.  As in this case, the designating party also had pretrial concerns

3    whether it was possible to designate "a human being" capable of so testifying.  Magistrate Judge

4    Brazil agreed with both concerns.  *Id.* at 286-287.  Judge Brazil held that to obtain such discovery

5    on the bases for contentions, use of "contention" interrogatories was the more appropriate vehicle,

6    because of the highly complex nature of patent litigation.  *See also Independent-Services Org.,*

7    168 F.R.D. at 654*; CG Roxanne LLC v. Fiji Water Co.*, No. C07-02258 RMW (HRL), 2008 WL

8    227 6403 (N.D. Cal. May 30, 2008), at *5; *See Smithkline Beecham,* 2000 WL 116082, at *9 ("the

9    recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual

10   evidence to prepare a witness to be able to testify regarding a defense or claim").

11       In *Independent-Service Org.*, plaintiff asked defendant to designate a corporate witness to

12   testify to all facts supporting paragraphs of its answer and affirmative defenses.  The court noted

13   that use of a Rule 30(b)(6) deposition is not the right tool for such discovery.  Rather, contention

14   interrogatories are.  This is because overbroad deposition topics "implicates serious privilege

15   concerns."  *See* 168 F.R.D. at 654.  *See also United States v. District Council of NYC,* No. 90 CIV.

16   5722 (CSH) 1992 WL 208284, at *15 (S.D.N.Y. Aug. 18, 1992).[8]

17       Similarly, in *Smithkline Beecham*, a party's attempt to use Rule 30(b)(6) to depose a

18   corporation on its answers to interrogatories and requests for production was inappropriate.  *See*

19   2000 WL 116082, at *9.  Because answering such discovery involves assistance of counsel, the

20   topic invaded the attorney-client privilege and attorney work product protections.  The designating

21   party "could readily have obtained the same information" through interrogatories to "obtain the

22   same information with infinitely less intrusion upon privilege concerns, in a more workable form,

23   and from the individuals who have actual knowledge of the matters at issue."  *Id.*

24       The result should be no different here.  Defendants have attempted, by and through their

25   thirty-nine (or, perhaps, more appropriately, 12,584) deposition topics, to circumvent this Court's

26   _____

27   [8]       Defendants ask the same of Verigy here regarding its Complaint and discovery responses
     in Topics 14, 19-20, 34 and 36.

28

9

VERIGY'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEFENDANTS' SECOND
AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VERIGY US, INC.    C07-04330 RMW (HRL)

1  discovery order and have Verigy "muster all of its factual evidence to prepare a witness to be able

2  to testify" about all its claims in this case.  *Id.*  Defendants deposition topics seek to shift to Verigy

3  their burden of collecting and gathering evidence, by use of an incorrect discovery tool.

4        For example, in Topic No. 14, Defendants seek "the factual bases," for Verigy's

5  allegations in 59 different paragraphs of the Complaint.  In Topic No. 1, there are 36 different

6  topic areas focused on Verigy's trade secrets.  In Topic No. 36, Defendants actually ask Verigy to

7  prepare and provide a witness as to an affirmative defense (Defendants' assertion that Verigy's

8  trade secrets are "READILY ASCERTAINABLE BY PROPER MEANS"), when it is Defendants

9  which have the burden of proof on such topic.  Providing testimony on all of these topics unfairly

10  invades the attorney-client privilege and work product doctrine.  Moreover, "no human being"

11  could or should be required to testify at deposition as to all of the bases for or nuances of Verigy's

12  trade secrets, every other factual assertion in its complaint, or the basis for its discovery responses.

13        Notwithstanding the foregoing, Verigy will be producing four (4) separate witnesses

14  (someone in finance, marketing, and two in R&D, with all but the finance witness having also

15  been personally involved in the matters that form the basis of this lawsuit) on the bulk of the

16  topics listed in the Second Amended Depo Notice and allowing each of these witnesses to be

17  questioned for up to 7 hours, all subject to Verigy's objections and this motion.  (*See*, Stebbins

18  Decl., ¶ 7.)  Under the circumstances, Verigy submits that this is more than reasonable or

19  appropriate.  Verigy thus requests a protective order to limit the scope of Defendants 30(b)(6)

20  deposition and to ensure that it need do nothing more than it has already agreed to do.

21  **V.     CONCLUSION**

22        For the foregoing reasons, Verigy respectfully requests that the Court grant its motion for

23  protective order relieving plaintiff Verigy of the duty to provide further testimony in connection

24  with Defendants' Second Amended Notice of Rule 30(b)(6) Deposition of Verigy US, Inc..

25  Dated:  August 25, 2008                    BERGESON, LLP

26                                            By:_____/s/_____

27                                                   Michael W. Stebbins

28                                            Attorneys for Plaintiff
                                             VERIGY US, INC.
                                                    10