# EXHIBIT A

# HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT B

## HIGHLY CONFIDENTIAL

## FILED UNDER SEAL

# EXHIBIT C

# HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT D

# HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT E

# HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT F

# HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT G

1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
           thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendants and Counterclaimants
   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8  SILICON TEST SOLUTIONS, LLC and WESLEY
   MAYDER
9
                   IN THE UNITED STATES DISTRICT COURT
10
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN JOSE DIVISION
12

13  VERIGY US, INC., a Delaware Corporation,         Case No. 5:07-cv-04330-RMW (HRL)

14                Plaintiff,                          **DEFENDANT SILICON TEST SYSTEMS,
                                                     INC.'S SECOND SET OF
15         v.                                        INTERROGATORIES TO PLAINTIFF
                                                     VERIGY US, INC.**
16  ROMI MAYDER, an individual; WESLEY               **[Corrected]**
    MAYDER, an individual; SILICON TEST
17  SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a
18  California Limited Liability Corporation,
    inclusive,
19
20                Defendants.
21

22  AND RELATED COUNTERCLAIMS.
23

24  PROPOUNDING PARTY:    Defendant SILICON TEST SYSTEMS, INC.

25  RESPONDING PARTY:     Plaintiff VERIGY US, INC.

26  SET NO.:              TWO (2)

27         Pursuant to F.R.Civ.P. 33, Defendant SILICON TEST SYSTEMS, INC. hereby requests

28  that Plaintiff VERIGY US, INC. respond fully in writing and under oath to each of the following

1 | Interrogatories within thirty (30) days of service hereof.

2 | ## DEFINITIONS

3 | 1.    "VERIGY," "YOU" and "YOUR" shall mean Plaintiff Verigy US, Inc. and any

4 | other person acting or purporting to act on behalf of Verigy US, Inc., and any of its predecessors,

5 | assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations,

6 | investors or other persons or entities acting by, through, or on behalf of any of them.

7 | 2.    "DEFENDANTS" shall mean all or any of the named defendants herein (Romi

8 | Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC, inclusive),

9 | and any parent, affiliate or division thereof, and includes any present and former directors, agents,

10 | representatives, executives, officers, employees, attorneys, or any other persons acting or

11 | purporting to act on behalf of any of the named defendants herein.

12 | 3.    "STATE" shall mean to state, explain, set forth, and otherwise describe in detail,

13 | each time, event, circumstance, matters, fact, detail, issue, person, DOCUMENT, or other

14 | information or thing that is at issue.

15 | 4.    "IDENTIFY" and "IDENTIFYING" shall mean to describe, identify, name,

16 | denote, or otherwise characterize with specificity and particularity, including, without

17 | limitation:.

18 | (a)    with respect to a person or other entity, to state the name and, if known, the

19 | address(es), business telephone number(s), and email address(es) of such person or other entity;

20 | (b)    with respect to a DOCUMENT, to state (i) the Bates number of the DOCUMENT,

21 | if it has one, (ii) the complete file name and full directory path of the DOCUMENT, if it exists

22 | in electronic form, and (iii) other reasonable means of identifying the DOCUMENT, if it has

23 | neither a Bates number nor a file name and full directory;

24 | (c)    with respect to a COMMUNICATION, to state (i) the date, participants in,

25 | method of, and substance of such COMMUNICATION, and (ii) identifying any DOCUMENTS

26 | constituting or CONCERNING such COMMUNICATION;

27 | (d)    with respect to a DISCLOSURE, to state (i) the date, participants in, and method

28 | of such DISCLOSURE, and (ii) identifying any DOCUMENTS constituting or CONCERNING

1    such DISCLOSURE;

2        (e)    with respect to any form of consideration, to state (i) each type of consideration,

3    (ii) the amount(s) of each type of consideration, (iii) the date(s) when each type of consideration

4    was provided to the person receiving such consideration, and (iv) the means by which such

5    consideration was provided; and

6        (f)    with respect to a thing, to state (i) the exhibit number of the thing if it has one,

7    and (ii) any other reasonable means of identifying the thing if it has no exhibit number.

