# EXHIBIT 5

Case 5:07-cv-04330-RMW     Document 295-7     Filed 08/26/2008     Page 1 of 4

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM



July 16, 2008

**Via E-mail and U.S. Mail**

Tim Hale, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301

      Re:   *Verigy US, Inc. v. Romi Omar Mayder, et al.*
             Case No. C07 04330 RMW (HRL)

Dear Tim:

      This is a response to your letter dated July 15, 2008 regarding Verigy's Privilege Log and your apparent qualms with Verigy's and Robert Pochowski's assertion of the common interest doctrine as a basis for withholding certain documents.

      Preliminarily, as I believe you know, your letter is insufficient to satisfy the "meet and confer" requirement in advance of a motion to compel. The rules require that we address the issues either on the phone or in person. As I indicated in one of my e-mails last Saturday morning, July 12, we can do that after Mr. Pochowski's counsel, Ms. Flick, returns from vacation on July 24.

      As to your request for the basis for the assertion of the common interest doctrine, I apologize for not getting back to as quickly as you would have liked. However, you only raised this issue via e-mail last Saturday morning, July 12, at 7:43 a.m., and, frankly, I have had more important things to focus on since that time.

      In any event, your purported bewilderment about the basis is rather surprising. At the inception of this lawsuit, it was made clear to us that there was a potential dispute between your clients and Mr. Pochowski relating to, among other things, Mr. Pochowski's participation in early iterations of the STS entity, his contributions to the Romi Mayder's patent applications and the intellectual property purportedly belonging to STS, as well as his potential confidentiality obligations to STS in connection with these matters. This dispute was made apparent through communications between and among Ms. Flick and Mr. Mayder's former corporate counsel, Daniel Hanley, and Romi Mayder himself, as well as in our communications with Mr. Pochowski himself and threats made

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN       BERGESON & CAMPBELL       MARK E. FOSTER
BEVERLY HILLS, CA 90210       WASHINGTON, D.C. 20005       SAN JOSE, CA 95110

BERGESON, LLP

Tim Hale, Esq.
July 16, 2008
Page 2

by defendants' former attorneys to make Mr. Pochowski a party to this lawsuit. Furthermore, Romi Mayder agreed in deposition that one of the reasons he concocted the backdated inventor's notebook was because of an anticipated dispute with Mr. Pochowski over the ownership of STS's intellectual property. See Mayder Depo., Vol. I at p. 137. Thus, Verigy and Mr. Pochowski have a common interest in matters concerning Romi Mayder and STS.

Notwithstanding the foregoing, if you have any authority that you believe defeats the assertion of the common interest doctrine in this case, we would be happy to consider it.

With respect to your complaints about the specificity of the descriptions on Verigy's Privilege Log, I fail to see any meaningful distinction between "Discussions Regarding Common Interest", which appears on Verigy's log, and "discussion of legal issues facing STS, Inc." which appears on defendants' most recent log produced by your office on July 7, 2008. Furthermore, with respect to the particular entry for which that description is provided (No. 10), how is an email from Ben Francois, a non-lawyer shareholder of STS, to the Mayder brothers entitled to any privilege at all? How can it possibly be "Work Product" and since when is a "conversation among shareholders regarding legal issues" a protected, privileged communication? These questions can also be asked of No. 9 on the list, an e-mail from Romi to Wes Mayder. We would appreciate answers to these questions.

As to your assertion about the early entries on Verigy's Privilege Log, please be advised that Verigy and Mr. Pochowski contemplated a common interest arrangement from the beginning of their communications and were in the process of formalizing their agreement.

As to whether the documents withheld on the basis of the doctrine will withstand judicial scrutiny, please be advised that if we did not believe that they could withstand such scrutiny, they would not have been included on the privilege log in the first place. By the way, it will be Magistrate Judge Lloyd, not Judge Whyte who would be reviewing any motion to compel you eventually choose to make on this issue.

Finally, I do not understand your assertion that Romi Mayder is somehow entitled to review confidential communications between counsel for Verigy and Mr. Pochowski on the basis that he participated in a consultation with Ms. Flick about the formation of a new entity almost a year prior to the date of the communication. If you could explain the basis for that assertion and provide any supporting legal authority, I would appreciate it. If what you suggest were the case, then it would also seem that since Mr. Pochowski

BERGESON, LLP

Tim Hale, Esq.
July 16, 2008
Page 3

participated in discussions with Schneck & Schneck, all communications ever occurring between Romi and his patent lawyers are not privileged either.

    As I have indicated previously, when Ms. Flick returns and I have had a chance to coordinate with her, we will be in touch with you about these issues.

Very truly yours,

Michael W. Stebbins

cc: Heather Flick, Esq.