# EXHIBIT 6

**RUSSO & HALE LLP**
ATTORNEYS AT LAW
401 FLORENCE STREET
PALO ALTO, CALIFORNIA 94301
COMPUTERLAW.COM℠

TELEPHONE
(650) 327-9800

FAX
(650) 327-3737

July 15, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Michael Stebbins, Esq.
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110
mstebbins@be-law.com

Heather Flick Esq.
The Flick Group
425 California Street, Suite 2025
San Francisco, CA 984104
heather@flickgroup.com

Re: <u>Verigy US, Inc. v. Mayder et al.; USDC Case No. 5:07-cv-04330-RMW (HRL)</u>

Dear Counsel:

    This letter is meant to address the meet and confer requirement prior to bringing a motion to compel. Specifically, defendants in the above-referenced action intend to move to compel the production of the documents listed on the privilege log that is labeled "Privilege Log of Verigy," dated September 19, 2007.

    As a first matter, we do not believe that there is a defensible "common interest privilege" between Verigy and Mr. Powchowski, which is the sole basis on which the majority of the documents are being withheld. I have asked Mr. Stebbins to identify said common interest, but to date he has not responded to my request.

    Second, the log itself is woefully deficient in its descriptions; in particular, the "Subject" and "Description" columns contain generalized, cookie-cutter statements, not information that could be used to actually test the privilege being asserted, which is the required standard.

    Third, in that there are a number of communications exchanged even before any attachment that could possibly be a joint defense agreement, we believe that certainly the early communications (1-6) did not occur at a time when there was any joint defense agreement.

    Fourth, I have asked Mr. Stebbins to do a careful review of the documents you are withholding, because we will ask Judge Whyte to inspect all of the withheld documents *in camera*, such that if there are documents that you do not believe would withstand such scrutiny, we should take them out of play so that a) Judge Whyte's review is reduced and b) plaintiff does not appear to have improperly withheld documents.

Michael Stebbins, Esq.
Heather Flick, Esq.
July 15, 2008
Page Two

    Fifth, Ms. Flick's firm represented not just Mr. Powchowski, but for some time, Mr. Romi Mayder as well, while he and Mr. Powchowski were seeking advice as to the new company they were forming, such that he is entitled as a represented client to see communications relating to this matter.

    Please let me know what steps, if any, Verigy and Mr. Powchowski are willing to take to avoid a motion to compel.

                                       Very truly yours,

                                       Tim C. Hale

cc: Melinda Morton, Esq. (via email); John Fowler, Esq. (via email)