# EXHIBIT 7

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


VERIGY US, INC, a Deleware
Corporation

    Plaintiff,

vs.                                    CASE NO. C07-04330 RMW
                                                             (HRL)

ROMI OMAR MAYDER, an individual;
WESLEY MAYDER, an individual;
SILICON TEST SYSTEMS, INC., a
California Corporation; and
SILICON TEST SOLUTIONS, LLC,
a California Limited Liability
Corporation, inclusive,

    Defendants.
                               /


DEPOSITION OF ROBERT POCHOWSKI

November 19, 2007




Pages 1 - 80




REPORTED BY:  LAWRENCE PAUL NELSON, CSR 12144

```
                                                                    Page 2
 1                    A P P E A R A N C E S

 2

 3   FOR THE DEPONENT:

 4             LOSCH & EHRLICH

 5             BY:  JOSEPH EHRLICH, ESQ.

 6             425 California Street, Suite 2025

 7             San Francisco, CA 94104

 8             (415) 956-8400 Phone

 9             (415) 956-2150 Fax

10

11   FOR THE PLAINTIFF:

12             BERGESON, LLP

13             BY:  JOHN W. FOWLER, ESQ.

14             303 Almaden Blvd., Suite 500

15             San Jose, CA 95110

16             (408) 291-6200 Phone

17             (408) 297-6000 Fax

18

19

20

21

22

23

24

25              (Continued)
       COMP-U-SCRIPTS/GROSSMAN & COTTER/WEBER & VOLZING
```

```
 1           MR. MOUNT:  And I ask the witness if he knows
 2   of any common interest between Verigy on the one hand
 3   and the witness himself on the other, would you object
 4   to that and instruct him not to answer?
 5           MR. EHRLICH:  I won't instruct him not to
 6   answer.  Maybe I'll state some objections.
 7           MR. MOUNT:  Well, then let me ask him.
 8   BY MR. MOUNT:
 9       Q.  What common interest is there between Verigy
10   on the one hand and yourself on the other?
11           MR. EHRLICH:  I'm going to object to the
12   extent that it calls for a legal conclusion.
13           You can go ahead and answer.
14           THE WITNESS:  I believe that when Mr. Mayder
15   approached me and -- with this idea, he misrepresented
16   the situation with Verigy to me.  And based upon that
17   misrepresentation, I invested time, effort,
18   intellectual property, customer names, other items
19   based upon that misrepresentation, and he potentially
20   cast me in a -- in a precarious situation.
21   BY MR. MOUNT:
22       Q.  That is a precarious situation if we catch you
23   in a bad light using Verigy?
24       A.  Potentially in the industry.  It's a small
25   industry that I work in.
```
             COMP-U-SCRIPTS/GROSSMAN & COTTER/WEBER & VOLZING

```
 1        Q.   And what is Verigy's interest in connection
 2   with that as far as you understand and how does that
 3   interest align with your interest?
 4        A.   Well, we both have IP interests perhaps.
 5        Q.   Both Verigy has an IP interest and you have an
 6   IP interest and those interests are united, is that
 7   your testimony?  Verigy's IP interest and your IP
 8   interest are common?
 9        A.   They may not be common, they may be different
10   parts of it but I have contributed IP to the products,
11   and from my understanding it sounds as if Verigy has an
12   IP interest as well.  I don't know that for a fact.
13        Q.   And don't both of you want to own the same IP,
14   that is you would like to own it and Verigy would like
15   to own it?
16        A.   It may not be the same IP.
17        Q.   And you say it might not be the same IP, what
18   distinction are you drawing?
19        A.   It could be different claims on the product.
20        Q.   And what claims do you have in common?
21             MR. EHRLICH:  I'm going to object as vague and
22   ambiguous.  Do you mean IP claims or do you mean legal
23   claims against Mr. Pochowski?  I mean -- excuse me --
24   Mr. Mayder.
25   BY MR. MOUNT:
            COMP-U-SCRIPTS/GROSSMAN & COTTER/WEBER & VOLZING
```

1        Q.  I'm trying to understand the claims that you
2    have in common that Verigy shares with you because you
3    have this common interest you're telling me about.  I'm
4    trying to understanding what you and Verigy have in
5    common.
6            MR. EHRLICH:  I'm going to object.  I think
7    it's asked and answered.  I think what he's trying to
8    say -- what he said is that they both have the common
9    interest to show that Mr. Mayder's claims are
10   fraudulent and both in this case plus in that.  It's
11   the technology of Verigy and it's also -- he has other
12   technology, all of which Mayder is claiming his STSs,
13   and it has put him in a precarious position both with
14   Verigy and the industry.  Basically, I think that's
15   what -- without saying it in the legal sense, that's
16   what his testimony was, so they both want to prevail,
17   want Verigy to prevail in this lawsuit.
18   BY MR. MOUNT:
19       Q.  And you were mindful of your interest and that
20   you -- you want Verigy to win this lawsuit, you were
21   mindful of that as you prepared your declaration; fair?
22   Is that fair to say?
23       A.  No.
24       Q.  Did you forget that you wanted Verigy to win
25   when you drafted this delay?
            COMP-U-SCRIPTS/GROSSMAN & COTTER/WEBER & VOLZING

80

1        C E R T I F I C A T I O N

2

3        I, LAWRENCE PAUL NELSON, duly authorized to
4   administer oaths pursuant to Section 2093(b) of the
5   California Code of Civil Procedure, do hereby certify:
6   That the witness in the foregoing deposition was
7   administered an oath to testify the truth in the
8   within-entitled cause; that said deposition was taken
9   at the time and place therein stated; that the
10  testimony of the said witness was reported by me and
11  was thereafter transcribed under my direction into
12  typewriting; that the foregoing is a complete and
13  accurate record of said testimony; and that the witness
14  was given an opportunity to read and correct said
15  deposition and to subscribe the same.
16        Should the signature of the witness not be
17  affixed to the deposition, the witness shall not have
18  availed himself/herself of the opportunity to sign or
19  the signature has been waived.
20        I further certify that I am not of counsel NOR
21  attorney for any of the parties in the foregoing
22  deposition and caption named NOR in any way interested
23  in the outcome of the cause named in said caption.
24  DATED: *November 26, 2007*
              *Lawrence Paul Nelson*
25      LAWRENCE PAUL NELSON, CSR NO. 12144

        COMP-U-SCRIPTS/GROSSMAN & COTTER/WEBER & VOLZING