# EXHIBIT 2

Daniel S. Mount, Esq. (State Bar No. 77517)
Kathryn G. Spelman (State Bar No. 154512)
Dan Fingerman (State Bar No. 229683)
Kevin Pasquinelli (State Bar No. 246985)
Mount & Stoelker, P.C.
333 West San Carlos
RiverPark Tower, Suite 1650
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473

Attorneys for non-party witness Mount & Stoelker P.C.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual, WESLEY MAYDER, an individual, SILICON TEST SYSTEMS, INC. a California Corporation, SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants. | Civil Case No.: 1c07-04330 RMW (HRL)<br><br>**Mount & Stoelker's Response to Plaintiff's Subpoena Duces Tecum**<br><br>Date:  N/A<br>Time:  N/A<br>Dept.: Hon. Judge Whyte |

# MOUNT & STOELKER'S RESPONSES & OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

**Propounding Party:** Verigy US, Inc. ("Verigy")
**Responding Party:** Mount & Stoelker, P.C. ("M&S")

M&S hereby respond to Plaintiff's Subpoena in a Civil Case under the Federal Rules of Civil Procedure, and the Local Rules as follows. M&S asserts objections and rights in these responses. Each objection and right is individually consented-to by Plaintiff unless Plaintiff promptly objects in writing.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The following preliminary statement and general objections apply to each request propounded by Plaintiff in this set. Each general objection set forth below is incorporated by reference into each response.

**IN GENERAL:**

These responses are signed by counsel only as to the objections set forth in the responses.

M&S has not completed its investigation or its analysis of facts, witnesses, documents, and other relevant matter. M&S reserves the right to supplement or amend these responses for all purposes. M&S reserves the right to use information and evidence not identified in these responses, whether or not subsequently discovered.

These responses are made without prejudice to M&S's right to supplement or amend these responses at an appropriate time if information or evidence previously available to M&S may have been omitted or excluded from these responses by oversight, inadvertence, mistake, or good faith error.

No incidental or implied admissions are made in these responses. The only intended responses to these requests are explicit and unambiguous.

M&S objects that each request contains discrete subparts and is compound.

M&S objects to the requests to the extent they call for disclosure of matter subject to one or more privilege(s) and other rules and doctrines of like character, including but not limited to, the attorney-client privilege, the attorney work product doctrine, the trade-secret privilege, the litigation privilege, and the privileges established by California Civil Code § 47 (collectively, "Privileges"). Any inadvertent disclosure of such matter is not intended and will not constitute a waiver of the applicable Privilege.

M&S preserves and does not waive any objections to the admissibility of all evidence at all stages of litigation, including such objections as to the competency, relevancy, materiality, and probative value of the evidence.

M&S preserves and does not waive any objection to the use of any of these responses at any stage of litigation.

M&S preserves and does not waive the right to object to any demand for further or supplemental responses.

M&S objects that the requests are oppressive and impose undue burdens on M&S, including because they seek information that has already been provided.

M&S objects that the requests seek information not relevant to any asserted claim or defense and are not likely to lead to the discovery of admissible evidence.

M&S objects that the requests seek matter that is already known or equally available to Plaintiff. M&S will not provide matter that it knows or has reason to believe is available to Plaintiff from other sources or by other means.

M&S objects that the requests seek information that can be derived or ascertained from documents already in the possession, custody, or control of Plaintiff and that Plaintiff's burden of deriving or ascertaining the information is similar to that of M&S.

A partial answer to any request does not waive any objection to any request, including the portion of the request that is answered.

Nothing herein is an admission by M&S with respect to the admissibility or relevancy of any fact or document or of the truth or accuracy of any characterization contained in Plaintiff's discovery requests.

M&S objects to the Subpoena in its entirety, and to each individual Request therein, to the extent that the Requests seek documents contained in sources that are not reasonably accessible

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

because of undue burden or cost pursuant to Federal Rule of Civil Procedure 26(b)(2)(B). M&S hereby identifies these sources as: any information contained on M&S backup or archive media.

To the extent that specific objections are cited herein, those specific objections are provided out of an abundance of caution because they are believed to be particularly applicable to the request as to which they are stated. The assertion of a specific objection is not a waiver of these General Objections or any portion thereof.

**DEFINITIONS:**

M&S object to Definition No. 2 to the extent that it seeks documents contained in sources that are not reasonably accessible because of undue burden or cost pursuant to Federal Rule of Civil Procedure 26(b)(2)(B). M&S hereby identifies these sources as: any information contained on M&S backup or archive media.

M&S objects to Definition No. 5 to the extent it purports to limit, or impose additional requirements on, M&S's rights under the Federal Rules of Civil Procedure, the Local Civil Rules, or any other rights due M&S.

