1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  COLIN G. MCCARTHY, Bar No. 191410
   cmccarthy@be-law.com
4  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
7  Facsimile:   (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.

9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  VERIGY US, INC, a Delaware Corporation        Case No. C07 04330 RMW (HRL)

16                        Plaintiff,              **VERIGY'S OBJECTIONS TO EVIDENCE
                                                  SUBMITTED BY DEFENDANTS' IN
17         vs.                                    SUPPORT OF MOTIONS FOR
                                                  SUMMARY ADJUDICATION AND FOR
18  ROMI OMAR MAYDER, an individual;              MODIFICATION OF PRELIMINARY
   WESLEY MAYDER, an individual; SILICON          INJUNCTION**
19  TEST SYSTEMS, INC., a California Corporation;
   and SILICON TEST SOLUTIONS, LLC, a
20  California Limited Liability Corporation,      Date:     September 5, 2008
   inclusive,                                      Time:     9:00 am
21                                                 Ctrm.:    6
                          Defendants.              Judge:   Hon. Ronald M. Whyte
22

23                                                 Complaint Filed:     August 22, 2007
                                                   Trial Date:          None Set
24  ─────────────────────────────────

25  AND RELATED CROSS ACTIONS

26

27

28

1    Plaintiff Verigy US, Inc. ("Verigy") hereby objects to the following evidence submitted by

2  defendants in support of their motion for summary adjudication and for modification of

3  preliminary injunction currently set for hearing on September 5, 2008 before the above-named

4  Court.

5    **A.    DECLARATION OF RICHARD BLANCHARD IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION, ETC. (Docket No. 262)**

6

7    <u>**OBJECTION NO. 1:**</u>

8    Verigy objects to and moves to strike the following portion of Paragraph 5 of the Blanchard

9  Declaration (p.2:5-9) which states:

10    *"Given that I had never received a copy of the complete TRO prior to July 2, 2008, it is*

11  *unlikely that even had I been asked to do so that I would have been in a position to give technical*

12  *advice about the scope of the purported trade secrets that were or were not covered, nor the*

13  *technical activities that were or were not enjoined."*

14  **Grounds for Objection:**

15    Verigy objects to and moves to strike the sentence of the paragraph because it is made in

16  violation of Civil L.R. 7-5(b) which provides that a "statement made on information and belief

17  must state the basis therefore.  An affidavit or declaration not in compliance with this rule may be

18  stricken in whole or in part."  It is also objectionable because "a hypothetical answer based on

19  facts which are not shown to exist is not evidence."  *Heard v. U.S.*  348 F.2d 43, 46, n.5 (D.C. Cir.

20  1964).  Moreover it is objectionable because "it is well established by the weight of authority that

21  expert testimony may not be received unless it appears that the witness is in possession of such

22  facts as would enable him to express a reasonably accurate conclusion as distinguished from a

23  mere guess or conjecture."  *Gilbert v. Gulf Oil Corp.*  175 F.2d 705, 709 (4th Cir. 1949).

24    The opinion is conjecture, based on speculation as to what the witness might have done

25  under a certain set of assumed facts.  What Dr. Blanchard might have done, over a year ago, had

26  Defendants' prior attorneys presented him with the 'complete TRO,' is, a year later, speculation.

27  There is no showing that the facts underlying his assumption exist.  Indeed, Dr. Blanchard admits

28  the opposite is true.  Dr. Blanchard did not see the complete TRO so cannot testify now as to what

VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS' IN SUPPORT OF MSA AND
FOR MODIFICATION OF PRELIMINARY INJUNCTION          Case No. C07 04330 RMW (HRL)

1   he would have done then.

2   **OBJECTION NO. 2**

3       Verigy objects to and moves to strike the following portion of Paragraph 9 of the Blanchard

4   Declaration (p.5:9-15) which states:

5       *"Therefore, I feel that, in working with potential customers such as the Specific STS*

6   *Potential Customer, Romi Mayder would have needed less than this four-to-six month range of*

7   *time to independently research, develop, determine, and otherwise compile all of the information*

8   *in what I understand to be the product specification that would be submitted to a chip*

9   *manufacturer for the Flash enhancer product from public and readily ascertainable sources and*

10  *customer requirements (from companies such as the Specific STS Potential Customer) without*

11  *relying upon any of Verigy's claimed trade secret information."*

12  **Grounds for Objection:**

13      Verigy objects to and moves to strike the sentence of the paragraph because it is made in

14  violation of Civil L.R. 7-5(b) which provides that a "statement made on information and belief

15  must state the basis therefore. An affidavit or declaration not in compliance with this rule may be

