DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
DONALD P. GAGLIARDI, Bar No. 138979
dgagliardi@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
| Plaintiff, | **VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY WES MAYDER IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT AND RULE 11 SANCTIONS** |
| vs. | |
| ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Date: September 5, 2008<br>Time: 9:00 am<br>Ctrm.: 6<br>Judge: Hon. Ronald M. Whyte |
| Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: None Set |
| AND RELATED CROSS ACTIONS | |

Plaintiff Verigy US, Inc. ("Verigy") hereby objects to the following evidence submitted by defendant Wesley Mayder in support of his motion for summary judgment currently set for hearing on September 5, 2008 before the above-named Court.

**A.    DECLARATION OF WESLEY MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, ETC. (Docket No. 230-9)**

**OBJECTION NO. 1:** Verigy objects to and moves to strike the entire Declaration of Wesley Mayder because such declaration as submitted to the Court was not signed or sworn by him under penalty of perjury, nor has Wesley Mayder's counsel served a signed version of the declaration despite promise to do so. **Grounds for Objection:** An unsigned and unsworn declaration is not evidence. *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("[A]n unsigned affidavit is a contradiction in terms. By definition an affidavit is a 'sworn statement . . . made under an oath . . .'").

**OBJECTION NO. 2:** Verigy objects to and moves to strike portions of the Declaration of Wesley Mayder insofar as Wesley Mayder retracted such testimony in his deposition on July 8, 2008. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) **Grounds for Objection:** The testimony retracted and disowned by Wesley Mayder should be stricken because he has admitted under oath that it is false. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 3:** Verigy objects to and moves to strike portions of the Declaration of Wesley Mayder insofar as Wesley Mayder contradicted such testimony in his deposition on July 8, 2008. (*See*, Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) **Grounds for Objection:** The testimony contradicted by Wesley Mayder at his deposition should be stricken because a party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

1  **OBJECTION NO. 4:**  Verigy objects to and moves to strike the statement in Paragraph 1
2  of the Declaration of Wesley Mayder: "I have no direct or indirect control over any of the
3  defendants in this case."  **Grounds for Objection:**  This statement is inherently false and
4  misleading.  Wesley Mayder is himself a defendant in this action and as such he has control over
5  his own conduct.

6  **OBJECTION NO. 5:**  Verigy objects to and moves to strike the statement in Paragraph 7
7  of the Declaration of Wesley Mayder: "I am only a passive shareholder . . . in Silicon Test
8  Systems, Inc. . . ."  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's
9  deposition testimony as well as contemporaneous documentation.  (*See,* Gagliardi Decl., ¶ 2 and
10 Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a
11 declaration on summary judgment for deposition testimony made during discovery.  *School*
12 *District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

13 **OBJECTION NO. 6:**  Verigy objects to and moves to strike the statement in Paragraph 9
14 of the Declaration of Wesley Mayder: "I never agreed to become and never did become an active
15 participant in STS LLC."  **Grounds for Objection:**  This statement is contradicted by Wesley
16 Mayder's deposition testimony as well as contemporaneous documentation.   (*See,* Gagliardi
17 Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  A party
18 cannot substitute a declaration on summary judgment for deposition testimony made during
19 discovery.  *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255,
20 1264 (9th Cir. 1993).

21 **OBJECTION NO. 7:**  Verigy objects to and moves to strike the statement in Paragraph 9
22 of the Declaration of Wesley Mayder: "I never signed the Operating Agreement . . ."  **Grounds**
23 **for Objection:**  This statement is contradicted by Wesley Mayder's deposition testimony as well
24 as contemporaneous documentation.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of
25 deposition transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary
26 judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah*
27 *County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

28 **OBJECTION NO. 8:**  Verigy objects to and moves to strike the statement in Paragraph 11

1  of the Declaration of Wesley Mayder: ". . . I never signed the Operating Agreement . . ."
2  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's deposition
3  testimony as well as contemporaneous documentation.   (*See,* Gagliardi Decl., ¶ 2 and Ex. A
4  (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a
5  declaration on summary judgment for deposition testimony made during discovery.  *School*
6  *District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

7  **OBJECTION NO. 9:**  Verigy objects to and moves to strike the statement in Paragraph 12
8  of the Declaration of Wesley Mayder: "I never . . . was a director [of STS, Inc.] . . ."  **Grounds**
9  **for Objection:**  This statement is contradicted by contemporaneous documentation authenticated
10  by Wesley Mayder at his deposition.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of
11  deposition transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary
12  judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah*
13  *County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

14  **OBJECTION NO. 10:**  Verigy objects to and moves to strike statements in Paragraph 14
15  of the Declaration of Wesley Mayder regarding what Wesley Mayder believes are appropriate as
16  grounds for a lawsuit.  **Grounds for Objection:**  Wesley Mayder lacks foundation to offer an
17  expert legal opinion as to the appropriate grounds for a lawsuit in federal court.

