| | |
|---|---|
| 1  JACK RUSSO (State Bar No. 96068)<br>    TIM C. HALE (State Bar No. 114905)<br>2  JOHN KELLEY (State Bar No. 100714)<br>    RUSSO & HALE LLP<br>3  401 Florence Street<br>    Palo Alto, CA 94301<br>4  Telephone: (650) 327-9800<br>    Facsimile: (650) 327-3737<br>5  Email: jrusso@computerlaw.com<br>           thale@computerlaw.com<br>6           jkelley@computerlaw.com<br>7  Attorneys for defendants and counterclaimants<br>    ROMI MAYDER, SILICON TEST SYSTEMS, INC.,<br>8  SILICON TEST SOLUTIONS LLC, and WESLEY<br>    MAYDER | **PUBLIC VERSION** |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>    Defendants. | Case No. 5:07-cv-04330-RMW (HRL)<br><br>***CORRECTED* DECLARATION OF TIM C. HALE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISCLOSE HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY MATERIALS TO TWO ADDITIONAL EXPERTS**<br><br>**Date: September 9, 2008**<br>**Time: 10 a.m..**<br>**Before: Hon. Howard R. Lloyd**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED COUNTERCLAIMS. | |

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

I, Tim C. Hale, hereby declare as follows:

1. I am an attorney with the law firm of Russo & Hale LLP, counsel for defendants Romi Mayder, Silicon Test Systems, Inc., Silicon Test Solutions LLC, and Wesley Mayder in this action. I am a member in good standing for over 20 years of the State Bar of California, and am licensed to practice in the Northern District of California. I make the statements herein of my personal knowledge, unless stated on information and belief, which matters I believe to be true, and could and would testify to the matters set forth herein if called as a witness.

2. Plaintiff Verigy US, Inc. ("Verigy") has named no fewer than seven different technical experts in this matter, namely Messrs. or Ms. Wei, Pathak, Wakerly, Bharambhatt, Sakamoto, Gillette and West, the latter two of which are the subject of Verigy's motion to disclose. Four of these experts have not been obejcted to by Defendants or objections have been resolved: Wei, Pathak, Wakerly and Bharambhatt. Mr.Wei has already testified extensively in this matter, and in particular, has addressed the very issue that Verigy claims it needs additional technical experts in connection with, namely the differences between the requirements for testing NOR versus NAND flash memory devices. Attached hereto as Exhibit 1 is a true and correct copy of Mr. Wei's declaration submitted on reply in connection with Verigy's request for a preliminary injunction against Defendants. At paragraphs 15-16, 22-25 and elsewhere in this Declaration, Mr. Wei provides extensive testimony regarding NOR and NAND flash memory. Nowhere in Verigy's motion papers, however, do they address why Mr. Wei's expertise is such that Verigy requires additional experts on the issue.

3. In its motion papers, Verigy cites to Defendants' position that its technology is complementary rather than competitive to Verigy's technology. What Verigy fails to apprise the Court of, however, is that Verigy has taken the exact opposite position in this litigation, having argued repeatedly that Defendants are directly competing with it. Attached hereto as Exhibits 2 and 3 are two briefs in which Verigy asserts that Defendants are directly competing with Verigy [*see* Verigy's Memorandum of Points and Authorities in Opposition to Defendants' Summary Adjudication Motion as to 3rd-5th Claims for Relief, at page 9 ("Mayder took these actions to further his *budding competing business venture*....") and Verigy's *Ex Parte* Application for

1. Temporary Restraining Order Etc. at pages 14, 17, 20 (references to "*competing product*" and "*competing business*" in describing Defendants)] (emphasis added).

     4.     Attached hereto as Exhibit 4 is a true and correct copy of a United States patent issued to several inventors, one of whom, Bernard West, is one of the two new experts that Verigy desires to show Defendants' trade secret information, which patent was assigned to a company called Credence Systems. This patent was issued in 2005 and addresses an invention directly related to putting an integrated circuit on ATE equipment for purposes of achieving greater parallel testing, or as it is sometimes called, resource sharing.

     5.     Attached hereto as Exhibit 5 is a true and correct copy of a publication that I am informed and believe is a well-known publication, *The Final Test Report*, vol. 19, no. 9, Sept. 2008 available through subscription at http://www.ikonix.com/public_html/index1_n.htm, in the ATE industry. At page 3 of this document, the author of the publication refers to ongoing consolidation in the industry. Attached hereto as Exhibit 6 is what I am informed and believe is a true and correct copy of a sampling of ATE industry personnel who have moved from one ATE company to another, with said information being collected from *The Final Test Report*. According to these documents, the ATE industry is becoming more consolidated, and movement between ATE companies is common.

     6.     In Verigy's motion papers, it seeks an additional week's time in order to tender any expert reports from its new experts. Verigy bases this request on so-called "delay" by Defendants. The only delay at issue here was Verigy's delay in naming a slew of new experts at the last minute; Defendants simply followed the Court's protective order in this action and timely lodged their objections to those new alleged experts. Further, at no time during our meet and confer session did Verigy bring up this issue, attempt to resolve it or in any way suggest that it would be seeking this relief from the Court.

     7.     Attached hereto as Exhibit 7 is a true and correct copy of an announcement on the corporate website for a new company called LTX-Credence, which is stated to be the result of a merger between LTX and Credence, two ATE companies, on August 29, 2008, less than a week ago.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Hale Decl. Supp. Admin. Mot. Seal. Docs.**     2     Case No. 5:07-cv-04330-RMW (HRL)

1   I declare under penalty of perjury under the laws of the United States of America that the
2   forgoing is true and correct. Executed on September 4, 2008 in Palo Alto, California.

3                              _____/s/__Tim C. Hale__
                                        Tim C. Hale

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28