**MANUAL FILING NOTIFICATION**

Regarding:  **DEFENDANTS'** *CORRECTED* **NOTICE OF MOTION AND MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFF VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST; MEMORANDUM OF POINTS AND AUTHORITIES**

```
This filing is in paper or physical form only, and is being maintained
in the case file in the Clerk's office.  If you are a participant in
this case, this filing will be served in hard-copy shortly.  For
information on retrieving this filing directly from the court, please
see the court's main web site at http://www.cand.uscourts.gov under
Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[_] Voluminous Document (PDF file size larger than the efiling system
allows)

[_] Unable to Scan Documents

[_] Physical Object (description):_____
     _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other
media

[x] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General
Order 53).

[_] Other (description): _____
     _____
```

| | |
|---|---|
| JACK RUSSO (State Bar No. 96068)<br>TIM C. HALE (State Bar No. 114905)<br>RUSSO & HALE LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>Telephone: (650) 327-9800<br>Facsimile: (650) 327-3737<br>Email: jrusso@computerlaw.com<br><br>Attorneys for Defendants<br>ROMI MAYDER, SILICON TEST SYSTEMS, INC.,<br>SILICON TEST SOLUTIONS, LLC, and WESLEY<br>MAYDER | **PUBLIC VERSION** |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation,<br><br>                        Plaintiff,<br><br>v.<br><br>ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>                        Defendants. | Case No. 5:07-cv-04330-RMW (HRL)<br><br>**DEFENDANTS'** *CORRECTED* **NOTICE OF MOTION AND MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFF VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F.R.C.P. RULE 37]**<br><br>**Date: September 30, 2008**<br>**Time: 10:00 a.m.**<br>**Ctrm: 2**<br>**Before Mag. Howard Lloyd**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| AND RELATED COUNTERCLAIMS. | |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Motion to Compel Documents            Case No. 5:07-cv-04330-RMW (HRL)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

    INTRODUCTION ............................................................................................................ 1

    STATEMENT OF FACTS .............................................................................................. 2

    ARGUMENT .................................................................................................................... 3

        I.    DEFENDANTS ARE IMPROPERLY WITHHOLDING PRODUCTION OF DOCUMENTS BASED UPON AN UNSUPPORTED AND UNSUPPORTABLE CLAIM OF ALLEGED "COMMON INTEREST PRIVILEGE" ............................. 3

        II.   AT A MINIMUM THE COURT SHOULD CONDUCT AND *IN CAMERA* REVIEW OF THE ALLEGEDLY PRIVILEGED DOCUMENTS TO DETERMINE THEIR STATUS ........... 7

    CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Brill v. Writers Guild of America, Inc.*
　　2000 U.S. App. LEXIS 31179 (9th Cir. Dec. 1, 2000) ......................................................... 3

*Christman v. Brauvin Realty Advisors, Inc.*
　　185 F.R.D. 251 (N.D. Ill. 1999) ........................................................................................... 8

*Foltz v. State Farm Mutual Auto. Ins. Co.*
　　331 F.3d 1122 (9th Cir. 2003) .............................................................................................. 8

*In re Imperial Corporation of America*
　　167 F.R.D. 447 (N.D. Cal. 1995) ..................................................................................... 3, 4

*In the Matter of an Application to Enforce Administrative Subpoenas of Securities and Exchange Commission*
　　2008 U.S. Dist. LEXIS 3353 (S.D. Cal. Jan 16, 2008) ........................................................ 7

*Loustalet v. Refco, Inc.*
　　154 F.R.D. 243 (N.D. Cal. 1993) ......................................................................................... 4

*Martinez v. City of Fresno*
　　2006 U.S. Dist. LEXIS 94101 (E.D. Cal. Dec. 20, 2006) .................................................... 8

*Nidec Corp. v. Victor Company of Japan*
　　2007 U.S. Dist. LEXIS 48841 (N.D. Cal. July 3, 2007) ...................................................... 4

*Ramirez v. City of Los Angeles*
　　231 F.R.D. 407 (C.D. Cal. 2005) ......................................................................................... 8

