**\*E-FILED 9/8/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., | No. C07-04330 RMW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PERMISSION TO DISCLOSE "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" DOCUMENTS TO ITS EXPERTS** |
| v. | |
| ROMI OMAR MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC, | |
| Defendants. | **[Re: Docket No. 298]** |

Plaintiff Verigy US, Inc. ("Verigy") moves for leave to disclose "Highly Confidential – Attorney's Eyes Only" ("AEO") documents to its proposed experts: Garry Gillette and Bernell G. West. It also moves for a one-week extension from September 15, 2008 to September 22, 2008 to submit expert reports from either Gillette or West.[1] Pursuant to this court's August 29, 2008 order shortening time, an expedited briefing and hearing schedule was set. Defendants oppose the motion, and plaintiff waives a reply. This court now deems the matter suitable for determination without oral argument. See Civ. L.R. 7-1(b). Accordingly, the September 9, 2008 motion hearing is VACATED. Upon consideration of the moving and responding papers, plaintiff's motion is GRANTED IN PART AND DENIED IN PART as follows:

---

[1] Verigy says that only one of these experts will testify at trial, but does not specify which will be the testifying expert.

1    Defendants previously stipulated that "Defendants' only objection to Plaintiff's disclosure to Verigy's Proposed Experts is that such disclosure violates section 2.12 of the Stipulated Protective Order because Verigy's Proposed Experts are past employees of Credence Systems Corporation, a former competitor of Plaintiff Verigy US, Inc.  Defendants have no other objections to such disclosure."  (See Morton Decl., Ex. D).

    Defendants now claim that Credence Systems Corporation ("Credence") is also a competitor of theirs.  They impliedly suggest that unauthorized disclosure of their claimed confidential information is inevitable because the Automated Test Equipment industry is "incestuous."  They also point out that West is a named inventor on a patent issued to Credence in 2005 on technology that reportedly goes to the "heart" of defendants' business.  However, they do not dispute Verigy's representations that both Gillette and West retired from Credence in 2006 and that neither one has an ongoing relationship with that company.  Moreover, both Gillette and West have signed the Acknowledgment and Agreement to be Bound by the Stipulated Protective Order in this case.  Defendants have not argued, much less shown, that either West or Gillette are likely to make unauthorized disclosure of defendants' claimed proprietary information.

    As such, this court is not persuaded that the risk of harm of disclosure outweighs Verigy's stated need to disclose AEO documents to its proposed experts.  Accordingly, Verigy's motion for leave to disclose AEO documents is GRANTED.  However, as requested by defendants (and inasmuch as Verigy says it is willing to do so), disclosure shall be limited to only one of the proposed experts in question – i.e., either West or Gillette.  The decision whether disclosure will be made to Gillette or to West will be for Verigy to decide as it sees fit.

    As for Verigy's requested extension to submit expert reports from either West or Gillette, this court finds that other case management deadlines set by the District Court may be adversely affected if the extension were granted.  (See Scheduling Order, Docket #274). Moreover, the September 15, 2008 deadline for expert disclosures was set several months ago; and, the current time constraints appear to be due in large to the fact that Verigy evidently

1 retained Gillette and West only recently.  Accordingly, Verigy's request for an extension is
2 DENIED.
3     SO ORDERED.
4 Dated:   September 8, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

**5:07-cv-4330 Notice electronically mailed to:**

Colin Geoffrey McCarthy cmccarthy@be-law.com, gsimmons@be-law.com

Daniel J. Bergeson dbergeson@be-law.com, swalker@be-law.com

Donald P. Gagliardi dgagliardi@be-law.com, emtofelogo@be-law.com, gsimmons@be-law.com

Jack Russo jrusso@computerlaw.com

John A.D. Kelley jkelley@computerlaw.com

John W. Fowler jfowler@be-law.com, swalker@be-law.com

Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

Michael William Stebbins mstebbins@be-law.com, vross@be-law.com

Tim C. Hale thale@computerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.