1  DANIEL J. BERGESON, Bar No. 105439　　　　　　　　　　　**PUBLIC VERSION**
　　dbergeson@be-law.com
2  DONALD P. GAGLIARDI, Bar No. 138979
　　dgagliardi@be-law.com
3  MELINDA M. MORTON, Bar No. 209373
　　mmorton@be-law.com
4  MICHAEL W. STEBBINS, Bar No. 138326
　　mstebbins@be-law.com
5  BERGESON, LLP
　　303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
　　Telephone:  (408) 291-6200
7  Facsimile:   (408) 297-6000

8  Attorneys for Plaintiff
　　VERIGY US, INC.

9

10　　　　　　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12　　　　　　　　　　　　　　SAN JOSE DIVISION

13

| | |
|---|---|
| 14  VERIGY US, INC, a Delaware Corporation, | Case No. C07 04330 RMW (HRL) |
| 15　　　　　　　　Plaintiff, | **VERIGY'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFF VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST** |
| 16  vs. | |
| 17  ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | |
| 18 | |
| 19 | Date:　　September 30, 2008<br>Time:　　10:00 am<br>Courtroom:  2, 5th Floor<br>Hon.  Howard R. Lloyd |
| 20 | |
| 21 | |
| 22　　　　　　　　Defendants. | Complaint Filed:　　August 22, 2007<br>Trial Date:　　　　None Set |
| 23 | |
| 24  AND RELATED COUNTERCLAIMS. | |

25　　　　　　　　　　**DOCUMENT SUBMITTED UNDER SEAL**

26　　　　　　　　**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

27　　　　　　　　**PURSUANT TO STIPULATED PROTECTIVE ORDER**

28

---

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ........................................................................ 1

II. DISCOVERY IN DISPUTE .............................................................................................. 2

III. ARGUMENT ..................................................................................................................... 2

    A. The Documents in Dispute are Properly Withheld from Production by Verigy as Privileged Under the Common Interest Doctrine. ............................................... 2

        1. Communications Between Verigy and Mayder Were Made by Separate Parties In the Course of Matters of Common Interest. ................. 3

            a. The Common Interest of Verigy and Pochowski in Establishing Romi Mayder Misappropriated Trade Secrets. .......... 4

            b. The Common Interest of Verigy and Pochowski in Refuting Romi Mayder's Claims of Ownership of Intellectual Property, Including Inventions Claimed by Patent Applications. .................... 4

            c. The Common Interest of Verigy and Pochowski in Preserving Verigy's Trade Secrets. .................................................................. 4

            d. The Common Interest of Verigy and Pochowski in Protecting Against Retaliatory Litigation by Romi Mayder. ............................ 5

            e. Common Interest of Verigy and Pochowski in Protecting Against Claims by Romi Mayder that His Trade Secrets Have Been Misappropriated by Verigy and/or Pochowski. ..................... 5

            f. Common Interest of Verigy and Pochowski in Reducing the Costs of Litigation. ....................................................................... 5

        2. Communications Between Verigy and Pochowski Were Designed to Further Matters of Common Interest. ........................................................ 6

        3. Verigy's Common Interest Privilege Has Not Been Waived. ..................... 6

    B. Defendants' Authorities Do Not Support Granting the Motion. ............................. 6

    C. Verigy Agrees and Consents to *In Camera* Review. ............................................. 8

IV. CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

Federal Cases

*Broessel v. Triad Guaranty Ins. Corp.*
    238 F.RD. 215 (W.D.Ky. 2006) ................................................................................................ 2

*Christman v. Brauvin Realty Advisors, Inc.*
    185 F.R.D. 251 (N.D. Ill. 1999) ................................................................................................. 7

*Foltz v. State Farm Mutual Auto. Ins., Co.*
    331 F.3d 1122 (9th Cir. 2003) ................................................................................................... 7

I*n re Imperial Corporation of America*
    167 F.R.D. 447 (S.D. Cal. 1995) ........................................................................................... 7, 8

*Loustalet v. Refco, Inc.*
    154 F.R.D. 243 (C.D. Cal. 1993) ........................................................................................... 7, 8

