DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, Bar No. 138979
dgagliardi@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>                              Defendants.<br><br>——————————————<br>AND RELATED COUNTERCLAIMS. | Case No. C07 04330 RMW (HRL)<br><br>**DECLARATION OF ROBERT POCHOWSKI IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS FROM VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST**<br><br>Date:   September 30, 2008<br>Time:  10:00 am<br>Courtroom:  2, 5th Floor<br>Hon.  Howard R. Lloyd<br><br>Complaint Filed:      August 22, 2007<br>Trial Date:              None Set |

1      I, Robert Pochowski, declare as follows:

2      1.      I am President of Attest Technologies.  Prior to my current position, I worked at

3   Agilent Technologies Inc. ("Agilent") from June 2004 to July 2005 as Vice President / General

4   Manager of the California Semiconductor Test Division.  After my departure, Agilent spun-off a

5   successor-in-interest, Verigy US, Inc. ("Verigy").  As Vice President / General Manager of the

6   California Semiconductor Test Division at Agilent, I contributed to a patent for a test system.

7   Except for matters asserted on information and belief, which I am informed and believe to be true,

8   I make this declaration of my personal knowledge and, if called as a witness, I could and would

9   testify competently to the facts set forth herein.

10      2.      Romi Omar Mayder ("Mayder") was an engineer working in my division at

11   Agilent. I met Mayder while consulting at Agilent prior to being hired as the General Manager.

12      3.      Agilent designed, developed, manufactured and sold advanced test systems and

13   solutions for the semiconductor industry.  It is my understanding and belief that Verigy, as

14   Agilent's successor-in-interest, now designs, develops, manufactures and sells these advanced test

15   systems.  These advanced test systems are used in conjunction with wafer probers, probe cards and

16   other semiconductor handling and interface equipment.  Since my departure from Agilent I have

17   continued to work in the Automated Test Equipment (ATE) industry.  Verigy is also in the ATE

18   industry.  I have a strong interest in preserving a trusting and cordial business relationship with

19   Verigy.  In particular, I believe I have a reputation at Verigy for trustworthiness and honesty and

20   have always tried to preserve that reputation.

21      4.      Mayder approached me on or about the first week of June, 2006 and asked me if I

22   would be interested in investing in a company he was starting called Silicon Test Systems

23   ("STS").  He told me that he had an idea for a new business venture that had something to do with

24   a probe card.  A probe card is used in conjunction with a test system to make contact with the

25   individual chips so that they can be tested while still in wafer form.

26      5.      I agreed to meet with Mayder, and we set up a meeting in my office on or about

27   June 8, 2006. At this meeting, Mayder explained that he had an idea for a Silicon on Sapphire, or

28   "SOS" chip for a probe card that would allow customers to connect one tester channel to multiple

1  devices in a parallel fashion. This would improve the productivity of the current commercially

2  available test systems because they could test more devices simultaneously. I did not believe at

3  that time that Verigy was working on anything related to probe cards. I asked Mayder at this first

4  meeting whether Verigy was working on anything in this space and he assured me that Verigy was

5  not. I relied on this representation by agreeing to invest in STS, by devoting my time to the STS

6  venture, by giving Mayder my professional advice concerning concrete ways to improve STS's

7  product and by meeting with potential clients.

8         6.    My business activities with Romi Mayder and STS came to an end in or about

9  December 2006 as a result of a dispute about his brother Wesley's involvement with STS and their

10 refusal to honor agreements regarding my investment in STS. Mayder informed me that they did

11 not want me to invest in his company. I had previously worked with my attorney, Heather Flick,

12 with respect to negotiations regarding the ownership of STS, and she continued to advise me

13 regarding my dispute with Romi Mayder. Joseph Ehrlich, of Losch & Ehrlich, was also retained

14 to represent me with respect to this dispute in or about December 2006. In the discussions with

15 Romi Mayder regarding this dispute I took the position that I owned some of the intellectual

16 property of STS including inventions described in a utility patent application I signed in August

17 2006 in which I was identified as inventor. During these discussions Romi Mayder threatened to

18 sue me.

19        7.    Shortly after my discussions with Mayder concerning STS ended, I carefully went

20 through my correspondence regarding STS to make sure I had a complete and accurate record of

21 the relationship. I made an alarming discovery during this review. The properties windows for

22 the documents indicated that the documents provided by Mayder that appeared to be STS

23 documents were in fact Agilent documents. I then sought advice from my attorneys regarding

24 how to protect my legal interests in the utility patent which I believed belonged to me and or

25 Verigy against Mayder's threatened litigation. I also sought their legal advice on how to preserve

26 my relationship and reputation with Verigy. In or about early July 2007, I had a discussion with

27 Gayn Erickson of Verigy, in which we discussed Mayder and my past involvement with him.

28 After this discussion, Verigy's counsel asked if I would provide information regarding this

DECL. OF ROBERTPOCHOWSKI IN OPP. TO DEFENDANTS' MTC FURTHER PRODUCTION OF DOCS
FROM VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST    Case No. C07 04330 RMW (HRL)

1  involvement to assist with their investigation of him.  I then decided that my interests were

2  aligned with those of Verigy and directed my counsel to disclose to Verigy's attorneys

3  information I had gathered regarding Mayder's use of Verigy confidential business information

4  and to cooperate fully with Verigy's investigation of Mayder's activities.

5          8.      Since that time I have had confidential email communications with attorneys

6  representing Verigy regarding what I believed would advance our common interests, including

7  providing accurate and complete information to Verigy in a cost effective way regarding the

8  Mayder brothers' activities.  At all times when sending or receiving email traffic from or to Verigy

9  attorneys, I believed the communications were confidential.  At the time I also believed that my

10 attorneys were either copied or would be sent a copy promptly.

11          I declare under penalty of perjury under the laws of the United States of America that the

12 foregoing is true and correct and that this declaration was executed this 9th day of September,

13 2008 at Milwaukee, Wisconsin.

14

15                                                  _____
                                                              /s/
16                                                  Robert Pochowski

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF ROBERTPOCHOWSKI IN OPP. TO DEFENDANTS' MTC FURTHER PRODUCTION OF DOCS
FROM VERIGY IN RESPONSE TO FIRST DOCUMENT REQUEST        Case No. C07 04330 RMW (HRL)