1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com

6  Attorneys for Defendants and Counterclaimants
   WESLEY MAYDER
7  ROMI MAYDER
   SILICON TEST SOLUTIONS LLC
8  SILICON TEST SYSTEMS INC

9                    IN THE UNITED STATES DISTRICT COURT

10               IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

| | |
|---|---|
| 12  VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| 13          Plaintiff, | **NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO CERTAIN INTERROGATORIES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14          v. | |
| 15  ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | **Date: October 21, 2008**<br>**Time: 10:00 a.m.**<br>**Ctrm: 2**<br>**Before the Hon. Howard R. Lloyd** |
| 19          Defendants. | Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| 22  AND RELATED COUNTERCLAIMS. | |

24  TO: PLAINTIFF VERIGY US, INC. AND ITS ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE THAT Defendants shall and hereby do move the Court to

26 compel further responses to interrogatories served upon Plaintiff Verigy US, Inc. ("Verigy") on the

27 ground that Verigy has improperly counted as separate interrogatories certain related subparts to a

number of the interrogatories, thereby de facto reducing the proper number of interrogatories to which Verigy should respond. Moreover, Verigy has in bad faith taken the opposite position in arguing that Defendants need to respond to further interrogatories, citing to the very law that it is violating by asserting clearly related subparts as separate interrogatories. Verigy should be compelled to respond to six further interrogatories.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Tim C. Hale ("Hale Decl."), submitted herewith, and such other matters that are presented to the Court or as to which the Court must or should take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

**I. VERIGY SHOULD BE COMPELLED TO RESPOND TO SIX ADDITIONAL INTERROGATORIES BECAUSE ITS SUBPART OBJECTIONS ARE NOT WELL TAKEN, AND VERIGY HAS TAKEN A CONTRARY POSITION.**

Verigy has refused to respond to interrogatory numbers 29-34 in Defendants' Third Set of Interrogatories on the basis that earlier interrogatories contained discrete subparts that should be counted as separate interrogatories. Hale Decl., Exh. 1 thereto. The text of those interrogatories is as follows:

**INTERROGATORY NO. 29**

STATE all facts CONCERNING any access by any PERSON who, at the time, was not an employee of Plaintiff Verigy US, Inc. to any building at which any employees of Plaintiff Verigy US, Inc. have or have had any of their regular offices.

**INTERROGATORY NO. 30**

STATE all facts CONCERNING VERIGY'S obtaining COMPETITIVE INFORMATION.

**INTERROGATORY NO. 31**

If YOU contend that any PRODUCT OR PROPOSED PRODUCT OF ANY OF DEFENDANTS embodies, contains, or has resulted from any MISAPPROPRIATION of any ALLEGED TRADE SECRETS, STATE all facts in support of that contention.

**INTERROGATORY NO. 32**

IDENTIFY all DOCUMENTS or combinations of DOCUMENTS from which any of the ALLEGED TRADE SECRETS can be READILY ASCERTAINABLE BY PROPER MEANS.

**INTERROGATORY NO. 33**

STATE all facts CONCERNING any MULTIPLEXING TECHNIQUES OR TECHNOLOGIES.

**INTERROGATORY NO. 34**

IDENTIFY all DOCUMENTS or other COMMUNICATIONS between VERIGY and any PERSON who, at the time, was not an employee of Plaintiff Verigy US, Inc. or any attorney for Plaintiff Verigy US, Inc. CONCERNING any product or proposed product of VERIGY that contains, embodies was developed, is being developed, was sold, or is being sold using any of the ALLEGED TRADE SECRETS.

None of these six interrogatories contain discrete subparts that should be counted as separate interrogatories. This and other courts have noted the principle that where subparts are logically or reasonably related to the other subparts, they may be counted as a single interrogatory. *Zamora v. D'Arrigo Bros. Co.*, 2006 U.S. Dist. LEXIS 83106, at *9-*10 (N.D. Cal. Apr. 11, 2006); *Trevino v. ABC Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006).

Additionally, Verigy itself has taken the position that Defendants' own subparts objections to Verigy interrogatories should not be adhered to, and argued that its far more compound interrogatories should be treated as a single interrogatory. Hale Decl. at para. 4, Exh. 2 thereto at pp. 12, 14. This inconsistent position by Verigy is improper, and Verigy should be compelled to respond to the six interrogatories as to which it has refused to respond.

Dated: September 10, 2008                               RUSSO & HALE LLP

By: __/s/ Tim C. Hale____
         Tim C. Hale

Attorneys for defendants and counterclaimants