| | |
|---|---|
| JACK RUSSO (State Bar No. 96068)<br>TIM C. HALE (State Bar No. 114905)<br>JOHN KELLEY (State Bar No. 100714)<br>RUSSO & HALE LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>Telephone: (650) 327-9800<br>Facsimile: (650) 327-3737<br>Email: jrusso@computerlaw.com<br>        thale@computerlaw.com<br>        jkelley@computerlaw.com<br><br>Attorneys for defendants and counterclaimants<br>WESLEY MAYDER, ROMI MAYDER, SILICON TEST SOLUTIONS LLC and SILICON TEST SYSTEMS INC | **PUBLIC VERSION** |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-cv-04330-RMW (HRL)<br><br>**DECLARATION OF TIM C. HALE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES**<br><br>**Date: October 21, 2008**<br>**Time: 10:00 a.m.**<br>**Before the Hon. Howard R. Lloyd**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |

Contains Material Designated

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Under Stipulated Protective Order

Document Filed Under Seal

I, Tim C. Hale, declare as follows:

1. I am an attorney in good standing before the State Bar of California and am admitted to practice in this Court. I am a member of the law firm of Russo & Hale LLP, counsel for Defendants in this matter. I make the statements herein of my personal knowledge, except where stated on information and belief, which matters I believe to be true, and could and would competently testify to the same if called as a witness.

2. Attached hereto as Exhibit 1 is a true and correct copy of Verigy's responses to Defendants' Third Set of Interrogatories, in which Verigy refuses to answer six of the interrogatories on the basis that earlier interrogatories allegedly contained discrete subparts.

3. On Tuesday, September 10. 2008, the last day to bring a motion to compel, I sent two separate emails to counsel for Verigy, asking if Verigy would change its position regarding the subpart objections it had made and used to refuse to respond to the six interrogatories. As part of that communication, I informed Verigy's counsel that Verigy was taking an inconsistent position regarding the subparts objections it was making in response to Defendants' interrogatories in relation to the position it was taking as to its own responses. I was able to eventually speak with one of Verigy's attorneys, Colin McCarthy, about 4:15 p.m. I verbally explained the issues to Colin, which were the same issues I had set forth in my email, and Colin said he would look into the interrogatories where Verigy had made the subpart objection, but understood that Defendants needed to file their motion, since Verigy was not presently willing to concede the issue.

4. As noted above, Verigy has claimed that certain interrogatories propounded by Defendants contain discrete subparts, and must be counted as multiple interrogatories, while at the same time asserting in response to Defendants' interrogatory responses that far more compound interrogatories must be counted as single interrogatories. Attached hereto as Exhibit 2 is a true and correct copy of a letter from counsel for Verigy in which Verigy takes the position that certain of its interrogatories are not compound (see pages 12, 14), in contradiction to the position it has taken in order to avoid responding to six of Defendants' interrogatories.

//

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing statements are true and correct and that this Declaration was entered into on September
3  10, 2008.
4
5           /s/ Tim C. Hale
              Tim C. Hale

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28