# EXHIBIT 2

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

September 4, 2008

**Via E-mail**

Tim Hale, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301

Re: *Verigy US, Inc. v. Romi Omar Mayder, et al.*
Case No. C07 04330 RMW (HRL)

Dear Tim:

This letter is in response to your email request of today to set forth Verigy's meet and confer issues on Defendants responses to Verigy's Requests for Production, Requests for Admission and Second Set of Interrogatories. This document is not inclusive of the basis and reasons for further discovery, but serves as a starting point for tomorrows' meet and confer discussion. What follows are the requests in dispute and the general reasons Verigy requires and Defendants should provide further responses.

## DISCOVERY IN DISPUTE

### SECOND SET OF REQUESTS FOR PRODUCTION

**Verigy's Request No. 26:** *All DOCUMENTS RELATING TO the corporate records of STS, INC., including but not limited to the corporate minute book, the minutes of all meetings of the board of directors (including any committees of the board of directors), all stock certificates issued, the stock register and stock transfer ledger, the certificate of incorporation (and any amendments, etc.), the corporate by-laws (and any amendments, etc.), bank account records, including without limitation all records relating to Wells Fargo Account No. 5533336995, and any other DOCUMENTS RELATING TO the formation, ownership or corporate governance of STS, INC.*

**Verigy is Entitled to the Discovery** because Defendants are in custody of such documents and the documents are relevant to damages claims, *inter alia*. It was confirmed at a recent deposition that Defendants had not made any request for the documents from Wells Fargo. The purpose of the meet and confer inquiry is to determine whether such inquiry will be made and responsive documents be produced.

**The Requirements of F.R. Civ. P. 26(b)(2) are Met** for each Request that objects on these ground, because Defendants cannot show that production of documents in their possession, custody and control would cause undue burden and cost. A simple inquiry to entities from which Defendants' has the legal right to obtain such documents is all that is required.

### THIRD SET OF REQUESTS FOR PRODUCTION

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN     BERGESON & CAMPBELL     MARK E. FOSTER
BEVERLY HILLS, CA 90210  WASHINGTON, D.C. 20005   SAN JOSE, CA 95110

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 2

**Verigy's Request No. 32:** *All DOCUMENTS previously produced by DEFENDANTS in THIS ACTION, including but not limited to all e-mail attachments, in native file format versions with metadata intact.*

**STS, Inc.'s Response to No. 32:** STS objects to this Request as purporting to require the re-production of every single document produced by any defendant, which documents amount to over 50,000 in number, and in that regard as overly broad, unduly burdensome, and harassing. Plaintiff's failure to specify this form of production at the time its initial requests for production were served does not produce an obligation in defendants to undergo the considerable effort and expense in making such a re-production in the shortened time frame allotted for discovery. STS further objects to this Request as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for, and received, such documents in a different format, namely "searchable pdf," such that production in a third format is unreasonable. STS objects to this Request as lacking foundation to the extent it assumes that every document previously produced would have "metadata" associated with it.

**Verigy is Entitled to the Discovery** because Defendants have already agreed to produce responsive documents. Verigy is concerned with e-mail attachments and documents recovered through the special master process.

First, Defendants have not provided attachments to many e-mails previously produced. For example, "Message 0097" is a December 5, 2006 email exchange between Defendant Romi Mayder and Robert Pochowski, produced by Defendants. It has an attachment concerning Spansion simulations which was not produced. This is just one example of many instances in which Defendants' have not produced attachments. This issue pervades Defendants discovery response and the identification of each particular document which has an attachment which was not produced would be extremely time-consuming.

Second, Verigy seeks to confirm whether there were any documents recovered but not produced. To the extent any such documents (or attachments) are privileged, Defendants have not produced a privilege log.

**Verigy's Request No. 33:** *All DOCUMENTS RELATING TO any COMMUNICATIONS with Samsung RELATING TO the Flash Enhancer ASIC or any other product or service of STS.*

**Verigy's Request No. 34:** *All DOCUMENTS RELATING TO any COMMUNICATIONS with Nextest RELATING TO the Flash Enhancer ASIC or any other product or service of STS.*

**STS, Inc.'s Response to No. 33 and No. 34:** STS objects to this Request as vague and ambiguous to the extent that it purports to require production of all COMMUNICATIONS with Samsung without specifying the parties to such COMMUNICATIONS. STS objects to this Request as not having specified a time frame in which COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly burdensome, vague and ambiguous. STS objects to this Request as vague and ambiguous as to the undefined terms "Samsung" and "any other product or service of STS." STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 3

to the discovery of relevant documents or information in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action, including but not limited to documents relating to any such other STS products or services, which Verigy has no right to discover.

