1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  COLIN G. MCCARTHY, Bar No. 191410
   cmccarthy@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  VERIGY US, INC, a Delaware Corporation,    Case No. C07 04330 RMW (HRL)

15                     Plaintiff,              **VERIGY'S NOTICE OF MOTION AND
                                               MOTION TO COMPEL PRODUCTION OF
16        vs.                                  DOCUMENTS FROM DEFENDANTS IN
                                               RESPONSE TO 3RD & 5TH SETS OF
17  ROMI OMAR MAYDER, an individual;           REQUESTS FOR PRODUCTION**
    WESLEY MAYDER, an individual; SILICON
18  TEST SYSTEMS, INC., a California Corporation;   Date:    October 21, 2008
    and SILICON TEST SOLUTIONS, LLC, a         Time:    10 a.m.
19  California Limited Liability Corporation,   Ctrm.:   2, 5th Floor
    inclusive,                                 Judge:   Hon. Howard R. Lloyd
20
                       Defendants.
21                                             Complaint Filed:    August 22, 2007
                                               Trial Date:         None Set
22

23
    AND RELATED CROSS-ACTIONS
24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION AND BACKGROUND ..................................................................... 2

II.     STATEMENT OF FACTS ......................................................................................... 2

III.    DISCOVERY IN DISPUTE ...................................................................................... 2

    A.      Third Set of Requests for Production ................................................................. 3

    B.      Fifth Set of Requests for Production ................................................................ 10

IV.     ARGUMENT AND AUTHORITY ........................................................................... 11

    A.      DEFENDANTS MUST PRODUCE RESPONSIVE DOCUMENTS NOT
        PREVIOUSLY PRODUCED ...................................................................... 11

        1.      Defendants Must Produce Documents Shown to Exist by Third
            Parties ..................................................................................................... 12

        2.      Production by Third Parties Shows the Documents are Readily
            Accessible ............................................................................................... 13

    B.      DEFENDANTS MUST PRODUCE RECORDS IN THEIR 'CONTROL' ......... 13

        1.      Defendants Must Produce Their Website Records ................................... 14

        2.      Defendants Must Produce Their Seller's Permit ...................................... 16

    C.      DEFENDANTS SHOULD BE SANCTIONED FOR FAILURE TO
        PRODUCE RESPONSIVE DOCUMENTS ......................................................... 16

V.      CONCLUSION ....................................................................................................... 17

# TABLE OF AUTHORITIES

## Federal Cases

*A. Farber and Partners, Inc. v. Garber*
   234 F.R.D. 186 (C.D. Cal. 2006) ....................................................... 12, 13, 14

*AmeriPride Services, Inc. v. Valley Industrial Service, Inc.*
   2006 WL 2308442, *5 (E.D. Cal. 2006) ......................................................... 11

*Columbia Pictures Industries v. Bunnel*
   No. CV06-1093 FMC JCX, 2007 WL 2080419, at *6 (C.D.Cal. May 29, 2007) 14, 15, 16

*In re Legato Systems, Inc. Securities Litigation*
   204 F.R.D. 167 (N.D. Cal. 2001) ............................................................. 13, 14

*In re Woolworth Corp. Securities Class Action Litigation*
   166 F.R.D. 311 (S.D.N.Y. 1996)................................................................... 14

*National Association of Radiation Survivors v. Turnage*
   115 F.R.D. 543 (N.D. Cal. 1987) .................................................................. 11

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*
   490 F.3d 130 (2nd Cir. 2007)........................................................................ 14

*Thomas v. Hickman*
   No. 106-CV-00215-HWI-SMS, 2007 WL 4302974, at *14 (E.D.Cal. Dec. 6, 2007) ...... 13

*U.S. v. International Union of Petroleum and Indus. Workers, AFL-CIO*
   870 F.2d 1450 (9th Cir. 1989)........................................................... 13, 16, 17

## State Cases

*PMC, Inc. v. Kadisha*
   78 Cal. App. 4th 1368) (2000) ...................................................................... 14

## State Statutes

Cal. Civ. Code §1798 ..................................................................................... 16

## Federal Rules

Fed. R. Civ. P. 26(b)(2)............................................................................Passim

Fed. R. Civ. P. 26(b)(2)(B)........................................................................Passim

Fed. R. Civ. P. 26(e) .................................................................................... 17

Fed. R. Civ. P. 34(a)..................................................................................................... 13, 15

Fed. R. Civ. P. 37 .............................................................................................................. 16

**Federal Regulations**

17 C.F.R. §203.6 ................................................................................................................ 14

**Civil Local Rules**

Rule 7-2 ................................................................................................................................ 2

Rule 37-2 .............................................................................................................................. 2

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Tuesday, October 21, 2008, at 10 a.m., or as soon thereafter as the matter may be heard, before the Hon. Howard R. Lloyd, United States Magistrate Judge, Courtroom 2, Fifth Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, plaintiff Verigy U.S., Inc. ("Verigy"), shall and hereby does move the Court for an order compelling defendants Silicon Test Systems, Inc. ("STS) to produce documents responsive to

(1)  Requests Nos. 37, 39, 50 & 51 of the 3rd Set of Requests for Production propounded by Verigy to Defendants; and

(2)  Request No. 90 of the 5th Set of Requests for Production propounded by Verigy to Defendants.

The motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the declaration of Colin G. McCarthy, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

**STATEMENT OF ISSUES**

1.      Should Defendants be compelled to produce documents responsive to Requests Nos. 37, 39, 50, 51 & 53 of the 3rd Set of Requests for Production propounded by Verigy to Defendants?

2.      Should Defendants be compelled to produce documents responsive to Request No. 90 of the 5th Set of Requests for Production propounded by Verigy to Defendants?

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

This is a trade secret misappropriation action.  Plaintiff Verigy has propounded various requests for production of documents.  Defendants have failed and refused to provide responsive documents to some of them, namely Requests Nos. 37, 39, 50 & 51 of the 3rd Set of Requests for Production, and Request No. 90 of the 5th Set of Requests for Production.  Verigy has propounded a total of 102 requests for production of documents in this case; Defendants have propounded 403. (McCarthy Decl. ¶ 20.)

## II.    STATEMENT OF FACTS

Verigy served its 3rd Set of Requests for Production to Defendants on June 23, 2008. Defendants objected and responded on July 23, 2008.  Defendants served a supplemental response on August 19, 2008.  (McCarthy Decl., ¶¶ 2-4, Ex. A-C).  Verigy served its 5th Set of Requests for Production on July 30, 2008 and Defendants objected and responded on August 29, 2008. (McCarthy Decl., ¶¶ 5 & 6, Ex. D & E).

Counsel have met and conferred in good faith by telephone regarding the matters in dispute. As a courtesy to Defendants, Verigy prepared and sent a letter setting forth its issues with Defendants responses to Requests for Production.  (McCarthy Decl., ¶ 7, Ex. F).  Some issues were resolved, with Defendants agreeing to produce responsive documents, but the parties were unable to resolve all of the disputes.  (McCarthy Decl., ¶¶ 8-9).  In particular, Defendants refused to produce certain documents in their possession which should have been previously produced, and refused to produce certain documents in their control, despite the legal right to obtain such records.  (McCarthy Decl., ¶ 9)  Accordingly, Verigy hereby moves to compel production related to such requests for production.

## III.    DISCOVERY IN DISPUTE

Pursuant to Civ. L.R. Rules 37-2 and 7-2, Verigy hereby sets "forth each request in full, followed by the objections and/or responses thereto," as well as the detailed basis on why Verigy is entitled to the discovery and how the requirements of Fed. R. Civ. P 26(b)(2) are satisfied for each request.  Civ. L.R. 37-2.

2

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL POD'S FROM DEFENDANTS IN RESPONSE TO 3RD & 5TH SETS OF REQUESTS FOR PRODUCTION          Case No. C07 04330 RMW (HRL)

### A.    Third Set of Requests for Production

**Verigy's Request No. 37:** *Any DOCUMENTS responsive to all demands for production of documents previously served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or received since the date of that prior demand for production of documents.*

**STS, Inc.'s Response to No. 37:** STS objects to this Request to the extent that it purports to require STS to produce documents in response to requests for production previously served on other defendants over whose documents STS does not have possession, custody, or control, and therefore as more appropriately addressed to these defendants, and in that regard as overly broad, unduly burdensome, and harassing.  STS shall interpret this Request as not requiring the production of documents not in its possession, custody or control.  STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine and STS shall not provide any such privileged information, even if previously inadvertently produced.  STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.,* emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log.  Subject to and without waiving the foregoing objections, STS responds that it has no such documents, but to the extent that STS locates any such responsive documents in the future, it understands that it has an obligation to produce them in this action.

**STS, Inc.'s Amended & Supplemental Response to No. 37:** STS objects to this Request to the extent that it purports to require STS to produce documents in response to requests for production previously served on other defendants over whose documents STS does not have possession, custody, or control, and therefore as more appropriately addressed to these defendants, and in that regard as overly broad, unduly burdensome, and harassing. STS shall interpret this Request as not requiring the production of documents not in its possession, custody or control. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine and STS shall not provide any such privileged information, even if previously inadvertently produced.  STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (e.g., emails

1   between STS and any of its legal counsel in this action, past or current) and STS shall neither

2   produce nor include such documents in a privilege log. Subject to and without waiving the foregoing

3   objections, STS responds that to the extent that STS locates any such responsive documents in the

4   future, it understands that it has an obligation to produce them in this action and shall do so.

