

DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
COLIN G. MCCARTHY, Bar No. 191410
cmcarthy@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

**PUBLIC VERSION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. C07 04330 RMW (HRL)<br><br>**DECLARATION OF COLIN G. McCARTHY IN SUPPORT OF VERIGY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS IN RESPONSE TO 3RD & 5TH SETS OF REQUESTS FOR PRODUCTION**<br><br>Date:    October 21, 2008<br>Time:    10 a.m.<br>Ctrm.:   2, 5th Floor<br>Judge:   Hon. Howard R. Lloyd<br><br>Complaint Filed:    August 22, 2007<br>Trial Date:    None Set |

**DOCUMENT SUBMITTED UNDER SEAL**

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

**PURSUANT TO STIPULATED PROTECTIVE ORDER**

1    I, Colin G. McCarthy, declare as follows:

2    1.    I am an attorney licensed to practice law before all of the courts of the State of

3    California, and am an associate with the law firm of Bergeson, LLP, counsel of record for plaintiff

4    Verigy US, Inc. ("Verigy") in the above-captioned action. Except as to matters stated on

5    information and belief, which I am informed and believe to be true, I have personal knowledge of

6    the facts set forth in this declaration, and, if called to do so, I could and would competently testify

7    thereto.

8    2.    Attached hereto as **Exhibit A** is a true and correct copy of Verigy's Third Set of

9    Requests for Production to Defendants, June 25, 2008.

10    3.    Attached hereto as **Exhibit B** is a true and correct copy of Defendants' objections

11    and responses to Verigy's 3rd Set of Requests for Production, as served on July 23, 2008.

12    4.    Attached hereto as **Exhibit C** is a true and correct copy of Defendants' amended

13    and supplemental responses and objections to Verigy's 3rd Set of Requests for Production, as

14    amended on August 19, 2008.

15    5.    Attached hereto as **Exhibit D** is a true and correct copy of Verigy's 5th Set of

16    Requests for Production of Documents, served on August 29, 2008.

17    6.    Attached hereto as **Exhibit E** is a true and correct copy of Defendants' objections

18    and responses.

19    7.    My colleague Don Gagliardi, and I met and conferred by telephone on September

20    5, 2008 with Tim Hale, counsel for Defendants, regarding the matters in dispute. As a courtesy to

21    Mr. Hale and at his Request, I prepared and sent a letter setting forth Verigy's issues with

22    Defendants response to Requests for Production. Attached hereto as **Exhibit F** is a true and

23    correct copy of that September 4, 2008 letter.

24    8.    In the discussion, Defendants agreed to produce documents responsive to Requests

25    33, 34, 44, 45, 47, 75, 76, 77, 78, 79, 80, 89, and 100.

26    9.    Although Mr. Hale indicated he would ask his client again if there were responsive

27    documents to other requests, Defendants declined to provide any additional documents to the

28    remainder of the Requests. Defendants refused to produce documents in their possession which

- 1 -

DECLARATION OF COLIN G. McCARTHY ISO VERIGY'S MTC POD'S FROM DEFENDANTS IN
RESPONSE TO 3RD AND 5TH SETS OF REQUESTS FOR PRODUCTION   C07 04330 RMW (HRL)

1  should have been previously produced, claiming that Verigy would have to first identify which

2  attachments and documents it sought from prior Requests.  Mr. Hale also indicated that

3  Defendants would not produce documents not in their possession but in the control of Defendants'

4  bank, website hosting company, and the government.  During the discussion, Mr. Hale indicated

5  that Defendants' website was hosted by Network Solutions but that the account was suspended

6  due to nonpayment.

7           10.      Attached hereto as **Exhibit G** is a true and correct copy of a March 25, 2008

8  document produced by Neoconix in response to a subpoena served by Verigy reflecting an e-mail

9  exchange between Romi Mayder and Dirk Brown.  On information and belief, Defendants have

10 not produced this document.

11          11.      I supervised paralegal review of documents produced by third parties in response to

12 subpoenas issued by Verigy, which were compared with documents produced by Defendants'.

13          12.      Pursuant to that review, we have confirmed that to the best of our knowledge there

14 are at least 20 documents produced by Innoconix with Defendants as a sender or recipient between

15 the dates of June 25, 2007 and November 13, 2007, which Defendants have not produced.

16          13.      Pursuant to that review, we have confirmed that to the best of our knowledge there

17 are at least 22 documents produced by Veraconnex with Defendants as a sender or recipient

18 between the dates of May, 2007 and June, 2008 which Defendants have not produced.

19          14.      Pursuant to that review, we have confirmed that to the best of our knowledge there

20 are at least 131 documents produced by Straube Associates with Defendants as a sender or

21 recipient between the dates of July 7, 2006 and April 22, 2008, which Defendants have not

22 produced.

23          15.      Pursuant to that review, we have confirmed that to the best of our knowledge there

24 are at least 14 emails produced by Honeywell with Defendants as a sender or recipient between the

25 dates of July 23, 2006 and May 7, 2008 which Defendants have not produced.

26          16.      Pursuant to that review, we have confirmed that to the best of our knowledge there

27 are at least 82 documents produced by Neoconix with Defendants as a sender or recipient between

28 the dates of November 18, 2006 and March 25, 2008, which Defendants have not produced.

- 2 -

1    17.    Pursuant to that review, we have confirmed that to the best of our knowledge there

2  are at least 13 emails produced by Richard Foster with Defendants as a sender or recipient

3  between the dates of October 1, 2006 and April 1, 2008 which Defendants have not produced.

4    18.    Attached hereto as **Exhibit H** is a true and correct copy of a summary of the

5  documents we reviewed of which we are currently aware that were produced by third parties but,

6  based on our best of our knowledge, have not been produced by Defendants.

7    19.    I personally reviewed all sets of Defendants' requests for production of documents

8  served to Verigy in this action, as well as those served by Verigy to Defendants.  Verigy has

9  served a total of 102 requests for production of documents in this case; Defendants have served

10  Verigy with 403 such requests.

11    I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct and that this declaration was executed this 10th day of September,

13  2008 at San Jose, California.

14

15                                                          /s/
                                                    Colin G. McCarthy
16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

# EXHIBIT A

1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   MELINDA M. MORTON, Bar No. 209373
    mmorton@be-law.com
3   JOHN W. FOWLER, Bar No. 037463
    jfowler@be-law.com
4   MICHAEL W. STEBBINS, Bar No. 138326
    mstebbins@be-law.com
5   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
6   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
7   Facsimile:  (408) 297-6000

8   Attorneys for Plaintiff
    VERIGY US, INC.

9

10                      UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13   VERIGY US, INC, a Delaware Corporation      Case No. C07 04330 RMW (HRL)

14                      Plaintiff,
                                                 **PLAINTIFF'S THIRD SET OF REQUEST**
15         vs.                                   **FOR PRODUCTION OF DOCUMENTS TO**
                                                 **DEFENDANT SILICON TEST SYSTEMS,**
16   ROMI OMAR MAYDER, an individual;            **INC.**
     WESLEY MAYDER, an individual; SILICON
17   TEST SYSTEMS, INC., a California Corporation;
     and SILICON TEST SOLUTIONS, LLC, a          Judge:  Honorable Ronald M. Whyte
18   California Limited Liability Corporation,    Ctrm:   6
     inclusive,
19                                               Complaint Filed:    August 22, 2007
                       Defendants.               Trial Date:         None Set
20

21

22

23

24

25

26

27

28

_____
          PLAINTIFF'S THIRD REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC.
                            CASE NO. C07 04330 RMW (HRL)

1    PROPOUNDING PARTY:        Plaintiff VERIGÝ US, INC.

2    RESPONDING PARTY:         Defendant SILICON TEST SYSTEMS, INC.

3    SET NUMBER:               THREE (3)

4        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Verigy US,

5    Inc. ("VERIGY") hereby demands that within thirty (30) days of the date of service hereof, at the

6    offices of VERIGY's attorneys of record, Bergeson, LLP, located at 303 Almaden Blvd., Suite

7    500, San Jose, California 95110, defendant Silicon Test Systems, Inc. ("STS") produce for

8    inspection and photocopying the originals, or, if the originals are unavailable, copies of the

9    documents and materials described in this Third Set of Requests for Production, which documents

10   and materials are in the possession, custody and control of STS or any of its present or former

11   officers, directors, employees, agents, or representatives, including, but not limited to, its

12   attorneys.

13                              **DEFINITIONS**

14       1.    "DOCUMENT" is intended to be understood in its broadest sense and without

15   limitation, refers to the original and any copies of every tangible form of recorded information,

16   including, without limitation, all writings, drawings, graphs, charts, photographs, phone records,

17   video or audiotapes, websites, webpages, and any other data compilations from which information

18   can be obtained, either directly or with the aid of a machine or device, whether printed, recorded,

19   reproduced by any process, or written or prepared by hand, including the following:

20   correspondence, letters, e-mails, memoranda, telexes, reports, COMMUNICATIONS, agreements,

21   contracts, diaries, calendars, minutes or records of conferences, reports or summaries of

22   interviews, reports or other records of investigations, opinions or reports of consultants, surveys,

23   reports or other records (including recordings) of oral conversations, computer printouts and

24   computer databases, PowerPoint presentations, manuals, advertisements, circulars, trade letters,

25   press releases, drafts and revisions of any documents, original or preliminary notes, workpapers,

26   ledgers, bills, invoices, shipping documents, receipts, orders, books, records and files.

