# EXHIBIT D

1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
4  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
5  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
6  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
7  Facsimile:  (408) 297-6000

8  Attorneys for Plaintiff
   VERIGY US, INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13  | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
14  | Plaintiff, | |
15  | vs. | **PLAINTIFF'S FIFTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SILICON TEST SYSTEMS, INC. AND ROMI MAYDER** |
16  | ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | |
17  | | Judge:  Honorable Ronald M. Whyte |
18  | | Ctrm:    6 |
19  | DEFENDANTS. | Complaint Filed:    August 22, 2007 |
20  | | Trial Date:         None Set |
21  | | |
22  | AND RELATED CROSS-ACTIONS | |

23

24

25

26

27

28

PROPOUNDING PARTY:    Plaintiff VERIGY US, INC.

RESPONDING PARTY:    DEFENDANTS SILICON TEST SYSTEMS, INC.

and ROMI MAYDER

SET NUMBER:    FIVE (5)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Verigy US, Inc. ("VERIGY") hereby demands that within thirty (30) days of the date of service hereof, at the offices of VERIGY's attorneys of record, Bergeson, LLP, located at 303 Almaden Blvd., Suite 500, San Jose, California 95110, defendants Silicon Test Systems, Inc. ("STS") and Romi Mayder ("ROMI MAYDER") produce for inspection and photocopying the originals, or, if the originals are unavailable, copies of the documents and materials described in this Fifth Set of Requests for Production, which documents and materials are in the possession, custody and control of STS or ANY of its present or former officers, directors, employees, agents, or representatives, including, but not limited to, its attorneys.

## DEFINITIONS

1.    "ANY" as used herein shall mean ANY and all.

2.    "DOCUMENT" is intended to be understood in its broadest sense and without limitation, refers to the original and ANY copies of every tangible form of recorded information, including, without limitation, all writings, drawings, graphs, charts, photographs, phone records, video or audiotapes, websites, webpages, and ANY other data compilations from which information can be obtained, either directly or with the aid of a machine or device, whether printed, recorded, reproduced by ANY process, or written or prepared by hand, including the following: correspondence, letters, e-mails, memoranda, telexes, reports, COMMUNICATIONS, agreements, contracts, diaries, calendars, minutes or records of conferences, reports or summaries of interviews, reports or other records of investigations, opinions or reports of consultants, surveys, reports or other records (including recordings) of oral conversations, computer printouts and computer databases, PowerPoint presentations, manuals, advertisements, circulars, trade letters, press releases, drafts and revisions of ANY documents, original or preliminary notes, workpapers, ledgers, bills, invoices, shipping documents, receipts, orders, books, records and files.

1    3.    "DOCUMENT" or "DOCUMENTS" includes data stored on network back-up

2    storage devices and/or tapes and/or ELECTRONIC STORAGE DEVICES.

3    4.    "COMMUNICATION(S)" means ANY oral or written utterance, notation, or

4    statement of ANY nature whatsoever, specifically including, but not limited to letters, e - mails,

5    personal or telephonic conversations, discussion, interviews, or consultations; ANY type of

6    telegraphic, telecommunicated, or telecopied message; ANY type of electronically received,

7    transmitted, or stored message, note, letter, memorandum, or correspondence; and ANY writing

8    that evidences or reflects such communication, whether internal or to or from third parties or

9    affiliates.

10    5.    "PERSON," as well as pronouns referring thereto, includes not only natural persons,

11    but also corporations, companies, limited liability companies, firms, partnerships, associations,

12    joint ventures, and ANY other entity or units thereof.

13    6.    "IDENTIFY" or "IDENTIFIED" means, (a) when used with respect to a PERSON,

14    that YOU are requested to state the PERSON's full name, present or last known residence and/or

15    business address, present or last known residence and/or business telephone numbers, present or last

16    known employer, and present or last known position in business; and, (b) when used with respect to

17    DOCUMENT(S), that YOU are requested to state the type (e-mail, letter, fax, etc.), title, date,

18    author(s) and recipient(s) of the DOCUMENT(S).

19    7.    "RELATING TO" or "RELATED TO" a given subject matter means concerning,

20    comprising, constituting, reflecting, relating to, referring to, stating, describing, recording, pertaining

21    to, evidencing, noting, embodying, containing, mentioning, studying, analyzing, discussing, and

22    evaluating.

23    8.    "THIS LAWSUIT" means the legal action entitled Verigy US, Inc., vs. Romi Omar

24    Mayder, et al., United States District Court, Northern District of California, San Jose Division,

25    Action No. C07-04330 RMW (HRL).

26    9.    "PLAINTIFF" or "VERIGY" means and refers to the plaintiff Verigy US, Inc.

27    VERIGY also means and refers to VERIGY's predecessor in interest, Agilent Corporation.

28    10.    "DEFENDANTS" means and refers to each defendant named herein, including Romi

1  Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC, and,

2  where applicable, their officers, directors, managers, employees, agents or attorneys.

3      11.    "MAYDER" means and refers to defendant Romi Omar Mayder.

4      12.    "STS" means and refers to defendant Silicon Test Systems, Inc., and/or defendant

5  Silicon Test Systems, LLC and/or Silicon Test Solutions, Inc.

6      13.    "YOU" or "YOUR" means and refers to defendant Silicon Test Systems, Inc., and/or

7  defendant Silicon Test Systems, LLC and/or Silicon Test Solutions, Inc., and/or defendant ROMI

8  MAYDER.

9      14.    "ELECTRONIC STORAGE DEVICES" includes, without limitation, personal

10  computers, compact discs, DVD discs, USB flash drives, Personal Digital Assistants ("PDA"),

11  cellular phones, hard drives, MP3 players, email accounts, Internet-based data storage accounts,

12  portable email devices, external storage devices, or other electronic media.

13      15.    "CORRECTED ANSWER" as used herein shall refer to the corrected answer and

14  counterclaims filed on May 16, 2008, docket number 203.

15      16.    "COUNTERCLAIMS" as used herein shall refer to the counterclaims contained in

16  the corrected answer and counterclaims filed on May 16, 2008, docket number 203

17      17.    ""791 PATENT" as used herein shall refer to United States Patent Number

18  7,348,791, issued on March 25, 2008.

19      18.    "UTILITY PATENT APPLICATION" as used herein shall refer to the utility

20  patent application filed February 13, 2007, entitled "A Universal Application Specific Integrated

21  Circuit (ASIC) for Burn-in, Wafer Sort and Package Test of DRAM, NAND, NOR, and Other

22  Electronic Devices," serial number 11/706, 117.

23      19.    "DEFENDANTS' PRODUCTS" as used herein shall refer to ANY product or

24  proposed or potential product of ANY of DEFENDANTS, including, without limitation, ANY

25  product or proposed or potential product, if ANY, known or referred to as "Picasso,""Picaso,"

26  "Flash Enhancer," "FlashEnhancer," or ANY other similar or similarly sounding names.

27  ///

28

3

**INSTRUCTIONS**

1.    When producing the DOCUMENTS, designate which DOCUMENTS are being produced in response to each of the following requests, and if a request contains sub-categories, designate which DOCUMENTS are being produced in response to each sub-category.

2.    If YOU withhold under claim of privilege DOCUMENTS which are responsive to this DOCUMENT request, please provide the following information as to each withheld DOCUMENT:

    (a)    The subject of the DOCUMENT;

    (b)    The title, heading, or caption of the DOCUMENT, if ANY;

    (c)    The identifying number(s), letter(s), or combination thereof, if ANY, and the significance or meaning of such number(s), letter(s) or combination thereof;

    (d)    The date appearing on the DOCUMENT, or if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

    (e)    The general nature or description of the DOCUMENT (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

    (f)    The identity of the PERSON who signed the DOCUMENT, and, if it was not signed, the identity of each PERSON who prepared it;

    (g)    The identity of each PERSON to whom the DOCUMENT was addressed or sent, and the identity of each PERSON to whom a copy thereof was sent; and

    (h)    The identity of each PERSON who has custody of either the original or a copy of each such DOCUMENT.

3.    YOU are requested to produce all responsive DOCUMENTS in YOUR actual or constructive possession or under YOUR control or in the actual or constructive possession or control of YOUR attorneys, employees, or agents, which were created during, or which refer or relate, to the relevant time period of this request.

4.    A DOCUMENT shall be deemed to be in YOUR "control" if YOU have the right to secure the DOCUMENT or a copy thereof from another PERSON having possession or custody thereof.

1    5.    If a DOCUMENT is responsive to a request for production and is in YOUR

2  control, but is not in YOUR possession or custody, YOU are requested to identify the PERSON

3  with possession or custody.

4    6.    If ANY such DOCUMENT was at ANY time in YOUR possession, custody, or

5  control, but is no longer in such possession, custody, or control, state whether such DOCUMENT

6  is missing, lost, destroyed, discarded, or has been transferred, voluntarily or involuntarily, to ANY

7  other PERSON or otherwise disposed of; describe the circumstances surrounding, and

8  authorization given, if ANY, for such disposition; and identify the PERSON or PERSONS

9  responsible for such disposition and the PERSON or PERSONS to whom such DOCUMENT was

10  transferred, if ANY.

11    7.    All DOCUMENTS shall be produced in the order and in the manner that they were

12  or are kept in the ordinary course of business and shall be reproduced in their original file folders,

13  binders, or other covers or containers, unless that is not possible.  ANY DOCUMENTS which

14  must be removed from their original folders, binders, or covers or containers in order to be

15  produced shall be identified in a manner so as to clearly specify where such DOCUMENTS

16  originated.  Per FRCP 34(e), VERIGY requests that electronically stored information be produced

17  in searchable Adobe Portable Document Format ("pdf") unless otherwise indicated.

18    8.    If a DOCUMENT cannot be produced in full, YOU are required to produce it to the

19  extent possible, and specify what is being withheld and the reason it is being withheld.

20    9.    The obligation to produce the DOCUMENTS requested herein is of a continuing

21  nature; if, at ANY time after compliance, YOU should acquire possession, custody, or control of

22  ANY additional DOCUMENTS coming within the scope of ANY of the individual categories of

23  the REQUEST, YOU are requested to furnish such DOCUMENTS to the attorneys for VERIGY.

