1  DANIEL J. BERGESON, Bar No. 105439                    **PUBLIC VERSION**
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  COLIN G. MCCARTHY, Bar No. 191410
   cmcarthy@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  VERIGY US, INC, a Delaware Corporation,     Case No. C07 04330 RMW (HRL)

14                    Plaintiff,               **VERIGY'S NOTICE OF MOTION AND
                                               MOTION TO COMPEL DISCOVERY
15       vs.                                   RESPONSES FROM STS, INC. RE 2ND
                                               SET OF INTERROGATORIES and 1st SET
16  ROMI OMAR MAYDER, an individual;           OF REQUESTS FOR ADMISSIONS**
    WESLEY MAYDER, an individual; SILICON
17  TEST SYSTEMS, INC., a California Corporation;   Date:    October 21, 2008
    and SILICON TEST SOLUTIONS, LLC, a        Time:    10 a.m.
18  California Limited Liability Corporation,   Ctrm.:   2, 5th Floor
    inclusive,                                 Judge:  Hon. Howard R. Lloyd
19
                      Defendants.
20                                             Complaint Filed:    August 22, 2007
                                               Trial Date:         None Set
21  _____

22  AND RELATED CROSS-ACTIONS

23

24            **PUBLIC VERSION OF**

25   **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

26        **DOCUMENT SUBMITTED UNDER SEAL**

27

28
_____

# TABLE OF CONTENTS

I.      INTRODUCTION AND BACKGROUND .......................................................................... 1

II.     DISCOVERY IN DISPUTE ............................................................................................ 2

        A.      Second Set of Interrogatories ............................................................. 2

III.    AUTHORITY AND ARGUMENT ............................................................................... 9

        A.  VERIGY'S INTERROGATORIES DO NOT CONTAIN SUBPARTS AND
            DEFENDANTS THUS MUST RESPOND TO NOS. 23(b)-32 .................................. 9

        1.      Verigy's Interrogatories Do Not Exceed the Court's Limit ................................ 10

        2.      None of Verigy's Interrogatories Contain Impermissible Subparts .................... 10

        B.  DEFENDANTS SHOULD RESPOND TO RFAS 27-42 .......................................... 13

IV.     CONCLUSION ......................................................................................................... 14

- i -

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM STS, INC.
IN RE 2ND INTERROGATORIES AND1st SET OF REQUESTS FOR ADMISSIONS
Case No. C07 04330 RMW (HRL)

1

# TABLE OF AUTHORITIES

2

3      **Federal Cases**

4

5      *Lawrence v. First Kansas Bank & Trust Co.*
            169 F.R.D. 657, 660-661 (D.Kan.1996)................................................. 12

6      *McConnell v. Pacificorp, Inc.*
            2008 WL 3843003 (N.D. Cal. August 15, 2008) ................................. 13

7

8      *Safeco of America v. Rawstron*
            181 F.R.D. 441 (C.D. Cal. 1998) ................................................... 10, 11

9      *Zamora v. D'Arrigo Brothers*
            2006 WL 931728 (N.D. Cal. April 11, 2006) ..................................... 12

10

11

12      **State Statutes**

13

        Cal. Civ. Code 3426.1 ...................................................................... 8

14

15      **Federal Rules**

16

        Fed. R. Civ. P. 26(b)(2 ............................................... 3, 4, 5, 6, 7, 8, 9

17      Fed. R. Civ. P. 33 (a)....................................................................... 9, 10

18

19

20

21

22

23

24

25

26

27

28

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM STS, INC.
IN RE 2ND INTERROGATORIES AND 1st SET OF REQUESTS FOR ADMISSIONS
Case No. C07 04330 RMW (HRL)

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Tuesday, October 21, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Howard R. Lloyd, United States Magistrate Judge, Courtroom 2, Fifth Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, plaintiff Verigy U.S., Inc. ("Verigy"), shall and hereby does move the Court for an order compelling defendant Silicon Test Systems, Inc. ("STS") to produce responses to Interrogatory Nos. 23(b) - 32 of Verigy's 2nd Set of Interrogatories and responses to Request for Admissions ("RFA") Nos. 27-42 of Verigy's 1st Set of RFAs.

The motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the declaration of Colin G. McCarthy, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

**STATEMENT OF ISSUES**

1.    Should STS, Inc. be compelled to provide responses to Interrogatories Nos. 23(b) - 32 of the 2nd Set of Interrogatories propounded by Verigy to STS?

