1    DANIEL J. BERGESON, Bar No. 105439                    **PUBLIC VERSION**
     dbergeson@be-law.com
2    MELINDA M. MORTON, Bar No. 209373
     mmorton@be-law.com
3    COLIN G. McCARTHY, Bar No. 191410
     cmcarthy@be-law.com
4    BERGESON, LLP
     303 Almaden Boulevard, Suite 500
5    San Jose, CA 95110-2712
     Telephone:  (408) 291-6200
6    Facsimile:  (408) 297-6000

7    Attorneys for Plaintiff
     VERIGY US, INC.

8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14   VERIGY US, INC, a Delaware Corporation,        Case No. C07 04330 RMW (HRL)

15                      Plaintiff,                  **DECLARATION OF COLIN G.
                                                    McCARTHY IN SUPPORT OF VERIGY'S
16          vs.                                     MOTION TO COMPEL PRODUCTION OF
                                                    DOCUMENTS FROM SILICON TEST
17   ROMI OMAR MAYDER, an individual;               SYSTEMS INC. IN RESPONSE TO 4TH SET
     WESLEY MAYDER, an individual; SILICON          OF REQUESTS FOR PRODUCTION**
18   TEST SYSTEMS, INC., a California Corporation;
     and SILICON TEST SOLUTIONS, LLC, a             Date:    October 21, 2008
19   California Limited Liability Corporation,      Time:    10 a.m.
     inclusive,                                     Ctrm.:   2, 5th Floor
20                                                  Judge:   Hon. Howard R. Lloyd
                        Defendants.
21
                                                    Complaint Filed:   August 22, 2007
22                                                  Trial Date:        None Set

23

24                      **PUBLIC VERSION OF**

25          **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

26                **DOCUMENT SUBMITTED UNDER SEAL**

27

28

DECL. OF COLIN G. McCARTHY ISO OF VERIGY'S MTC PRODUCTION OF DOCUMENTS FROM STS,
INC. RE  4TH SET OF REQUESTS FOR PRODUCTION              Case No. C07 04330 RMW (HRL)

1    I, Colin G. McCarthy, declare as follows:

2    1.    I am an attorney licensed to practice law before all of the courts of the State of

3    California, and am an associate with the law firm of Bergeson, LLP, counsel of record for plaintiff

4    Verigy US, Inc. ("Verigy") in the above-captioned action.  Except as to matters stated on

5    information and belief, which I am informed and believe to be true, I have personal knowledge of

6    the facts set forth in this declaration, and, if called to do so, I could and would competently testify

7    thereto.

8    2.    Attached hereto as Exhibit A is a true and correct copy of Verigy's 4th Set of

9    Requests for Production of Documents to Defendants Silicon Test Systems, Inc. and Romi

10    Mayder, dated July 24, 2008.  "Exhibit A" to the document requests is a report from Navigant

11    Consulting, Inc., the special master appointed by the Court in the Fall of 2007 following the

12    Court's issuance of a TRO in this case to examine the hard drive of a computer belonging to

13    defendant Romi Mayder.  Verigy's Request No. 82 sought "Native file format versions of all

14    DOCUMENTS indicated by a star on the special master's report attached hereto as Exhibit A"

15    3.    Attached hereto as Exhibit B is a true and correct copy of Defendants' Response to

16    Verigy's 4th Set of Requests for Production of Documents, dated August 25, 2008.

17    4.    Attached hereto as Exhibit C is a true and correct copy of a document entitled

18    "Response to Subpoena served on Richard Foster," dated August 27, 2008.  Although the

19    document has no numbered pages, some 33 pages in, under the heading "3. ALL DOCUMENTS

20    RELATING TO THIS LAWSUIT," the document includes the following text:

21    I have at various times acted as a consultant to Romi Mayder and/or STS, including
legal, business, and personal matters.  I have been copied on documents where Mr. Mayder
22    has also copied his attorneys.  Therefore, I do not intend to produce documents that I feel
would be attorney-client privileged. . . .

23

24    5.    Attached hereto as Exhibit D is a true and correct copy of relevant portions of the

25    Deposition Transcript of Romi Mayder, dated August 21, 2008.  Mayder was the company

26    designee on all topics listed in Verigy's Notice of Deposition of Silicon Test Systems, Inc. Under

27    F.R.C.P. 30(b)(6).

28    6.    On or about September 5, 2008, I, along with my colleague, Donald P. Gagliardi,

- 1 -

DECL. OF COLIN G. McCARTHY ISO OF VERIGY'S MTC PRODUCTION OF DOCUMENTS FROM STS,
INC. RE 4TH SET OF REQUESTS FOR PRODUCTION          Case No. C07 04330 RMW (HRL)

1  met and conferred with Defendants' counsel, Tim Hale, by telephone regarding the subject matter

2  of this motion, namely, Requests Nos. 54 through 69, 71, 81 and 82 of Verigy's 4th Set of

3  Requests for Production of Documents.  Counsel for Defendants claimed that, notwithstanding the

4  assertions contained in the Romi Mayder and Thomas Schneck declarations, there has been no

5  waiver of the attorney-client privilege or work product doctrine, or that if such a waiver has

6  occurred, it is very limited in scope.  Defendants' counsel also asserted that the document requests

7  relating to the assertions about advice of counsel were not relevant to any issue in the case and

8  constituted a "fishing expedition."  The meet and confer session was unsuccessful in resolving the

9  parties' dispute concerning these document requests.

10       I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct and that this declaration was executed this 10th day of September,

12  2008 at San Jose, California.

