

1  JACK RUSSO (State Bar No. 96068)
   TIM C. HALE (State Bar No. 114905)
2  JOHN KELLEY (State Bar No. 100714)
   RUSSO & HALE LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  Telephone: (650) 327-9800
   Facsimile: (650) 327-3737
5  Email: jrusso@computerlaw.com
           thale@computerlaw.com
6          jkelley@computerlaw.com

7  Attorneys for Defendants
   ROMI MAYDER, SILICON TEST SYSTEMS, INC.,
8  SILICON TEST SOLUTIONS LLC, and WESLEY
   MAYDER
9
                  IN THE UNITED STATES DISTRICT COURT
10
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN JOSE DIVISION
12

| | |
|---|---|
| 13  VERIGY US, INC., a Delaware Corporation, | Case No. 5:07-cv-04330-RMW (HRL) |
| 14               Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR (1) PARTIAL SUMMARY JUDGEMENT ON PLAINTIFF'S SECOND CLAIM FOR RELIEF AND DEFENDANTS' FIRST AND SECOND COUNTERCLAIMS AND (2) FOR A TRO AND PRELIMINARY INJUNCTION AGAINST PLAINTFF; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15               v. | |
| 16  ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | |
| 17 | |
| 18 | |
| 19 | |
| 20               Defendants. | **Before: Hon. Ronald J. Whyte** **Ctrm:  6** **Date:    October 17, 2008** **Time:   9:00 a.m.** |
| 21 | |
| 22 | Complaint Filed: August 22, 2007 Trial Date: December 8, 2008 (jury trial) (Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |
| 23 | |
| 24 | |
| 25  AND RELATED COUNTERCLAIMS. | |

26
               **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
27
                 **DOCUMENT SUBMITTED UNDER SEAL**
28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

1

## TABLE OF CONTENTS

2  TABLE OF AUTHORITIES ................................................................................................ ii

3  NOTICE OF MOTION AND MOTION ......................................................................... 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

5  INTRODUCTION ................................................................................................................ 1

6  STATEMENT OF FACTS ................................................................................................. 2

7  STANDARDS FOR THE RELIEF REQUESTED ....................................................... 6

8  ARGUMENT ......................................................................................................................... 7

9  I.    VERIGY'S PURPORTED TRADE SECRETS ARE EITHER
         PUBLICLY KNOWN, READILY ASCERTAINABLE, THE
10       PROPERTY OF OTHERS, OR NOT MISAPPROPRIATED BY DEFENDANTS. ............7

11       A.    The ██████ Project Technical Information Has Been in the Public
12              Domain At Minimum Since the '140 Patent Application Became Public .................7

13       B.    The ██████ Project Technical Information Has Been in the
14              Public Domain Since the Filing Date of the '140 Patent Application. ......................8

15             1.    The Basic Ideas of ██████ Have Long Been in the Public Domain. ..............8

16             2.    The Finding of Obviousness Proves that ██████ Was
17                   Already in the Public Domain as of At Least April 24, 2006. ......................9

18       C.    The ████████ Information Is Not a Trade Secret. ................................................10

19             1.    The ████████ Information Was Disclosed in the '140 Application. .........10

20             2.    ███████████████████████████████
21             ████████████████████████████ .....................11

22       D.    Defendants Have Not Misappropriated any of the Alleged
23              Trade Secrets in Section 1(b) of Verigy's Amended Trade Secret List. ..................12

24       E.    Section 1(d) of Verigy's Amended Trade Secret List Does Not
                Describe Any Actual Trade Secrets and, In Any Event, Defendants
25              Have Not Misappropriated Any of Such Alleged Trade Secrets. ............................13

26       F.    Section 1(e) of Verigy's Amended Trade Secret List Does Not
                Describe Any Actual Trade Secrets and, In Any Event, Defendants
27              Have Not Misappropriated Any of Such Alleged Trade Secrets. ............................14

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com℠

Defs.' MSJ re Trade Secrets

i

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)

