# EXHIBIT 3
# 3 of 6

956 453
M7/685878



| FUSE | UNI IN | UNI OUT | BI | TRI |
|------|--------|---------|-----|-----|
| L1 | R | X | X | X |
| L2 | X | R | X | X |
| L3 | X | X | R | X |
| L4 | X | X | X | R |
| L5 | R | R | R | X |

R - Retain

X - Disconnect

**FIGURE  6**

07/685878
956453



FIG.  7

956 453

07/685878



FIGURE 8

07/685878



F1G. 9

956 453
07/685878



FIG.10





FIGURE 11

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1992

Application or Docket Number

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED | NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $355.00 | | | $710.00 |
| TOTAL CLAIMS | 16 minus 20 = | 0 | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | 0 | x 37= | | OR | x 74= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +115= | | OR | +230= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | | OR | TOTAL | 710.00 |

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 115= | | OR | +230= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 115= | | OR | + 230= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +115= | | OR | +230= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

PTO 1130
(REV 1/90)

# U.S. DEPARTMENT OF COMMERCE– PATENT & TRADEMARK OFFICE
## PACE DATA ENTRY CODING SHEET

| 1ST EXAMINER | K. Daggs | DATE 10-22-92 |
| 2ND EXAMINER | | DATE |

**APPLICATION NUMBER:** 07 956453

| TYPE APPL | FILING DATE MONTH | DAY | YEAR | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|---|
| 2 | 1 0 | 0 2 | 9 2 | 0 | 2 6 0 7 | 3 2 4 | - 1 1 1 |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |
|---|---|---|---|---|---|
| - 1 1 6 | - 1 - 2 | 0 | - 7 1 0 | Y | A - 5 4 6 8 1 1 - 1 / J A |

## CONTINUITY DATA

| CONTINUITY CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|
| 0 2 | 3 | 0 7 6 8 5 8 7 8 | | 0 4 | 1 5 | 9 1 |
| | | 0 | | | | |
| | | 0 | | | | |
| | | 0 | | | | |
| | | 0 | | | | |

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE MONTH | DAY | YEAR |
|---|---|---|---|---|---|
| N | | | | | |

BAR CODE LABEL

# U.S. PATENT APPLICATION

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 07/956,453 | 10/02/92 | 324 | 2607 |

**APPLICANT**

DANIEL B. D'SOUZA, MONTE SERENO, CA.

```
**CONTINUING DATA*********************
VERIFIED    THIS APPLN IS A CON OF   07/685,878 04/15/91
```

```
**FOREIGN/PCT APPLICATIONS***********
VERIFIED
```

FOREIGN FILING LICENSE GRANTED 10/28/92

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| CA | 11 | 16 | 2 | $ 710.00 | A-54681-1/JA |

**ADDRESS**

FLEHR, HOHBACH, TEST ALBRITTON & HERBERT
SUITE 3400
4 EMBARCADERO CENTER
SAN FRANCISCO, CA 94111

**TITLE**

ACTIVE PROBE CARD

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application as filed which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                          Certifying Officer

₽7 956453

(MAIL ROOM stamp)
39.
OCT
2
1992
P. & TRADEMARK

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No. A-54681-1/JAS

Anticipated Classification of
this Application:

   Class:           Subclass:

Prior Application:07/685,787

   Examiner: W. BURNS

   Art Unit: 2607

Commissioner of Patents
 and Trademarks
Washington, DC  20231

"EXPRESS MAIL" MAILING LABEL
NUMBER RB928523970US
DATE OF DEPOSIT  April 15, 1991
I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED
WITH THE UNITED STATES POSTAL SERVICE "EXPRESS MAIL POST
OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE
INDICATED ABOVE AND IS ADDRESSED TO:  THE COMMISSIONER OF
PATENTS AND TRADEMARKS, WASHINGTON, DC  20231.

TYPED NAME Roberta Morehead
SIGNED

Sir:

   This is a request for filing a

   __XXX__  Continuation

 .  _____  Continuation-in-Part (supplemental declaration required; see 10)

   _____  Divisional

application under 37 C.F.R. 1.62 (File Wrapper Continuing Procedure) of pending
application Serial No. __07/685,878__ filed on __April 15, 1991__ in the name of

__Daniel B. D'Souza of 17999 Saratoga-Los Gatos Road, Monte Sereno, California__ for
             (Names & Addresses of ALL Applicants)

__ACTIVE PROBE CARD_____.
             (Title of Invention)

     (PLEASE NOTE:  FILING OF THIS FORM RESULTS IN AUTOMATIC ABANDONMENT
     OF THE PARENT APPLICATION.  THIS FORM CANNOT BE USED AFTER THE ISSUE
     FEE IN THE PARENT APPLICATION HAS BEEN PAID.)

