# EXHIBIT 7
# PART 4 of 5

# EAST Search History

| L9 | 143 | 8 and mem | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 12:39 |
|---|---|---|---|---|---|---|
| L10 | 2 | "6339338".pn. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 12:48 |
| L11 | 2 | "6657455".pn. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 12:48 |
| L12 | 0 | eldridge.in. and electromechanical adj switch | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:22 |
| L13 | 0 | eldridge.in. and electro adj mechanical adj switch | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:22 |
| L14 | 0 | eldridge.in. and electrical with mechanical adj switch | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:22 |
| L15 | 0 | 324/754.ccls. and electrical with mechanical adj switch | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:23 |
| L16 | 69 | "324"/$.ccls. and electrical with mechanical adj switch | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:36 |

# EAST Search History

| | | | | | | |
|---|---|---|---|---|---|---|
| L17 | 0 | electrical with mechanical adj switch same probe adj card | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 13:36 |
| L18 | 4 | electrical with mechanical adj switch and probe adj card | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 14:10 |
| L19 | 2 | "6657455".pn. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 14:26 |
| L20 | 83 | 324/765.ccls. and probe adj card and temperature and frequency | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 14:48 |
| L21 | 19 | 324/765.ccls. and probe adj card and temperature same frequency | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 14:54 |
| L22 | 42 | 324/765.ccls. and probe adj card and temperature same "100" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 14:55 |
| L23 | 10 | 324/765.ccls. and probe adj card and temperature same "125" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:37 |
| L24 | 12 | "324"/$.ccls. and burn adj in and probe adj card and "125" same degrees | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:42 |

# EAST Search History

| L25 | 2 | "6812718".pn. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:41 |
|---|---|---|---|---|---|---|
| L26 | 2 | "7009412".pn. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:41 |
| L27 | 4 | burn adj in same "125" same degrees | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:43 |
| L28 | 0 | burn adj in samedegrees | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:43 |
| L29 | 9 | burn adj in same degrees | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:47 |
| L30 | 0 | in same order same test same sensitivity same timing wame write same operations same cpu | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:48 |
| L31 | 4 | in same order same test same sensitivity same timing same write same operations same cpu | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:48 |
| L32 | 7 | 4 and testing adj scenario | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 15:48 |

# EAST Search History

| L33 | 4 | 31 and testing adj scenario | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 16:07 |
|-----|-----|-----|-----|-----|-----|-----|
| L34 | 313 | burn with in same temperature same degrees and @py<"2004" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 16:08 |
| L35 | 44 | "324"/$.ccls. and burn with in same temperature same degrees and @py<"2004" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/03/27 16:08 |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/410,699 | 04/24/2006 | Romi Mayder | 10060220-1 | 4586 |

22878        7590        04/03/2007

AGILENT TECHNOLOGIES INC.
INTELLECTUAL PROPERTY ADMINISTRATION,LEGAL DEPT.
MS BLDG. E P.O. BOX 7599
LOVELAND, CO 80537

| EXAMINER |
|---|
| ISLA RODAS, RICHARD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2829 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 04/03/2007 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A  (Rev. 10/06)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/410,699 | MAYDER ET AL. |
| | Examiner | Art Unit |
| | Richard Isla-Rodas | 2829 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>24 April 2006</u>.

2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-23</u> is/are pending in the application.

    4a) Of the above claim(s) <u>1-18</u> is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>19-23</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>24 April 2006</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some * c) ☐ None of:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____.

       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4) ☒ Interview Summary (PTO-413)
    Paper No(s)/Mail Date <u>3/26/07</u>.

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____.

Application/Control Number: 11/410,699                                    Page 2
Art Unit: 2829

## DETAILED ACTION

### *Election/Restrictions*

1.      Restriction to one of the following inventions is required under 35 U.S.C. 121:

   I.      Claims 1-18, drawn to an Apparatus and system for processing signals,

            classified in class 324, subclass 754.

   II.     Claims 19-23, drawn to a method of processing signals at speeds of 100

            Mhz, classified in class 324, subclass 765.

2.      The inventions are distinct, each from the other because of the following reasons:

Inventions II and I are related as process and apparatus for its practice.  The

inventions are distinct if it can be shown that either: (1) the process as claimed can be

practiced by another and materially different apparatus or by hand, or (2) the apparatus

as claimed can be used to practice another and materially different process.  (MPEP §

806.05(e)).  In this case the apparatus of Group I can be used to calibrate a tester by

connecting a tester to a calibration chip, wherein the switches are used to block/allow

the passing of information from the chips to the tester.

2.      Because these inventions are independent or distinct for the reasons given

above and there would be a serious burden on the examiner if restriction is not required

because the inventions have acquired a separate status in the art in view of their

different classification, restriction for examination purposes as indicated is proper.

3.      Because these inventions are independent or distinct for the reasons given

above and there would be a serious burden on the examiner if restriction is not required

Application/Control Number: 11/410,699                                    Page 3
Art Unit: 2829

because the inventions require a different field of search (see MPEP § 808.02),

restriction for examination purposes as indicated is proper.

4.      Because these inventions are independent or distinct for the reasons given

above and there would be a serious burden on the examiner if restriction is not required

because the inventions have acquired a separate status in the art due to their

recognized divergent subject matter, restriction for examination purposes as indicated is

proper.

