# EXHIBIT 7
# PART 5 of 5

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

between a first set of connectors to the set of tester electronics and a second set of connectors to the plurality of devices under test, and a driver to selectively operate each of the plurality of micro-electromechanical switches; and

a probe array to transmit signals between the at least one multichip module of the probe card and the plurality of devices under test.

12. (Withdrawn) A system in accordance with claim 11, wherein each of the at least one multichip modules has a plurality of MEMS dice thereon.

13. (Withdrawn) A system in accordance with claim 11, wherein each one of the plurality of MEMS dice each contain a plurality of micro-electromechanical switches.

14. (Withdrawn) A system in accordance with claim 13, wherein the switches are single pole triple throw switches.

15. (Withdrawn) A system in accordance with claim 13, wherein the switches are single pole double throw switches.

16. (Withdrawn) A system in accordance with claim 11, wherein the probe card has a maximum diameter of 440 millimeters.

17. (Withdrawn) A system in accordance with claim 16, wherein the probe card forms an opening for the probe array, and the opening has a minimum diameter of 330 millimeters.

18. (Withdrawn) A system in accordance with claim 11, wherein the probe array has at least 6000 probe tip needles so as to test at least 6000 test sites of the plurality of devices under test during a single touchdown of the probe array.

19. (Previously Presented) A method of processing signals between a tester and a plurality of devices under test, the method comprising:

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test; and

selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test.

20.  (Original) A method in accordance with claim 19, further comprising operating the at least one multichip module at a speed of at least 100 MHz.

21.  (Original) A method in accordance with claim 19, further comprising operating the multichip module at a temperature of at least 125° C.

22.  (Currently Amended) A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on [[the]]a probe card.

23.  (Currently Amended) A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on [[the]]a probe card, operating the multichip module at a temperature of at least 125° C, and operating the at least one multichip module at a speed of at least 100 MHz.

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

## REMARKS/ARGUMENTS

Claims 1-23 remain in this application.  Of these, claims 19-23 stand rejected, and claims 1-18 stand withdrawn.  Claims 22 and 23 also stand objected to.

### 1. Objection of Claims 22 and 23

Claims 22 and 23 stand objected to because "the probe card" should be --a probe card--.  Appropriate corrections have been made.

### 2. Rejection of Claims 19 and 22 Under 35 USC 103(a)

Claims 19 and 22 stand rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142; hereinafter referred to as "Leggett").

With respect to claim 19, the Examiner asserts that Legal discloses connecting a tester and a plurality of devices under test with "at least one multichip module (216). . .(see lines 59-61 in column 4)".  *See*, 9/27/2007 Final Office Action, p. 3, sec. 4. However, nowhere does Legal indicate that the "relay matrix 216" is, or includes, a multichip module.  Column 4, lines 59-61, of Legal state:

> Relays 312 may be traditional mechanical type relays.  Alternatively, they could be solid state switches or other similar structure.

However, there is no mention that the relay matrix 216 is or should be implemented using a multichip module, or that the tester 110 should be connected to devices under test via switches on a multichip module.

The Examiner further states, with respect to claim 19, that:

> . . .Legal, teaches that the mechanical switches may also be switches that have control inputs (electrical) or a similar structure (see lines 61-64 in column 4).

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

> Legal however, does not explicitly state the use of micro electro-mechanical switches. Nevertheless, it has been held that to be entitled weight in method claims, the recited-structure limitations therein (electro-mechanical switch) must affect the method in a manipulative sense, and not to amount to the mere claiming of a use of a particular structure (in the immediate case, the preferred use of electro-mechanical switches). Ex parte Pfeiffer, 1962 C.D. 408 (1961).

9/27/2007 Final Office Action, p. 3., sec. 4.

To begin, applicants note that the switches mentioned in their claim 19 are "micro-electromechanical switches" (MEMS), and the MEMS are provided on a "multichip module". Not only does Legal fail to disclose or suggest the use of MEMS to connect a tester with devices under test, but Legal also fails to disclose or suggest the use of MEMS on at least one multichip module. As mentioned in applicants' specification, MEMS on multichip modules may be switched at faster speeds and used at higher temperatures.

Although the Examiner relies on *Ex parte Pfeiffer*, applicants note that the Board has consistently refused to apply any *per se rule* in addressing 35 USC 103 rejections - even in the context of method claims. At times, the Board has cited to In re Ochiai, which holds:

> The use of per se rules, while undoubtedly less aborious than a searching comparison of the claimed invention - including all its limitations - with the teachings of the prior art, flouts section 103 and the fundamental case law applying it. Per se rules that eliminate the need for fact-specific analysis of claims and prior art may be administratively convenient for PTO Examiners and the Board. Indeed, they have been sanctioned by the Board as well. But reliance on per se rules of obviousness is legally incorrect and must cease. Any such administrative convenience is simply inconsistent with section 103, which, according to Graham [v. John Deere Co., 383 U.S. 1, 148 USPQ 459 (1966)] and its progeny, entitles an applicant to issuance of an otherwise proper patent unless the PTO established that the invention as claimed in the application is obvious over cited prior art, based on the specific comparison of that prior art with claim limitations.

*In re Ochiai*, 71 F.3d at 1572, 37 USPQ2d at 1133.

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

Although the Examiner relies on Leggett's teachings for the proposition that mechanical and electromechanical switches are equivalent, Leggett, like Legal, fails to disclose either MEMS or microchip modules.

