1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Plaintiff
   VERIGY US, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12 | VERIGY US, INC, a Delaware Corporation | Case No. C07 04330 RMW (HRL) |
|---|---|
13 | Plaintiff, | |
14 | vs. | **VERIGY'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
15 | ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive, | Judge:  Hon. Howard R. Lloyd<br>Ctrm.:  2, 5th Floor |
18 | Defendants. | Complaint Filed:  August 22, 2007<br>Trial Date:  None Set |
21 | AND RELATED CROSS-ACTIONS | |

Pursuant to Civil Local Rules 7-11(a) and 79-5(b), plaintiff Verigy U.S., Inc. ("Plaintiff" or "Verigy") requests that the following materials be filed under seal, because they contain confidential information that is protected by the Stipulated Protective Order entered by the Court on August 29, 2007. The documents submitted under seal include:

1. Portions of Verigy Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion to Quash Subpoena Served on Mount & Stoelker PC (the "Opposition").

These materials (hereafter "the Materials") each disclose information that has been designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" by the parties under the protective order, without objection to those designations (although Verigy reserves its rights to challenge such designations pursuant to the Stipulated Protective Order). Although the information in the Materials has been designated as protected from disclosure under the Protective Order, Verigy relies on this information in support of its MSA. The parties' confidentiality interest therefore overcomes the right of public access to the record, as a substantial probability exists that the parties' overriding confidentiality interest will be prejudiced if the record is not sealed. Further, the proposed sealing is narrowly tailored and no less restrictive means exist to achieve this overriding interest.

Pursuant to Local Civil Rule 79-5(b)-(c), Verigy therefore lodges the Materials with this Court, and respectfully requests leave to file the aforementioned documents under seal.

Dated: September 16, 2008                    BERGESON, LLP

By: _____/s/_____
          Donald P. Gagliardi

Attorneys for Plaintiff
VERIGY US, INC.