| | |
|---|---|
| 1  JACK RUSSO (State Bar No. 96068)<br>   TIM C. HALE (State Bar No. 114905)<br>2  JOHN KELLEY (State Bar No. 100714)<br>   RUSSO & HALE LLP<br>3  401 Florence Street<br>   Palo Alto, CA 94301<br>4  Telephone: (650) 327-9800<br>   Facsimile: (650) 327-3737<br>5  Email: jrusso@computerlaw.com<br>          thale@computerlaw.com<br>6         jkelley@computerlaw.com | **PUBLIC<br>VERSION** |

7  Attorneys for defendants and counterclaimants
   WESLEY MAYDER, ROMI MAYDER, SILICON
   TEST SOLUTIONS LLC and SILICON TEST
8  SYSTEMS INC

9                IN THE UNITED STATES DISTRICT COURT

10           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROMI MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-cv-04330-RMW (HRL)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RE POCHOWSKI IN RESPONSE TO FIRST DOCUMENT REQUEST**<br><br>**Date: September 30, 2008<br>Time: 10:00 a.m.<br>Courtroom 2<br>Before the Hon. Howard R. Lloyd**<br><br>Complaint Filed: August 22, 2007<br>Trial Date: December 8, 2008 (jury trial)<br>(Defendants have elected to reserve their jury trial rights under F.R.C.P., Rule 38) |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**DOCUMENT SUBMITTED UNDER SEAL**

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Br. Supp. Mot. Compel re Pochowski Docs.                    Case No. 5:07-cv-04330-RMW (HRL)

**INTRODUCTION**

Plaintiff Verigy, Inc.'s ("Verigy") opposition to the motion to compel further production of documents that have been withheld by Verigy under a so-called common interest between Verigy and third party witness Robert Pochowski is premised upon the notion that a pig's ear can be a silk purse. Put another way, Verigy would like the Court to believe that the Emperor is wearing clothes, when in fact he is stark naked. There is no viable common interest between Verigy and Mr. Pochowski, and Verigy's calling an interest "common" does not make it so. Indeed, when the alleged common interests between Verigy and Mr. Pochowski are scrutinized, it is clear that they are (a) legally not viable, (b) conclusory and contrary to common sense and (c) contrary to Mr. Pochowski's own deposition testimony. Further, nowhere does Verigy's opposition even address Mr. Pochowski's testimony, in which he confirmed that no common interest with Verigy existed, and instead tries to create a common interest after the fact.

Verigy concedes that an *in camera* inspection is appropriate; Defendants believe that Verigy has not met its burden of showing a common interest, and that the withheld documents should be produced; if there is any question in the Court's mind as to whether such documents should be produced, however, Defendants request that the Court conduct such inspection.

**ARGUMENT**

**I.  VERIGY HAS MISCITED THE LAW IN ORDER TO CLAIM A COMMON INTEREST BASED UPON UNVIABLE COMMERCIAL BASE**

Verigy's brief in opposition ("Opp.") to Defendants' motion to compel the production of documents relating to communications with Robert Pochowski and his attorneys, contained on privilege logs produced by Verigy in this action, purports to set forth the law in this District and Circuit regarding when the common interest doctrine applies. Indeed, Verigy chastises Defendants by claiming that they have relied upon bad law in referring to the decision in *Nidec Corp. v. Victor Co. of Japan*, 2007 U.S. Dist. LEXIS 48841, at *14 (N.D. Cal. July 3, 2007). It is Verigy, however, that has gotten the law dead wrong and that is relying upon unviable "common interests."

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com℠

**Reply Br. Supp. Mot. Compel re Pochowski Docs.**     1     Case No. 5:07-cv-04330-RMW (HRL)

1       First, the decision by this Court amending its earlier decision in *Nidec*, at 249 F.R.D. 575
2    (N.D. Cal. July 5, 2007) did *not* "supersede" the earlier decision, as Verigy claims. The earlier
3    decision remains in good standing (as a simple Shepardizing exercise by Verigy would have
4    confirmed), and has in fact been recently relied upon in at least one other district court. *See*
5    *Net2Phone, Inc. v. eBay, Inc.* 2008 U.S. Dist. LEXIS 50451, at *24 (D.N.J. June 26, 2008). More
6    importantly, the subsequent *Nidec* decision cited by Verigy contains the very same statement of
7    law that was relied upon by Defendants in the earlier decision, namely "the basic requirement of
8    the common interest exception that the parties must have 'a common legal, *as opposed to*
9    *commercial, interest*.'" *Nidec*, 249 F.R.D. at 579 (emphasis added), *quoting Bank Brussels*
10   *Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)(the common interest doctrine
11   does not encompass a business relationship which simply happens to have as one of its elements a
12   fear of litigation). Thus, it is Verigy that is attempting misread the law in this District and Circuit,
13   law that rejects a commercial interest as the kind that will support a common interest claim.
14   Verigy's reliance upon a reference book to the attorney-client privilege is hardly persuasive
15   authority in the face of the clear law.

