DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
VERIGY US, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROMI OMAR MAYDER, an individual; WESLEY MAYDER, an individual; SILICON TEST SYSTEMS, INC., a California Corporation; and SILICON TEST SOLUTIONS, LLC, a California Limited Liability Corporation, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C07 04330 RMW (HRL)<br><br>**STIPULATION AND [PROPOSED] ORDER FOR *FURTHER* LIMITED MODIFICATION OF ORDER RE: MAY 23, 2008 CASE MANAGEMENT CONFERENCE HEARING**<br><br>Judge:               Hon. Ronald M. Whyte<br>Complaint Filed:  August 22, 2007 |

## STIPULATION

1.     Pursuant to agreement, Plaintiff Verigy US, Inc. ("Verigy"), and Defendants Romi Omar Mayder, Wesley Mayder, Silicon Test Systems, Inc., and Silicon Test Solutions, LLC (collectively "Defendants"), by and through their respective counsel of record, do hereby stipulate and agree, and hereby jointly request, that the Court (a) allow the parties to take the depositions of (i) Honeywell International Inc. ("Honeywell") pursuant to F.R.C.P. 30(b)(6), (ii) one or more

current employees of Honeywell, and/or (iii) another ex-Honeywell employee, Mr. Grenville Hughes, (collectively, the "Honeywell-Related Depositions") at a date or dates to be agreed upon between the parties and counsel for Honeywell and Mr. Hughes in October 2008 after the August 29, 2008 Close of Fact Discovery; (b) permit the parties to supplement, by October 15, 2008, any Expert Disclosures pursuant to F.R.C.P. 26 (a)(2) made on or before September 15, 2008 based upon specific evidence obtained from the Honeywell-Related Depositions, because it is anticipated that the Honeywell-Related Depositions will occur after September 30, 2008; and (c) modify the pre-trial schedule to move the date for the close of expert discovery from October 17, 2008 to October 31, 2008.

2.	The parties have each subpoenaed Honeywell for deposition and the production of documents under F.R.C.P. 30(b)(6). The parties and counsel for Honeywell, Anthony Marks, Esq. of Perkins Coie Brown & Bain, originally agreed to a deposition on August 20, 2008 in Minneapolis and to a method for gathering responsive documents. However, in the course of gathering these documents, Honeywell's counsel has advised that there would likely to be in excess of 300MB (roughly 10-20 bankers boxes) of potentially responsive documents, which will not be processed in time for use at the agreed upon deposition date.

3.	Verigy has also subpoenaed a former Honeywell employee, Mr. Grenville Hughes, who is believed to have information relating to the issues in dispute and to reside in Wavzata, Minnesota, near Minneapolis. The parties' understanding is that Mr. Hughes, who is likely also to be represented by Mr. Marks at his deposition, is unavailable for a late August 2008 deposition due to pre-arranged travel plans out of the country.

4.	Because of the document production issues, Mr. Hughes' schedule, as well as Honeywell counsel's own travel schedule, the parties were unable to conduct the Honeywell-Related Depositions prior to the August 29, 2008 fact discovery cutoff and, on August 18, 2008, submitted a Stipulation and [Proposed] Order for Limited Modification of Order Re: May 23, 2008 Case Management Conference Hearing ("Prior Order"), signed by the Court on August 21, 2008, which envisioned that the parties would conduct the Honeywell-Related Depositions on September 16-18, 2008.

5. Since the Prior Order was signed, however, Honeywell counsel has indicated that the document production would be delayed further and that the prospective deponents had additional conflicts which made the mid-September 2008 deposition dates unworkable. Accordingly, the parties and Honeywell counsel have tentatively made arrangements to conduct the Honeywell-Related Depositions over October 1-2, 2008 in Minneapolis.

6. The parties also request leave of the Court to permit the parties to supplement, by October 15, 2008, any Expert Disclosures pursuant to F.R.C.P. 26 (a)(2) made on or before September 15, 2008 based upon specific evidence obtained from the Honeywell-Related Depositions, because the parties believe that the Honeywell-Related Depositions will now occur later than anticipated, and well after the September 15, 2008 deadline set for Expert Disclosures.

7. The parties also request leave of the Court to extend the deadline for the completion of expert discovery from October 17, 2008 to October 31, 2008 so that the parties' expert witnesses may be deposed following any supplementation of their Expert Disclosures.

8. Other than the Prior Order addressed in Paragraph 4 above, there have been no other modifications of the Court's Order Re: May 23, 2008 Case Management Conference Hearing.

9. In light of the foregoing, the parties hereby request that the Court allow the further limited modification of the pre-trial schedule as requested and reflected above.

IT SO STIPULATED.

Dated: September 17, 2008         BERGESON, LLP

                                  By: _____/s/_____
                                  Michael W. Stebbins, Esq.
                                  Attorneys for Plaintiff
                                  VERIGY US, INC.

Dated: September 17, 2008         RUSSO & HALE, LLP

                                  By: _____/s/_____
                                  John Kelley, Esq.
                                  Attorneys for Defendants
                                  ROMI OMAR MAYDER, WESLEY

| | |
|---|---|
| 1 | MAYDER, SILICON TEST SYSTEMS, |
| 2 | INC., and SILICON TEST SOLUTIONS, LLC |

### ORDER

In consideration of the foregoing stipulation and good cause appearing therefor, IT IS SO ORDERED.

DATED: _____     _____
U. S. DISTRICT COURT JUDGE