**United States District Court**
For the Northern District of California

***E-FILED 10/30/2008*￼**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., | No. C07-04330 RMW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RE 3RD AND 5TH SETS OF REQUESTS FOR PRODUCTION** |
| v. | |
| ROMI OMAR MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC, | |
| | **[Re: Docket No. 317]** |
| Defendants. | |

Plaintiff Verigy US, Inc. ("Verigy") moves for an order compelling defendants to produce documents. Defendants oppose the motion. Following the motion hearing, the parties filed a joint letter confirming that certain matters raised in the instant motion have been or will be resolved. Upon consideration of the moving and responding papers, as well as the arguments presented at the October 21, 2008 hearing, this court grants the motion in part and denies it in part. The parties' respective requests for monetary sanctions are denied.

This is an action for alleged trade secret misappropriation. Plaintiff moves to compel documents responsive to six requests served on defendant Silicon Test Systems, Inc. (Request Nos. 37, 39, 50, 51, 53 and 90).

Plaintiff's motion is deemed moot with respect to Request No. 90, which seeks defendants' "application to the California Board of Equalization for a seller's permit."

(McCarthy Decl., Ex. D). Defendants stated at the motion hearing that they will produce the requested application (if they have it) and that they will otherwise cooperate with plaintiff in obtaining a copy of the application from the California Board of Equalization.

The documents that remain in dispute[1] fall into two general categories:

(a) <u>Request Nos. 37, 39 and 53</u> seek documents responsive to previous requests, but which have not yet been produced – namely, communications with non-parties Straube & Associates ("Straube") and Richard Foster; and

(b) <u>Request Nos. 50 and 51</u> seek documents relating to the "STS website." (The term "STS" is defined to mean "defendant Silicon Test Systems, Inc. and/or defendant Silicon Test Systems, LLC and/or Silicon Test Solutions, Inc.").

(<u>See</u> McCarthy Decl, Ex. A). There is no apparent dispute as to relevance. Rather, the key point of contention is whether plaintiff or defendants should bear the burden and expense of obtaining requested documents in the possession of non-party Network Solutions, which is identified as the former Internet service provider for defendant Silicon Test Solutions LLC.[2] That is, the parties disagree whether defendants "control" the requested documents and appropriately may be compelled to produce them.

---

[1] The text of the requests in dispute is as follows:

<u>Request 37</u>: Any DOCUMENTS responsive to all demands for production of documents previously served by VERIGY in THIS LAWSUIT that have been gathered, located, created, generated or received since the date of that prior demand for production of documents.

<u>Request 39</u>: All COMMUNICATIONS with STRAUBE.

<u>Request 50</u>: All DOCUMENTS RELATING TO all versions ever posted of the STS website.

<u>Request 51</u>: All DOCUMENTS ever made available through the STS website.

<u>Request 53</u>: All COMMUNICATIONS with Richard Foster.

(McCarthy Decl., Ex. A).

[2] The court assumes that references in the papers to "STS LLC" means defendant Silicon Test Solutions LLC.

2

1  Under Fed.R.Civ.P. 34, a party is required to produce responsive documents within its
2  "possession, custody or control." FED.R.CIV.P. 34(a)(1). "Control is defined as the legal right
3  to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.
4  Workers, 870 F.2d 1450, 1452 (9th Cir. 1989). "Control must be firmly placed in reality," and
5  the court examines whether there is actual, not theoretical, control. Id. at 1454. "Decisions
6  from within [the Ninth Circuit] have noted the importance of a legal right to access documents
7  created by statute, affiliation or employment." In re Legato Sys., Inc. Sec. Litig., 204 F.R.D.
8  167, 170 (N.D. Cal. 2001).

9  As a general matter, defendants point out that all of the requests at issue were directed
10 only to defendant Silicon Test Systems, Inc.  They contend that, insofar as Verigy now seeks to
11 compel documents from other defendants, it never validly requested documents from them.
12 This court declines to deny the instant motion on that basis.  There is no dispute that defendant
13 Romi Mayder is a principal of the corporate defendants; and, as a practical matter, he apparently
14 has been responding to all discovery matters on their behalf.  At any rate, defense counsel
15 represented to the court at oral argument that (a) defendants have not withheld any documents
16 on this basis and (b) all defendants searched all files for documents responsive to plaintiff's
17 requests, notwithstanding that the requests were directed only to Silicon Test Systems, Inc.

18 Defendants say that they have produced all responsive, non-privileged documents
19 located after diligent search.  However, with respect to the requested communications with non-
20 parties Straube and Foster, Verigy remains skeptical because it says that various third parties
21 have produced certain communications with defendants that were not produced by defendants
22 themselves.  Defendants argue that plaintiff could not be prejudiced since it otherwise has the
23 documents in question.[3]  Nevertheless, plaintiff says that it wants to see whether any
24 communications exist that have not been produced by defendants or by any third parties.  As for

---

[3] Verigy contends that defendants likely destroyed relevant documents and may therefore be in violation of the Temporary Restraining Order (TRO), which requires them to preserve certain records. Whether or not defendants have violated the TRO is not before this court on the instant motion.

3

the requested website documents, Verigy says that it has no public access to the requested materials because defendants' website was shut down earlier this year.

