**\*E-FILED 11/7/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., | No. C07-04330 RMW (HRL) |
| Plaintiff, | **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RE 4TH SETS OF REQUESTS FOR PRODUCTION; AND (2) GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA** |
| v. | |
| ROMI OMAR MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC, | |
| Defendants. | **[Re: Docket Nos. 296 and 319]** |

Plaintiff Verigy US, Inc. ("Verigy") sues for alleged trade secret misappropriation. On October 21, 2008, this court heard Verigy's motion to compel documents. Defendants opposed the motion. Following the motion hearing, the parties filed a joint letter confirming that certain matters raised in the instant motion have been or will be resolved. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part. Because defendants' separate motion to quash plaintiff's subpoena addresses issues identical to those raised here, this court will also grant that motion for the reasons stated below.

Plaintiff's motion to compel is deemed moot as to Request Nos. 68-69, 71, 81 and 82. The parties advise that these matters have been resolved.

As for the requests that remain in dispute (Request Nos. 54-67), the parties disagree whether there has been a waiver of the attorney-client privilege and the attorney work product immunity, such that defendants are obliged to produce responsive documents.

**A.     Documents re the Mayder Declaration (Request Nos. 54-63)**

Verigy moves to compel the production of documents supporting or relating to statements made in defendant Romi Mayder's declaration ("Mayder Declaration") filed in support of defendants' motion for summary judgment and to modify the preliminary injunction. In that declaration, Mayder essentially says that former defense counsel of the Mount & Stoelker firm either failed to fully inform him about certain matters or told him that he could continue to conduct certain activities and still be in compliance with the court's temporary restraining order ("TRO"). As originally briefed, the instant discovery dispute concerned Verigy's contention that the Mayder Declaration effected a broad waiver of the attorney-client privilege and the work product protection as to matters discussed in that declaration.[1] Defendants argued that there has been no waiver of any privilege or protection – and that, even if there was, the scope of any such waiver is not as broad as Verigy claims.

At the motion hearing, the parties advised that they have resolved their disagreement as to the requested documents, save for one dispute, which was described to this court as a work product issue. According to their post-hearing joint status report, the parties disagree whether defendants should be compelled to produce "draft declarations and draft briefs sent to Defendants or to third parties with whom there was no attorney/client privilege." (See Docket #405). Defendants maintain that these documents contain information that go to the very heart of the work product doctrine and that the documents are irrelevant in any event.

The work product doctrine protects from discovery materials prepared in anticipation of litigation or for trial by or for another party or its representative. FED.R.CIV.P. 26(b)(3)(A); In

---

[1] Unlike the attorney-client privilege (which belongs solely to the client), the work product protection belongs to both client and attorney. See generally In re Special September 1978 Grand Jury (II), 640 F.2d 49, 63 (7th Cir. 1980) ("[T]he work product doctrine may be asserted by both the client and the attorney . . . ."); Doubleday v. Ruh, 149 F.R.D. 601, 606 n.6 (E.D. Cal. 1993) (noting "the commonly accepted law that the work product privilege equally belongs to the attorney who prepared it, and not just the party for whom it was prepared.").

2

re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir.2004) ("[T]he work product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'") (quoting Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1494 (9th Cir.1989)).  Nevertheless, the protection afforded by the doctrine is qualified and may be overcome if the party seeking disclosure "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  FED.R.CIV.P. 26(b)(3)(A)(ii).

"[T]he work product privilege is not automatically waived by any disclosure to third persons. . . . Rather, the courts generally find a waiver only if the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'" Samuels v. Mitchell, 155 F.R.D. 195, 201 (N.D. Cal. 1994) (quoting In Re Grand Jury, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)).  "Consideration of whether work product protection has been waived requires a court to balance competing interests: 'the need for discovery' with 'the right of an attorney to retain the benefits of his own research.'" SNK Corp. of America v. Atlus Dream Entertainment Co., Ltd., 188 F.R.D. 566, 571 (N.D. Cal. 1999) (quoting Handguards, Inc. v. Johnson & Johnson, 413 F. Supp. 926, 932 (N.D. Cal. 1976)).  However, even when a court orders disclosure of work product material, it must protect against the disclosure of so-called "opinion work product" – that is, "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  FED.R.CIV.P. 26(b)(3)(B).  Under Ninth Circuit law, opinion work product is discoverable only if it is "at issue in a case and the need for the material is compelling." Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir.1992) ("[a] party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product.").

