*E-FILED 11/21/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIGY US, INC., <br><br> Plaintiff, <br> v. <br><br> ROMI OMAR MAYDER, WESLEY MAYDER, SILICON TEST SYSTEMS, INC., and SILICON TEST SOLUTIONS, LLC, <br><br> Defendants. | No. C07-04330 RMW (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> [Re: Docket No. 295] |

Defendants move for an order compelling a further production of documents in response to their second and third sets of requests for documents. Plaintiff Verigy US, Inc. ("Verigy") opposes the motion. At the motion hearing, Verigy was directed to, and did, submit the disputed documents to this court for an *in camera* review. Having completed its review of those documents, and upon consideration of the moving and responding papers and the arguments of counsel, this court grants the motion in part and denies it in part.

Verigy sues for alleged trade secret misappropriation by its former employee Romi Mayder and the new companies he formed, Silicon Test Systems, Inc. ("STS, Inc.") and Silicon Test Solutions LLC ("STS LLC") (collectively, the "STS Entities").

Non-party Robert Pochowski, a former employee of Verigy's predecessor, Agilent, Inc., reportedly helped Mayder found STS LLC. According to defendants, STS LLC was never made operational because of disagreements between Pochowski and Mayder about financial

1    matters, among other things.  Pochowski now says that Mayder misled him into believing that
2    Verigy did not own any of the intellectual property used by STS LLC.  (Id., ¶ 7).  Additionally,
3    Pochowski reportedly asserted ownership of some of the intellectual property claimed by STS
4    (including inventions claimed in a utility patent on which Pochowski is identified as an
5    inventor).  According to Pochowski, during these discussions, Mayder threatened to sue him.
6    (Pochowski Decl., ¶ 6).

7    Although Pochowski is not a party to this litigation, Verigy claims that he is a key
8    witness to, and was involved in, certain material events and transactions.  Verigy has entered
9    into a "Common Interest and Joint Defense Agreement" (Stebbins Decl., Ex. A) with him and
10   has exchanged documents and communications with Pochowski and his counsel.  There is no
11   apparent dispute as to the relevance of these documents and communications.  However, Verigy
12   has withheld them as privileged or work product and has described them on a privilege log.
13   (Stebbins Decl., Ex. B).  Defendants doubt that these documents qualify for protection under the
14   attorney-client privilege or the attorney work product doctrine.  Even assuming some privilege
15   or protection applies, the parties dispute whether Verigy nonetheless may continue to withhold
16   these documents and communications based on the "common interest" doctrine.

17   The "common interest" doctrine is not a privilege in and of itself.  Rather, it is an
18   exception to the rule on waiver where communications are disclosed to third parties.  Nidec
19   Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007).  "Of course, since it is an
20   anti-waiver exception, it comes into play only if the communication at issue is privileged in the
21   first instance."  Id.  A basic requirement of the common interest exception is "that the parties
22   must have 'a common legal, as opposed to commercial, interest.'"  Id. at 579 (quoting Bank
23   Brussels Lambert v. Credit Lyonnais (Suisse), S.A., 160 F.R.D. 437, 447 (S.D.N.Y. 1995)).
24   Thus, "[t]he common interest doctrine does not encompass a joint business strategy which
25   happens to include as one of its elements a concern about litigation."  Bank Brussels Lambert,
26   160 F.R.D. at 447.

27   Based upon its *in camera* review of the documents, this court finds that no privilege or
28   work product protection attaches to the following documents:

2

```
PRIV0003-0009[1]
PRIV0031-0035
PRIV0049
PRIV0065-0075
PRIV0080-0093
PRIV0102-0106
PRIV0128-0148
PRIV0153-0167
PRIV0200
PRIV0210-0217
PRIV0224
PRIV0250-0254
PRIV0261-0264
PRIV0310-0315
PRIV0330-0331
PRIV0339
PRIV0345
```

Verigy shall produce these documents within ten days from the date of this order.