8        5.    "DESCRIBE" shall mean to relate in detail, give an account of, elucidate or provide

9    sufficient information to be able to determine the substance of the matters or events at issue.

10       6.    "DISCLOSE" shall mean to disclose, reveal, disseminate, transmit, or provide access

11   to, including without limitation any act of COMMUNICATION, or any act of transmitting any

12   DOCUMENT or the contents of any DOCUMENT by any means or through any medium.

13       7.    "DISCLOSURE" shall mean any act of disclosing, revealing, disseminating,

14   transmitting, or providing access to, including without limitation any COMMUNICATION, or any

15   act of transmitting any DOCUMENT or the contents of any DOCUMENT by any means or through

16   any medium.

17       8.    "ATE COMPANIES" shall mean any company or organization in the automated

18   testing equipment industry, including, without limitation, any manufacturer of any automated test

19   equipment for the seminconductor industry, any supplier to any manufacturer of any automated test

20   equipment for the semiconductor industry, any manufacturer of testers, probe cards, load boards,

21   HSIs, DSIs, Hifixes, probers, handlers, sockets, connectors, cables, switches, or relays used for

22   automated test equipment for the semiconductor industry, any supplier to any manufacturer of testers,

23   probe cards, load boards, HSIs, DSIs, Hifixes, probers, handlers, sockets, connectors, cables,

24   switches, or relays used for automated test equipment for the semiconductor industry, standards

25   bodies for the automated testing equipment industry, and conferences regarding the automated testing

26   equipment industry, including 3M, Accretech, ADI, Advantest, Agilent, AMP, Attest Technologies,

27   Credence, Delta, Mirae, ElectroGlass, Enplas, Focus Technology, FormFactor, Foxcon, Freescale,

28   Gore, Harbor Electronics, Honeywell, IEEE, Innotech, JEDEC, JEM, Johnstech, MA/COM, Maxim,

1  Meritech, MJC, Molex, NAIS, Nanonexus, Nextest, NP Test, OnSemi, Ostech, Panasonic, Peregrine

2  Semiconductor, Phicom, Probe Logic, Samtec, Schlumberger, SEMI, Southwest Test Workshop,

3  Techwing, TEL, Templex, Tensolite, Teradyne, Touchdown Technologies, TSE, TSK,

4  Tyco, Wells, Wispry, and Xandex.

5       9.      "VERIGY TRADE SECRET LIST" means "Plaintiff's Amended C.C.P. Section

6  2019.210 Disclosure" dated April 18, 2008 herein.

7       10.     "ALLEGED TRADE SECRETS" means all of the alleged trade secrets allegedly

8  described in the VERIGY TRADE SECRET LIST.

9       11.     "MISAPPROPRIATION" when used in connection with the ALLEGED TRADE

10  SECRETS shall encompass any or all of the actions described as part of the statutory definition of

11  "misappropriation" as set forth in Cal. Civ. Code § 3436.1(b).

12       12.     "READILY ASCERTAINABLE BY PROPER MEANS" means "readily

13  ascertainable by proper means" as that phrase is used in CACI 4420, "Affirmative Defense—

14  Information Was Readily Ascertainable by Proper Means" (December 2007), which is available at

15  http://www.courtinfo.ca.gov/jury/civiljuryinstructions/documents/ca_jury_instructions.pdf.

16       13.     "LAWSUIT" means the action filed by VERIGY against DEFENDANTS, Northern

17  District of California Case No. C-07-04330-RMW (HRL), including the COMPLAINT, any claims

18  for relief in said action, any counterclaims in said action, and any affirmative defenses in said

19  action.

20       14.     "COMPLAINT" means the Complaint filed in Northern District of California Case No.

21  C-07-04330-RMW (HRL).

22       15.     "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense as

23  interpreted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and

24  shall include, without limitation, any written, printed, graphic, audio, audiovisual or otherwise

25  recorded matter, however produced or reproduced (including without limitation electronically), and

26  all writings of any nature, whether on paper, cards, tapes, film, electronic facsimile, computer

27  storage device or any other media or information storage means, including, but not limited to, film

28  and computer memory devices, letters, memoranda, notes, electronic mail, minutes, records,

1  employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries,

2  bookkeeping entries, financial statements, tax returns, check stubs, reports, studies, charts, graphs,

3  blueprints, drawings, statements, notebooks, handwritten notes, applications, executed and

4  unexecuted agreements, drafts of agreements, books, pamphlets, periodicals, appointment

5  calendars, notes, records and recordings of oral conversations, and work papers, and also including

6  but not limited to, originals, drafts and all copies which are different in any way from the original

7  whether by interlineations, receipt stamp, notification, identification of copies sent or received, or

8  otherwise, then such items shall be considered to be separate original documents.