M&S objects to Definition No. 17 which defines "MOUNT & STOELKER", you", "your", to the extent they include persons or entities other than M&S. M&S responds to each request with respect to information in the possession, custody, or control of M&S only, as required under applicable law, and excludes information in the possession, custody, or control of all other persons or entities mentioned in the definition. M&S objects to the extent the definition includes M&S's attorneys.

**INSTRUCTIONS:**

M&S objects to Instruction No. 1 to the extent it purports to limit, or impose additional requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of Civil Procedure, the Local Civil Rules, or any other rights due M&S.

M&S objects to Instruction No. 2 to the extent it purports to limit, or impose additional requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of Civil Procedure, the Local Civil Rules, or any other rights due M&S.

1  M&S objects to Instruction No. 3 to the extent it purports to limit, or impose additional
2  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
3  Civil Procedure, Local Civil Rules, or any other rights due M&S.

4  M&S objects to Instruction No. 4 to the extent it purports to limit, or impose additional
5  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
6  Civil Procedure, Local Civil Rules, or any other rights due M&S.

7  M&S objects to Instruction No. 5 to the extent it purports to limit, or impose additional
8  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
9  Civil Procedure, Local Civil Rules, or any other rights due M&S.

10  M&S objects to Instruction No. 6 to the extent it purports to limit, or impose additional
11  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
12  Civil Procedure, Local Civil Rules, or any other rights due M&S.

13  M&S objects to Instruction No. 7 to the extent it purports to limit, or impose additional
14  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
15  Civil Procedure, Local Civil Rules, or any other rights due M&S.

16  M&S objects to Instruction No. 8 to the extent it purports to limit, or impose additional
17  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
18  Civil Procedure, Local Civil Rules, or any other rights due M&S.

19  M&S objects to Instruction No. 9 to the extent it purports to limit, or impose additional
20  requirements on, M&S's rights under the Federal Rules of Civil Procedure, the California Code of
21  Civil Procedure, Local Civil Rules, or any other rights due M&S.

22
23  **M&S'S RESONSES TO SUBPOENA DUCES TECUM**

24  **Request No. 1**

25  All DOCUMENTS RELATING TO or supporting the statement by MOUNT &
26  STOELKER to ROMI MAYDER that DEFENDANTS "could continue to act in the manner that
27  resulted in the contempt filing," as described on page 17 of DEFENDANTS' Memorandum of
28  Points and Authorities in Support of Motion for Summary Adjudication and for Modification of
Preliminary Injunction, Docket No. 261 filed in THIS LAWSUIT (a copy of which is hereby

1  attached for reference) including, but not limited to, COMMUNICATIONS between YOU and
2  DEFENDANTS.
3  **Response No. 1.**
4      M&S incorporates by reference the Preliminary Statement and General Objections, as
5  though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S
6  objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably
7  calculated to lead to discovery of admissible evidence. M&S objects that this request seeks
8  information subject to one or more Privileges, including but not limited to, the attorney-client
9  privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the
10 attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer
11 familiar with the litigation. As such, M&S may not fully understand the request or the context in
12 which the Document is referenced. Subject to and without waiving any objections, including the
13 General Objections, and subject to M&S's understanding of this request, M&S responds as
14 follows: Due to the scope of the objections, M&S will not produce any documents because it is
15 believed that there are no documents that are not covered by an applicable privilege or objection.
16 **Request No. 2**
17     All DOCUMENTS RELATING TO or supporting the statement by YOU to ROMI
18 MAYDER that MOUNT & STOELKER "could really not tell me what was in the various
19 documents that comprise the Court's TRO," as described in the Declaration of Romi Mayder, filed
20 July 10, 2008, Docket No. 261-2 in THIS LAWSUIT ("MAYDER DECLARATION") – a copy of
21 which is hereby attached for reference), including, but not limited to, COMMUNICATIONS
22 between YOU and DEFENDANTS.
23 **Response No. 2.**
24     M&S incorporates by reference the Preliminary Statement and General Objections, as
25 though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S
26 objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably
27 calculated to lead to discovery of admissible evidence. M&S objects that this request seeks
28 information subject to one or more Privileges, including but not limited to, the attorney-client
privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the
attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer

MOUNT & STOELKER, P.C
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

1  familiar with the litigation. As such, M&S may not fully understand the request or the context in
2  which the Document is referenced. Subject to and without waiving any objections, including the
3  General Objections, and subject to M&S's understanding of this request, M&S responds as
4  follows: Due to the scope of the objections, M&S will not produce any documents because it is
5  believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 3**

All DOCUMENTS RELATING TO the press release issued by DEFENDANTS referenced in paragraph 14 and Ex. 7 to the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between YOU and DEFENDANTS.

**Response No. 3.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 4**

All DOCUMENTS RELATING TO the proposed NDA with VERIGY referenced in paragraph 15 and Exs. 8 and 9 to the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between YOU and DEFENDANTS.