16  stricken in whole or in part." Moreover, it is objectionable because "it is well established by the

17  weight of authority that expert testimony may not be received unless it appears that the witness is

18  in possession of such facts as would enable him to express a reasonably accurate conclusion as

19  distinguished from a mere guess or conjecture." *Gilbert v. Gulf Oil Corp.* 175 F.2d 705, 709 (4th

20  Cir. 1949). The declaration itself must contain facts showing the declarant's connection with the

21  matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United*

22  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

23      Here, Dr. Blanchard has not established what evidence from the STS Potential Customer he

24  reviewed which would lead him to believe that the customer was "particularly motivated" such as

25  to show the referenced time frame needed by Mayder is accurate. (*See* Blanchard Declaration, ¶ 9,

26  p. 5:6-9). In the absence of such evidence, this opinion in Dr. Blanchard's declaration lacks

27  foundation and must be excluded.

28  //

**OBJECTION NO. 3**

Verigy objects to and moves to strike Paragraph 10 of the Blanchard Declaration (p.5:16-6:1) (Text omitted)

**Grounds for Objection:**

Verigy objects to and moves to strike the paragraph because it is made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made on information and belief must state the basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." The declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Moreover, "a witness should not ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an expert." *Phillips v. U.S.* 356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702. It is also objectionable because "it is well established by the weight of authority that expert testimony may not be received unless it appears that the witness is in possession of such facts as would enable him to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture." *Gilbert v. Gulf Oil Corp*. 175 F.2d 705, 709 (4th Cir. 1949). Verigy further objects that the evidence is cumulative and should be excluded pursuant to F.R.E 403 (exclusion of cumulative or relevant evidence based on grounds of prejudice, confusion or waste of time).

Dr. Blanchard is not a damages expert nor has he established that he has the requisite knowledge, skill, experience, training or education to testify as to royalty rates in the context of the technology at issue here. His declaration is devoid of any statements as to his qualifications to testify on damages, other than the statement that he has "been involved in projects and cases in which royalty rates" have figured. (Blanchard Declaration, p. 5:16-17). He does not define 'projects' or 'cases,' nor what his role was, much less state his particular expertise at establishing or defining royalty rates. In the absence of such qualifications, this entire paragraph should be stricken on that basis and under F.R.E. 403 on the grounds that any probative value of the

1   evidence is non-existent and outweighed by the prejudice to Verigy of such unsubstantiated

2   testimony.

3       **B.    DECLARATION OF GARY MAYDER IN SUPPORT OF MOTION FOR
            SUMMARY ADJUDICATION, ETC. (Docket No. 261-19)**

4

5                                  **OBJECTION NO. 4:**

6       Verigy objects to and moves to strike the entire Declaration of Gary Mayder  (Text

7   omitted)

8   **Grounds for Objection:**

9       Verigy objects to and moves to strike the declaration because it is made in violation of

10  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

11  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

12  Any statement made on information and belief must state the basis therefore.  An affidavit or

13  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

14  objects to the declaration and the statements within because they are irrelevant, in violation of

15  F.R.E. 402.  Verigy further objects to the statements because they constitute opinion testimony, do

16  not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d

17  1237, 1251 (9th Cir. 2000). The declaration itself must contain facts showing the declarant's

18  connection with the matters stated therein, establishing the source of his or her information.

19  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Moreover, "a

20  witness should not ordinarily be allowed to express an opinion upon a subject matter concerning

21  which he is not an expert."  *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702.  Verigy

22  further objects that the evidence is cumulative and should be excluded pursuant to F.R.E 403

23  (exclusion of cumulative or relevant evidence based on grounds of prejudice, confusion or waste

24  of time).

25      The declaration gives Mr. Gary Mayder's family history of education and experience, as

26  well as a limited view into Defendant Romi Mayder's work experience.  The conclusion (i.e.,

27  opinion) of Gary Mayder is that his son is capable of handling complex electrical engineering

28  assignments.  Since it does not reference the trade secrets at issue here, it is a conclusion in a

vacuum.  It is irrelevant.  Initially, the proffered testimony does not does not have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable' than without it.  F.R.E. 401.  Nothing to which Gary Mayder testifies makes it more or less probable that material facts concerning Defendants' misappropriation of trade secrets and breach of contract with Verigy, *inter alia*, occurred.  Ostensibly, the testimony might bear some relationship to the amount of time it would take Defendant Mayder to develop the Flash Enhancer product.  But, the testimony does not have the appropriate factual or expert basis.  There is no statement by Gary Mayder that he reviewed the technology at issue here, nor that he has the qualifications to opine about them.  Even if he did have the requisite foundation to so testify, the evidence is cumulative.  Dr. Blanchard also proffered his opinion on Defendant Mayder's abilities.  As such, the entire declaration should be stricken.