18  **OBJECTION NO. 11:**  Verigy objects to and moves to strike the statement in Paragraph
19  15 of the Declaration of Wesley Mayder: "In mid-December 2006, Romi [Mayder] sent me an
20  email asking if I knew someone who could provide some verification of dates applicable to his lab
21  notebook."  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's
22  deposition testimony as well as contemporaneous documentation concerning when the email was
23  sent and received.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript
24  of Wesley Mayder).)  A party cannot substitute a declaration on summary judgment for deposition
25  testimony made during discovery.  *School District No.1J, Multonomah County, Oregon v.*
26  *ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

27  **OBJECTION NO. 12:**  Verigy objects to and moves to strike the statement in Paragraph
28  15 of the Declaration of Wesley Mayder: "I never directed Jon Davidson to do anything false . . ."

**Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation that Romi Mayder asked Wesley Mayder to have Jon Davidson backdate his lab notebook and that Wesley Mayder complied. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 13:** Verigy objects to and moves to strike the statement in Paragraph 16 of the Declaration of Wesley Mayder: ". . . neither I nor WeDirect has ever hosted any website for STS, Inc. or for Romi [Mayder] . . ." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation.   (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 14:** Verigy objects to and moves to strike Paragraph 18 of the Declaration of Wesley Mayder. **Grounds for Objection:** Wesley Mayder lacks foundation as to what investigation or lack thereof was undertaken by Verigy prior to instituting this litigation. Further, Wesley Mayder's personal speculative belief as to whether Verigy sued him by mistake or as to Verigy's motives for suing Wesley Mayder is immaterial and irrelevant.

**OBJECTION NO. 15:** Verigy objects to and moves to strike Paragraph 21 of the Declaration of Wesley Mayder. **Grounds for Objection:** This paragraph is inappropriate legal argument masquerading as testimonial evidence.

**OBJECTION NO. 16:** Verigy objects to and moves to strike Paragraph 22 of the Declaration of Wesley Mayder. **Grounds for Objection:** This paragraph is inappropriate legal argument masquerading as testimonial evidence.

//

### B.  SUPPLEMENTAL DECLARATION OF WESLEY MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, ETC. (Docket No. 230-21)

**OBJECTION NO. 1:**  Verigy objects to and moves to strike the entire Supplemental Declaration of Wesley Mayder because such declaration as submitted to the Court was not signed or sworn by him under penalty of perjury, nor has Wesley Mayder's counsel served a signed version of the declaration despite promise to do so.  **Grounds for Objection:**  An unsigned and unsworn declaration is not evidence.  *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("[A]n unsigned affidavit is a contradiction in terms.  By definition an affidavit is a 'sworn statement . . . made under an oath . . .'").

**OBJECTION NO. 2:**  Verigy objects to and moves to strike portions of the Supplemental Declaration of Wesley Mayder insofar as Wesley Mayder retracted such testimony in his deposition on July 8, 2008.  (See, Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  **Grounds for Objection:**  The testimony retracted and disowned by Wesley Mayder should be stricken because he has admitted under oath that it is false.

**OBJECTION NO. 3:**  Verigy objects to and moves to strike portions of the Supplemental Declaration of Wesley Mayder insofar as Wesley Mayder contradicted such testimony in his deposition on July 8, 2008.  (*See*, Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  **Grounds for Objection:**  The testimony contradicted by Wesley Mayder at his deposition should be stricken because a party cannot substitute a declaration on summary judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 4:**  Verigy objects to and moves to strike the statement in Paragraph 4 of the Supplemental Declaration of Wesley Mayder:  "I am a passive shareholder in Silicon Test Systems, Inc. . . ."  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation.   (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

1  **OBJECTION NO. 5:** Verigy objects to and moves to strike the statements in Paragraph 5 of the Supplemental Declaration of Wesley Mayder: "I am a passive . . . shareholder in STS. I am not . . . a director of STS and I have never been in any such role in STS." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 6:** Verigy objects to and moves to strike the statement in Paragraph 9 of the Supplemental Declaration of Wesley Mayder: ". . . I have no role in my brother's [Romi Mayder's] companies except as a minority shareholder." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 7:** Verigy objects to and moves to strike the statement in Paragraph 11 of the Supplemental Declaration of Wesley Mayder: "I did not require or request that Jon Davidson . . . do anything false . . ." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 8:** Verigy objects to and moves to strike the statement in Paragraph 12 of the Supplemental Declaration of Wesley Mayder: "As a passive minority shareholder of STS . . . ." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony as well as contemporaneous documentation. (*See,* Gagliardi Decl., ¶ 2 and Ex. A