*Synopsis, Inc. v. Ricoh Co., Ltd.*
　　2006 U.S. Dist. LEXIS 64270 (N.D. Cal. Aug. 28, 2006) ................................................... 7

*United States v. Bell*
　　1994 U.S. Dist. LEXIS 17408 (N.D. Cal. Nov. 9, 1994) ..................................................... 8

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' Motion to Compel Documents**　　　　ii　　　　**Case No. 5:07-cv-04330-RMW (HRL)**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants shall and hereby do move this Honorable Court for an Order compelling plaintiff Verigy US, Inc. ("Verigy") to produce documents, documents it withheld and listed on a privilege log based almost entirely upon an asserted "common interest privilege," also known as the joint defense privilege, with a non-party to this action, Robert Pochowski.  As the Motion demonstrates, Mr. Pochowski began STS LLC with Romi Mayder, an individual defendant herein, and if anything was adverse to Verigy, not someone who shared a common interest with it.  At a minimum the Court should conduct an *in camera* review of the allegedly privileged documents to determine if in fact they contain any privileged information.

This Motion is supported by the accompanying Memorandum of Law, the Declaration of Tim C. Hale ("Hale Decl.") submitted herewith, and such other matters as are on file before the Court or that are considered by the Court at the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Silicon Test Solutions, LLC ("STS LLC") was a limited liability company started by two individuals, Defendant Romi Mayder, and a non-party to this action, Robert Pochowski, a former employee of Agilent, Inc., the company that spun off plaintiff Verigy.  STS LLC was never made operational, the founders having disagreed on its financial structure, among other things. Nonetheless, Mr. Mayder and Mr. Pochowski were intimately involved in both starting STS and working on the design and development of a new product.

Despite the obvious adverse relationship between Verigy and Mr. Pochowski, Verigy, in its privilege log, has claimed the joint defense, or common interest, privilege in withholding dozens of emails, and attachments, exchanged between Mr. Pochowski and Verigy's attorneys, or between Mr. Pochowski's attorneys and Verigy's attorneys.  Verigy, the party with the burden of supporting any alleged claim of privilege, has provided no evidence that there was any joint defense agreement, any common interest as recognized under the law, or that any of the claimed communications were in fact privileged.  Given the adverse nature of the relationship between

Pochowski and Verigy, it would seem far more likely that the communications in fact reflect Verigy's efforts to "persuade" Mr. Pochowski that he should "turn state's evidence" and testify against his former business associate. Indeed, in his deposition Mr. Pochowski made crystal clear that no common interest in fact exists between him and Verigy, and the use of this so-called privilege is undoubtedly aimed at hiding evidence.

## STATEMENT OF FACTS

1. Defendants served their first document request upon Verigy on or about September 4, 2007. Hale Decl. at Ex. 1. Verigy responded to that request with its written response, some documents, and a privilege log dated September 19, 2007. Hale Decl. at Exs. 2 and 3.

2. Verigy's original privilege log contained 78 items. All items except a few emails (some with attachments) supported by a single alleged basis, namely what Verigy has called the "common interest privilege," otherwise known as the joint defense privilege.

3. Further, nearly every item in the privilege log appears to relate to communications between Mr. Robert Pochowski, a former business partner of defendant Romi Mayder, and counsel for Verigy, or to communications between counsel for Pochowski and counsel for Verigy.

4. Mr. Pochowski and Verigy share no common interest; Mr. Pochowski is not a party to this action, was aligned with Romi Mayder until they had a dispute over ownership of STS LLC, and yet has already been presented as a key witness for Verigy in its effort to obtain injunctive and other relief in this matter. The mere fact that Mr. Pochowski and Verigy may both feel they have a dispute with Romi Mayder in no way makes their interests "common" for joint defense purposes.

5. Mr. Pochowski was deposed in this matter on October 2, 2007. During that deposition, he confirmed that he has no common legal interest with Verigy, such that the claim of privilege on this common interest ground is without support.