*Martinez v. City of Fresno*, 2006 U.S. Dist. LEXIS 94101 (E.D. Cal. Dec. 20, 2006) ................... 7

*Nidec Corp. v. Victor Co. of Japan*
    249 F.R.D. 575 (N.D.Cal. 2007) ........................................................................................ 2, 6, 8

*Ramirez v. City of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005) .................................................. 7

*Synopsis , Inc. v. Ricoh Co., Ltd.*, 2006 WL 2479109, at *2 (N.D.Cal. Aug. 28, 2006) .............. 3, 4

*United States v. Bergonzi*
    216 F.R.D. 487 (N.D.Cal. 2003) ........................................................................................... 3, 6

Other

*The Attorney-Client Privilege and the Work Product Doctrine(ABA).*
    196, 203 (4th ed. 2001) .............................................................................................................. 2

- ii -

VERIGY'S MEMO OF P &A'S IN OPP. TO DEFENDANTS' MTC FURTHER PRODUCTION OF DOCS FROM VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST        Case No. C07 04330 RMW (HRL)

Plaintiff Verigy US, Inc. ("Verigy") respectfully submits the following memorandum of points and authorities in opposition to Defendants' motion to compel further production of documents from Verigy withheld as privileged under the common interest doctrine.

## STATEMENT OF ISSUES

1. Should Verigy be compelled to produce to defendants documents that were withheld from production based on the common interest doctrine?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

As the Court is by now well aware, this case involves the misappropriation of Verigy's valuable trade secrets and confidential information by Romi Mayder ("Mayder") a former Verigy employee, the new companies he formed, Silicon Test Systems Inc. ("STS, Inc.") and Silicon Test Solutions, LLC ("STS LLC"), and Mayder's brother Wesley Mayder, an investor and/or partner in the STS Entities (collectively, "Defendants").

Pertinent to this motion, Robert Pochowski, a former employee of Verigy's predecessor, Agilent, Inc., helped found STS LLC along with the Mayder brothers. Although not formally a party to this dispute, Pochowski is a key witness to and was involved in certain transactions and occurrences material to the controversy. Further, as discussed below, Pochowski has certain common interests in the litigation with Verigy that are clearly adverse to Defendants. Thus, the confidential, privileged communications between him and/or his counsel, on the one hand, and Verigy and/or its counsel, on the other hand, are subject to the common interest doctrine. As set forth on its privilege logs, Verigy has withheld production of such documents in response to Defendants' document requests.

Defendants now seek to compel production of such documents and, in connection with the motion have requested an *in camera* review by the Court. Verigy consents to such an *in camera* review, should the Court so request. However, the motion should nevertheless be denied because, as more fully discussed below, the privilege logs and any *in camera* review will demonstrate that the documents are plainly privileged and have been treated as such throughout this litigation.

## II. DISCOVERY IN DISPUTE

There are some 140 documents withheld by Verigy as privileged under the common interest doctrine (in a universe of approximately 150,000 Bates-stamped pages of documents plus 62,000 separate documents in their native format which already have been produced by Verigy). These privileged documents are reflected in Verigy's Second Amended Privilege Log, dated September 28, 2007, which is attached as Exhibit 8 to the Declaration of [defense counsel] Tim C. Hale ("Hale Decl.") in support of defendants' motion to compel and as Exhibit B to the Declaration of Verigy counsel Michael W. Stebbins ("Stebbins Decl.") in opposition to the motion. The documents in dispute on the instant motion are all those documents withheld by Verigy pursuant to the common interest doctrine.

## III. ARGUMENT

### A. The Documents in Dispute are Properly Withheld from Production by Verigy as Privileged Under the Common Interest Doctrine.

"'The common interest privilege is not an independent basis for privilege, but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party.'" *Broessel v. Triad Guaranty Ins. Corp.*, 238 F.RD. 215 (W.D.Ky. 2006), *quoting,* E.S. Epstein, *The Attorney-Client Privilege and the Work Product Doctrine* (ABA) (4th ed. 2001), at p.196.