**Verigy is Entitled to the Discovery** because it seeks to confirm that Defendants have produced all responsive, non-privileged documents.

>   **Verigy's Request No. 37:** *Any DOCUMENTS responsive to all demands for production of documents previously served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or received since the date of that prior demand for production of documents.*

**STS, Inc.'s Response to No. 37:** STS objects to this Request to the extent that it purports to require STS to produce documents in response to requests for production previously served on other defendants over whose documents STS does not have possession, custody, or control, and therefore as more appropriately addressed to these defendants, and in that regard as overly broad, unduly burdensome, and harassing. STS shall interpret this Request as not requiring the production of documents not in its possession, custody or control. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine and STS shall not provide any such privileged information, even if previously inadvertently produced. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. Subject to and without waiving the foregoing objections, STS responds that it has no such documents, but to the extent that STS locates any such responsive documents in the future, it understands that it has an obligation to produce them in this action.

**Verigy is Entitled to the Discovery** because third parties have produced documents which would be responsive to this request which include Defendant Romi Mayder as a sender or recipient. For example, Neoconix produced an March 25, 2008 e-mail exchange between Romi Mayder and Dirk Brown which Defendants have not produced. (Neoconix0257). This is also true for Veraconnex and Honeywell. As such, Defendants have possession, custody or control over a document which has not been produced.

>   **Verigy's Request No. 39:** *All COMMUNICATIONS with STRAUBE.*
>   **Verigy's Request No. 53:** *All COMMUNICATIONS with Richard Foster.*

**STS, Inc.'s Response to No. 39 and No. 53:** STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 4

as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. Subject to and without waiving the foregoing objections, STS responds that it will produce all non-privileged, responsive documents not previously produced.

**Verigy is Entitled to the Discovery** because these are witnesses with percipient knowledge of Defendants misappropriation and breach of contract. The purpose of the meet and confer inquiry is to determine whether all responsive documents have been produced.

**Verigy's Request No. 44:** *All DOCUMENTS RELATING TO any prototype ASIC specified, designed, developed, built, manufactured or produced by STS or ROMI MAYDER.*

**Verigy's Request No. 47:** *All DOCUMENTS RELATING TO the current or any updated version the Flash Enhancer ASIC, including but not limited to, specifications, engineering notebooks, lab notebooks, data sheets, test results or e-mail.*

**STS, Inc.'s Response to No. 44 and No. 47:** STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request to the extent it seeks information as to products that are not relevant to this dispute, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to time, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to the undefined term "prototype." ["current or any updated version of the Flash Enhancer ASIC"] Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the term "prototype," ["current or any updated version of the Flash Enhancer ASIC"]STS responds that it will produce any non-privileged, responsive documents in its possession, custody or control that have not previously been produced relating to the Flash Enhancer ASIC.

**Verigy's Request No. 45:** *A copy of the prototype ASIC delivered to Intel Corporation in or about November 2007.*

**STS, Inc.'s Response to No. 45:** STS objects to this Request as vague and ambiguous as to the undefined term "prototype." Subject to and without waiving the foregoing objection, and based on a reasonable understanding of the term "prototype," STS responds that it has no such documents or things.

**Verigy is Entitled to the Discovery** because these are documents which directly bear on Defendants misappropriation and breach of contract. The purpose of the meet and confer inquiry is to determine whether all responsive documents have been produced.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 5

**Verigy's Request No. 50:** *All DOCUMENTS RELATING TO all versions ever posted of the STS website.*
**Verigy's Request No. 51:** *All DOCUMENTS ever made available through the STS website.*

**STS, Inc.'s Response to Nos. 50 and 51:** STS objects to this Request to the extent it seeks information as to matters that are not relevant to this dispute, and that are not calculated to lead to the discovery of admissible evidence in this action, in that regard as overly broad and unduly burdensome. STS objects to this Request in that it purports to seek production of documents that are equally available to STS through its own or public sources such as the "Wayback Machine," and in that regard as overly broad and unduly burdensome. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third parties, but are not reasonably accessible to STS. STS objects to this Request in its use of the undefined terms "versions," "posted," and "STS website." Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the terms "versions," "posted," and "STS website," STS responds that these items are not reasonably accessible pursuant to Fed. R. Civ. P. Rule 26(b)(2)(B), and further that these items are more readily obtainable by plaintiff through a subpoena on Network Solutions which hosted the website and on information and belief may have possession, custody, or control of these documents.