5       **Verigy is Entitled to the Discovery.**  The prior requests focused, on absolutely sought

6   relevant information.  For example, Verigy sought production from Defendants, in its first request

7   for production on August 24, 2007, of all communications with Honeywell (Request No. 9) and all

8   documents relating to the development of Defendants product (Requests Nos. 16, 18, 20 and 25).

9   (*See* McCarthy Decl., ¶ 18, Ex. H).  Veraconnex and Neoconix, two companies who were contracted

10  by Mayder during the development of Defendant's product, have produced documents reflecting

11  communications with Defendants which would be responsive to these Requests, which Defendants

12  have not produced.  (McCarthy Decl., ¶ 18; Ex. H). Defendants have not complied with their

13  commitment to provide additional responsive documents.

14      **The requirements of Fed. R. Civ. P 26 (b)(2)** are met because Defendants cannot show that

15  it would cause them undue burden or cost to access their computer systems and provide the

16  additional emails and documents of more recent vintage concerning these entities.  It is also self-

17  evident that Defendants have better access to these communications than Verigy, which had to

18  utilize third party subpoenas to obtain documents which Defendants should have produced, and that

19  Defendants' may have additional documents that the third partied did <u>not</u> produce.

20      **Verigy's Request No. 39:** *All COMMUNICATIONS with STRAUBE.*

21      **STS, Inc.'s Response to No. 39:**  STS objects to this Request as duplicative of previous

22  discovery requests already served, and in that regard as oppressive and unduly burdensome.  STS

23  objects to this Request to the extent that it requires the production of privileged documents under the

24  attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not

25  provide any such privileged information.  STS understands this Request not to encompass privileged

26  documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its

27  legal counsel in this action, past or current) and STS shall neither produce nor include such

28  documents in a privilege log.  STS objects to this Request as vague and ambiguous as to time and

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL POD'S FROM DEFENDANTS IN RESPONSE TO
3RD & 5TH SETS OF REQUESTS FOR PRODUCTION          Case No. C07 04330 RMW (HRL)

1    subject matter, and in that regard as overbroad and unduly burdensome.  STS objects to this Request

2    as seeking documents that are not relevant to the issues in dispute in this action, or that are not

3    reasonably calculated to lead to the discovery of relevant documents or information in this action.

4    Subject to and without waiving the foregoing objections, STS responds that it will produce all non-

5    privileged, responsive documents not previously produced.

6        **STS, Inc.'s Amended & Supplemental Response to No. 39:**  STS objects to this Request

7    as duplicative of previous discovery requests already served, and in that regard as oppressive and

8    unduly burdensome.  STS objects to this Request to the extent that it requires the production of

9    privileged documents under the attorney-client, work product, or other applicable doctrine, or any

10   right of privacy, and STS shall not provide any such privileged information.  STS objects to this

11   Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that

12   additional documents may exist and be in the possession of third parties, but are not reasonably

13   accessible to STS.  STS understands this Request not to encompass privileged documents created

14   after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this

15   action, past or current) and STS shall neither produce nor include such documents in a privilege log.

16   STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard

17   as overbroad and unduly burdensome.  STS objects to this Request as seeking documents that are

18   not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the

19   discovery of relevant documents or information in this action. Subject to and without waiving the

20   foregoing objections, STS responds that it will produce all non-privileged, responsive documents

21   not previously produced.

22       **Verigy is Entitled to the Discovery** because STRAUBE ("Straube & Associates") was

23   Honeywell's manufacturer's representative and Honeywell was the supplier for both Verigy and

24   STS who would make the ASIC, the design of which is at issue in this case.  While he was working

25   at Verigy, Defendant Romi Mayder communicated frequently with both Honeywell and STRAUBE

26   and sent to them confidential Verigy information.  Straube has already produced recent

27   communications that Defendants have not, and Defendants should be made to produce what they

28   have as well.

5

1    **The requirements of Fed. R. Civ. P 26 (b)(2)** are met because Defendants are in the best

2    position to obtain documents they sent or received from STRAUBE. They cannot establish that to

3    do so would be unduly burdensome or costly.

4    **Verigy's Request No. 50:** *All DOCUMENTS RELATING TO all versions ever
     posted of the STS website.*

5

6    **STS, Inc.'s Response to No. 50:** STS objects to this Request to the extent it seeks

7    information as to matters that are not relevant to this dispute, and that are not calculated to lead to

8    the discovery of admissible evidence in this action, in that regard as overly broad and unduly

9    burdensome. STS objects to this Request in that it purports to seek production of documents that are

10   equally available to STS through its own or public sources such as the "Wayback Machine," and in

11   that regard as overly broad and unduly burdensome. STS objects to this Request in its use of the

12   undefined terms "versions," "posted," and "STS website." Subject to and without waiving the

13   foregoing objections, and based on a reasonable understanding of the terms "versions," "posted,"