27       2.    "DOCUMENT" or "DOCUMENTS" includes data stored on network back-up

28   storage devices and/or tapes.

PLAINTIFF'S THIRD REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC.
CASE NO. C07 04330 RMW (HRL)

1    3.    "COMMUNICATION(S)" means any oral or written utterance, notation, or

2    statement of any nature whatsoever, specifically including, but not limited to letters, e - mails,

3    personal or telephonic conversations, discussion, interviews, or consultations; any type of

4    telegraphic, telecommunicated, or telecopied message; any type of electronically received,

5    transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing

6    that evidences or reflects such communication, whether internal or to or from third parties or

7    affiliates.

8    4.    "PERSON," as well as pronouns referring thereto, includes not only natural persons,

9    but also corporations, companies, limited liability companies, firms, partnerships, associations,

10    joint ventures, and any other entity or units thereof.

11    5.    "IDENTIFY" or "IDENTIFIED" means, (a) when used with respect to a PERSON,

12    that YOU are requested to state the PERSON's full name, present or last known residence and/or

13    business address, present or last known residence and/or business telephone numbers, present or last

14    known employer, and present or last known position in business; and, (b) when used with respect to

15    DOCUMENT(S), that YOU are requested to state the type (e-mail, letter, fax, etc.), title, date,

16    author(s) and recipient(s) of the DOCUMENT(S).

17    6.    "RELATING TO" or "RELATED TO" a given subject matter means concerning,

18    comprising, constituting, reflecting, relating to, referring to, stating, describing, recording, pertaining

19    to, evidencing, noting, embodying, containing, mentioning, studying, analyzing, discussing, and

20    evaluating.

21    7.    "THIS LAWSUIT" means the legal action entitled Verigy US, Inc., vs. Romi Omar

22    Mayder, et al., United States District Court, Northern District of California, San Jose Division,

23    Action No. C07-04330 RMW (HRL).

24    8.    "PLAINTIFF" or "VERIGY" means and refers to the plaintiff Verigy US, Inc.

25    VERIGY also means and refers to VERIGY's predecessor in interest, Agilent Corporation.

26    9.    "DEFENDANTS" means and refers to each defendant named herein, including Romi

27    Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC, and,

28    where applicable, their officers, directors, managers, employees, agents or attorneys.

2

1      10.    "ROMI MAYDER" means and refers to defendant Romi Omar Mayder.

2      11.    "WES MAYDER" means and refers to defendant Wesley Mayder.

3      12.    "STS," "YOU" or "YOUR" means and refers to defendant Silicon Test Systems,

4    Inc., and/or defendant Silicon Test Systems, LLC and/or Silicon Test Solutions, Inc.

5      13.    "HONEYWELL" means and refers to Honeywell International Inc., its subsidiaries,

6    divisions, corporate parent, directors, officers, employees, agents, representatives, and attorneys, and

7    each PERSON acting on its behalf or under its control.

8      14.    "STRAUBE" means and refers to Chris Straube and/or any PERSON called "Straube

9    Associates."

10     15.    "ASIC" means and refers to "application specific integrated circuit."

11     16.    "TRO" means and refers to the Order Granting Plaintiff Verigy US, Inc.'s

12   Application for Temporary Restraining Order and Order Authorizing Expedited Discovery; Order to

13   Show Cause Re: Preliminary Injunction, dated August 24, 2007, issued by the Hon. Ronald M.

14   Whyte, United States District Court, Northern District of California.

15     17.    "PRELIMINARY INJUNCTION" means and refers to the Order Granting in Part

16   Plaintiff's Motion for a Preliminary Injunction, etc., dated February 29, 2008, issued by the Hon.

17   Ronald M. Whyte, United States District Court, Northern District of California.

18     18.    "CONTEMPT ORDER" means and includes the Order Granting Plaintiff's Motion

19   to Find Defendants in Contempt of Court for Violating the TRO, dated May 20, 2008, issued by

20   the Hon. Ronald M. Whyte, United States District Court, Northern District of California.

21     19.    "ELECTRONIC STORAGE DEVICES" includes, without limitation, personal

22   computers, compact discs, DVD discs, USB flash drives, Personal Digital Assistants ("PDA"),

23   cellular phones, hard drives, MP3 players, email accounts, Internet-based data storage accounts,

24   portable email devices, external storage devices, or other electronic media.

25

26   ///

27

28   ///

**INSTRUCTIONS**

1.    When producing the DOCUMENTS, designate which DOCUMENTS are being produced in response to each of the following requests, and if a request contains sub-categories, designate which DOCUMENTS are being produced in response to each sub-category.

2.    If YOU withhold under claim of privilege DOCUMENTS which are responsive to this DOCUMENT request, please provide the following information as to each withheld DOCUMENT:

        (a)    The subject of the DOCUMENT;

        (b)    The title, heading, or caption of the DOCUMENT, if any;

        (c)    The identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof;

        (d)    The date appearing on the DOCUMENT, or if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

        (e)    The general nature or description of the DOCUMENT (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

        (f)    The identity of the PERSON who signed the DOCUMENT, and, if it was not signed, the identity of each PERSON who prepared it;

        (g)    The identity of each PERSON to whom the DOCUMENT was addressed or sent, and the identity of each PERSON to whom a copy thereof was sent; and

        (h)    The identity of each PERSON who has custody of either the original or a copy of each such DOCUMENT.

3.    YOU are requested to produce all responsive DOCUMENTS in YOUR actual or constructive possession or under YOUR control or in the actual or constructive possession or control of YOUR attorneys, employees, or agents, which were created during, or which refer or relate, to the relevant time period of this request.

4.    A DOCUMENT shall be deemed to be in YOUR "control" if YOU have the right to secure the DOCUMENT or a copy thereof from another PERSON having possession or custody thereof.

4

5.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, YOU are requested to identify the PERSON with possession or custody.

6.     If ANY such DOCUMENT was at ANY time in YOUR possession, custody, or control, but is no longer in such possession, custody, or control, state whether such DOCUMENT is missing, lost, destroyed, discarded, or has been transferred, voluntarily or involuntarily, to ANY other PERSON or otherwise disposed of; describe the circumstances surrounding, and authorization given, if ANY, for such disposition; and identify the PERSON or PERSONS responsible for such disposition and the PERSON or PERSONS to whom such DOCUMENT was transferred, if ANY.

7.     All DOCUMENTS shall be produced in the order and in the manner that they were or are kept in the ordinary course of business and shall be reproduced in their original file folders, binders, or other covers or containers, unless that is not possible. ANY DOCUMENTS which must be removed from their original folders, binders, or covers or containers in order to be produced shall be identified in a manner so as to clearly specify where such DOCUMENTS originated.

8.     If a DOCUMENT cannot be produced in full, YOU are required to produce it to the extent possible, and specify what is being withheld and the reason it is being withheld.

9.     The obligation to produce the DOCUMENTS requested herein is of a continuing nature; if, at any time after compliance, YOU should acquire possession, custody, or control of any additional DOCUMENTS coming within the scope of any of the individual categories of the REQUEST, YOU are requested to furnish such DOCUMENTS to the attorneys for VERIGY.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS previously produced by DEFENDANTS in THIS ACTION, including but not limited to all e-mail attachments, in native file format versions with metadata intact.

### REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO any COMMUNICATIONS with Samsung

5

1  RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

2  **REQUEST FOR PRODUCTION NO. 34:**

3      All DOCUMENTS RELATING TO any COMMUNICATIONS with Nextest RELATING

4  TO the Flash Enhancer ASIC or any other product or service of STS.

5  **REQUEST FOR PRODUCTION NO. 35:**

6      All DOCUMENTS RELATING TO any COMMUNICATIONS with Teradyne

7  RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

8  **REQUEST FOR PRODUCTION NO. 36:**

9      All DOCUMENTS RELATING TO any COMMUNICATIONS with Numonyx

10  RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

11  **REQUEST FOR PRODUCTION NO. 37:**

12      Any DOCUMENTS responsive to all demands for production of documents previously

13  served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or

14  received since the date of that prior demand for production of documents.

15  **REQUEST FOR PRODUCTION NO. 38:**

16      All COMMUNICATIONS with any investors or potential investors in STS.

17  **REQUEST FOR PRODUCTION NO. 39:**

18      All COMMUNICATIONS with STRAUBE.

19  **REQUEST FOR PRODUCTION NO. 40:**

20      All COMMUNICATIONS with Grenville Hughes.

21  **REQUEST FOR PRODUCTION NO. 41:**

22      All DOCUMENTS RELATING TO the complete patent file wrapper(s) for all patents

23  applied for or issued to STS or ROMI MAYDER.

24  **REQUEST FOR PRODUCTION NO. 42:**

25      All COMMUNICATIONS with the United States Patent and Trademark Office

26  RELATING TO all patents applied for or issued to STS or ROMI MAYDER.

27  **REQUEST FOR PRODUCTION NO. 43:**

28      All COMMUNICATIONS with Schneck & Schneck RELATING TO all patents applied

1  for or issued to STS or ROMI MAYDER.

2  **REQUEST FOR PRODUCTION NO. 44:**

3       All DOCUMENTS RELATING TO any prototype ASIC specified, designed, developed,

4  built, manufactured or produced by STS or ROMI MAYDER..