24                              **REQUESTS FOR PRODUCTION**

25  **REQUEST FOR PRODUCTION NO. 83:**

26    All DOCUMENTS showing the cost of product development for DEFENDANTS'

27  PRODUCTS, including, but not limited to costs of labor, materials, subcontractors, and ANY

28  other costs of development.

**REQUEST FOR PRODUCTION NO. 84:**

YOUR general ledgers, on a monthly basis if available.

**REQUEST FOR PRODUCTION NO. 85:**

YOUR trial balances, on a monthly basis if available.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO business forecasts.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO cost projections.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS showing the product development timeline for DEFENDANTS' PRODUCTS.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Advantest America, Inc.

**REQUEST FOR PRODUCTION NO. 90:**

YOUR application to the California Board of Equalization for a seller's permit.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS RELATING to ANY business plans, including, but not limited to, marketing information, financial information, sales information, product roadmaps, or development strategies, REFERRING OR RELATING to ANY STS products, future products, potential products, or products under development.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS RELATING to ANY STS technology, future technology, potential technology, or technology under development.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS RELATING to ANY efforts made to start up STS, including, but not limited to, DOCUMENTS RELATING TO  incorporation, the purchase of equipment, the registration of a domain name, the development of a business plan, demonstrations, efforts to raise financing, and the hiring of employees, independent contractors, and/or consultants.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS RELATING to the conception of the technology embodied in STS' DEFENDANTS' PRODUCTS.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING to the reduction to practice of the technology embodied in STS' DEFENDANTS' PRODUCTS.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING to the development of STS' DEFENDANTS' PRODUCTS.

**REQUEST FOR PRODUCTION NO. 97:**

All COMMUNICATIONS with Micron.

**REQUEST FOR PRODUCTION NO. 98:**

All COMMUNICATIONS with Numonyx, Inc.

**REQUEST FOR PRODUCTION NO. 99:**

All COMMUNICATIONS with Dick Weber.

**REQUEST FOR PRODUCTION NO. 100:**

All COMMUNICATIONS with Jon Davidson.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure is not entitled to protection under Cal. Civ. Code 3426.1 et seq.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure was readily ascertainable as of September 22, 2006.

Dated: July 30, 2008          BERGESON, LLP

By: _____
     Melinda M. Morton
     Attorneys for Plaintiff
     VERIGY US, INC.

7

<u>CERTIFICATE OF SERVICE</u>

I declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On July 30, 2008, I served the within:

**PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS SILICON TEST SYSTEMS, INC. and ROMI MAYDER.**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

____X____        BY PERSONAL SERVICE: I caused a copy of said documents to be hand delivered to the interested parties at the address set forth below. FRCP Title II, §5(b)(2)(A)(i).

**ATTORNEYS FOR DEFENDANTS**
**ROMI O. MAYDER, WESLEY MAYDER,**
**SILICON TEST SYSTEMS, INC., and**
**SILICON TEST SOLUTIONS, LLC.**
Jack Russo, Esq.
John Kelley, Esq.
Tim Hale, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301
Ph: 650.327.9800
Fax: 650.327.3737
jrusso@computerlaw.com
jkelley@computerlaw.com
thale@computerlaw.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 30, 2008, at San Jose, California.

_____
Gail Simmons

PLAINTIFF'S FIFTH REQUEST FOR POD TO DEFENDANT SILICON TEST SYSTEMS, INC.
CASE NO. C07 04330 RMW (HRL)

# EXHIBIT E



1

2  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905).
   JOHN KELLEY (State Bar No. 100714)
3  RUSSO & HALE LLP
   401 Florence Street
4  Palo Alto, CA 94301
   Telephone: (650) 327-9800
5  Facsimile: (650) 327-3737
   Email: jrusso@computerlaw.com
6         thale@computerlaw.com
          jkelley@computerlaw.com
7
   Attorneys for Defendants and Counterclaimants
8  ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
   SILICON TEST SOLUTIONS, LLC and WESLEY
9  MAYDER

10              IN THE UNITED STATES DISTRICT COURT

11          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13  VERIGY US, INC., a Delaware Corporation,    Case No. 5:07-cv-04330-RMW (HRL)

14                              Plaintiff,       **DEFENDANTS SILICON TEST SYSTEMS,
                                                 INC.'S AND ROMI MAYDER'S
15                      v.                       RESPONSES AND OBJECTIONS TO
                                                 PLAINTIFF VERIGY US, INC.'S FIFTH
16  ROMI MAYDER, an individual; WESLEY           SET OF REQUESTS FOR PRODUCTION
    MAYDER, an individual; SILICON TEST          OF DOCUMENTS**
17  SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a
18  California Limited Liability Corporation,
    inclusive,
19                                               Complaint Filed: August 22, 2007
                                                 Trial Date: December 8, 2008 (jury trial)
20                              Defendants.       (Defendants have elected to reserve their jury
                                                 trial rights under F.R.C.P., Rule 38)
21

22  AND RELATED COUNTERCLAIMS.

23

24

25

26

27

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠    STS's Resp.  Verigy 5ᵗʰ Req. Produc. Docs.        Case No. 5:07-cv-04330-RMW (HRL)

1   PROPOUNDING PARTY:   Plaintiff VERIGY US, INC.

2   RESPONDING PARTY:      Defendants SILICON TEST SYSTEMS, INC. and ROMI

3   MAYDER

4   SET NO.:                FIVE (5)

5   Defendants herby respond to the Fifth Request for Production of Documents (collectively,

6   the "Requests;" severally, each "Request") from plaintiff Verigy US, Inc. ("Verigy") as follows:

7   **<u>GENERAL OBJECTIONS</u>**

8   1.      Defendants object to each Request to the extent that it seeks disclosure of

9   information that is protected by the attorney-client privilege and/or the work product doctrine, and

10  Defendants shall not provide any such privileged information.  Defendants understand the

11  Requests not to encompass privileged documents created after the filing of the action by Verigy

12  (*e.g.*, emails between Defendants and any of their legal counsel in this action, past or current) and

13  Defendants shall neither produce nor include such documents in a privilege log.

14  2.      Defendants object to each Request to the extent responsive documents are in the

15  possession, custody, or control of other persons, that are publicly available, or that are already in

16  Verigy's possession, custody or control and, because such documents may be obtained more

17  readily by Verigy from its own sources, as being unwarranted, oppressive, and unduly burdensome.

18  Defendants further specifically object to the purported instruction that it produce documents that

19  are possessed by "former officers, directors, employees, agents or representatives, including, but

20  not limited to, its attorneys."  Defendants will not produce documents possessed by such former

21  persons or its attorneys.

22  4.      Defendants objects to the definition of "DEFENDANTS" to the extent that it that it

23  includes its "attorneys" and therefore (a) requires that Defendants provide documents and things

24  outside their possession, custody, or control and (b) calls for production of documents protected by

25  the attorney-client, work product or other applicable law, statute or doctrine of privilege.

26  5.      Defendants object to the definitions of "STS," "YOU" and "YOUR" to the extent

27  that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the control of

28  either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity under the

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 5th Req. Produc. Docs.        1        Case No. 5:07-cv-04330-RMW (HRL)

1  control of Silicon Test Solutions, LLC during the period it was an existing entity.  "Silicon Test

2  Solutions, Inc." is not, to Defendants' knowledge, an existing or operational entity at all.

3  Defendants further objects to these definitions to the extent that they purport to seek present or

4  current information as to Silicon Test Solutions, LLC, an entity for which formation was never

5  completed, and which, in any event, no longer exists.

6         6.     Defendants object to the definition of "DEFENDANTS' PRODUCTS" to the extent

7  it includes "ANY product or proposed or potential product of ANY of DEFENDANTS" in that

8  said definition purports to make discoverable products, potential or proposed, of Defendants which

9  are not relevant to the issues, claims or defences of this matter and about which plaintiff has no

10  right to discover, and in that regard as overly broad, unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence; further, Defendants object to this

12  definition to the extent it purports to include products, potential or proposed, of defendant Wesley

13  Mayder who does not and has not worked in the semiconductor industry and as to which products,

14  if any such products exist, Defendants does not have possession, custody or control of information

15  or documents.

16        7.     Defendants object generally to each Request to the extent that it would violate any

17  individual's right to privacy and/or violate the confidentiality provisions of any contract(s).

18  Defendants will not produce any documents where such production would violate an individual's

19  right to privacy and/or violate the confidentiality provisions of any contract(s).

20        8.     Defendants object generally to each Request to the extent it is overly broad and

21  unduly burdensome, and to the extent it seeks information that is neither relevant to the disputed

22  issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

23        9.     Defendants object to each Request to the extent that it purports to impose burdens

24  on Defendants that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil

25  Procedure ("FRCP").  Defendants will construe and respond to each Request in a manner

26  consistent with the FRCP and not otherwise.

27        10.    Defendants object to each Request to the extent that it is vague, ambiguous, or

28  unintelligible.

11.    Defendants object to each Request to the extent that it seeks information or material that is not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action.

12.    Defendants object to each Request as burdensome and oppressive to the extent it purports to obligate Defendants to re-produce documents previously produced or made of record in this action, and Defendants decline such re-production.  Defendants object to the entire set of Requests as unduly burdensome and oppressive in light of Verigy's having served such Requests while a prior document request was still pending, and to the Requests generally as duplicative of previous requests already served and responded to.

13.    Defendant objects to the purported instruction that it identify persons in possession of certain documents as placing burdens upon Defendants not placed upon them by the FRCP, and Defendants shall not do so.

14.    Defendants object to the purported instruction that it provide information about documents it previously possessed as placing burdens on Defendants not placed upon it by the FRCP, and Defendants shall not do so.

These General Objections shall be deemed to be incorporated in full into the response to each specific response to the Requests set forth below and any responses are subject to the limitations and objections set forth herein, and are without prejudice to Defendants' rights with respect hereto.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS showing the cost of product development for DEFENDANTS' PRODUCTS, including, but not limited to costs of labor, materials, subcontractors, and ANY other costs of development.