2.    Should STS, Inc. be compelled to provide response to RFAs Nos. 27-42 of the 1st Set of RFAs propounded by Verigy to STS?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

This is a trade secret misappropriation action.  Plaintiff Verigy propounded Interrogatories, Set Two to STS on July 30, 2008.  (*See*, Declaration of Colin G. McCarthy ("McCarthy Decl."), ¶ 3)  STS has failed and refused to provide responses to Interrogatories Nos. 23(b) - 32 of the 2nd Set of Interrogatories propounded by Verigy to STS. (McCarthy Decl., ¶ 4, Ex. B).  STS has also failed to provide response to RFA Nos. 27-42 of the 1st Set of RFAs propounded by Verigy to STS, although STS has agreed to respond.  (McCarthy Decl., ¶¶ 6- 8, Exhs C and D).  Defendants claim the number of interrogatories exceeds the permitted amount, in

1   part due to impermissible subparts.

2   Counsel met and conferred by telephone regarding the matters in dispute and were unable

3   to resolve their issues.  (McCarthy Decl., ¶ 4).  Defendants refused to respond to these

4   Interrogatories and stood on their subpart objections.[1]  Accordingly, Verigy hereby moves to

5   compel responses on such interrogatories.  (McCarthy Decl., ¶ 4).

6   **II.    DISCOVERY IN DISPUTE**

7   **A.    Second Set of Interrogatories**

8   **Verigy's Interrogatory No. 23**:  *IDENTIFY (a) the factual basis for your affirmative*
    *defense number one as stated in the CORRECTED ANSWER and (b) all documents*
9   *supporting affirmative defense number one.*

10  **Defendants' Interrogatory Response to No. 23**:



26

27

VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM STS, INC.
IN RE 2ND INTERROGATORIES AND1st SET OF REQUESTS FOR ADMISSIONS
Case No. C07 04330 RMW (HRL)



**Reasons Verigy is entitled to the discovery** of this interrogatory because it directly relates to one of Defendants' affirmative defenses and because identifying documents supporting the response should be construed as just one interrogatory in this and prior interrogatories.

**The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole possessor of the information.  There is no other source for the information.  Defendants cannot show that explaining their position and identifying documents would cause them undue burden such as to outweigh the benefit to Verigy in this relevant information.

**Verigy's Interrogatory No. 24**:  *IDENTIFY (a) the factual basis for your affirmative defense number two as stated in the CORRECTED ANSWER and (b) all documents supporting affirmative defense number two.*

**Defendants' Interrogatory Response to No. 24**:

---

[1] They agreed to revisit the issue and advise if they would withdraw the objections, but had not done so by the deadline to file this motion.  (McCarthy Decl., ¶ 4).

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 █████████████████████████████████

4      **Reasons Verigy is entitled to the discovery** of this interrogatory because it directly relates

5 to one of Defendants' affirmative defenses and because identifying documents supporting the

6 response should be construed as just one interrogatory in this and prior interrogatories.

7      **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole

8 possessor of the information.  There is no other source for the information.  Defendants cannot

9 show that explaining their position and identifying documents would cause them undue burden such

10 as to outweigh the benefit to Verigy in this relevant information.

11      **Verigy's Interrogatory No. 25**:  *IDENTIFY (a) the factual basis for your*
   *affirmative defense number three as stated in the CORRECTED ANSWER and (b)*
12 *all documents supporting affirmative defense number three.*

13      **Defendants' Interrogatory Response to No. 25**: █████████████████████████

14 █████████████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 █████████████████████████████████

19      **Reasons Verigy is entitled to the discovery** of this interrogatory because it directly relates

20 to one of Defendants' affirmative defenses and because identifying documents supporting the

21 response should be construed as just one interrogatory in this and prior interrogatories.

22      **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole

23 possessor of the information.  There is no other source for the information.  Defendants cannot show

24 that explaining their position and identifying documents would cause them undue burden such as to

25 outweigh the benefit to Verigy in this relevant information.

26      **Verigy's Interrogatory No. 26**:  *IDENTIFY (a) the factual basis for your*
   *affirmative defense number five as stated in the CORRECTED ANSWER and (b)*
27 *all documents supporting affirmative defense number five.*

28

1    **Defendants' Interrogatory Response to No. 26**: ███████████████████

2    ███████████████████████████████████████████

3    ███████████████████████████████████████████

4    ███████████████████████████████████████████

5    ███████████████████████████████████████████

6    ██████████████████████████

7        **Reasons Verigy is entitled to the discovery** of this interrogatory because it directly relates

8    to one of Defendants' affirmative defenses and because identifying documents supporting the

9    response should be construed as just one interrogatory in this and prior interrogatories.