13

14                                                      _____
                                                              /s/
                                                        Colin G. McCarthy
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DECL. OF COLIN G. McCARTHY ISO OF VERIGY'S MTC PRODUCTION OF DOCUMENTS FROM STS,
INC. RE 4TH SET OF REQUESTS FOR PRODUCTION          Case No. C07 04330 RMW (HRL)

# EXHIBIT A

# CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT B

JACK RUSSO (State Bar No. 96068)
TIM C. HALE (State Bar No. 114905).
JOHN KELLEY (State Bar No. 100714)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
       thale@computerlaw.com
       jkelley@computerlaw.com

Attorneys for Defendants and Counterclaimants
ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
SILICON TEST SOLUTIONS, LLC and WESLEY
MAYDER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-cv-04330-RMW (HRL)<br><br>**DEFENDANT SILICON TEST SYSTEMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF VERIGY US, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4th Req. Produc. Docs.

Case No. 5:07-cv-04330-RMW (HRL)

1   PROPOUNDING PARTY:   Plaintiff VERIGY US, INC.

2   RESPONDING PARTY:    Defendant SILICON TEST SYSTEMS, INC.

3   SET NO.:             FOUR (4)

4   Defendant SILICONT TEST SYSTEMS, INC. ("STS") herby responds to the Fourth

5   Request for Production of Documents (collectively, the "Requests;" severally, each "Request")

6   from plaintiff Verigy US, Inc. ("Verigy") as follows:

7                          **GENERAL OBJECTIONS**

8       1.      STS objects to each Request to the extent that it seeks disclosure of information that

9   is protected by the attorney-client privilege and/or the work product doctrine, and STS shall not

10  provide any such privileged information.  STS understands the Requests not to encompass

11  privileged documents created after the filing of the action by Verigy (*e.g.*, emails between STS and

12  any of its legal counsel in this action, past or current) and STS shall neither produce nor include

13  such documents in a privilege log.

14      2.      STS objects to each Request to the extent responsive documents are in the

15  possession, custody, or control of other persons, that are publicly available, or that are already in

16  Verigy's possession, custody or control and, because such documents may be obtained more

17  readily by Verigy from its own sources, as being unwarranted, oppressive, and unduly burdensome.

18  STS further specifically objects to the purported instruction that it produce documents that are

19  possessed by "former officers, directors, employees, agents or representatives, including, but not

20  limited to, its attorneys."  STS will not produce documents possessed by such former persons or its

21  attorneys.

22      4.      STS objects to the definition of "DEFENDANTS to the extent that it that it includes

23  its "attorneys" and therefore requires that (a) STS provided documents and things outside its

24  possession, custody, or control and (b) calls for production of documents protected by the attorney-

25  client, work product or other applicable law, statute or doctrine of privilege.

26      5.      STS objects generally to each Request to the extent that it would violate any

27  individual's right to privacy and/or violate the confidentiality provisions of any contract(s).  STS

28

HALE LLP
California
law.com

STS's Resp.  Verigy 4ᵗʰ Req. Produc. Docs.          1          Case No. 5:07-cv-04330-RMW (HRL)

1  will not produce any documents where such production would violate an individual's right to

2  privacy and/or violate the confidentiality provisions of any contract(s).

3        6.    STS objects generally to each Request to the extent it is overly broad and unduly

4  burdensome, and to the extent it seeks information that is neither relevant to the disputed issues in

5  this action nor reasonably calculated to lead to the discovery of admissible evidence.

6        7.    STS objects to each Request to the extent that it purports to impose burdens on STS

7  that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil Procedure

8  ("FRCP"). STS will construe and respond to each Request in a manner consistent with the FRCP

9  and not otherwise.

10        8.    STS objects to each Request to the extent that it is vague, ambiguous, or

11  unintelligible.

12        9.    STS objects to each Request to the extent that it seeks information or material that

13  is not relevant to the issues in dispute in this action, or that are not reasonably calculated to lead to

14  the discovery of relevant documents or information in this action.

15        10.    STS objects to each Request as burdensome and oppressive to the extent it purports

16  to obligate STS to re-produce documents previously produced or made of record in this action, and

17  STS declines such re-production. STS objects to the entire set of Requests as unduly burdensome

18  and oppressive in light of Verigy's having served such Requests while a prior document request

19  was still pending.

20        11.    STS objects to the purported instruction that it identify persons in possession of

21  certain documents as placing burdens upon STS not placed upon it by the FRCP, and STS shall not

22  do so.

23        12.    STS objects to the purported instruction that it provide information about

24  documents it previously possessed as placing burdens on STS not placed upon it by the FRCP, and

25  STS shall not do so.

26        These General Objections shall be deemed to be incorporated in full into the response to

27  each specific response to the Requests set forth below and any responses are subject to the

28

1  limitations and objections set forth herein, and are without prejudice to STS's rights with respect

2  hereto.

3  ### RESPONSES TO REQUESTS FOR PRODUCTION

4  **REQUEST FOR PRODUCTION NO. 54:**

5      All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS'

6  FORMER COUNSEL to ROMI MAYDER that DEFENDANTS "could continue to act in the

7  manner that resulted in the contempt filing" as described on page 17 of DEFENDANTS'

8  Memorandum of Points and Authorities in Support of Motion for Summary Adjudication and for

9  Modification of Preliminary Injunction, Docket No. 261, including, but not limited to,

10  COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

11      **RESPONSE:**

12      STS incorporates the General Objections set forth above.  STS objects to this Request to

13  the extent that it seeks disclosure of privileged communications between attorney and client or

14  documents protected by the work product doctrine, and STS shall not produce any such privileged

15  documents.  STS objects to this Request to the extent that it seeks production of documents in

16  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

17  California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

18  to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

19  officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

20  provide documents and things outside its possession, custody, or control and (b) calls for

21  production of documents protected by the attorney-client privilege, work product doctrine or other

22  applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

23  to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

24  documents and things outside its possession, custody, or control and (b) calls for production of

25  documents protected by the attorney-client privilege, work product doctrine or other applicable

26  law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

27  that they have no such non-privileged documents.