G.    Section 1(f) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets. ..............................15

H.    Section 1(g) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets. ..............................15

I.    Section 1(h) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets. ..............................18

J.    Section 1(c) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets. ..............................21

K.    Defendants Have Not Misappropriated Any of the Alleged Trade Secrets in Section 2 of Verigy's Amended Trade Secret List........................22

L.    The Alleged Trade Secrets in Section 3 of Verigy's Amended Trade Secret List Do Not Constitute Trade Secrets, and, Therefore, Cannot Have Been Misappropriated by Defendants.......................23

II.    A TRO AND A PRELIMINARY INJUNCTION SHOULD BE ENTERED AGAINST VERIGY AND OTHERS ACTING IN CONCERT WITH VERIGY FROM FALSELY THREATENING ANY STS STAKEHOLDERS WITH TRADE SECRET LITIGATION...........................23

CONCLUSION………………………………………………………………25

1

**TABLE OF AUTHORITIES**

2   **Cases**

3   *Alza Corp. v. Mylan Labs., Inc.*,

4       464 F.3d 1286 (Fed. Cir. 2006).......................................................................... 9

5   *Bursese v. Paypal, Inc.*,

6       2007 U.S. Dist. LEXIS 12785 (N.D. Cal. Feb. 12, 2007)................................... 6

7   *Conmar Prods. Corp. v. Universal Slide Fastener Co.*,
        172 F.2d 150 (2d Cir. 1949) (L. Hand) .............................................................. 8

8   *Forcier v. Microsoft Corp.*,

9       123 F.Supp.2d 520 (N.D. Cal. 2000) .................................................................. 8

10  *Hologic, Inc. v. SenoRx, Inc.*,

11      2008 U.S. Dist. LEXIS 36693 (N.D. Cal. Apr. 25, 2008) ........................ 6, 23, 24

12  *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos.*,

13      210 F.3d 1099 (9th Cir. 2000) ............................................................................ 6

14  *On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GmbH*,
        386 F.3d 1133 (Fed. Cir. 2004)........................................................................ 7-8

15  *Sonista, Inc. v. David Hsieh*,

16      2005 U.S. Dist. LEXIS 31397 (N.D. Cal. Nov. 21, 2005)................................... 6

17  *Stutz Motor Car of America, Inc. v. Reebok Int'l, Ltd.*,

18      909 F. Supp. 1353 (C.D.Cal.1995) ..................................................................... 8

19  *Tank Tech, Inc. v. Neal*,

20      2007 U.S. Dist. LEXIS 53066 (D. Mo. July 23, 2007) ....................................... 8

**Statutes**

21

22  F.R.Civ.P. 56................................................................................................................ 1

23  F.R.Civ.P. 65......................................................................................................... 1, 24

24  35 U.S.C. 103.............................................................................................................. 5

25  35 U.S.C. § 112.................................................................................................. 7, 10, 11

26  37 C.F.R. § 1.56......................................................................................................... 11

27  Cal. Civ. Code §3426.1................................................................................... 7, 8, 14, 18

28  CACI 4420 .................................................................................................................. 7

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFF VERIGY US, INC. AND ITS ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE THAT DEFENDANTS HEREIN SHALL AND HEREBY DO

4 move the Court for: (1) (a) partial summary judgment as to Verigy US, Inc.'s ("Verigy") Second

5 Claim for Relief for trade secret misappropriation and the First and Second Counterclaims or, in

6 the alternative, (b) for partial summary judgment that none of the individual alleged trade secrets in

7 Verigy's amended trade secret list (i) are actual trade secrets or (ii) have been misappropriated by

8 any of Romi Mayder, Wesley Mayder, Silicon Test Systems, Inc. ("STS") and Silicon Test

9 Solutions, LLC (collectively, "Defendants"), pursuant to F.R.Civ.P. 56(b), on the grounds that

10 Verigy's second claim for relief is not actionable against Defendants in that Verigy's alleged trade

11 secrets Verigy are not trade secrets and have not been misappropriated by Defendants, and (2) for a

12 TRO and a preliminary injunction to prohibit Verigy and others acting in concert with Verigy from

13 falsely threatening any of STS Stakeholders[1] with trade secret litigation, pursuant to F.R.Civ.P. 65.