1. (a) _____ Enclosed is a Small Entity Affidavit.

   (b) _____ A Small Entity Affidavit is of record in the prior application.

2. __XXX__ The filing fee is calculated below:

   Claims remaining in the application after entry of any amendments under 37 C.F.R.
   1.116 unentered in the prior application and less any claims cancelled by
   amendment below:

|  |  |  |  | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
|  | (Col. 1) | (Col. 2) |  | | | | | |
| FOR: | NO. FILED | NO. EXTRA |  | RATE | FEE | OR | RATE | FEE |
| BASIC FEE |  |  |  |  | $355 | OR |  | $710 |
| TOTAL CLAIMS | _16_ -20 = | *__0__ |  | x11 = | $_____ | OR | x22 = | $_____ |
| INDEP CLAIMS | _2_ -3 = | *__0__ |  | x37 = | $_____ | OR | x74 = | $_____ |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED |  |  |  | +115 = | $_____ | OR | +230 = | $_____ |

*If the difference in Col. 1 is less     TOTAL  $_____  OR  TOTAL  $710.00
 than zero, enter "0" in Col. 2.

File No. __A-54681-1/JAS__

Form 1.16a
10/92                Page 1 of 2

3.  ___XXX___  The Commissioner is hereby authorized to charge any additional fees which may be required, including extension fees, or credit any overpayment to Deposit Account No. 06-1300 (Order No. A-54681-1/JAS ).  Two copies of this sheet are enclosed.

4.  ___XXX___  Our Check No. _____ in the amount of $_710.00_ is enclosed.

5.  _____  Cancel in this application original claims _____ of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)

6.  ___XXX___  Amend the specification by inserting before the first line the sentence:

     --This is a _XXX_ continuation, _____ continuation-in-part, ____ division, of application Serial No. _07/685,878_ filed _April 15, 1991_ .--

7.  ___XXX___  Enter the amendments under 37 C.F.R. 1.116 filed on _July 24, 1992_ unentered in the prior application.

8.  _____  Formal drawings to be substituted for the informal drawings filed with the prior application are enclosed.

9.  _____  A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)

10.  _____  A supplemental declaration is enclosed. (If a CIP application adds and claims additional disclosure by amendment, an oath or declaration as required by 37 C.F.R. 1.63 must be filed. Do not enclose a retyped specification including the changes.)

Date: _October 2, 1992_____        Signature: _James A. Sheridan_____
                                            James A. Sheridan, Reg. 25,435

Address of Signer:                          _____  Inventor(s)

_____           _____  Assignee of complete interest

_____           __XXX__  Attorney or agent of record

_____           _____  Filed under Section 1.34(a)

File No. _A-54681-1/JAS_____

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

956453

Docket No. A-54681-1/JAS

Anticipated Classification of
this Application:

    Class:        Subclass:

Prior Application: 07/685,787

    Examiner: W. BURNS

    Art Unit: 2607

Commissioner of Patents
    and Trademarks
Washington, DC  20231

Sir:

    This is a request for filing a

    _XXX_  Continuation

    _____  Continuation-in-Part (supplemental declaration required; see 10)

    _____  Divisional

application under 37 C.F.R. 1.62 (File Wrapper Continuing Procedure) of pending
application Serial No. _07/685,878_ filed on _April 15, 1991_ in the name of
_Daniel B. D'Souza of 17999 Saratoga-Los Gatos Road, Monte Sereno, California_ for
            (Names & Addresses of ALL Applicants)

_ACTIVE PROBE CARD_                                                          .
                (Title of Invention)

    (PLEASE NOTE:  FILING OF THIS FORM RESULTS IN AUTOMATIC ABANDONMENT
    OF THE PARENT APPLICATION.  THIS FORM CANNOT BE USED AFTER THE ISSUE
    FEE IN THE PARENT APPLICATION HAS BEEN PAID.)

1. (a)  _____  Enclosed is a Small Entity Affidavit.