5.      If Group I is elected, **a further election of species is required** as follows:

-      Species of Figures 1, 2 and 3

-      Species of Figures 5, 6 and 7

6.       The species are independent or distinct because they each disclose patentably

different embodiments of the same inventive idea.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for

prosecution on the merits to which the claims shall be restricted if no generic claim is

finally held to be allowable.  Currently, no claim appears generic.

Applicant is advised that a reply to this requirement must include an identification

of the species that is elected consonant with this requirement, and a listing of all claims

readable thereon, including any claims subsequently added.  An argument that a claim

is allowable or that all claims are generic is considered nonresponsive unless

accompanied by an election.

Upon the allowance of a generic claim, applicant will be entitled to consideration

of claims to additional species which depend from or otherwise require all the limitations

Application/Control Number: 11/410,699                                    Page 4
Art Unit: 2829

of an allowable generic claim as provided by 37 CFR 1.141. If claims are added after

the election, applicant must indicate which are readable upon the elected species.

MPEP § 809.02(a).

7.    During a telephone conversation with Cynthia Mitchell on March 3, 2007 a

provisional election was made without traverse to prosecute the invention of Group II,

claims 19-23. Affirmation of this election must be made by applicant in replying to this

Office action. Claims 1-18 are withdrawn from further consideration by the examiner, 37

CFR 1.142(b), as being drawn to a non-elected invention.


### Claim Rejections - 35 USC § 101

8.    35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of
> matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the
> conditions and requirements of this title.

9.    Claims 19-23 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

Claims 19-23 recite a method for processing signals. As such, the claims are

directed to an abstract idea (judicial exception). In order to be eligible for patenting, they

need to provide a practical application by physical transformation or a useful, concrete,

and tangible result. These claims are nonstatutory because they do not have physical

transformation or a tangible result. That is, the steps of "selectively operating a set of

switches" do not provide a physical transformation of a device nor a tangible result.

Application/Control Number: 11/410,699                                    Page 5
Art Unit: 2829

### Claim Rejections - 35 USC § 103

10.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

11.    Claims 19 and 22 are rejected under 35 U.S.C. 103(a) as being unpatentable

over the US Patent to Eldridge et al. 6,657,455 (Eldridge hereinafter).

In terms of claim 19, Eldridge teaches in Figure 9, a method comprising the steps

of connecting a tester (58) and a plurality of devices under test (34) with a multichip (a

unit that is capable of connecting to a plurality of chips) module (52), having a plurality

of micro electrical switches (Sw2) <u>between</u> *a set of connectors to the tester (connectors*

*transmitting signals SYSCLK as well as START)* <u>and</u> *a second set of connectors to the*

*plurality of devices under test (probes 37 connecting to each switch to its respective*

*DUT as explained in lines 52-54, column 7)* and selectively operating each of the

plurality of micro electrical switches. As explained in lines 14-16 column 6, the tester 30

controls the states of switches Sw2. That is the tester selectively operate whether they

are in the "on" or off" position. Eldridge substantially teaches all of the claimed

elements discussed above, except for explicitly stating that switches Sw2 are "electro-

mechanical." Although Eldridge clearly shows the switches to be electrical, there is no

"explicit" mention that they are also mechanical. However, it has been held that to be

entitled to weight in method claims, the recited-structure limitations therein must affect

Application/Control Number: 11/410,699                                      Page 6
Art Unit: 2829

the method in a manipulative sense, and not to amount to the mere claiming of a use of

a particular structure. Ex parte Pfeiffer, 1962 C.D. 408 (1961). Therefore, since the

electrical switch performs the exact same recited method step (that of connecting the

tester to the devices under test), it is its functional equivalent. The choice of using

"electro-mechanical" switches over "electrical" switches does not differentiate the

claimed method from the method taught by the prior art, since the "electrical" switches

perform the method step in a functionally equivalent fashion.

As to claim 22, Eldridge shows the multichip module (52) is mounted directly on a

probe card (50).


12.      Claims 20, 21 and 23 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Eldridge in view of the US Patent to McCord  6,681,869 (McCord hereinafter) in

view of the US Patent to Akram (6,640,323).

As to claims 20, 21 and 23, Eldridge substantially teaches all of the claimed

steps as discussed above, except for the step of operating the multichip module at a

speed (frequency) of at least 100 MHz. McCord shows that it's well known in the art

that to operate a tester (and consequently the module connecting it to the device under

test) at and above the rated clock frequency of the device under test (see lines 29-38 in

column 10). For instance, when testing a device which working frequency is 533 MHz,

is customary to process the signals at frequencies up to 584MHz. It would have been

obvious to one of ordinary skill in the art, to operate the multichip module at 100MHz or

more when testing devices whose frequency of operation is below such frequency, as

Application/Control Number: 11/410,699                                   Page 7
Art Unit: 2829

taught by McCord, in order to replicate the working conditions of said devices.

Furthermore, Eldridge in view of McCord is silent as to the preferred temperature of

operation of the device. Akram teaches a procedure know as static method of burn-in

that consist of applying test signals on devices under test at temperatures of 125

degrees Celsius. Such method comprises the step of applying operating voltages on

the devices under test that are much higher than their normal operating voltage, thereby

increasing the temperature of the devices under test and removing those devices that

fail to withstand the temperature and/or voltage (infant mortality of dies), as explained in

lines 21-32 in column 2. It would have been obvious to one of ordinary skill in the art, at

the time the invention was made, to apply higher than normal operating voltages on the

devices under test (by operating the multichip module to send higher than normal test

signals to the devices under test) thereby increasing the temperature of operation to up

to 125 degrees, as taught by Akram, in order to detect early failure of the devices under

test (infant mortality of dies) as suggested by Akram in line 10 of column 2.