Given that neither Legal nor Leggett teach or suggest "connecting [a] tester and [a] plurality of devices under test *with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches*", applicants believe claim 19 to be allowable.

Claim 22 is believed to be allowable because it depends from claim 19, and because Legal and Leggett fail to teach or suggest "mounting each of the at least one multichip module directly on a probe card" (i.e., because neither reference discloses a multichip module or discusses where or how such a module would be used or mounted).

### 3. Rejection of Claims 20, 21 and 23 Under 35 USC 103(a)

Claims 20, 21 and 23 stand rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142; hereinafter referred to as "Leggett"), McCord (U.S. Pat. No. 6,681,869) and Akram (U.S. Pat. No. 6,640,323).

Claims 20, 21 and 23 are believed to be allowable, at least, because each of these claims depends from claim 19, and because McCord and Akram fail to disclose that which is missing from the combined teachings of Legal and Leggett. See, e.g., the discussion of Legal and Leggett in Section 2 of these Remarks/Arguments.

Appl. No. 11/410,699
Reply dated Nov. 27, 2007
Reply to Final Office Action of Sep. 27, 2007

<u>4.  Conclusion</u>

In light of the amendments and remarks provided herein, Applicants respectfully request the timely issuance of a Notice of Allowance.

Respectfully submitted,
HOLLAND & HART, LLP

By:

Gregory W. Osterloth
Reg. No. 36,232
Tel:  (303) 295-8205

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 11/410,699 | Filing Date 04/24/2006 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 23 minus 20 = | 3 | X $ = | | X $50 = | 150 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 4 minus 3 = | 1 | X $ = | | X $200 = | 200 |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | 350 |

### APPLICATION AS AMENDED – PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | | | | | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | 11/30/2007 | | | | | | | |
| | Total (37 CFR 1.16(i)) | * 23 | Minus ** 23 | = 0 | X $ = | | X $50= | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus *** 4 | = 0 | X $ = | | X $210= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | 0 |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than three, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/GERALDINE STANLEY/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/410,699 | 04/24/2006 | Romi Mayder | 10060220-1 | 4586 |

63448        7590        12/27/2007
VERIGY
4700 INNOVATION WAY, BLDG D1
FORT COLLINS, CO 80528

| EXAMINER |
|---|
| ISLA RODAS, RICHARD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2829 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/27/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action*** *Before the Filing of an Appeal Brief* | 11/410,699 | MAYDER ET AL. |
| | Examiner | Art Unit | |
| | Richard Isla-Rodas | 2829 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>30 November 2007</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to or on the same day as filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:

   a) ☒ The period for reply expires <u>3</u> months from the mailing date of the final rejection.

   b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

     Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☐ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   (a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);

   (b) ☐ They raise the issue of new matter (see NOTE below);

   (c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

     NOTE: _____. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☒ Applicant's reply has overcome the following rejection(s): <u>See Continuation Sheet.</u>

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): a) ☐ will not be entered, or b) ☒ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

   The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: _____.

   Claim(s) objected to: _____.

   Claim(s) rejected: <u>19-23</u>.

   Claim(s) withdrawn from consideration: <u>1-18</u>.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

11. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: <u>See Continuation Sheet.</u>

12. ☐ Note the attached Information Disclosure Statement(s). (PTO/SB/08) Paper No(s). _____.

13. ☐ Other: _____.

Continuation of 5. Applicant's reply has overcome the following rejection(s):  Objection to claims 22 and 23 as stated in page 2 of the Final Rejection.

Continuation of 11. does NOT place the application in condition for allowance because: The amendment to claims 22 and 23 overcome the objections for antecedent basis set up in page 2 of the Final Office Action.

In response to applicant's arguments that Legal does not teach MEMS that may be switched at faster speeds and used at higher temperatures.
- Firstly, applicant does not recite "MEMS".  Applicant recites "micro-electromechanical switches".  Given the broadest reasonable interpretation of the preferred structure the applicant uses to perform the method claim, the limitation recites a mechanical switch that is actuated electrically and which works on the micrometer scale.  That is a small mechanical switch that may be operated/switched/actuated electrically.  The prior art anticipates said limitation (see Final rejection pages 2-4)
- Secondly, the applicant does not state where in the specifications said mention that MEMS on multichip modules may be switched at faster speeds and used at higher temperatures is.  Still, even if the specifications mentions said ability of the MEMS to switch at faster speeds or higher temperatures (which would also raise the question: higher than what? and  faster than what?), applicant misinterprets the principle that claims are interpreted in the light of the specification.  Although these virtues (speed or high temperature operability) may be found as examples or embodiments in the specification, they were not claimed explicitly.  Nor were the words that are used in the claims defined in the specification, to require these limitations.  A reading of the specification provides no evidence to indicate that these limitations must be imported into the claims to give meaning to disputed terms (Constant v. Advanced Micro-Devices Inc., 7 USPQ 2d 1064.).

Likewise, the recitation "multichip module" has been given its broadest reasonable interpretation as a module that is capable of connecting to a plurality of chips.   As shown in Figure 3 of Legal, the module 216 indeed is capable of connecting to a plurality of device (310) and therefore is capable of connecting to a plurality of chips.  It must be noted that this interpretation of "multichip module" was relied on in the preparation of the Non Final office action submitted 4/3/2007 (see lines 4-6 in paragraph 11 of page 5), which the applicant did not argued against.