16       A number of the bases of common interests asserted by Verigy, even if not viewed as
17   completely conclusory, are based upon so-called commercial interests that Verigy and Pochowski
18   allegedly share. Those bases are not proper bases for asserting the common interest, and should be
19   discarded in the Court's analysis. Among those bases are:

20       1.  **Verigy's alleged basis that there is a common interest in establishing that Romi**
21   **Mayder misappropriated Verigy trade secrets**. Opp. at 4, section a. The reasoning advanced
22   by Verigy in this section is curious; it first claims that Pochowski's interest is because he "has an
23   ongoing business…" Such an interest is another way of saying that Pochowski would want to
24   assert ownership of trade secrets belonging to STS, *or Verigy*. His interest is adverse to Verigy's,
25   not common. Second, Verigy then states that Pochowski might have a legal interest in establishing
26   that Mr. Mayder made certain misrepresentations to him about Verigy not owning trade secrets.
27   This reasoning is absurd; Mr. Pochowski has no interest, legal or commercial, in establishing that
28   Verigy owns something that Mr. Pochowski himself wants to claim ownership of. Further, there is

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Br. Supp. Mot. Compel re Pochowski Docs.    2    Case No. 5:07-cv-04330-RMW (HRL)

no showing that there is any claim of fraud or misrepresentation that has ever been asserted by Mr. Mayder against Mr. Pochowski, only a claim of ownership of rights, as Mr. Pochowski's own declaration confirms.

2.  **Pochowski's and Verigy's supposed interest in showing that each of them owns the intellectual property that STS claims it owns**. Opp. at 4, section b.  In not only constituting a mere commercial basis, this basis in fact reflects an *adverse* relationship between Pochowski and Verigy, not a common one.  Verigy has steadfastly claimed in this litigation that it owns *all intellectual property* developed by STS LLC and Inc.  Any assertion of ownership of intellectual property developed by STS by Pochowski would stand in express contradiction to Verigy's claim of ownership.[1]  This basis evidences a lack of common interest.

3.  **Pochowski's supposed interest in preserving Verigy's trade secrets**. Opp. at 4, section c.  This basis for an alleged common interest is transparently improper, and like the bases in section b, above, in fact supports the view that there is an adverse, not common, interest between Verigy and Pochowski.  The supposed basis for Pochowski to maintain the trade secrecy of Verigy's trade secrets is his desire to "enjoy[] a long term, cordial, business relationship with Verigy…." Opp. at 4.  Again, this basis is purely commercial, and therefore under this District's and Circuit's law does not provide a viable legal common interest.  Additionally, however, the reference to Mr. Pochowski's desire to maintain a cordial relationship with Verigy is another way of saying that he wants to avoid being sued by Verigy.  This issue is at the crux of this Motion—Defendants are informed and believe that Pochowski has entered into this so-called common interest with Verigy to avoid being sued, and Defendants are entitled to discover documents that show that threat of suit, in order to establish Mr. Pochowski's bias.

4.  **Verigy's attempted reliance upon a common interest with Pochowski in protecting against claims that STS's trade secrets were misappropriated**. Opp. at 5, section (e).  This alleged basis is just a rehash of section (c), dealing with "who owns the intellectual

---

[1] Mr. Pochowski's supposed interest in intellectual property was in connection with a utility patent application filed by STS.  *See*, Pochowski Declaration submitted with Verigy's opposition papers, at para. 6.  Verigy has claimed ownership in that very application.

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Br. Supp. Mot. Compel re Pochowski Docs.**    3    Case No. 5:07-cv-04330-RMW (HRL)

1  property." As addressed in detail above, there is no common interest between Verigy and
2  Pochowski in this regard, only an adverse one.
3      In addition to these bases not being legally sufficient to establish a common interest, they
4  are contrary to Mr. Pochowski's sworn deposition testimony, testimony contained in Defendants'
5  moving papers, but completely unaddressed by Verigy in its opposition papers. In deposition, Mr.
6  Pochowski testified to the following (submitted with the Hale Decl. with the moving papers):