Defendants say that responsive documents which have not been produced by them are in the possession (i.e., retained on backup cluster servers) of their former Internet service provider, Network Solutions. Defendants claim that they no longer have ready access to those documents. Plaintiff disagrees. Here, Verigy says that, earlier this year, it was able to access defendants' website materials through the Wayback Machine on Internet Archive, a website described as a digital library of Internet sites and other information. However, plaintiff claims that, as of August 2008, defendants' historical website pages are no longer available in that archive. Plaintiff maintains that, as per the Internet Archive website, defendants themselves must have blocked access to their historical website pages and that they therefore maintain some measure of control over those materials.

At the motion hearing, defendants denied taking any action to remove those materials from the web. They assert that they do not have ready access to materials on Network Solutions' servers because their website account and registration with that service provider have expired. Defendants argue that, at any rate, plaintiff could have obtained the requested records directly from Network Solutions through a subpoena, but did not do so. They maintain that they should not now be forced to bear the burden and expense that plaintiff should have undertaken in obtaining requested materials from Network Solutions.

Indeed, in determining whether document production should be compelled, courts look to the relationship between a responding party and the non-party with actual possession of the documents. Generally, production is not ordered unless the responding party has exclusive control of the documents. See, e.g., Shcherbakovskiy v. Da Capo Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) ("We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents."); Int'l Union of Petroleum and Indus. Workers, 870 F.2d at 1454 (concluding that an international union did not "control" the records of a local union where there is no inherent relationship between an international union and its locals and where the

4

1  plaintiff could have obtained the requested records from the local union directly); In re Legato
2  Sys., Inc. Sec. Litig., 204 F.R.D. 167, 170 (N.D. Cal. 2001) (finding that the transcript of
3  defendant's testimony before the SEC was within his control where SEC regulations did not
4  authorize release of such records to the general public); Clark v. Vega Wholesale, Inc., 181
5  F.R.D. 470, 472 (D. Nev. 1998) (concluding that the relationship between plaintiff and her
6  doctor was not sufficient to establish control where defendants could secure copies of her
7  medical records directly from the custodian of records as readily as plaintiff); Estate of Young
8  v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991) (concluding that plaintiff did not control the
9  requested documents where she could not command their release and where defendant could
10 have secured copies of the documents from the non-party as readily as plaintiff).

11 Columbia Pictures Indus. v. Bunnell, No. CV06-1093, 2007 WL 2080419 (C.D. Cal.,
12 May 29, 2007), an unreported decision relied upon by plaintiff, does not compel a contrary
13 conclusion. There, the court found that defendants had control over data temporarily stored in
14 their website RAM where defendants maintained control over how the data was routed. 2007
15 WL 2080419 at *6. Noting that its decision was based in large part upon the nature of the case
16 and the particular facts presented, the court ordered production because, among other things,
17 plaintiffs did not otherwise have the opportunity to obtain the requested data. Id. at *13 and
18 n.31.

19 Here, Verigy argues that it should not have to subpoena defendants' business records
20 from a third party. However, it does not deny that it could have subpoenaed the requested
21 documents directly from Network Solutions in discovery. Although there appears to be some
22 question as to whether defendants' website registration and account have expired, there seems
23 to be no serious dispute that the contract with Network Solutions has been suspended for
24 nonpayment. Verigy also contends that defendants have failed to properly substantiate the
25 claimed $50,000-100,000 cost required to retrieve documents from Network Solutions' servers.[4]

---

[4] On the eve of the motion hearing, Verigy filed objections to a number of statements in defendant Romi Mayder's declaration. In essence, plaintiff requests that the disputed statements be stricken on one or more grounds that they are hearsay, argumentative, violate the best evidence rule or misstate the evidence. Verigy's belated filing contravenes

5

1 Nevertheless, it seems fair to assume that obtaining the requested records from Network
2 Solutions will entail some cost.
3     On balance, this court concludes that plaintiff's motion as to Request Nos. 37, 39, 50, 51
4 and 53 should be GRANTED IN PART as follows: Defendants shall forthwith take all
5 necessary steps to obtain the requested documents from Network Solutions. However, costs
6 incurred in obtaining the requested records shall be split by both sides.
7     The parties' respective requests for monetary sanctions are DENIED.
8     SO ORDERED.
9 Dated: October 30, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

28 Civil Local Rule 7-3(d) and was not considered in this order. At any rate, plaintiff's counsel stated that the late-filed objections merely reiterate sentiments expressed in Verigy's reply brief.

6

1 **5:07-cv-4330 Notice has been electronically mailed to:**

2 Christopher Joseph Sargent csargent@computerlaw.com

3 Colin Geoffrey McCarthy cmccarthy@be-law.com, gsimmons@be-law.com

4 Daniel J. Bergeson dbergeson@be-law.com, swalker@be-law.com

5 Donald P. Gagliardi dgagliardi@be-law.com, emtofelogo@be-law.com

6 Hway-Ling Hsu hhsu@be-law.com, vross@be-law.com

7 Jack Russo jrusso@computerlaw.com

8 John A.D. Kelley jkelley@computerlaw.com

9 John W. Fowler jfowler@be-law.com, swalker@be-law.com

10 Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

11 Michael William Stebbins mstebbins@be-law.com, vross@be-law.com

12 Tim C. Hale thale@computerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.