Whether or not the work product protection applies equally to the draft briefs and draft affidavits at issue, Verigy has not managed to convince that these documents are relevant under Fed.R.Civ.P. 26(b)(1).  Nor has it demonstrated a substantial need for them.  Verigy argues that the documents are pertinent to the issue of Romi Mayder's veracity and defendants' willfulness

3

1  generally; and, once the court issues its order on defendants' pending motion for modification
2  of the preliminary injunction, plaintiff says that the documents sought will be relevant to any
3  appeal or motion for reconsideration of that order. But the briefing and hearing on the motion
4  associated with the Mayder Declaration are over. That matter is now submitted, and Verigy
5  evidently could have, but did not, pursue the disputed discovery in a manner that would allow
6  any information obtained to be used in opposing that motion. Moreover, there is no indication
7  on the record presented that the requested documents are the only means by which plaintiff can
8  proceed with its claims or defenses. Instead, Verigy essentially says that having the information
9  would be helpful to its case. This does not strike the court as a compelling need, or even a
10 substantial one, for the documents sought. Accordingly, plaintiff's motion to compel as to the
11 draft briefs and draft affidavits is denied.[2]

### B.  Documents re the Schneck Declaration (Request Nos. 64-67)

Thomas Schneck is identified as defendants' patent counsel. In October 2007, defendants filed his declaration ("Schneck Declaration") in support of their opposition to plaintiff's then pending motion for a preliminary injunction. Briefly stated, Schneck says that he met with defendant Romi Mayder and third party Robert Pochowski to discuss a new business venture – Silicon Test Solutions – and subsequently prepared a provisional patent application based on a patent disclosure document he received from Pochowski.[3] In essence, Schneck testifies that certain information cannot constitute a trade secret because it is well known and publicly available.

While there appears to be no dispute that the attorney-client privilege and work product protection applies to the documents in dispute, Verigy contends that any privilege or protection has been waived by statements made in Paragraphs 10-21 of the Schneck Declaration. It now

---

[2] Verigy also subpoenaed Mount & Stoelker for the very same documents, and defendants moved to quash that subpoena. (See Docket #296). This court assumes that the only remaining issues as to defendants' motion to quash are the ones addressed here in connection with plaintiff's motion to compel. Accordingly, defendants' motion to quash is granted for the same reasons stated above.

[3] Pochowski is not a party to the instant lawsuit. However, the Schneck Declaration indicates that, at the time of the events discussed in the declaration, Pochowski represented himself to be a vice president of Silicon Test Solutions.

4

1  moves to compel all documents – including all communications between Schneck's firm and
2  defendants and all fact and opinion work product – relating to matters discussed in the
3  declaration. Defendants maintain that there has been no waiver of any privilege or work
4  product protection – and that, even if there was, Verigy seeks documents beyond the scope of
5  any waiver.

6  "The doctrine of waiver of the attorney-client privilege is rooted in notions of
7  fundamental fairness." Tennenbaum v. Deloitte & Touche, 77 F.3d 337, 340 (9th Cir.1996).
8  "Its principal purpose is to protect against the unfairness that would result from a privilege
9  holder selectively disclosing privileged communications to an adversary, revealing those that
10 support the cause while claiming the shelter of the privilege to avoid disclosing those that are
11 less favorable." Id. at 340-41 (citing 8 J. WIGMORE, EVIDENCE § 2327, at 636 (McNaughton
12 rev.1961)). Nonetheless, "the disclosure of information resulting in the waiver of the attorney-
13 client privilege constitutes waiver 'only as to communications about the matter actually
14 disclosed.'" Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir.1992) (quoting Weil
15 v. Investment/Indicators, Research & Mgmt., Inc., 647 F.2d 18, 25 (9th Cir.1981)).

16 Having carefully reviewed the unredacted version of the Schneck Declaration, this court
17 finds that, for the most part, there has been no waiver of the attorney-client privilege. On the
18 whole, Schneck reveals facts about his communications with defendants, but he does not
19 disclose significant, substantive components of the communications themselves. Cf. Electro
20 Scientific Indus., Inc. v. General Scanning, Inc., 175 F.R.D. 539, 543 (N.D. Cal. 1997) (finding
21 that the attorney-client privilege was waived where important, substantive components of
22 communications had been voluntarily disclosed). Nevertheless, the Schneck Declaration does
23 disclose evidently privileged email correspondence with Pochowski "regarding details of his
24 inventorship." (See Schneck Decl., ¶ 10 and Ex. C). And, without revealing confidential
25 matters under seal, this court finds that Paragraph 16 of the Schneck Declaration also reveals a
26 substantive component of what apparently were privileged communications about a particular
27 matter which is also the subject of Verigy's Request No. 67. Thus, there has been a waiver of
28 the attorney-client privilege, but that waiver will be limited as discussed below.