The remainder of the disputed documents appear to constitute or include attorney-client privileged communications and attorney work product. This court therefore must consider whether Verigy properly may continue to withhold these documents under the common interest doctrine.

The common interest doctrine "applies where (1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003). It "does not require a complete unity of interests among the participants, and it may apply where the parties' interests are adverse in substantial respects." Id. There need not be actual litigation for the doctrine to apply. See Nidec Corp., 249 F.R.D. at 578 (citing Union Carbide Corp. v. Dow Chemical Co., 619 F. Supp. 1036, 1047 (D. Del. 1985)).

---

[1] Verigy's privilege log entry for PRIV0001-0002 does not match the document bearing that identification number. The document stamped PRIV0001-0002 appears to be an internal communication within plaintiff's counsel's firm on an administrative matter having no bearing on the substantive issues under consideration here. It shall not be produced. The email described in Verigy's privilege log entry No. 1 appears to be included in the email stamped PRIV0003-0005 (described in privilege log entry No. 2) that is being ordered produced. While there is no page stamped PRIV0007 among the documents submitted by Verigy, it is not apparent that any pages are missing from this range. So, the court assumes that the PRIV0007 was inadvertently skipped.

3

1  "The critical inquiry is whether a sufficient commonality of interests exists between the
2  parties such that the privilege may be asserted." In re Imperial Corp. of America, 179 F.R.D.
3  286, 289 (S.D. Cal. 1998) (citations omitted). At the motion hearing, Verigy agreed that the
4  mere fact that two or more persons or entities agree that they have common interests does not
5  establish grounds for application of the doctrine. Instead, a common interest sufficient to
6  invoke the anti-waiver exception of the doctrine has been found in three general situations.
7  Typically, a sufficient common interest will be found where a single attorney acts for multiple
8  clients or where parties share a common defense (e.g. co-defendants in the same action or
9  defendants sued in separate actions by the same plaintiff). Nidec Corp., 249 F.R.D. at 578;
10 Bank Brussels Lambert, 160 F.R.D. at 447. In the third, and perhaps most expansive
11 circumstance, the common interest doctrine has been said to apply to "'interested third parties
12 who have a community of interests with respect to the subject matter of the communications.'"
13 Nidec Corp., 249 F.R.D. at 578 (quoting RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED
14 STATES § 4:35, at 199-201)). However, "that legal assistance must pertain to the matter in
15 which the parties have a joint interest, and the communications must be designed to further that
16 specific legal interest." Id.

17  Verigy asserts that it shares the following "common interests" with Pochowski:

18  (1)  establishing that Mayder misappropriated Verigy's claimed trade secrets;

19  (2)  refuting Mayder's claims of ownership over intellectual property, including inventions claimed in defendants' patent applications;

20

21  (3)  preserving Verigy's claimed trade secrets;

22  (4)  avoiding or eliminating the risk of litigation by Mayder;

23  (5)  eliminating or reducing the risk that Mayder will contend that either Pochowski or Verigy use intellectual property he claims to own; and

24  (6)  reducing the costs of this litigation.

25  For their part, defendants contend that Pochowski disavowed any common legal interest
26 with Verigy during his first deposition on October 2, 2007. (See Hale Decl., Ex. 4).
27 Defendants further assert that Verigy has consistently claimed to own *all* of the intellectual
28 property that defendants say they developed, and that Verigy's and Pochowski's purported

4

shared interests in the same must therefore be adverse. They argue that the withheld documents are relevant to show bias. Defendants believe that Pochowski is merely testifying under threat of legal action by Verigy and that Verigy is now trying to hide that fact under the guise of "common interest."

This court finds that the six so-called "common interests" proffered by Verigy really boil down to three – none of which are sufficient to invoke the common interest exception to waiver under the circumstances presented here.