9       16.    "COMMUNICATION" means every manner or method of disclosure or transfer or

10  exchange of information, whether orally or by document, and whether face to face, by telephone,

11  mail, e-mail, personal delivery or otherwise, as well as all attachments.  Unless otherwise

12  indicated, a request calling for communications includes YOUR internal communications and

13  communications between YOU and any other person.

14       17.    "CONCERNING," means referring to, reflecting, constituting, proving, disproving,

15  or otherwise relating to the subject matter.

16       18.    "NDA" means a written non-disclosure agreement or other written agreement that

17  purports to provide for or to maintain the confidentiality of any "trade secrets" as that phrase is

18  defined in Cal. Civ. Code § 3426.1(d).

19       19.    The terms and phrases "comprising," "referring to," "reflecting" and "identifying"

20  mean pertaining to, recording, evidencing, containing, setting forth, constituting, proving,

21  disproving, showing, disclosing, describing, explaining, summarizing, supporting, contradicting,

22  refuting, or otherwise concerning, whether directly or indirectly.

23       20.    The terms "relate," "relates," or "relating" shall mean referring to, reflecting,

24  constituting, proving, disproving, or otherwise concerning the subject matter.

25       21.    The terms "and" and "or" shall be construed in the conjunctive or disjunctive,

26  whichever makes the request more inclusive in context.

27       22.    The term "including" means "including, but not limited to."

28       23.    Any pronouns shall be construed to refer to the masculine, feminine, or neutral

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

Defs.' Second Set of Ints.                5                Case No. 5:07-cv-04330-RMW (HRL)

1    gender, in singular or plural, as in each case is most appropriate."

2        24.    The terms "all," "any," "each," and "every" mean "all, each and every."

3        25.    The use of the singular shall be deemed to include the plural and the use of the

4    plural shall be deemed to include the singular wherever necessary to make the request more

5    inclusive in context.

6                            **INTERROGATORIES**

7    **INTERROGATORY NO. 10**

8        STATE all facts supporting YOUR contention that Plaintiff Verigy US, Inc. owns the

9    ALLEGED TRADE SECRETS.

10   **INTERROGATORY NO. 11**

11       STATE all facts CONCERNING the conception of the ALLEGED TRADE SECRETS.

12   **INTERROGATORY NO. 12**

13       STATE all facts CONCERNING the reduction to practice of the ALLEGED TRADE

14   SECRETS.

15   **INTERROGATORY NO. 13**

16       IDENTIFY all DOCUMENTS that were used to conceive or to reduce to practice the

17   ALLEGED TRADE SECRETS.

18   **INTERROGATORY NO. 14**

19       STATE all facts supporting YOUR contention that the ALLEGED TRADE SECRETS are

20   "trade secrets" as that phrase is defined in Cal. Civ. Code § 3426.1(d).

21   **INTERROGATORY NO. 15**

22       If YOU contend that the ALLEGED TRADE SECRETS are not READILY

23   ASCERTAINABLE BY PROPER MEANS, STATE all facts supporting YOUR contention that

24   the ALLEGED TRADE SECRETS are not READILY ASCERTAINABLE BY PROPER

25   MEANS.

26   **INTERROGATORY NO. 16**

27       STATE all facts supporting YOUR contention that the DEFENDANTS have engaged in

28   any act of "misappropriation" as that term is defined in Cal. Civ. Code § 3426.1(b) of any of the

1   ALLEGED TRADE SECRETS.

2   **INTERROGATORY NO. 17**

3       IDENTIFY all DOCUMENTS that contain or DISCLOSE any of the ALLEGED TRADE

4   SECRETS.

5   **INTERROGATORY NO. 18**

6       IDENTIFY each DISCLOSURE of any of the ALLEGED TRADE SECRETS to any

7   "person" as that term is defined in Cal. Civ. Code § 3426.1(c) who or which, at the time of such