**Response No. 4.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably

calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 5**

All DOCUMENTS RELATING TO or supporting the statement by YOU to ROMI MAYDER that DEFENDANTS could "continue to develop Flash Enhancer," referenced in paragraph 17 of the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between YOU and DEFENDANTS.

**Response No. 5.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 6**

All DOCUMENTS RELATING TO or supporting the statement by YOU to ROMI MAYDER that that [sic] "continuing work with Honeywell, Spansion, and Intel under the TRO

1 was proper because that was the status quo that the TRO was supposed to maintain," referenced in
2 paragraph 17 of the MAYDER DECLARATION, including but not limited to,
3 COMMUNICATIONS between YOU and DEFENDANTS.

**Response No. 6.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 7**

All COMMUNICATIONS between YOU and DEFENDANTS relating to Dr. Blanchard, referenced in paragraph 19 of the MAYDER DECLARATION.

**Response No. 7.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as

MOUNT & STOELKER, P.C.
333 WEST SAN CARLOS
RIVERPARK TOWER, SUITE 1650
SAN JOSE, CALIFORNIA 95110-2726
TELEPHONE (408) 279-7000

1  follows: Due to the scope of the objections, M&S will not produce any documents because it is
2  believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 8**

All COMMUNICATIONS between YOU and DEFENDANTS relating to the Contempt Motion, as referenced in paragraphs 19-24 of the MAYDER DECLARATION.

**Response No. 8.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 9**

All COMMUNICATIONS between YOU and DEFENDANTS relating to the TRO, as referenced in the MAYDER DECLARATION.

**Response No. 9.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in

which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

**Request No. 10**

All COMMUNICATIONS between YOU and DEFENDANTS relating to the Preliminary Injunction motion and briefing, as referenced in the MAYDER DECLARATION.

**Response No. 10.**

M&S incorporates by reference the Preliminary Statement and General Objections, as though fully set forth herein. M&S objects to Plaintiff's Instructions, as set forth above. M&S objects that this request is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to discovery of admissible evidence. M&S objects that this request seeks information subject to one or more Privileges, including but not limited to, the attorney-client privilege, the trade secret privilege, the joint-defense or common-interest privilege, and the attorney work-product doctrine. M&S withdrew as counsel for DEFENDANTS, and is no longer familiar with the litigation. As such, M&S may not fully understand the request or the context in which the Document is referenced. Subject to and without waiving any objections, including the General Objections, and subject to M&S's understanding of this request, M&S responds as follows: Due to the scope of the objections, M&S will not produce any documents because it is believed that there are no documents that are not covered by an applicable privilege or objection.

Dated: August 20, 2008                                       MOUNT & STOELKER, P.C.

By: /s/ Kevin M Pasquinelli, Esq
Daniel S. Mount, Esq
Kathryn G. Spelman, Esq
Daniel H. Fingerman, Esq.
Kevin M. Pasquinelli, Esq
Attorneys for non-Party Witness Mount & Stoelker.

Case No. 5:07-CV-04330 (RMW) (HRL)

## PROOF OF SERVICE

I am a citizen of the United States. My business address is RiverPark Tower, Suite 1650, 333 W. San Carlos, San Jose, CA 95110. I am employed in the County of Santa Clara where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the document(s) listed below as follows:

**Mount & Stoelker's Response to Plaintiff's Subpoena Duces Tecum**

| | |
|---|---|
| John W. Fowler, Esq.<br>Daniel J. Bergeson, Esq.<br>Melinda Mae Morton, Esq.<br>Bergeson, LLP<br>303 Almaden Boulevard, Ste. 500<br>San Jose, CA 95110-2712<br>Fax: (408) 297-6000<br>E-mail: jfowler@be-law.com<br>        dbergeson@be-law.com<br>        mmorton@be-law.com | Attorney for Verigy US, Inc. |
| Jack Russo, Esq.<br>Russo & Hale, LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>Fax: (650) 327-3737<br>E-mail: jrusso@computerlaw.com | Attorney for Romi Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC |

☒ (BY MAIL) I caused such document(s), placed in sealed envelope(s) with postage thereon, fully prepaid, to be placed in the United States mail at San Jose, California.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be transmitted by electronic mail on this date to the email addresses listed above.

☐ (BY FAX) I caused such document(s) to be transmitted by facsimile on this date to the offices of the addressee(s).

☐ (BY FEDERAL EXPRESS) I caused such document(s), placed in sealed envelope(s) with postage thereon, fully prepaid, to be delivered to a Federal Express pickup at San Jose, California.

Proof of Service                                                                                   Case No. 5:07-CV-04330 (RMW) (HRL)

☐ (BY PERSONAL SERVICE) I caused such document(s), placed in sealed envelope(s), picked up from our office by courier from Bergeson, LLP and delivered by hand this date to the offices of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 20, 2008.

_____
MICHELLE MCMANUS