**C.    DECLARATION OF ROMI MAYDER IN SUPPORT OF MOTION FOR SUMMARY AJDUDICATION, ETC. (Docket No. 261-2)**

<u>**OBJECTION NO. 5:**</u>

Verigy objects to and moves to strike paragraphs 2-4 of the Declaration of Romi Mayder (Text omitted)

**Grounds for Objection:**

Verigy objects to and moves to strike the paragraphs because the statements within are irrelevant, in violation of F.R.E. 402.  Verigy further objects that the evidence is cumulative and should be excluded pursuant to F.R.E 403 (exclusion of cumulative or relevant evidence based on grounds of prejudice, confusion or waste of time).

The paragraphs give Defendant Romi Mayder's family history of his own education and experience.  The proffered testimony does not does not have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable' than without it.  F.R.E. 401.  Nothing in these paragraphs makes it more or less probable that material facts concerning Defendants' misappropriation of trade secrets and breach of contract with Verigy, *inter alia*, occurred.  Neither Defendant Romi Mayder nor anyone in his family has been disclosed as an expert such experience and qualification do not bear on any issue in the case.

1  The testimony should also be excluded as consuming too much time and having limited probative

2  value.

3  <u>**OBJECTION NO. 6:**</u>

4  Verigy objects to and moves to strike certain sentences of paragraph 10 of Defendant Romi

5  Mayder including all beginning with "*My previous lawyers at Mount & Stoekler, P.C. never*

6  *advocated with opposing counsel or otherwise with the Court that the Protective Order*

7  *designations be lifted so that I could be allowed to read the entire unredacted TRO and certainly*

8  *not with all of the referenced materials*" and ending with "*Obviously, this comes far too late in this*

9  *case and it should have been allowed months if not nearly a year ago.*" (p.3:3-22)

10  **Grounds for Objection:**

11  Verigy objects to and moves to strike these sentences within the declaration because they

12  are made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain

13  facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid

14  conclusions and argument.  Any statement made on information and belief must state the basis

15  therefore.  An affidavit or declaration not in compliance with this rule may be stricken in whole or

16  in part."  Verigy further objects to the statements because they constitute opinion testimony, do

17  not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d

18  1237, 1251 (9th Cir. 2000).  Verigy further objects that much of the testimony is inadmissible

19  hearsay.  F.R.E. 801.  Verigy further objects to the statements because they are speculative and

20  should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of

21  prejudice, confusion or waste of time).

22  Mayder largely testifies outside of his own personal knowledge, about what others did.  He

23  attempts to testify about what his attorneys did as it relates to Verigy's counsel, when his attorneys

24  are best positioned to so testify based on personal knowledge.  (Mayder Declaration, p.3:2-9; 18-

25  22).  Mr. Mayder's speculation on what he may or may not have done in certain circumstances is

26  just that: speculation which is also irrelevant.  (Id., p.3: 9-17). The testimony should also be

27  excluded as consuming too much time and having limited probative value.

28  //

**OBJECTION NO. 7:**

Verigy objects to and moves to strike paragraph 12 of Defendant Romi Mayder (Text Omitted).  (p.4:11-16).

**Grounds for Objection:**

Verigy objects to and moves to strike these sentences within the declaration because they are made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.  Any statement made on information and belief must state the basis therefore.  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further objects to the statements because they constitute opinion testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects to the statements because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Mr. Mayder should not be permitted to testify about his past attorney's motivations, nor to those of Verigy's counsel.  Such testimony is speculative and irrelevant.  His conclusive statement that he has "not violated the Protective Order" is without foundation and calls for a legal conclusion.  (Mayder Declaration, p. 4:4-5).  Mayder is not qualified to so testify.  He cannot testify as to his understanding of "how the Protective Order has been used by" Verigy because this is at best speculative ramblings of a non-lawyer on matters of legal strategy, and at worst inappropriate and unfounded argument in the guise of 'testimony.'  (Id., p.4:5-9).  Mayder cannot testify as to what the motivations of Verigy and its counsel were and have been in this litigation. (Id., p.4:5-16).  If this is expert testimony, it lacks foundation and Mr. Mayder does not have the appropriate qualifications to so testify.  If not, it is speculative and Mr. Mayder lacks personal knowledge to so testify.  In both cases, the testimony should also be excluded as consuming too much time and having limited probative value.