1  (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a

2  declaration on summary judgment for deposition testimony made during discovery.  *School*

3  *District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

4      **OBJECTION NO. 9:**  Verigy objects to and moves to strike the statement in Paragraph 12

5  of the Supplemental Declaration of Wesley Mayder:  "I simply do not understand how I can

6  rightfully be a defendant in this case . . ."  **Grounds for Objection:**  Immaterial and irrelevant.

7      **OBJECTION NO. 10:**  Verigy objects to and moves to strike the statement in Paragraph

8  12 of the Supplemental Declaration of Wesley Mayder:  "I request dismissal from this case."

9  **Grounds for Objection:**  This statement is inappropriate legal argument masquerading as

10 testimonial evidence.

11     **C.   DECLARATION OF JOHN DAVIDSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, ETC. (Docket No. 230-8)**

12

13     **OBJECTION NO. 1:**  Verigy objects to and moves to strike the entire Declaration of Jon

14 Davidson because such declaration as submitted to the Court was not signed or sworn by him

15 under penalty of perjury.  **Grounds for Objection:** An unsigned and unsworn declaration is not

16 evidence.  *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("[A]n unsigned affidavit is a

17 contradiction in terms.  By definition an affidavit is a 'sworn statement . . . made under an oath . .

18 .'").

19     **OBJECTION NO. 2:**  Verigy objects to and moves to strike portions of the Declaration of

20 Jon Davidson insofar as Jon Davidson retracted such testimony in his deposition on July 8, 2008.

21 (See, Gagliardi Decl., ¶ 3 and Ex. B (pertinent portions of deposition transcript of John

22 Davidson).)  **Grounds for Objection:**  The testimony retracted and disowned by John Davidson

23 should be stricken because he has admitted under oath that it is false.

24     **OBJECTION NO. 3:**  Verigy objects to and moves to strike portions of the Declaration of

25 Jon Davidson insofar as Jon Davidson contradicted such testimony in his deposition on July 8,

26 2008.  (*See*, Gagliardi Decl., ¶ 3 and Ex. B (pertinent portions of deposition transcript of Jon

27 Davidson).)  **Grounds for Objection:**  The testimony contradicted by Jon Davidson at his

28 deposition should be stricken because a party cannot substitute a declaration on summary

1  judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah*

2  *County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

3      **OBJECTION NO. 4:**  Verigy objects to and moves to strike the statement in Paragraph 7

4  of the Declaration of Jon Davidson: "In mid-December 2006, Romi [Mayder] sent me an email to

5  Wesley [Mayder] asking about obtaining verification of dates applicable to his lab notebook."

6  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's deposition

7  testimony as well as contemporaneous documentation concerning when the email was sent and

8  received.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of

9  Wesley Mayder).)  A party cannot substitute a declaration on summary judgment for deposition

10  testimony made during discovery.  *School District No.1J, Multonomah County, Oregon v.*

11  *ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).  ).

12      **OBJECTION NO. 5:**  Verigy objects to and moves to strike the statement in Paragraph 7

13  of the Declaration of Jon Davidson: "Wesley [Mayder] never directed me to do anything false . .

14  ."  **Grounds for Objection:**  This statement is contradicted by Wesley Mayder's deposition

15  testimony as well as contemporaneous documentation that Jon Davidson was asked to backdate

16  Romi Mayder's notebook.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition

17  transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary judgment for

18  deposition testimony made during discovery.  *School District No.1J, Multonomah County, Oregon*

19  *v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).  ).

20      **OBJECTION NO. 6:**  Verigy objects to and moves to strike the statement in Paragraph 8

21  of the Declaration of Jon Davidson: "Wesley [Mayder] had not control over me regarding this

22  activity [backdating Romi Mayder's notebook]."  **Grounds for Objection:**  This statement is

23  contradicted by Wesley Mayder's deposition testimony as well as contemporaneous

24  documentation concerning when the email was sent and received.  (*See,* Gagliardi Decl., ¶ 2 and

25  Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a

26  declaration on summary judgment for deposition testimony made during discovery.  *School*

27  *District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).  ).