6. Further, during the meet and confer process, counsel for Verigy confirmed that Verigy is relying upon a so-called common interest that simply does not provide the basis for withholding the documents.[1] The documents being withheld under the so-called common interest

---

[1] Hale Decl., Exh. 5, 6. Counsel for Verigy took the position that exchange of the parties' positions by letter did not constitute a proper meet and confer, represented that counsel for Mr.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Motion to Compel Documents    2    Case No. 5:07-cv-04330-RMW (HRL)

privilege likely do not contain or relate to legal advice, and may well reveal considerable bias on the part of Mr. Pochowski. Good cause exists for their production.

7.  During the meet and confer session, counsel for Verigy agreed to revise the content of its privilege log. Hale Decl., Exh. 8.

## ARGUMENT

**I.  DEFENDANTS ARE IMPROPERLY WITHHOLDING PRODUCTION OF DOCUMENTS BASED UPON AN UNSUPPORTED AND UNSUPPORTABLE CLAIM OF ALLEGED "COMMON INTEREST PRIVILEGE."**

The "common interest privilege," otherwise known as the joint defense privilege, typically applies to protect as privileged communications between an individual and counsel for another, *if* the communications are part of "an on-going and joint effort to set up a common defense strategy." *In re Imperial Corporation of America*, 167 F.R.D. 447, 455 (N.D. Cal. 1995). The common interest privilege is an extension of the attorney-client privilege and/or work product doctrine. *Brill v. Writers Guild of America, Inc.*, 2000 U.S. App. LEXIS 31179, at *2 (9th Cir. Dec. 1, 2000). If the underlying messages are not themselves privileged, then the common interest privilege will not protect them from disclosure. *Id*. The party claiming the joint defense privilege bears the burden of showing that as to each communication allegedly protected by the privilege it 1) was made in the course of the joint defense effort, 2) was designed to further the joint defense effort and 3) the privilege has not been waived. *In re Imperial*, 167 F.R.D. at 455.

Communications that amount to normal business communications, or ones, for example, in which Verigy threatened Mr. Pochowski with potential legal action are certainly not communications that could be said to further a joint defense effort. Having a common commercial interest, rather than a legal one, is not sufficient to invoke the privilege. *Nidec Corp. v. Victor Company of Japan*, 2007 U.S. Dist. LEXIS 48841, at *14 (N.D. Cal. July 3, 2007). While communications about a common adversary *might* give rise to a claim of joint defense privilege, the party claiming the privilege must show that any anticipated litigation with the common

---

Pochowski was needed as part of said meet and confer process, and represented that said counsel was out through July 24, 2008. Hale Decl. at para. 9. Counsel met and conferred on August 5, 2008, but were unable to reach a resolution of these issues. *Id.*

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Motion to Compel Documents    3    Case No. 5:07-cv-04330-RMW (HRL)

adversary *involves the same issue or issues.* Loustalet v. Refco, Inc., 154 F.R.D. 243, 248 (N.D. Cal. 1993). It is not enough that two persons may be jointly adverse to a third person; rather, the common interest of the two and their common efforts must relate to a shared, "specific legal interest."

As such, even if both Verigy and Mr. Pochowski felt that they would become involved in legal actions with Romi Mayder, that does not establish any common interest. *Yet that mere concern about both becoming involved in litigation with Mr. Mayder is the basis upon which Verigy has now admitted, through its counsel, that it is invoking the privilege.* Hale Decl., Exh. 5 thereto.

Indeed, the dispute between Mr. Pochowski and Mr. Mayder does not involve or address the trade secret status or lack thereof of any information claimed by Verigy to be its intellectual property. Rather, their dispute involved [REDACTED]. Hale Decl. at Exh. 4 (hereafter "Pochowski Oct. 2 Depo."), at pp. 77-83.

Moreover, to qualify for the joint defense privilege, the communication must be aimed at furthering the common legal interests of the participants. *Nidec*, 2007 U.S. Dist. LEXIS at *15. That is, the communication must relate to efforts to set up a common legal strategy and/or be in furtherance of such legal strategy. Verigy has made no showing that any of the withheld communications relate to such a legal strategy or efforts to further a previously agreed-upon strategy.