There are three scenarios where the common interest privilege may come into play: (1) when a single attorney represents multiple clients in the same matter; (2) when two parties to the same action share a common defense; and, pertinently, (3) "'when two or more clients share a *common legal* or *commercial interest* and, therefore, share legal advice with respect to that common interest.'" *Broessel,* 238 F.R.D. at 220, *quoting* Epstein, *The Attorney-Client Privilege and the Work Product Doctrine,* at p. 203 (emphasis added). "'The protection of the privilege under the community of interest rationale . . . is *not limited to joint litigation preparation efforts. It is applicable whenever parties with common interests join forces* for the purpose of obtaining more effective legal assistance.'" *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 578 (N.D.Cal. July 5, 2007) (emphasis added) (amending and superseding decision from two days earlier, July 3, 2007,

1  which is improperly cited in Defendants' brief).[1]

2  "The common interest privilege, frequently referred to as the joint defense privilege, applies
3  where (1) the communication is made by separate parties in the course of a matter of common
4  interest; (2) the communication is designed to further that effort, and (3) the privilege has not been
5  waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D.Cal. 2003) ; *see also*, *Synopsis , Inc.*
6  *v. Ricoh Co., Ltd.*, 2006 WL 2479109, at *2 (N.D.Cal. Aug. 28, 2006) (quoting *Bergonzi*).

### 1. Communications Between Verigy and Mayder Were Made by Separate Parties In the Course of Matters of Common Interest.

9  Here, the documents in dispute involve communications made by separate parties, Verigy
10  and/or its counsel on the one hand, and Robert Pochowski and/or his counsel on the other hand, in
11  the course of matters of common interest. Despite defendants' attempt to characterize Pochowski as
12  a potential co-defendant, along with Romi Mayder, in this case, Verigy and Pochowski's interests
13  are in fact aligned.

14  In September 2007, Verigy and Pochowski entered into a written "Common Interest and
15  Joint Defense Agreement" (the "Common Interest Agreement"). The Common Interest Agreement
16  specifically asserts six separate matters of common interest:



22  (Stebbins Decl., Ex. A.).

---

[1] Defendants' table of authorities in support of their motion is a disaster. Defendants cite eleven decisions. One is an unpublished and un-citeable decision. Another is superseded and thus no longer valid for citation. Finally, at least one has been presented in substantively false and misleading fashion. Substantively, the remainder are merely cited for general propositions and do not support the grant of defendants' motion on the facts that exist in this case. (*See,* Section III.B. below.)

### a. The Common Interest of Verigy and Pochowski in Establishing Romi Mayder Misappropriated Trade Secrets.

Verigy and Pochowski have a common interest in establishing that Mayder misappropriated Verigy's trade secrets. Verigy's interest is obvious and is set forth in its pleadings in this action. (*See*, Complaint, ¶¶ 41-49) (misappropriation of trade secrets claim for relief).) Pochowski shares this common interest because he has an ongoing business – and anticipates a legal – dispute with Mayder involving Mayder's misrepresentations to him that Verigy did not own any of the intellectual property used by STS LLC. (*See*, Declaration of Robert Pochowski ("Pochowski Decl.," ¶¶ 5-7.)   Accordingly, Verigy and Pochowski share a common interest in showing that Verigy's trade secrets were used by Mayder and/or his companies.

### b. The Common Interest of Verigy and Pochowski in Refuting Romi Mayder's Claims of Ownership of Intellectual Property, Including Inventions Claimed by Patent Applications.

Verigy and Pochowski have a common interest in refuting Mayder's claims of ownership of intellectual property, including inventions claimed by a patent application. In August 2006, Pochowski signed a patent application naming him as an inventor and describing some of the trade secrets claimed by Verigy in this case. (Pochowski Decl., ¶ 6)  Mayder has claimed ownership of the invention and other intellectual property described in the patent application. Pochowski contends that he, and not Mayder, owns some of the claims and intellectual property described in the patent application. (*Id.*)  Thus, both Pochowski and Verigy have an interest in establishing that Mayder does *not* own any of the intellectual property described in the patent application.