**Verigy is Entitled to the Discovery** because the Request is directed towards documents that are reasonably calculated to lead to the discovery of admissible evidence on Verigy's advertising causes of action. There were previously available historic pages available on internet archives, so it is known that such documents exist.

## FOURTH SET OF REQUESTS FOR PRODUCTION

**Verigy's Request No. 54:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS "could continue to act in the manner that resulted in the contempt filing," as described on page 17 of DEFENDANTS' Memorandum of Points and Authorities in Support of Motion for Summary Adjudication and for Modification of Preliminary Injunction, Docket No. 261, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 55:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS' FORMER COUNSEL "could really not tell me what was in the various documents that comprise the Court's TRO," as described in the Declaration of Romi Mayder, filed July 10, 2008, Docket No. 261 ("MAYDER DECLARATION"), including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 56:** *All DOCUMENTS RELATING TO the press release issued by DEFENDANTS referenced in paragraph 14 and Ex. 7 to the MAYDER DECLARATION,*

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 6

*including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 57:** *All DOCUMENTS RELATING TO the proposed NDA with VERIGY referenced in paragraph 15 and Exs. 8 and 9 to the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 58:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS could "continue to develop Flash Enhancer," referenced in paragraph 17 of the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 59:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that that "continuing work with Honeywell, Spansion, and Intel under the TRO was proper because that was the status quo that the TRO was supposed to maintain," referenced in paragraph 17 of the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 60:** *All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS relating to Dr. Blanchard, referenced in paragraph 19 of the MAYDER DECLARATION.*

**Verigy's Request No. 61:** *All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS relating to the Contempt Motion, referenced in paragraphs 19-24 of the MAYDER DECLARATION.*

**Verigy's Request No. 62:** *All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS relating to the TRO, referenced in the MAYDER DECLARATION.*
**Verigy's Request No. 63:** *All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS relating to the Preliminary Injunction motion and briefing, referenced in the MAYDER DECLARATION.*

**STS, Inc.'s Response. to No. 54-63:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. STS objects to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege; work product doctrine or other applicable law, statute or doctrine of privilege. STS objects to the definition of "DEFENDANTS to the

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 7

extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

> **Verigy's Request No. 64:** *All COMMUNICATIONS between Schneck & Schneck and DEFENDANTS relating to the Patent Disclosure attached as Exhibit B to the Declaration of Thomas Schneck, dated October 9, 2007 ("SCHNECK DECLARATION").*
>
> **Verigy's Request No. 65:** *All DOCUMENTS relating to any novelty search done by Schneck & Schneck related to the documents attached as Exhibits B, D, or E to the SCHNECK DECLARATION, referenced in the SCHNECK DECLARATION.*
>
> **Verigy's Request No. 66:** *All COMMUNICATIONS between Schneck & Scheck and DEFENDANTS relating to the documents attached as Exhibits B, D, or E to the SCHNECK DECLARATION.*

**STS, Inc.'s Response to No. 65:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. STS incorporates the General Objections set forth above. STS objects to the definition of "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. Defendants object to the term "COMMUNICATIONS" as vague and ambiguous in not identifying the parties to any such communications. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

> **Verigy's Request No. 67:** *All DOCUMENTS relating to Mr. Pochowski's alleged "disavowal of inventorship" as described in paragraph 16 of the SCHNECK DECLARATION.*
>
> **Verigy's Request No. 70:** *All DOCUMENTS relating to the "matrix options" as referenced in the document bates-labeled SITES001728-001733.*

**STS, Inc.'s Response to No. 67 and No. 70:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Subject to the objections set forth above, Defendants respond that all such non-privileged documents have previously been produced.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 8