14   and "STS website," STS responds that all responsive documents have previously been produced by

15   STS.

16   **STS, Inc.'s Amended & Supplemental Response to No. 50:** STS objects to this Request

17   to the extent it seeks information as to matters that are not relevant to this dispute, and that are not

18   calculated to lead to the discovery of admissible evidence in this action, in that regard as overly

19   broad and unduly burdensome. STS objects to this Request in that it purports to seek production of

20   documents that are equally available to STS through its own or public sources such as the "Wayback

21   Machine," and in that regard as overly broad and unduly burdensome. STS objects to this Request

22   as unduly expensive and burdensome under Fed. R. Civ. P. 26(b)(2)(B) in that additional documents

23   may exist and be in the possession of third parties, but are not reasonably accessible to STS. STS

24   objects to this Request in its use of the undefined terms "versions," "posted," and "STS website."

25   Subject to and without waiving the foregoing objections, and based on a reasonable understanding

26   of the terms "versions," "posted," and "STS website," STS responds that these items are not

27   reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B), and further that these items are more

28   readily obtainable by plaintiff through a subpoena on Network Solutions which hosted the website

6

1    and on information and belief may have possession, custody, or control of these documents.

2    **Verigy is Entitled to the Discovery** because STS's website records directly bear on

3    Verigy's trade secrets, breach of contract, and common law and Lanham Act false advertising

4    causes of action.  (Complaint, Causes of Action I, II, IX and X).  While Defendants' website

5    postings are likely to lead to relevant and admissible evidence on all these claims, good cause exists

6    because the website documents are critical to Verigy's Lanham Act and false advertising claims.

7    What Defendants put on the website goes directly to their advertisements concerning Verigy's trade

8    secrets**.**

9    **The requirements of Fed. R. Civ. P 26 (b)(2)** are met because the items are readily

10    accessible.  Defendants have given no indication that it would incur costs (outside of the ordinary

11    business costs of running a website) to obtain the documents.  Further, the documents were available

12    on an internet archive as of February, 2008, and according to that archiving website, such

13    documents are not removed unless there is affirmative action taken by the website owner. (See

14    Section IV.B.2, Below).  Defendants thus have shown control over the documents requested.

15    **Verigy's Request No. 51:**  *All DOCUMENTS ever made available through the*
       *STS website.*
16

17    **STS, Inc.'s Response to No. 51:**  STS objects to this Request to the extent it seeks

18    information as to matters that are not relevant to this dispute, or that are not reasonably calculated to

19    lead to the discovery of admissible evidence in this action, and in that regard as overly broad and

20    unduly burdensome.  STS objects to this Request as unspecified as to time, and in that regard as

21    overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, STS

22    responds that all responsive documents have previously been produced by STS.

23    **STS, Inc.'s Amended & Supplemental Response to No. 51:**  STS objects to this Request

24    to the extent it seeks information as to matters that are not relevant to this dispute, or that are not

25    reasonably calculated to lead to the discovery of admissible evidence in this action, and in that

26    regard as overly broad and unduly burdensome. STS objects to this Request as unduly expensive

27    and burdensome under Fed. R. Civ. P. 26(b)(2)(B) in that additional documents may exist and be in

28    the possession of third parties but are not reasonably accessible to STS.  STS objects to this Request

7

1    as unspecified as to time, and in that regard as overly broad and unduly burdensome.  Subject to and

2    without waiving the foregoing objections, STS responds that these items are not reasonably

3    accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B), and further that these items are more readily

4    obtainable by plaintiff through a subpoena on Network Solutions which hosted the website and on

5    information and belief may have possession, custody, or control of these documents.

6        **Verigy is Entitled to the Discovery** because STS's website records bear directly on

7    Verigy's trade secrets, breach of contract, and common law and Lanham Act false advertising

8    causes of action.  (Complaint, Causes of Action I, II, IX and X).   While Defendants website

9    postings are likely to lead to the relevant and admissible evidence on all these claims, good cause

10   exists because the website documents are critical to Verigy's Lanham Act and false advertising

11   claims.  What Defendants put on the website goes directly to their advertisement concerning

12   Verigy's trade secrets.

13       **The requirements of Fed. R. Civ. P 26 (b)(2)** are met because the items are readily

14   accessible.  Defendants have given no indication that it would incur costs (outside of the ordinary

15   business costs of running a website) to obtain the documents.  Further the documents were available

16   on an internet archive as of February, 2008, and according to that archiving website, such

17   documents are not removed unless there is affirmative action taken by the website owner. (See

18   Section IV.B.2, Below).  Defendants thus have shown control over the documents requested.

19       **Verigy's Request No. 53:**  *All COMMUNICATIONS with Richard Foster*.