5  **REQUEST FOR PRODUCTION NO. 45:**

6       A copy of the prototype ASIC delivered to Intel Corporation in or about November 2007.

7  **REQUEST FOR PRODUCTION NO. 46:**

8       An examplar of the current version of the Flash Enhancer ASIC.

9  **REQUEST FOR PRODUCTION NO. 47:**

10      All DOCUMENTS RELATING TO the current or any updated version the Flash Enhancer

11  ASIC, including but not limited to, specifications, engineering notebooks, lab notebooks, data

12  sheets, test results or e-mail.

13  **REQUEST FOR PRODUCTION NO. 48:**

14      All DOCUMENTS RELATING TO any plans for future products.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All credit card statements reflecting any orders or purchases from bookfactory.com.

17  **REQUEST FOR PRODUCTION NO. 50:**

18      All DOCUMENTS RELATING TO all versions ever posted of the STS website.

19  **REQUEST FOR PRODUCTION NO. 51:**

20      All DOCUMENTS ever made available through the STS website.

21  **REQUEST FOR PRODUCTION NO. 52:**

22      All COMMUNICATIONS with Dick Weber.

23  **REQUEST FOR PRODUCTION NO. 53:**

24      All COMMUNICATIONS with Richard Foster.

25  Dated: June 23, 2008          BERGESON, LLP

26

27                              By:
                                    Michael W. Stebbins
                                    Attorneys for Plaintiff
28                                  VERIGY US, INC.

7

<u>CERTIFICATE OF SERVICE</u>

I declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On June 23, 2008, I served the within:

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SILICON TEST SYSTEMS, INC.**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

    X        BY ELECTRONIC MAIL: I caused said documents to be sent via electronic mail to the interested party at the following email listed below. FRCP Title II, §5(b)(2)(D).

**ATTORNEYS FOR DEFENDANTS ROMI O. MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC.**
Jack Russo, Esq.
John Kelley, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301
Ph: 650.327.9800
Fax: 650.327.3737
jrusso@computerlaw.com
jkelley@computerlaw.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 23, 2008, at San Jose, California.

_Virginia Ross_
Virginia Ross

PLAINTIFF'S THIRD REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC.
CASE NO. C07 04330 RMW (HRL)

# EXHIBIT B

1   JACK RUSSO (State Bar No. 96068)
2   TIM C. HALE (State Bar No. 114905).
    JOHN KELLEY (State Bar No. 100714)
3   RUSSO & HALE LLP
    401 Florence Street
4   Palo Alto, CA 94301
    Telephone: (650) 327-9800
5   Facsimile: (650) 327-3737
    Email: jrusso@computerlaw.com
6         thale@computerlaw.com
          jkelley@computerlaw.com
7
    Attorneys for Defendants and Counterclaimants
8   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
    SILICON TEST SOLUTIONS, LLC and WESLEY
9   MAYDER

10              IN THE UNITED STATES DISTRICT COURT

11           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13  VERIGY US, INC., a Delaware Corporation,      Case No. 5:07-cv-04330-RMW (HRL)

14                      Plaintiff,               **DEFENDANT SILICON TEST SYSTEMS,
                                                 INC.'S RESPONSES & OBJECTIONS TO
15          v.                                   PLAINTIFF VERIGY US, INC.'S THIRD
                                                 SET OF REQUESTS FOR PRODUCTION
16  ROMI MAYDER, an individual; WESLEY           OF DOCUMENTS**
17  MAYDER, an individual; SILICON TEST
    SYSTEMS, INC., a California Corporation;
18  and SILICON TEST SOLUTIONS, LLC, a
    California Limited Liability Corporation,
19  inclusive,                                   Complaint Filed: August 22, 2007
                                                 Trial Date: December 8, 2008 (jury trial)
20                      Defendants.              (Defendants have elected to reserve their jury
                                                 trial rights under F.R.C.P., Rule 38)
21

22  AND RELATED COUNTERCLAIMS.

23

24

25

26

27

28

1

2  PROPOUNDING PARTY:    Plaintiff VERIGY US, INC.

3  RESPONDING PARTY:    Defendant SILICON TEST SYSTEMS, INC.

4  SET NO.:    THREE (3)

5      Defendant SILICONT TEST SYSTEMS, INC. ("STS") herby responds to the Third

6  Request for Production of Documents (collectively, the "Requests;" severally, each "Request")

7  from plaintiff Verigy US, Inc. ("Verigy") as follows:

8                          **GENERAL OBJECTIONS**

9      1.    STS objects to each Request to the extent that it seeks disclosure of information that

10  is protected by the attorney-client privilege and/or the work product doctrine, and STS shall not

11  provide any such privileged information.  STS understands the Requests not to encompass

12  privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

13  any of its legal counsel in this action, past or current) and STS shall neither produce nor include

14  such documents in a privilege log.

15      2.    STS objects to each Request to the extent responsive documents are in the

16  possession, custody, or control of other persons, that are publicly available, or that are already in

17  Verigy's possession, custody or control and, because such documents may be obtained more

18  readily by Verigy from its own sources, as being unwarranted, oppressive, and unduly burdensome.

19  STS further specifically objects to the purported instruction that it produce documents that are

20  possessed by "former officers, directors, employees, agents or representatives, including, but not

21  limited to, its attorneys."  STS will not produce documents possessed by such former persons or its

22  attorneys.

23      3.    STS objects generally to each Request to the extent that it would violate any

24  individual's right to privacy and/or violate the confidentiality provisions of any contract(s).  STS

25  will not produce any documents where such production would violate an individual's right to

26  privacy and/or violate the confidentiality provisions of any contract(s).

27

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp. Verigy 3rd Req. Produc. Docs.        1        Case No. 5:07-cv-04330-RMW (HRL)

1       4.     STS objects generally to each Request to the extent it is overly broad and unduly

2   burdensome, and to the extent it seeks information that is neither relevant to the disputed issues in

3   this action nor reasonably calculated to lead to the discovery of admissible evidence.

4       5.     STS objects to each Request to the extent that it purports to impose burdens on STS

5   that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil Procedure

6   ("FRCP").  STS will construe and respond to each Request in a manner consistent with the FRCP

7   and not otherwise.

8       6.     STS objects to each Request to the extent that it is vague, ambiguous, or

9   unintelligible.

10      7.     STS objects to each Request to the extent that it seeks information or material that

11  is not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to

12  the discovery of relevant documents or information in this action.

13      8.     STS objects to each Request as burdensome and oppressive to the extent it purports

14  to obligate STS to re-produce documents previously produced or made of record in this action, and

15  STS declines such re-production.  STS objects to the entire set of Requests as unduly burdensome

16  and oppressive in light of Verigy's having served such Requests while a prior document request

17  was still pending.

18      9     STS objects to the purported instruction that it identify persons in possession of

19  certain documents as placing burdens upon STS not placed upon it by the FRCP, and STS shall not

20  do so.

21      10.     STS objects to the purported instruction that it provide information about

22  documents it previously possessed as placing burdens on STS not placed upon it by the FRCP, and

23  STS shall not do so.

24      These General Objections shall be deemed to be incorporated in full into the response to

25  each specific response to the Requests set forth below and any responses are subject to the

26  limitations and objections set forth herein, and are without prejudice to STS's rights with respect

27  hereto.

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp. Verigy 3rd Req. Produc. Docs.    2    Case No. 5:07-cv-04330-RMW (HRL)

1 **RESPONSES TO REQUESTS FOR PRODUCTION**

2 **REQUEST FOR PRODUCTION NO. 32:**

3    All DOCUMENTS previously produced by DEFENDANTS in THIS ACTION, including

4 but not limited to all e-mail attachments, in native file format versions with metadata intact.

5    **RESPONSE:**

6    STS objects to this Request as purporting to require the re-production of every single

7 document produced by any defendant, which documents amount to over 50,000 in number, and in

8 that regard as overly broad, unduly burdensome, and harassing.  Plaintiff's failure to specify this

9 form of production at the time its initial requests for production were served does not produce an

10 obligation in defendants to undergo the considerable effort and expense in making such a re-

11 production in the shortened time frame allotted for discovery.  STS further objects to this Request

12 as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for,

13 and received, such documents in a different format, namely "searchable pdf," such that production

14 in a third format is unreasonable.  STS objects to this Request as lacking foundation to the extent it

15 assumes that every document previously produced would have "metadata" associated with it.

16 **REQUEST FOR PRODUCTION NO. 33:**

17    All DOCUMENTS RELATING TO any COMMUNICATIONS with Samsung

18 RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

19    **RESPONSE:**

20    STS objects to this Request as vague and ambiguous to the extent that it purports to require

21 production of all COMMUNICATIONS with Samsung without specifying the parties to such

22 COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

23 COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

24 burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

25 undefined terms "Samsung" and "any other product or service of STS."  STS objects to this

26 Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

27 not reasonably calculated to lead to the discovery of relevant documents or information in this

28    //

1  action, including but not limited to documents relating to any such other STS products or services,

2  which Verigy has no right to discover.