**RESPONSE:**

Defendants incorporate the General Objections set forth above.  Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 5ᵗʰ Req. Produc. Docs.        3        Case No. 5:07-cv-04330-RMW (HRL)

1    such privileged documents.  Defendants object to this Request to the extent that it seeks production

2    of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

3    third party's right of privacy under the California Constitution, or any other applicable doctrine,

4    law, or statute of privilege.  Defendants object to the definition of "DEFENDANTS' PRODUCTS"

5    to the extent it includes "ANY product or proposed or potential product of ANY of

6    DEFENDANTS" in that said definition purports to make discoverable products, potential or

7    proposed, of Defendants which are not relevant to the issues, claims or defences of this matter and

8    about which plaintiff has no right to discover, and in that regard as overly broad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; further,

10   Defendants object to this definition to the extent it purports to include products, potential or

11   proposed, of defendant Wesley Mayder who does not and has not worked in the semiconductor

12   industry and as to which, if any such products exist, Defendants do not have possession, custody or

13   control of information or documents relating to such products.  Defendants object to this Request

14   as duplicative of previous requests for production already served and responded to, and in that

15   regard as unduly burdensome and oppressive.  Defendants object to this Request in its use of the

16   undefined terms or phrases "costs of product development" and "other costs of development," and

17   in that regard as vague, ambiguous, overly broad and unduly burdensome.  Subject to the

18   objections set forth above, Defendants respond that all responsive, non-privileged documents have

19   been previously produced.

20   **REQUEST FOR PRODUCTION NO. 84:**

21         YOUR general ledgers, on a monthly basis, if available.

22   **RESPONSE:**

23         Defendants incorporate the General Objections set forth above.  Defendants object to this

24   Request to the extent that it seeks disclosure of privileged communications between attorney and

25   client or documents protected by the work product doctrine, and Defendants shall not produce any

26   such privileged documents.  Defendants object to this Request to the extent that it seeks production of

27   documents in violation of the confidentiality provisions of any contract(s), any defendant's or third

28   party's right of privacy under the California Constitution, or any other applicable doctrine, law, or

1  statute of privilege. Defendants object to the definitions of "STS," "YOU" and "YOUR" to the extent

2  that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the control of

3  either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity under the control

4  of Silicon Test Solutions, LLC during the period it was an existing and operational entity. "Silicon

5  Test Solutions, Inc." is not, to Defendants' knowledge, an existing or operational entity at all.

6  Defendants further object to these definitions to the extent that they purport to seek present or current

7  information as to Silicon Test Solutions, LLC, an entity for which formation was never completed,

8  and which, in any event, no longer exists. Defendants shall interpret this request as seeking

9  information regarding defendant Silicon Test Systems, Inc. Subject to the objections set forth above,

10  Defendants respond that they have no such non-privileged documents.

11  **REQUEST FOR PRODUCTION NO. 85:**

12      YOUR trial balances, on a monthly basis if available.

13      **RESPONSE:**

14      Defendants incorporate the General Objections set forth above. Defendants object to this

15  Request to the extent that it seeks disclosure of privileged communications between attorney and

16  client or documents protected by the work product doctrine, and Defendants shall not produce any

17  such privileged documents. Defendants object to this Request to the extent that it seeks production

18  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

19  third party's right of privacy under the California Constitution, or any other applicable doctrine,

20  law, or statute of privilege. Defendants object to the definitions of "STS," "YOU" and "YOUR" to

21  the extent that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the

22  control of either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity

23  under the control of Silicon Test Solutions, LLC during the period it was an existing and

24  operational entity. "Silicon Test Solutions, Inc." is not, to Defendants' knowledge, an existing or

25  operational entity at all. Defendants further object to these definitions to the extent that they

26  purport to seek present or current information as to Silicon Test Solutions, LLC, an entity for

27  which formation was never completed, and which, in any event, no longer exists. Subject to the

28  objections, Defendants respond that they have no such non-privileged, responsive documents.

1 **REQUEST FOR PRODUCTION NO. 86:**

2     All DOCUMENTS RELATING TO business forecasts.

3     **RESPONSE:**

4     Defendants incorporate the General Objections set forth above. Defendants object to this

5 Request to the extent that it seeks disclosure of privileged communications between attorney and

6 client or documents protected by the work product doctrine, and Defendants shall not produce any

7 such privileged documents. Defendants object to this Request to the extent that it seeks production

8 of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

9 third party's right of privacy under the California Constitution, or any other applicable doctrine,

10 law, or statute of privilege. Defendants object to this Request to the extent that it purports to seek

11 "business forecasts" without (a) providing a definition of the term "business forecasts" or (b)

12 specifying the persons or entities about which such "business forecasts" are sought, and in that

13 regard as unduly broad, overly burdensome, vague and ambiguous, and oppressive. Defendants

14 shall interpret this Request as seeking information related to STS. Defendants object to this

15 Request as duplicative of previous requests already served and responded to, and in that regard as

16 overly broad and unduly burdensome. Subject to the objections set forth above, Defendants

17 respond that all such responsive, non-privileged documents have been previously produced.

18 **REQUEST FOR PRODUCTION NO.87:**

19     All DOCUMENTS RELATING TO cost projections.

20     **RESPONSE:**

21     Defendants incorporate the General Objections set forth above. Defendants object to this

22 Request to the extent that it seeks disclosure of privileged communications between attorney and

23 client or documents protected by the work product doctrine, and Defendants shall not produce any

24 such privileged documents. Defendants object to this Request to the extent that it seeks production

25 of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

26 third party's right of privacy under the California Constitution, or any other applicable doctrine,

27 law, or statute of privilege. Defendants object to this Request to the extent that it purports to seek

28 "business forecasts" without (a) providing a definition of the term "cost projections" or (b)

1   specifying the persons or entities about which such "cost projections" are sought, and in that regard

2   as unduly broad, overly burdensome, vague and ambiguous, and oppressive. Defendants shall

3   interpret this Request as seeking information related to STS. Defendants object to this Request as

4   duplicative of previous requests already served and responded to, and in that regard as overly broad

5   and unduly burdensome. Subject to the objections set forth above, Defendants respond that all

6   such responsive, non-privileged documents have been previously produced.

7   **REQUEST FOR PRODUCTION NO. 88:**

8   　　　All DOCUMENTS showing the product development timeline for DEFENDANTS'

9   PRODUCTS.

10   **RESPONSE:**

11   　　　Defendants incorporate the General Objections set forth above. Defendants object to this

12   Request to the extent that it seeks disclosure of privileged communications between attorney and

13   client or documents protected by the work product doctrine, and Defendants shall not produce any

14   such privileged documents. Defendants object to this Request to the extent that it seeks production

15   of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

16   third party's right of privacy under the California Constitution, or any other applicable doctrine,

17   law, or statute of privilege. Defendants object to the definition of "DEFENDANTS' PRODUCTS"

18   to the extent it includes "ANY product or proposed or potential product of ANY of

19   DEFENDANTS" in that said definition purports to make discoverable products, potential or

20   proposed, of Defendants which are not relevant to the issues, claims or defences of this matter and

21   about which plaintiff has no right to discover, and in that regard as overly broad, unduly

22   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; further,

23   Defendants object to this definition to the extent it purports to include products, potential or

24   proposed, of defendant Wesley Mayder who does not and has not worked in the semiconductor

25   industry and as to which, if any such products exist, Defendants do not have possession, custody or

26   control of information or documents relating to such products. Defendants object to this Request

27   as vague and ambiguous, overly broad, unduly burdensome and oppressive, particularly in its use

28   of the undefined term "product development timeline." Defendants object to this Request as

1    duplicative of previous requests for production already served and responded to, and in that regard

2    as unduly burdensome and oppressive.   Subject to the objections set forth above, Defendants

3    respond that all responsive, non-privileged documents have been previously produced.

4    **REQUEST FOR PRODUCTION NO. 89:**

5        All COMMUNCIATIONS with Advantest America, Inc.

6        **RESPONSE:**

7        Defendants incorporate the General Objections set forth above.  Defendants object to this

8    Request to the extent that it seeks disclosure of privileged communications between attorney and

9    client or documents protected by the work product doctrine, and Defendants shall not produce any

10   such privileged documents.  Defendants object to this Request to the extent that it seeks production

11   of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

12   third party's right of privacy under the California Constitution, or any other applicable doctrine,

13   law, or statute of privilege.  Defendants object to this Request as duplicative of previous requests

14   for production already served and responded to, and in that regard as unduly burdensome and

15   oppressive.  Defendants object to this Request to the extent that it purports to seek

16   "COMMUNICATIONS with Advantest America, Inc." without specifying the parties to said

17   COMMUNICATIONS, as well as without specifying as to time, and in that regard as overly broad,

18   unduly burdensome, vague, ambiguous and oppressive.   Subject to the objections set forth above,

19   Defendants respond that they will produce all non-privileged, responsive documents not previously

20   produced.

21   **REQUEST FOR PRODUCTION NO. 90:**

22       YOUR application to the California Board of Equalization for a seller's permit.

23       **RESPONSE:**

24       Defendants incorporate the General Objections set forth above.  Defendants object to this

25   Request to the extent that it seeks disclosure of privileged communications between attorney and

26   client or documents protected by the work product doctrine, and Defendants shall not produce

27   any such privileged documents.  Defendants object to the definitions of "STS," "YOU" and

28   "YOUR" to the extent that it purports to include "Silicon Test Solutions, Inc." which is not an

1   entity under the control of either defendants Romi Mayder or Silicon Test Systems, Inc., and was

2   not an entity under the control of Silicon Test Solutions, LLC during the period it was an

3   existing and operational entity. "Silicon Test Solutions, Inc." is not, to Defendants' knowledge,

4   an existing or operational entity at all. Defendants further object to these definitions to the

5   extent that they purport to seek present or current information as to Silicon Test Solutions, LLC,

6   an entity for which formation was never completed, and which, in any event, no longer exists.

7   To the extent that this Request seeks documents relating to Silicon Test Solutions, LLC, all

8   responsive, non-privileged documents have been previously produced; to the extent this Request

9   seeks documents relating to STS, Defendants respond that they have no such non-privileged,

10  responsive documents.

11  **REQUEST FOR PRODUCTION NO.91:**

12          All DOCUMENTS RELATING to ANY business plans, including, but not limited to,

13  marketing information, financial information, sales information, product road maps, or

14  development strategies, REFERRING OR RELATING to ANY STS products, future products,

15  potential products, or products under development.