10       **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole

11   possessor of the information.  There is no other source for the information.  Defendants cannot

12   show that explaining their position and identifying documents would cause them undue burden

13   such as to outweigh the benefit to Verigy in this relevant information.

14       **Verigy's Interrogatory No. 27**: *IDENTIFY (a) the factual basis for your*
     *affirmative defense number seven as stated in the CORRECTED ANSWER and (b)*

15   *all documents supporting affirmative defense number seven.*

16       **Defendants' Interrogatory Response to No. 27**: ███████████████

17   ███████████████████████████████████████████

18   ███████████████████████████████████████████

19   ███████████████████████████████████████████

20   ███████████████████████████████████████████

21   ██████████████████████

22       **Reasons Verigy is entitled to the discovery** of this interrogatory because it directly relates

23   to one of Defendants' affirmative defenses and because identifying documents supporting the

24   response should be construed as just one interrogatory in this and prior interrogatories.

25       **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole

26   possessor of the information.  There is no other source for the information.  Defendants cannot show

27

28
VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM STS, INC.
IN RE 2^ND^ INTERROGATORIES AND1^st^ SET OF REQUESTS FOR ADMISSIONS
Case No. C07 04330 RMW (HRL)

1  that explaining their position and identifying documents would cause them undue burden such as to

2  outweigh the benefit to Verigy in this relevant information.

3  **Verigy's Interrogatory No. 28**: *IDENTIFY (a) all product development costs for DEFENDANTS' PRODUCTS and (b) all documents supporting such costs.*

4  **Defendants' Interrogatory Response to No. 28**: ████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ███████████████████████

10  **Verigy is entitled to the discovery** because Defendants' product costs relate directly to

11  Verigy's damages claims and because identifying documents supporting the response should be

12  construed as just one interrogatory in this and prior interrogatories.

13  **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are the sole

14  possessor of the information.  There is no other source for the information.  Defendants cannot

15  show that explaining the claimed differences would cause them undue burden such as to

16  outweigh the benefit to Verigy in relevant information on its trade secrets and damages.

17  **Verigy's Interrogatory No. 29**: *Describe in detail how the `791 PATENT is dissimilar to and not based on any invention or technology described and/or claimed in U.S. Provisional Patent Application Serial No. 60/827,253.*

18  

19  **Defendants' Interrogatory Response to No. 29**: ████████████████

20  

21  ████████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ███████████████████████████████████████████

24  **Verigy is entitled to the discovery** because the 791 PATENT appears to be substantially

25  similar to U.S. Provisional Patent Application Serial No. 60/827,253.  Both the '791 Patent and

26  the provisional patent application are at issue in this case.  Verigy is entitled to know the basis for

27  any claims by Defendant that their patents cover the same or different technology.

28  

6

1    **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants are making

2    the contention.  There is no other source for the information on Defendants' contention, and

3    Defendants cannot show that explaining the claimed differences would cause them undue burden

4    such as to outweigh the benefit to Verigy on this relevant information.

5    **Verigy's Interrogatory No. 30**: *IDENTIFY all facts that refer or relate to the
     alleged conception and/or reduction to practice of the invention described and/or*

6    *claimed in U.S. Provisional Application Serial No. 60/827,253, including when
     and the circumstances under which MAYDER conceived and/or reduced the*

7    *invention to practice.*

8    **Defendants' Interrogatory Response to No. 30**: ████████████████████████████

9    ████████████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████████████████

12   ████████████████████

13   **Verigy is entitled to the discovery** because the U.S. Provisional Patent Application

14   Serial No. 60/827,253 was drafted by Mayder while he was still employed at Verigy, and is at

15   issue in this case.  As a remedy in this action, Verigy will seek assignment of Mayder's right to

16   the patent and ownership of any related intellectual property.

17   **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants deny

18   misappropriating Verigy's trade secrets.  There is no other source for the information on Defendants'

19   denial, and Defendants cannot show that explaining the conception and/or reduction to practice of

20   this device would cause them undue burden such as to outweigh the benefit to Verigy in relevant

21   information on its trade secrets and damages.