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.          3          Case No. 5:07-cv-04330-RMW (HRL)

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS' FORMER COUNSEL to ROMI MAYDER that DEFENDANTS' FORMER COUNSEL "could really not tell me what was in the various documents that comprise the Court's TRO," as described in the Declaration of Romi Mayder, filed July 10, 2008, Docket No. 261 ("MAYDER DECLARATION"), including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

**RESPONSE:**

STS incorporates the General Objections set forth above.  STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents.  STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS" to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS RELATING TO the press release issued by DEFENDANTS referenced in paragraph 14 and Ex. 7 to the MAYDER DECLARATION, including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.          4          Case No. 5:07-cv-04330-RMW (HRL)

1    **RESPONSE:**

2       STS incorporates the General Objections set forth above.  STS objects to this Request to

3    the extent that it seeks disclosure of privileged communications between attorney and client or

4    documents protected by the work product doctrine, and STS shall not produce any such privileged

5    documents.  STS objects to this Request to the extent that it seeks production of documents in

6    violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

7    California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

8    to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

9    officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

10   provide documents and things outside its possession, custody, or control and (b) calls for

11   production of documents protected by the attorney-client privilege, work product doctrine or other

12   applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

13   to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

14   documents and things outside its possession, custody, or control and (b) calls for production of

15   documents protected by the attorney-client privilege, work product doctrine or other applicable

16   law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

17   that they have no such non-privileged documents that have not been previously produced.

18   **REQUEST FOR PRODUCTION NO. 57:**

19       All DOCUMENTS RELATING TO the proposed NDA with VERIGY referenced in

20   paragraph 15 and Exs. 8 and 9 to the MAYDER DECLARATION, including, but not limited to,

21   COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS.

22   **RESPONSE:**

23       STS incorporates the General Objections set forth above.  STS objects to this Request to

24   the extent that it seeks disclosure of privileged communications between attorney and client or

25   documents protected by the work product doctrine, and STS shall not produce any such privileged

26   documents.  STS objects to this Request to the extent that it seeks production of documents in

27   violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

28   California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.          5          Case No. 5:07-cv-04330-RMW (HRL)

1    to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

2    officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

3    provide documents and things outside its possession, custody, or control and (b) calls for

4    production of documents protected by the attorney-client privilege, work product doctrine or other

5    applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

6    to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

7    documents and things outside its possession, custody, or control and (b) calls for production of

8    documents protected by the attorney-client privilege, work product doctrine or other applicable

9    law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

10   that they have no such non-privileged documents that have not been previously produced.

11   **REQUEST FOR PRODUCTION NO.58:**

12       All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS'

13   FORMER COUNSEL to ROMI MAYDER that DEFENDANTS could "continue to develop Flash

14   Enhancer," referenced in paragraph 17 of the MAYDER DECLARATION, including, but not

15   limited to, COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and

16   DEFENDANTS.

17   **RESPONSE:**

18       STS incorporates the General Objections set forth above.  STS objects to this Request to

19   the extent that it seeks disclosure of privileged communications between attorney and client or

20   documents protected by the work product doctrine, and STS shall not produce any such privileged

21   documents.  STS objects to this Request to the extent that it seeks production of documents in

22   violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

23   California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

24   to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

25   officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

26   provide documents and things outside its possession, custody, or control and (b) calls for

27   production of documents protected by the attorney-client privilege, work product doctrine or other

28   applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4th Req. Produc. Docs.        6        Case No. 5:07-cv-04330-RMW (HRL)

1    to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

2    documents and things outside its possession, custody, or control and (b) calls for production of

3    documents protected by the attorney-client privilege, work product doctrine or other applicable

4    law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

5    that they have no such non-privileged documents.

6    **REQUEST FOR PRODUCTION NO. 59:**

7          All DOCUMENTS RELATING TO or supporting the statement by DEFENDANTS'

8    FORMER COUNSEL to ROMI MAYDER that that [sic] "continuing work with Honeywell,

9    Spansion and Intel under the TRO was proper because that was the status quo that the TRO was

10   supposed to maintain,"," referenced in paragraph 17 of the MAYDER DECLARATION,

11   including, but not limited to, COMMUNICATIONS between DEFENDANTS' FORMER

12   COUNSEL and DEFENDANTS.

13         **RESPONSE:**

14         STS incorporates the General Objections set forth above.  STS objects to this Request to

15   the extent that it seeks disclosure of privileged communications between attorney and client or

16   documents protected by the work product doctrine, and STS shall not produce any such privileged

17   documents.  STS objects to this Request to the extent that it seeks production of documents in

18   violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

19   California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

20   to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

21   officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

22   provide documents and things outside its possession, custody, or control and (b) calls for

23   production of documents protected by the attorney-client privilege, work product doctrine or other

24   applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

25   to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

26   documents and things outside its possession, custody, or control and (b) calls for production of

27   documents protected by the attorney-client privilege, work product doctrine or other applicable

28   //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp. Verigy 4th Req. Produc. Docs.          7          Case No. 5:07-cv-04330-RMW (HRL)

1  law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

2  that they have no such non-privileged documents.