14 This Motion is supported by the accompanying Memorandum of Points and Authorities, the

15 accompanying Declaration of Dr. Richard Blanchard, the previous declarations of Dr. Richard

16 Blanchard filed October 11, 2007, November 30, 2007 and July 10, 2008, the accompanying

17 Declarations of Christopher Sargent and Romi Mayder, and such other matters that are on file with

18 the Court, and such matters as will be presented at the hearing on this matter.

19

**MEMORANDUM OF POINTS AND AUTHORITIES[2]**

20

**INTRODUCTION**

21

The Court has recently been made aware of the US patent application US20070247140 (the

22 "'140 Application"), which was filed on April 24, 2006 and was published on October 25, 2007.

23 In addition to failing in light of the '140 Application itself, Verigy's trade secret claims fail in light

24

_____

25 [1] The phrase "STS Stakeholders" means and includes any and all actual or potential employees, contractors, stakeholders, vendors, customers, and lenders of STS.

26 [2] The arguments expressed herein are intended to include, expand upon and supplement the

27 arguments previously made before this Court by the Defendants in the Motion for Summary Adjudication and for Modification of Preliminary Injunction. Defendants also respectfully request that the Court take judicial notice of the previous declarations of Dr. Blanchard filed in this case on

28 October 11, 2007, November 30, 2007 and July 10, 2008; _see_ Docket Nos. 53, 126, and 262.

1  of the prosecution history of the '140 Application, including the repeated rejections of its claims by

2  the USPTO based on obviousness, other published patents and publicly available information,

3  admissions by Verigy's 30(b)(6) witnesses, and the specific opinions of Dr. Blanchard.  Verigy

4  made a fundamental choice in prosecuting the '140 Application: by seeking the protection of

5  federal patent laws, it was forced to disclose all that was necessary to enable the inventions

6  claimed in that application in their best modes, and it also gave up trade secret protection for what

7  was disclosed, expressly or implicitly, in the '140 Application.  Verigy has yet to acknowledge the

8  fundamental problems that the '140 Application and its prosecution history create for its trade

9  secret claims.  After those claims are parsed in light of the '140 Application and related evidence,

10  nothing remains.  Verigy does not have any viable claim for trade secret misappropriation, and an

11  order granting Defendants' motion for partial summary judgment should be granted.  In addition, a

12  TRO and a preliminary injunction should be entered to prohibit Verigy or others acting in concert

13  with it from falsely threatening any STS Stakeholders with trade secret litigation.

14  **STATEMENT OF FACTS**

15  ████████████████████████

16  ████████████████ n are the purported trade secrets described in § 1(a) of Plaintiff's

17  Amended C.C.P. Section 2019.210 Disclosure dated April 18, 2008 ("Amended Trade Secret List"

18  or "Exh. 126").

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████

26

27  ─────────────────────
   [3] Declaration of Dr. Richard A. Blanchard in Support of Motion For Summary Judgment ("BD" or

28  "Blanchard Decl."), ¶ 32(e)(i)-(ix).  Deposition Exhs. 138 - 141 are contained in Exh. 9 to the
   Blanchard Decl.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' MSJ re Trade Secrets                    2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[4] See Declaration of Christopher Sargent, Exhs. 1 and 2.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**     3     **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**



RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠℠

**Defs.' MSJ re Trade Secrets**                4                **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1   **The Published '140 Patent Application**

2       On April 24, 2006, Agilent Technologies filed the '140 Application.



RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**          5          **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1

## STANDARDS FOR THE RELIEF REQUESTED

2     The standard for when summary judgment may be granted is well-settled. As the Ninth

3  Circuit has stated:

4     In order to carry its burden of production, the moving party must either produce
      evidence negating an essential element of the non-moving party's claim or
5     defense or show that the non-moving party does not have enough evidence to
      carry its ultimate burden of persuasion at trial. In order to carry its ultimate
6     burden of persuasion on the motion, the moving party must persuade the court that
      there is no genuine issue of material fact.
7

8  *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

9     Facts are material if they may affect the outcome of the case. *Sonista, Inc. v. David Hsieh*,

10 2005 U.S. Dist. LEXIS 31397, at *3 (N.D. Cal. Nov. 21, 2005). Further, when the motion is well

11 supported, the non-moving party must present specific facts that demonstrate that contradiction is

12 possible. *Bursese v. Paypal, Inc.*, 2007 U.S. Dist. LEXIS 12785, at *9 (N.D. Cal. Feb. 12, 2007).