   (b)  _____  A Small Entity Affidavit is of record in the prior application.

2. _XXX_  The filing fee is calculated below:

    Claims remaining in the application after entry of any amendments under 37 C.F.R.
    1.116 unentered in the prior application and less any claims cancelled by
    amendment below:

|  |  |  | SMALL ENTITY | | | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR: | NO. FILED | NO. EXTRA | RATE | FEE | OR | RATE | FEE |
| BASIC FEE |  |  |  | $355 | OR |  | $710 |
| TOTAL CLAIMS | _16_ -20 = | * _0_ | x11 = | $_____ | OR | x22 = | $_____ |
| INDEP CLAIMS | _2_ -3 = | * _0_ | x37 = | $_____ | OR | x74 = | $_____ |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED |  |  | +115 = | $_____ | OR | +230 = | $_____ |
| *If the difference in Col. 1 is less than zero, enter "0" in Col. 2. |  |  | TOTAL | $_____ | OR | TOTAL | $710.00 |

File No. _A-54681-1/JAS_

Form 1.16a
10/92                              Page 1 of 2

"EXPRESS MAIL" MAILING LABEL
NUMBER RB928523970US
DATE OF DEPOSIT _April 15, 1991_
I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED
WITH THE UNITED STATES POSTAL SERVICE "EXPRESS MAIL POST
OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE
INDICATED ABOVE AND IS ADDRESSED TO:  THE COMMISSIONER OF
PATENTS AND TRADEMARKS, WASHINGTON, DC 20231.

TYPED NAME Roberta Morehead

SIGNED

3.   XXX   The Commissioner is hereby authorized to charge any additional fees which may be required, including extension fees, or credit any overpayment to Deposit Account No. 06-1300 (Order No. A-54681-1/JAS ).  Two copies of this sheet are enclosed.

4.   XXX   Our Check No. _____ in the amount of $ 710.00  is enclosed.

5.   _____  Cancel in this application original claims _____ of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)

6.   XXX   Amend the specification by inserting before the first line the sentence:

──This is a XXX  continuation,_____ continuation-in-part, division, of application serial No. 07/685,878  filed April 15, 1991 now abandoned

7.   XXX   Enter the amendments under 37 C.F.R. 1.116 filed on  July 24, 1992  unentered in the prior application.

8.   _____  Formal drawings to be substituted for the informal drawings filed with the prior application are enclosed.

9.   _____  A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)

10.  _____  A supplemental declaration is enclosed. (If a CIP application adds and claims additional disclosure by amendment, an oath or declaration as required by 37 C.F.R. 1.63 must be filed. Do not enclose a retyped specification including the changes.)

Date:  October 2, 1992                    Signature: James A Sheridan
                                          James A. Sheridan, Reg. 25,435

Address of Signer:                        _____  Inventor(s)

_____           _____  Assignee of complete interest

_____            XXX   Attorney or agent of record

_____           _____  Filed under Section 1.34(a)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/956,453 | 10/02/92 | D'SOUZA        D | A-54681-1/JA |

| EXAMINER |
|---|
| BURNS, W |

FLEHR, HOHBACH, TEST ALBRITTON & HERBERT
SUITE 3400
4 EMBARCADERO CENTER
SAN FRANCISCO, CA 94111

| ART UNIT | PAPER NUMBER |
|---|---|
| 2607 | 17 |

DATE MAILED:     11/24/92

*This is a communication from the examiner in charge of your application.*
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☑ Responsive to communication filed on 10/2/92 - 7/11/92    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims ___1-16___ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ■ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims ___1-16___ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____ . Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ , has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

Serial No. 956,453                                    -2-

Art Unit   2607

1.       Applicant's arguments filed claims 1-16, stating that
the references of Cho, Petrich, Bove, Sokolich, Leedy, and
Wiscombe do not show "test circuitry" upon a probe card; as well
as disputing other teachings of the above references, have been
fully considered but they are not deemed to be persuasive.

While § 1.75 (d)(1) of 37 CFR, and Para. 608.01(o) of the
MPEP state the requirement that the specification of an
application disclose such as to clarify the meanings of terms of
the claim; it is claimed subject matter, not the specification,
that is the measurement of the invention.  Limitations in the
specification cannot be read into the claims for purposes of
avoiding the prior art.  In Re Self, 213 USPQ 1, 5 (CCPA 1982);
In Re Priest, 199 USPQ 11, 15 (CCPA 1978).