### Conclusion

13.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure. US Patents to Ellingboe et al. (6,490,536), Sunter (6,703,820)

and US Patent Application by Akram (2003/0057984).

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Richard Isla-Rodas whose telephone number is (571)

Application/Control Number: 11/410,699                                    Page 8
Art Unit: 2829

272-5056. The examiner can normally be reached on Monday through Friday 8 am to

4:30 pm.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Ha Nguyen can be reached on (571) 272-1678. The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Richard Isla-Rodas
March 27, 2007

**HA TRAN NGUYEN**
SUPERVISORY PATENT EXAMINER

| **Interview Summary** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/410,699 | MAYDER ET AL. | |
| | Examiner | Art Unit | |
| | Richard Isla-Rodas | 2829 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Richard Isla-Rodas_.                    (3)_____.

(2) _Cynthia Mitchell_.                       (4)_____.

Date of Interview: _26 March 2007_.

Type:  a)☒ Telephonic    b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant    2)☐ applicant's representative]

Exhibit shown or demonstration conducted:    d)☐ Yes    e)☐ No.
    If Yes, brief description: _____.

Claim(s) discussed: _1-23_.

Identification of prior art discussed: _____.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.


Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Ms. Cynthia Mitchell was contacted to request an oral election of Groups.  Ms. Mitchell elected Group II drawn to claims 19-23 without traverse_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an                    _____
Attachment to a signed Office action.                          Examiner's signature, if required

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An identification whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items listed below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

| *Notice of References Cited* | Application/Control No. 11/410,699 | Applicant(s)/Patent Under Reexamination MAYDER ET AL. | | |
|---|---|---|---|---|
| | Examiner Richard Isla-Rodas | Art Unit 2829 | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,657,455 | 12-2003 | Eldridge et al. | 324/765 |
| * | B | US-6,640,323 | 10-2003 | Akram, Salman | 714/724 |
| * | C | US-6,801,869 | 10-2004 | McCord, Don | 702/117 |
| * | D | US-6,490,536 | 12-2002 | Ellingboe et al. | 702/115 |
| * | E | US-6,703,820 | 03-2004 | Sunter, Stephen K. | 324/76.15 |
| * | F | US-2003/0057984 | 03-2003 | Akram, Salman | 324/755 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | | |
|---|---|---|
| **Application/Control No.** | **Applicant(s)/Patent under Reexamination** | |
| 11/410,699 | MAYDER ET AL. | |
| **Examiner** | **Art Unit** | |
| Richard Isla-Rodas | 2829 | |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| EAST (US-PGPUB, USPAT, USOCR, EPO, JPO, DERWENT, IBM_T DB)– See Search History Printout | 3/27/2007 | RI |
| 324/754,765,.ccls. (text search only – see history print out) | 3/27/2007 | RI |
| 324/$.ccls. (text search only – see history print out) | 3/27/2007 | RI |
| | | |
| | | |
| | | |
| | | |
| | | |

Part of Paper No. 20070327

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | PATENT NUMBER | GROUP ART UNIT | FILE WRAPPER LOCATION |
|---|---|---|---|
| 11/410,699 | | 2829 | 28M1 |

# Correspondence Address / Fee Address Change

**The following fields have been set to Customer Number 63448 on 06/27/2007**

- Correspondence Address
- Maintenance Fee Address

**The address of record for Customer Number 63448 is:**
VERIGY
4700 INNOVATION WAY, BLDG D1
FORT COLLINS,CO 80528

VERIGY
4700 Innovation Drive, Bldg. D1
Fort Collins, Colorado 80528

ATTORNEY DOCKET NO.  10060220-1

*IFW*

OIPE
JUL 06 2007
PATENT & TRADEMARK OFFICE

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Inventor(s):** Romi Mayder, et al.

**Serial No.:** 11/410,699                    **Examiner:** Richard Isla Rodas

**Filing Date:** April 24, 2006               **Group Art Unit:** 2829

**Title:** APPARATUS, SYSTEMS AND METHODS FOR PROCESSING SIGNALS BETWEEN A TESTER AND
A PLURALITY OF DEVICES UNDER TEST AT HIGH TEMPERATURES AND WITH SINGLE
TOUCHDOWN OF A PROBE ARRAY

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA 22313-1450

## TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

| | | |
|---|---|---|
| [x] | Response/Amendment | [ ] Petition to extend time to respond |
| [ ] | New fee as calculated below | [ ] Supplemental Declaration |
| [x] | No additional fee (Address envelope to "Mail Stop Amendments") | |
| [ ] | Other: | (Fee $_____) |

| (1)<br>FOR | (2)<br>CLAIMS REMAINING<br>AFTER AMENDMENT | | (3)<br>NUMBER<br>EXTRA | (4)<br>HIGHEST NUMBER<br>PREVIOUSLY PAID FOR | | (5)<br>PRESENT<br>EXTRA | (6)<br>RATE | (7)<br>ADDITIONAL<br>FEES |
|---|---|---|---|---|---|---|---|---|
| CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY |
| TOTAL<br>CLAIMS | 23 | MINUS | | 23 | = | 0 | X 50 | $  0 |
| INDEP.<br>CLAIMS | 4 | MINUS | | 4 | = | 0 | X 200 | $  0 |
| [ ] FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | | | + 360 | $  0 |
| EXTENSION<br>FEE | 1ST MONTH<br>120.00 [ ] | 2ND MONTH<br>450.00 [ ] | | 3RD MONTH<br>1020.00 [ ] | | 4TH MONTH<br>1590.00 [ ] | | $  0 |
| | | | | | | | OTHER FEES | $  0 |
| | | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | | | $  0 |

Charge $ 0    to Deposit Account 08-2623. At any time during the pendency of this application, please charge
any fees required or credit any over payment to Deposit Account 08-2623 pursuant to 37 CFR 1.2 5. Additionally
please charge any fees to Deposit Account 08-2623 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21. A duplicate
copy of this transmittal letter is enclosed.