In addition, the examiner disagrees with the contention that in the examination process, the examiner has used case law (Ex parte Pfeiffer) as a per se rule in order to make the examination process less laborious (see lines 1-3 in paragraph 3, page 7 of submitted Remarks).  The examiner had considered all limitations and after determining that, the claimed preferred devices (micro-electromechanical switches) do not affect the method in a manipulative manner that differs from that which is accomplished by using the elements in the prior art of record (relays) the examiner determined that the sole use of said preferred structure could not distinguish the claimed method from the method disclosed by the prior art.  The examiner did not simply dismiss the claims by applying a per se rule but rather used the available case law (Ex parte Pfeiffer) to support his rejection.

HA TRAN NGUYEN
SUPERVISORY PATENT EXAMINER



Reply under 37 CFR 1.116 –
Expedited Procedure –
Technology Center 2800

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 11/410,699 | Confirmation No. 4586 |
| Applicant | : | Romi Mayder, et al. | |
| Filed | : | 04/24/2006 | |
| TC/A.U. | : | 2829 | |
| Examiner | : | Isla Rodas, Richard | |
| | | | |
| Docket No. | : | 10060220-1 | |

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## REPLY UNDER 37 CFR 1.116 – EXPEDITED PROCEDURE

Sir:

In response to the Final Office Action of September 27, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

*Please enter after Final Amendment.*

*Thank you*

*R.I.*   *12/26/07*

Page 1 of 9

ATTORNEY DOCKET NO.  10060220-1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Romi Mayder, et al.

Serial No.: 11/410,699

Examiner: RICHARD ISLA RODAS

Filing Date: April 24, 2006

Group Art Unit: 2829

Title: **APPARATUS, SYSTEMS AND METHODS FOR PROCESSING SIGNALS BETWEEN A TESTER AND A PLURALITY OF DEVICES UNDER TEST AT HIGH TEMPERATURES AND WITH SINGLE TOUCHDOWN OF A PROBE ARRAY**

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA  22313-1450

## NOTICE OF APPEAL FROM THE EXAMINER TO THE
## BOARD OF PATENT APPEALS AND INTERFERENCES

Sir:

Applicant hereby appeals to the Board of Patent Appeals and Interferences from the decision of the examiner dated, September 27, 2007 , rejecting the following claims 19-23

The fee for this Notice of Appeal (37 CFR 1.17(b)) is **$510.00**.

**(complete (a) or (b) as applicable)**

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

[x] (a)  Applicant petitions for an extension of time under 37 CFR 1.136 (fees:  37 CFR 1.17(a)-(d) for the total number of months checked below:

| | | |
|---|---|---|
| [x] | one month | $ 120.00 |
| [ ] | two months | $ 460.00 |
| [ ] | three months | $1050.00 |
| [ ] | four months | $1640.00 |

02/01/2008 SDENBOB3 00000048 082623   11410699

01 FC:1401        510.00 DA
02 FC:1251        120.00 DA

[ ] The extension fee has already been filled in this application.

[ ] (b)  Applicant believes that no extension of term is required.  However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account **08-2623** the sum of $630.00   .  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account **08-2623** pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.

[x] I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: January 28, 2008      **OR**

[ ] I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Date of Facsimile:

Typed Name: Gregory W. Osterloth

Signature:

Respectfully submitted,

Romi Mayder, et al.

By

Gregory W. Osterloth
Attorney/Agent for Applicant(s)

Reg. No. 36,232

Date:  January 28, 2008

Telephone No. (303) 295-8205

Verigy Ltd.
IP Legal Department
10100 N. Tantau Avenue, MS A200
Cupertino, California 95014-2540

Case 5:07-cv-04330-RMW    Document 332-5    Filed 09/13/2008    Page 14 of 49

ATTORNEY DOCKET NO. 10060220-1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): **Romi Mayder, et al.**

Serial No.: **11/410,699**                    Examiner: **Richard Isla Rodas**

Filing Date: **April 24, 2006**              Group Art Unit: **2829**

Title: **APPARATUS, SYSTEMS AND METHODS FOR PROCESSING SIGNALS BETWEEN A TESTER AND A PLURALITY OF DEVICES UNDER TEST AT HIGH TEMPERATURES AND WITH SINGLE TOUCHDOWN OF A PROBE ARRAY**

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA 22313-1450

### TRANSMITTAL OF APPEAL BRIEF

Sir:

Transmitted herewith is the Appeal Brief in this application with respect to the Notice of Appeal filed on January 28, 2008 (and received by the Office on February 1, 2008).

The fee for filing this Appeal Brief is (37 CFR 1.17(c)) **$510.00**.

**(complete (a) or (b) as applicable)**

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a)  Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)(1)-(5)) for the total number of months checked below:

|   |   |   |
|---|---|---|
| ☐ | one month | $ 120.00 |
| ☐ | two months | $ 460.00 |
| ☐ | three months | $1050.00 |
| ☐ | four months | $1640.00 |

☐ The extension fee has already been filled in this application.

☒ (b)  Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account **08-2623** the sum of $510.00___. At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account **08-2623** pursuant to 37 CFR 1.25.

☒ I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: May 1, 2008          **OR**

☐ I hereby certify that this paper is being submitted electronically via EFS-Web to the Patent and Trademark Office on the date shown below.

Date of submission:

Typed Name: Gregory W. Osterloth

Signature:

Respectfully submitted,

Romi Mayder, et al.