7  Q: ███████████████████████████████████
8     ███████████████████████████████

9  A: ███

10 Pochowski Oct. 2 Depo. at p. 72.

11 Q: ██████████████████████████████
12    ██████████████

13 A: ████████████████

14 Q: █████████████████████████████
15    █████████████

   A: ███

16 Pochowski Oct. 2 Depo. at p. 80.

17 Q: █████████████████████████████████
18    ████████████████████████████

19 A: ███

20 Pochowski Oct. 2 Depo. at pp. 81-82.

21 Q: ████████████████████████████
22    ████████████████

23 A: ██████████████

24 Pochowski Oct. 2 Depo. at p. 82.

25 Q: ████████████████████████████████
26    ████████████████████████████████

27 A: ████████████

28 Q: ████████████████████████████████

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Br. Supp. Mot. Compel re Pochowski Docs.**    4    **Case No. 5:07-cv-04330-RMW (HRL)**

| | |
|---|---|
| 1 | ▮▮▮▮▮ |
| 2 | A: ▮▮▮▮▮ |
| 3 | *** |
| 4 | MR. ERLICH: ▮▮▮▮▮ |
| 5 | ▮▮▮▮▮ |
| 6 | A: ▮▮▮▮▮ |
| 7 | Q: ▮▮▮▮▮ |
| 8 | A: ▮ |

Pochowski Oct. 2 Depo. at pp. 82-83.  Thus, when questioned on cross-examination, Mr. Pochowski admitted he has no real alignment with Verigy, either commercial or legal.  Verigy pretended this testimony did not exist in its opposition papers, and it bears the repetition above.  All of the above bases offered by Verigy must be rejected,  as a matter of law.

## II. THE OTHER BASES FOR A COMMON INTEREST ARE CONCLUSORY.

Verigy offers two other bases for the alleged common interest, and they are completely conclusory.  First, ▮▮▮▮▮ Opp. at 5, section (d).  ▮▮▮▮▮ While not beginning to describe how Verigy intends to protect Mr. Pochowski in this regard, this basis also rests on the foundational premise that Mr. Pochowski would not give truthful testimony unless Verigy were somehow aligned with him, and there is absolutely no showing by Verigy as to this manufactured position.

As with most all of the other bases, Verigy ▮▮▮▮▮ Opp. at 5.  This is, again, Verigy's improper, commercial interest speaking, and as noted repeatedly above, its and Pochowski's interests in connection with such ownership are adverse to Verigy's, not common or aligned with it.

//

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Br. Supp. Mot. Compel re Pochowski Docs.**     5     Case No. 5:07-cv-04330-RMW (HRL)

1   The last basis for common interest advanced by Verigy is that there is a common interest in
2   ███████████████████. Verigy notes that Mr. Pochowski, as a key witness, has had to
3   incur legal expenses. Verigy makes no demonstration whatsoever, however, of how Mr.
4   Pochowski is somehow saving money in this action. Perhaps the truth is that Verigy is paying for
5   Mr. Pochowski's legal expenses, but that, too, should be able to be discovered. Rather, Verigy's
6   asserted basis is nothing more than a conclusory one that it can use to hide its communications
7   with someone it undoubtedly threatened to sue in exchange for cooperation.

8   Verigy has no viable basis for claiming a common interest with Mr. Pochowski; that
9   interest is adverse, not aligned. While having now produced their common interest and joint
10  defense agreement, Verigy has conveniently failed to produce another agreement referenced
11  therein, ██████████████████████████████████████████████████████
12  ████ *See*, Declaration of Michael Stebbins, submitted by Verigy with its opposition papers, at
13  Exhibit A, para. 1.6 therein. The privilege log from Verigy shows numerous email
14  communications prior to that earlier agreement as well, communications wherein Verigy likely
15  threatened legal action against Mr. Pochowski. Defendants should be entitled to show that the real
16  basis for his testimony is avoiding legal action by Verigy, not some alleged common interest.
17  ████████████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████
20  ████████████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████ This recent
23  action by Verigy affirms its adverse, not common, interest with Mr. Pochowski, and increases the
24  likelihood that Verigy has in fact threatened Mr. Pochowski as well with legal action, but is
25  attempting to hide that biasing fact.

26                                **CONCLUSION**
27  For the reasons highly stated above, the Court should grant the motion seeking to compel
28  the withheld Pochowski documents. If the Court is not initially inclined to grant it on the bases set

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

Reply Br. Supp. Mot. Compel re Pochowski Docs.    6    Case No. 5:07-cv-04330-RMW (HRL)

1  forth above, Defendants respectfully request that the Court conduct the *in camera* review conceded
2  by Verigy.

                                                                 Respectfully submitted,

Dated: September 16, 2008          RUSSO & HALE LLP

                                        By:    __/s/ Tim C. Hale_____
                                                       Tim C. Hale

                                             Attorneys for Defendants SILICON TEST
                                             SYSTEMS, INC., ROMI MAYDER,
                                             SILICON TEST SOLUTIONS, LLC and
                                             WESLEY MAYDER

RUSSO & HALE LLP
Palo Alto, California
www.computerlaw.com ℠

**Reply Br. Supp. Mot. Compel re Pochowski Docs.**    7    **Case No. 5:07-cv-04330-RMW (HRL)**