5

"Waiver of the attorney-client privilege, however, does not necessarily lead to waiver of work product immunity." SNK Corp., 188 F.R.D. at 571. This court rejects defendants' primary argument that the work product issue is "moot" because Verigy allegedly served its discovery requests on the wrong defendant. There is no dispute that defendant Romi Mayder, a principal of the corporate defendants, has been responding to all discovery matters on their behalf.

At the same time, however, Verigy has not demonstrated that it has a substantial need for the work product documents sought. It contends that Schneck's conclusion that the provisional patent application does not contain trade secret information is directly relevant to the issue whether defendants misappropriated Verigy's claimed trade secrets and incorporated them into their Flash Enhancer product. Relying primarily on Aclara Biosciences, Inc. v. Caliper Techs Corp., No. C99-1968, 2001 WL 777083 (N.D. Cal., June 16, 2000), plaintiff argues that defendants cannot use Schneck's conclusions to affirmatively promote their own interests in this litigation, while withholding as work product other documents pertaining to the same subject matter. At oral argument, plaintiff further asserted that Schneck essentially expresses an expert opinion and that all bases for his conclusions are therefore open to discovery as they would be with respect to any other testifying expert. This court is unpersuaded.

In Aclara Biosciences, a patent infringement case, the court granted a motion to compel because it concluded that the moving party would be entirely unable to proceed with its inequitable conduct defense without discovery of work product documents. 2001 WL 777083 at *9. Here, by contrast, defendants used the Schneck Declaration in their opposition to plaintiff's motion for preliminary injunction – a motion which was briefed, heard, submitted and decided (largely in plaintiff's favor) long ago. Moreover, at oral argument, defendants represented to the court that Schneck is not being offered as an expert and that they have no intention of using him at trial. Accordingly, the court finds that Verigy has not demonstrated a substantial need under Fed.R.Civ.P. 26(b)(3) for the requested work product documents. Nevertheless, the court will, as a matter of fairness, permit discovery of any fact work product

6

1 (e.g. attorney notes, memoranda, and the like) which reflect attorney-client communications
2 being ordered produced.

3      Based on the foregoing, plaintiff's motion to compel as to Request Nos. 64-67 is granted
4 in part and denied in part as follows:

5   1.     The motion is granted as to Request No. 66, but only as to any documents which
6        constitute, comprise or reflect attorney-client communications concerning
7        Exhibits B and D to the Schneck Declaration.  Defendants need not produce any
8        opinion work product which may be responsive to this request.

9   2.     The motion is granted as to Request No. 67, but only as to any documents which
10       constitute, comprise or reflect attorney-client communications sought by that
11       request.  Defendants need not produce any opinion work product which may be
12       responsive to this request.

13   3.     Plaintiff's motion is denied in all other respects.

14   4.     Defendants' document production shall be made within ten days from the date of
15       this order.

16 SO ORDERED.

17 Dated: November 7, 2008

19 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

1 **5:07-cv-4330 Notice has been electronically mailed to:**

2 Christopher Joseph Sargent   csargent@computerlaw.com

3 Colin Geoffrey McCarthy   cmccarthy@be-law.com, gsimmons@be-law.com

4 Daniel J. Bergeson   dbergeson@be-law.com, swalker@be-law.com

5 Donald P. Gagliardi   dgagliardi@be-law.com, emtofelogo@be-law.com

6 Hway-Ling Hsu   hhsu@be-law.com, vross@be-law.com

7 Jack Russo   jrusso@computerlaw.com

8 John A.D. Kelley   jkelley@computerlaw.com

9 John W. Fowler   jfowler@be-law.com, swalker@be-law.com

10 Melinda Mae Morton   mmorton@be-law.com, gsimmons@be-law.com

11 Michael William Stebbins   mstebbins@be-law.com, vross@be-law.com

12 Tim C. Hale   thale@computerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.