The first and third "common interests" – establishing that Mayder misappropriated Verigy's claimed trade secrets and preserving Verigy's claimed trade secrets – are really one and the same. Pochowski says that he anticipates a possible legal dispute with Mayder pertaining to their dispute about STS LLC. Pochowski adds that he wishes to maintain his longstanding business relationship with Verigy. For its part, at oral argument, Verigy stated that its position is aptly summarized by the policy doctrine: "The enemy of my enemy is my friend." In other words, Verigy and Pochowski wish to see Verigy prevail in this action because they both have disputes with Mayder. However, a shared desire to see a party succeed in an action is insufficient to invoke the "common interest" doctrine. See generally Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 473 (S.D.N.Y. 2003) (citing cases). Moreover, Verigy and Pochowski's desire to maintain a cordial business relationship is a commercial, not legal, interest.

Verigy's second, fourth and fifth proffered "common interests" fare no better. In essence, Verigy and Pochowski say that they own intellectual property claimed by defendants and wish to avoid or eliminate the risk that Mayder will sue them for using intellectual property that he claims to own. Here, Verigy and Pochowski explain that they both have an interest in continuing to develop products and services in the automated test equipment ("ATE") industry. Curiously, in his first deposition, Pochowski seemed to disclaim any common interest with Verigy; and, he did not identify the reported shared interest in intellectual property until he was deposed again over a month later. (See Hale Decl., Exs. 4 and 7). In any event, this court finds these three "common interests" are really just different ways of saying one thing: Verigy and

5

1   Pochowski want to continue to conduct business in the ATE industry while reducing or
2   eliminating the risk of litigation with Mayder over intellectual property. This strikes the court
3   as little more than a business strategy that happens to include a concern about litigation.
4       Nor has Verigy managed to convince that the shared desire to reduce the costs of this
5   litigation amount to a common interest exception to waiver. Here, Verigy says that
6   Pochowski's cooperation enabled them to avoid the expense of proceeding with the formalities
7   of non-party discovery. To be sure, this is a desire shared by all litigants in any lawsuit. On the
8   record presented here, this court finds no reason to deem it a commonality of interest sufficient
9   to invoke the doctrine.
10      Accordingly, this court concludes that the common interest doctrine does not apply
11  under the particular circumstances presented here. Verigy shall produce the following
12  documents within ten days from the date of this order:
13      PRIV0177-0187
        PRIV0199
14      PRIV0201-0209
        PRIV0218-0220
15      PRIV0284-0285
        PRIV0301-0302
16
17      As for the remaining documents, this court finds that they constitute attorney work
18  product as to which there has been no waiver. Accordingly, they need not be produced. See
19  Samuels v. Mitchell, 155 F.R.D. 195, 201 (N.D. Cal. 1994) ("[T]he work product privilege is
20  not automatically waived by any disclosure to third persons. . . . Rather, the courts generally
21  find a waiver only if the disclosure 'substantially increases the opportunity for potential
22  adversaries to obtain the information.'") (quoting In Re Grand Jury, 561 F. Supp. 1247, 1257
23  (E.D.N.Y. 1982)); see also Nidec Corp., 249 F.R.D. at 580 (same).
24      SO ORDERED.
25  Dated: November 21, 2008

        HOWARD R. LLOYD
27      UNITED STATES MAGISTRATE JUDGE

6

**5:07-cv-4330 Notice electronically mailed to:**

Christopher Joseph Sargent csargent@computerlaw.com

Colin Geoffrey McCarthy cmccarthy@be-law.com, gsimmons@be-law.com

Daniel J. Bergeson dbergeson@be-law.com, swalker@be-law.com

Donald P. Gagliardi dgagliardi@be-law.com, emtofelogo@be-law.com

Hway-Ling Hsu hhsu@be-law.com, vross@be-law.com

Jack Russo jrusso@computerlaw.com

John A.D. Kelley jkelley@computerlaw.com

John W. Fowler jfowler@be-law.com, swalker@be-law.com

Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

Michael William Stebbins mstebbins@be-law.com, vross@be-law.com

Tim C. Hale thale@computerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.