8   DISCLOSURE, was not an employee of Plaintiff Verigy US, Inc. that had, prior to the time of such

9   DISCLOSURE, executed an NDA in favor of Plaintiff Verigy US, Inc.

10  **INTERROGATORY NO. 19**

11      IDENTIFY all NDAs or other DOCUMENTS that YOU contend govern, relate to, or apply

12  to any DISCLOSURE of any of the ALLEGED TRADE SECRETS to any "person" as that term is

13  defined in Cal. Civ. Code § 3426.1(c), including any such DISCLOSURE of any of the ALLEGED

14  TRADE SECRETS to any "person" within the meaning of Cal. Civ. Code § 3426.1(c) who, at the

15  time of such DISCLOSURE, was an employee of Plaintiff Verigy US, Inc.

16  **INTERROGATORY NO. 20**

17      IDENTIFY all agreements, including all written or oral agreements, that YOU entered into

18  with Romi Mayder.

19  **INTERROGATORY NO. 21**

20      IDENTIFY any and all consideration that was paid, given, or otherwise provided to Romi

21  Mayder CONCERNING the "Verigy US, Inc. Agreement Regarding Confidential Information and

22  Proprietary Developments (ARCIPD)" between Romi Mayder and Plaintiff Verigy US, Inc.

23  **INTERROGATORY NO. 22**

24      With respect to each increment of monetary damages sought by VERIGY from

25  DEFENDANTS, STATE (or estimate if the exact amount is not yet known) the amount sought and

26  the injury to VERIGY or the benefit to DEFENDANTS with respect to which such amount is

27  sought.

28

1  **INTERROGATORY NO. 23**

2      With respect to each increment of monetary damages sought by VERIGY from

3  DEFENDANTS, IDENTIFY all evidence in support of VERIGY's claim to have suffered such

4  damages and explain the alleged causal relationship between the alleged misconduct of

5  DEFENDANTS and each increment of damages.

6  **INTERROGATORY NO. 24**

7      With respect to each increment of non-monetary relief sought by VERIGY from

8  DEFENDANTS, IDENTIFY all evidence in support of VERIGY's claim to be entitled to such

9  non-monetary relief and explain the alleged causal relationship between the alleged misconduct of

10  DEFENDANTS and each increment of non-monetary relief.

11  **INTERROGATORY NO. 25**

12      IDENTIFY all DOCUMENTS or other COMMUNICATIONS between VERIGY and any

13  person who is not an employee of Plaintiff Verigy US, Inc. or an attorney for Plaintiff Verigy US,

14  Inc. CONCERNING this LAWSUIT, any of DEFENDANTS, or any product or proposed product

15  of any of DEFENDANTS.

16  **INTERROGATORY NO. 26**

17      IDENTIFY all DOCUMENTS or other COMMUNICATIONS obtained by VERIGY that

18  are not publicly available CONCERNING any competitor or potential competitor of VERIGY, or

19  any product or proposed product of any competitor or potential competitor of VERIGY, including

20  any such competitor or potential competitor of VERIGY that is an ATE COMPANY.

21  **INTERROGATORY NO. 27**

22      STATE all facts CONCERNING the destruction or spoliation by VERIGY after June 1,

23  2007 of any evidence or potential evidence, or any DOCUMENTS or media containing or believed

24  to contain any evidence of potential evidence, CONCERNING this LAWSUIT, any of

25  DEFENDANTS, or any product or proposed product of any of DEFENDANTS, including the

26  destruction of any backup tapes, other archive tapes, computer hard drives, or other computer

27  storage media of VERIGY.