1

**OBJECTION NO. 8:**

2      Verigy objects to and moves to strike paragraph 14 of Defendant Romi Mayder (Text

3    Omitted).  (p.4:17-26).

4    **Grounds for Objection:**

5      Verigy objects to and moves to strike this paragraph because it is made in violation of

6    Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

7    much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

8    Any statement made on information and belief must state the basis therefore.  An affidavit or

9    declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

10   objects to the statements because they constitute opinion testimony, do not satisfy the

11   requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

12   Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

13   matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

14   *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects that much of the

15   testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects to the statements because

16   they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence

17   based on grounds of prejudice, confusion or waste of time).

18      There are no facts based on personal knowledge in this paragraph.  Mr. Mayder should not

19   be permitted to testify about the motivations of Verigy's counsel.  Such testimony is speculative

20   and irrelevant.  Mayder is also not qualified to so testify.  He cannot testify as to his understanding

21   of what Verigy "knows full well" because this is at best speculative ramblings of a non-lawyer on

22   matters of legal strategy, and at worst inappropriate and unfounded argument in the guise of

23   'testimony.'  If this is expert testimony, it lacks foundation and Mr. Mayder does not have the

24   appropriate qualifications to so testify.  If not, it is speculative and Mr. Mayder lacks personal

25   knowledge to so testify.  Mayder also cannot testify as to what Mr. Pasquinelli and Mount &

26   Stoelker said about Exhibit 7 as such testimony is hearsay.

27

**OBJECTION NO. 9:**

28      Verigy objects to and moves to strike paragraph 15 of Defendant Romi Mayder (Text

- 8 -

1   Omitted).  (p.4:27-5:4).

2   **Grounds for Objection:**

3          Verigy objects to and moves to strike this paragraph because it is made in violation of

4   Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

5   much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

6   Any statement made on information and belief must state the basis therefore.  An affidavit or

7   declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

8   objects to the statements because they constitute opinion testimony, do not satisfy the

9   requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

10  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

11  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

12  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects that much of the

13  testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects to the statements because

14  they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence

15  based on grounds of prejudice, confusion or waste of time).

16         There are no facts based on personal knowledge in this paragraph.  Moreover, Mayder

17  testifies as to the content of the properties window of the NDA, which violates the hearsay rule.

18  (F.R.E. 801).  There is otherwise no foundation for Mayder to testify as to the author of the NDA.

19  As such the testimony should be stricken.

20                                    <u>**OBJECTION NO. 10:**</u>

21         Verigy objects to and moves to strike paragraph 16 of Defendant Romi Mayder (Text

22  Omitted).  (p.4:27-5:4).

23  **Grounds for Objection:**

24         Verigy objects to and moves to strike this paragraph because it is made in violation of

25  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

26  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

27  Any statement made on information and belief must state the basis therefore.  An affidavit or

28  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

                                            - 9 -
VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS' IN SUPPORT OF MSA AND
FOR MODIFICATION OF PRELIMINARY INJUNCTION                Case No. C07 04330 RMW (HRL)

1  objects to the statements because they constitute opinion testimony, do not satisfy the

2  requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

3  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

4  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

5  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects that much of the

6  testimony is inadmissible hearsay.  F.R.E. 801.   Verigy further objects to the statements because

7  they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence

8  based on grounds of prejudice, confusion or waste of time).

9        There are no facts based on personal knowledge in this paragraph.  Mayder's testimony on

10  Verigy's counsel's motivations is, again, argument under the guise of speculative and inadmissible

11  expert testimony. There is no foundation for Mayder to speculate as to why he is 'convinced' on

12  the motivations of Verigy's counsel, if such testimony was relevant, which it is not.  On that basis,

13  and its cumulative and speculative nature, such the testimony should be stricken.

14                              **<u>OBJECTION NO. 11:</u>**

15        Verigy objects to and moves to strike paragraph 18 of Defendant Romi Mayder (Text

16  Omitted).  (p.5:23-28).

17  **Grounds for Objection:**

18        Verigy objects to and moves to strike this paragraph because it is made in violation of

19  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

20  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

21  Any statement made on information and belief must state the basis therefore.  An affidavit or

22  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

23  objects to the statements because they constitute opinion testimony, do not satisfy the

24  requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

25  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

26  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

27  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Moreover, "a witness should not

28  ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an

- 10 -

1   expert." *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702.  Verigy further objects to

2   the statements because they are speculative and should be excluded pursuant to F.R.E 403

3   (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

4          There are no facts based on personal knowledge in this paragraph.  The paragraph is

5   largely argument and opinion.  Mayder speculates on his and his attorneys' course of action, "had

6   he been allowed to see the entire unredacted TRO."  (Mayder Declaration, p.5:23).  To the extent

7   he opines on what he would have done had he seen the technical details of the trade secrets, he is

8   speculating and testifying as an expert.  He was not declared as an expert.  Defendants have

9   retained and used Dr. Robert Blanchard in this role.  As such not only does the opinion exceed the

10  scope of Mayder's competency, but is cumulative of any testimony provided by Dr. Blanchard.  In

11  this regard, and in light of its minimal relevance, the paragraph should be stricken under F.R.E.