28  //

**OBJECTION NO. 7:** Verigy objects to and moves to strike the statement in Paragraph 9 of the Declaration of Jon Davidson: "Without first asking me any questions about the lab notebook or about my discussions with Romi [Mayder] in 2007, Verigy filed a complaint including against Wesley [Mayder]." **Grounds for Objection:** Immaterial and irrelevant whether Jon Davidson was interviewed by Verigy prior to the inception of litigation. Also, this statement is inappropriate legal argument masquerading as testimonial evidence. The fact of the complaint against Wesley Mayder is a matter of public record of which the Court can take judicial notice; the remainder of this paragraph is embroidered argument.

**OBJECTION NO. 8:** Verigy objects to and moves to strike Paragraph 10 of the Declaration of Jon Davidson. **Grounds for Objection:** Immaterial and irrelevant.

D. **DECLARATION OF ROMI MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, ETC. (Docket No. 230-15)**

**OBJECTION NO. 1:** Verigy objects to and moves to strike the entire Declaration of Romi Mayder because such declaration as submitted to the Court was not signed or sworn by him under penalty of perjury. **Grounds for Objection:** An unsigned and unsworn declaration is not evidence. *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("[A]n unsigned affidavit is a contradiction in terms. By definition an affidavit is a 'sworn statement . . . made under an oath . . .'").

**OBJECTION NO. 2:** Verigy objects to and moves to strike portions of the Declaration of Romi Mayder insofar as Romi Mayder contradicted such testimony in any of his deposition sessions in the above-captioned action. **Grounds for Objection:** The testimony contradicted by Romi Mayder at his deposition should be stricken because a party cannot substitute a declaration on summary judgment for deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

**OBJECTION NO. 3:** Verigy objects to and moves to strike the statement in Paragraph 20 of the Declaration of Romi Mayder: "Wesley [Mayder] . . . was never on the board of directors of . . . STS, Inc., and is only a passive shareholder . . ." **Grounds for Objection:** This statement is contradicted by Wesley Mayder's deposition testimony authenticating contemporaneous

- 9 -
VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY WES MAYDER IN SUPPORT OF
MOTIONS FOR SUMMARY JUDGMENT AND RULE 11 SANCTIONS    Case No. C07 04330 RMW (HRL)

1  documentation in which Romi Mayder admits on several occasions otherwise, namely that Wesley
2  Mayder was indeed a director of STS, Inc.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions
3  of deposition transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary
4  judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah*
5  *County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

6  **OBJECTION NO. 4:**  Verigy objects to and moves to strike the statement in Paragraph 22
7  of the Declaration of Romi Mayder:  "Wesley [Mayder] never signed a final version of the
8  Operating Agreement of STS LLC. "  **Grounds for Objection:**  This statement is misleading and
9  contradicted by Wesley Mayder's deposition testimony and contemporaneous documentation
10 which includes Wesley Mayder's signature on the STS LLC Operating Agreement evincing
11 Wesley Mayder's agreement to its terms.  (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions
12 of deposition transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary
13 judgment for deposition testimony made during discovery.  *School District No.1J, Multonomah*
14 *County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir. 1993).

15 **OBJECTION NO. 5:**  Verigy objects to and moves to strike the statement in Paragraph 27
16 of the Declaration of Romi Mayder:  "Neither Wesley [Mayder] nor WeDirect has ever hosted any
17 website for STS, Inc."  **Grounds for Objection:**  This statement is contradicted by Wesley
18 Mayder's deposition testimony and contemporaneous documentation.  (*See,* Gagliardi Decl., ¶ 2
19 and Ex. A (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot
20 substitute a declaration on summary judgment for deposition testimony made during discovery.
21 *School District No.1J, Multonomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1264 (9th Cir.
22 1993).

23 **OBJECTION NO. 6:**  Verigy objects to and moves to strike the statement in Paragraph 30
24 of the Declaration of Romi Mayder:  "Before filing the complaint, Verigy never discussed Wesley
25 [Mayder]'s role with STS, Inc., STS LLC, or me."  **Grounds for Objection:**  Immaterial and
26 irrelevant whether Romi Mayder was interviewed by Verigy prior to the inception of litigation.
27 Also, this statement is inappropriate legal argument masquerading as testimonial evidence.  The
28 fact of the complaint against Wesley Mayder is a matter of public record of which the Court can

1 | take judicial notice; the remainder of this paragraph is embroidered argument.

2 |       **E.**    **SUPPLEMENTAL DECLARATION OF ROMI MAYDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, ETC. (Docket No. 259)**

3

4 |       **OBJECTION NO. 1:** Verigy objects to and moves to strike the entire Supplemental

5 | Declaration of Romi Mayder because such declaration as submitted to the Court was not signed or

6 | sworn by him under penalty of perjury. **Grounds for Objection:** An unsigned and unsworn

7 | declaration is not evidence. *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("[A]n

8 | unsigned affidavit is a contradiction in terms. By definition an affidavit is a 'sworn statement . . .