Where, as here, it would appear that if anything, there was an adverse relationship between Verigy and Mr. Pochowski, the likelihood that Mr. Pochowski's cooperation with Verigy is for the sole purpose of avoiding being sued himself, not to pursue some common interest with Verigy, is substantial. *Id.* (disclosure of documents allegedly protected by the common interest privilege ordered where the likelihood was that cooperation by witness was tied to his receiving a more favorable criminal sentence, not to some common interest with plaintiff). Indeed, Mr. Pochowski's own declaration filed in support of Verigy's request for a TRO highlights just how intimately involved he was with Romi Mayder [REDACTED] (Declaration of Robert Pochowski in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Motion to Compel Documents     4     Case No. 5:07-cv-04330-RMW (HRL)

1  [and] Order to Show Cause re Preliminary Injunction, Docket No. 11).  Verigy has produced no

2  evidence of actually having entered into a joint defense agreement with Pochowski, even if they

3  could point to a valid common interest.[2]

4      Moreover, and perhaps most telling, when Mr. Pochowski was deposed in this action and

5  questioned about the so-called common interest privilege being claimed by Verigy in this matter,

6  his responses affirmed that no proper common legal interest exists.  Mr. Pochowski was asked the

7  following questions and responded as set forth below (with deletions for colloquy, etc.):



11  Pochowski Oct. 2 Depo. at p. 72.

17  Pochowski Oct. 2 Depo. at p. 80.

21  Pochowski Oct. 2 Depo. at pp. 81-82.

24  Pochowski Oct. 2 Depo. at p. 82.

---

[2]  Indeed, the privilege log shows that the earliest attachment to any of the allegedly privileged emails was sent on August 11, 2007 by Mr. Pochowski to Verigy's counsel, Ms. Morton and others.  One could infer that communications prior to that date were not pursuant to any agreement, and it may well be that given the multiple attachments sent back and forth between the various identified parties that no agreement was reached until much later, if at all.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' Motion to Compel Documents**    5    **Case No. 5:07-cv-04330-RMW (HRL)**

| | | |
|---|---|---|
| 1 | Q: | ███████████████ |
| 2 | | ███████████████ |
| 3 | A: | ██████ |
| 4 | | |
| 5 | Q: | ███████████████ |
| 6 | A: | ███████████████ |
| 7 | | *** |
| 8 | MR. ERLICH: | ███████████████ |
| 9 | | ██████ |
| 10 | A: | ████████ |
| 11 | Q: | ███████████████ |
| 12 | A: | █ |

Pochowski Oct. 2 Depo. at pp. 82-83.

Thus, Mr. Pochowski's own testimony refutes the existence of a common interest privilege. He admits ███████████████████████████████████████████████████ ██████ Mr. Pochowski and Verigy are not planning some common legal strategy;[3] rather, Verigy is using the common interest privilege as a shield behind which to hide evidence.[4]

Further, as noted above, if the underlying communications themselves do not involve the

---

[3]  Mr. Pochowski was deposed on a second day, on November 19, 2007 on which he attempted to manufacture a new supposed common interest, but again his efforts at explaining what interest could possibly be in common fell woefully short. Hale Decl., Ex. 7, at pp. 17-19. Mr. Pochowski attempted to frame a common interest in the form of the technology that he and Mr. Mayder were working on and the technology that Verigy was/is claiming rights in. But such interests are far more likely to be adverse, not common, and the best Mr. Pochowski could opine to was that there "might" be some difference between what he and Verigy were claiming rights in. This does not come close to setting up a common legal interest.