### c. The Common Interest of Verigy and Pochowski in Preserving Verigy's Trade Secrets.

Verigy and Pochowski have a common interest in preserving Verigy's trade secrets. Verigy's interest in this regard is self-evident. Pochowski shares this interest because he enjoys a long term, cordial, business relationship with Verigy which he wishes to preserve. In 1994, Pochowski's former business, Versatest, was acquired by HP, Agilent and Verigy's predecessor-in-interest, and he continues to work in the same automated test equipment ("ATE") market as Verigy. (Pochowski Decl., ¶ 3). Further, insofar as Mayder is able to fend off Verigy's claims in this litigation, he may become emboldened to retaliate against Pochowski, as discussed below.

      **d.    The Common Interest of Verigy and Pochowski in Protecting Against Retaliatory Litigation by Romi Mayder.**

Verigy and Pochowski have a common interest in protecting against retaliatory litigation by Mayder. Prior to the commencement of this lawsuit, Mayder threatened litigation against Pochowski in connection with the dispute regarding STS LLC. (Pochowski Decl., ¶ 6) At the inception of this lawsuit, defendants' former counsel threatened litigation against Pochowski. (*See*, Declaration of Melinda Morton, ¶ 2). Thus, Verigy has an interest in protecting Pochowski from retaliatory litigation for his truthful testimony in this case regarding Mayder's misappropriation of Verigy trade secrets. Coordinated strategy in defeating Mayder, including confidential communications between counsel for Verigy and Pochowski, obviously helps protect against this threat insofar as Verigy and Pochowski can refute Mayder's claims of ownership of intellectual property which does not in fact belong to him.

      **e.    Common Interest of Verigy and Pochowski in Protecting Against Claims by Romi Mayder that His Trade Secrets Have Been Misappropriated by Verigy and/or Pochowski.**

Verigy and Pochowski have a common interest in protecting against claims by Mayder that *his* trade secrets have been misappropriated. Both Verigy and Pochowski plan to continue to develop products and services for the ATE market. (Pochowski Decl., ¶ 3). They each wish to eliminate or reduce any risk that Mayder will contend that their respective products make use of any inventions or trade secrets Mayder contends that he owns. Thus both Verigy and Pochowski have an obvious interest in defeating Mayder's claims to ownership of the intellectual property involved in or related to this case.

      **f.    Common Interest of Verigy and Pochowski in Reducing the Costs of Litigation.**

Finally, Verigy and Pochowski have a common interest in reducing the costs of litigation. Verigy's interest in this regard as plaintiff in this action is self-evident. Pochowski, a non-party, nonetheless shares this interest because he is a significant material witness to the transactions and occurrences complained of and, therefore, has been required to obtain counsel and incur legal fees to delineate and defend his interests. (*See*, Pochowski Decl., ¶ 8). The common interest

- 5 -

agreement allows Pochowski to provide information to Verigy's counsel informally, and vice versa, thereby avoiding the higher legal costs and complexities involved in the alternative formal third party discovery.

### 2. Communications Between Verigy and Pochowski Were Designed to Further Matters of Common Interest.

The communications between Verigy and/or its counsel and Pochowski and/or his counsel, as reflected in the documents in dispute, were designed to further their common interest in this litigation, as the Court can see for itself from its *in camera* review of the documents.

### 3. Verigy's Common Interest Privilege Has Not Been Waived.

Finally, the common interest privilege has *not* been waived. Both Verigy and Pochowski have maintained the confidentiality of their communications and the documents in dispute, which are themselves otherwise subject to the attorney-client privilege and/or work product doctrine. (Stebbins Decl., ¶ 4).[2]

Accordingly, the documents in dispute, as set forth in Verigy's Second Amended Privilege Log (Hale Decl., Ex. 8; Stebbins Decl., ¶ 3), have been properly withheld as privileged, and Defendants' motion to compel should be denied.

### B. Defendants' Authorities Do Not Support Granting the Motion.

For one reason or another, the case law cited in defendants' motion is severely lacking.