>**Verigy's Request No. 68:** *All COMMUNICATIONS with Schneck & Schneck relating to potential litigation between ROMI MAYDER and Mr. Robert Pochowski, as referenced in the documents bates-labeled SITES001744-001748.*
>
>**Verigy's Request No. 69:** *All COMMUNICATIONS with Schneck & Schneck relating to inventorship, as referenced in the documents bates-labeled SITES001585-001586.*
>
>**Verigy's Request No. 71:** *All COMMUNICATIONS between ROMI MAYDER and Schneck & Schneck relating to Mr. Pochowski, as referenced in the documents bates-labeled SITES001744-001748, SITES001585-001586, and SITES001728-001733.*

**STS, Inc.'s Response to No. 68, 69 and 71:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or privileged attorney work product, and STS shall not produce any such privileged documents. STS objects to this request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

**Verigy is Entitled to the Discovery** in Requests 54-71 because Defendants have waived any privilege which may have attached in light of the referenced public and third party disclosures. As you know, Defendants and Romi Mayder waived any protections when each 'disclosed a significant part of the communication' in public filings. *Cal. Evid. Code* § § 912, 954(c).Defendants cannot stand on such privilege objections without further explanation as to why such disclosures have not waived the privilege.

>**Verigy's Request No. 75:** *All sales projections for STS products.*
>**Verigy's Request No. 76:** *All profit projections for STS products.*
>**Verigy's Request No. 77:** *All market analyses for STS products.*
>**Verigy's Request No. 78:** *All projected or current valuations for STS.*
>**Verigy's Request No. 79:** *All DOCUMENTS RELATING TO projected or current valuations for STS, including, but not limited to, DOCUMENTS showing the basis for such valuations.*
>
>**Verigy's Request No. 80:** *All DOCUMENTS RELATING TO market analyses for STS.*

**STS, Inc.'s Response to Nos. 75-80:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third parties, but are not reasonably accessible to STS. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 9

that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS objects to this Request in its use of the undefined term "market analyses" and in that regard as vague and ambiguous. Subject to and without waiving the foregoing objections, STS responds that it will produce all, non-privileged, responsive documents that have not been previously produced by STS.

**Verigy is Entitled to the Discovery** because such documents bear directly on Verigy's damages and on certain causes of action, such as the Computer Fraud and Abuse Act. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**STS, Inc.'s Response to No. 81:** STS incorporates the General Objections set forth above. STS objects to this Request as vague and ambiguous as to subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS objects to this as vague and ambiguous. Subject to and without waiving the foregoing objections, STS responds that it has no such documents not previously produced.

**Verigy is Entitled to the Discovery** because it seeks document addressed to Mayder and STS, Inc. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**Verigy's Request No. 82:** *Native file format versions of all DOCUMENTS indicated by a star on the special master's report attached hereto as Exhibit A.*

**STS, Inc.'s Response to No. 82:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS further objects to this Request as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for, and received, such documents in a different format, namely "searchable pdf," such that production in a third format is unreasonable. STS objects to this Request as lacking foundation to the extent it assumes that every document previously produced would have "metadata" associated with it. Subject to and without waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at the meet-and-confer on August 5, 2008, STS has already produced in native format all those non-privileged, documents which are available on the active operating system identified by a "*" on the Special Master's list of documents as appended to plaintiff's Fourth Request for Production of Documents [a number of these

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 10

documents were recovered by the special master using EnCase or other forensic recovery software and are not accessible without this software, and which STS identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)]. Further, STS has provided a privilege log as to those documents withheld on the basis of privilege.

**Verigy is Entitled to the Discovery** because of the reasons set forth concerning Request 32.

## FIFTH SET OF REQUESTS FOR PRODUCTION

**Verigy's Request No. 89:** *All COMMUNICATIONS with Advantest America, Inc.*

**STS, Inc.'s Response to No. 89:** Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), any defendant's or third party's right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Defendants object to this Request as duplicative of previous requests for production already served and responded to, and in that regard as unduly burdensome and oppressive. Defendants object to this Request to the extent that it purports to seek "COMMUNICATIONS with Advantest America, Inc." without specifying the parties to said COMMUNICATIONS, as well as without specifying as to time, and in that regard as overly broad, unduly burdensome, vague, ambiguous and oppressive. Subject to the objections set forth above, Defendants respond that they will produce all non-privileged, responsive documents not previously produced.