20       **STS, Inc.'s Response to No. 53:**  STS objects to this Request as duplicative of previous

21   discovery requests already served, and in that regard as oppressive and unduly burdensome.  STS

22   objects to this Request to the extent that it requires the production of privileged documents under the

23   attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not

24   provide any such privileged information.  STS understands this Request not to encompass privileged

25   documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its

26   legal counsel in this action, past or current) and STS shall neither produce nor include such

27   documents in a privilege log.  STS objects to this Request as vague and ambiguous as to time and

28   subject matter, and in that regard as overbroad and unduly burdensome.  STS objects to this Request

8

as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. Subject to and without waiving the foregoing objections, STS responds that all non-privileged, responsive documents have been produced by STS.

**STS, Inc.'s Amended & Supplemental Response to No. 53:**  STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome.  STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information.  STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third parties, but are not reasonably accessible to STS.  STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action.  Subject to and without waiving the foregoing objections, STS responds that it will produce all non-privileged, responsive documents not previously produced by STS.

**Verigy is Entitled to the Discovery** because Richard Foster is purportedly an advisor to Romi Mayder and was copied on several key business strategy communications.  Foster, although not an attorney, also offered Mayder legal advice concerning his dispute with Verigy and the risks involved in Mayder's actions, which both of them have improperly withheld as privileged, despite the obvious waiver of that privilege.  These communications will likely contain information on use of the trade secrets which Defendants misappropriated, and intent for damages purposes, among other issues in the litigation.

**The requirements of Fed. R. Civ. P 26 (b)(2)** are met because Defendants are in the best

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL POD'S FROM DEFENDANTS IN RESPONSE TO
3RD & 5TH SETS OF REQUESTS FOR PRODUCTION          Case No. C07 04330 RMW (HRL)

1   position to obtain documents they sent or received from Mr. Foster. They cannot establish that to do

2   so would be unduly burdensome or costly.

### B.   Fifth Set of Requests for Production

3

4   **Verigy's Request No. 90:** *YOUR application to the California Board of Equalization for a seller's permit.*

5

6   **STS, Inc.'s Response to No. 90:** Defendants incorporate the General Objections set forth

7   above. Defendants object to this Request to the extent that it seeks disclosure of privileged

8   communications between attorney and client or documents protected by the work product doctrine,

9   and Defendants shall not produce any such privileged documents. Defendants object to the

10  definitions of "STS," "YOU" and "YOU" to the extent that it purports to include "Silicon Test

11  Solutions, Inc." which is not an entity under the control of either defendants Romi Mayder or

12  Silicon Test Systems, Inc., and was not an entity under the control of Silicon Test Solutions, LLC

13  during the period it was an existing and operational entity. "Silicon Test Solutions, Inc." is not, to

14  Defendants' knowledge, an existing or operational entity at all. Defendants further object to these

15  definitions to the extent that they purport to seek present or current information as to Silicon Test

16  Solutions, LLC, an entity for which formation was never completed, and which, in any event, no

17  longer exists. To the extent that this Request seeks documents relating to Silicon Test Solutions,

18  LLC, all responsive, non-privileged documents have been previously produced; to the extent this

19  Request seeks documents relating to STS, Defendants respond that they have no such non-

20  privileged, responsive documents.

21  **Verigy is Entitled to the Discovery** because this application is reasonably calculated to

22  obtain evidence which will show Defendant Wesley Mayder's involvement with Defendant Silicon

23  Test Systems, Inc. Other documents produced in this litigation indicate that Defendant Wesley

24  Mayder was listed as a business owner, partner, officer or member of STS on the application for

25  Defendant STS's seller's permit.

26  **The requirements of Fed. R. Civ. P 26 (b)(2)** are met because Verigy is not permitted to

27  obtain the information, and only the taxpayer which made the application (i.e. Defendants) can

28  obtain this record. (See Section IV.B.3, Below). Defendants cannot show it would cause them

1    undue burden or cost to request and obtain this record.

2    **IV.    ARGUMENT AND AUTHORITY**

3        **A.    DEFENDANTS MUST PRODUCE RESPONSIVE DOCUMENTS NOT PREVIOUSLY PRODUCED**

4

5        Verigy is entitled to the discovery in Request Nos. 37, 39, and 53 because Defendants have

6    not produced documents which are responsive to Verigy's prior requests.  Defendants claim they

7    have produced all responsive documents in their possession, custody, or control, but recent

8    productions by third parties have instead shown that they have not.  There are scores of emails to or

9    from Defendant Romi Mayder relating to the sale and development of Defendants' products that

10   Defendants have not produced.

11        Many of the emails produced by third-parties are dated after this litigation was initiated.  All

12   litigants have a duty to preserve relevant evidence.  *AmeriPride Services, Inc. v. Valley Industrial*

13   *Service, Inc*., 2006 WL 2308442, *5 (E.D. Cal. 2006) ("[A]s soon as a potential claim is identified, a