3  **REQUEST FOR PRODUCTION NO. 34:**

4      All DOCUMENTS RELATING TO any COMMUNICATIONS with Nextest RELATING

5  TO the Flash Enhancer ASIC or any other product or service of STS.

6      **RESPONSE:**

7      STS objects to this Request as vague and ambiguous to the extent that it purports to require

8  production of all COMMUNICATIONS with Nextest without specifying the parties to such

9  COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

10 COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

11 burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

12 undefined terms "Nextest" and "any other product or service of STS."  STS objects to this Request

13 as seeking documents that are not relevant to the issues in dispute in this action, or that are not

14 reasonably calculated to lead to the discovery of relevant documents or information in this action,

15 including but not limited to documents relating to any such other STS products or services, which

16 Verigy has no right to discover.

17 **REQUEST FOR PRODUCTION NO. 35:**

18     All DOCUMENTS RELATING TO any COMMUNICATIONS with Teradyne

19 RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

20     **RESPONSE:**

21     STS objects to this Request as vague and ambiguous to the extent that it purports to require

22 production of all COMMUNICATIONS with Teradyne without specifying the parties to such

23 COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

24 COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

25 burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

26 undefined terms "Teradyne" and "any other product or service of STS."  STS objects to this

27 Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

28 not reasonably calculated to lead to the discovery of relevant documents or information in this

1  action, including but not limited to documents relating to any such other STS products or services,

2  which Verigy has no right to discover.

3  **REQUEST FOR PRODUCTION NO. 36:**

4      All DOCUMENTS RELATING TO any COMMUNICATIONS with Numonyx

5  RELATING TO the Flash Enhancer ASIC or any other produce or service of STS.

6      **RESPONSE:**

7      STS objects to this Request as vague and ambiguous to the extent that it purports to require

8  production of all COMMUNICATIONS with Numonyx without specifying the parties to such

9  COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

10  COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

11  burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

12  undefined terms "Numonyx" and "any other product or service of STS."  STS objects to this

13  Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

14  not reasonably calculated to lead to the discovery of relevant documents or information in this

15  action, including but not limited to documents relating to any such other STS products or services,

16  which Verigy has no right to discover.

17  **REQUEST FOR PRODUCTION NO. 37:**

18      Any DOCUMENTS responsive to all demands for production of documents previously

19  served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or

20  received since the date of that prior demand for production of documents.

21      **RESPONSE:**

22      STS objects to this Request to the extent that it purports to require STS to produce

23  documents in response to requests for production previously served on other defendants over

24  whose documents STS does not have possession, custody, or control, and therefore as more

25  appropriately addressed to these defendants, and in that regard as overly broad, unduly

26  burdensome, and harassing.  STS shall interpret this Request as not requiring the production of

27  documents not in its possession, custody or control.  STS objects to this Request to the extent that

28  it requires the production of privileged documents under the attorney-client, work product, or other

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com �sᴹ

STS's Resp. Verigy 3ʳᵈ Req. Produc. Docs.          5          Case No. 5:07-cv-04330-RMW (HRL)

1  applicable doctrine and STS shall not provide any such privileged information, even if previously

2  inadvertently produced. STS understands this Request not to encompass privileged documents

3  created after the filing of the action by Verigy (e.g., emails between STS and any of its legal

4  counsel in this action, past or current) and STS shall neither produce nor include such documents

5  in a privilege log. Subject to and without waiving the foregoing objections, STS responds that it

6  has no such documents, but to the extent that STS locates any such responsive documents in the

7  future, it understands that it has an obligation to produce them in this action.

8  **REQUEST FOR PRODUCTION NO. 38:**

9      Any COMMUNICATIONS with any investors or potential investors in STS.

10     **RESPONSE:**

11     STS objects to this Request as duplicative of previous discovery requests already served,

12  and in that regard as oppressive and unduly burdensome. STS objects to this Request as vague and

13  ambiguous to the extent that it purports to require production of all COMMUNICATIONS with

14  investors or potential investors without specifying the parties to such COMMUNICATIONS. STS

15  objects to this Request to the extent that it requires the production of privileged documents under

16  the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS

17  shall not provide any such privileged information. STS understands this Request not to encompass

18  privileged documents created after the filing of the action by Verigy (e.g., emails between STS and

19  any of its legal counsel in this action, past or current) and STS shall neither produce nor include

20  such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time,

21  and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking

22  documents that are not relevant to the issues in dispute in this action, or that are not reasonably

23  calculated to lead to the discovery of relevant documents or information in this action. STS

24  objects to this Request as vague and ambiguous in its use of the undefined terms "investors" and

25  "potential investors." Subject to and without waiving the foregoing objections, and based on a

26  reasonable understanding of the terms "investors" and "potential investors," STS responds that all

27  non-privileged, responsive documents have previously been produced by STS.

28      //

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS with STRAUBE.

**RESPONSE:**

STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. Subject to and without waiving the foregoing objections, STS responds that it will produce all non-privileged, responsive documents not previously produced.

**REQUEST FOR PRODUCTION NO. 40:**

All COMMUNICATIONS with Grenville Hughes.

**RESPONSE:**

STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents

1   that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to

2   lead to the discovery of relevant documents or information in this action.  Subject to and without

3   waiving the foregoing objections, STS responds that all non-privileged, responsive documents

4   have previously been produced by STS.

5   **REQUEST FOR PRODUCTION NO. 41:**

6       All DOCUMENTS RELATING TO the complete patent file wrapper(s) for all patents

7   applied for or issued to STS or ROMI MAYDER.

8       **RESPONSE:**

9       STS objects to this Request to the extent it seeks information that is in the public domain,

10  and is therefore equally available to plaintiff from its own sources and in that regard as unduly

11  burdensome.  STS objects to this Request to the extent that it fails to specify whether the patents to

12  which it purports to refer are issued by the United States or another country; in light of Request

13  No. 42, below, STS will interpret this request as seeking documents pertaining only to patents

14  issued by the United States.  STS objects to this Request to the extent that it seeks documents that

15  are not in the possession, custody or control of STS.  STS objects to this Request to the extent it

16  seeks information as to patents that are not relevant to this dispute, or that are not reasonably

17  calculated to lead to the discovery of relevant documents or information in this action and in that

18  regard as overly broad, and unduly burdensome.  Subject to the foregoing objections, STS responds

19  that any such documents are in the possession of third parties, and it is working diligently to gather

20  these documents from where they currently reside, and will be producing these documents as they

21  become available and are reviewed for privilege.

22  **REQUEST FOR PRODUCTION NO. 42:**

23      All COMMUNICATIONS with the United States Patent and Trademark Office

24  RELATING TO all patents applied for or issued to STS or ROMI MAYDER.

25      **RESPONSE:**

26      STS objects to this Request as vague and ambiguous to the extent that it purports to require

27  production of all COMMUNICATIONS with the United States Patent and Trademark Office

28  without specifying the parties to such COMMUNICATIONS.  STS objects to this Request as not

1  having specified a time frame in which COMMUNICATIONS are purported to have taken place

2  and in that regard as overly broad, unduly burdensome, vague and ambiguous.  STS objects to this

3  Request to the extent it seeks information as to patents that are not relevant to this dispute, or that

4  are not reasonably calculated to lead to the discovery of relevant documents or information in this

5  action, and in that regard as overly broad and unduly burdensome. Subject to and without waiving

6  the foregoing objections, STS responds that any such documents are in the possession of third

7  parties, and it is working diligently to gather these documents from where they currently reside,

8  and will be producing these documents as they become available and are reviewed for privilege.

9  **REQUEST FOR PRODUCTION NO. 43:**

10      All COMMUNICATIONS with Schneck & Schneck RELATING TO all patents applied

11  for or issued to STS or ROMI MAYDER.

12      **RESPONSE:**

13      STS objects to this Request to the extent that it requires the production of privileged

14  documents under the attorney-client, work product, the right of privacy, or other applicable

15  doctrine and STS shall not provide any such privileged information.  STS understands this Request

16  not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

17  between STS and any of its legal counsel in this action, past or current) and STS shall neither

18  produce nor include such documents in a privilege log.  Subject to and without waiving the

19  foregoing objections, STS responds that all such documents are privileged under the attorney-client

20  and work product doctrine, and it shall not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 44:**

22      All DOCUMENTS RELATING TO any prototype ASIC specified, designed, developed,

23  built, manufactured or produced by STS or ROMI MAYDER.

24      **RESPONSE:**

25      STS objects to this Request as duplicative of previous discovery requests already served,

26  and in that regard as oppressive and unduly burdensome.  STS objects to this Request to the extent

27  that it requires the production of privileged documents under the attorney-client, work product, the

28  right of privacy, or other applicable doctrine and STS shall not provide any such privileged

1  information.  STS understands this Request not to encompass privileged documents created after

2  the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this

3  action, past or current) and STS shall neither produce nor include such documents in a privilege

4  log.  STS objects to this Request to the extent it seeks information as to products that are not

5  relevant to this dispute, or that are not reasonably calculated to lead to the discovery of relevant

6  documents or information in this action, and in that regard as overly broad and unduly

7  burdensome.  STS objects to this Request as vague and ambiguous as to time, and in that regard as

8  overly broad and unduly burdensome.  STS objects to this Request as vague and ambiguous as to

9  the undefined term "prototype."  Subject to and without waiving the foregoing objections, and

10  based on a reasonable understanding of the term "prototype," STS responds that it will produce any

11  non-privileged, responsive documents in its possession, custody or control that have not previously

12  been produced relating to the Flash Enhancer ASIC.