16          **RESPONSE:**

17          Defendants incorporate the General Objections set forth above. Defendants object to this

18  Request to the extent that it seeks disclosure of privileged communications between attorney and

19  client or documents protected by the work product doctrine, and Defendants shall not produce any

20  such privileged documents. Defendants object to this Request to the extent that it seeks production

21  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

22  third party's right of privacy under the California Constitution, or any other applicable doctrine,

23  law, or statute of privilege. Defendants object to this Request to the extent that it seeks documents

24  relating to "ANY STS products, future products, potential products, or products under

25  development"" in that Request purports to make discoverable products, potential or proposed, of

26  Defendants which are not relevant to the issues, claims or defences of this matter and about which

27  plaintiff has no right to discover, and in that regard as overly broad, unduly burdensome, and not

28  reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this

1   Request as vague and ambiguous, overly broad, unduly burdensome and oppressive.  Defendants

2   object to this Request as duplicative of previous requests for production already served and

3   responded to, and in that regard as unduly burdensome and oppressive.   Defendants object to the

4   definitions of "STS," "YOU" and "YOUR" to the extent that it purports to include "Silicon Test

5   Solutions, Inc." which is not an entity under the control of either defendants Romi Mayder or

6   Silicon Test Systems, Inc., and was not an entity under the control of Silicon Test Solutions, LLC

7   during the period it was an existing and operational entity.  "Silicon Test Solutions, Inc." is not, to

8   Defendants' knowledge, an existing or operational entity at all.  Defendants further object to these

9   definitions to the extent that they purport to seek present or current information as to Silicon Test

10  Solutions, LLC, an entity for which formation was never completed, and which, in any event, no

11  longer exists.  Subject to the objections set forth above, Defendants respond that all responsive,

12  non-privileged documents have been previously produced.

13  **REQUEST FOR PRODUCTION NO. 92:**

14        All DOCUMENTS RELATING to ANY STS technology, future technology, potential

15  technology, or technology under development.

16        **RESPONSE:**

17        Defendants incorporate the General Objections set forth above.  Defendants object to this

18  Request to the extent that it seeks disclosure of privileged communications between attorney and

19  client or documents protected by the work product doctrine, and Defendants shall not produce any

20  such privileged documents.  Defendants object to this Request to the extent that it seeks production

21  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

22  third party's right of privacy under the California Constitution, or any other applicable doctrine,

23  law, or statute of privilege.  Defendants object to this Request to the extent that it seeks documents

24  relating to "ANY STS technology, future technology, potential technology, or technology under

25  development" in that Request purports to (a) make discoverable technology, potential or proposed,

26  of STS which are not relevant to the issues, claims or defences of this matter and about which

27  plaintiff has no right to discover and (b) discovery current, future potential or developing

28  technology of Silicon Test Solutions, LLC, an entity which was incompletely formed and which no

1  longer exists, and in both regards as overly broad, unduly burdensome, and not reasonably

2  calculated to lead to the discovery of admissible evidence.  Defendants object to the definitions of

3  "STS," "YOU" and "YOUR" to the extent that it purports to include "Silicon Test Solutions, Inc."

4  which is not an entity under the control of either defendants Romi Mayder or Silicon Test Systems,

5  Inc., and was not an entity under the control of Silicon Test Solutions, LLC during the period it

6  was an existing and operational entity.  Defendants object to this Request as vague and ambiguous,

7  overly broad, unduly burdensome and oppressive.  Defendants object to this Request as duplicative

8  of previous requests for production already served and responded to, and in that regard as unduly

9  burdensome and oppressive.   Subject to the objections set forth above, Defendants respond that all

10  responsive, non-privileged documents have been previously produced.

11  **REQUEST FOR PRODUCTION NO. 93:**

12      All DOCUMENTS RELATING to ANY efforts made to start up STS, including but not

13  limited to, DOCUMENTS RELATING TO incorporation, the purchase of equipment, the

14  registration of a domain name, the development of a business plan, demonstrations, efforts to raise

15  financing, and the hiring of employees, independent contractors, and/or consultants.

16      **RESPONSE:**

17      Defendants incorporate the General Objections set forth above.  Defendants object to this

18  Request to the extent that it seeks disclosure of privileged communications between attorney and

19  client or documents protected by the work product doctrine, and Defendants shall not produce any

20  such privileged documents.  Defendants object to this Request to the extent that it seeks production

21  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

22  third party's right of privacy under the California Constitution, or any other applicable doctrine,

23  law, or statute of privilege.  Defendants object to the definitions of "STS," "YOU" and "YOUR" to

24  the extent that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the

25  control of either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity

26  under the control of Silicon Test Solutions, LLC during the period it was an existing and

27  operational entity.  "Silicon Test Solutions, Inc." is not, to Defendants' knowledge, an existing or

28  operational entity at all.  Defendants further object to these definitions to the extent that they

1  purport to seek present or current information as to Silicon Test Solutions, LLC, an entity for

2  which formation was never completed, and which, in any event, no longer exists. Defendants

3  object to this Request as vague and ambiguous, overly broad, unduly burdensome and oppressive,

4  and duplicative of previous requests for production already served and responded to. Subject to

5  the objections set forth above, Defendants respond that all responsive, non-privileged documents

6  have been previously produced.

7  **REQUEST FOR PRODUCTION NO. 94:**

8     All DOCUMENTS RELATING to the conception of the technology embodied in STS'

9  DEFENDANTS' PRODUCTS.

10  **RESPONSE:**

11     Defendants incorporate the General Objections set forth above. Defendants object to this

12  Request to the extent that it seeks disclosure of privileged communications between attorney and

13  client or documents protected by the work product doctrine, and Defendants shall not produce

14  any such privileged documents. Defendants object to this Request to the extent that it seeks

15  production of documents in violation of the confidentiality provisions of any contract(s), any

16  defendant's or third party's right of privacy under the California Constitution, or any other

17  applicable doctrine, law, or statute of privilege. Defendants object to this Request as vague and

18  ambiguous, overly broad, unduly burdensome and oppressive, particularly in its use of the

19  undefined term "STS' DEFENDANTS' PRODUCTS." Defendants will interpret this Request to

20  refer to STS and to STS's product Flash Enhancer, and to the extent that this Request purports to

21  make discoverable products, potential or proposed, of Defendants which are not relevant to the

22  issues, claims or defences of this matter and about which plaintiff has no right to discover,

23  Defendants object to this Request as overly broad, unduly burdensome, and not reasonably

24  calculated to lead to the discovery of admissible evidence. Defendants object to this Request as

25  duplicative of previous requests for production already served and responded to, and in that

26  regard as unduly burdensome and oppressive.  Subject to the objections set forth above,

27  Defendants respond that all responsive, non-privileged documents have been previously

28  produced.

1  **REQUEST FOR PRODUCTION NO. 95:**

2      All DOCUMENTS RELANTING to the reduction to practice of the technology embodied

3  in STS' DEFENDANTS' PRODUCTS.

4      **RESPONSE:**

5      Defendants incorporate the General Objections set forth above.  Defendants object to this

6  Request to the extent that it seeks disclosure of privileged communications between attorney and

7  client or documents protected by the work product doctrine, and Defendants shall not produce any

8  such privileged documents.  Defendants object to this Request to the extent that it seeks production

9  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

10  third party's right of privacy under the California Constitution, or any other applicable doctrine,

11  law, or statute of privilege.  Defendants object to this Request as vague and ambiguous, overly

12  broad, unduly burdensome and oppressive, particularly in its use of the undefined term "STS'

13  DEFENDANTS' PRODUCTS."  Defendants will interpret this Request to refer to STS and STS's

14  product Flash Enhancer, and to the extent that this Request purports to make discoverable

15  products, potential or proposed, of Defendants which are not relevant to the issues, claims or

16  defences of this matter and about which plaintiff has no right to discover, Defendants object to this

17  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

18  discovery of admissible evidence.  Defendants object to this Request as duplicative of previous

19  requests for production already served and responded to, and in that regard as unduly burdensome

20  and oppressive.   Subject to the objections set forth above, Defendants respond that all responsive,

21  non-privileged documents have been previously produced.

22  **REQUEST FOR PRODUCTION NO. 96:**

23      All DOCUMENTS RELATING to the development of STS' DEFENDANTS'

24  PRODUCTS.

25      **RESPONSE:**

26      Defendants incorporate the General Objections set forth above.  Defendants object to this

27  Request to the extent that it seeks disclosure of privileged communications between attorney and

28  client or documents protected by the work product doctrine, and Defendants shall not produce any

1  such privileged documents.  Defendants object to this Request to the extent that it seeks production

2  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

3  third party's right of privacy under the California Constitution, or any other applicable doctrine,

4  law, or statute of privilege.  Defendants object to this Request as vague and ambiguous, overly

5  broad, unduly burdensome and oppressive, particularly in its use of the undefined term "STS'

6  DEFENDANTS' PRODUCTS."  Defendants will interpret this Request to refer to STS and STS's

7  product Flash Enhancer, and to the extent that this Request purports to make discoverable

8  products, potential or proposed, of Defendants which are not relevant to the issues, claims or

9  defences of this matter and about which plaintiff has no right to discover, Defendants object to this

10  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence.  Defendants object to this Request as duplicative of previous

12  requests for production already served and responded to, and in that regard as unduly burdensome

13  and oppressive.   Subject to the objections set forth above, Defendants respond that all responsive,

14  non-privileged documents have been previously produced.

15  **REQUEST FOR PRODUCTION NO. 97:**

16      All COMMUNICATIONS with Micron.

17      **RESPONSE:**

18      Defendants incorporate the General Objections set forth above.  Defendants object to this

19  Request to the extent that it seeks disclosure of privileged communications between attorney and

20  client or documents protected by the work product doctrine, and Defendants shall not produce any

21  such privileged documents.  Defendants object to this Request to the extent that it seeks production

22  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

23  third party's right of privacy under the California Constitution, or any other applicable doctrine,

24  law, or statute of privilege.  Defendants object to this Request as duplicative of previous requests

25  for production already served and responded to, and in that regard as unduly burdensome and

26  oppressive.  Defendants object to this Request to the extent that it purports to seek

27  "COMMUNICATIONS with Micron" without (a) reasonably specifying which "Micron" entity the

28  Request purports to refer or (b) specifying  the parties to said COMMUNICATIONS, and in that

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 5th Req. Produc. Docs.          14          Case No. 5:07-cv-04330-RMW (HRL)

1  regard as overly broad, unduly burdensome, vague, ambiguous and oppressive.  Defendants will

2  interpret this Request as seeking information concerning Micron Semiconductor, Inc.  Defendants

3  object to this Request as unlimited as to time and duplicative of previous requests for production

4  served and responded to, and in that regard as unduly burdensome and oppressive.  Subject to the

5  objections set forth above, Defendants respond that all non-privileged, responsive documents have

6  been previously produced.