22   **Verigy's Interrogatory No. 31**: *IDENTIFY all facts that refer or relate to the
     alleged conception and/or reduction to practice of the invention claimed in the*

23   *UTILITY PATENT APPLICATION, including when and the circumstances under
     which MAYDER conceived and/or reduced the invention to practice.*

24   **Defendants' Interrogatory Response to No. 31**: ███████████████████████████

25   ████████████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████████

27

28

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 █████████████████████████████████████████

4 ██████████████████████████████████████████████

5 █████████████████████████████████████████

6     **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants deny

7 misappropriating Verigy's trade secrets.  There is no other source for the information on

8 Defendants' denial, and Defendants cannot show that explaining the conception and/or reduction

9 to practice of this utility patent would cause them undue burden such as to outweigh the benefit to

10 Verigy in relevant information on its trade secrets and damages.

11     **Verigy's Interrogatory No. 32**: *IDENTIFY all material facts supporting YOUR*
   *contention that any trade secret on Verigy's Amended Trade Secret Disclosure is*
12 *not entitled to protection under Cal. Civ. Code 3426.1 et seq.*

13     **Defendants' Interrogatory Response to No. 32**: ████████████████████

14 ██████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 █████████████████████████████████████████████

17 █████████████████████████████████████████████

18 ████████████████████████████████

19     **Verigy is entitled to this discovery** because the interrogatory bears directly on its trade

20 secrets cause of action, in that Defendants have asserted that the trade secrets are readily

21 ascertainable.

22     **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because Defendants deny

23 misappropriating Verigy's trade secrets.  There is no other source for the information on

24 Defendants' denial, and Defendants cannot show that explaining why Verigy's trade secrets are

25 not entitled to protection would cause them undue burden such as to outweigh the benefit to

26 Verigy in relevant information on its trade secrets.

27     **B.**     **1st Set of RFAs by Verigy to Romi Mayder**

28

1    **Verigy's RFAs 27-42**: the contents of these RFAs and Mayder's responses are set forth in

2    their entirety, and hereby incorporated by reference, in Exhibits C and D to the McCarthy

3    Declaration.  (McCarthy Decl., ¶¶ 7, 8, Exhs C and D).

4    **STS, Inc. Response to RFAs 27-42**: (Identical for each RFA): R. Mayder objects to this

5    Request as exceeding the number of such Requests permitted under the Courts CMC Order.

6    **Verigy is entitled to the discovery** because the RFAs in question are directed at factual

7    admissions which will obviate the need for trial on the particular issues.  The RFAs seek

8    Mayder's admission that he disclosed confidential information to third parties (RFAs 26-32),

9    which are relevant to Verigy's trade secret and breach of contract causes of action.  The RFAs

10   seek Mayder's admission that he took confidential information from Verigy computers (RFAs

11   33-35), which are relevant to Verigy's computer fraud and related causes of action.  The RFAs

12   seek Mayder's admission that he did not inform or seek permission from Verigy to pursue use of

13   Verigy's trade secrets after he left Verigy (RFAs 36-42), which are obviously relevant to, again,

14   Verigy's trade secret and breach of contract causes of action.

15   **The requirements of Fed. R. Civ. P. 26(b)(2) are met** because only Defendants can

16   admit or deny these requests.  There is no other source for the admission than Defendants, and

17   Defendants cannot show that explaining why to do so would cause them undue burden such as to

18   outweigh the benefit to Verigy in having these admissions.

19   **III.    AUTHORITY AND ARGUMENT**

20       **A.  VERIGY'S INTERROGATORIES DO NOT CONTAIN SUBPARTS AND
         DEFENDANTS THUS MUST RESPOND TO NOS. 23(b)-32**

21

22       Defendants have refused to respond to all or part of Verigy's Interrogatories 23-32.  The

23   claimed basis for this refusal is that Verigy has served interrogatories which in number and with

24   impermissible subparts exceed the total number of interrogatories permitted by the Court and

25   Fed. R. Civ. P. 33 (a).  Verigy has not served more than the 25 permitted by the Court in its May

26

27

28
VERIGY'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM STS, INC.
IN RE 2ND INTERROGATORIES AND 1st SET OF REQUESTS FOR ADMISSIONS
Case No. C07 04330 RMW (HRL)

1    24, 2008 order.[2]  Defendants' contention that these  interrogatories contain subparts is

2    unsupported in fact or law.  Each interrogatory in question either stands on its own as an

3    independent question or contains identified subparts which are "logically or factually subsumed

4    within and necessarily related to the primary question."  *Safeco of America v. Rawstron,* 181

5    F.R.D. 441, 445 (C.D. Cal. 1998); (citations omitted).

### 1.    Verigy's Interrogatories Do Not Exceed the Court's Limit

7         Pursuant to the Court's July 24, 2008 CMC Order, both sides were permitted to serve

8    twenty-five (25) interrogatories in addition to those served prior to May 23, 2008.  (Docket No.