3  **REQUEST FOR PRODUCTION NO. 60:**

4      All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and

5  DEFENDANTS relating to Dr. Blanchard, referenced in paragraph 19 of the MAYDER

6  DECLARATION.

7      **RESPONSE:**

8      STS incorporates the General Objections set forth above.  STS objects to this Request to

9  the extent that it seeks disclosure of privileged communications between attorney and client or

10  documents protected by the work product doctrine, and STS shall not produce any such privileged

11  documents.  STS objects to this Request to the extent that it seeks production of documents in

12  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

13  California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS objects

14  to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

15  officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

16  provide documents and things outside its possession, custody, or control and (b) calls for

17  production of documents protected by the attorney-client privilege, work product doctrine or other

18  applicable law, statute or doctrine of privilege.  STS objects to the definition of "DEFENDANTS

19  to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

20  documents and things outside its possession, custody, or control and (b) calls for production of

21  documents protected by the attorney-client privilege, work product doctrine or other applicable

22  law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

23  that they have no such non-privileged documents.

24  **REQUEST FOR PRODUCTION NO. 61:**

25      All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and

26  DEFENDANTS relating to the Contempt Motion, referenced in paragraph 19-24 of the MAYDER

27  DECLARATION.

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.    8    Case No. 5:07-cv-04330-RMW (HRL)

**RESPONSE:**

STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. STS objects to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. STS objects to the definition of "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide documents and things outside its possession, custody, or control and (b) calls for production of documents protected by the attorney-client privilege, work product doctrine or other applicable law, statute or doctrine of privilege. Subject to the objections set forth above, Defendants respond that they have no such non-privileged documents.

**REQUEST FOR PRODUCTION NO. 62:**

All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and DEFENDANTS relating to the TRO, referenced in the MAYDER DECLARATION.

**RESPONSE:**

STS incorporates the General Objections set forth above. STS objects to this Request to the extent that it seeks disclosure of privileged communications between attorney and client or documents protected by the work product doctrine, and STS shall not produce any such privileged documents. STS objects to this Request to the extent that it seeks production of documents in violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the California Constitution, or any other applicable doctrine, law, or statute of privilege. STS objects to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp. Verigy 4th Req. Produc. Docs.    9    Case No. 5:07-cv-04330-RMW (HRL)

1  officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

2  provide documents and things outside its possession, custody, or control and (b) calls for

3  production of documents protected by the attorney-client privilege, work product doctrine or other

4  applicable law, statute or doctrine of privilege. STS objects to the definition of "DEFENDANTS

5  to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

6  documents and things outside its possession, custody, or control and (b) calls for production of

7  documents protected by the attorney-client privilege, work product doctrine or other applicable

8  law, statute or doctrine of privilege. Subject to the objections set forth above, Defendants respond

9  that they have no such non-privileged documents.

10  **REQUEST FOR PRODUCTION NO. 63:**

11      All COMMUNICATIONS between DEFENDANTS' FORMER COUNSEL and

12  DEFENDANTS relating to the Preliminary Injunction motion and briefing, referenced in the

13  MAYDER DECLARATION.

14      **RESPONSE:**

15      STS incorporates the General Objections set forth above. STS objects to this Request to

16  the extent that it seeks disclosure of privileged communications between attorney and client or

17  documents protected by the work product doctrine, and STS shall not produce any such privileged

18  documents. STS objects to this Request to the extent that it seeks production of documents in

19  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

20  California Constitution, or any other applicable doctrine, law, or statute of privilege. STS objects

21  to the definition of "DEFENDANTS' FORMER COUNSEL" to the extent that it includes "its

22  officers, directors, managers, employees, agents or attorneys" and therefore requires that (a) STS

23  provide documents and things outside its possession, custody, or control and (b) calls for

24  production of documents protected by the attorney-client privilege, work product doctrine or other

25  applicable law, statute or doctrine of privilege. STS objects to the definition of "DEFENDANTS

26  to the extent that it that it includes its "attorneys" and therefore requires that (a) STS provide

27  documents and things outside its possession, custody, or control and (b) calls for production of

28  documents protected by the attorney-client privilege, work product doctrine or other applicable

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp. Verigy 4ᵗʰ Req. Produc. Docs.          10          Case No. 5:07-cv-04330-RMW (HRL)

1  law, statute or doctrine of privilege.  Subject to the objections set forth above, Defendants respond

2  that they have no such non-privileged documents.

3  **REQUEST FOR PRODUCTION NO. 64:**

4        All COMMUNICATIONS between Schneck & Schneck and DEFENDANTS relating to

5  the Patent Disclosure attached as Exhibit B to the Declaration of Thomas Schneck, dated October

6  9, 2007 ("SCHNECK DECLARATION").

7        **RESPONSE:**

8        STS incorporates the General Objections set forth above.  STS objects to this Request to

9  the extent that it seeks disclosure of privileged communications between attorney and client or

10  documents protected by the work product doctrine, and STS shall not produce any such privileged

11  documents.  STS objects to this Request to the extent that it seeks production of documents in

12  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

13  California Constitution, or any other applicable doctrine, law, or statute of privilege.  STS

14  incorporates the General Objections set forth above.  STS objects to the definition of

15  "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a)

16  STS provide documents and things outside its possession, custody, or control and (b) calls for

17  production of documents protected by the attorney-client privilege, work product doctrine or other

18  applicable law, statute or doctrine of privilege.  Subject to the objections set forth above,

19  Defendants respond that they have no such non-privileged documents.

20  **REQUEST FOR PRODUCTION NO. 65:**

21        All COMMUNICATIONS relating to any novelty search done by Schneck & Schneck

22  related to documents attached as Exhibits B, D, or E to the SCHNECK DECLARATION,

23  referenced in the SCHNECK DECLARATION.