13 That is, the responding party must set forth specific facts by affidavit or other admissible evidence

14 demonstrating that there is an issue for trial. *Id.* Here, undisputed facts, based on the '140

15 Application, the prosecution history of the '140 Application, the multiple invention declarations

16 submitted by Agilent in connection with the '140 Application, other publicly available patents and

17 other publications, admissions by Verigy's Rule 30(b)(6) witnesses, the testimony of third-party

18 Chris Straube, and the opinions of Dr. Blanchard require that partial summary judgment be granted

19 in favor of Defendants.

20    A different standard applies to Defendants' motion for a TRO and a preliminary injunction:

21        A party seeking a preliminary injunction must establish: (1) a reasonable likelihood
          of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance
22        of hardships tipping in its favor; and (4) a public interest favoring the injunction….These
          factors can be established by demonstrating either "(1) a combination of probable success
23        on the merits and the possibility of irreparable injury or (2) that serious questions are raised
          and the balance of hardships tips sharply in [the moving party's] favor."
24

25 *Hologic, Inc. v. SenoRx, Inc*., 2008 U.S. Dist. LEXIS 36693, 4-5 (N.D. Cal. Apr. 25, 2008)

26 (citations omitted).

27

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**     6     **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1

<u>**ARGUMENT**</u>

2

**I.    VERIGY'S PURPORTED TRADE SECRETS ARE EITHER**

3

**PUBLICLY KNOWN, READILY ASCERTAINABLE, THE**
<u>**PROPERTY OF OTHERS, OR NOT MISAPPROPRIATED BY DEFENDANTS.**</u>

4

The California Uniform Trade Secrets Act ("UTSA") sets a clear standard for what

5

qualifies as a trade secret.  "'Trade secret' means information … that (1) derives independent

6

economic value from not being generally known to the public or to other persons who can obtain

7

economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under

8

the circumstances to maintain its secrecy."  Cal. Civil Code § 3426.1(d).  Verigy's purported trade

9

secrets fail both tests, being generally known to the public or other persons who can obtain value

10

from them, and not being subject to reasonable secrecy measures.  Furthermore, California

11

recognizes a defense to a trade secret claim for information that is "readily ascertainable by proper

12

means."[5]   Many of Verigy's alleged trade secrets also fail because they are readily ascertainable,

13

especially to one of ordinary skill in the art of designing automatic test equipment ("<u>ATE</u>").

14

For that reason, partial summary judgment should be granted in favor of Defendants regarding the

15

trade secret claims.

16

**A.    The ▆▆▆ Project Technical Information Has Been in the Public**

17

<u>**Domain At Minimum Since the '140 Patent Application Became Public.**</u>

18

In April, 2006, Agilent applied for a patent based on the ▆▆▆ project.  ▆▆▆▆▆▆▆

19

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  That application discloses, as

20

required by patent law, all information necessary to enable the inventions claimed in the

21

application in their best mode.  35 U.S.C. § 112.  The Application became a matter of public

22

record on October 25, 2007.  Accordingly, the entirety of the ▆▆▆project, expressly or

23

implicitly, became publicly available on October 25, 2007 at the very latest.

24

The law is well-settled that "[a]fter a patent has issued, the information contained within it

25

is ordinarily regarded as public and not subject to protection as a trade secret."  *On-Line*

26

27

[5] *See, e.g.*, CACI 4420, "Affirmative Defense—Information Was Readily Ascertainable by Proper
Means" (December 2007), which is available at
http://www.courtinfo.ca.gov/jury/civiljuryinstructions/documents/ca_jury_instructions.pdf
(retrieved Sept. 12, 2008).

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**                    7                    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1  *Technologies, Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1141 (Fed. Cir. 2004);

2  *Conmar Prods. Corp. v. Universal Slide Fastener Co.*, 172 F.2d 150, 155-56 (2d Cir. 1949) (L.