The meaning of the term "test circuitry", as disclosed in
applicant's specification, is a variable one; including (see 14,
lines 15-16) "analog circuitry", "utilized to test ac and dc
parametric characteristics" or, boundary-scan circuitry, or "test
signal drive circuits and the test signal response sampling
circuits" (see page 2, lines 19-21).  In addition, page 14, lines
23-25 of applicant's specification disclose that the above
description is "illustrative,..." not be construed as "limiting"
the invention.  Thus, "test circuitry" is disclosed with a broad
meaning-with various "analog" and "boundary-scan" circuitry being
only "illustrative" of the circuitry, and thus including any of

Serial No. 956,453                              -3-

Art Unit   2607

myriad analog or digital circuitry as being "test circuitry".
Given this meaning of "test circuitry" the Bove, Cho, Petrich,
Leedy, Sokolich, and Wiscombe references all show "test circuitry"
upon a probe card, as recited for independent claims 1 and 9.
Applicant argues that the prior art does not show means for
"directly" mounting a tested circuit on a probe card. the "direct
mounting", "on" the probe card is not found in the claims.
Claimed subject matter, not the specification, is the measure of
invention.  Limitations in the specification cannot be read into
the claims for the purpose of avoiding the prior art. <u>In re Self</u>,
213 USPQ 1,5 (CCPA 1982); <u>In re Priest</u>, 199 USPQ 11,15 (CCPA
1978).

     The "means for conductively connecting" "test signal ports"
to "connectors" of a tested circuit could include <u>indirect</u>, as
well as <u>direct</u> "means for conductively connecting".  Thus the
prior art can show either indirect or direct connection to meet
the claims.  Referring to the specific references:

     Wiscombe (see card 18, and conductors thereon); Cho (see
fig. 5, and conductors and components thereon); Leedy (see card
10, with conductors thereon); Petrich (see card 88, with
conductors and components thereon); and Bove (see card 20, with
conductors thereon) each show probe-mounting cards which also
mount conductor lines and/or electrical components which are used
to test a circuit.  The lines and components thus are "test

Serial No. 956,453                          -4-

Art Unit   2607

circuitry", meeting this limitation in the claims.  While
additional other circuitry may be mounted away from the card,
there is no recited limitation in the claims as to all circuitry
used for test purposes as being on the card, thus still enabling
the applied references to meet the claim limitations.  Indeed,
claims 9-16 specifically require "external test signals" coming
to the probe card!

As to the completing of "test circuitry" shown by the prior
art; Leedy (see col. 8, lines 49-52) shows "multiplexer" and
"tester logic" circuitry upon a circuit board portion of the
probe card.  Bove (see col. 9, line 12-col. 13, line 10) shows
extensive forcing, and sampling/sensing "logic" circuitry upon
the probe card.  Sokolich (see col. 6, lines 22-46 and fig. 5)
shows extensive selection, shift register chain, and
microprocessor/ROM control "test circuitry" upon a probe card
(10).  Petrich (see col. 28, lines 4-8, 14-25, and 61-65; col.
29, lines 57-68;) elaborate control, forcing, sampling and ac/dc
parameter testing "test circuitry", upon a member (88) which
serves as a basic mounting "card" upon which the probes are
interchangeably mounted (see col. 31, lines 7-10).  Thus, these
references in addition show probe card "test circuitry" as highly
elaborate and including logic and/or control components, and thus
capable of accommodating boundary-scan technique (as required by
dependent claims 2, 5, 10 and 13).  These scan techniques are

Serial No. 956,453                                          -5-

Art Unit    2607

deemed old and well-known in the art, and thus all the prior art
has to show is compatibility for them.

        As to the Petrich reference, component 88 serves as a "probe
card", in that it is a card upon which probe groups (105) are
mounted.  While 88 may be up to 5 feet from the tested device,
there are no limits as to how many feet a probe card may be from
a tested circuit; and thus Petrich need not show such.

        Petrich shows selection means for selecting between internal
and external signals (as required for claims 9-16) on the probe
card (88), in showing bus means (102) which routes external
signals (as from component 60) as well as internal signals (as
from component 84) to the tested circuit.  The bus means is
mounted upon the probe card (88), and thus meets the limitations
of claims 9-16.

        Thus, Petrich is again applied in this action.