Respectfully submitted,

Romi Mayder, et al.

By *James A. Sheridan*  7/3/07

James A. Sheridan
Attorney/Agent for Applicant(s)

I hereby certify that this correspondence is being Deposited
with the United States Postal Service as First class mail in an
envelope addressed to: Commissioner for Patents,
PO Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: July 3, 2007

Typed Name: James A. Sheridan

Signature: *James A. Sheridan*  7/3/07

Reg. No. 43,114

Date: July 3, 2007

Telephone No. (303) 295-8000

Rev 06/05 (TransAmd)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 11/410,699 | Confirmation No. 4586 |
| Applicant | : | Romi Mayder, et al. | |
| Filed | : | 04/24/2006 | |
| TC/A.U. | : | 2829 | |
| Examiner | : | Isla Rodas, Richard | |
| | | | |
| Docket No. | : | 10060220-1 | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## <u>AMENDMENT</u>

Sir:

In response to the Office Action of April 3, 2007, please amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 3 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

## Amendments to the Specification:

Please paragraph [0016] with the following amended paragraph:

[0016]      Referring to FIGURES 2 and 5, and each multichip module 102 may include a plurality of micro-electromechanical switches 104, which are also ~~refered~~ referred to as MEMs 104, between a first set of connectors 106 to the tester and a second set of connectors 108 to the plurality of devices under test.  Each multichip module may include at least one driver 110 to selectively operate each of the plurality of micro-electromechanical switches 104.

Please paragraph [0016] with the following amended paragraph:

[0022]      As MEM MCM 102 may be attached to probe card 112 using screws 120 or other fasteners, a new tester does not need to be purchased from a supplier of the ATE system.  A customer may simply design a probe ~~care~~ card and attach these MEM MCMs to the probe card and install this new probe card assembly onto an existing ATE system.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listing, of claims in the application:

**Listing of Claims:**

1. (Withdrawn) Apparatus for processing signals between a tester and a plurality of devices under test, the apparatus comprising:

at least one multichip module, each of the at least one multichip module comprising:

a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test; and

at least one driver to selectively operate each of the plurality of micro-electromechanical switches.

2. (Withdrawn) Apparatus in accordance with claim 1, further comprising a probe card on which each one of the at least one multichip module is directly mounted.

3. (Withdrawn) Apparatus in accordance with claim 1, further comprising a plurality of MEMs dice on which the plurality of micro-elecromechanical switches are formed.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

4. (Withdrawn) Apparatus in accordance with claim 1, wherein the separate MEMs dice each include eight single pole triple throw switches.

5. (Withdrawn) Apparatus in accordance with claim 1, further comprising an attachment component for each one of the at least one multichip module, and wherein the attachment component mounts the multichip module to a probe card.

6. (Withdrawn) Apparatus in accordance with claim 5, wherein the attachment component includes passageways through the multichip module for a set of screws to mount the multchip module to the probe card.

7. (Withdrawn) Apparatus in accordance with claim 1, wherein the driver is designed to supply an electrostatic potential to activate a MEMs gate associated with each of the plurality of micro-electromechanical switches.

8. (Withdrawn) Apparatus in accordance with claim 1, wherein the at least one driver comprises a vacuum-florescent display driver dice.

9. (Withdrawn) A system for processing signals between a tester and a plurality of devices under test, the system comprising:

at least one multichip module mounted directly on a probe card and operable at a temperature of at least 125° C, and each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

connectors to the tester and a second set of connectors to the plurality of devices

under test.

10.  (Withdrawn) A system in accordance with claim 9, wherein the second set

of connectors attach to a probe array having at least 6000 probe tip needles so as to

test at least 6000 test sites of the plurality of devices under test during a single

touchdown of the probe array.

11.  (Withdrawn) A system for testing a plurality of devices under test, the

system comprising:

a set of tester electronics to generate signals for application to the plurality of

devices under test, and to receive signals generated by the plurality of devices under

test;

a probe card with at least one multichip module mounted thereon, each of the

at least one multichip module comprising a plurality of micro-electromechanical

switches between a first set of connectors to the set of tester electronics and a

second set of connectors to the plurality of devices under test, and a driver to

selectively operate each of the plurality of micro-electromechanical switches; and

a probe array to transmit signals between the at least one multichip module of

the probe card and the plurality of devices under test.

12.  (Withdrawn) A system in accordance with claim 11, wherein each of the at

least one multichip modules has a plurality of MEMS dice thereon.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

13.  (Withdrawn) A system in accordance with claim 11, wherein each one of the plurality of MEMS dice each contain a plurality of micro-electromechanical switches.

14.  (Withdrawn) A system in accordance with claim 13, wherein the switches are single pole triple throw switches.

15.  (Withdrawn) A system in accordance with claim 13, wherein the switches are single pole double throw switches.