By

Gregory W. Osterloth
Attorney/Agent for Applicant(s)

Reg. No. 36,232

Date: May 1, 2008

Telephone No. (303) 295-8205



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

Appl. No.          :    11/410,699              Confirmation No. : 4586
Appellant          :    Romi Mayder, et al.
Filed              :    April 24, 2006
TC/A.U.            :    2829
Examiner           :    Richard Isla Rodas

Docket No.         :    10060220-1


Mail Stop Appeal Brief – Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450


## APPEAL BRIEF

### Table of Contents

Section:

Table of Contents .................................................................................... i

Real Party in Interest .............................................................................. 2

Related Appeals and Interferences.......................................................... 3

Status of Claims...................................................................................... 4

Status of Amendments ........................................................................... 5

Summary of Claimed Subject Matter ...................................................... 6

Ground of Rejection to be Reviewed on Appeal ...................................... 7

Argument ................................................................................................ 8

Claims Appendix.................................................................................. A-1

Evidence Appendix .............................................................................. B-1

Related Proceedings Appendix............................................................. C-1

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES**

Appl. No.          :     11/410,699          Confirmation No. : 4586
Appellant        :     Romi Mayder, et al.
Filed              :     April 24, 2006
TC/A.U.          :     2829
Examiner        :     Richard Isla Rodas

Docket No.      :     10060220-1


Mail Stop Appeal Brief – Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450


## APPEAL BRIEF


Dear Sir:

This Appeal Brief is submitted in response to the Examiner's Final Office Action dated September 27, 2007.

Appellants filed a Notice of Appeal on January 28, 2008, which was received by the Office on February 1, 2008.

05/05/2008 NNGUYEN1 00000071 082623   11410699
01 FC:1402        510.00 DA

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

### Real Party in Interest

The real party in interest is Verigy (Singapore) Pte. Ltd., a Singapore limited liability company.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Related Appeals and Interferences

There are no related appeals and/or interferences.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Status of Claims

Claims 1-23 are pending, of which claims 1-18 stand withdrawn and claims 19-23 stand rejected.  The rejections of claims 19-23 are appealed.

A copy of the claims that are the subject of this appeal is attached as a Claims Appendix to this Appeal Brief.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Status of Amendments

Some minor claim amendments were proposed after issuance of the Final Office Action.  All of these amendments have been entered.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Summary of Claimed Subject Matter

Claim 19 recites a method of processing signals between a tester (p. 10, lines 1-12, par. [0026]; FIG. 4, 126) and a plurality of devices under test.  The method comprises 1) connecting the tester and the plurality of devices under test with at least one multichip module (p. 7, lines 3-11, pars. [0014]-[0015]; p. 7, line 20 - p. 8, line 9; pars. [0017]-[0019]; p. 9, lines 4-5, par. [0023]; FIG. 1, 102), with each of the at least one multichip module having a plurality of micro-electromechanical switches (p. 7, lines 12-17, par. [0016]; p. 8, lines 10-15, par. [0020]; FIG. 1, 104) between a first set of connectors (106, FIG. 1) to the tester and a se

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Grounds of Rejection to be Reviewed on Appeal

1.     Whether claims 19 and 22 should be rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142).

2.     Whether claims 20, 21 and 23 should be rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142), McCord (U.S. Pat. No. 6,681,869) and Akram (U.S. Pat. No. 6,640,323).

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Argument

**1.    Claims 19 and 22 should not be rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142; hereinafter referred to as "Leggett").**

### A.  Claim 19:

Appellants' claim 19 recites, in part, the step of "connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches".

With respect to claim 19, the Examiner asserts that Legal discloses connecting a tester and a plurality of devices under test with "at least one multichip module (216). . .(see lines 59-61 in column 4)".  *See*, 9/27/2007 Final Office Action, p. 3, sec. 4. However, contrary to the Examiner's assertion, Legal does not indicate that the "relay matrix 216" is or comprises a multichip module.  Column 4, lines 59-61, of Legal state:

> Relays 312 may be traditional mechanical type relays.  Alternatively, they could be solid state switches or other similar structure.

In the above excerpt, there is no mention by Legal that the relay matrix 216 is (or should be) implemented using a multichip module.  Nor does Legal mention that the tester 110 should be connected to devices under test via micro-electromechanical switches on a multichip module.  As disclosed by appellants:

> In an embodiment, system 124 enables one touchdown testing of 300 mm wafers containing NAND devices to be tested up to 100 MHz by mounting micro-electromechanical multichip modules 102 very close to the DUTs. ***This one touchdown testing cannot be achieved by using mechanical relays or active silicon devices mounted on daughter boards.***  Daughter board mounted on the

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

probe cannot achieve the required density of switches because of the space required for connectors.

Appellants' specification, p. 11, par. [0032] (emphasis added).

For the above reasons, appellants assert that Legal fails to teach "connecting [a] tester and [a] plurality of devices under test with at least one multichip module". Given that Leggett also lacks such a teaching, appellants assert that claim 19 should be allowed over the combined teachings of Legal and Leggett.

The Examiner further states, with respect to claim 19, that:

> . . .Legal, teaches that the mechanical switches may also be switches that have control inputs (electrical) or a similar structure (see lines 61-64 in column 4). Legal however, does not explicitly state the use of micro electro-mechanical switches. Nevertheless, it has been held that to be entitled weight in method claims, the recited-structure limitations therein (electro-mechanical switch) must affect the method in a manipulative sense, and not to amount to the mere claiming of a use of a particular structure (in the immediate case, the preferred use of electro-mechanical switches).  Ex parte Pfeiffer, 1962 C.D. 408 (1961).