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

Defs.' Second Set of Ints.        8        Case No. 5:07-cv-04330-RMW (HRL)

1  **INTERROGATORY NO. 28**

2      STATE each of the ALLEGED TRADE SECRETS with particularity.

3

4  Dated: July *13*, 2008                          RUSSO & HALE LLP

5
                                                By:
6                                                      John Kelley

7                                                Attorneys for Defendants and
                                                 Counterclaimants
8                                                ROMI MAYDER, SILICON TEST
                                                 SYSTEMS, INC., SILICON TEST
9                                                SOLUTIONS, LLC and WESLEY MAYDER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
          thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendants and Counterclaimants
   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8  SILICON TEST SOLUTIONS, LLC and WESLEY
   MAYDER

9            IN THE UNITED STATES DISTRICT COURT

10        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

13  VERIGY US, INC., a Delaware Corporation,     Case No. 5:07-cv-04330-RMW (HRL)

14              Plaintiff,                       **CERTIFICATE OF SERVICE**

15        v.

16  ROMI MAYDER, an individual; WESLEY
    MAYDER, an individual; SILICON TEST
17  SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a
18  California Limited Liability Corporation,
    inclusive,

19

20              Defendants.

21  AND RELATED CROSSCLAIMS.

22

23        I am a resident of the State of California, over the age of eighteen years, and not a party to

24  the within action. I work with the law firm of RUSSO & HALE LLP, whose address is 401

25  Florence Street, Palo Alto, California 94301. On July 14, 2008, I caused to be served the

26  following document(s) by the method(s) listed below:

27        1.    **DEFENDANT SILICON TEST SYSTEMS, INC.'S SECOND SET OF
                INTERROGATORIES TO PLAINTIFF VERIGY US, INC. [Corrected]**

28

2.    **CERTIFICATE OF SERVICE [UNEXECUTED]**

| | |
|---|---|
| ☐ MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) described herein would be sealed in an envelope which would be deposited with the United States Postal Service on the above-listed date with postage thereon fully prepaid in the ordinary course of business. | ☐ FAX: I caused to be transmitted via facsimile the document(s) listed above to the fax number(s) set forth below on above-listed date. The transmission was reported as complete and without error by the facsimile machine at telephone number (650) 327-3737, and a copy of the properly-issued transmission report(s) are attached hereto. |
| ☐ FEDEX: I am readily familiar with the practice of Russo & Hale LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein were deposited on the date set forth below in a box or other facility regularly maintained by FedEx for overnight delivery in an envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below. | ☒ PERSONAL: I personally served the above-listed documents to the person(s) at the address(es) set forth below by: (a) handing to the person(s); or, (b) leaving it at the person's office with a clerk or other person in charge, or if no on was in charge, leaving it in a conspicuous place in the office. |
| ☐ HAND: I personally delivered the above-listed documents on the date set forth above to an authorized courier to be served by hand by said courier on the date set forth above to the person(s) at the address(es) set forth below. | ☐ ELECTRONIC MAIL: I caused a true copy of the foregoing document(s) to be served on counsel via e-mail at the addresses set forth below. Each e-mail was complete and no reports of error were received. |

Counsel for plaintiff Verigy US, Inc.:

Melinda M. Morton
Appearing for deposition at
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct based upon my personal knowledge.

    Executed on July 14, 2008 in Palo Alto, California.

Lucy Goodnough

# EXHIBIT H

## HIGHLY CONFIDENTIAL

## FILED UNDER SEAL

# EXHIBIT I

## HIGHLY CONFIDENTIAL

## FILED UNDER SEAL

# EXHIBIT J

1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |

13              Plaintiff,

                                              **PLAINTIFF VERIGY US, INC.'S**
14      vs.                                   **NOTICE OF TAKING RULE 30(b)(6)**
                                              **DEPOSITION OF DEFENDANT SILICON**
15  ROMI OMAR MAYDER, an individual;          **TEST SYSTEMS, INC.**
    WESLEY MAYDER, an individual; SILICON
16  TEST SYSTEMS, INC., a California Corporation;  Complaint Filed:    August 22, 2007
    and SILICON TEST SOLUTIONS, LLC, a       Trial Date:         None Set
17  California Limited Liability Corporation,
    inclusive,
18
              Defendants.
19

20
    AND RELATED CROSS-ACTIONS
21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

3    Procedure, on August 21, 2008 at 9:30 a.m. at the offices of Bergeson, LLP, 303 Almaden Blvd.,

4    Suite 500, San Jose, California 95110, plaintiff Verigy US, Inc.("Verigy") will take the deposition

5    of the person most knowledgeable of Silicon Test Systems, Inc. ("STS, Inc.") regarding the topics