12  403 and Civil L.R. 7-5(b).

13  <u>**OBJECTION NO. 12:**</u>

14         Verigy objects to and moves to strike paragraph 19 of Defendant Romi Mayder (Text

15  Omitted).  (p.6:2-7).

16  **Grounds for Objection:**

17         Verigy objects to and moves to strike this paragraph because it is made in violation of

18  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

19  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

20  Any statement made on information and belief must state the basis therefore.  An affidavit or

21  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

22  objects to the statements because they constitute opinion testimony, do not satisfy the

23  requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F.3d 1237, 1251 (9th

24  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

25  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

26  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects that much of the

27  testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects that much of the testimony

28  is secondary evidence of the content of a writing.  F.R.E. 1002.  Verigy further objects to the

- 11 -

1  statements because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion

2  of relevant evidence based on grounds of prejudice, confusion or waste of time).

3       There are no facts based on personal knowledge in this paragraph.  The first sentence is

4  argument, devoid of facts.  The second sentence is hearsay and evidence of the content of a

5  declaration already submitted.  The third sentence is inadmissible hearsay offered for the truth of

6  the matter stated therein, and therefore inadmissible.  This is not a statement to offer state of mind

7  or provide context to actions in response to the statement and hence not hearsay.  Notwithstanding

8  that Mayder is now informing the Court that contents of his previous declaration are inaccurate

9  and cannot be trusted, calling into doubt whether any of the contents of this declaration are

10  accurate and can be trusted, Mayder offers Dan Mount's statements about Mayder's post-TRO

11  activities for its truth – i.e. that Dan Mount said them.  The final statement on use of the Protective

12  Order by Verigy is argument at worst and at best inadmissible expert opinion on legal decisions,

13  which is irrelevant.  As it is without any probative value, it also should be excluded under F.R.E.

14  403.

15  ## OBJECTION NO. 13:

16       Verigy objects to and moves to strike the final sentence of paragraph 20 of Defendant Romi

17  Mayder which states:

18       "*The brief does not even attempt to explain to the Court that many critical documents*

19  *referenced by the TRO were marked 'FILED UNDER SEAL'*."  (p.6:11-13).

20  **Grounds for Objection:**

21       Verigy objects to and moves to strike this sentence because it is made in violation of Civil

22  L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as

23  possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.  Any

24  statement made on information and belief must state the basis therefore.  An affidavit or

25  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

26  objects that much of the testimony is secondary evidence of the content of a writing.  F.R.E. 1002.

27  Verigy further objects to the statements because they are speculative and should be excluded

28  pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or

1   waste of time).

2       The sentence in question is argument, interpretation of the contents of a writing, and

3   inadmissible hearsay.  Notwithstanding that Mayder does not accurately identify the brief to which

4   he is referring, the Court will be well aware of the content of all Defendants' submissions.

5   Mayder's testimony summarizing and interpreting those contents is unnecessary and inadmissible.

6                              **OBJECTION NO. 14:**

7       Verigy objects to and moves to strike paragraph 21 of Defendant Romi Mayder (Text

8   Omitted).  (p.6:14-23).

9   **Grounds for Objection:**

10      Verigy objects to and moves to strike this paragraph because it is made in violation of

11  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

12  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

13  Any statement made on information and belief must state the basis therefore.  An affidavit or

14  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

15  objects to the statements because they constitute opinion testimony, do not satisfy the

16  requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

17  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

18  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United

19  States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Moreover, "a witness should not

20  ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an

21  expert."  *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702.  Verigy further objects

22  that much of the testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects to the

23  statements because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion

24  of relevant evidence based on grounds of prejudice, confusion or waste of time).