9 | made under an oath . . .'").

10 |       **OBJECTION NO. 2:** Verigy objects to and moves to strike portions of the Supplemental

11 | Declaration of Romi Mayder insofar as Romi Mayder contradicted such testimony in any of his

12 | deposition sessions in the above-captioned action. **Grounds for Objection:** The testimony

13 | contradicted by Romi Mayder at his deposition should be stricken because a party cannot

14 | substitute a declaration on summary judgment for deposition testimony made during discovery.

15 | *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir.

16 | 1993).

17 |       **OBJECTION NO. 3:** Verigy objects to and moves to strike Paragraph 3 of the

18 | Supplemental Declaration of Romi Mayder. **Grounds for Objection:** Romi Mayder lacks

19 | foundation to categorically "affirm . . . all statements" in his brother Wesley Mayder's declaration.

20 | Also, Romi Mayder's assertion that he is and ever was the only director of STS, Inc., is

21 | contradicted by the deposition testimony of Wesley Mayder authenticating contemporaneous

22 | documentation in which Romi Mayder, himself, admits on several occasions otherwise, namely

23 | that Wesley Mayder was indeed a director of STS, Inc. (*See,* Gagliardi Decl., ¶ 2 and Ex. A

24 | (pertinent portions of deposition transcript of Wesley Mayder).) A party cannot substitute a

25 | declaration on summary judgment for deposition testimony made during discovery. *School*

26 | *District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

27 |       **OBJECTION NO. 4:** Verigy objects to and moves to strike the statement in Paragraph 4

28 | of the Supplemental Declaration of Romi Mayder: ". . . I was and am the sole director of STS,

1  Inc." **Grounds for Objection:** This is statement is contradicted by the deposition testimony of
2  Wesley Mayder authenticating contemporaneous documentation in which Romi Mayder, himself,
3  admits on several occasions otherwise, namely that Wesley Mayder was indeed a director of STS,
4  Inc. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition transcript of Wesley
5  Mayder).)  A party cannot substitute a declaration on summary judgment for deposition testimony
6  made during discovery. *School District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5
7  F.3d 1255, 1264 (9th Cir. 1993).

8  **OBJECTION NO. 5:** Verigy objects to and moves to strike the statement in Paragraph 9
9  of the Supplemental Declaration of Romi Mayder: ". . . there were never any signatures on . . . the
10 STS LLC Operating Agreement . . ". **Grounds for Objection:** This statement is contradicted by
11 the deposition testimony of Wesley Mayder authenticating contemporaneous documentation
12 which shows that both Romi Mayder and Wesley Mayder affixed their signatures to the STS LLC
13 Operating Agreement. (*See,* Gagliardi Decl., ¶ 2 and Ex. A (pertinent portions of deposition
14 transcript of Wesley Mayder).)  A party cannot substitute a declaration on summary judgment for
15 deposition testimony made during discovery. *School District No.1J, Multonomah County, Oregon*
16 *v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

17 **OBJECTION NO. 6:** Verigy objects to and moves to strike the statement in Paragraph 10
18 of the Supplemental Declaration of Romi Mayder: ". . . I unequivocally re-affirm that neither Wes
19 Mayder nor Ben Francois (nor anyone else) was every on any board of directors or any other
20 board for either STS, Inc. or for STS LLC or otherwise engaged in the management of either of
21 these entities." **Grounds for Objection:** This is statement is contradicted by the deposition
22 testimony of Wesley Mayder authenticating contemporaneous documentation in which Romi
23 Mayder, himself, admits on several occasions otherwise, namely that Wesley Mayder, and Ben
24 Francois, was indeed a director of STS, Inc. and which evidences that Wesley Mayder was in fact
25 involved in the management of both STS LLC and STS, Inc.   (*See,* Gagliardi Decl., ¶ 2 and Ex. A
26 (pertinent portions of deposition transcript of Wesley Mayder).)  A party cannot substitute a
27 declaration on summary judgment for deposition testimony made during discovery. *School*
28 //

1 | *District No.1J, Multonomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

Dated:  September 3, 2008          BERGESON, LLP


By:  _____/s/_____
            Donald P. Gagliardi

Attorneys for Plaintiff,
VERIGY US, INC.

- 13 -
VERIGY'S OBJECTIONS TO EVIDENCE SUBMITTED BY WES MAYDER IN SUPPORT OF
MOTIONS FOR SUMMARY JUDGMENT AND RULE 11 SANCTIONS     Case No. C07 04330 RMW (HRL)