[4]  Indeed, during Mr. Pochowski's initial deposition his attorney (Mr. Erlich) and Verigy's attorneys made clear that the only basis they have for claiming a common interest privilege is ████████████████████████, but as he has admitted, ███████████████ has nothing to do with Verigy's dispute. Pochowski's Oct. 2 Depo. at pp. 80-81.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com sm

**Defs.' Motion to Compel Documents**     6     **Case No. 5:07-cv-04330-RMW (HRL)**

rendering of legal advice or legal opinion, they do not qualify for privileged protection in the first instance, and cannot be protected under the joint defense privilege. *In the Matter of an Application to Enforce Administrative Subpoenas of Securities and Exchange Commission*, 2008 U.S. Dist. LEXIS 3353, at *8 (S.D. Cal. Jan. 16, 2008). In the Ninth Circuit, the elements of the attorney-client privilege include: 1) when legal advice of any sort is sought, 2) from a legal advisor in his or her capacity as such, 3) the communication relates to that purpose of seeking legal advice, 4) the communication is made in confidence, 5) by the client. *Synopsis, Inc. v. Ricoh Co., Ltd.*, 2006 U.S. Dist. LEXIS 64270, at *6-*7 (N.D. Cal. Aug. 28, 2006). Here, Verigy has made no showing that the withheld communications are ones where Mr. Pochowski was seeking legal advice, or that he was viewing the Verigy attorneys as his counsel, from whom he was seeking such legal advice. Rather, it appears far more likely that Mr. Pochowski and his counsel were at least initially adverse to Verigy, not pursuing a common legal interest at all.

## II. AT A MINIMUM THE COURT SHOULD CONDUCT AND *IN CAMERA* REVIEW OF THE ALLEGEDLY PRIVILEGED DOCUMENTS TO DETERMINE THEIR STATUS.

If Verigy cannot carry its burden of demonstrating a common interest privilege as to the numerous communications between it and Mr. Pochowski, or between counsel for Verigy and Mr. Pochowski, then all such documents must be promptly turned over to Defendants. Even if, however, the Court has any doubt about the privileged status of such communications, the proper approach is not to deny Defendants' motion, but rather to conduct an *in camera* review of the documents, and make a privilege determination based upon such review. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1126 (9th Cir. 2003). Such reviews are a common tool used by the federal courts to determine if documents being withheld on grounds of privilege or otherwise should in fact be produced. *United States v. Bell*, 1994 U.S. Dist. LEXIS 17408, at *20-*21 (N.D. Cal. Nov. 9, 1994).

Here, Defendants have more than shown good cause for such a review by the Court. The association between Mr. Pochowski and Romi Mayder in taking steps to form STS LLC, and their long-standing cooperation and work together regarding the development of a new product, far from suggesting an aligned interest with Verigy, suggest that Verigy in fact threatened Mr.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' Motion to Compel Documents        7        Case No. 5:07-cv-04330-RMW (HRL)

1  Pochowski with legal action himself, and obtained his cooperation in testifying against Defendants
2  based upon such threat. If in fact Mr. Pochowski is testifying under threat of legal action, such
3  information would go directly to the issue of bias, if not forced testimony, on his behalf.

## CONCLUSION

For the reasons stated above, the Court should grant the motion to compel and order Verigy to disclose the items on its privilege log. Alternatively, the Court should conduct an *in camera* review of the allegedly privileged documents and order disclosure of those documents that such review indicates are not of a privileged nature.

Respectfully submitted,

Dated: September 4, 2008               RUSSO & HALE LLP

                                  By:   /s/ Tim C. Hale

                                        Jack Russo, SBN 98068
                                        Tim C. Hale, SBN 114905
                                        John Kelley, SBN 100714

                                        RUSSO & HALE LLP
                                        401 Florence Street
                                        Palo Alto, CA 94301
                                        Telephone: (650) 327-9800
                                        Facsimile: (650) 327-3737
                                        Email: jrusso@computerlaw.com
                                               thale@computerlaw.com
                                               jkelley@computerlaw.com

                                        ATTORNEYS FOR DEFENDANTS AND
                                        COUNTERCLAIMANTS ROMI MAYDER,
                                        WESLEY MAYDER, SILICON TEST
                                        SYSTEMS, INC., and SILICON TEST
                                        SOLUTIONS, LLC

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' Motion to Compel Documents**          8          **Case No. 5:07-cv-04330-RMW (HRL)**