First, *Brill v. Writers Guild of America, Inc.*, 2000 U.S. App. LEXIS 31179 (9th Cir. Dec. 1, 2000) is an unpublished and unciteable Ninth Circuit decision. The decision was issued before January 1, 2007 and therefore may not be cited to courts in the Ninth Circuit except insofar as it is

---

[2] Further, "[f]or work product, 'protection is waived where disclosure of the otherwise privileged document is made to a third party, *and that disclosure enables an adversary to gain access to that information.*'" *Nidec Corp.*, 249 F.R.D. at 580, *quoting Bergonzi,* 216 F.R.D. at 497. "The work product privilege provides protection against adversaries and is not as easily waived." *Nidec,* 249 F.R.D. at 580. Thus, even were the Court to find no common interest privilege, Verigy's work product shared with Pochowski and/or his counsel may still be withheld from Defendants because the mere fact of the sharing has not waived the protection under the work product doctrine because, indisputably, Verigy and Pochowski are not adversaries.

the law of the case, asserted for factual purposes or in a request to publish or in a petition for rehearing in order to demonstrate the existence of a conflict among opinions, dispositions or orders. *See,* Ninth Circuit Rule 36-3. None of the exceptions to the Ninth Circuit rule of non-citeability apply in this instance.

Second, the cases of *Christman v. Brauvin Realty Advisors, Inc.*, 185 F.R.D. 251 (N.D. Ill. 1999), *Martinez v. City of Fresno*, 2006 U.S. Dist. LEXIS 94101 (E.D. Cal. Dec. 20, 2006), and *Ramirez v. City of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005), which are set forth in the table of authorities, do not appear anywhere in defendants' moving papers.

Third, *Foltz v. State Farm Mutual Auto. Ins., Co.*, 331 F.3d 1122 (9th Cir. 2003) and *United States v. Bell*, 1994 U.S. Dist. LEXIS 17408 (N.D. Cal. Nov. 9, 1994) do not provide any substantive guidance in the particular factual scenario before the court.

Fourth, in terms of substance, the representation of the *In re Imperial Corporation of America* decision in the body of the brief is false and misleading insofar as the suggestion is made that the "common interest privilege" requires a "joint effort to set up a common defense strategy." (*See,* Defendants' Motion, at p.3). The decision deals only with the joint defense privilege and not the broader common interest privilege. *See*, *In re Imperial Corporation of America*, 167 F.R.D. 447 (S.D.Cal. 1995). Moreover, the *Loustalet v. Refco, Inc.* decision confirms that "*so long as transferor and transferee anticipate litigation against a common adversary on the same issue[s], they have strong common interests* in sharing the [otherwise confidential] fruit of the trial preparation efforts." 154 F.R.D. 243, 248 (C.D.Cal. 1993). Here, Verigy and Pochowski had every reason to anticipate litigation with Mayder in some fashion stemming from Pochowski's participation as a witness in this action and acted accordingly.

Finally, the *Nidec Corp. v. Victor Company of Japan*, 2007 U.S. Dist. LEXIS 48841 (N.D. Cal. July 3, 2007) decision was superseded by a subsequent decision of the same court two days later, *Nidec Corp. v. Victor Company of Japan*, 249 F.R.D. 575 (N.D. Cal. July 5, 2007), and is therefore not valid authority.

**C.    Verigy Agrees and Consents to *In Camera* Review.**

Defendants argue that, if the Court has any doubt about the privileged status of the documents in dispute, it should conduct an *in camera* review of the documents and a make a privilege determination based upon such review. (Motion, at p.7).

Verigy agrees and consents to such a review, should the Court so request. The documents withheld as privileged under the Second Amended Privilege Log[3] are ready to be submitted *in camera*. The privilege log, together with the documents themselves, will amply establish the privileged nature of the documents in dispute under the common interest doctrine.

## IV.    CONCLUSION

For the foregoing reasons, Verigy respectfully requests that the Court deny Defendants' motion to compel further production of documents from Verigy withheld as privileged under the common interest doctrine.

Dated: September 9, 2008                BERGESON, LLP

By: _____/s/_____
Michael W. Stebbins
Attorneys for Plaintiff
VERIGY US, INC.

---

[3]   Verigy's counsel have noted the following errors in the Second Amended Privilege Log. Document 1 (Bates Nos. PRIV 1-2) was improperly identified and is not withheld on the basis of common interest privilege. It is an internal email between Bergeson, LLP paralegals and staff and as such protected work product. Document 12 is an automatically-generated out-of-office email notice which will be produced if Defendants desire it.