**Verigy is Entitled to the Discovery** because such communications bear on Verigy's damages and substantively on its causes of action for misappropriation and breach of contract, *inter alia*. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**Verigy's Request No. 90:** *YOUR application to the California Board of Equalization for a seller's permit.*

**STS, Inc.'s Response to No. 90:** Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to the definitions of "STS," "YOU" and "YOU" to the extent that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the control of either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity under the control of Silicon Test Solutions, LLC during the period it was an existing and operational entity. "Silicon Test Solutions, Inc." is not, to Defendants' knowledge, an existing or operational entity at all. Defendants further object to these definitions to the extent that they purport to seek present or current information as to Silicon Test Solutions, LLC, an entity for which formation was never completed, and which, in any event, no longer exists. To the extent that this Request seeks documents relating to Silicon

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 11

Test Solutions, LLC, all responsive, non-privileged documents have been previously produced; to the extent this Request seeks documents relating to STS, Defendants respond that they have no such non-privileged, responsive documents.

**Verigy is Entitled to the Discovery** because such communications bear on Verigy's damages and substantively on its causes of action for misappropriation and breach of contract, *inter alia*. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**Verigy's Request No. 101:** *All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure is not entitled to protection under Cal. Civ. Code 3426.1 et seq.*

**Verigy's Request No. 102:** *All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure was readily ascertainable as of September 22, 2006.*

**STS, Inc.'s Response to No. 101:** Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), any defendant's or third party's right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Defendants object to this Request as vague and ambiguous to the extent that it purports to seek information regarding "ANY" trade secret on Verigy's Amended Trade Secret Disclosure, which Verigy has refused, despite multiple requests from Defendants' counsel, to allow Defendants to read in full, unredacted form such that Defendants have been kept by Verigy unaware of what are each and all trade secrets purportedly identified in the Amended Trade Secret Disclosure. Defendants further object that STS has not been permitted to review the Amended Trade Secret Disclosure. Subject to the objections set forth above, Defendants will produce all responsive, non-privileged documents in their possession, custody or control.

**Verigy is Entitled to the Discovery** because the Request seeks documents which bear directly on Defendants' claimed affirmative defenses. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

## SECOND SET OF REQUESTS FOR ADMISSIONS

**Verigy's Requests for Admissions 26-42:** Text omitted.

**Defendants Response to Requests for Admissions 26-42:** R. Mayder objects to this Request as exceeding the number of such Requests permitted under the Courts CMC Order.

**Reasons Verigy is entitled to the discovery:** Per the Court's May 24, 2008 CMC order, each party was entitled to serve up to 96 Requests for Admission. Defendants served 96 such

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 12

Requests, which Verigy answered. Verigy has served only 42 such Requests. Defendants thus must answer all 42 of the RFAs.

## SECOND SET OF INTERROGATORIES

**Verigy's Interrogatory Request No. 10**: *IDENTIFY (a) all material facts that refer or relate to every instance in which MAYDER allegedly informed someone at VERIGY of the actual or planned formation of STS, including when and to whom MAYDER allegedly provided this information, and (b) all documents relating to any such instances in which MAYDER allegedly informed someone at VERIGY of the actual or planned formation of STS*

**Defendants' Interrogatory Response to No. 10**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have failed to identify documents as requested in subpart (b) to this interrogatory. Merely because an interrogatory contains subparts does not mean that such subparts constitute a separate interrogatory for purposes of the limit on the number of such interrogatories which may be served. So long as such interrogatories logically relate to the same subject matter they are treated as one interrogatory. See *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998). Defendants must respond completely respond to Interrogatory 10.

**Verigy's Interrogatory Request No. 11**: *Describe the factual basis for YOUR denial in Paragraph 188 of YOUR CORRECTED ANSWER that pursuant to the ARCIPD and California Labor Code §2860, Verigy is the sole owner of the Disputed Material.*

**Defendants' Interrogatory Response to No. 11**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Verigy hereby clarifies its Interrogatory. Reference to paragraph "188" was incorrect and the result of a typographical error. The intent of the interrogatory, which should be clear from the remaining text of the interrogatory, was directed at paragraph 118.