14   litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to

15   the action," citing *National Association of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-57

16   (N.D. Cal. 1987).)  Here there was also a preservation order entered on August 24, 2007.  (Court's

17   Order on TRO, August 24, 2007, Docket No. 22 ("TRO"), ¶ 1 (c)).  Pursuant to the TRO Defendant

18   Romi Mayder was to refrain from "deleting, destroying … any information (electronic,

19   documentary, or otherwise) in any media … relevant to any of the issues in this action." (TRO, ¶ 1

20   (c) p. 6:1-4).  Defendants were also prohibited from deleting or destroying any email to or from

21   romi.mayder@silicontests.com. (*Id*., at ¶ 1 (d), p.6:5-10).  If Defendants STS and Mayder no longer

22   have the emails at issue, at the very least they have violated the TRO again.  Further, the documents

23   referenced in this motion may not encompass all documents Defendants have failed to produce.

24   They are the first documents Verigy has been able to confirm, through third party productions, that

25   Defendants did not produce.  There may be thousands of relevant, responsive documents and emails

26   Defendants STS and Mayder have failed to produce.  Defendants' apparent failure to produce such

27   documents or to preserve them is sanctionable conduct.

28

1

### 1.    Defendants Must Produce Documents Shown to Exist by Third Parties

2    Verigy is Entitled to the Discovery on Request Nos. 37, 39, and 53 because third parties

3    have produced documents reflecting communications with Defendants which would be responsive

4    to these Requests, which Defendants have not produced.  "A party responding to a Rule 34

5    production request … 'is under an affirmative duty to seek that information reasonably available to

6    [it] from [its] employees, agents, or others subject to its control.'"  *A. Farber and Partners, Inc. v.*

7    *Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).  (citations omitted).  Defendants have received and

8    sent documents responsive to these Requests, but not produced them in this litigation.

9    For example, Neoconix produced a March 25, 2008 e-mail exchange between Romi Mayder

10    and Dirk Brown which Defendants have not produced.  (McCarthy Decl., ¶ 10, Ex. G,

11    Neoconix0257).  There are more than 82 documents produced by Neoconix with Defendants as a

12    sender or recipient between the dates of November 18, 2006 and March 25, 2008 which Defendants

13    have not produced.  (McCarthy Decl., ¶ 16).

14    This is also true for Veraconnex.  Veraconnex produced at least 22 documents at its 30(b)(6)

15    deposition which Defendants have not produced (in which Defendants were a sender or recipient).

16    (McCarthy Decl., ¶ 13).  The documents are responsive to previous demands but gathered, located,

17    created, generated or received after some of the prior requests and they are thus responsive to

18    Request No. 37.

19    Defendants have also failed to produce at least 14 Honeywell Documents (Request 37), 131

20    Straube documents (Request No. 39) and 13 documents from Richard Foster (Request No. 53).

21    (McCarthy Decl., ¶¶ 14, 15, & 17).  Among these four witnesses, Defendants have failed to produce

22    a total of at least 281 documents which are responsive to Verigy's Requests.  (Id., ¶ ¶ 12-18).

23    Under *A. Farber*, Defendants must search their own records and those of employees, agents

24    and others within their control.  234 F.R.D. at 189.  Their failure to adequately explain why they

25    cannot produce the documents – ostensibly because their website service has been suspended due to

26    nonpayment – should lead at a bare minimum an order to produce all responsive documents,

27    whether or not produced by third parties.  It should also lead to the appropriate sanction for

28    requiring this motion.

1         **2.**      **Production by Third Parties Shows the Documents are Readily Accessible**

2

3       The requirements of Fed.R. Civ. P. 26(b)(2) are met for each of these Requests because

4 Defendants cannot show that the documents are not reasonably accessible due to undue burden or

5 cost. The e-mails are reasonably accessible by Defendants as Romi Mayder was the author or

6 recipient of all of the emails. Defendants' claimed inability to access these documents rings hollow

7 in light of their production by third parties'.

8     **B.**     **DEFENDANTS MUST PRODUCE RECORDS IN THEIR 'CONTROL'**

9       Defendants have not produced website records (Request Nos. 50 and 51) or their seller's

10 permit application to the California Board of Equalization (Request No. 90). Defendants claim they

11 have no such documents in their possession, so they have no obligation to produce them. But

12 Verigy is entitled to see the documents because Defendants clearly "control" these records.

13       Verigy is entitled to documents reasonably calculated to lead to the discovery of admissible

14 evidence in Defendants "possession, custody, or *control*." Fed. R. Civ. P. 34 (a). (Emphasis

15 added.) "Control is defined as the legal right to obtain documents upon demand." *U.S. v.*

16 *International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir.

17 1989). The question of whether a party has this "legal right" is determined on a case by case basis.