**REQUEST FOR PRODUCTION NO. 45:**

14      A copy of the prototype ASIC delivered to Intel Corporation in or about November 2007.

15      **RESPONSE:**

16      STS objects to this Request as vague and ambiguous as to the undefined term "prototype."

17  Subject to and without waiving the foregoing objection, and based on a reasonable understanding

18  of the term "prototype," STS responds that it has no such documents or things.

**REQUEST FOR PRODUCTION NO. 46:**

20      An examplar of the current version of the Flash Enhancer SIC.

21      **RESPONSE:**

22      STS objects to this Request to the extent that it purports to require production of documents

23  or things that have previously been produced, and in that regard as unduly burdensome.  STS

24  objects to this Request as vague and ambiguous in its use of the undefined terms "current version"

25  and "Flash Enhancer SIC."  Subject to and without waiving the foregoing objections, and based on

26  a reasonable understanding of the terms "current version" and "Flash Enhancer SIC," STS

27  responds that pursuant to the Preliminary Injunction in place in this matter, all such documents

28  have previously been produced by STS.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS RELATING TO the current or any updated version of the Flash Enhancer ASIC, including but not limited to, specifications, engineering notebooks, lab notebooks, data sheets, test results or e-mail.

**RESPONSE:**

STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request to the extent that it purports to require production of documents or things that have previously been produced, and in that regard as unduly burdensome. STS objects to this Request as vague and ambiguous as to time, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to the undefined term "current or any updated version of the Flash Enhancer ASIC." Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the phrase "current or any updated version of the Flash Enhancer ASIC," STS responds that it will produce any non-privileged, responsive documents that have not previously been produced by STS.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS RELATING TO any plans for future products.

**RESPONSE:**

STS objects to this Request to the extent it seeks information as to patents that are not relevant to this dispute, and in that regard as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome. STS objects to this requests to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents

1  created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal

2  counsel in this action, past or current) and STS shall neither produce nor include such documents

3  in a privilege log. STS objects to this Request as vague and ambiguous as to the undefined terms

4  "plans" and "future products." STS objects to this Request to the extent it seeks information as to

5  products that are not relevant to this dispute, or that are not reasonably calculated to lead to the

6  discovery of relevant documents or information in this action, and in that regard as overly broad

7  and unduly burdensome. Subject to and without waving the foregoing objections, and based on a

8  reasonable understanding of the terms "plans" and "future products," STS responds that it has no

9  such documents.

10  **REQUEST FOR PRODUCTION NO. 49:**

11      All credit card statements reflecting any orders or purchases from bookfactory.com

12      **RESPONSE:**

13      STS objects to this Request to the extent it seeks information as to matters that are not

14  relevant to this dispute, and that is not reasonably calculated to lead to the discovery of admissible

15  evidence, and is overly broad and unduly burdensome. STS objects to this Request to the extent

16  that it requires the production of documents protected by the right of privacy. STS objects to this

17  Request as unlimited as to time, and in that regard as vague, ambiguous and unduly burdensome.

18  STS objects to this Request as failing to specify the parties to the purported orders or purchases,

19  and in that regard as vague and ambiguous. STS objects to this Request as vague and ambiguous

20  in its use of the undefined term "reflecting." Subject to and without waiving the foregoing

21  objections, and based on a reasonable understanding of the term "reflecting," STS responds that it

22  has no such documents.

23  **REQUEST FOR PRODUCTION NO. 50:**

24      All DOCUMENTS RELATING TO all versions ever posted of the STS website.

25      **RESPONSE:**

26      STS objects to this Request to the extent it seeks information as to matters that are not

27  relevant to this dispute, and that are not calculated to lead to the discovery of admissible evidence

28  in this action, in that regard as overly broad and unduly burdensome. STS objects to this Request

1   in that it purports to seek production of documents that are equally available to STS through its

2   own or public sources such as the "Wayback Machine," and in that regard as overly broad and

3   unduly burdensome.  STS objects to this Request in its use of the undefined terms "versions,"

4   "posted," and "STS website."  Subject to and without waiving the foregoing objections, and based

5   on a reasonable understanding of the terms "versions," "posted," and "STS website," STS responds

6   that all responsive documents have previously been produced by STS.

7   **REQUEST FOR PRODUCTION NO. 51:**

8         All DOCUMENTS ever made available through the STS website.

9   **RESPONSE:**

10        STS objects to this Request to the extent it seeks information as to matters that are not

11  relevant to this dispute, or that are not reasonably calculated to lead to the discovery of admissible

12  evidence in this action, and in that regard as overly broad and unduly burdensome.  STS objects to

13  this Request as unspecified as to time, and in that regard as overly broad and unduly burdensome.

14  Subject to and without waiving the foregoing objections, STS responds that all responsive

15  documents have previously been produced by STS.

16  **REQUEST FOR PRODUCTION NO. 52:**

17        All COMMUNICATIONS with Dick Weber.

18  **RESPONSE:**

19        STS objects to this Request as duplicative of previous discovery requests already served,

20  and in that regard as oppressive and unduly burdensome.  STS objects to this requests to the extent

21  that it requires the production of privileged documents under the attorney-client, work product, or

22  other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

23  information.  STS understands this Request not to encompass privileged documents created after

24  the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this

25  action, past or current) and STS shall neither produce nor include such documents in a privilege

26  log.  STS objects to this Request as vague and ambiguous as to time and subject matter, and in that

27  regard as overbroad and unduly burdensome.  STS objects to this Request as seeking documents

28  that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to

1  lead to the discovery of relevant documents or information in this action. Subject to and without

2  waiving the foregoing objections, STS responds that all non-privileged, responsive documents

3  have previously been produced by STS.

4  **REQUEST FOR PRODUCTION NO. 53:**

5      All COMMUNICATIONS with Richard Foster.

6      **RESPONSE:**

7      STS objects to this Request as duplicative of previous discovery requests already served,

8  and in that regard as oppressive and unduly burdensome.  STS objects to this requests to the extent

9  that it requires the production of privileged documents under the attorney-client, work product, or

10  other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

11  information.  STS understands this Request not to encompass privileged documents created after

12  the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this

13  action, past or current) and STS shall neither produce nor include such documents in a privilege

14  log.  STS objects to this Request as vague and ambiguous as to time and subject matter, and in that

15  regard as overbroad and unduly burdensome.  STS objects to this Request as seeking documents

16  that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to

17  lead to the discovery of relevant documents or information in this action.   Subject to and without

18  waiving the foregoing objections, STS responds that all non-privileged, responsive documents

19  have previously been produced by STS.

20  Dated: July 23, 2008                    RUSSO & HALE LLP

21                                         By:   *Tim C. Hale*

22                                               Tim C. Hale

23                                         Attorneys for Defendants and Counterclaimants
                                           ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
24                                         SILICON TEST SOLUTIONS, LLC and WESLEY
                                           MAYDER

25

26

27

28

# EXHIBIT C

ORIGINAL

1  JACK RUSSO (State Bar No. 96068)
2  TIM C. HALE (State Bar No. 114905).
   JOHN KELLEY (State Bar No. 100714)
3  RUSSO & HALE LLP
   401 Florence Street
4  Palo Alto, CA 94301
   Telephone: (650) 327-9800
5  Facsimile: (650) 327-3737
   Email: jrusso@computerlaw.com
6         thale@computerlaw.com
          jkelley@computerlaw.com
7
   Attorneys for Defendants and Counterclaimants
8  ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
   SILICON TEST SOLUTIONS, LLC and WESLEY
9  MAYDER

10        IN THE UNITED STATES DISTRICT COURT

11     IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                SAN JOSE DIVISION

13  VERIGY US, INC., a Delaware Corporation,        Case No. 5:07-cv-04330-RMW (HRL)

14                Plaintiff,                        **DEFENDANT SILICON TEST SYSTEMS,**
                                                    **INC.'S AMENDED & SUPPLEMENTAL**
15         v.                                       **RESPONSES & OBJECTIONS TO**
                                                    **PLAINTIFF VERIGY US, INC.'S THIRD**
16  ROMI MAYDER, an individual; WESLEY             **SET OF REQUESTS FOR PRODUCTION**
    MAYDER, an individual; SILICON TEST            **OF DOCUMENTS**
17  SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a
18  California Limited Liability Corporation,
    inclusive,
19                                                  Complaint Filed: August 22, 2007
                                                    Trial Date: December 8, 2008 (jury trial)
20                Defendants.                       (Defendants have elected to reserve their jury
                                                    trial rights under F.R.C.P., Rule 38)
21

22  AND RELATED COUNTERCLAIMS.

23

24

25

26

27

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                      Case No. 5:07-cv-04330-RMW (HRL)

1    PROPOUNDING PARTY:    Plaintiff VERIGY US, INC.

2    RESPONDING PARTY:    Defendant SILICON TEST SYSTEMS, INC.

3    SET NO.:    THREE (3)

4    Defendant SILICONT TEST SYSTEMS, INC. ("STS") herby responds to the Third

5 Request for Production of Documents (collectively, the "Requests;" severally, each "Request")

6 from plaintiff Verigy US, Inc. ("Verigy") as follows:

7                              **GENERAL OBJECTIONS**

8    1.    STS objects to each Request to the extent that it seeks disclosure of information that

9 is protected by the attorney-client privilege and/or the work product doctrine, and STS shall not

10 provide any such privileged information.  STS understands the Requests not to encompass

11 privileged documents created after the filing of the action by Verigy (*e.g.,* emails between STS and

12 any of its legal counsel in this action, past or current) and STS shall neither produce nor include

13 such documents in a privilege log.