7  **REQUEST FOR PRODUCTION NO. 98:**

8      All COMMUNICATIONS with Numonyx, Inc.

9      **RESPONSE:**

10      Defendants incorporate the General Objections set forth above.  Defendants object to this

11  Request to the extent that it seeks disclosure of privileged communications between attorney and

12  client or documents protected by the work product doctrine, and Defendants shall not produce any

13  such privileged documents.  Defendants object to this Request to the extent that it seeks production

14  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

15  third party's right of privacy under the California Constitution, or any other applicable doctrine,

16  law, or statute of privilege.  Defendants object to this Request as duplicative of previous requests

17  for production already served and responded to, and in that regard as unduly burdensome and

18  oppressive.  Defendants object to this Request to the extent that it purports to seek

19  "COMMUNICATIONS with Numonyx, Inc." without specifying the parties to said

20  COMMUNICATIONS, and in that regard as overly broad, unduly burdensome, vague, ambiguous

21  and oppressive.  Defendants object to this Request as unlimited as to time and duplicative of

22  previous requests for production served and responded to, and in that regard as unduly burdensome

23  and oppressive.  Subject to the objections set forth above, Defendants respond that they have no

24  such non-privileged, responsive documents.

25  **REQUEST FOR PRODUCTION NO. 99:**

26      All COMMUNICATIONS with Dick Weber.

27      **RESPONSE:**

28      Defendants incorporate the General Objections set forth above.  Defendants object to this

RUSSO & HALE LLP
Palo Alto, California ™
www.computerlaw.com ™

STS's Resp.  Verigy 5th Req. Produc. Docs.       15       Case No. 5:07-cv-04330-RMW (HRL)

1  Request to the extent that it seeks disclosure of privileged communications between attorney and

2  client or documents protected by the work product doctrine, and Defendants shall not produce any

3  such privileged documents.  Defendants object to this Request to the extent that it seeks production

4  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

5  third party's right of privacy under the California Constitution, or any other applicable doctrine,

6  law, or statute of privilege.  Defendants object to this Request as duplicative of previous requests

7  for production already served and responded to, and in that regard as unduly burdensome and

8  oppressive.  Defendants object to this Request to the extent that it purports to seek

9  "COMMUNICATIONS with Dick Weber" without specifying the parties to said

10  COMMUNICATIONS, and in that regard as overly broad, unduly burdensome, vague, ambiguous

11  and oppressive.  Defendants object to this Request as unduly expensive and burdensome under

12  Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

13  third parties, but are not reasonably accessible to Defendants.  Defendants object to this Request as

14  unlimited as to time and duplicative of previous requests for production served and responded to,

15  and in that regard as unduly burdensome and oppressive.  Subject to the objections set forth above,

16  Defendants respond that all reasonably accessible, non-privileged, responsive documents have

17  been previously produced.

18  **REQUEST FOR PRODUCTION NO. 100:**

19     All COMMUNICATIONS with Jon Davidson.

20  **RESPONSE:**

21     Defendants incorporate the General Objections set forth above.  Defendants object to this

22  Request to the extent that it seeks disclosure of privileged communications between attorney and

23  client or documents protected by the work product doctrine, and Defendants shall not produce any

24  such privileged documents.  Defendants object to this Request to the extent that it seeks production

25  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

26  third party's right of privacy under the California Constitution, or any other applicable doctrine,

27  law, or statute of privilege.  Defendants object to this Request as duplicative of previous requests

28  for production already served and responded to, and in that regard as unduly burdensome and

1  oppressive. Defendants object to this Request to the extent that it purports to seek

2  "COMMUNICATIONS with Jon Davidson" without specifying the parties to said

3  COMMUNICATIONS, and in that regard as overly broad, unduly burdensome, vague, ambiguous

4  and oppressive. Defendants object to this Request as unduly expensive and burdensome under

5  Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

6  third parties, but are not reasonably accessible to Defendants. Defendants object to this Request as

7  unlimited as to time and duplicative of previous requests for production served and responded to,

8  and in that regard as unduly burdensome and oppressive. Subject to the objections set forth above,

9  Defendants respond that they have no such non-privileged, reasonably accessible, responsive

10  documents.

11  **REQUEST FOR PRODUCTION NO. 101:**

12      All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's

13  Amended Trade Secret Disclosure is not entitled to protection under Cal. Civ. Code 3426.1 et seq.

14      **RESPONSE:**

15      Defendants incorporate the General Objections set forth above. Defendants object to this

16  Request to the extent that it seeks disclosure of privileged communications between attorney and

17  client or documents protected by the work product doctrine, and Defendants shall not produce any

18  such privileged documents. Defendants object to this Request to the extent that it seeks production

19  of documents in violation of the confidentiality provisions of any contract(s), any defendant's or

20  third party's right of privacy under the California Constitution, or any other applicable doctrine,

21  law, or statute of privilege. Defendants object to this Request as vague and ambiguous to the

22  extent that it purports to seek information regarding "ANY" trade secret on Verigy's Amended

23  Trade Secret Disclosure, which Verigy has refused, despite multiple requests from Defendants'

24  counsel, to allow Defendants to read in full, unredacted form such that Defendants have been kept

25  by Verigy unaware of what are each and all trade secrets purportedly identified in the Amended

26  Trade Secret Disclosure. Defendants further object that STS has not been permitted to review the

27  Amended Trade Secret Disclosure. Subject to the objections set forth above, Defendants will

28  produce all responsive, non-privileged documents in their possession, custody or control.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp. Verigy 5th Req. Produc. Docs.          17          Case No. 5:07-cv-04330-RMW (HRL)

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure was readily ascertainable as of September 22, 2006.

**RESPONSE:**

Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), any defendant's or third party's right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Defendants object to this Request as vague and ambiguous to the extent that it purports to seek information regarding "ANY" trade secret on Verigy's Amended Trade Secret Disclosure, which Verigy has refused, despite multiple requests from Defendants' counsel, to allow Defendants to read in full, unredacted form such that Defendants have been kept by Verigy unaware of what are each and all trade secrets purportedly identified in the Amended Trade Secret Disclosure. Defendants further object that STS has not been permitted to review the Amended Trade Secret Disclosure. Subject to the objections set forth above, Defendants will produce all responsive, non-privileged documents in their possession, custody or control.

AS TO THE OBJECTIONS:

Dated: August 29, 2008                 RUSSO & HALE LLP

                    By:    _Tim C. Hale /LG_____
                           Tim C. Hale

                           Attorneys for Defendants and Counterclaimants
                           ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
                           SILICON TEST SOLUTIONS, LLC and WESLEY
                           MAYDER



1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
           thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendants and Counterclaimants
   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8  SILICON TEST SOLUTIONS, LLC and WESLEY
   MAYDER

9
                IN THE UNITED STATES DISTRICT COURT
10
           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12

13  VERIGY US, INC., a Delaware Corporation,    Case No. 5:07-cv-04330-RMW (HRL)

14                      Plaintiff,              **CERTIFICATE OF SERVICE**

15          v.

16  ROMI MAYDER, an individual; WESLEY
    MAYDER, an individual; SILICON TEST
17  SYSTEMS, INC., a California Corporation;
    and SILICON TEST SOLUTIONS, LLC, a
18  California Limited Liability Corporation,
    inclusive,
19
20                      Defendants.

21  AND RELATED CROSSCLAIMS.

22

23      I am a resident of the State of California, over the age of eighteen years, and not a party to

24  the within action.  I work with the law firm of RUSSO & HALE LLP, whose address is 401

25  Florence Street, Palo Alto, California 94301.  On August 29, 2008, I caused to be served the

26  following document(s) by the method(s) listed below:

27      1.      **Defendants Silicon Test Systems, Inc. and Romi Mayder's ("Defendants")
                Responses and Objections to Plaintiff Verigy US, Inc.'s Fifth Set of Requests**
28              **for Production of Documents;**

2.    **1 DVD containing, in searchable PDF format, of documents bates-numbered STSI 004639 – STSI 014321;**

3.    **Four boxes of paper copies of documents bates-numbered STSI 004639 – STSI 01432;**

4.    **1 CD containing documents bates-numbered STSI 014322 – STSI 014450;**

5.    **CERTIFICATE OF SERVICE [UNEXECUTED]**

| | |
|---|---|
| ☐ MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) described herein would be sealed in an envelope which would be deposited with the United States Postal Service on the above-listed date with postage thereon fully prepaid in the ordinary course of business. | ☐ FAX: I caused to be transmitted via facsimile the document(s) listed above to the fax number(s) set forth below on above-listed date. The transmission was reported as complete and without error by the facsimile machine at telephone number (650) 327-3737, and a copy of the properly-issued transmission report(s) are attached hereto. |
| ☐ FEDEX: I am readily familiar with the practice of Russo & Hale LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein were deposited on the date set forth below in a box or other facility regularly maintained by FedEx for overnight delivery in an envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below. | ☐ PERSONAL: I personally served the above-listed documents to the person(s) at the address(es) set forth below by: (a) handing to the person(s); or, (b) leaving it at the person's(s) office with a clerk or other person in charge, or if no on was in charge, leaving it in a conspicuous place in the office. |
| ☒ HAND: I personally delivered the above-listed documents on the date set forth above to an authorized courier to be served by hand by said courier on the date set forth above to the person(s) at the address(es) set forth below. | ☐ ELECTRONIC MAIL: I caused a true copy of the foregoing document(s) to be served on counsel via e-mail at the addresses set forth below. Each e-mail was complete and no reports of error were received. |

Counsel for plaintiff Verigy US, Inc.:

Melinda M. Morton
John W. Fowler
Michael W. Stebbins
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110
Fax:    (408) 297-6000
Email: mmorton@be-law.com
           jfowler@be-law.com
           mstebbins@be-law.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based upon my personal knowledge.