9    274.)[3]  Defendants answered Interrogatories 8- 23(a) and objected to Interrogatories 23(b)-32 on

10   the grounds that such interrogatories were "impermissible in light of the limit on Interrogatories

11   imposed by the Court in its May 23, 2008 Case Management Order."  (McCarthy Decl., Ex.B).

12   Even assuming, *arguendo*, that Defendants are correct that Interrogatories 10, 17, and 23-28

13   contain impermissible subparts, Defendants did not comply with the CMC Order, as, by their

14   own count, they only responded to eighteen (18) additional interrogatories (up to and including

15   Interrogatory 23(a)).  As Verigy is entitled to receive responses to 25 interrogatories, at the very

16   least, Defendants must respond to seven additional interrogatories to comply with the Court's

17   CMC Order.

### 2.    None of Verigy's Interrogatories Contain Impermissible Subparts

19        "Without leave of court …, any party may serve on any other party written interrogatories,

20   not exceeding 25 in number including all discrete subparts…"  Fed. R. Civ. P. 33 (a).  Subparts are

21   permitted and counted as one interrogatory so long as they are not "discrete."  Subparts are not

22   "discrete," and are therefore permitted, if "they are logically or factually subsumed within and

23   necessarily related to the primary question."  *Safeco* 181 F.R.D. at 445: (citation omitted).  Review

24   of the authority in this circuit suggests there is no "bright-line test" and that the determination is

---

26   [2]    Except for Interrogatory 33, which constituted a 26th interrogatory and was withdrawn.
     (Verigy's counsel's September 4, 2008 letter, Declaration of Colin G. McCarthy ISO Verigy's
27   Motion to Compel Response to RFP 3 and 5; Exhibit F).
     [3] The limit is also reflected in the Court's May 23, 2008 Minute Order.  (Docket No. 219.)

28                                                        10

1    made on a case by case basis.  *Id.* at 445-447.

2         Defendants claim that Interrogatories 10, 17 and 23-28 contain impermissible subparts.

3    Verigy is unable to ascertain the basis for this objection with respect to Interrogatory 17, as it asks

4    STS to describe "all actions MAYDER took in anticipation of, preparation for, and in connection

5    with his termination of employment at VERIGY, including but not limited to the return or retention

6    of VERIGY property and VERIGY confidential information; any exit interviews; any discussions

7    with third parties; and any copying or transferring of documents, files, contact information, and

8    materials at VERIGY and at MAYDER's home, including on MAYDER's home computer(s)."

9    Although this interrogatory contains multiple clauses, it does not contain any discrete subparts, as

10   the interrogatory is clearly asking STS to describe the actions Mayder took while he was preparing

11   to terminate his employment with Verigy.  The portion of the interrogatory following "including but

12   not limited to" merely points STS at specific types of actions it should include in its response.

13   Therefore, Interrogatory 17 should be treated as one interrogatory for purposes of the 25

14   interrogatory limit.

15        Interrogatories 10 and 23-28 each ask STS to identify material facts and documents relating

16   to one subject.  Five of these Interrogatories (23-27) relate to five of Defendants' affirmative

17   defenses, asking STS to identify material facts and documents supporting each of the five

18   affirmative defenses.  Interrogatory 10 asks STS to identify material facts and documents relating to

19   instances where Mayder informed Verigy of the formation of STS.  Finally, Interrogatory 28 asks

20   STS to identify material facts and documents relating to product development.  Interrogatories 10

21   and 23-28 each constitute only one interrogatory, as the subparts (facts and documents) are

22   "necessarily related to the primary question" and "logically subsumed within" it to support each

23   affirmative defense.  *Safeco*, 181 F.R.D. at 445.

24        In *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006), this Court held that

25   interrogatories which asked defendant to identify four separate pieces of information about "all

26   litigation filed against [defendant] alleging violations of the Fair Debt Collection Practices Act",

27   constituted only one interrogatory for purposes of the numerical limit. The plaintiff asked for the

28

                                          **11**

1   "caption, court, civil action number, and result of all such litigation.  These four subparts were, as

2   here, "subsumed within and related to the primary question."  *Trevino*, 232 F.R.D. at 614.