24        **RESPONSE:**

25        STS incorporates the General Objections set forth above.  STS objects to this Request to

26  the extent that it seeks disclosure of privileged communications between attorney and client or

27  documents protected by the work product doctrine, and STS shall not produce any such privileged

28  documents.  STS objects to this Request to the extent that it seeks production of documents in

1  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

2  California Constitution, or any other applicable doctrine, law, or statute of privilege. STS

3  incorporates the General Objections set forth above. STS objects to the definition of

4  "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a)

5  STS provide documents and things outside its possession, custody, or control and (b) calls for

6  production of documents protected by the attorney-client privilege, work product doctrine or other

7  applicable law, statute or doctrine of privilege. Defendants object to the term

8  "COMMUNICATIONS" as vague and ambiguous in not identifying the parties to any such

9  communications. Subject to the objections set forth above, Defendants respond that they have no

10  such non-privileged documents.

11  **REQUEST FOR PRODUCTION NO. 66:**

12      All COMMUNICATIONS between Schneck & Schneck and DEFENDANTS relating to

13  the documents attached as Exhibits B, D or E to the SCHNECK DECLARATION.

14      **RESPONSE:**

15      STS incorporates the General Objections set forth above. STS objects to this Request to

16  the extent that it seeks disclosure of privileged communications between attorney and client or

17  documents protected by the work product doctrine, and STS shall not produce any such privileged

18  documents. STS objects to this Request to the extent that it seeks production of documents in

19  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

20  California Constitution, or any other applicable doctrine, law, or statute of privilege. STS

21  incorporates the General Objections set forth above. STS objects to the definition of

22  "DEFENDANTS to the extent that it that it includes its "attorneys" and therefore requires that (a)

23  STS provide documents and things outside its possession, custody, or control and (b) calls for

24  production of documents protected by the attorney-client privilege, work product doctrine or other

25  applicable law, statute or doctrine of privilege. Subject to the objections set forth above,

26  Defendants respond that they have no such non-privileged documents.

27  //

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp. Verigy 4th Req. Produc. Docs.    12    Case No. 5:07-cv-04330-RMW (HRL)

1  **REQUEST FOR PRODUCTION NO. 67:**

2      All DOCUMENTS relating to Mr. Pochowski's alleged "disavowal of inventorship" as

3  described in paragraph 16 of the SCHNECK DECLARATION.

4      **RESPONSE:**

5      STS incorporates the General Objections set forth above.  STS objects to this Request to

6  the extent that it seeks disclosure of privileged communications between attorney and client or

7  documents protected by the work product doctrine, and STS shall not produce any such privileged

8  documents.  STS objects to this request to the extent that it seeks production of documents in

9  violation of the confidentiality provisions of any contract(s), Defendants' right of privacy under the

10  California Constitution, or any other applicable doctrine, law, or statute of privilege.

11  Subject to the objections set forth above, Defendants respond that all such non-privileged

12  documents have previously been produced.

13  **REQUEST FOR PRODUCTION NO. 68:**

14      All COMMUNICATIONS with Schneck & Schneck relating to potential litigation between

15  ROMI MAYDER and Mr. Robert Pochowski, as referenced in documents bates-labeled

16  SITES001744-001748.

17      **RESPONSE:**

18      STS incorporates the General Objections set forth above.  STS objects to this Request to

19  the extent that it seeks disclosure of privileged communications between attorney and client or

20  privileged attorney work product, and STS shall not produce any such privileged documents.  STS

21  objects to this request to the extent that it seeks production of documents in violation of the

22  confidentiality provisions of any contract(s), Defendants' right of privacy under the California

23  Constitution, or any other applicable doctrine, law, or statute of privilege.  Defendants object to the

24  term "COMMUNICATIONS" as vague and ambiguous in not identifying the parties to any such

25  communications. Subject to the objections set forth above, Defendants respond that they have no

26  such non-privileged documents.

27  //

28  //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4ᵗʰ Req. Produc. Docs.         13         Case No. 5:07-cv-04330-RMW (HRL)

1    **REQUEST FOR PRODUCTION NO. 69:**

2       All COMMUNICATIONS with Schneck & Schneck relating to inventorship, as referenced

3    in documents bates-labeled SITES001585-001586.

4       **RESPONSE:**

5       STS incorporates the General Objections set forth above.  STS objects to this Request to

6    the extent that it seeks disclosure of privileged communications between attorney and client or

7    privileged attorney work product, and STS shall not produce any such privileged documents.  STS

8    objects to this request to the extent that it seeks production of documents in violation of the

9    confidentiality provisions of any contract(s), Defendants' right of privacy under the California

10    Constitution, or any other applicable doctrine, law, or statute of privilege.  Defendants object to the

11    term "COMMUNICATIONS" as vague and ambiguous in not identifying the parties to any such

12    communications. Subject to the objections set forth above, Defendants respond that they have no

13    such non-privileged documents.

14    **REQUEST FOR PRODUCTION NO. 70:**

15       All DOCUMENTS relating to the "matrix options" as referenced in document bates-

16    labeled SITES001728-001733.