3  Hand); *Tank Tech, Inc. v. Neal*, 2007 U.S. Dist. LEXIS 53066, at *25 (D. Mo. July 23, 2007).

4  Once information is published in a patent or a patent application it becomes "readily

5  ascertainable," because it can be generally known to competitors, and, therefore, cannot meet the

6  trade secret definition.  *Id.*; Cal. Civ. Code §3426.1(d).

7  
8  
9  > "It is well established that the disclosure of a trade secret in a patent places the information comprising the secret into the public domain. [Citation omitted.] Once the information is in the public domain and the element of secrecy is gone, the trade secret is extinguished and 'the patentee's only protection is that afforded under the patent law.' [Citation omitted.]"

10  *Forcier v. Microsoft Corp.,* 123 F.Supp.2d 520, 528 (N.D. Cal. 2000), *citing Stutz Motor Car of*

11  *America, Inc. v. Reebok Int'l, Ltd.,* 909 F. Supp. 1353, 1359 (C.D.Cal.1995).

12  Even assuming that the ████ project was based on trade secret information prior to the

13  publication of the '140 Application, its publication destroyed all such trade secrecy as a matter of

14  law.  Accordingly, at minimum, this Court should grant partial summary judgment to the

15  Defendants that the alleged technical trade secrets concerning the ████ project, § 1(a) in the

16  Amended Trade Secret List, were not trade secrets after October 25, 2007, the date the patent

17  application became a public record.

18  **B.    The ████ Project Technical Information Has Been in the**
19  **Public Domain Since the Filing Date of the '140 Patent Application.**

20  In addition to becoming public on October 25, 2007, the alleged ████ trade secrets were

21  in the public domain prior to that time.  ████████████████████████████████

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████

25  **1.    The Basic Ideas of ████ Have Long Been in the Public Domain.**

26  ████████████████████████████████████████████

27  ████████████████████████████████████████████

28  ████████████████████████████████

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ᔆᴹ

**Defs.' MSJ re Trade Secrets**    8    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**
**ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

### 2. The Finding of Obviousness Proves that ████████ Already in the Public Domain as of At Least April 24, 2006.

The examiner's repeated findings of obviousness make clear that the essential knowledge reflected in the '140 Application was already publicly known to those of ordinary skill in the art as of the date the '140 Application was filed, April 24, 2006. This standard is similar to, and in fact more stringent than, the test for whether a trade secret is readily ascertainable; therefore, the examiner's repeated findings of obviousness demonstrate that Verigy's alleged trade secrets concerning ████ were all readily ascertainable as of April 24, 2006.

Under California law, information is not a trade secret not only if it is publicly available, but also if it can be readily ascertained from public information.

> In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense. For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials. On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

CACI 4420. By way of comparison, the Federal Circuit has described the obviousness test as follows: "As for obviousness, a claimed invention is unpatentable if the differences between it and the prior art are 'such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.'" *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1289 (Fed. Cir. 2006). The California readily ascertainable test looks to the expense or difficulty of coming up with information, while the federal obviousness test looks at the knowledge of one of ordinary skill in the art. Something may be readily ascertainable under California trade secret law even if it is not immediately known to one of ordinary skill in the art, because something can be readily ascertainable even if someone needs to expend some additional effort or expense to discover that information. Therefore, because the '140 Application was

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**    9    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

obvious, as found by the patent examiner, it was also readily ascertainable as of April 24, 2006 under California trade secret law.

Therefore, partial summary judgment should be granted in favor of Defendants that the information allegedly identified in § 1(a) of the Amended Trade Secret List was not a trade secret as of April 24, 2006, if not earlier.  Furthermore, since misappropriation is defined with respect to actual trade secrets, Defendants have not misappropriated those alleged trade secrets, and partial summary judgment should be granted in that regard as well.