2.    The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

        A person shall be entitled to a patent unless --
        (b) the invention was patented or described in a printed
        publication in this or a foreign country or in public use or
        on sale in this country, more than one year prior to the
        date of application for patent in the United States.

        (e) the invention was described in a patent granted on an
        application for patent by another filed in the United States
        before the invention thereof by the applicant for patent, or
        on an international application by another who has fulfilled
        the requirements of paragraphs (1), (2), and (4) of section
        371(c) of this title before the invention thereof by the
        applicant for patent.

Serial No. 956,453                              -6-

Art Unit    2607


3.    Claims 1, 3, and 8 are rejected under 35 U.S.C. § 102(b) as
being anticipated by Bove et al., Wiscombe, Petrich, Leedy, or
Cho.

      Wiscombe et al, Bove et al, Leedy, Cho, and Petrich each
show a circuit board with test circuitry thereupon, with test
signal ports, and connectors connecting to connectors of tested
circuitry.  The connecting means comprises conductive traces,
pads, and probe pins.

4.    Claim 4 is rejected under 35 U.S.C. § 102(e) as being
anticipated by Cho.

      Cho applies as above, and in addition shows a central
aperture, with probe pins extending into it.

5.    Claim 6 is rejected under 35 U.S.C. § 102(e) as being
anticipated by Cho or Petrich.

      Cho and Petrich each apply as for claims 1, 3, and 8 and in
addition show ac/dc parametric testing with analog circuitry.

6.    Claim 7 is rejected under 35 U.S.C. § 102(e) and (b) as
being anticipated by Petrich or Bove et al.

      Bove et al. applies as for claims 1, 3, and 8 and in
addition shows test circuitry (figs. 2, 3) comprising
bidirectional, user-oriented cells.  Petrich applies as for
claims 1, 3, and 8 and in addition (see fig. 7) shows bi-
directional "pin electronics cards" cells being configured by a
user for testing.

Serial No. 956,453                          -7-

Art Unit   2607

7.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

8.    Claim 2 is rejected under 35 U.S.C. § 103 as being

unpatentable over Bove or Petrich or Leedy or Sokolich.

    Bove, Petrich, and Leedy, apply as for claims 1, 3 and 8; and in

addition show logic circuitry among the test circuitry.

    Sokolich shows a probe card (component 16) with test

circuitry comprising scan-testing shift registers; as well as

microprocessor control circuitry.

    In addition, it is old and well-known in the art design

choice to configure test logic circuitry to IEEE std. 1149.1

given that is an official, conventional standard, able to make

with many types of tested circuits.

9.    Claim 5 is rejected under 35 U.S.C. § 103 as being

unpatentable over Bove, or Leedy as applied to claims 1, 3 and 8

Serial No. 956,453                               -8-

Art Unit    2607

above, and further in view of Sokolich.    Sokolich applies as
above.

It would have been obvious to one ordinarily-skilled in the
art to modify the apparatus of Bove, Leedy, or Wiscombe as taught
by Sokolich, to provide shift registers for the test circuitry,
in order to efficiently parallel test a multitude of IC circuits
quickly; and to further modify as to (in particular to boundary
scan-testing) using the shift registers, in order to accurately
test complex IC circuitry.

10.  Claims 9, 11 and 14-16 are rejected under 35 U.S.C. § 102(e)
as being anticipated by Petrich.

Petrich applies as for claims 1, 3 and 8; and in addition
shows selection means (component 102 of fig. 7) which can select
internal (from components 88, 84, 86 et al.) or external (from
component 60) test signals.

11.  Claims 9, 11 and 16 are rejected under 35 U.S.C. § 103 as
being unpatentable over Bove or Leedy or Cho or Wiscombe as
applied to claims 1, 3 and 8 above, and further in view of
Petrich or Takagi.

Petrich and Takagi show a test head apparatus with test circuitry
selecting either internal or external test signals.

It would have been obvious to one ordinarily-skilled in the
art to modify the test apparatus of Bove or Leedy or Cho or
Wiscombe as taught by Petrich, to enable a wider array of test

Serial No. 956,453                          -9-

Art Unit   2607

signals to be generated (permitting more comprehensive testing)
by providing internal/external test selection means.

12.  Claim 10 is rejected under 35 U.S.C. § 103 as being
unpatentable over Bove or Leedy in view of Takagi or Petrich.

    Petrich, Takagi, Bove, and Leedy each apply as discussed
above.  In addition, it is further old and well-known in the art
to have test logic circuitry follow IEEE std. 1149.1, as
discussed for claim 2.