16.  (Withdrawn) A system in accordance with claim 11, wherein the probe card has a maximum diameter of 440 millimeters.

17.  (Withdrawn) A system in accordance with claim 16, wherein the probe card forms an opening for the probe array, and the opening has a minimum diameter of 330 millimeters.

18.  (Withdrawn) A system in accordance with claim 11, wherein the probe array has at least 6000 probe tip needles so as to test at least 6000 test sites of the plurality of devices under test during a single touchdown of the probe array.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

19.  (Amended) A method of processing signals between a tester and a plurality of devices under test, the method comprising:

connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test; and

selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test.

20.  (Original) A method in accordance with claim 19, further comprising operating the at least one multichip module at a speed of at least 100 MHz.

21.  (Original) A method in accordance with claim 19, further comprising operating the multichip module at a temperature of at least 125° C.

22.  (Original) A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on the probe card.

23.  (Original) A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on the probe card,

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

operating the multichip module at a temperature of at least 125° C, and operating the

at least one multichip module at a speed of at least 100 MHz.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

## REMARKS/ARGUMENTS

Claims 1-23 remain in this application.  Claim 19 has now been amended, without introducing new matter.  Paragraphs [0016] and [0022] have been amended to correct minor typographical errors.

### 1. Restriction Requirement

Applicants affirm the election of claims 19-23 previously made on March 3, 2007.

### 2. Rejection of Claims 19-23 Under 35 U.S.C. 101

Claims 19-23 stand rejected under 35 U.S.C. 101 because the claimed invention is drawn to non-statutory subject matter.

In response, Applicants have now amended independent claim 19 to call for a method of processing signals between a tester and a plurality of devices under test, the method comprising connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test, and selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test.

Applicants submit that connecting a tester and a plurality of devices under test with at least one multichip module, and selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test produces a useful, concrete and tangible result. In other words, the present invention as claimed provides a method of processing signals between a tester and a plurality of devices under test by multiplexing connectors to the tester with connectors to the plurality of the devices under test. Accordingly, claim 19 is believed to be allowable.

Claims 20-23, which each depend directly from independent claim 19, are believed to be allowable for at least the same reasons as claim 19.

### 3. Rejection of Claims 19 and 22 Under 35 U.S.C. 103(a)

Claims 19 and 22 stand rejected under 35 U.S.C. 103(a) as being unpatentable over Eldridge et al. (U.S. Patent No. 6,657,455; referred to herein as "Eldridge".)

Claim 19, as amended, calls for a method of processing signals between a tester and a plurality of devices under test, the method comprising connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test, and selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test.

Eldridge does not teach or suggest selectively operating micro-mechanical switches to process signals between individual ones of connectors to a tester and selected multiple ones of connectors to a plurality of devices under test. Eldridge teaches away from the present invention inasmuch as the switches are transistor switches, and these transistor switches are disposed between devices under test and a power supply (rather than between a tester and devices under test). In addition, the specification of the present invention discloses that micro-electromechanical switches when compared to other switches have advantageous properties such as

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

lower cost, higher reliability, and higher temperature operation. Accordingly, claim 19 is believed to be allowable.

Claim 22, which depends directly from independent claim 19, is believed to be allowable for at least the same reasons as claim 19.


## 4. Rejection of Claims 20, 21 and 23 Under 35 U.S.C. 103(a)


Claims 20, 21 and 23 stand rejected under 35 U.S.C. 103(a) as being unpatentable over Eldridge in view of McCord (U.S. Patent No. 6,681,869; referred to herein as "McCord") in view of Akram (U.S. Patent No. 6,640,323; referred to herein as "Akram")

Claims 20, 21 and 23 each depend directly from independent claim 19. As discussed above, Eldridge teaches away from the present invention of claim 19. Furthermore, nether McCord nor Akram teach or suggest a method of processing signals between a tester and a plurality of devices under test which includes selectively operating micro-mechanical switches to process signals between individual ones of connectors to a tester and selected multiple ones of connectors to a plurality of devices under test. Accordingly, claims 20, 21 and 23 are believed to be allowable for at least the same reason as claim 19.

Appl. No. 11/410,699
Response dated July 3, 2007
Reply to Office Action of April 3, 2007

## Conclusion

In light of the amendments and remarks provided herein, Applicants respectfully request the timely issuance of a Notice of Allowance.

Respectfully submitted,
Holland & Hart LLP

By: _____  7/3/07

James A. Sheridan
Reg. No. 43,114
Tel: (303) 295-8000

PTO/SB/06 (08-03)
Approved for use through 7/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number: 11410699

### CLAIMS AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a)) | | | | $ | OR | | $ |
| TOTAL CLAIMS (37 CFR 1.16(c)) | minus 20 = | * | X $___ = | | OR | X $___ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(b)) | minus 3 = | * | X $___ = | | OR | X $___ = | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(d)) | | | + $___ | | OR | + $___ | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | OR | TOTAL | |