9/27/2007 Final Office Action, p. 3, sec. 4.

Although the Examiner relies on *Ex parte Pfeiffer*, appellants note that the Board has consistently refused to apply any *per se rule* in addressing 35 USC 103 rejections - even in the context of method claims.  On several occasions, the Board has cited to the non-precedential *In re Ochiai*, which holds:

> The use of per se rules, while undoubtedly less aborious than a searching comparison of the claimed invention - including all its limitations - with the teachings of the prior art, flouts section 103 and the fundamental case law applying it.  Per se rules that eliminate the need for fact-specific analysis of claims and prior art may be administratively convenient for PTO Examiners and the Board.  Indeed, they have been sanctioned by the Board as well.  But reliance on per se rules of obviousness is legally incorrect and must cease.  Any such administrative convenience is simply inconsistent with section 103, which, according to Graham [v. John Deere Co., 383 U.S. 1, 148 USPQ 459 (1966)] and its progeny, entitles an applicant to issuance of an otherwise proper patent unless the PTO established

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

that the invention as claimed in the application is obvious over cited prior art, based on the specific comparison of that prior art with claim limitations.

*In re Ochiai*, 71 F.3d at 1572, 37 USPQ2d at 1133.

In interpreting the phrases "multichip module" and "micro-electromechanical switch", the Examiner asserts that:

- Finally, applicant does not recite "MEMS". Applicant recites "micro-electromechanical switches". Given the broadest reasonable interpretation of the preferred structure the applicant uses to perform the method claim, the limitation recites a mechanical switch that is actuated electrically and which works on the micrometer scale. That is a small mechanical switch that may be operated/switched/actuated electrically.. . .

Likewise, the recitation "multichip module" has been given its broadest reasonable interpretation as a module that is capable of connecting to a plurality of chips.

See, 12/27/2007 Advisory Action.

Although the Examiner is encouraged to interpret appellants' claim limitations broadly, appellants believe it inappropriate to construe the phrase "micro-electromechanical switch" any differently than a MEMS, or to construe a "microchip module" any differently than an MCM. These elements have common and well-understood meanings in the art, and appellants' specification consistently equates the above phrases with their common respective acronyms, without distinguishing the two.

Appellants note that the switches mentioned in their claim 19 are not only "micro-electromechanical switches", but micro-electromechanical switches provided on a "multichip module". Not only does Legal fail to disclose the use of micro-electromechanical switches (i.e., MEMS) to connect a tester with devices under test, but Legal also fails to disclose or suggest the use of MEMS that are part of a multichip module (MCM). As mentioned in appellants' specification, MEMS on MCMs may be switched at faster speeds and used at higher temperatures. See, e.g., the discussion in

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

appellants' paragraph [0044] (describing the invention) versus the discussion in appellants' paragraphs [0001] and [0002] (describing past switching methods).

Although the Examiner relies on Leggett's teachings for the proposition that mechanical and electromechanical switches are equivalent, Leggett, like Legal, fails to disclose either MEMS or microchip modules.

With respect to appellants' above discussions of advantages and operating conditions that can be attained using the method set forth in appellants' claim 19, the Examiner's Advisory Action asserts that:

> . . .applicant misinterprets the principle that claims are interpreted in light of the specification. Although these virtues (speed or high temperature operability) may be found as examples or embodiments in the specification, they were not claimed explicitly. Nor were the words that are used in the claims defined in the specification, to require these limitations. A reading of the specification provides no evidence to indicate that these limitations must be imported into the claims to give meaning to disputed terms. . .

Appellants disagree with the Examiner's assertion that they are trying to "read into" claim 19 certain limitations and virtues that are not explicitly set forth in claim 19. Rather, appellants merely refer to the specification to illustrate why the differences between what is set forth in claim 19, and the combination of Legal's and Leggett's teachings, are more significant than the Examiner makes them. That is, the method steps, in combination with the structures employed by the method steps, enable appellants' claim 19 to achieve "virtues" that are not achievable by any combination of Legal's and Leggett's methods and apparatus.

In summary, given that neither Legal nor Leggett teach or suggest "connecting [a] tester and [a] plurality of devices under test *with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches*", appellants believe claim 19 to be allowable.

-11-

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

### B. Claim 22:

Claim 22 is believed to be allowable because it depends from claim 19, and because Legal and Leggett fail to teach or suggest "mounting each of the at least one multichip module directly on a probe card" (i.e., because neither reference discloses a multichip module or discusses where or how such a module would be used or mounted).

**2.    Claims 20, 21 and 23 should not be rejected under 35 USC 103(a) as being unpatentable over Legal (U.S. Pat. No. 5,736,850) in view of Leggett et al. (U.S. Pat. No. 6,098,142; hereinafter referred to as "Leggett"), McCord (U.S. Pat. No. 6,681,869) and Akram (U.S. Pat. No. 6,640,323).**

Claims 20, 21 and 23 are believed to be allowable, at least, because each of these claims depends from claim 19, and because McCord and Akram fail to disclose that which is missing from the combined teachings of Legal and Leggett. See Section 1 of this Argument for a discussion of what is missing from the combined teachings of Legal and Leggett.

**3.    Conclusion**

In light of the above arguments, appellants request the allowance of claims 19-23.