6    set forth hereinafter.  The deposition will continue from day to day thereafter until completed,

7    Sundays and holidays excepted.

8    NOTICE IS FURTHER GIVEN that pursuant to Rule 30(b)(6) of the Federal Rules of

9    Civil Procedure, STS, Inc. is required, subject to the definitions set forth in Attachment A to this

10    deposition notice, to designate and produce at the deposition those of its officers, directors,

11    managers, employees or agents who are most qualified to testify on STS, Inc.'s behalf regarding

12    the topics set forth in Attachment "A."

13    PLEASE TAKE FURTHER NOTICE that the deposition will be recorded stenographically

14    by a qualified, certified shorthand reporter who is authorized to administer the oath and through

15    instant visual display means (Live Note).  Verigy also reserves the right to record the testimony

16    through video.  Verigy reserves the right to use the written transcript or video as evidence in the

17    trial of this matter.

18    Dated:  August 8, 2008                BERGESON, LLP

19

20                              By: _____

21                                Melinda M. Morton

22                                Attorneys for Plaintiff
                                    Verigy US, Inc.

23

24

25

26

27

28

PLAINTIFF VERIGY'S NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF STS, INC.   C07 04330 RMW (HRL)

CERTIFICATE OF SERVICE

I declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On August 8, 2008, I served the within:

**PLAINTIFF VERIGY US, INC.'S NOTICE OF DEPOSITION OF TAKING RULE 30(b)(6) DEPOSITION OF SILICON TEST SYSTEMS, INC.**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

| | |
|---|---|
| X | BY MAIL: I caused such envelope to be deposited in the mail at San Jose, California. I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this day. FRCP Title II, §5(b)(2)(B). |
| X | BY ELECTRONIC MAIL: I caused said documents to be sent via electronic mail to the interested party at the following email listed below. FRCP Title II, §5(b)(2)(D). |

**ATTORNEYS FOR DEFENDANTS**
**ROMI O. MAYDER, WESLEY MAYDER,**
**SILICON TEST SYSTEMS, INC.,**
**SILICON TEST SOLUTIONS, LLC.**
Jack Russo, Esq.
John Kelley, Esq.
Tim Hale, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301
Ph: 650.327.9800
Fax: 650.327.3737
jrusso@computerlaw.com
jkelley@computerlaw.com
thale@computerlaw.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 8, 2008, at San Jose, California.

Gail Simmons

2

PLAINTIFF VERIGY'S NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF STS, INC.    C07 04330 RMW (HRL)

# ATTACHMENT A

## DEFINITIONS

1.    "ANY" as used herein shall mean any and all.

1.    "DOCUMENT" is intended to be understood in its broadest sense and without limitation, refers to the original and any copies of every tangible form of recorded information, including, without limitation, all writings, drawings, graphs, charts, photographs, phone records, video or audiotapes, websites, webpages, and any other data compilations from which information can be obtained, either directly or with the aid of a machine or device, whether printed, recorded, reproduced by any process, or written or prepared by hand, including the following: correspondence, letters, e-mails, memoranda, telexes, reports, COMMUNICATIONS, agreements, contracts, diaries, calendars, minutes or records of conferences, reports or summaries of interviews, reports or other records of investigations, opinions or reports of consultants, surveys, reports or other records (including recordings) of oral conversations, computer printouts and computer databases, PowerPoint presentations, manuals, advertisements, circulars, trade letters, press releases, drafts and revisions of any documents, original or preliminary notes, workpapers, ledgers, bills, invoices, shipping documents, receipts, orders, books, records and files.

2.    "DOCUMENT" or "DOCUMENTS" includes data stored on network back-up storage devices and/or tapes.

3.    "COMMUNICATION" means any oral or written utterance, notation, or statement of any nature whatsoever, specifically including, but not limited to letters, e - mails, personal or telephonic conversations, discussion, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects such communication, whether internal or to or from third parties or affiliates.

4.    "PERSON," as well as pronouns referring thereto, includes not only natural persons, but also corporations, companies, limited liability companies, firms, partnerships, associations, joint ventures, and any other entity or units thereof.