25      There are no facts based on personal knowledge in this paragraph.  It is argument and

26  opinion, without basis.  Mayder's statement that he "believed then" that he was in compliance

27  with the Court's TRO is belied by his own admission in the same paragraph.  In subsection (a) of

28  that paragraph Mayder admits that he had not read the entire TRO and could not state he was in

1  compliance with it as a result.  There is thus no basis for his belief.  In waiving the attorney-client

2  privilege with Mount & Stoekler, Mayder admits those attorneys told him it was opinion and legal

3  conclusion to state he was in compliance with TRO.  Although hearsay, they provide the basis for

4  excluding his current statement that he believes he is now in compliance with the TRO.  Such a

5  statement is opinion (not fact) which Mayder is not qualified to make.  Having no probative value,

6  the paragraph should be excluded from evidence under F.R.E. 403.

7  ### OBJECTION NO. 15:

8  Verigy objects to and moves to strike paragraph 22 of Defendant Romi Mayder (Text

9  Omitted).  (p.6:24-26).

10  **Grounds for Objection:**

11  Verigy objects to and moves to strike this paragraph because it is made in violation of

12  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

13  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

14  Any statement made on information and belief must state the basis therefore.  An affidavit or

15  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

16  objects to the statements because they constitute opinion testimony, do not satisfy the

17  requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

18  Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

19  matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

20  *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects to the statements

21  because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant

22  evidence based on grounds of prejudice, confusion or waste of time).

23  There are no facts based on personal knowledge in this paragraph.  Mayder's

24  "understanding" of who has read the unredacted TRO lacks foundation, is speculation, and is

25  irrelevant.  In light of such irrelevance and its lack of foundation, the paragraph is also excludable

26  under F.R.E. 403.

27  ### OBJECTION NO. 16:

28  Verigy objects to and moves to strike paragraph 24 of Defendant Romi Mayder (Text

- 14 -

1    Omitted).  (p.7:3-8).

2    **Grounds for Objection:**

3         Verigy objects to and moves to strike this paragraph because it is made in violation of

4    Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

5    much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

6    Any statement made on information and belief must state the basis therefore.  An affidavit or

7    declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

8    objects to the statements because they constitute opinion testimony, do not satisfy the

9    requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

10   Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

11   matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

12   *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects to the statements

13   because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant

14   evidence based on grounds of prejudice, confusion or waste of time).

15        There are no facts based on personal knowledge in this paragraph.  Mayder's opinion on

16   whether he was in compliance with the TRO is inadmissible expert opinion and legal conclusion.

17   Because he admits that he did not read the complete TRO and was not informed of its contents by

18   prior counsel, his opinion that he previously did not violate the TRO lacks foundation, is

19   speculation, and is irrelevant.  In light of such irrelevance and its lack of foundation, the paragraph

20   is also excludable under F.R.E. 403.

21                         **OBJECTION NO. 17:**

22        Verigy objects to and moves to strike the following statement from paragraph 25 of

23   Defendant Romi Mayder which states:

24        "…*which demonstrates that the general concept for the Flash Enhancer is publicly*

25   *disclosed*."   (p.7:11-12).

26   **Grounds for Objection:**

27        Verigy objects to and moves to strike this paragraph because it is made in violation of

28   Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

1    much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

2    Any statement made on information and belief must state the basis therefore.  An affidavit or

3    declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

4    objects to the statements because they constitute opinion testimony, do not satisfy the

5    requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th

6    Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the

7    matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United*

8    *States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Moreover, "a witness should not

9    ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an

10   expert."  *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702.  Verigy further objects

11   that the testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects to the statement

12   because it is speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant

13   evidence based on grounds of prejudice, confusion or waste of time).

14          Mayder's statement is not one of fact, but his opinion on what the 'recently published

15   patent applications and other papers' show.  (Mayder Declaration, p. 7:10-11).  Because he

16   attempts to relay the contents of those publications in a summary, the testimony is inadmissible

17   hearsay.  There is also no foundation for Mayder to interpret the contents of patent applications as

18   applied to the trade secrets in this case.  Because he is not qualified to render an opinion on what

19   the patent applications demonstrate, the testimony exceeds the scope of the witness' competency.

20   To the extent he is not competent to so testify, the evidence lacks probative value and should be

21   excluded under F.R.E. 403 as likely to confuse the issues and consume undue amounts of time.