**Verigy's Interrogatory Request No. 12**: *Describe in detail all material facts relating to the development of DEFENDANTS' PRODUCTS, including what materials MAYDER used, referred to or relied upon for the development of this [sic] product, the time expended in development, key development dates or milestones, and when development started.*

**Defendants' Interrogatory Response to No. 12**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have partially responded to this interrogatory but its response does not include materials used, referred to or relied on, or time expended in development as it relates to STS' Flash Enhancer.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 13

**Verigy's Interrogatory Request No. 14 & 15**: *Describe in detail the differences between the subject matter of the '791 PATENT and the UTILITY PATENT APPLICATION; Describe in detail how the '791 PATENT is dissimilar to and not based on the invention and technology embodied and disclosed in the UTILITY PATENT APPLICATION.*

**Defendants' Interrogatory Response to No. 14 & 15**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have asserted the protections of the attorney work product doctrine here when it does not apply. Verigy requests that Defendants clarify the reasons for asserting this protection on these interrogatories.

**Verigy's Interrogatory Request No. 17**: *Describe in detail all actions MAYDER took in anticipation of, preparation for, and in connection with his termination of employment with VERIGY, including but not limited to the return or retention of VERIGY property and VERIGY confidential information; any exit interviews; any discussions with third parties; and any copying or transferring of documents, files, contact information, and materials at VERIGY and at MAYDER's home, including on MAYDER's home computer(s).*

**Defendants' Interrogatory Response to No. 17**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants' assertion that the interrogatory is compound is not correct. The interrogatory is directed to the subject matter of Defendant Romi Mayder's actions in connection with his termination of employment with Verigy. Defendants' answer is thus not complete in failing to respond to all components of the interrogatory on this subject matter. For example, Defendant Romi Mayder has already admitted to sending and copying Verigy documents from Verigy to his home computer in his depositions.

**Verigy's Interrogatory Request No. 18**: *Describe the factual basis for your allegation in paragraph 10 of the "General Allegations" of the COUNTERCLAIMS in the CORRECTED ANSWER that "Verigy and its predecessors have employed corrupt and dishonest practices intended to deceive prospective employees to come to work for Verigy and to its existing employees to induce them to remain in the employment of Verigy.*

**Defendants' Interrogatory Response to No. 18**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Verigy seeks clarification on Defendants use of the phrase 'trade secrets' in this response. To what trade secret information are Defendants referring in this response?

**Verigy's Interrogatory Request No. 22**: *Describe the factual basis for your allegation in paragraph 10 of the Third Counterclaim in the CORRECTED ANSWER that "Romi Mayder denies that he has breach[sic] the ARCIPD."*

**Defendants' Interrogatory Response to No. 22**: Text omitted.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 14

**Reasons Verigy is entitled to the discovery**: Defendant Romi Mayder previously admitted in other interrogatory responses that he kept certain Verigy property, which is a breach of his agreement. He has also admitted at depositions that he sent Verigy documents to non-Verigy personnel. As such Defendants have not appropriately responded to this Interrogatory and should amend their response.

**Verigy's Interrogatory Request No. 23**: *IDENTIFY (a) the factual basis for your affirmative defense number one as stated in the CORRECTED ANSWER and (b) all documents supporting affirmative defense number one.*
**Defendants' Interrogatory Response to No. 23**: Text omitted.

**Reasons Verigy is entitled to the discovery**: As it is respecting Interrogatory 17, this Interrogatory is also not compound. Defendants should answer part b of this interrogatory.

Interrogatories 24-32. Defendants cannot stand on the objection that Verigy has served interrogatories in excess of the amount permitted by the Court. The Court's May 24, 2008 CMC Order permitted each party to serve 25 interrogatories "in addition to those served prior to May 23, 2008." Verigy served 26 Interrogatories in its Second Set of Interrogatories. (Interrogatories 8-33). Verigy concedes that Interrogatory 33 was in excess of the amount permitted by the Court's May 24, 2008 CMC Order and hereby withdraws that Interrogatory. The remainder of the interrogatories (24-32) must be answered.

Defendants' subparts objection does not hold water. Merely because an interrogatory contains subparts does not mean that such subparts constitute a separate interrogatory for purposes of the limit on the number of such interrogatories which may be served. So long as such interrogatories logically relate to the same subject matter they are treated as one interrogatory. See *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998). Thus to the extent Defendants suggest that prior interrogatories contained subparts, this is incorrect and is not a basis for failing to respond to these interrogatories. Even if Defendants' objections were valid, such claimed subparts are only six in number. This would add only three interrogatories to the total and Defendants would, at a minimum, still need to answer Interrogatories 24-29.

Thank you for your courtesy and cooperation. We look forward to speaking with you tomorrow at 2 p.m.

Sincerely,

Colin G. McCarthy

CGM:etf