18 *Thomas v. Hickman,* No. 106-CV-00215-HWI-SMS, 2007 WL 4302974, at *14 (E.D.Cal. Dec. 6,

19 2007). "Decisions from within this circuit have noted the importance of a legal right to access

20 documents created by statute, affiliation or employment." *In re Legato Systems, Inc. Securities*

21 *Litigation*, 204 F.R.D. 167, 170 (N.D. Cal. 2001). Similarly, where a contractual relationship exists,

22 the responding party must make inquiry to a contractual party which has possession of documents

23 subject to the contract. *A. Farber*, 234 F.R.D. at 190.

24       In *A. Farber*, the Court determined that a defendant was, in response to a Rule 34 request,

25 obligated to make inquiry and produce records "from the several telecommunications companies,

26 financial institutions, and governmental agencies with which he, his various business enterprises,

27 and his counsel have dealings." *Id*. at 189. It was not enough to object and claim such documents

28 were not in his possession, as Rule 34 requires a reasonable inquiry into the factual basis of a

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL POD'S FROM DEFENDANTS IN RESPONSE TO
3RD & 5TH SETS OF REQUESTS FOR PRODUCTION         Case No. C07 04330 RMW (HRL)

response. *Id*. at 190.  Hence, Defendants were ordered to make further inquiry, declare the nature of that inquiry, and verify responses to requests for production under Rule 26(g).

Similarly, in *In re Legato Systems* Magistrate Judge Richard Seeborg determined that a defendant had to produce a deposition transcript which he could request from the S.E.C.  204 F.R.D at 170.  The responding party in *In re Legato Systems* had control of the transcript through his ability to request a copy through 17 C.F.R. §203.6, and thus had to produce it.  *Id*.  Judge Seeborg rejected the "restrictive interpretation" of control offered by the responding party as not supported by precedent, noting that control in other cases encompassed "the legal right to *endeavor* to obtain" the documents.  *Id*., at 169; quoting *In re Woolworth Corp. Securities Class Action Litigation*, 166 F.R.D. 311, 313 (S.D.N.Y. 1996).

### 1.    Defendants Must Produce Their Website Records

Verigy seeks Defendants' website versions and documents posted on the website.  (Requests Nos. 50 and 51).  STS's website records bear directly on Verigy's trade secrets, breach of contract, and common law and Lanham Act false advertising causes of action.  (Complaint, Causes of Action I, II, IX and X).  Defendants should produce the documents because they have the legal right and the practical ability to obtain them.  At least one decision in this circuit has held that a company must produce its website data when it is stored with another entity with whom the responding party has a contractual relationship.  *Columbia Pictures Industries v. Bunnell*, No. CV06-1093 FMC JCX, 2007 WL 2080419, at *6 (C.D.Cal. May 29, 2007).

"If a party has access and the practical ability to possess documents not available to the party seeking them, production may be required."  *Shcherbakovskiy v. Da Capo Al Fine, Ltd*. 490 F.3d 130, 138 (2nd Cir. 2007).  Defendants have access and the practical ability to access the website records and can produce them while Verigy cannot.  Defendants' website was hosted by Network Solutions, a privately owned company that offers domain name registration, Web site design and hosting.  In meet and confer discussions, Defendants concede they had a contract with this company which was suspended due to nonpayment by Defendants.  (McCarthy Decl. ¶ 9).  Defendants must produce to Verigy these website documents because the have "access to them and can produce them."  *Shcherbakovskiy*, 490 F.3d at 139.

Defendants have not produced the records as they contend that Plaintiffs can obtain the records through other means. The assertion is without factual or legal foundation. Verigy cannot access the STS website records from publicly available sources.[1] The website was shut down by Defendants on or about February 29, 2008, presumably in response to the Court's preliminary injunction order. There were historic pages of Defendants' website available on the Internet archive as of February 2008. (Declaration of Melinda Morton, ¶ 3). But there are no longer any such pages available. (*Id.*, ¶ 5).[2] Since Defendants have, apparently, precluded public access to its current and archived website information by placing a blocking file on their server and by not paying their web hosting service, they should be compelled to produce these documents which are under their control.[3]

In *Columbia Pictures.* 2007 WL 2080419, the defendants had the ability to manipulate how its website data was controlled and routed. The *Columbia Pictures* defendants directed some of their website information to be stored with a third party server company, with whom they had a contractual relationship. The court noted that "the data in issue [likely] was within defendants' possession, custody and control by virtue of defendants' contractual relationship with the third party entity." *Id.* at 1. Because the Defendants controlled how the data was stored, as here, it was to be produced under Rule 34. Thus, even though the website data was at the time of the request not in defendant's possession, but routed to and stored in another's computer, "the data remain[ed] in defendants' possession, custody or control." *Id.* at 6. Here, Defendants clearly have control and a

---

[1]  Defendants' initial response, served on July 23, 2008, objected and stated that Verigy could look to the Internet Archive website's "Wayback Machine" to obtain the documents. Their amended response omitted that objection, suggesting that Defendants did not perform a good faith search to see if such documents were available. (McCarthy Decl., ¶ 3, Ex. B).