14    2.    STS objects to each Request to the extent responsive documents are in the

15 possession, custody, or control of other persons, that are publicly available, or that are already in

16 Verigy's possession, custody or control and, because such documents may be obtained more

17 readily by Verigy from its own sources, as being unwarranted, oppressive, and unduly burdensome.

18 STS further specifically objects to the purported instruction that it produce documents that are

19 possessed by "former officers, directors, employees, agents or representatives, including, but not

20 limited to, its attorneys."  STS will not produce documents possessed by such former persons or its

21 attorneys.

22    3.    STS objects generally to each Request to the extent that it would violate any

23 individual's right to privacy and/or violate the confidentiality provisions of any contract(s).  STS

24 will not produce any documents where such production would violate an individual's right to

25 privacy and/or violate the confidentiality provisions of any contract(s).

26    4.    STS objects generally to each Request to the extent it is overly broad and unduly

27 burdensome, and to the extent it seeks information that is neither relevant to the disputed issues in

28 this action nor reasonably calculated to lead to the discovery of admissible evidence.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.

1

Case No. 5:07-cv-04330-RMW (HRL)

1     5.     STS objects to each Request to the extent that it purports to impose burdens on STS

2  that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil Procedure

3  ("FRCP").  STS will construe and respond to each Request in a manner consistent with the FRCP

4  and not otherwise.

5     6.     STS objects to each Request to the extent that it is vague, ambiguous, or

6  unintelligible.

7     7.     STS objects to each Request to the extent that it seeks information or material that

8  is not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to

9  the discovery of relevant documents or information in this action.

10     8.     STS objects to each Request as burdensome and oppressive to the extent it purports

11  to obligate STS to re-produce documents previously produced or made of record in this action, and

12  STS declines such re-production.  STS objects to the entire set of Requests as unduly burdensome

13  and oppressive in light of Verigy's having served such Requests while a prior document request

14  was still pending.

15     9     STS objects to the purported instruction that it identify persons in possession of

16  certain documents as placing burdens upon STS not placed upon it by the FRCP, and STS shall not

17  do so.

18     10.     STS objects to the purported instruction that it provide information about

19  documents it previously possessed as placing burdens on STS not placed upon it by the FRCP, and

20  STS shall not do so.

21     These General Objections shall be deemed to be incorporated in full into the response to

22  each specific response to the Requests set forth below and any responses are subject to the

23  limitations and objections set forth herein, and are without prejudice to STS's rights with respect

24  hereto.

25    **RESPONSES TO REQUESTS FOR PRODUCTION**

26  **REQUEST FOR PRODUCTION NO. 32:**

27     All DOCUMENTS previously produced by DEFENDANTS in THIS ACTION, including

28  but not limited to all e-mail attachments, in native file format versions with metadata intact.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.       2       Case No. 5:07-cv-04330-RMW (HRL)

**RESPONSE:**

STS objects to this Request as purporting to require the re-production of every single document produced by any defendant, which documents amount to over 50,000 in number, and in that regard as overly broad, unduly burdensome, and harassing.  Plaintiff's failure to specify this form of production at the time its initial requests for production were served does not produce an obligation in defendants to undergo the considerable effort and expense in making such a re-production in the shortened time frame allotted for discovery.  STS further objects to this Request as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for, and received, such documents in a different format, namely "searchable pdf," such that production in a third format is unreasonable.  STS objects to this Request as lacking foundation to the extent it assumes that every document previously produced would have "metadata" associated with it. Subject to and without waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at the meet-and-confer on August 5, 2008, STS will produce in native format all those documents which are available on the active operating system identified by a "*" on the Special Master's list of documents as appended to plaintiff's Fourth Request for Production of Documents [a number of these documents were recovered by the special master using EnCase or other forensic recovery software and are not accessible without this software, and which STS identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)].  STS will also produce in response to this request any reasonable number of emails specifically identified by date, time, author and recipient which plaintiff may assert as having attachments or information which are missing from STS's previous productions, or to which plaintiff specifically requires access to native file metadata.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATING TO any COMMUNICATIONS with Samsung RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

**RESPONSE:**

STS objects to this Request as vague and ambiguous to the extent that it purports to require production of all COMMUNICATIONS with Samsung without specifying the parties to such

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.              3              Case No. 5:07-cv-04330-RMW (HRL)

1    COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

2    COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

3    burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

4    undefined terms "Samsung" and "any other product or service of STS."  STS objects to this

5    Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

6    not reasonably calculated to lead to the discovery of relevant documents or information in this

7    action, including but not limited to documents relating to any such other STS products or services,

8    which Verigy has no right to discover.  Subject to and without waiving the foregoing objections,

9    STS responds that it will produce all non-privileged, responsive documents not previously

10    produced.

11    **REQUEST FOR PRODUCTION NO. 34:**

12         All DOCUMENTS RELATING TO any COMMUNICATIONS with Nextest RELATING

13    TO the Flash Enhancer ASIC or any other product or service of STS.

14         **RESPONSE:**

15         STS objects to this Request as vague and ambiguous to the extent that it purports to require

16    production of all COMMUNICATIONS with Nextest without specifying the parties to such

17    COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

18    COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

19    burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

20    undefined terms "Nextest" and "any other product or service of STS."  STS objects to this Request

21    as seeking documents that are not relevant to the issues in dispute in this action, or that are not

22    reasonably calculated to lead to the discovery of relevant documents or information in this action,

23    including but not limited to documents relating to any such other STS products or services, which

24    Verigy has no right to discover.  Subject to and without waiving the foregoing objections, STS

25    responds that it will produce all non-privileged, responsive documents not previously produced.

26    **REQUEST FOR PRODUCTION NO. 35:**

27         All DOCUMENTS RELATING TO any COMMUNICATIONS with Teradyne

28    RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                4                Case No. 5:07-cv-04330-RMW (HRL)

1    **RESPONSE:**

2        STS objects to this Request as vague and ambiguous to the extent that it purports to require

3    production of all COMMUNICATIONS with Teradyne without specifying the parties to such

4    COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

5    COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

6    burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

7    undefined terms "Teradyne" and "any other product or service of STS."  STS objects to this

8    Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

9    not reasonably calculated to lead to the discovery of relevant documents or information in this

10   action, including but not limited to documents relating to any such other STS products or services,

11   which Verigy has no right to discover.  Subject to and without waiving the foregoing objections,

12   STS responds that it has no such documents.

13   **REQUEST FOR PRODUCTION NO. 36:**

14       All DOCUMENTS RELATING TO any COMMUNICATIONS with Numonyx

15   RELATING TO the Flash Enhancer ASIC or any other product or service of STS.

16   **RESPONSE:**

17       STS objects to this Request as vague and ambiguous to the extent that it purports to require

18   production of all COMMUNICATIONS with Numonyx without specifying the parties to such

19   COMMUNICATIONS.  STS objects to this Request as not having specified a time frame in which

20   COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly

21   burdensome, vague and ambiguous.  STS objects to this Request as vague and ambiguous as to the

22   undefined terms "Numonyx" and "any other product or service of STS."  STS objects to this

23   Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

24   not reasonably calculated to lead to the discovery of relevant documents or information in this

25   action, including but not limited to documents relating to any such other STS products or services,

26   which Verigy has no right to discover. Subject to and without waiving the foregoing objections,

27   STS responds that it has no such documents.

28   //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.          5          Case No. 5:07-cv-04330-RMW (HRL)

**REQUEST FOR PRODUCTION NO. 37:**

Any DOCUMENTS responsive to all demands for production of documents previously served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or received since the date of that prior demand for production of documents.

**RESPONSE:**

STS objects to this Request to the extent that it purports to require STS to produce documents in response to requests for production previously served on other defendants over whose documents STS does not have possession, custody, or control, and therefore as more appropriately addressed to these defendants, and in that regard as overly broad, unduly burdensome, and harassing. STS shall interpret this Request as not requiring the production of documents not in its possession, custody or control. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine and STS shall not provide any such privileged information, even if previously inadvertently produced. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. Subject to and without waiving the foregoing objections, STS responds that to the extent that STS locates any such responsive documents in the future, it understands that it has an obligation to produce them in this action and shall do so.

**REQUEST FOR PRODUCTION NO. 38:**

Any COMMUNICATIONS with any investors or potential investors in STS.

**RESPONSE:**

STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request as vague and ambiguous to the extent that it purports to require production of all COMMUNICATIONS with investors or potential investors without specifying the parties to such COMMUNICATIONS. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.          6          Case No. 5:07-cv-04330-RMW (HRL)

1   shall not provide any such privileged information.  STS understands this Request not to encompass

2   privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

3   any of its legal counsel in this action, past or current) and STS shall neither produce nor include

4   such documents in a privilege log.  STS objects to this Request as unduly expensive and

5   burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be

6   in the possession of third parties, but are not reasonably accessible to STS.  STS objects to this

7   Request as vague and ambiguous as to time, and in that regard as overbroad and unduly

8   burdensome.  STS objects to this Request as seeking documents that are not relevant to the issues

9   in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant

10  documents or information in this action.  STS objects to this Request as vague and ambiguous in

11  its use of the undefined terms "investors" and "potential investors."  Subject to and without

12  waiving the foregoing objections, and based on a reasonable understanding of the terms "investors"

13  and "potential investors," STS responds that it has no such additional documents.