//

1    Executed on August 29, 2008 in Palo Alto, California.

2    _____

    Lucy Goodnough

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RUSSO & HALE LLP**

ATTORNEYS AT LAW
401 FLORENCE STREET
PALO ALTO, CALIFORNIA 94301
COMPUTERLAW.COM℠

**RECEIVED**

AUG 2 9 2008

**BERGESON, LLP**

TELEPHONE
(650) 327-9800

FAX
(650) 327-3737

August 29, 2008

**VIA COURIER**

Jay Fowler, Esq.
Mindy Morton, Esq.
Michael Stebbins, Esq.
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110

      Re: <u>Verigy US, Inc. v. Mayder et al.; USDC Case No. C07- 04330 RMW (HRL)</u>

Dear Counsel:

      Enclosed please find:

      · Defendants Silicon Test Systems, Inc. and Romi Mayder's ("Defendants") Responses and Objections to Plaintiff Verigy US, Inc.'s Fifth Set of Requests for Production of Documents;

      · 1 DVD containing, in searchable PDF format, of documents bates-numbered STSI 004639 – STSI 014321;

      · Four boxes of paper copies of documents bates-numbered STSI 004639 – STSI 01432;

      · 1 CD containing documents bates-numbered STSI 014322 – STSI 014450;

      · Certificate of Service.

      All bates-numbered documents have been obtained from public sources of information, and none are designated for protection under the Stipulated Protective Order.

              Very truly yours,

              Tim C. Hale/LG

              Tim C. Hale

*Enclosures*

# EXHIBIT F

**BERGESON, LLP**

ATTORNEYS AT LAW

303 ALMADEN BOULEVARD, SUITE 500

SAN JOSE, CALIFORNIA 95110

TELEPHONE (408) 291-6200

FACSIMILE (408) 297-6000

WWW.BE-LAW.COM

September 4, 2008

**Via E-mail**

Tim Hale, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301

Re:    *Verigy US, Inc. v. Romi Omar Mayder, et al.*
Case No. C07 04330 RMW (HRL)

Dear Tim:

This letter is in response to your email request of today to set forth Verigy's meet and confer issues on Defendants responses to Verigy's Requests for Production, Requests for Admission and Second Set of Interrogatories. This document is not inclusive of the basis and reasons for further discovery, but serves as a starting point for tomorrows' meet and confer discussion. What follows are the requests in dispute and the general reasons Verigy requires and Defendants should provide further responses.

### DISCOVERY IN DISPUTE

### SECOND SET OF REQUESTS FOR PRODUCTION

**Verigy's Request No. 26:** *ALL DOCUMENTS RELATING TO the corporate records of STS, INC., including but not limited to the corporate minute book, the minutes of all meetings of the board of directors (including any committees of the board of directors), all stock certificates issued, the stock register and stock transfer ledger, the certificate of incorporation (and any amendments, etc.), the corporate by-laws (and any amendments, etc.), bank account records, including without limitation all records relating to Wells Fargo Account No. 5533336995, and any other DOCUMENTS RELATING TO the formation, ownership or corporate governance of STS, INC.*

**Verigy is Entitled to the Discovery** because Defendants are in custody of such documents and the documents are relevant to damages claims, *inter alia*. It was confirmed at a recent deposition that Defendants had not made any request for the documents from Wells Fargo. The purpose of the meet and confer inquiry is to determine whether such inquiry will be made and responsive documents be produced.

**The Requirements of F.R. Civ. P. 26(b)(2) are Met** for each Request that objects on these ground, because Defendants cannot show that production of documents in their possession, custody and control would cause undue burden and cost. A simple inquiry to entities from which Defendants' has the legal right to obtain such documents is all that is required.

### THIRD SET OF REQUESTS FOR PRODUCTION

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN          BERGESON & CAMPBELL          MARK E. FOSTER
BEVERLY HILLS, CA 90210      WASHINGTON, D.C. 20005       SAN JOSE, CA 95110

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 2

**Verigy's Request No. 32:** *ALL DOCUMENTS previously produced by DEFENDANTS in THIS ACTION, including but not limited to all e-mail attachments, in native file format versions with metadata intact.*

**STS, Inc.'s Response to No. 32:** STS objects to this Request as purporting to require the re-production of every single document produced by any defendant, which documents amount to over 50,000 in number, and in that regard as overly broad, unduly burdensome, and harassing. Plaintiff's failure to specify this form of production at the time its initial requests for production were served does not produce an obligation in defendants to undergo the considerable effort and expense in making such a re-production in the shortened time frame allotted for discovery. STS further objects to this Request as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for, and received, such documents in a different format, namely "searchable pdf," such that production in a third format is unreasonable. STS objects to this Request as lacking foundation to the extent it assumes that every document previously produced would have "metadata" associated with it.

**Verigy is Entitled to the Discovery** because Defendants have already agreed to produce responsive documents. Verigy is concerned with e-mail attachments and documents recovered through the special master process.

First, Defendants have not provided attachments to many e-mails previously produced. For example, "Message 0097" is a December 5, 2006 email exchange between Defendant Romi Mayder and Robert Pochowski, produced by Defendants. It has an attachment concerning Spansion simulations which was not produced. This is just one example of many instances in which Defendants' have not produced attachments. This issue pervades Defendants discovery response and the identification of each particular document which has an attachment which was not produced would be extremely time-consuming.

Second, Verigy seeks to confirm whether there were any documents recovered but not produced. To the extent any such documents (or attachments) are privileged, Defendants have not produced a privilege log.

**Verigy's Request No. 33:** *All DOCUMENTS RELATING TO any COMMUNICATIONS with Samsung RELATING TO the Flash Enhancer ASIC or any other product or service of STS.*

**Verigy's Request No. 34:** *All DOCUMENTS RELATING TO any COMMUNICATIONS with Nextest RELATING TO the Flash Enhancer ASIC or any other product or service of STS.*

**STS, Inc.'s Response to No. 33 and No. 34:** STS objects to this Request as vague and ambiguous to the extent that it purports to require production of all COMMUNICATIONS with Samsung without specifying the parties to such COMMUNICATIONS. STS objects to this Request as not having specified a time frame in which COMMUNICATIONS are purported to have taken place and in that regard as overly broad, unduly burdensome, vague and ambiguous. STS objects to this Request as vague and ambiguous as to the undefined terms "Samsung" and "any other product or service of STS." STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 3

to the discovery of relevant documents or information in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action, including but not limited to documents relating to any such other STS products or services, which Verigy has no right to discover.

**Verigy is Entitled to the Discovery** because it seeks to confirm that Defendants have produced all responsive, non-privileged documents.

**Verigy's Request No. 37:** *Any DOCUMENTS responsive to all demands for production of documents previously served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or received since the date of that prior demand for production of documents.*

**STS, Inc.'s Response to No. 37:** STS objects to this Request to the extent that it purports to require STS to produce documents in response to requests for production previously served on other defendants over whose documents STS does not have possession, custody, or control, and therefore as more appropriately addressed to these defendants, and in that regard as overly broad, unduly burdensome, and harassing. STS shall interpret this Request as not requiring the production of documents not in its possession, custody or control. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine and STS shall not provide any such privileged information, even if previously inadvertently produced. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. Subject to and without waiving the foregoing objections, STS responds that it has no such documents, but to the extent that STS locates any such responsive documents in the future, it understands that it has an obligation to produce them in this action.

**Verigy is Entitled to the Discovery** because third parties have produced documents which would be responsive to this request which include Defendant Romi Mayder as a sender or recipient. For example, Neoconix produced an March 25, 2008 e-mail exchange between Romi Mayder and Dirk Brown which Defendants have not produced. (Neoconix0257). This is also true for Veraconnex and Honeywell. As such, Defendants have possession, custody or control over a document which has not been produced.

**Verigy's Request No. 39:** *All COMMUNICATIONS with STRAUBE.*
**Verigy's Request No. 53:** *All COMMUNICATIONS with Richard Foster.*

**STS, Inc.'s Response to No. 39 and No. 53:** STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 4

as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. Subject to and without waiving the foregoing objections, STS responds that it will produce all non-privileged, responsive documents not previously produced.

**Verigy is Entitled to the Discovery** because these are witnesses with percipient knowledge of Defendants misappropriation and breach of contract. The purpose of the meet and confer inquiry is to determine whether all responsive documents have been produced.

**Verigy's Request No. 44:** *All DOCUMENTS RELATING TO any prototype ASIC specified, designed, developed, built, manufactured or produced by STS or ROMI MAYDER.*

**Verigy's Request No. 47:** *All DOCUMENTS RELATING TO the current or any updated version the Flash Enhancer ASIC, including but not limited to, specifications, engineering notebooks, lab notebooks, data sheets, test results or e-mail.*

**STS, Inc.'s Response to No. 44 and No. 47:** STS objects to this Request as duplicative of previous discovery requests already served, and in that regard as oppressive and unduly burdensome. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, the right of privacy, or other applicable doctrine and STS shall not provide any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request to the extent it seeks information as to products that are not relevant to this dispute, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to time, and in that regard as overly broad and unduly burdensome. STS objects to this Request as vague and ambiguous as to the undefined term "prototype." ["current or any updated version of the Flash Enhancer ASIC"] Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the term "prototype," ["current or any updated version of the Flash Enhancer ASIC"]STS responds that it will produce any non-privileged, responsive documents in its possession, custody or control that have not previously been produced relating to the Flash Enhancer ASIC.

**Verigy's Request No. 45:** *A copy of the prototype ASIC delivered to Intel Corporation in or about November 2007.*

**STS, Inc.'s Response to No. 45:** STS objects to this Request as vague and ambiguous as to the undefined term "prototype." Subject to and without waiving the foregoing objection, and based on a reasonable understanding of the term "prototype," STS responds that it has no such documents or things.