3        Similarly, in *Zamora v. D'Arrigo Brothers,* 2006 WL 931728 this Court ruled that a question

4   asking "several identifying questions" about one topic area was not discrete for purposes of the

5   numerical limit.  .  There, plaintiff asked defendant in its second interrogatory a question with at

6   least four subparts.  The plaintiff used the interrogatory to ask the defendant to provide "all

7   identifying and explanatory information" such as "gender, date of promotion, other candidates

8   considered, and the reason for selecting" persons" promoted to foreman positions *and* positions that

9   related to the operation of machinery."[4]  *Zamora*, at *2 and *4.  (emphasis in original).  The plaintiff

10  also sought to use the *same* interrogatory to obtain the same indentifying information for persons

11  *rejected* for those positions.  This Court held that in so delineating, the plaintiff was really asking

12  two interrogatories.  The Plaintiff asked "several identifying questions about people promoted to

13  supervisory positions" while also asking the same identifying questions about rejected for the

14  positions.  *Zamora*, at *4.  From the Court's analysis, it appears that it was not the "several

15  identifying questions" that caused this Court to split the interrogatory, but rather the two distinct

16  topic areas.  As each of Verigy's interrogatories is directed to one topic area, the subparts seeking

17  identifying information (facts and documents) are not discrete subparts.

18       Further, in *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-661

19  (D.Kan.1996), the court allowed plaintiffs to seek facts, documents and witnesses related to an

20  affirmative defense within one interrogatory.  .  The *Lawrence* court held that questions that were

21  directed at the defendant's affirmative defenses could include subparts seeking identifying

22  information.  The *Lawrence* court required the defendant to provide for the single interrogatory, "the

23  principal or material facts upon which it base[d] the defense," identify documents supporting the

24  affirmative defense, and provide witnesses with knowledge on that defense.  *Id.*, at 664.  As Verigy's

25  interrogatory requests similarly asks STS to identify facts and documents, the subparts should not

---

26

27  [4]   The text of the interrogatory is not fully set forth in the opinion.

28

1    count toward the numerical limit.

2         Finally, Chief Magistrate Judge James Larson held in *McConnell v. Pacificorp, Inc*., 2008

3    WL 3843003 that use of one interrogatory to ask for "facts, witness, and documents" did not cause

4    the interrogatory to constitute multiple interrogatories.  , at*4.  It was the use of three requests for

5    admissions ("RFAs") within that single interrogatory which made it constitute "three separate

6    interrogatories."  *McConnell*, at *4.  The three underlying RFAs in *McConnell* separately concerned

7    past, present and future injuries.  The interrogatory was directed at the three RFAs, seeking "facts,

8    witnesses, and documents" substantiating the basis for denial of the three requests. *Id.*, at *3.  Again,

9    it was the three separate topic areas of the underlying RFAs that supported a finding of three

10   separate interrogatories, not the three categories of identifying information on each topic area.

11   "Since it seeks facts, witnesses, and documents … for three separate RFAs, [the interrogatory]

12   should be framed as three separate requests." *Id.*, at *4.  Verigy's interrogatories similarly seek

13   "facts and documents" on a single topic area, and therefore the purported subparts should not count

14   against the numerical limit and Defendants should be ordered to provide answers to those

15   interrogatories.

16        **B.    DEFENDANTS SHOULD RESPOND TO RFAS 27-42**

17        Pursuant to the Court's CMC Order, Verigy was permitted to serve 96 requests for

18   admission.  The First Set of Requests for Admission to Romi Mayder contains 42 requests for

19   admission, yet Mayder answered only the first 25 requests and objected to the remaining 17

20   requests.  (McCarthy Decl., ¶ 9).  Mayder has agreed to supplement and respond to all requests, but

21   has not yet served its supplemental response.  (McCarthy Decl., ¶ 6).  As today is the last day to

22   move to compel pursuant to Local Rule 26-2, Verigy brings this motion to ensure compliance with

23   the agreement.  If Mayder serves the supplemental responses prior to the hearing date of the motion,

24   Verigy will withdraw this portion of the motion to compel.

25

26

27

28

1    **IV.     CONCLUSION**

2           For the forgoing reasons, Verigy respectfully requests that the Court issue an order

3    compelling STS, Inc. to further responses to Interrogatories Nos. 23 (b) - 32 of the 2nd Set of

4    Interrogatories and RFAs Nos. 27-42 of the 1st Set of RFAs propounded by Verigy to STS, Inc.

5    Dated:  September 10, 2008                  BERGESON, LLP

6

7                                               By:_____/s/_____
                                                          Michael W. Stebbins
8
                                                Attorneys for Plaintiff
9                                               VERIGY US, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14