17       **RESPONSE:**

18       STS incorporates the General Objections set forth above.  STS objects to this Request to

19    the extent that it seeks disclosure of privileged communications between attorney and client or

20    privileged attorney work product, and STS shall not produce any such privileged documents.  STS

21    objects to this request to the extent that it seeks production of documents in violation of the

22    confidentiality provisions of any contract(s), Defendants' right of privacy under the California

23    Constitution, or any other applicable doctrine, law, or statute of privilege.  Subject to the

24    objections set forth above, Defendants respond that all such non-privileged documents have

25    previously been produced.

26    //

27    //

28    //

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4th Req. Produc. Docs.       14       Case No. 5:07-cv-04330-RMW (HRL)

1  .REQUEST FOR PRODUCTION NO. 71:

2      All COMMUNICATIONS between ROMI MAYDER and Schneck & Schneck relating to

3  Mr. Pochowski, as referenced in the documents bates-labeled SITES001744-001748,

4  SITES001585-001586, and SITES001728-001733.

5      **RESPONSE:**

6      STS incorporates the General Objections set forth above.  STS objects to this Request to

7  the extent that it seeks disclosure of privileged communications between attorney and client or

8  privileged attorney work product, and STS shall not produce any such privileged documents.

9  STS objects to this request to the extent that it seeks production of documents in violation of the

10 confidentiality provisions of any contract(s), Defendants' right of privacy under the California

11 Constitution, or any other applicable doctrine, law, or statute of privilege.  Subject to the

12 objections set forth above, Defendants respond that they have no such non-privileged documents.

13 **REQUEST FOR PRODUCTION NO. 72:**

14     All PowerPoint presentations and draft PowerPoint presentations previously produced in

15 this action in native file format.

16     **RESPONSE:**

17     STS incorporates the General Objections set forth above.  STS objects to this Request as

18 purporting to require the re-production of a substantial number of documents produced by any

19 Defendant, which documents amount to over 50,000 in number, and in that regard as overly broad,

20 unduly burdensome, and harassing.  STS further objects to this Request as unduly burdensome,

21 expensive and oppressive in light of Verigy's having previously asked for, and received, such

22 documents in a different format, namely "searchable pdf," such that production in a third format is

23 unreasonable.  STS objects to this Request as lacking foundation to the extent it assumes that every

24 document previously produced would have "metadata" associated with it.  Subject to and without

25 waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at

26 the meet-and-confer on August 5, 2008, STS has already produced in native format all those non-

27 privileged, documents which are available on the active operating system identified by a "*" on the

28 Special Master's list of documents as appended to plaintiff's Fourth Request for Production of

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.        15        Case No. 5:07-cv-04330-RMW (HRL)

1    Documents [a number of these documents were recovered by the special master using EnCase or

2    other forensic recovery software and are not accessible without this software, and which STS

3    identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)].  STS will also

4    produce in response to this Request any reasonable number of powerpoint presentations

5    specifically identified by author, date, and file name, which Plaintiff may assert as having

6    attachments or information which are missing from STS's previous productions, or to which

7    Plaintiff specifically requires access to native file metadata.

8    **REQUEST FOR PRODUCTION NO. 73:**

9         All word processing documents previously produced in this action in native file format.

10        **RESPONSE:**

11        STS incorporates the General Objections set forth above.  STS objects to this Request as

12   purporting to require the re-production of a substantial number of documents produced by any

13   Defendant, which documents amount to over 50,000 in number, and in that regard as overly broad,

14   unduly burdensome, and harassing.  STS further objects to this Request as unduly burdensome,

15   expensive and oppressive in light of Verigy's having previously asked for, and received, such

16   documents in a different format, namely "searchable pdf," such that production in a third format is

17   unreasonable.  STS objects to this Request as lacking foundation to the extent it assumes that every

18   document previously produced would have "metadata" associated with it.  Subject to and without

19   waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at

20   the meet-and-confer on August 5, 2008, STS has already produced in native format all those non-

21   privileged, documents which are available on the active operating system identified by a "*" on the

22   Special Master's list of documents as appended to plaintiff's Fourth Request for Production of

23   Documents [a number of these documents were recovered by the special master using EnCase or

24   other forensic recovery software and are not accessible without this software, and which STS

25   identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)].  STS will also

26   produce in response to this Request any reasonable number of word processing documents

27   specifically identified by author, date, and file name, which Plaintiff may assert as having

28   //

1  attachments or information which are missing from STS's previous productions, or to which

2  Plaintiff specifically requires access to native file metadata.

3  **REQUEST FOR PRODUCTION NO. 74:**

4      All Excel spreadsheets previously produced in this action in native file format.

5      **RESPONSE:**

6      STS incorporates the General Objections set forth above.  STS objects to this Request as

7  purporting to require the re-production of a substantial number of documents produced by any

8  defendant, which documents amount to over 50,000 in number, and in that regard as overly broad,

9  unduly burdensome, and harassing.  STS further objects to this Request as unduly burdensome,

10  expensive and oppressive in light of Verigy's having previously asked for, and received, such

11  documents in a different format, namely "searchable pdf," such that production in a third format is

12  unreasonable.  STS objects to this Request as lacking foundation to the extent it assumes that every

13  document previously produced would have "metadata" associated with it.  Subject to and without

14  waiving the foregoing objections, STS responds that pursuant to agreement reached by counsel at

15  the meet-and-confer on August 5, 2008, STS has already produced in native format all those non-

16  privileged, documents which are available on the active operating system identified by a "*" on the

17  Special Master's list of documents as appended to plaintiff's Fourth Request for Production of

18  Documents [a number of these documents were recovered by the special master using EnCase or

19  other forensic recovery software and are not accessible without this software, and which STS

20  identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)].  STS will also

21  produce in response to this request any reasonable number of Excel spreadsheets specifically

22  identified by author, date, and file name, which Plaintiff may assert as having attachments or

23  information which are missing from STS's previous productions, or to which Plaintiff specifically

24  requires access to native file metadata.