**C.    The ██████████ Information Is Not a Trade Secret.**

   **1.    The ██████████ Information Was Disclosed in the '140 Application.**

Under the Patent Act, the '140 Application must have been enabled, and Agilent was required to disclose the "best mode" of all of the inventions claimed in the '140 Application.  35 U.S.C. § 112.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ᔆᴹ

**Defs.' MSJ re Trade Secrets**                10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)

1  As a matter of law, based upon both (a) the enablement and best more requirements of 35 U.S.C. §

2  112 and the duty of candor existing under 37 C.F.R. § 1.56, *inter alia*, and (b) the principles

3  estoppel, quasi-estoppel, and waiver,[6] Verigy cannot now claim that there were any additional

4  trade secrets known to Verigy as of May 9, 2006, when the updated inventors' declarations were

5  filed, not set forth in the '140 Application that were necessary for one of ordinary skill in the art to

6  practice the best mode of all of the inventions claimed in the '140 Application.

7

8

9

10

11  was effectively disclosed by the '140 Application, it too cannot be a trade

12  secret after April 24, 2006, or at minimum, October 24, 2007.  Therefore, partial summary

13  judgment should be granted in favor of Defendants that the information allegedly identified in§

14  1(a) of the Amended Trade Secret List concerning Chameleon was not a trade secret as of at least

15  April 24, 2006, and that Defendants have not misappropriated those alleged trade secrets.

16  **2.**

17

18

19

20

21

22

23

24

25

26

27

28  _____
[6]  *See*, *e.g.*, *In re Baker Hughes Inc.*, 215 F.3d 1297, 1301-1302 (Fed. Cir. 2000).

**Defs.' MSJ re Trade Secrets**          11



Therefore, partial summary judgment should be granted in favor of Defendants that the information allegedly identified in § 1(a) of the Amended Trade Secret List concerning ███████ was not a trade secret of Verigy as of at least April 24, 2006, and that Defendants have not misappropriated such alleged trade secrets.

**D.    Defendants Have Not Misappropriated any of the Alleged Trade Secrets in Section 1(b) of Verigy's Amended Trade Secret List.**

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com

Defs.' MSJ re Trade Secrets                12                HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)

1

2

3

4

5

6

7

8          Therefore, partial summary judgment should be granted in favor of Defendants that

9   Defendants have not misappropriated any of the information allegedly identified in § 1(b) of the

10  Amended Trade Secret List.

11

12       **E.      Section 1(d) of Verigy's Amended Trade Secret List Does Not
             Describe Any Actual Trade Secrets and, In Any Event, Defendants
13           <u>Have Not Misappropriated Any of Such Alleged Trade Secrets</u>.**

14

15

16

17

18

19

20

21

22

23

24

25          Therefore, partial summary judgment should be granted in

26  favor of Defendants that the information allegedly identified in § 1(d) of the Amended Trade

27  _____

28  [7]  *See* Exs. B and C to Docket No. 9.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' MSJ re Trade Secrets          13          HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
                                                 ONLY - Case No. 5:07-cv-04330-RMW (HRL)

1  Secret List concerning ███████ was not a trade secret of Verigy as of at least April 24, 2006,

2  and that Defendants have not misappropriated such alleged trade secrets.

3      **F.    Section 1(e) of Verigy's Amended Trade Secret List Does Not
              Describe Any Actual Trade Secrets and, In Any Event, Defendants
              Have Not Misappropriated Any of Such Alleged Trade Secrets.**

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**                    14

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

Therefore, partial summary judgment should be granted in favor of Defendants that none of the information allegedly identified in § 1(e) of the Amended Trade Secret List is a trade secret of Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such alleged trade secrets.

**G.    Section 1(f) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets.**

Therefore, partial summary judgment should be granted in favor of Defendants that none of the information allegedly identified in § 1(f) of the Amended Trade Secret List is a trade secret of Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such alleged trade secrets.

**H.    Section 1(g) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets.**

---

9  *See* Exs. A and B to Docket No. 8.

10

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠ᴹ

**Defs.' MSJ re Trade Secrets**          15          **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Case No. 5:07-cv-04330-RMW (HRL)**



11   *See* Exs. A, B, C, D, E, and F to Docket No. 11 (the "<u>First Pochowski Declaration</u>").