13.  Claim 12 is rejected under 35 U.S.C. § 103 as being
unpatentable over Cho as applied to claims 4, 9, 11 and 16 above,
and further in view of Petrich or Takagi.

    Cho, Takagi and Petrich apply as for claims 9, 11 and 16.
It would have been obvious to one ordinarily-skilled in the art
to modify the apparatus of Cho as taught by Petrich, as discussed
for claims 9, 11, and 16.

14.  Claim 13 is rejected under 35 U.S.C. § 103 as being
unpatentable over Bove, Leedy, or Wiscombe in view of Petrich or
Takagi as applied to claims 9, 11 and 16 above, and further in
view of Sokolich.

    Sokolich applies as for claim 5.  It would have been obvious
to one ordinarily-skilled in the art to modify the apparatus of
Bove, Leedy, or Wiscombe as taught by Petrich or Takagi; and to
further modify as taught by Sokolich as per claim 5.

15.  Claim 14 is rejected under 35 U.S.C. § 103 as being

Serial No. 956,453                    -10-

Art Unit    2607


unpatentable over Cho in view of Takagi or Petrich.

    Cho, Takagi, and Petrich, apply as for claims 9, 11 and 16,

and in addition, Cho shows ac/dc parametric testing.

16.  Claim 15 is rejected under 35 U.S.C. § 103 as being

unpatentable over Bove in view of Petrich or Takagi.

    Bove, Takagi and Petrich apply as for claims 9, 11, and 16;

and in addition Bove shows bi-directional cells which are user-

oriented.

W.B.11/23/92

W.BURNS:LW
November 16, 1992

ERNEST F. KARLSEN
PRIMARY EXAMINER
GROUP 267

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/956,453 | GROUP ART UNIT 2607 | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) D'Souza | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5055780 | 10/91 | Takagi et al | 324 | 158F | 2/5/90 |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER B. Blum | DATE 11/4/92 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/956,453 | 10/02/92 | D'SOUZA | A-54681-1/JA |

EXAMINER
WIEDER,R

FLEHR, HOHBACH, TEST ALBRITTON & HERBERT
SUITE 3400
4 EMBARCADERO CENTER
SAN FRANCISCO, CA 94111

E6M1

| ART UNIT | PAPER NUMBER |
|---|---|
| | 34 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

04/27/93

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. James A. Sheridan   (3) Mr. Ernst D'Karler

(2) Mr. Mark Kirkland   (4) _____

Date of interview  4-26-93

Type: ☒ Telephonic    ☐ Personal (copy is given to    ☐ applicant    ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☒ was not reached.

Claims discussed:  All

Identification of prior art discussed:  That of record.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: The specification and claims were discussed at length. Mr. Sheridan and Mr. Kirkland e.gg. proposed changes to the claims. The references were thoroughly discussed. No agreement to allow the claims was made.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Ernst D'Karler

**Examiner's Signature**

PTOL-413 (REV. 1-84)

360-1/10

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Applicant(s): <u>DANIEL B. D'SOUZA</u>          File No. <u>A-54681-1/JAS</u>

Serial No.: <u>07/956,453</u>          Group Art Unit: <u>2607</u>

Filed:      <u>October 2, 1992</u>          Date: <u>April 26, 1993</u>

For: <u>ACTIVE PROBE CARD</u>

<u>PETITION FOR EXTENSION OF TIME</u>

Commissioner of Patents
and Trademarks
Washington, DC  20231

Sir:

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:  Commissioner of Patents and Trademarks, Washington, DC 20231 on <u>April 26, 1993</u>.

Mathew Otts

Pursuant to 37 C.F.R. 1.136(a), an extension of time of:

|              | **Large Entity** |           |          | **Small Entity** |          |
|--------------|:---:|----------|------|:---:|---------|
| One Month    | / / | $ 110.00 |      | / / | $  55.00 |
| Two Months   | /X/ | $ 360.00 |      | / / | $ 180.00 |
| Three Months | / / | $ 840.00 |      | / / | $ 420.00 |
| Four Months  | / / | $1,320.00 |     | / / | $ 660.00 |

is hereby requested to respond to the Official Action mailed November 24, 1992.

The requisite fee pursuant to 37 C.F.R. 1.17 is enclosed by Check No. 56185 in the amount of $360.00.