### CLAIMS AS AMENDED – PART II

7/6/07

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | 23 | Minus | ** 23 | = 0 | X $___ = | | OR | X $___ = | |
| Independent (37 CFR 1.16(b)) | 4 | Minus | *** 4 | = 0 | X $___ = | | OR | X $___ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $___ = | | OR | + $___ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | * | Minus | ** | = | X $___ = | | OR | X $___ = | |
| Independent (37 CFR 1.16(b)) | * | Minus | *** | = | X $___ = | | OR | X $___ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $___ = | | OR | + $___ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | * | Minus | ** | = | X $___ = | | OR | X $___ = | |
| Independent (37 CFR 1.16(b)) | * | Minus | *** | = | X $___ = | | OR | X $___ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $___ = | | OR | + $___ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 457 | 324/754-765.ccls. and switch with prob$4 and (DUT or device or chip or unit or component) with test$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:21 |
| L2 | 192 | 1 and probe with card | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:22 |
| L3 | 177 | 2 not agilent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:22 |
| L4 | 33 | (electromechanical or means) same prob$4 with (card or module or apparatus) and 324/754.ccls. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:23 |
| L7 | 38 | ("4144536" \| "5101149" \| "5422562" \| "5502671" \| "5721495" \| "5760599" \| "5822166").PN. OR ("6339338").URPN. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2007/09/24 13:25 |
| L8 | 31 | ("3676777" \| "3895297" \| "4631724" \| "4712058" \| "4746855" \| "4849691" \| "5025344" \| "5032789" \| "5057774" \| "5101149" \| "5101151" \| "5101153" \| "5146161" \| "5294883" \| "5371457" \| "5392293" \| "5404099" \| "5406217" \| "5412315" \| "5414352").PN. OR ("5721495").URPN. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2007/09/24 13:25 |
| L9 | 27 | ("4336495" \| "4398146" \| "4628253" \| "4714876" \| "4733168" \| "4779041" \| "4967151" \| "4970454" \| "5012185" \| "5019772" \| "5030904").PN. OR ("5294883").URPN. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2007/09/24 13:26 |
| L10 | 177 | 2 not agilent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:27 |

# EAST Search History

| L11 | 174 | 3 and (test$4 with (device or system or apparatus)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:29 |
|---|---|---|---|---|---|---|
| L14 | 48 | 324/754-765 and (test$4) same prob$4 and (test$4 with (device or system or apparatus)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:31 |
| S1 | 12 | 324/415.ccls. and probe | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 11:32 |
| S2 | 2 | 324/168,180.ccls. and probe | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 11:32 |
| S3 | 1 | 324/168,180.ccls. and dut | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 11:32 |
| S4 | 318 | 324/168,180.ccls. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 11:33 |
| S5 | 52 | 324/754.ccls. and switch with probe adj card | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 11:47 |
| S6 | 105 | 324/754-765.ccls. and switch with probe adj card | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/24 13:20 |

# EAST Search History

| S7 | 101 | S6 not agilent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 14:24 |
|---|---|---|---|---|---|---|
| S8 | 102630 | electromechanical | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 14:24 |
| S9 | 105 | electromechanical with switch$2 same probe | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 14:24 |
| S10 | 105 | S9 not agilent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 14:25 |
| S11 | 75 | S9 and @py<"2004" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 14:25 |
| S12 | 50 | ("3493858" \| "4500836" \| "4517512" \| "5055780" \| "5070297" \| "5506510").PN. OR ("5736850"). URPN. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2007/09/18 15:00 |
| S13 | 868 | mccord.in. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 15:08 |
| S14 | 0 | S13 amd tester | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 15:08 |

# EAST Search History

| S15 | 7 | S13 and tester | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | ADJ | ON | 2007/09/18 15:09 |
|-----|---|----------------|-----------------------------------------------------|-----|----|--------------------|

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/410,699 | 04/24/2006 | Romi Mayder | 10060220-1 | 4586 |

63448        7590        09/27/2007
VERIGY
4700 INNOVATION WAY, BLDG D1
FORT COLLINS, CO 80528

| EXAMINER |
|---|
| ISLA RODAS, RICHARD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2829 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/27/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/410,699 | MAYDER ET AL. |
| | Examiner | Art Unit | |
| | Richard Isla-Rodas | 2829 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1)☒ Responsive to communication(s) filed on <u>06 July 2007</u>.

2a)☒ This action is **FINAL**.      2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims

4)☒ Claim(s) <u>1-23</u> is/are pending in the application.

    4a) Of the above claim(s) <u>1-18</u> is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>19-23</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

### Application Papers

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>24 April 2006</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

### Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

### Attachment(s)

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 11/410,699                                    Page 2
Art Unit: 2829

## DETAILED ACTION

### *Response to Arguments*

1.      Applicant's arguments with respect to claim 19 have been considered but are

moot in view of the new ground(s) of rejection.

### *Claim Objections*

2.      Claims 22 and 23 are objected to because of the following informalities:

Claims 22 and 23 recite the limitation "the probe card" in line 2 of each claim.  It

appears that it should be "a probe card".

Appropriate correction is required.

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.      Claims 19 and 22 are rejected under 35 U.S.C. 103(a) as being unpatentable

over the US Patent to Legal (5,736,850) in view of the US Patent to Leggett et al.

6,098,142 (Leggett hereinafter).

In terms of claims 19 and 22, legal teaches in Figure 2A, a method of processing

signal between a tester (110) and a plurality of devices under test (cells on top of wafer

122), with at least one multichip module (216) mounted directly on a probe card (218), the module having a plurality of mechanical switches (see lines 59-61 in column 4) between a first set of connectors (DRIVER/RECEIVERS) to the tester (110) and a second set of connectors (220) to the plurality of devices under test (cells on wafer 122), and selectively operating each of the plurality of mechanical switches to process (receive and transmit) the signals between individual ones of the first set of connector to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test (The relays provide independent conductive paths between the tester and the probes, said relays can be actuated to connect one of the group of drivers to one of the test sites as explained in lines 50-58, column 4). Legal, teaches that the mechanical switches may also be switches that have control inputs (electrical) or a similar structure (see lines 61-64 in column 4). Legal however, does not explicitly state the use of micro electro-mechanical switches. Nevertheless, it has been held that to be entitled weight in method claims, the recited-structure limitations therein (electro-mechanical switch) must affect the method in a manipulative sense, and not to amount to the mere claiming of a use of a particular structure (in the immediate case, the preferred use of electro-mechanical switches). Ex parte Pfeiffer, 1962 C.D. 408 (1961).