Respectfully submitted,
HOLLAND & HART, LLP

By: _____
Gregory W. Osterloth
Reg. No. 36,232
Tel:  (303) 295-8205

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

**Claims Appendix**

19.   A method of processing signals between a tester and a plurality of devices under test, the method comprising:

connecting the tester and the plurality of devices under test with at least one multichip module, each of the at least one multichip module having a plurality of micro-electromechanical switches between a first set of connectors to the tester and a second set of connectors to the plurality of devices under test; and

selectively operating each of the plurality of micro-electromechanical switches to process the signals between individual ones of the first set of connectors to the tester and selected multiple ones of the second set of connectors to the plurality of devices under test.

20.   A method in accordance with claim 19, further comprising operating the at least one multichip module at a speed of at least 100 MHz.

21.   A method in accordance with claim 19, further comprising operating the multichip module at a temperature of at least 125° C.

22.   A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on a probe card.

A-1

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

23.   A method in accordance with claim 19, further comprising mounting each of the at least one multichip module directly on a probe card, operating the multichip module at a temperature of at least 125° C, and operating the at least one multichip module at a speed of at least 100 MHz.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Evidence Appendix

None.

Serial No. 11/410,699
Atty. Dckt. No. 10060220-1

## Related Proceedings Appendix

None.

Document code: WFEE

United States Patent and Trademark Office
Sales Receipt for Accounting Date:  05/12/2008

LHINTON      SALE  #00000002     Mailroom Dt:  05/05/2008      082623   11410699
                 01    FC : 1251                  120.00  DA

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/410,699 | 04/24/2006 | Romi Mayder | 10060220-1 | 4586 |

63448          7590          07/25/2008
Gregory W. Osterloth
Holland & Hart, LLP
P.O. Box 8749
Denver, CO 80201

| EXAMINER |
|---|
| ISLA RODAS, RICHARD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2829 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/25/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 11/410,699 | MAYDER ET AL. |
| | **Examiner** | **Art Unit** | |
| | RICHARD ISLA RODAS | 2829 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>05 May 2008</u>.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-23</u> is/are pending in the application.

    4a) Of the above claim(s) <u>1-18</u> is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>19-23</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>04 April 2006</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 11/410,699                                    Page 2
Art Unit: 2829

## DETAILED ACTION

### *Response to Arguments*

1.      Applicant's arguments in the Notice of Appeal filed 5/5/2008, with respect to the

rejection(s) of claim(s) 19-23 under the US Patent to Legal et al. (#5,736,850) in view of

the US Patent to Legett et al. (#6,098,142) have been fully considered and are

persuasive.  Therefore, the rejection of claims 19-23 as stated in the Final Rejection

mailed 9/27/2007, has been withdrawn.  However, upon further consideration, a new

ground(s) of rejection is made in view of the US Patent to Barlett et al. #5,834,975 and

the US Patent to Saia et al. #6,773,962.


### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.      **Claims 19 and 22** are rejected under 35 U.S.C. 103(a) as being unpatentable

over the US Patent to Legal (5,736,850) in view of the US Patent to Bartlett et al.

#5,834,975 (Bartlett hereinafter) and further in view of the US Patent to Saia et al.

#6,773,962 (Saia hereinafter).

        **In terms of claims 19 and 22**, legal teaches in Figure 2A, a method of

processing signal between a tester (110) and a plurality of devices under test (cells on

top of wafer 122), with at least one multichip module (216) mounted directly on a probe

card (218), the module having a plurality of <u>mechanical switches</u> (see lines 59-61 in

column 4) between a first set of connectors (DRIVER/RECEIVERS) to the tester (110)

and a second set of connectors (220) to the plurality of devices under test (cells on

wafer 122), and selectively operating each of the plurality of mechanical switches to

process (receive and transmit) the signals between individual ones of the first set of

connector to the tester and selected multiple ones of the second set of connectors to

the plurality of devices under test (The relays provide independent conductive paths

between the tester and the probes, said relays can be actuated to connect one of the

group of drivers to one of the test sites as explained in lines 50-58, column 4). Legal,

teaches that the mechanical switches may also be switches that have control inputs

(electrical) or a similar structure (see lines 61-64 in column 4). Legal however, does not

<u>explicitly</u> state the use of micro electro-mechanical switches in a multichip module.

Nevertheless, it has been held that to be entitled weight in method claims, the recited-

structure limitations therein (electro-mechanical switch) must affect the method in a

manipulative sense, and not to amount to the mere claiming of a use of a particular

structure (in the immediate case, the preferred use of electro-mechanical switches in

the multichip module). Ex parte Pfeiffer, 1962 C.D. 408 (1961). Since the method as

claimed is not affected by the use of the particular structure, Legal anticipates the

method steps.

Nevertheless, the use of micro-electromechanical switches is well known in the

art. For example, Bartlett teaches in Figure 1, the use of micro-electromechanical

switches (s1, s2, s3... etc) as switching devices for connecting and disconnecting IN

Application/Control Number: 11/410,699                                    Page 4
Art Unit: 2829

and PWROUT signals.   It would have been obvious to one having ordinary skill in the

art at the time the invention was made, to replace the mechanical switches in Legal's

device for the micro-electromechanical switches in Bartlett's device, in order to provide

switching arrays that are smaller, lighter and consume less power.