5.    "IDENTIFY" or "IDENTIFIED" means, (a) when used with respect to a PERSON,

1

1    that YOU are requested to state the PERSON's full name, present or last known residence and/or

2    business address, present or last known residence and/or business telephone numbers, present or last

3    known employer, and present or last known position in business; and, (b) when used with respect to

4    DOCUMENT(S), that YOU are requested to state the type (e-mail, letter, fax, etc.), title, date,

5    author(s) and recipient(s) of the DOCUMENT(S).

6         6.    "RELATING TO" or "RELATED TO" a given subject matter means concerning,

7    comprising, constituting, reflecting, relating to, referring to, stating, describing, recording, pertaining

8    to, evidencing, noting, embodying, containing, mentioning, studying, analyzing, discussing, and

9    evaluating.

10        7.    "THIS LAWSUIT" means the legal action entitled "Verigy Us, Inc., vs. Romi

11    Omar Mayder, et al., United States District Court, Northern District of California, San Jose

12    Division, Action No. C07-04330 RMW (HRL).

13        8.    "PLAINTIFF" or "VERIGY" means and refers to the plaintiff Verigy US, Inc.

14    VERIGY also means and refers to VERIGY's predecessor in interest, Agilent Corporation.

15        9.    "DEFENDANTS" means and refers to each defendant named herein, including Romi

16    Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Systems, LLC, and,

17    where applicable, their officers, directors, managers, employees, agents or attorneys.

18        10.    "ROMI MAYDER" means and refers to defendant Romi Omar Mayder.

19        11.    "STS, " "YOU" or "YOUR" means and refers to defendant Silicon Test Systems,

20    Inc., and/or defendant Silicon Test Solutions, LLC, their subsidiaries, divisions, corporate parent,

21    directors, officers, employees, agents, representatives, and attorneys, and each PERSON acting on its

22    behalf or under its control.

23        12.    "STRAUBE" means and refers to Chris Straube and/or any PERSON called

24    "Straube Associates."

25        13.    "ASIC" means and refers to "application specific integrated circuit."

26        14.    "TRO" means and refers to the Order Granting Plaintiff Verigy US, Inc.'s

27    Application for Temporary Restraining Order and Order Authorizing Expedited Discovery; Order to

28    Show Cause Re: Preliminary Injunction, dated August 24, 2007, issued by the Hon. Ronald M.

2

1  Whyte, United States District Court, Northern District of California.

2      15.    "PRELIMINARY INJUNCTION" means and refers to the Order Granting in Part

3  Plaintiff's Motion for a Preliminary Injunction, etc., dated February 29, 2008, issued by the Hon.

4  Ronald M. Whyte, United States District Court, Northern District of California.

5      16.    "CONTEMPT ORDER" means and includes the Order Granting Plaintiff's Motion

6  to Find Defendants in Contempt of Court for Violating the TRO, dated May 20, 2008, issued by

7  the Hon. Ronald M. Whyte, United States District Court, Northern District of California.

8      17.    "ELECTRONIC STORAGE DEVICES" includes, without limitation, personal

9  computers, compact discs, DVD discs, USB flash drives, Personal Digital Assistants ("PDA"),

10  cellular phones, hard drives, MP3 players, email accounts, Internet-based data storage accounts,

11  portable email devices, external storage devices, or other electronic media.

12      18.    "DEFENDANTS' PRODUCTS" as used herein shall refer to ANY product or

13  proposed or potential product of ANY of DEFENDANTS, including, without limitation, ANY

14  product or proposed or potential product, if ANY, known or referred to as "Picasso","Picaso,"

15  "Flash Enhancer," "FlashEnhancer," "Picasso ASIC","Picaso ASIC," "Flash Enhancer ASIC,"

16  "FlashEnhancer ASIC," or ANY other similar or similarly sounding names.

17      19.    "'791 PATENT" as used herein shall refer to United States Patent Number

18  7,348,791, issued on March 25, 2008.