22                                   **<u>OBJECTION NO. 18:</u>**

23          Verigy objects to and moves to strike paragraph 26 of Defendant Romi Mayder (Text

24   Omitted).  (p.7:19-28).

25   **Grounds for Objection:**

26          Verigy objects to and moves to strike this paragraph because it is made in violation of

27   Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

28   much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS' IN SUPPORT OF MSA AND
FOR MODIFICATION OF PRELIMINARY INJUNCTION          Case No. C07 04330 RMW (HRL)

Any statement made on information and belief must state the basis therefore.  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further objects to the testimony as irrelevant.  F.R.E. 402.  Verigy further objects to the statements because they constitute opinion testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).  The declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Verigy further objects that much of the testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects to the statements because they are speculative and should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Mayder's statement that his company is having financial difficulty is inadmissible as irrelevant.  F.R.E. 402.  His attribution of the cause of the financial difficulty is inadmissible opinion testimony which lacks foundation and exceeds the scope of Mayder's competency.  He is also not competent to testify as to what communications his attorneys have had with Verigy's attorneys.  (Mayder Declaration, p. 7:21-24).  His restatement of what his Russo & Hale attorneys told him about such conversations not only waives the attorney client privilege and attorney work product protections, but is inadmissible hearsay.  (Id., 7:24-27).  Finally, his statement on what he believes is the intent of Verigy's litigation strategy is unfounded speculation, as well as irrelevant.  (7:27-28). Since the paragraph contains only inadmissible statements without probative value, F.R.E. 403 favors preclusion of the paragraph, which should be stricken.

## OBJECTION NO. 19:

Verigy objects to and moves to strike paragraph 27 of Defendant Romi Mayder, entitled "**BOB POCHOWSKI'S CREDIBILITY**."  (Text Omitted).   (p.8:2-24).

**Grounds for Objection:**

Verigy objects to and moves to strike this paragraph because it is made in violation of Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

1   Any statement made on information and belief must state the basis therefore.  An affidavit or

2   declaration not in compliance with this rule may be stricken in whole or in part."  The evidence is

3   irrelevant.  F.R.E. 402.  Verigy further objects to the statements because they constitute opinion

4   testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v.*

5   *Kramer,* 200 F3d 1237, 1251 (9th Cir. 2000).  The declaration itself must contain facts showing the

6   declarant's connection with the matters stated therein, establishing the source of his or her

7   information.  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

8   Verigy further objects that much of the testimony is inadmissible hearsay.  F.R.E. 801.  Verigy

9   further objects to the statements because they are speculative and should be excluded pursuant to

10  F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of

11  time).

12      Verigy objects to and moves to strike Paragraph 27 of the Declaration of Romi Mayder

13  insofar as he purports to summarize and characterize the deposition testimony of non-party Robert

14  Pochowski.  Mayder cannot testify to the contents of emails and then characterize Pochowski as a

15  liar.  Such a summary is hearsay.  Also, the paragraph is improper argument masquerading as

16  factual testimony.  Because it is argument, it has no relevance. Separate and apart from relevancy

17  issues, Mayder's opinion that Pochowski "changed his story and is not truthful" invades the

18  province of the fact finder.

19                          **OBJECTION NO. 20:**

20      Verigy objects to and moves to strike paragraph 38 (28) of Defendant Romi Mayder.  (Text

21  Omitted).  (p.8:26-9:18).

22  **Grounds for Objection:**

23      Verigy objects to and moves to strike this paragraph because it is made in violation of

24  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

25  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

26  Any statement made on information and belief must state the basis therefore.  An affidavit or

27  declaration not in compliance with this rule may be stricken in whole or in part."  The evidence is

28  irrelevant.  F.R.E. 402.  Verigy further objects to the statements because they constitute opinion

1    testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded.  *Price v.*

2    *Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000).  The declaration itself must contain facts showing the

3    declarant's connection with the matters stated therein, establishing the source of his or her

4    information.  F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

5    Moreover, "a witness should not ordinarily be allowed to express an opinion upon a subject matter

6    concerning which he is not an expert."  *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E.

7    702.  Verigy further objects that much of the testimony is inadmissible hearsay.  F.R.E. 801.

8    Verigy further objects that much of the testimony is secondary evidence of the content of a

9    writing.  F.R.E. 1002.  Verigy further objects to the statements because they are speculative and

10    should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of

11    prejudice, confusion or waste of time).

12        The entire paragraph is argument, based on Mayder's inadmissible opinions and recitation

13    of various writings.  Mayder does not, within the declaration, lay the foundation to testify on STS'

14    competitors' products or Verigy's strategic partners.  (Mayder Declaration, p.8:26-27, 9:2-3).  He

15    cannot testify about what Dave McMann of Intel said, because that is inadmissible hearsay.  (*Id.*,

16    p.8:27-9:2).  Mayder cannot quote Formfactor's website: that is inadmissible hearsay and a

17    violation of the secondary evidence rule.  (*Id.*, p.9:6-9; 9:15-17).  Mayder is not qualified to opine

18    on Verigy's legal claims nor on whether there is a 'competing solution to the STS Flash Enhancer'