[2]  The only way to remove those pages from the archive is to purposefully delete them, per http://www.archive.org/about/faqs.php#2: "The Internet Archive is not interested in preserving or offering access to Web sites or other Internet documents of persons who do not want their materials in the collection. By placing a simple robots.txt file on your Web server, you can exclude your site from being crawled as well as exclude any historical pages from the Wayback Machine." (Morton Decl., ¶ 4).

[3]  Defendants' ability to take the site down and block access to archive records shows that Defendants production of the documents should be readily accessible and not unduly burdensome.

1    legal right to obtain the records because of their apparent contractual relationship with Network

2    Solutions.  Accordingly, they cannot hide behind the shield of a purported lack of possession to

3    avoid production of such documents.

4              **2.        Defendants Must Produce Their Seller's Permit**

5          Verigy has requested a copy of STS's application for seller's permit. (Request No. 90).  The

6    seller's permit application will help establish Defendant Wesley Mayder's participation in the

7    misappropriation and corporate activities of STS.  Pursuant to *Cal. Civ. Code* §1798 et seq., the

8    taxpayer has access to personal information maintained in the Board of Equalization files.  The

9    seller's permit application also clearly states that the taxpayer has the right to the records.  (Morton

10   Decl., ¶ 7, Exh. A).  As the applying entities, Defendants have the right to obtain these documents

11   from the State Board of Equalization, but they have not.  (Morton Decl. ¶ 6).  Verigy's counsel,

12   called the Board of Equalization on or around July 28, 2008 and inquired whether it was possible to

13   obtain the application for a seller's permit.  (Morton Decl., ¶ 6).  The Board representative

14   confirmed that only the applicant can obtain the document and that members of the public can only

15   access information on the actual permit.  (Morton Decl., ¶ 6).  Because the Defendants have "the

16   legal right to obtain documents upon demand" they have control of these documents and should

17   produce them.  *International Union,* supra, 870 Fed.2d at 1452.  Because Verigy cannot obtain these

18   records and Defendants can, the requirements of F.R. Civ. P. 26 (b)(2) are met and they should be

19   made to produce the responsive documents.

20             **C.        DEFENDANTS SHOULD BE SANCTIONED FOR FAILURE TO PRODUCE
                            RESPONSIVE DOCUMENTS**

21

22         Fed. R. Civ. Proc. Rule 37 permits the Court to impose sanctions against Defendants if it

23   grants Verigy's motion to compel document production ((Rule 37(a)(5)(A)); if it finds Defendants

24   failed to obey a discovery order (Rule 37(b)(2)(A); or if it finds Defendants failed to supplement

25   their prior discovery responses (Rule 37(c)(1)).  Defendants have failed to produce documents

26   responsive to Requests 37, 39, 50, 51 and 53, even though responsive documents indisputably were

27   created and should be in Defendants' possession, custody or control.  For example, there is no

28   dispute that STS had a website for several months, yet no historic website pages or documents

                                                    16

1    posted to the website have been produced.

2         Many of the documents requested were created or sent during the pendency of this litigation.

3    Defendants' contention that they do not have such documents suggests that they have failed to

4    preserve evidence relevant to the litigation, despite the pendency of this litigation and in violation of

5    this Court's TRO issued on August 24, 2007 requiring the preservation of documents.  Further, to

6    the extent Defendants contend that their failure to produce documents is a result of their failure to

7    pay their bills to Network Solutions in 2008, Defendants have breached their obligations under Fed.

8    R. Civ. Proc. Rule 26(e) to supplement their discovery responses, either by supplementing their

9    responses before allowing the server contract to lapse, or by informing Verigy that lapse of the

10   contract was the reason they did not have responsive documents.

11        Accordingly, Verigy requests the Court sanction Defendants by ordering them to pay

12   Verigy's reasonable expenses incurred in making this motion, including attorney's fees, and

13   reserves the right to request additional sanctions as appropriate.  Should the Court agree that

14   attorneys' fees are appropriate, Verigy will submit a declaration of the fees and costs incurred in

15   connection with this motion.

16   **V.    CONCLUSION**

17        For the forgoing reasons, Verigy respectfully requests that the Court issue an order

18   compelling STS, Inc. to produce documents responsive to the above Requests, and an award of

19   Sanctions in an appropriate amount as determined by the Court.

20   Dated:  September 10, 2008                    BERGESON, LLP

21

22                                                By:_____/s/_____
                                                        Colin G. McCarthy
23
                                                  Attorneys for Plaintiff
24                                                VERIGY US, INC.

25

26

27

28

                                                  17