14  **REQUEST FOR PRODUCTION NO. 39:**

15          All COMMUNICATIONS with STRAUBE.

16  **RESPONSE:**

17          STS objects to this Request as duplicative of previous discovery requests already served,

18  and in that regard as oppressive and unduly burdensome.  STS objects to this Request to the extent

19  that it requires the production of privileged documents under the attorney-client, work product, or

20  other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

21  information.  STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ.

22  P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third

23  parties, but are not reasonably accessible to STS.  STS understands this Request not to encompass

24  privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

25  any of its legal counsel in this action, past or current) and STS shall neither produce nor include

26  such documents in a privilege log.  STS objects to this Request as vague and ambiguous as to time

27  and subject matter, and in that regard as overbroad and unduly burdensome.  STS objects to this

28  Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    7                    Case No. 5:07-cv-04330-RMW (HRL)

1  not reasonably calculated to lead to the discovery of relevant documents or information in this

2  action. Subject to and without waiving the foregoing objections, STS responds that it will produce

3  all non-privileged, responsive documents not previously produced.

4  **REQUEST FOR PRODUCTION NO. 40:**

5      All COMMUNICATIONS with Grenville Hughes.

6      **RESPONSE:**

7      STS objects to this Request as duplicative of previous discovery requests already served,

8  and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent

9  that it requires the production of privileged documents under the attorney-client, work product, or

10 other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

11 information. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ.

12 P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third

13 parties, but are not reasonably accessible to STS. STS understands this Request not to encompass

14 privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

15 any of its legal counsel in this action, past or current) and STS shall neither produce nor include

16 such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time

17 and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this

18 Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

19 not reasonably calculated to lead to the discovery of relevant documents or information in this

20 action. Subject to and without waiving the foregoing objection STS responds that it has no such

21 documents.

22 **REQUEST FOR PRODUCTION NO. 41:**

23      All DOCUMENTS RELATING TO the complete patent file wrapper(s) for all patents

24 applied for or issued to STS or ROMI MAYDER.

25      **RESPONSE:**

26      STS objects to this Request to the extent it seeks information that is in the public domain,

27 and is therefore equally available to plaintiff from its own sources and in that regard as unduly

28 burdensome. STS objects to this Request to the extent that it fails to specify whether the patents to

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    8                    Case No. 5:07-cv-04330-RMW (HRL)

1   which it purports to refer are issued by the United States or another country; in light of Request

2   No. 42, below, STS will interpret this request as seeking documents pertaining only to patents

3   issued by the United States. STS objects to this Request to the extent that it seeks documents that

4   are not in the possession, custody or control of STS. STS objects to this Request to the extent it

5   seeks information as to patents that are not relevant to this dispute, or that are not reasonably

6   calculated to lead to the discovery of relevant documents or information in this action and in that

7   regard as overly broad, and unduly burdensome. Subject to the foregoing objections, STS responds

8   that any such documents are in the possession of third parties, and it is working diligently to gather

9   these documents from where they currently reside, and will be producing these documents as they

10  become available and are reviewed for privilege.

11  **REQUEST FOR PRODUCTION NO. 42:**

12      All COMMUNICATIONS with the United States Patent and Trademark Office

13  RELATING TO all patents applied for or issued to STS or ROMI MAYDER.

14      **RESPONSE:**

15      STS objects to this Request as vague and ambiguous to the extent that it purports to require

16  production of all COMMUNICATIONS with the United States Patent and Trademark Office

17  without specifying the parties to such COMMUNICATIONS. STS objects to this Request as not

18  having specified a time frame in which COMMUNICATIONS are purported to have taken place

19  and in that regard as overly broad, unduly burdensome, vague and ambiguous. STS objects to this

20  Request to the extent it seeks information as to patents that are not relevant to this dispute, or that

21  are not reasonably calculated to lead to the discovery of relevant documents or information in this

22  action, and in that regard as overly broad and unduly burdensome. Subject to and without waiving

23  the foregoing objections, STS responds that any such documents are in the possession of third

24  parties, and it is working diligently to gather these documents from where they currently reside,

25  and will be producing these documents as they become available and are reviewed for privilege.

26  **REQUEST FOR PRODUCTION NO. 43:**

27      All COMMUNICATIONS with Schneck & Schneck RELATING TO all patents applied

28  for or issued to STS or ROMI MAYDER.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3ʳᵈ Req. Produc. Docs.                9                Case No. 5:07-cv-04330-RMW (HRL)

**RESPONSE:**

STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. Subject to and without waiving the foregoing objections, STS responds that all such documents are privileged under the attorney-client and work product doctrine, and it shall not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS RELATING TO any prototype ASIC specified, designed, developed, built, manufactured or produced by STS or ROMI MAYDER.

**RESPONSE:**

STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request to the extent it seeks information as to products that are not relevant to this dispute, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to time, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to the undefined term "prototype." Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.

10

Case No. 5:07-cv-04330-RMW (HRL)

1  term "prototype," STS responds that it will produce any non-privileged, responsive documents

2  in its possession, custody or control that have not previously been produced.

3  **REQUEST FOR PRODUCTION NO. 45:**

4    A copy of the prototype ASIC delivered to Intel Corporation in or about November 2007.

5    **RESPONSE:**

6    STS objects to this Request as vague and ambiguous as to the undefined term "prototype."

7  Subject to and without waiving the foregoing objection, and based on a reasonable understanding

8  of the term "prototype," STS responds that there is no such document or thing produced in the time

9  frame indicated, but Intel has returned the prototype ASIC delivered in December 2007, and this

10  ASIC is currently in the possession of STS's attorneys at Russo & Hale LLP, 401 Florence Street,

11  Palo Alto, CA 94301, tel: (650) 327-9800.  Owing to the constraints of the technology, it is not

12  possible to either copy or handle the prototype ASIC, but STS is willing to make the ASIC

13  available either by producing photographs of the ASIC or by inspection  in a "clean room" at a date

14  and time agreed upon by both parties at Russo & Hale's offices in Palo Alto, subject to Verigy's

15  covering any and all of the costs associated with such inspection.

16  **REQUEST FOR PRODUCTION NO. 46:**

17    An examplar of the current version of the Flash Enhancer ASIC.

18    **RESPONSE:**

19    STS objects to this Request to the extent that it purports to require production of documents

20  or things that have previously been produced, and in that regard as unduly burdensome.  STS

21  objects to this Request as vague and ambiguous in its use of the undefined terms "current version"

22  and "Flash Enhancer ASIC."  Subject to and without waiving the foregoing objections, and based

23  on a reasonable understanding of the terms "current version" and "Flash Enhancer ASIC," STS

24  responds that pursuant to the Preliminary Injunction in place in this matter, all such documents

25  have previously been produced by STS.

26  //

27  //

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    11                    Case No. 5:07-cv-04330-RMW (HRL)

1  **REQUEST FOR PRODUCTION NO. 47:**

2      All DOCUMENTS RELATING TO the current or any updated version of the Flash

3  Enhancer ASIC, including but not limited to, specifications, engineering notebooks, lab notebooks,

4  data sheets, test results or e-mail.

5      **RESPONSE:**

6      STS objects to this Request to the extent that it requires the production of privileged

7  documents under the attorney-client, work product, the right of privacy, or other applicable

8  doctrine and STS shall not provide any such privileged information.  STS understands this Request

9  not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

10  between STS and any of its legal counsel in this action, past or current) and STS shall neither

11  produce nor include such documents in a privilege log.  STS objects to this Request to the extent

12  that it purports to require production of documents or things that have previously been produced,

13  and in that regard as unduly burdensome.  STS objects to this Request as vague and ambiguous as

14  to time, and in that regard as overly broad and unduly burdensome.  STS objects to this Request as

15  vague and ambiguous as to the undefined term "current or any updated version of the Flash

16  Enhancer ASIC."  Subject to and without waiving the foregoing objections, and based on a

17  reasonable understanding of the phrase "current or any updated version of the Flash Enhancer

18  ASIC," STS responds that it will produce any non-privileged, responsive documents that have not

19  previously been produced by STS.

20  **REQUEST FOR PRODUCTION NO. 48:**

21      All DOCUMENTS RELATING TO any plans for future products.

22      **RESPONSE:**

23      STS objects to this Request to the extent it seeks information as to patents that are not

24  relevant to this dispute, and in that regard as not reasonably calculated to lead to the discovery of

25  admissible evidence, overly broad, and unduly burdensome.  STS objects to this requests to the extent

26  that it requires the production of privileged documents under the attorney-client, work product, the

27  right of privacy, or other applicable doctrine and STS shall not provide any such privileged

28  information.  STS understands this Request not to encompass privileged documents created after the

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    12                    Case No. 5:07-cv-04330-RMW (HRL)

1  filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action,

2  past or current) and STS shall neither produce nor include such documents in a privilege log.  STS

3  objects to this Request as vague and ambiguous as to the undefined terms "plans" and "future

4  products."  STS objects to this Request to the extent it seeks information as to products that are not

5  relevant to this dispute, or that are not reasonably calculated to lead to the discovery of relevant

6  documents or information in this action, and in that regard as overly broad and unduly burdensome.

7  Subject to and without waiving the foregoing objections, and based on a reasonable understanding of

8  the terms "plans" and "future products," STS responds that it has no such documents.