**Verigy is Entitled to the Discovery** because these are documents which directly bear on Defendants misappropriation and breach of contract. The purpose of the meet and confer inquiry is to determine whether all responsive documents have been produced.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 5

**Verigy's Request No. 50:** *All DOCUMENTS RELATING TO all versions ever posted of the STS website.*
**Verigy's Request No. 51:** *All DOCUMENTS ever made available through the STS website.*

**STS, Inc.'s Response to Nos. 50 and 51:** STS objects to this Request to the extent it seeks information as to matters that are not relevant to this dispute, and that are not calculated to lead to the discovery of admissible evidence in this action, in that regard as overly broad and unduly burdensome. STS objects to this Request in that it purports to seek production of documents that are equally available to STS through its own or public sources such as the "Wayback Machine," and in that regard as overly broad and unduly burdensome. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third parties, but are not reasonably accessible to STS. STS objects to this Request in its use of the undefined terms "versions," "posted," and "STS website." Subject to and without waiving the foregoing objections, and based on a reasonable understanding of the terms "versions," "posted," and "STS website," STS responds that these items are not reasonably accessible pursuant to Fed. R. Civ. P. Rule 26(b)(2)(B), and further that these items are more readily obtainable by plaintiff through a subpoena on Network Solutions which hosted the website and on information and belief may have possession, custody, or control of these documents.

**Verigy is Entitled to the Discovery** because the Request is directed towards documents that are reasonably calculated to lead to the discovery of admissible evidence on Verigy's advertising causes of action. There were previously available historic pages available on internet archives, so it is known that such documents exist.

## FOURTH SET OF REQUESTS FOR PRODUCTION

**Verigy's Request No. 54:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS "could continue to act in the manner that resulted in the contempt filing," as described on page 17 of DEFENDANTS' Memorandum of Points and Authorities in Support of Motion for Summary Adjudication and for Modification of Preliminary Injunction, Docket No. 261, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 55:** *All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS' FORMER COUNSEL "could really not tell me what was in the various documents that comprise the Court's TRO," as described in the Declaration of Romi Mayder, filed July 10, 2008, Docket No. 261 ("MAYDER DECLARATION"), including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.*

**Verigy's Request No. 56:** *All DOCUMENTS RELATING TO the press release issued by DEFENDANTS referenced in paragraph 14 and Ex. 7 to the MAYDER DECLARATION,*

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 6

including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS.

**Verigy's Request No. 57:** All DOCUMENTS RELATING TO the proposed NDA with
VERIGY referenced in paragraph 15 and Exs. 8 and 9 to the MAYDER DECLARATION,
including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS.

**Verigy's Request No. 58:** All DOCUMENTS RELATING TO or supporting the statement
by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS could
"continue to develop Flash Enhancer," referenced in paragraph 17 of the MAYDER
DECLARATION, including, but not limited to, COMMUNICATIONS between
DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

**Verigy's Request No. 59:** All DOCUMENTS RELATING TO or supporting the statement
by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that that "continuing work
with Honeywell, Spansion, and Intel under the TRO was proper because that was the
status quo that the TRO was supposed to maintain," referenced in paragraph 17 of the
MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between
DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

**Verigy's Request No. 60:** All COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS relating to Dr. Blanchard, referenced in paragraph 19 of
the MAYDER DECLARATION.

**Verigy's Request No. 61:** All COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS relating to the Contempt Motion, referenced in
paragraphs 19-24 of the MAYDER DECLARATION.

**Verigy's Request No. 62:** All COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS relating to the TRO, referenced in the MAYDER
DECLARATION.
**Verigy's Request No. 63:** All COMMUNICATIONS between DEFENDANTS' FORMER
COUNSEL and DEFENDANTS relating to the Preliminary Injunction motion and
briefing, referenced in the MAYDER DECLARATION.

**STS, Inc.'s Response. to No. 54-63:** STS incorporates the General Objections set forth
above. STS objects to this Request to the extent that it seeks disclosure of privileged
communications between attorney and client or documents protected by the work product
doctrine, and STS shall not produce any such privileged documents. STS objects to this Request
to the extent that it seeks production of documents in violation of the confidentiality provisions
of any contract(s), Defendants' right of privacy under the California Constitution, or any other
applicable doctrine, law, or statute of privilege. STS objects to the definition of
"DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its officers, directors,
managers, employees, agents or attorneys" and therefore requires that (a) STS provide
documents and things outside its possession, custody, or control and (b) calls for production of
documents protected by the attorney-client privilege; work product doctrine or other applicable
law, statute or doctrine of privilege. STS objects to the definition of "DEFENDANTS to the

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 7

extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

> **Verigy's Request No. 64:** *All COMMUNICATIONS between Schneck & Schneck and DEFENDANTS relating to the Patent Disclosure attached as Exhibit B to the Declaration of Thomas Schneck, dated October 9, 2007 ("SCHNECK DECLARATION").*

> **Verigy's Request No. 65:** *All DOCUMENTS relating to any novelty search done by Schneck & Schneck related to the documents attached as Exhibits B, D, or E to the SCHNECK DECLARATION, referenced in the SCHNECK DECLARATION.*

> **Verigy's Request No. 66:** *All COMMUNICATIONS between Schneck & Scheck and DEFENDANTS relating to the documents attached as Exhibits B, D, or E to the SCHNECK DECLARATION.*

**STS, Inc.'s Response to No. 65:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. STS incorporates the General Objections set forth above. STS objects to the definition of "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. Defendants object to the term "COMMUNICATIONS" as vague and ambiguous in not identifying the parties to any such communications. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

> **Verigy's Request No. 67:** *All DOCUMENTS relating to Mr. Pochowski's alleged "disavowal of inventorship" as described in paragraph 16 of the SCHNECK DECLARATION.*

> **Verigy's Request No. 70:** *All DOCUMENTS relating to the "matrix options" as referenced in the document bates-labeled SITES001728-001733.*

**STS, Inc.'s Response to No. 67 and No. 70:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable law, statute, or statute of privilege. Subject to the objections set forth above, Defendants respond that all such non-privileged documents have previously been produced.

Bᴇʀɢᴇsᴏɴ, LLP

Mr. Tim Hale
September 4, 2008
Page 8

**Verigy's Request No. 68:** *All COMMUNICATIONS with Schneck & Schneck relating to potential litigation between ROMI MAYDER and Mr. Robert Pochowski, as referenced in the documents bates-labeled SITES001744-001748.*

**Verigy's Request No. 69:** *All COMMUNICATIONS with Schneck & Schneck relating to inventorship, as referenced in the documents bates-labeled SITES001585-001586.*

**Verigy's Request No. 71:** *All COMMUNICATIONS between ROMI MAYDER and Schneck & Schneck relating to Mr. Pochowski, as referenced in the documents bates-labeled SITES001744-001748, SITES001585-001586, and SITES001728-001733.*

**STS, Inc.'s Response to No. 68, 69 and 71:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or privileged attorney work product, and STS shall not produce any such privileged documents. STS objects to this request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

**Verigy is Entitled to the Discovery** in Requests 54-71 because Defendants have waived any privilege which may have attached in light of the referenced public and third party disclosures. As you know, Defendants and Romi Mayder waived any protections when each 'disclosed a significant part of the communication' in public filings. *Cal. Evid. Code* § § 912, 954(c). Defendants cannot stand on such privilege objections without further explanation as to why such disclosures have not waived the privilege.

**Verigy's Request No. 75:** *All sales projections for STS products.*
**Verigy's Request No. 76:** *All profit projections for STS products.*
**Verigy's Request No. 77:** *All market analyses for STS products.*
**Verigy's Request No. 78:** *All projected or current valuations for STS.*
**Verigy's Request No. 79:** *All DOCUMENTS RELATING TO projected or current valuations for STS, including, but not limited to, DOCUMENTS showing the basis for such valuations.*

**Verigy's Request No. 80:** *All DOCUMENTS RELATING TO market analyses for STS.*

**STS, Inc.'s Response to Nos. 75-80:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such privileged information. STS objects to this Request as unduly expensive and burdensome under Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of third parties, but are not reasonably accessible to STS. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 9

that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS objects to this Request in its use of the undefined term "market analyses" and in that regard as vague and ambiguous. Subject to and without waiving the foregoing objections, STS responds that it will produce all, non-privileged, responsive documents that have not been previously produced by STS.

**Verigy is Entitled to the Discovery** because such documents bear directly on Verigy's damages and on certain causes of action, such as the Computer Fraud and Abuse Act. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**STS, Inc.'s Response to No. 81:** STS incorporates the General Objections set forth above. STS objects to this Request as vague and ambiguous as to subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS objects to this as vague and ambiguous. Subject to and without waiving the foregoing objections, STS responds that it has no such documents not previously produced.

**Verigy is Entitled to the Discovery** because it seeks document addressed to Mayder and STS, Inc. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**Verigy's Request No. 82:** *Native file format versions of all DOCUMENTS indicated by a star on the special master's report attached hereto as Exhibit A.*

**STS, Inc.'s Response to No. 82:** STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it requires the production of privileged documents under the attorney-client, work product, or other applicable doctrine, or any right of privacy, and STS shall not produce any such privileged information. STS understands this Request not to encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal counsel in this action, past or current) and STS shall neither produce nor include such documents in a privilege log. STS objects to this Request as vague and ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome. STS objects to this Request as seeking documents that are not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to the discovery of relevant documents or information in this action. STS further objects to this Request as unduly burdensome, expensive and oppressive in light of Verigy's having previously asked for, and received, such documents in a different format, namely "searchable pdf," such that production in a third format is unreasonable. STS objects to this Request as lacking foundation to the extent it assumes that every document previously produced would have "metadata" associated with it. Subject to and without waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at the meet-and-confer on August 5, 2008, STS has already produced in native format all those non-privileged, documents which are available on the active operating system identified by a "*" on the Special Master's list of documents as appended to plaintiff's Fourth Request for Production of Documents [a number of these

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 10

documents were recovered by the special master using EnCase or other forensic recovery software and are not accessible without this software, and which STS identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)]. Further, STS has provided a privilege log as to those documents withheld on the basis of privilege.

Verigy is Entitled to the Discovery because of the reasons set forth concerning Request 32.