25  **REQUEST FOR PRODUCTION NO. 75:**

26      All sales projections for STS products.

27      **RESPONSE:**

28      STS incorporates the General Objections set forth above.  STS objects to this Request to

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp.  Verigy 4th Req. Produc. Docs.    17    Case No. 5:07-cv-04330-RMW (HRL)

1  the extent that it requires the production of privileged documents under the attorney-client, work

2  product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

3  privileged information.  STS objects to this Request as unduly expensive and burdensome under

4  Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

5  third parties, but are not reasonably accessible to STS.  STS understands this Request not to

6  encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

7  between STS and any of its legal counsel in this action, past or current) and STS shall neither

8  produce nor include such documents in a privilege log.  STS objects to this Request as vague and

9  ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

10  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

11  this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

12  information in this action; specifically, STS objects to this Request as purporting to require the

13  production of documents relating to any "STS product" which are not related to the claims or

14  defenses of this action and about which Verigy has no right to discover.  STS objects to this

15  Request in its use of the undefined term "sales projections" and in that regard as vague and

16  ambiguous.  Subject to and without waiving the foregoing objections, STS responds that it will

17  produce all reasonably accessible, non-privileged, responsive documents not previously produced

18  by STS.

19  **REQUEST FOR PRODUCTION NO. 76:**

20      All profit projections for STS products.

21      **RESPONSE:**

22      STS incorporates the General Objections set forth above.  STS objects to this Request to

23  the extent that it requires the production of privileged documents under the attorney-client, work

24  product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

25  privileged information.  STS objects to this Request as unduly expensive and burdensome under

26  Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

27  third parties, but are not reasonably accessible to STS.  STS understands this Request not to

28  encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4ᵗʰ Req. Produc. Docs.          18          Case No. 5:07-cv-04330-RMW (HRL)

1  between STS and any of its legal counsel in this action, past or current) and STS shall neither

2  produce nor include such documents in a privilege log. STS objects to this Request as vague and

3  ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

4  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

5  this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

6  information in this action; specifically, STS objects to this request as purporting to require the

7  production of documents relating to any "STS product" which are not related to the claims or

8  defences of this action and about which Verigy has no right to discover. STS objects to this

9  Request in its use of the undefined term "profit projections" and in that regard as vague and

10 ambiguous. Subject to and without waiving the foregoing objections, STS responds that it will

11 produce all reasonably accessible, non-privileged, responsive documents not previously produced

12 by STS.

13 **REQUEST FOR PRODUCTION NO. 77:**

14      All market analyses for STS products.

15      **RESPONSE:**

16      STS incorporates the General Objections set forth above. STS objects to this Request to

17 the extent that it requires the production of privileged documents under the attorney-client, work

18 product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

19 privileged information. STS objects to this Request as unduly expensive and burdensome under

20 Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

21 third parties, but are not reasonably accessible to STS. STS understands this Request not to

22 encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

23 between STS and any of its legal counsel in this action, past or current) and STS shall neither

24 produce nor include such documents in a privilege log. STS objects to this Request as vague and

25 ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

26 STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

27 this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

28 information in this action; specifically, STS objects to this request as purporting to require the

1  production of documents relating to any "STS product" which are not related to the claims or

2  defences of this action and about which Verigy has no right to discover.  STS objects to this

3  Request in its use of the undefined term "market analyses" and in that regard as vague and

4  ambiguous.  Subject to and without waiving the foregoing objections, STS responds that it all

5  reasonably-accessible, non-privileged, responsive documents have been previously produced by

6  STS.

7  **REQUEST FOR PRODUCTION NO. 78:**

8      All projected or current valuations for STS.

9      **RESPONSE:**

10      STS incorporates the General Objections set forth above.  STS objects to this Request to

11  the extent that it requires the production of privileged documents under the attorney-client, work

12  product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

13  privileged information.  STS objects to this Request as unduly expensive and burdensome under

14  Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

15  third parties, but are not reasonably accessible to STS.  STS understands this Request not to

16  encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

17  between STS and any of its legal counsel in this action, past or current) and STS shall neither

18  produce nor include such documents in a privilege log.  STS objects to this Request as vague and

19  ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

20  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

21  this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

22  information in this action.  STS objects to this Request in its use of the undefined terms "projected

23  or current valuations" and in that regard as vague and ambiguous.  Subject to and without waiving

24  the foregoing objections, STS responds that it will produce all reasonably accessible, non-

25  privileged, responsive documents not previously produced by STS.