12   "The history of the development of the Silicon on Sapphire (SOS) device technology is quite old, and dates back to the 1960s."  *See* "Silicon on Sapphire (SOS) Device Technology," available at http://www.oki.com/en/otr/200/downloads/otr-200-R18.pdf, a copy of which is attached as BD Ex. 26.  Peregrine Semiconductor's involvement with the SOS technology was well known before April 24, 2006.  *Id*.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' MSJ re Trade Secrets          16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)



RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Defs.' MSJ re Trade Secrets          17          HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)

12    Therefore, partial summary judgment should be granted in favor of Defendants that none of

13  the information allegedly identified in § 1(g) of the Amended Trade Secret List is a trade secret of

14  Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such

15  alleged trade secrets.

16      I.       **Section 1(h) of Verigy's Amended Trade Secret List Does Not**
17                 **Describe Any Actual Trade Secrets and, In Any Event, Defendants**
                   <u>**Have Not Misappropriated Any of Such Alleged Trade Secrets.**</u>

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**    18    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**



14  *See* Ex. 3 to Docket No. 97.

15  *See* Ex. 4 to Docket No. 97.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠ᴹ

**Defs.' MSJ re Trade Secrets**    19    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1

2

3

4 As

5 discussed in Dr. Blanchard's previously filed declaration, techniques for using a serial bus with

6 "daisy-chain" support for providing control signals, which could be used for programming, had

7 been well known for years. [16]

8

9

10

11

12

13

14

15

16

17

18

19    Therefore, partial summary judgment should be granted in favor of Defendants that none of

20 the information allegedly identified in § 1(h) of the Amended Trade Secret List is a trade secret of

21 Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such

22 alleged trade secrets.

23 //

24 //

25 //

26 [16] *See* Docket No. 53 , at p. 33.

27 [17] *See* Exs. 7 and 8 to Docket No. 97.

28

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**         20         **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

**J.** **Section 1(c) of Verigy's Amended Trade Secret List Does Not Describe Any Actual Trade Secrets and, In Any Event, Defendants Have Not Misappropriated Any of Such Alleged Trade Secrets.**

Therefore, partial summary judgment should be granted in favor of Defendants that none of the information allegedly identified in § 1(c) of the Amended Trade Secret List is a trade secret of Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such alleged trade secrets.

---

[18] *See* Exs. 7 and 8 to Docket No. 97.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com℠

Defs.' MSJ re Trade Secrets        21        HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)

**K.    Defendants Have Not Misappropriated Any of the Alleged
Trade Secrets in Section 2 of Verigy's Amended Trade Secret List.**

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**    22    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1          Therefore, partial summary judgment should be granted in favor of Defendants that

2 none of Defendants has misappropriated any of the information allegedly identified in § 2 of the

3 Amended Trade Secret List.

**L.     The Alleged Trade Secrets in Section 3 of Verigy's**
        **Amended Trade Secret List Do Not Constitute Trade Secrets,**
        **and, Therefore, Cannot Have Been Misappropriated by Defendants.**

12          Therefore, partial summary judgment should be granted in favor of Defendants that none

13 of the information allegedly identified § 3 of the Amended Trade Secret List is a trade secret of

14 Verigy as of at least April 24, 2006, and that Defendants have not misappropriated any of such

15 alleged trade secrets.

**II.     A TRO AND A PRELIMINARY INJUNCTION SHOULD BE**
        **ENTERED AGAINST VERIGY AND OTHERS ACTING IN**
        **CONCERT WITH VERIGY FROM FALSELY THREATENING**
        **ANY STS STAKEHOLDERS WITH TRADE SECRET LITIGATION.**

         As discussed above, Verigy's trade secret claims lack any foundation.  As a result, Verigy

should be restrained, both by means of a TRO and by means of a preliminary injunction pending

trial, from falsely threatening any STS Stakeholders with trade secret litigation, pursuant to

F.R.Civ.P. 65.

         The above analysis demonstrates that Defendants are likely to prevail on both Verigy's

Second Claim for Relief for trade secret misappropriation and the First and Second Counterclaims.

Therefore, Defendants have established "(1) a reasonable likelihood of success on the merits…."