Please charge any additional fees or credit any overpayment to Deposit Account No. 06-1300 (Order No. <u>A-54681-1/JAS</u>).  Two copies of this sheet are enclosed.

Respectfully submitted,

FLEHR, HOHBACH, TEST,
ALBRITTON & HERBERT

By: _____
    Gary S. Williams, Esq.
    Reg. No. 31,066

Suite 3400
Four Embarcadero Center
San Francisco, CA 94111-4187
(415) 781-1989

Form 1.30
10/92

040 TD 05/11/93 07956453          1 116      360.00 CK

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s): DANIEL B. D'SOUZA _____ File No. A-54681-1/JAS

Serial No. 07/956,453 _____ Group Art Unit: 2607

Filed: October 2, 1992 _____ Date: April 26, 1993

For: ACTIVE PROBE CARD

### PETITION FOR EXTENSION OF TIME

Commissioner of Patents
  and Trademarks
Washington, DC 20231

Sir:

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to: Commissioner of
Patents and Trademarks, Washington, DC
20231 on April 26, 1993.

Mathew Otts

Pursuant to 37 C.F.R. 1.136(a), an extension of time of:

|  | Large Entity | Small Entity |
|---|---|---|
| One Month | / / $ 110.00 | / / $ 55.00 |
| Two Months | /X/ $ 360.00 | / / $ 180.00 |
| Three Months | / / $ 840.00 | / / $ 420.00 |
| Four Months | / / $1,320.00 | / / $ 660.00 |

is hereby requested to respond to the Official Action mailed
November 24, 1992.

The requisite fee pursuant to 37 C.F.R. 1.17 is enclosed by
Check No. 56185 in the amount of $360.00.

Please charge any additional fees or credit any overpayment
to Deposit Account No. 06-1300 (Order No. A-54681-1/JAS). Two copies
of this sheet are enclosed.

Respectfully submitted,

FLEHR, HOHBACH, TEST,
ALBRITTON & HERBERT

By: _____
Gary S. Williams, Esq.
Reg. No. 31,066

Suite 3400
Four Embarcadero Center
San Francisco, CA 94111-4187
(415) 781-1989

Form 1.30
10/92

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:            )    Art Unit:  2607
                                 )
DANIEL B. D'SOUZA                )    Examiner:  W. Burns
                                 )
Serial No. 07/956,453            )
                                 )
Filed:  October 2, 1992          )
                                 )    San Francisco, CA 94111
For:  ACTIVE PROBE CARD          )
                                 )    Date:  April 26, 1993

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
First Class Mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington,
DC 20231 on April 26, 1993.

Signed: _____
        Mathew Otts

AMENDMENT

Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

        In response to the Office Action dated November 24, 1992,
please amend the above application as follows:


        In the Claims:

        Please rewrite Claims 1 and 9, delete claims 6 and 14, and
add new claims 17-20 as follows:


        1.    An active probe card for testing an integrated circuit
comprising:

        a circuit board;

        test circuitry mounted on said circuit board having a
plurality of test signal ports, said test circuitry including
active circuit means for driving digital test signals and
sampling digital test signal response to and from said integrated
circuit;

S.N. 07/956,453
A-54681-1/JAS                    - 1 -

means, integral to said active probe card, for directly conductively connecting said plurality of test signal ports to an array of connectors of the integrated circuit under test.

~~9.~~    An active probe card for testing an integrated circuit comprising:

a circuit board;

test circuitry mounted on said circuit board having a plurality of test signal ports, said test circuitry including active circuit means for driving digital test signals and sampling digital test signal response to and from said integrated circuit;

means, integral to said active probe card, for directly conductively connecting said plurality of test signal ports to an array of connectors of the integrated circuit under test

second connecting means, integral to said active probe card, for connecting second [external] test signals to said test circuitry; and

said test circuitry further includes test signal selection means for selecting [internal] serial or [external] second test signals to apply to said integrated circuit.

~~17.~~    The active probe card of claim ~~1~~ wherein said test circuitry further comprises means for receiving control signals, clock and serial test data inputs and outputing serial test signal responses.

~~18.~~    The active probe card of claim ~~1~~ wherein said active circuit means further comprises:

a. a plurality of registers for receiving said test data and test signal responses,

S.N. 07/956,453
A-54681-1/JAS                       - 2 -