Furthermore, the use of electromechanical switches as preferred structures would have been well known to someone in the art at the time of the invention, as evidenced by Leggett. Leggett, teaches in lines 26-30 of column 3, that electromechanical switches can be used as switches for transmission. Therefore, because these two switches (mechanical and electromechanical) were art-recognized

Application/Control Number: 11/410,699                                                Page 4
Art Unit: 2829

equivalents at the time the invention was made, one of ordinary skill in the art would

have found it obvious to substitute mechanical for electro-mechanical.


5.      Claims 20, 21 and 23 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Legal in view of Leggett, further in view of the US Patent to McCord  6,681,869

(McCord hereinafter) and further in view of the US Patent to Akram 6,640,323.

        As to claims 20, 21 and 23, Legal in view of Leggett substantially teaches all of

the claimed steps as discussed above including mounting the multichip module (216)

directly on a probe card (218).  Legal in view of Leggett does not explicitly teach

however, the step of operating the multichip module at a speed (frequency) of at least

100 MHz.  McCord shows that it's well known in the art that to operate a tester (and

consequently the module connecting it to the device under test) at and above the rated

clock frequency of the device under test (see lines 29-38 in column 10).  For instance,

when testing a device which working frequency is 533 MHz, is customary to process the

signals at frequencies up to 584MHz.   It would have been obvious to one of ordinary

skill in the art, to operate the multichip module at 100MHz or more when testing devices

whose frequency of operation is below such frequency, as taught by McCord, in order to

replicate the working conditions of said devices.   Furthermore, Legal in view of McCord

is silent as to the preferred temperature of operation of the device.  Akram teaches a

procedure know as static method of burn-in that consist of applying test signals on

devices under test at temperatures of 125 degrees Celsius.  Such method comprises

the step of applying operating voltages on the devices under test that are much higher

Application/Control Number: 11/410,699                                          Page 5
Art Unit: 2829

than their normal operating voltage, thereby increasing the temperature of the devices

under test and removing those devices that fail to withstand the temperature and/or

voltage (infant mortality of dies), as explained in lines 21-32 in column 2. It would have

been obvious to one of ordinary skill in the art, at the time the invention was made, to

apply higher than normal operating voltages on the devices under test (by operating the

multichip module to send higher than normal test signals to the devices under test)

thereby increasing the temperature of operation to up to 125 degrees, as taught by

Akram, in order to detect early failure of the devices under test (infant mortality of dies)

as suggested by Akram in line 10 of column 2.


### *Conclusion*

6.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure. US Patents to Granicher et al. (7,245,134) and Roy et al.

(6,678,850).

7.      Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP

§ 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

Application/Control Number: 11/410,699                                    Page 6
Art Unit: 2829

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action. In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

8.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Richard Isla-Rodas whose telephone number is (571)

272-5056. The examiner can normally be reached on Monday through Friday 8 am to

4:30 pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Ha Nguyen can be reached on (571) 272-1678. The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

HA TRAN NGUYEN
SUPERVISORY PATENT EXAMINER

Richard Isla-Rodas
September 18, 2007

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 11/410,699 | MAYDER ET AL. |
| | | Examiner | Art Unit | |
| | | Richard Isla-Rodas | 2829 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,245,134 | 07-2007 | Granicher et al. | 324/754 |
| * | B | US-6,678,850 | 01-2004 | Roy et al. | 714/730 |
| * | C | US-6,098,142 | 08-2000 | Leggett et al. | 710/220 |
| * | D | US-5,736,850 | 04-1998 | Legal, Dennis Andrew | 324/158.1 |
| * | E | US-6,801,869 | 10-2004 | McCord, Don | 702/117 |
| * | F | US-6,640,323 | 10-2003 | Akram, Salman | 714/724 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20070918

| *Search Notes* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 11/410,699 | MAYDER ET AL. |
| | Examiner | Art Unit | |
| | Richard Isla-Rodas | 2829 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| EAST (US-PGPUB, USPAT, USOCR, EPO, JPO, DERWENT, IBM_T DB)- See Search History Printout | 9/18/2007 | RI |
| 324/168,180.ccls. (text search only – see history print out) | 9/18/2007 | RI |
| 324/415.ccls. (text search only – see history print out) | 9/18/2007 | RI |
| | | |
| | | |
| | | |
| | | |

Part of Paper No. 20070918

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 11/410,699 | 04/24/2006 | Romi Mayder | 10060220-1 |

**CONFIRMATION NO. 4586**

63448
VERIGY
4700 INNOVATION WAY, BLDG D1
FORT COLLINS, CO80528

**Title:** Apparatus, systems and methods for processing signals between a tester and a plurality of devices under test at high temperatures and with single touchdown of a probe array