Finally, Bartlett doesn't explicitly teach that the micro-electromechanical switches

are packaged on multichip modules (MCM).  However, multichip module (MCM)

packaging of MEMS devices is well known in the art.   For example, Saia teaches a

method of holding (packaging in) a plurality of MEMS as a multichip module using

multichip module techniques (see lines 39-41, col. 1).  That is, Saia teaches a method

of protecting MEMS by implementing a multichip module that holds a plurality of MEMS.

It would have been obvious to one having ordinary skill in the art, to use the teachings

of MEMS held by MCM structures, as taught by Saia, to package the micro-

electomechanical switches in Bartlett's device inside an MCM structure, in order to

protect the fragile micro-electromechanical structures from mechanical and/or chemical

attack (as suggested in lines 42-45, col. 1).


4.      **Claims 20, 21 and 23** are rejected under 35 U.S.C. 103(a) as being

unpatentable over Legal in view of Bartlett in view of Saia and further in view of the US

Patent to McCord #6,681,869 and further in view of the US Patent to Akram 6,640,323.

**As to claims 20, 21 and 23**, Legal in view of Bartlett and McCord substantially

teaches all of the claimed steps as discussed above including mounting the multichip

module (216) directly on a probe card (218).  Legal in view of Bartlett and McCord does

not explicitly teach however, the step of <u>operating the multichip module at a speed</u>

<u>(frequency) of at least 100 MHz</u>.  McCord shows that it's well known in the art that to

operate a tester (and consequently the module connecting it to the device under test) <u>at</u>

<u>and above the rated clock frequency of the device under test</u> (see lines 29-38 in column

10).  For instance, when testing a device which working frequency is 533 MHz, is

customary to process the signals at frequencies up to 584MHz.   It would have been

obvious to one of ordinary skill in the art, to operate the multichip module at 100MHz or

more when testing devices whose frequency of operation is below such frequency, as

taught by McCord, in order to replicate the working conditions of said devices.

Furthermore, McCord is silent as to the preferred temperature of operation of the

device.  Akram teaches a procedure know as static method of burn-in that consist of

applying test signals on devices under test at temperatures of 125 degrees Celsius.

Such method comprises the step of applying operating voltages on the devices under

test that are much higher than their normal operating voltage, thereby increasing the

temperature of the devices under test and removing those devices that fail to withstand

the temperature and/or voltage (infant mortality of dies), as explained in lines 21-32 in

column 2.  It would have been obvious to one of ordinary skill in the art, at the time the

invention was made, to apply higher than normal operating voltages on the devices

under test of Legal's system (by operating the multichip module to send higher than

normal test signals to the devices under test) thereby increasing the temperature of

operation to up to 125 degrees, as taught by Akram, in order to detect early failure of

Application/Control Number: 11/410,699                                      Page 6
Art Unit: 2829

the devices under test (infant mortality of dies) as suggested by Akram in line 10 of

column 2.

### *Conclusion*

5.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure:

| Document Number Number-Kind Code e.g. 0500004 A1 | Date MM-YYYY | Name | Classification |
|---|---|---|---|
| 7,091,765 | 08-2006 | Bilak et al. | 327/199 |
| 2008/0091961 | 04-2008 | Cranford et al. | 713/300 |
| 7,068,220 | 06-2006 | DeNatale et al. | 342/375 |
| 6,303,885 | 10-2001 | Hichwa et al. | 200/181 |

6.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Richard Isla-Rodas whose telephone number is (571)

272-5056.  The examiner can normally be reached on Monday through Friday 8 am to

4:30 pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Ha Nguyen can be reached on (571) 272-1678.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

Application/Control Number: 11/410,699                                  Page 7
Art Unit: 2829

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


Richard Isla-Rodas
July 20, 2008

/Ha  T. Nguyen/

Supervisory Patent Examiner, Art Unit 2829

| Notice of References Cited | Application/Control No.<br>11/410,699 | Applicant(s)/Patent Under Reexamination<br>MAYDER ET AL. | |
|---|---|---|---|
| | Examiner<br>RICHARD ISLA RODAS | Art Unit<br>2829 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,091,765 | 08-2006 | Bilak et al. | 327/199 |
| * | B | US-2008/0091961 | 04-2008 | Cranford et al. | 713/300 |
| * | C | US-7,068,220 | 06-2006 | DeNatale et al. | 342/375 |
| * | D | US-6,303,885 | 10-2001 | Hichwa et al. | 200/181 |
| * | E | US-5,736,850 | 04-1998 | Legal, Dennis Andrew | 324/158.1 |
| * | F | US-6,773,962 | 08-2004 | Saia et al. | 438/118 |
| * | G | US-6,801,869 | 10-2004 | McCord, Don | 702/117 |
| * | H | US-5,834,975 | 11-1998 | Bartlett et al. | 330/278 |
| * | I | US-6,640,323 | 10-2003 | Akram, Salman | 714/724 |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11410699 | MAYDER ET AL. |
| | **Examiner** | **Art Unit** |
| | RICHARD ISLA RODAS | 2829 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 324 | 754 | 7/18/2007 | RI |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST Search (text search only) - updated search, see search history print-out | 7/18/2008 | RI |

### INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L1 | 2 | "6681869".pn. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/20 17:50 |
| L2 | 7 | McCord.in. and tester | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/20 17:50 |
| L3 | 2 | "6640323".pn. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/20 17:52 |
| S1 | 7381 | (mem$1) with chip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/11 16:17 |
| S2 | 9 | (mem$1) with chip same tester | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/11 16:17 |
| S3 | 1771 | micro with electromechanical with switch$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/11 16:19 |
| S4 | 53 | S3 and test same chips | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/11 16:20 |
| S5 | 2 | "20070247140" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/11 16:32 |

| S6 | 14 | (mem$1) with switch$3 same chip with test$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:07 |
| S7 | 2 | "20070247140" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:08 |
| S8 | 0 | (mem$1) with switch$3 same MCM same chip with test$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:17 |
| S9 | 15 | (mem$1) with switch$3 same MCM and test$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:18 |
| S10 | 0 | probe adj card same MCM same MEMS with switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:32 |
| S11 | 2 | probe adj card same MCM same MEMS | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:32 |
| S12 | 48 | probe adj card same MCM | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 10:32 |
| S13 | 11 | MCM with MEMS with switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 11:24 |
| S14 | 37 | MCM same MEMS with switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 11:27 |

| S15 | 3 | 324/754.ccls. and MEMS with switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 11:39 |
| S16 | 15286 | microelectromechanical | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:16 |
| S17 | 360 | microelectromechanical adj switch $2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:16 |
| S18 | 3 | S17 and "324"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:17 |
| S19 | 3917 | $5electromechanical adj switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:18 |
| S20 | 3917 | ($5electromechanical or micro adj electromechanical) adj switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:20 |
| S21 | 3 | S20 and test same multichip with module | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:20 |
| S22 | 3 | ($5electromechanical or micro adj electromechanical) adj switch$2 and test and multichip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:21 |
| S23 | 673 | ($5electromechanical or micro adj electromechanical) adj switch$2 and test | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:21 |

| S24 | 1 | S22 and "324"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:21 |
| S25 | 104 | S19 and "324"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:22 |
| S26 | 0 | microchip adj module same $7electromechanical adj switch$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:30 |
| S27 | 0 | microchip adj module same $7electromechanical with switch $2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:31 |
| S28 | 1 | microchip with module same $7electromechanical with switch $2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:31 |
| S29 | 3 | multichip with module same $7electromechanical with switch $2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:34 |
| S30 | 47 | multichip with module and $7electromechanical with switch $2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 14:34 |
| S31 | 414 | $7electromechanical with switch $2 same test$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 15:28 |
| S32 | 35 | mems with $7electromechanical with switch$2 same test$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 15:31 |

| S33 | 245 | mems with $7electromechanical with switch$2 same connect | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 15:40 |
| S34 | 130 | mems with $7electromechanical with switches with connect | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 15:41 |
| S35 | 0 | mems with $7electromechanical with switches with connect with chip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 16:31 |
| S36 | 14 | mems with switches with connect with chip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 16:31 |
| S37 | 360 | mems with switch$2 with chip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 16:49 |
| S38 | 61 | mems with switch$2 with chip and test | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 16:49 |
| S39 | 2 | "5834975".pn. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | AND | ON | 2008/07/18 17:27 |
| S40 | 56 | ("4598252" \| "4755769" \| "5256987" \| "5578976").PN. OR ("5834975").URPN. | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 17:31 |
| S41 | 63 | multichip adj module and 324/754.ccls. | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 17:39 |
| S42 | 76 | multichip adj module and probe adj card | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:20 |
| S43 | 7 | multichip adj module same probe adj card | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:20 |
| S44 | 16 | multichip adj module same DUT | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:26 |

| S45 | 1 | "5834975".pn. | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:40 |
| S46 | 71 | multichip adj module with mems | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:42 |
| S47 | 71 | multichip adj module with mems | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:44 |
| S48 | 12 | ("4633573" \| "5161093" \| "5353498" \| "5522006" \| "5527741" \| "5731047" \| "5757072" \| "5833903" \| "6150719" \| "6252229" \| "6499214").PN. OR ("6773962"). URPN. | US-PGPUB; USPAT; USOCR | AND | ON | 2008/07/18 18:58 |

7/20/2008 6:10:14 PM
C:\ Documents and Settings\ rislarodas\ My Documents\ EAST\ Workspaces\ 11410699-july2008.wsp

| *Index of Claims* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 11410699 | MAYDER ET AL. |
| | **Examiner** | **Art Unit** |
| | RICHARD ISLA RODAS | 2829 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/18/2008 | | | | | | | | |
| | 1 | ÷ | | | | | | | | |
| | 2 | ÷ | | | | | | | | |
| | 3 | ÷ | | | | | | | | |
| | 4 | ÷ | | | | | | | | |
| | 5 | ÷ | | | | | | | | |
| | 6 | ÷ | | | | | | | | |
| | 7 | ÷ | | | | | | | | |
| | 8 | ÷ | | | | | | | | |
| | 9 | ÷ | | | | | | | | |
| | 10 | ÷ | | | | | | | | |
| | 11 | ÷ | | | | | | | | |
| | 12 | ÷ | | | | | | | | |
| | 13 | ÷ | | | | | | | | |
| | 14 | ÷ | | | | | | | | |
| | 15 | ÷ | | | | | | | | |
| | 16 | ÷ | | | | | | | | |
| | 17 | ÷ | | | | | | | | |
| | 18 | ÷ | | | | | | | | |
| | 19 | ✓ | | | | | | | | |
| | 20 | ✓ | | | | | | | | |
| | 21 | ✓ | | | | | | | | |
| | 22 | ✓ | | | | | | | | |
| | 23 | ✓ | | | | | | | | |