19      20.    "UTILITY PATENT APPLICATION" as used herein shall refer to the utility

20  patent application filed February 13, 2007, entitled "A Universal Application Specific Integrated

21  Circuit (ASIC) for Burn-in, Wafer Sort and Package Test of DRAM, NAND, NOR, and Other

22  Electronic Devices," serial number 11/706, 117.

23      21.    "INVENTOR'S NOTEBOOK" as used herein shall refer to the DOCUMENT

24  attached as Exhibit 6 to the Deposition of ROMI MAYDER in this LAWSUIT.

25                          **DEPOSITION TOPICS**

26      1.    Any transfer of intellectual property from Silicon Test Solutions, LLC to Silicon

27  Test Systems, Inc.

28

PLAINTIFF VERIGY'S NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF STS, INC.    C07 04330 RMW (HRL)

2.     The nature and terms of the business relationship between STS and Honeywell International, Inc.

3.     COMMUNICATIONS between ROMI MAYDER and STRAUBE.

4.     YOUR work to specify, design, develop, build, manufacture or produce any ASIC for or with Honeywell International, Inc.

5.     YOUR document retention policy, including any litigation hold established in connection with YOUR knowledge of THIS LAWSUIT or any other efforts taken by YOU to preserve DOCUMENTS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

6.     YOUR COMMUNICATIONS with customers and/or potential customers, including Spansion, NexTest, Teradyne, Intel, Micron, Advantest America, Samsung, Hynix, Toshiba, Form Factor, Nanonexus, STMicro, Sandisk and Numonyx, RELATING TO DEFENDANTS' PRODUCTS.

7.     YOUR COMMUNICATIONS with component suppliers and manufacturers.

8.     The conception and reduction to practice of DEFENDANTS' PRODUCTS.

9.     The design, research, and development of DEFENDANTS' PRODUCTS.

10.    The purchase date of the inventor's notebook, a copy of which is attached as Exhibit 6 to the Deposition of Romi Mayder.

11.    All DOCUMENTS ROMI MAYDER downloaded or emailed to himself between May 1, 2006 and September 21, 2006, from ANY VERIGY computer, REFERRING OR RELATING to VERIGY'S operations, products, product roadmaps, development strategies, strategic plans, RFQs, or customer requirements.

12.    YOUR business plan, including marketing information, financial information, sales information, product roadmaps, development strategies and strategic plans REFERRING OR RELATING to ANY STS products, future products, potential products, or products under development.

13.    The research, design, development and functionality of the alleged invention disclosed or claimed in the '791 PATENT.

PLAINTIFF VERIGY'S NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF STS, INC.    C07 04330 RMW (HRL)

14. The research, design, development and functionality of the alleged invention disclosed or claimed in the UTILITY PATENT APPLICATION.

15. The research, design, development and functionality of the alleged invention disclosed or claimed in U.S. Provisional Patent Application Serial No. 60/827,253 entitled "Universal ASIC for Doubling ATE Resources" filed September 28, 2006.

16. ANY and all VERIGY DOCUMENTS in YOUR possession, custody or control.

17. COMMUNICATIONS between ROMI MAYDER and ROBERT POCHOWSKI.

18. COMMUNICATIONS with investors or potential investors.

19. Efforts made to start up STS, including incorporation, the purchase of equipment, the registration of a domain name, the development of a business plan, the leasing of office space, demonstrations, efforts to raise financing, and the hiring of employees, independent contractors, and/or consultants.

20. YOUR plans for future products or technologies.

21. YOUR cost of product development for DEFENDANTS' PRODUCTS, including costs of labor, materials, subcontractors, and ANY other costs of development.

22. ANY plans or specifications for DEFENDANTS' PRODUCTS involving comparators, buffers and/or active fanout.

23. Information RELATING TO the ASIC described in Exhibit 4 to the Deposition of Romi Mayder.

24. The INVENTOR'S NOTEBOOK, including the contents, when the individual entries were created, the source of the date stamping, and the location and contents of any DOCUMENTS whose contents were summarized in the INVENTOR'S NOTEBOOK.

25. YOUR quarterly and annual financial statements.

26. YOUR sales projections, profit projections and business forecasts.

27. YOUR projected and current valuation.

28. Market analyses RELATING TO YOU.

29. The product development timeline for DEFENDANTS' PRODUCTS.