19    sold by a partner of Verigy.  (*Id.*, p. 9:10-12).  The testimony should also be excluded under

20    F.R.E. 403 as it lacks probative value and creates undue consumption of time.

21                                    **OBJECTION NO. 21:**

22        Verigy objects to and moves to strike paragraph 31 (30) of Defendant Romi Mayder.  (Text

23    Omitted).  (p.9:19-28).

24    **Grounds for Objection:**

25        Verigy objects to and moves to strike this paragraph because it is made in violation of

26    Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

27    much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

28    Any statement made on information and belief must state the basis therefore.  An affidavit or

- 19 -

declaration not in compliance with this rule may be stricken in whole or in part." The evidence is irrelevant. F.R.E. 402. Verigy further objects to the statements because they constitute opinion testimony, do not satisfy the requirements of F.R.E. 701, and should be excluded. *Price v. Kramer*, 200 F3d 1237, 1251 (9th Cir. 2000). The declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. F.R.E. 602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999). Moreover, "a witness should not ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an expert." *Phillips v. U.S.* 356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702. Verigy further objects that much of the testimony is inadmissible hearsay. F.R.E. 801. Verigy further objects that much of the testimony is secondary evidence of the content of a writing. F.R.E. 1002. Verigy further objects to the statements because they are speculative and of limited probative value, and thus should be excluded pursuant to F.R.E 403 (exclusion of relevant evidence based on grounds of prejudice, confusion or waste of time).

Mayder's concluding paragraph is again, improper argument masquerading as testimony. Defendants' filings are sufficient to inform the Court as to the relief Defendants seek by way of the motion for summary adjudication and modification of the preliminary injunction. He is further not qualified to testify as to whether sales of his Flash Enhancer to 'non-Verigy' applications would impact Verigy's sales, as he is not an expert in damages. (Mayder Declaration, p.9:19-23). His final statement of the declaration is a plea for the Court's mercy with its basis in irrelevant and unfounded conclusions. His lack of understanding of the judicial process is irrelevant to the motion, and his reference to Verigy 'starving' his company is not only irrelevant, but inflammatory. (Id., p. 9:26-38). The statements and the paragraph should be stricken on these basis and because any probative value is minimal in light of the prejudicial nature of such statements.

## OBJECTION NO. 22:

Verigy objects to and moves to strike the entire Declaration of Defendant Romi Mayder (Text omitted)

**Grounds for Objection:**

1    Verigy objects to and moves to strike the declaration because it is made in violation of

2  Civil L.R. 7-5(b) which provides that a "declaration may only contain facts, must conform as

3  much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.

4  Any statement made on information and belief must state the basis therefore.  An affidavit or

5  declaration not in compliance with this rule may be stricken in whole or in part."  Verigy further

6  objects to the declaration because the statements within are irrelevant, in violation of F.R.E. 402.

7  Verigy further objects to the statements because they constitute opinion testimony, do not satisfy

8  the requirements of F.R.E. 701, and should be excluded.  *Price v. Kramer*, 200 F3d 1237, 1251

9  (9th Cir. 2000). The declaration itself must contain facts showing the declarant's connection with

10  the matters stated therein, establishing the source of his or her information.  F.R.E. 602; *see,*

11  *United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).  Moreover, "a witness should not

12  ordinarily be allowed to express an opinion upon a subject matter concerning which he is not an

13  expert."  *Phillips v. U.S.*  356 F.2d 297, 307 (9th Cir. 1965); F.R.E. 702.  Verigy further objects

14  that much of the testimony is inadmissible hearsay.  F.R.E. 801.  Verigy further objects that much

15  of the evidence is cumulative and should be excluded pursuant to F.R.E 403 (exclusion of

16  cumulative or relevant evidence based on grounds of prejudice, confusion or waste of time).

17    In light of objections five (5) through twenty-one (21) most of Defendant Romi Mayder's

18  should be excluded.  It is largely argument, with little or no facts based on personal knowledge, all

19  of which violates Civil L.R. 7-5(b).  What is not argument tends to be the hearsay interpretations

20  of what other individuals have said or what other documents contain.  There is also Mr. Mayder's

21  speculation and opinions as to why Verigy and its counsel have done what they have done, none

22  of which has the appropriate foundation.

23    The totality of these evidentiary problems justifies the exclusion of the entire declaration.

24  Dated: September 3, 2008                  BERGESON, LLP

25

26                                        By: _____/s/_____
                                              Colin G. McCarthy

27

28                                        Attorneys for Plaintiff
                                          VERIGY US, INC.

- 21 -