9  **REQUEST FOR PRODUCTION NO. 49:**

10      All credit card statements reflecting any orders or purchases from bookfactory.com

11  **RESPONSE:**

12      STS objects to this Request to the extent it seeks information as to matters that are not

13  relevant to this dispute, and that is not reasonably calculated to lead to the discovery of admissible

14  evidence, and is overly broad and unduly burdensome.  STS objects to this Request to the extent

15  that it requires the production of documents protected by the right of privacy.  STS objects to this

16  Request as unlimited as to time, and in that regard as vague, ambiguous and unduly burdensome.

17  STS objects to this Request as failing to specify the parties to the purported orders or purchases,

18  and in that regard as vague and ambiguous.  STS objects to this Request as vague and ambiguous

19  in its use of the undefined term "reflecting."  Subject to and without waiving the foregoing

20  objections, and based on a reasonable understanding of the term "reflecting," STS responds that it

21  has no such documents.

22  **REQUEST FOR PRODUCTION NO. 50:**

23      All DOCUMENTS RELATING TO all versions ever posted of the STS website.

24  **RESPONSE:**

25      STS objects to this Request to the extent it seeks information as to matters that are not

26  relevant to this dispute, and that are not calculated to lead to the discovery of admissible evidence

27  in this action, in that regard as overly broad and unduly burdensome.  STS objects to this Request

28  in that it purports to seek production of documents that are equally available to STS through its

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    13                    Case No. 5:07-cv-04330-RMW (HRL)

1  own or public sources such as the "Wayback Machine," and in that regard as overly broad and

2  unduly burdensome. STS objects to this Request as unduly expensive and burdensome under Fed.

3  R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

4  third parties, but are not reasonably accessible to STS. STS objects to this Request in its use of the

5  undefined terms "versions," "posted," and "STS website." Subject to and without waiving the

6  foregoing objections, and based on a reasonable understanding of the terms "versions," "posted,"

7  and "STS website," STS responds that these items are not reasonably accessible pursuant to Fed.

8  R. Civ. P. 26 (b)(2)(B)], and further that these items are more readily obtainable by plaintiff

9  through a subpoena on Network Solutions which hosted the website and on information and belief

10  may have possession, custody or control of these documents .

11  **REQUEST FOR PRODUCTION NO. 51:**

12      All DOCUMENTS ever made available through the STS website.

13      **RESPONSE:**

14      STS objects to this Request to the extent it seeks information as to matters that are not

15  relevant to this dispute, or that are not reasonably calculated to lead to the discovery of admissible

16  evidence in this action, and in that regard as overly broad and unduly burdensome. STS objects to

17  this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that

18  additional documents may exist and be in the possession of third parties, but are not reasonably

19  accessible to STS. STS objects to this Request as unspecified as to time, and in that regard as

20  overly broad and unduly burdensome. Subject to and without waiving the foregoing objections,

21  STS responds that these items are not reasonably accessible pursuant to Fed. R. Civ. P. 26

22  (b)(2)(B)], and further that these items are more readily obtainable by plaintiff through a subpoena

23  on Network Solutions which hosted the website and on information and belief may have

24  possession, custody or control of these documents.

25  **REQUEST FOR PRODUCTION NO. 52:**

26      All COMMUNICATIONS with Dick Weber.

27      **RESPONSE:**

28      STS objects to this Request as duplicative of previous discovery requests already served,

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Am. & Suppl. Resp.
Verigy 3rd Req. Produc. Docs.                    14                    Case No. 5:07-cv-04330-RMW (HRL)

1  and in that regard as oppressive and unduly burdensome. STS objects to this requests to the extent

2  that it requires the production of privileged documents under the attorney-client, work product, or

3  other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

4  information. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ.

5  P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third

6  parties, but are not reasonably accessible to STS. STS understands this Request not to encompass

7  privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

8  any of its legal counsel in this action, past or current) and STS shall neither produce nor include

9  such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time

10 and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this

11 Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

12 not reasonably calculated to lead to the discovery of relevant documents or information in this

13 action. Subject to and without waiving the foregoing objections, STS responds that all such

14 responsive, non-privileged documents have been previously produced.

15 **REQUEST FOR PRODUCTION NO. 53:**

16      All COMMUNICATIONS with Richard Foster.

17      **RESPONSE:**

18      STS objects to this Request as duplicative of previous discovery requests already served,

19 and in that regard as oppressive and unduly burdensome. STS objects to this requests to the extent

20 that it requires the production of privileged documents under the attorney-client, work product, or

21 other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged

22 information. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ.

23 P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third

24 parties, but are not reasonably accessible to STS. STS understands this Request not to encompass

25 privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

26 any of its legal counsel in this action, past or current) and STS shall neither produce nor include

27 such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time

28 and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Am. & Suppl. Resp.
Verigy 3ʳᵈ Req. Produc. Docs.                    15                    Case No. 5:07-cv-04330-RMW (HRL)

1  Request as seeking documents that are not relevant to the issues in dispute in this action, or that are

2  not reasonably calculated to lead to the discovery of relevant documents or information in this

3  action.   Subject to and without waiving the foregoing objections, STS responds that it will

4  supplement its previous productions with all reasonably accessible, non-privileged, responsive

5  documents not previously produced by STS.

6  Dated: August 19, 2008                                RUSSO & HALE LLP

7                                      By:    _Tim C Hale_____

8                                              Tim C. Hale

9                                              Attorneys for Defendants and Counterclaimants
                                               ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
10                                             SILICON TEST SOLUTIONS, LLC and WESLEY
                                               MAYDER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Am. & Suppl. Resp.
Verigy 3ʳᵈ Req. Produc. Docs.                    16                    Case No. 5:07-cv-04330-RMW (HRL)



1    JACK RUSSO (State Bar No. 96068)
     TIM C. HALE (State Bar No. 114905)
2    JOHN KELLEY (State Bar No. 100714)
     RUSSO & HALE LLP
3    401 Florence Street
     Palo Alto, CA 94301
4    Telephone: (650) 327-9800
     Facsimile: (650) 327-3737
5    Email: jrusso@computerlaw.com
            thale@computerlaw.com
6           jkelley@computerlaw.com

7    Attorneys for Defendants and Counterclaimants
     ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8    SILICON TEST SOLUTIONS, LLC and WESLEY
     MAYDER

9

                IN THE UNITED STATES DISTRICT COURT

10

         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

                     SAN JOSE DIVISION

12

13    VERIGY US, INC., a Delaware Corporation,      Case No. 5:07-cv-04330-RMW (HRL)

14             Plaintiff,      **CERTIFICATE OF SERVICE**

15               v.

16    ROMI MAYDER, an individual; WESLEY
     MAYDER, an individual; SILICON TEST
17    SYSTEMS, INC., a California Corporation;
     and SILICON TEST SOLUTIONS, LLC, a
18    California Limited Liability Corporation,
     inclusive,
19             Defendants.

20

     AND RELATED CROSSCLAIMS.

21

22          I am a resident of the State of California, over the age of eighteen years, and not a party to

23    the within action. I work with the law firm of RUSSO & HALE LLP, whose address is 401

24    Florence Street, Palo Alto, California 94301. On August 19, 2008, I caused to be served the

25    following document(s) by the method(s) listed below:

26        1.      **DEFENDANT SILICON TEST SYSTEMS, INC.'S AMENDED &**
               **SUPPLEMENTAL RESPONSES & OBJECTIONS TO PLAINTIFF VERIGY**
27                **US, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF**
               **DOCUMENTS**

28

2.    STSI 004628 – STSI 004629

3.    **CD: STSI 8/19/2008 NATIVE FILES.**

4.    STSI 000964 – STSI 004627

5.    **CERTIFICATE OF SERVICE [UNEXECUTED].**

| ☐ MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) described herein would be sealed in an envelope which would be deposited with the United States Postal Service on the above-listed date with postage thereon fully prepaid in the ordinary course of business. | ☐ FAX: I caused to be transmitted via facsimile the document(s) listed above to the fax number(s) set forth below on above-listed date. The transmission was reported as complete and without error by the facsimile machine at telephone number (650) 327-3737, and a copy of the properly-issued transmission report(s) are attached hereto. |
|---|---|
| ☐ FEDEX: I am readily familiar with the practice of Russo & Hale LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein were deposited on the date set forth below in a box or other facility regularly maintained by FedEx for overnight delivery in an envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below. | ☐ PERSONAL: I personally served the above-listed documents to the person(s) at the address(es) set forth below by: (a) handing to the person(s); or, (b) leaving it at the person's(s) office with a clerk or other person in charge, or if no on was in charge, leaving it in a conspicuous place in the office. |
| ☒ HAND: I personally delivered the above-listed documents on the date set forth above to an authorized courier to be served by hand by said courier on the date set forth above to the person(s) at the address(es) set forth below. | ☒ ELECTRONIC MAIL: I caused a true copy of the foregoing document(s) to be served on counsel via e-mail at the addresses set forth below. Each e-mail was complete and no reports of error were received. |

Counsel for plaintiff Verigy US, Inc.:

Melinda M. Morton
John W. Fowler
Michael W. Stebbins
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110
Fax:    (408) 297-6000
Tel:    (408) 291-6200
Email:  mmorton@be-law.com
        jfowler@be-law.com
        mstebbins@be-law.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct based upon my personal knowledge.

1    Executed on August 19, 2008 in Palo Alto, California.

2
3                                        _____
                                         Lucy Goodnough
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28