## FIFTH SET OF REQUESTS FOR PRODUCTION

Verigy's Request No. 89: *All COMMUNICATIONS with Advantest America, Inc.*

STS, Inc.'s Response to No. 89: Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), any defendant's or third party's right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Defendants object to this Request as duplicative of previous requests for production already served and responded to, and in that regard as unduly burdensome and oppressive. Defendants object to this Request to the extent that it purports to seek "COMMUNICATIONS with Advantest America, Inc." without specifying the parties to said COMMUNICATIONS, as well as without specifying as to time, and in that regard as overly broad, unduly burdensome, vague, ambiguous and oppressive. Subject to the objections set forth above, Defendants respond that they will produce all non-privileged, responsive documents not previously produced.

Verigy is Entitled to the Discovery because such communications bear on Verigy's damages and substantively on its causes of action for misappropriation and breach of contract, *inter alia*. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

Verigy's Request No. 90: *YOUR application to the California Board of Equalization for a seller's permit.*

STS, Inc.'s Response to No. 90: Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to the definitions of "STS," "YOU" and "YOU" to the extent that it purports to include "Silicon Test Solutions, Inc." which is not an entity under the control of either defendants Romi Mayder or Silicon Test Systems, Inc., and was not an entity under the control of Silicon Test Solutions, LLC during the period it was an existing and operational entity. "Silicon Test Solutions, Inc." is not, to Defendants' knowledge, an existing or operational entity at all. Defendants further object to these definitions to the extent that they purport to seek present or current information as to Silicon Test Solutions, LLC, an entity for which formation was never completed, and which, in any event, no longer exists. To the extent that this Request seeks documents relating to Silicon

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 11

Test Solutions, LLC, all responsive, non-privileged documents have been previously produced; to the extent this Request seeks documents relating to STS, Defendants respond that they have no such non-privileged, responsive documents.

**Verigy is Entitled to the Discovery** because such communications bear on Verigy's damages and substantively on its causes of action for misappropriation and breach of contract, *inter alia*. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

**Verigy's Request No. 101:** *All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure is not entitled to protection under Cal. Civ. Code 3426.1 et seq.*

**Verigy's Request No. 102:** *All DOCUMENTS supporting YOUR contention that ANY trade secret on Verigy's Amended Trade Secret Disclosure was readily ascertainable as of September 22, 2006.*

**STS, Inc.'s Response to No. 101:** Defendants incorporate the General Objections set forth above. Defendants object to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and Defendants shall not produce any such privileged documents. Defendants object to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), any defendant's or third party's right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. Defendants object to this Request as vague and ambiguous to the extent that it purports to seek information regarding "ANY" trade secret on Verigy's Amended Trade Secret Disclosure, which Verigy has refused, despite multiple requests from Defendants' counsel, to allow Defendants to read in full, unredacted form such that Defendants have been kept by Verigy unaware of what are each and all trade secrets purportedly identified in the Amended Trade Secret Disclosure. Defendants further object that STS has not been permitted to review the Amended Trade Secret Disclosure. Subject to the objections set forth above, Defendants will produce all responsive, non-privileged documents in their possession, custody or control.

**Verigy is Entitled to the Discovery** because the Request seeks documents which bear directly on Defendants' claimed affirmative defenses. The purpose of the meet and confer inquiry is to determine whether Defendants have produced all responsive documents.

## SECOND SET OF REQUESTS FOR ADMISSIONS

**Verigy's Requests for Admissions 26-42**: Text omitted.

**Defendants Response to Requests for Admissions 26-42:** R. Mayder objects to this Request as exceeding the number of such Requests permitted under the Courts CMC Order.

**Reasons Verigy is entitled to the discovery:** Per the Court's May 24, 2008 CMC order, each party was entitled to serve up to 96 Requests for Admission. Defendants served 96 such

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 12

Requests, which Verigy answered.  Verigy has served only 42 such Requests. Defendants thus
must answer all 42 of the RFAs.

## SECOND SET OF INTERROGATORIES

**Verigy's Interrogatory Request No. 10**: *IDENTIFY (a) all material facts that refer or
relate to every instance in which MAYDER allegedly informed someone at VERIGY of the
actual or planned formation of STS, including when and to whom MAYDER allegedly provided
this information, and (b) all documents relating to any such instances in which MAYDER
allegedly informed someone at VERIGY of the actual or planned formation of STS*

**Defendants' Interrogatory Response to No. 10**:  Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have failed to identify
documents as requested in subpart (b) to this interrogatory.  Merely because an interrogatory
contains subparts does not mean that such subparts constitute a separate interrogatory for
purposes of the limit on the number of such interrogatories which may be served.  So long as
such interrogatories logically relate to the same subject matter they are treated as one
interrogatory.  See *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998).  Defendants
must respond completely respond to Interrogatory 10.

**Verigy's Interrogatory Request No. 11**: *Describe the factual basis for YOUR denial in
Paragraph 188 of YOUR CORRECTED ANSWER that pursuant to the ARCIPD and
California Labor Code §2860, Verigy is the sole owner of the Disputed Material.*

**Defendants' Interrogatory Response to No. 11**:  Text omitted.

**Reasons Verigy is entitled to the discovery**:  Verigy hereby clarifies its Interrogatory.
Reference to paragraph "188" was incorrect and the result of a typographical error.  The intent of
the interrogatory, which should be clear from the remaining text of the interrogatory, was
directed at paragraph 118.

**Verigy's Interrogatory Request No. 12**: *Describe in detail all material facts relating to
the development of DEFENDANTS' PRODUCTS, including what materials MAYDER
used, referred to or relied upon for the development of this [sic] product, the time
expended in development, key development dates or milestones, and when development
started.*

**Defendants' Interrogatory Response to No. 12**:  Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have partially responded to this
interrogatory but its response does not include materials used, referred to or relied on, or time
expended in development as it relates to STS' Flash Enhancer.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 13

**Verigy's Interrogatory Request No. 14 & 15**: *Describe in detail the differences between the subject matter of the '791 PATENT and the UTILITY PATENT APPLICATION; Describe in detail how the '791 PATENT is dissimilar to and not based on the invention and technology embodied and disclosed in the UTILITY PATENT APPLICATION.*

**Defendants' Interrogatory Response to No. 14 & 15**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants have asserted the protections of the attorney work product doctrine here when it does not apply. Verigy requests that Defendants clarify the reasons for asserting this protection on these interrogatories.

**Verigy's Interrogatory Request No. 17**: *Describe in detail all actions MAYDER took in anticipation of, preparation for, and in connection with his termination of employment with VERIGY, including but not limited to the return or retention of VERIGY property and VERIGY confidential information; any exit interviews; any discussions with third parties; and any copying or transferring of documents, files, contact information, and materials at VERIGY and at MAYDER's home, including on MAYDER's home computer(s).*

**Defendants' Interrogatory Response to No. 17**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Defendants' assertion that the interrogatory is compound is not correct. The interrogatory is directed to the subject matter of Defendant Romi Mayder's actions in connection with his termination of employment with Verigy. Defendants' answer is thus not complete in failing to respond to all components of the interrogatory on this subject matter. For example, Defendant Romi Mayder has already admitted to sending and copying Verigy documents from Verigy to his home computer in his depositions.

**Verigy's Interrogatory Request No. 18**: *Describe the factual basis for your allegation in paragraph 10 of the "General Allegations" of the COUNTERCLAIMS in the CORRECTED ANSWER that "Verigy and its predecessors have employed corrupt and dishonest practices intended to deceive prospective employees to come to work for Verigy and to its existing employees to induce them to remain in the employment of Verigy.*

**Defendants' Interrogatory Response to No. 18**: Text omitted.

**Reasons Verigy is entitled to the discovery**: Verigy seeks clarification on Defendants use of the phrase 'trade secrets' in this response. To what trade secret information are Defendants referring in this response?

**Verigy's Interrogatory Request No. 22**: *Describe the factual basis for your allegation in paragraph 10 of the Third Counterclaim in the CORRECTED ANSWER that "Romi Mayder denies that he has breach[sic] the ARCIPD."*

**Defendants' Interrogatory Response to No. 22**: Text omitted.

BERGESON, LLP

Mr. Tim Hale
September 4, 2008
Page 14

**Reasons Verigy is entitled to the discovery**: Defendant Romi Mayder previously admitted in other interrogatory responses that he kept certain Verigy property, which is a breach of his agreement. He has also admitted at depositions that he sent Verigy documents to non-Verigy personnel. As such Defendants have not appropriately responded to this Interrogatory and should amend their response.

**Verigy's Interrogatory Request No. 23**: *IDENTIFY (a) the factual basis for your affirmative defense number one as stated in the CORRECTED ANSWER and (b) all documents supporting affirmative defense number one.*
**Defendants' Interrogatory Response to No. 23**: Text omitted.

**Reasons Verigy is entitled to the discovery**: As it is respecting Interrogatory 17, this Interrogatory is also not compound. Defendants should answer part b of this interrogatory.

Interrogatories 24-32. Defendants cannot stand on the objection that Verigy has served interrogatories in excess of the amount permitted by the Court. The Court's May 24, 2008 CMC Order permitted each party to serve 25 interrogatories "in addition to those served prior to May 23, 2008." Verigy served 26 Interrogatories in its Second Set of Interrogatories. (Interrogatories 8-33). Verigy concedes that Interrogatory 33 was in excess of the amount permitted by the Court's May 24, 2008 CMC Order and hereby withdraws that Interrogatory. The remainder of the interrogatories (24-32) must be answered.

Defendants' subparts objection does not hold water. Merely because an interrogatory contains subparts does not mean that such subparts constitute a separate interrogatory for purposes of the limit on the number of such interrogatories which may be served. So long as such interrogatories logically relate to the same subject matter they are treated as one interrogatory. See *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998). Thus to the extent Defendants suggest that prior interrogatories contained subparts, this is incorrect and is not a basis for failing to respond to these interrogatories. Even if Defendants' objections were valid, such claimed subparts are only six in number. This would add only three interrogatories to the total and Defendants would, at a minimum, still need to answer Interrogatories 24-29.

Thank you for your courtesy and cooperation. We look forward to speaking with you tomorrow at 2 p.m.

Sincerely,

Colin G. McCarthy

CGM:etf

# EXHIBIT G

# EXHIBIT G

# HIGHLY CONFIDENTIAL

# ATTORNEYS' EYES ONLY

# FILED UNDER SEAL

# EXHIBIT H

# EXHIBIT H

# HIGHLY CONFIDENTIAL

# ATTORNEYS' EYES ONLY

# FILED UNDER SEAL