26  **REQUEST FOR PRODUCTION NO. 79:**

27      All DOCUMENTS RELATING TO projected or current valuations for STS, including, but

28  not limited to, DOCUMENTS showing the basis for such valuations.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4th Req. Produc. Docs.        20        Case No. 5:07-cv-04330-RMW (HRL)

1    **RESPONSE:**

2        STS incorporates the General Objections set forth above.  STS objects to this Request to

3    the extent that it requires the production of privileged documents under the attorney-client, work

4    product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

5    privileged information.  STS objects to this Request as unduly expensive and burdensome under

6    Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

7    third parties, but are not reasonably accessible to STS.  STS understands this Request not to

8    encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

9    between STS and any of its legal counsel in this action, past or current) and STS shall neither

10   produce nor include such documents in a privilege log.  STS objects to this Request as vague and

11   ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

12   STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

13   this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

14   information in this action.   STS objects to this Request in its use of the undefined terms "projected

15   or current valuations" and in that regard as vague and ambiguous.  Subject to and without waiving

16   the foregoing objections, STS responds that it will produce all reasonably accessible, non-

17   privileged, responsive documents not previously produced by STS.

18   **REQUEST FOR PRODUCTION NO. 80:**

19       All DOCUMENTS RELATING TO market analyses for STS.

20   **RESPONSE:**

21       STS incorporates the General Objections set forth above.  STS objects to this Request to

22   the extent that it requires the production of privileged documents under the attorney-client, work

23   product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

24   privileged information.  STS objects to this Request as unduly expensive and burdensome under

25   Fed. R. Civ. P. Rule 26(b)(2)(B) in that additional documents may exist and be in the possession of

26   third parties, but are not reasonably accessible to STS.  STS understands this Request not to

27   encompass privileged documents created after the filing of the action by Verigy (*e.g.*, emails

28   between STS and any of its legal counsel in this action, past or current) and STS shall neither

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

STS's Resp.  Verigy 4th Req. Produc. Docs.          21          Case No. 5:07-cv-04330-RMW (HRL)

1  produce nor include such documents in a privilege log. STS objects to this Request as vague and

2  ambiguous as to time and subject matter, and in that regard as overbroad and unduly burdensome.

3  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

4  this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

5  information in this action.   STS objects to this Request in its use of the undefined term "market

6  analyses" and in that regard as vague and ambiguous.  Subject to and without waiving the

7  foregoing objections, STS responds that it will produce all, non-privileged, responsive documents

8  that have not been previously produced by STS.

9  **REQUEST FOR PRODUCTION NO. 81:**

10         Any receipt, bank statement, cancelled check, invoice, website print-out or packing slip

11  showing any purchase made at bookfactory.com between May 2006 and January 2007.

12         **RESPONSE:**

13         STS incorporates the General Objections set forth above.  STS objects to this Request as

14  vague and ambiguous as to subject matter, and in that regard as overbroad and unduly burdensome.

15  STS objects to this Request as seeking documents that are not relevant to the issues in dispute in

16  this action, or that are not reasonably calculated to lead to the discovery of relevant documents or

17  information in this action.  STS objects to this as vague and ambiguous.  Subject to and without

18  waiving the foregoing objections, STS responds that it has no such documents not previously

19  produced.

20  **REQUEST FOR PRODUCTION NO. 82:**

21         Native file format versions of all DOCUMENTS indicated by a star on the special master's

22  report attached hereto as Exhibit A.

23         **RESPONSE:**

24         STS incorporates the General Objections set forth above.  STS objects to this Request to

25  the extent that it requires the production of privileged documents under the attorney-client, work

26  product, or other applicable doctrine, or any right of privacy, and STS shall not provide any such

27  privileged information.  STS understands this Request not to encompass privileged documents

28  created after the filing of the action by Verigy (*e.g.*, emails between STS and any of its legal

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ™

STS's Resp. Verigy 4ᵗʰ Req. Produc. Docs.        22        Case No. 5:07-cv-04330-RMW (HRL)

1    counsel in this action, past or current) and STS shall neither produce nor include such documents

2    in a privilege log.  STS objects to this Request as vague and ambiguous as to time and subject

3    matter, and in that regard as overbroad and unduly burdensome.  STS objects to this Request as

4    seeking documents that are not relevant to the issues in dispute in this action, or that are not

5    reasonably calculated to lead to the discovery of relevant documents or information in this action.

6    STS further objects to this Request as unduly burdensome, expensive and oppressive in light of

7    Verigy's having previously asked for, and received, such documents in a different format, namely

8    "searchable pdf," such that production in a third format is unreasonable.  STS objects to this

9    Request as lacking foundation to the extent it assumes that every document previously produced

10   would have "metadata" associated with it.  Subject to and without waiving the foregoing

11   objections, STS responds that pursuant to agreement reached by counsel at the meet-and-confer on

12   August 5, 2008, STS has already produced in native format all those non-privileged, documents

13   which are available on the active operating system identified by a "*" on the Special Master's list

14   of documents as appended to plaintiff's Fourth Request for Production of Documents [a number of

15   these documents were recovered by the special master using EnCase or other forensic recovery

16   software and are not accessible without this software, and which STS identifies as not reasonably

17   accessible pursuant to Fed. R. Civ. P. 26 (b)(2)(B)].  Further, STS has provided a privilege log as

18   to those documents withheld on the basis of privilege.

19

20   Dated: August 25, 2008                          RUSSO & HALE LLP

21

                                        By:    _Tim C. Hale /lg_____
22                                              Tim C. Hale

23                                              Attorneys for Defendants and Counterclaimants
                                                ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
24                                              SILICON TEST SOLUTIONS, LLC and WESLEY
                                                MAYDER

25

26

27

28

# EXHIBIT C

# HIGHLY CONFIDENTIAL
## ATTORNEYS' EYES ONLY

# FILED UNDER SEAL

# EXHIBIT D

# CONFIDENTIAL

# ATTORNEYS' EYES ONLY

# FILED UNDER SEAL