*Hologic,*  2008 U.S. Dist. LEXIS 36693 at 4-5.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com

**Defs.' MSJ re Trade Secrets**     23     **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**
**ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

1    In addition, Defendants would suffer irreparable harm if the TRO and the injunction were

2    not granted.[19]  So long as Verigy is able to intimidate STS Stakeholders from working with STS,

3    STS will be deprived of operating revenue and will be unable to advance its goodwill in the

4    marketplace.  Any actions on the part of Verigy or others acting in concert with Verigy[20] pending

5    trial to threaten STS Stakeholders with trade secret litigation will have a chilling effect on them.[21]

6    Verigy should not be permitted to use litigation to prevent STS from obtaining investments,

7    contracting for services, hiring employees, taking orders, or securing loans.  Verigy should not be

8    permitted to use its great size and greater resources in the marketplace to interfere with STS's

9    relationships with any of STS Stakeholders.  A public company like Verigy must not be able to

10   employee this "strong-arm," "might makes right" approach.  There is no harm to Verigy in being

11   restrained from threatening STS Stakeholders based upon unfounded trade secret claims.

12   Therefore, Defendants have established both "(2) irreparable harm if an injunction is not granted;

13   [and] (3) a balance of hardships tipping in [their] favor…"  *Id*.

14   Finally, "(4) a public interest favor[s] the injunction…."  *Id.*  The public should have the

15   benefit of what the fully-published '140 Application and its file history, and all enclosed therein,

16   teach.  The public should be able to enjoy the technology that STS has developed based upon

17   publicly available or readily ascertainable information.  This factor favors Defendants as well.

18   Therefore, pursuant to F.R.Civ.P. 65, a TRO and a preliminary injunction should be entered

19   prohibiting Verigy and others acting in concert with Verigy from falsely threatening any STS

20   Stakeholders with trade secret litigation.

---

[19] *See e.g.* The accompanying Declaration of Romi Mayder in Support of Motion for Temporary Restraining Order and Order to Show Cause.

[20] In the context of this motion and the relief requested from the Court, others acting in concert with Verigy means and includes customers, potential customers, employees, contractors, shareholders, officers, and directors of Verigy.

[21] There is a rapidly approaching expiration date for the current preliminary injunction against Romi Mayder and STS.  Verigy's strategy of creating "fear, uncertainty, and doubt" in the marketplace through litigation makes it appear that the current preliminary injunction has no expiration date, when this is not the case.  This creates a false impression in the marketplace to the detriment of STS Stakeholders.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠ℳ

**Defs.' MSJ re Trade Secrets**    24    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Case No. 5:07-cv-04330-RMW (HRL)**

**CONCLUSION**

As discussed above, Verigy must live with the consequences of its own actions.  It chose to prosecute the '140 Application.  It repeatedly asked the examiner to find that the '140 Application was not obvious, and the examiner repeatedly rejected those ███████████████████████████

██████████████████████████████████████████████████████████████

████████████████████  It allowed the '140 Application to become public. ██████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████  Now Verigy must accept the fact that its alleged trade secrets are not secret, and it must accept the fact that Defendants have not misappropriated those alleged trade secrets.

Accordingly, Defendants respectfully submit that the Court should grant (a) partial summary judgment in favor of Defendants as to both Verigy's Second Claim for Relief for trade secret misappropriation and the First and Second Counterclaims or, in the alternative, (b) partial summary judgment that none of the individual alleged trade secrets in Verigy's amended trade secret list (i) are actual trade secrets or (ii) have been misappropriated by any of Defendants.  In addition, Defendants respectfully submit that the Court should enter a TRO and a preliminary injunction against Verigy as requested above.

Respectfully submitted,
RUSSO & HALE LLP

Dated:  September 12, 2008          By:          /s/ Jack Russo

Jack Russo
Tim C. Hale
John Kelley

ATTORNEYS FOR DEFENDANTS &
COUNTERCLAIMANTS ROMI MAYDER,
WESLEY MAYDER, STS, LLC AND STS,
INC.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Defs.' MSJ re Trade Secrets**          25          **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Case No. 5:07-cv-04330-RMW (HRL)**