**Publication No.** US-2007-0247140-A1
**Publication Date:** 10/25/2007

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

Pre-Grant Publication Division, 703-605-4283

AF/IFW

VERIGY
4700 Innovation Drive, Bldg. D1
Fort Collins, Colorado 80528

**ATTORNEY DOCKET NO.   10060220-1**

OIPE
NOV 30 2007
PTO/SB/4A P28
PATENT & TRADEMARK OFFICE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s):  **Romi Mayder, et al.**

Serial No.:  **11/410,699**                           Examiner:  **Richard Isla Rodas**

Filing Date:  **April 24, 2006**                      Group Art Unit:  **2829**

Title:  **APPARATUS, SYSTEMS AND METHODS FOR PROCESSING SIGNALS BETWEEN A TESTER AND A PLURALITY OF DEVICES UNDER TEST AT HIGH TEMPERATURES AND WITH SINGLE TOUCHDOWN OF A PROBE ARRAY**

**COMMISSIONER FOR PATENTS**
**P.O. Box 1450**
**Alexandria  VA  22313-1450**

### TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

☒  Response/Amendment                        ☐  Petition to extend time to respond

☐  New fee as calculated below               ☐  Supplemental Declaration

☒  No additional fee      (Address envelope to "Mail Stop Amendments")

☐  Other:                                   (Fee $_____)

| CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY | | | | | | |
|---|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
| TOTAL CLAIMS | 23 | MINUS | 23 | = 0 | X 50 | $ 0 |
| INDEP. CLAIMS | 4 | MINUS | 4 | = 0 | X 200 | $ 0 |
| ☐ FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + 360 | $ 0 |
| EXTENSION FEE | 1ST MONTH 120.00 ☐ | 2ND MONTH 450.00 ☐ | 3RD MONTH 1020.00 ☐ | 4TH MONTH 1590.00 ☐ | | $ 0 |
| | | | | | OTHER FEES | $ |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | | $ 0 |

Charge $ 0____ to Deposit Account **08-2623**.  At any time during the pendency of this application, please charge any fees required or credit any over payment to Deposit Account **08-2623** pursuant to 37 CFR 1.2 5.  Additionally please charge any fees to Deposit Account **08-2623** under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21.  A duplicate copy of this transmittal letter is enclosed.

Respectfully submitted,

Romi Mayder, et al.

By

Gregory W. Osterloth
Attorney/Agent for Applicant(s)

Reg. No.  36,232

Date:  November 27, 2007

Telephone No.  (303) 295-8205

I hereby certify that this correspondence is being Deposited with the United States Postal Service as First class mail in an envelope addressed to:  Commissioner for Patents, PO Box 1450, Alexandria, VA 22313-1450.

Date of Deposit:  November 27, 2007

Typed Name:  Gregory W. Osterloth

Signature:

Rev 06/05 (TransAmd)

OIPE  IAP28
NOV 3 0 2007
PATENT & TRADEMARK OFFICE

Reply under 37 CFR 1.116 –
Expedited Procedure –
Technology Center 2800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 11/410,699 | Confirmation No. 4586 |
| Applicant | : | Romi Mayder, et al. | |
| Filed | : | 04/24/2006 | |
| TC/A.U. | : | 2829 | |
| Examiner | : | Isla Rodas, Richard | |
| | | | |
| Docket No. | : | 10060220-1 | |

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## REPLY UNDER 37 CFR 1.116 – EXPEDITED PROCEDURE

Sir:

In response to the Final Office Action of September 27, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listing, of claims in the application:

## Listing of Claims:

1. (Withdrawn) Apparatus for processing signals between a tester and a plurality of devices under test, the apparatus comprising:

at least one multichip module, each of the at least one multichip module comprising:

a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test; and

at least one driver to selectively operate each of the plurality of micro-electromechanical switches.

2. (Withdrawn) Apparatus in accordance with claim 1, further comprising a probe card on which each one of the at least one multichip module is directly mounted.

3. (Withdrawn) Apparatus in accordance with claim 1, further comprising a plurality of MEMs dice on which the plurality of micro-elecromechanical switches are formed.

4. (Withdrawn) Apparatus in accordance with claim 1, wherein the separate MEMs dice each include eight single pole triple throw switches.

5. (Withdrawn) Apparatus in accordance with claim 1, further comprising an attachment component for each one of the at least one multichip module, and wherein the attachment component mounts the multichip module to a probe card.

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

6.  (Withdrawn) Apparatus in accordance with claim 5, wherein the attachment component includes passageways through the multichip module for a set of screws to mount the multchip module to the probe card.

7.  (Withdrawn) Apparatus in accordance with claim 1, wherein the driver is designed to supply an electrostatic potential to activate a MEMs gate associated with each of the plurality of micro-electromechanical switches.

8.  (Withdrawn) Apparatus in accordance with claim 1, wherein the at least one driver comprises a vacuum-florescent display driver dice.

9.  (Withdrawn) A system for processing signals between a tester and a plurality of devices under test, the system comprising:

 at least one multichip module mounted directly on a probe card and operable at a temperature of at least 125° C, and each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test.

10.  (Withdrawn) A system in accordance with claim 9, wherein the second set of connectors attach to a probe array having at least 6000 probe tip needles so as to test at least 6000 test sites of the plurality of devices under test during a single touchdown of the probe array.

11.  (Withdrawn) A system for testing a plurality of devices under test, the system comprising:

 a set of tester electronics to generate signals for application to the plurality of devices under test, and to receive signals generated by the plurality of devices under test;

 a probe card with at least one multichip module mounted thereon, each of the at least one multichip module comprising a plurality of micro-electromechanical switches